ORIGINAL

Individual defendants' answer to first amended complaint.wpd

KAWASHIMA LORUSSO & TOM LLP

JAMES KAWASHIMA          #1145-0
MICHAEL A. LORUSSO       #3448-0
Topa Financial Center, Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Telephone No. (808) 275-0300

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 27 2006

at 11 o'clock and 15 min. ___M
SUE BEITIA, CLERK

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA, ROBERT O. MAGOTA,
and ANN C. GIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PHILIP E. ENGLISH,

    Plaintiff,

    vs.

CITY AND COUNTY OF
HONOLULU; GARY T.
KUROKAWA; ROBERT O.
MAGOTA; ANN C. GIMA; and GK
APPRAISALS, INC.; JOHN DOES 1-
10; JANE DOES 1-10; DOE
PARTNERSHIPS; DOE
CORPORATIONS 1-10; AND DOE
ENTITIES 1-10,

    Defendants.

) CIVIL NO. CV04-00108 SCM/KSC
)
) DEFENDANTS GARY T.
) KUROKAWA, ROBERT O.
) MAGOTA, AND ANN C. GIMA'S
) ANSWER TO PLAINTIFF PHILIP E.
) ENGLISH'S FIRST AMENDED
) COMPLAINT FILED JANUARY 12,
) 2006; CERTIFICATE OF SERVICE
)
)
)
)
)
)
)
)
) TRIAL: none
)



SCANNED

DEFENDANTS GARY T. KUROKAWA, ROBERT O. MAGOTA, AND ANN C. GIMA'S ANSWER TO PLAINTIFF PHILIP E. ENGLISH'S <u>FIRST AMENDED COMPLAINT FILED JANUARY 12, 2006</u>

Come now Defendants GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA, (hereinafter referred to collectively as the "City Employees") by and through their undersigned counsel, and for an answer to the First Amended Complaint filed herein on January 12, 2006, (hereinafter "Amended Complaint"), state and allege as follows:

<u>FIRST DEFENSE-ALL COUNTS</u>

1. The Amended Complaint fails to state a claim against the City Employees upon which relief can be granted.

<u>SECOND DEFENSE-ALL COUNTS</u>

2. In response to paragraphs 1, 2, and 3, the City Employees state that the allegations contained in the Amended Complaint speak for themselves and denies that Plaintiff is entitled to relief against the City Employees under the Constitution of the United States, 42 U.S.C. Sections 1981, 1983-6, 28 U.S.C. Sections 1331 and 1343, the Hawaii Whistleblowers' Protection Act, Hawaii Revised Statutes §378-62, 28 U.S.C. Section 1367(a), the Hawaii Constitution, and common law theories of recovery.

3. The City Employees are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint and on that basis denies the same.

4. With regard to the allegations contained in paragraph 6 of the Amended Complaint, the City Employees admit only that the City is a municipal corporation organized and existing under the laws of the State of Hawaii. The City Employees are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis denies same.

5. With regard to the allegations contained in paragraph 5 of the Amended Complaint, the City Employees admit that the Plaintiff was employed by the City and County of Honolulu and is a resident of the City and County of Honolulu. With regard to the remaining allegations of said paragraph, the City Employees are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in said paragraph, and on that basis denies same.

6. With regard to the allegations of paragraphs 7, 7A, 7B, 7C, 7D, 7E, 8, 9, 10, 11, 12 13, 14 and 15 of the Amended Complaint, the City Employees admit that Defendants Kurokawa, Magota and Gima are residents of the City and County

- 3 -

of Honolulu, State of Hawaii and that they were employed by the City. With

regard to the remaining allegations of said paragraphs, the City Employees are

without knowledge or information sufficient to form a belief as to the truth of the

remainder of the allegations contained in said paragraphs, and on that basis denies

the same.

7. The City Employees are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraphs 16, 16A,

and 17 of the Amended Complaint and on that basis denies the same.

8. With regard to paragraphs 18 and 19 of the Amended Complaint, the

City Employees admit that the Plaintiff was a real estate appraiser and employed

by the City. With regard to the remaining allegations of said paragraphs, the City

Employees are without knowledge or information sufficient to form a belief as to

the truth of the remainder of the allegations contained in said paragraphs, and on

that basis denies the same.

9. The City Employees are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraphs 20, 21, 22,

23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44,

45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66,

67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 83, 85, 86, 87, 88, 89, 90, and 91 of the Amended Complaint and on that basis denies the same.

10. The allegations contained in paragraphs 82, 84, 92 and 92A of the Amended Complaint are denied.

11. With regard to the allegations contained in paragraph 93 of the Amended Complaint, the City Employees reallege and incorporate herein by reference their answers to paragraphs 1 through 92A, inclusive, as though fully set forth herein.

12. The allegations contained in paragraphs 94, 94A, 94B, 95, 96 and 97 of the Amended Complaint are denied.

13. With regard to the allegations contained in paragraph 98 of the Amended Complaint, the City Employees reallege and incorporate herein by reference their answers to paragraphs 1 through 97, inclusive, as though fully set forth herein.

14. The Conspiracy to Interfere with Civil Rights count/claim against the City Employees relating to allegations contained in paragraphs 99, 100, 101, 102 and 103 of the Amended Complaint are dismissed pursuant to Judge Susan Oki Mollway's Order dated December 12, 2005 ("December 12, 2005 Order"), and the allegations are therefore denied.

15. With regard to the allegations contained in paragraph 104 of the Amended Complaint, the City Employees reallege and incorporate herein by reference their answers to paragraphs 1 through 103, inclusive, as though fully set forth herein.

16. The Neglect to Prevent Interference with Civil Rights count/claim against the City Employees relating to the allegations contained in paragraphs 105, 106, 107, 108 and 109 of the Amended Complaint are dismissed pursuant to the December 12, 2005, and the allegations are therefore denied.

17. With regard to the allegations contained in paragraph 110 of the Amended Complaint, the City Employees reallege and incorporate herein by reference their answers to paragraphs 1 through 109, inclusive, as though fully set forth herein.

18. The allegations contained in paragraphs 111, 112, 113 and 114 of the Amended Complaint are denied.

19. With regard to the allegations contained in paragraph 115 of the Amended Complaint, the City Employees reallege and incorporate herein by reference their answers to paragraphs 1 through 114, inclusive, as though fully set forth herein.

20. The allegations contained in paragraphs 116, 117 and 118 of the Amended Complaint are denied.

21. With regard to the allegations contained in paragraph 119 of the Amended Complaint, the City Employees reallege and incorporate herein by reference their answers to paragraphs 1 through 118, inclusive, as though fully set forth herein.

22. The allegations contained in paragraphs 120, 121 and 122 of the Amended Complaint are denied.

23. With regard to the allegations contained in paragraph 123 of the Amended Complaint, the City Employees reallege and incorporate herein by reference their answers to paragraphs 1 through 122, inclusive, as though fully set forth herein.

24. The allegations contained in paragraphs 124, 125 and 126 of the Amended Complaint are denied.

25. With regard to the allegations contained in paragraph 127 of the Amended Complaint, the City Employees reallege and incorporate herein by reference their answers to paragraphs 1 through 126, inclusive, as though fully set forth herein.

26. The allegations contained in paragraphs 128, 129 and 130 of the Amended Complaint are denied.

27. With regard to the allegations contained in paragraph 131 of the Amended Complaint, the City Employees reallege and incorporate herein by reference their answers to paragraphs 1 through 130, inclusive, as though fully set forth herein.

28. The City Employees are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 132, 133, 134 and 135 of the Amended Complaint and on that basis denies the same.

29. With regard to the allegations contained in paragraph 136 of the Amended Complaint, the City Employees reallege and incorporate herein by reference their answers to paragraphs 1 through 135, inclusive, as though fully set forth herein.

30. The allegations contained in paragraphs 137, 138, 139 and 140 of the Amended Complaint are denied.

31. With regard to the allegations contained in paragraph 141 of the Amended Complaint, the City Employees reallege and incorporate herein by reference their answers to paragraphs 1 through 140, inclusive, as though fully set forth herein.

32. The Violation of Rights under Hawaii Constitution count/claim relating to the allegations contained in paragraphs 142, 143 and 144 of the Amended Complaint are withdrawn by Plaintiff pursuant to the December 12, 2005 Order, and the allegations are therefore denied.

33. With regard to the allegations contained in paragraph 145 of the Amended Complaint, the City Employees reallege and incorporate herein by reference their answers to paragraphs 1 through 144, inclusive, as though fully set forth herein.

34. The allegations contained in paragraphs 146, 147 and 148 of the Amended Complaint are denied.

35. The City Employees deny all allegations in the Amended Complaint that are not specifically admitted, denied or responded to herein.

THIRD DEFENSE-ALL COUNTS

36. The City Employees did not engage in any actions or conduct that led to the deprivation of Plaintiff's rights, privileges or immunities secured by the Constitution or laws of the United States and Constitution or laws of the State of Hawaii.

FOURTH DEFENSE-ALL COUNTS

37. The City Employees may rely upon the defense of statute of limitations.

FIFTH DEFENSE-ALL COUNTS

38. The City Employees give notice that it may rely on the defenses of absolute and/or qualified immunity.

SIXTH DEFENSE-ALL COUNTS

39. If Plaintiff sustained the injuries as alleged, he assumed the risk of his own actions.

SEVENTH DEFENSE-ALL COUNTS

40. The City Employees owed no duty to Plaintiff.  If, however, the City Employees did owe a duty to Plaintiff, said alleged injuries and/or damages were not the result of a breach of any duty of care owed.

EIGHTH DEFENSE-ALL COUNTS

41.  The City Employees were not negligent.

NINTH DEFENSE-ALL COUNTS

42. If Plaintiff sustained the injuries alleged in the Amended Complaint, those injuries, all or in part, were not proximately caused by the City Employees and were not proximately the result of any breach by the City Employees of any duty of care owed to Plaintiff.

TENTH DEFENSE-ALL COUNTS

43. Plaintiff's alleged injuries and/or damages were the result of his own

wrongful intentional, reckless and malicious misconduct.

ELEVENTH DEFENSE-ALL COUNTS

44. The City Employees state that if Plaintiff was injured and/or damaged as

alleged in the Amended Complaint, Plaintiff's own negligence was the sole

proximate cause of or contributed to such injuries and/or damages to Plaintiff to

such an extent that Plaintiff's negligence was comparatively greater than that of

the City Employees and Plaintiff cannot recover against the City Employees

therefor.

TWELFTH DEFENSE-ALL COUNTS

45. Plaintiff may have failed to join an indispensable party or parties.

THIRTEENTH DEFENSE-ALL COUNTS

46. As a matter of law, the City Employees are not liable under 42 U.S.C.

Section 1983.

FOURTEENTH DEFENSE-ALL COUNTS

47. Plaintiff may have failed to mitigate his damages.

## FIFTEENTH DEFENSE-ALL COUNTS

48. The City Employees acted in good faith and did not act maliciously.

## SIXTEENTH DEFENSE-ALL COUNTS

49. The acts alleged did not constitute an official policy or persistent pattern and practice or custom.

## SEVENTEENTH DEFENSE-ALL COUNTS

50. Plaintiff's alleged injuries and/or damages were not reasonably foreseeable by the City Employees.

## EIGHTEENTH DEFENSE-ALL COUNTS

51. The City Employees may assert the defenses of res judicata and collateral estoppel.

## NINETEENTH DEFENSE-ALL COUNTS

52. The City Employees may assert the defenses of laches, waiver, estoppel and unclean hands.

## TWENTIETH DEFENSE-ALL COUNTS

53. The City Employees may assert the right to rely on the defenses of consent and justification.

TWENTY-FIRST DEFENSE-ALL COUNTS

54. The conduct of the City Employees were lawful, reasonable and proper.

TWENTY-SECOND DEFENSE-ALL COUNTS

55. The plaintiff is not entitled to punitive damages.

TWENTY-THIRD DEFENSE-ALL COUNTS

56. The City Employees give notice that it may rely on the defense of knowledge or acquiescence on the part of Plaintiff.

TWENTY-FOURTH DEFENSE-ALL COUNTS

57. The City Employees are not liable to Plaintiff for the alleged injuries and/or damages on any and all claims based on its alleged failure to adequately enforce statutes, ordinances, rules, regulations and/or any other applicable law.

TWENTY-FIFTH DEFENSE-ALL COUNTS

58. The City Employees give notice that it may rely on the defense that they acted lawfully and properly in the execution of their duty as authorized by the Hawaii Revised Statutes.

TWENTY-SIXTH DEFENSE-ALL COUNTS

59. The City Employees give notice that it may rely on the defense of privilege.

## TWENTY-SEVENTH DEFENSE-ALL COUNTS

60. The City Employees may rely upon the defense of misconduct of others over whom it had no control.

## TWENTY-EIGHTH DEFENSE-ALL COUNTS

61. To the extent that Plaintiff asserts joint and several liability, the City Employees assert entitlement to the limiting effects of §663-10.5, Hawaii Revised Statutes.

## TWENTY-NINTH DEFENSE-ALL COUNTS

62. The City Employees are not liable for the performance of or failing to perform discretionary functions or duties.

## THIRTIETH DEFENSE-ALL COUNTS

63. Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of Hawaii's workers' compensation law, including Hawaii Revised Statutes §386-5.

## THIRTY-FIRST DEFENSE-ALL COUNTS

64. Plaintiff's claims may be barred, in whole or in part, by the doctrine of intracorporate immunity.

- 14 -

THIRTY-SECOND DEFENSE-ALL COUNTS

65. Defendants were not motivated by any class-based discriminatory animus.

THIRTY-THIRD DEFENSE-ALL COUNTS

66. Plaintiff may not have reported to a "public body" his "employer" as required by H.R.S. §378-62.

THIRTY-FOURTH DEFENSE-ALL COUNTS

67. Plaintiff was not subjected to any adverse employment action by Defendants.

THIRTY-FIFTH DEFENSE-ALL COUNTS

68. Plaintiff may have failed to exhaust all administrative remedies.

THIRTY-SIXTH DEFENSE-ALL COUNTS

69. Plaintiff's claims for punitive damages violates the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States. (Reserved Defenses)

THIRTY-SEVENTH DEFENSE-ALL COUNTS

70. Plaintiff is precluded from recovery by reason that the alleged defamatory and/or slanderous comments, if any, were truthful.

THIRTY-EIGHTH DEFENSE-ALL COUNTS

71. Plaintiff is precluded from recovery by reason that the alleged defamatory and/or slanderous comments, if any, were not published to third-parties.

THIRTY-NINTH DEFENSE-ALL COUNTS

72. Plaintiff is precluded from recovery by reason that he had no reasonable expectation of privacy concerning the allegedly defamatory and/or slanderous comments, if any.

FORTIETH DEFENSE-ALL COUNTS

73. The City Employees give notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it intends to seek leave to amend its answer to specifically allege those defenses of which it may become aware during the course of discovery or trial of this matter.

WHEREFORE, Defendant City Employees pray for judgment in its favor and request that the Plaintiff takes nothing by way of his Amended Complaint and further requests as follows:

(1)    That the Amended Complaint herein be dismissed with prejudice against Defendant City Employees in its entirety;

- 16 -

(2)     That Defendant City Employees be awarded their costs and expenses incurred in connection with this action, including reasonable attorneys' fees;

(3)     That Defendant City Employees be awarded such other further relief as the Court deems just and proper.

DATED: Honolulu, Hawaii, January 27, 2006.

_____
JAMES KAWASHIMA
*for* MICHAEL A. LORUSSO
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PHILIP E. ENGLISH,                    ) CIVIL NO. CV04-00108 SCM/KSC
                                      )
                  Plaintiff,          ) CERTIFICATE OF SERVICE
                                      )
          vs.                         )
                                      )
CITY AND COUNTY OF                    )
HONOLULU; GARY T.                     )
KUROKAWA; ROBERT O.                   )
MAGOTA; ANN C. GIMA; and GK           )
APPRAISALS, INC.; JOHN DOES 1-        )
10; JANE DOES 1-10; DOE               )
PARTNERSHIPS; DOE                     )
CORPORATIONS 1-10; AND DOE            )
ENTITIES 1-10,                        )
                                      )
                  Defendants.         )
_____ )

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served by means of hand delivery to the following named attorneys at their last known address on January 27, 2006:

ROGER S. MOSELEY, ESQ.
ALAN K. LAU, ESQ.
RENEE M. FURUTA, ESQ.
JOANNA B.K. FONG, ESQ.
Alakea Corporate tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813

Attorneys for Plaintiff
PHILIP E. ENGLISH

KEVIN P.H. SUMIDA, ESQ.
ANTHONY L. WONG, ESQ.
735 Bishop Street; Suite 411
Honolulu, Hawaii 96813

Attorneys for Defendant
GK APPRAISALS, INC.

DATED: Honolulu, Hawaii, January 27, 2006.


_____
JAMES KAWASHIMA
for    MICHAEL A. LORUSSO
       Attorneys for Defendants
       CITY AND COUNTY OF HONOLULU,
       GARY T. KUROKAWA,
       ROBERT O. MAGOTA, and
       ANN C. GIMA