Of Counsel:
SUMIDA & TSUCHIYAMA
A Limited Liability Law Company

KEVIN P.H. SUMIDA          2544-0
ANTHONY L. WONG          6018-0
Dillingham Transportation Building
735 Bishop Street, Suite 411
Honolulu, Hawai`i 96813
Telephone No. 808-356-2600
e-mail: ksumida@sthawaii.com
          awong@sthawaii.com
          info@sthawaii.com


Attorneys for Defendant
GK APPRAISALS, INC.

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>          Plaintiff,<br><br>     vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>          Defendants. | CIVIL NO. CV04 00108 SOM/KSC<br><br>DEFENDANT G. K. APPRAISALS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT, FILED ON JANUARY 12, 2006; DEFENDANT G. K. APPRAISALS' DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE |

## DEFENDANT G. K. APPRAISALS, INC.'S ANSWER
## TO FIRST AMENDED COMPLAINT, FILED ON JANUARY 12, 2006

Defendant GK APPRAISALS, INC., ("this Defendant"), answers the First Amended Complaint ("Complaint") filed by Plaintiff, PHILIP E. ENGLISH ("Plaintiff") on or about January 12, 2006 as follows:

### FIRST DEFENSE:  ALL COUNTS:

1.    The Complaint, or parts thereof, fails to state a claim upon which relief can be granted as against this Defendant.

### SECOND DEFENSE:   ALLEGATIONS COMMON TO ALL COUNTS

2.    This Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 7, 7A, 7B, 7C, 7D, 7E, 8, 9, 10, 11, 12, 13, 14, 15, 16, 16A, and 17 of the Complaint except that it:

a.    admits that it is  a Hawaii corporation doing business as a real estate appraisal firm in the State of Hawaii;

b.    denies the allegations of Paragraph 16 insofar as it alleges any wrongful conduct by this Defendant;

c.    denies the allegations of Paragraph 17 insofar as it may pertain to this Defendant.

3.    Each and every other allegation not heretofore specifically answered is denied.

**SECOND DEFENSE:  FACTUAL BACKGROUND:**

4.    This Defendant realleges and incorporates herein by reference its answers to Paragraphs 1 through 17, inclusive.

5.    This Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 29(a)-(e), 30, 31, 32, 32(a)-(g), 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 72(a)-(e), 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92 and 92A of the Complaint except that it denies the allegations of Paragraphs , 82 84 and 92 insofar as they may pertain to this Defendant.

6.    Each and every other allegation not heretofore specifically answered is denied.

**SECOND DEFENSE:  COUNT I – VIOLATION OF CIVIL RIGHTS:**

7.    This Defendant realleges and incorporates herein by reference its answers to Paragraphs 1 through 92 and 92A, inclusive.

8.    This Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 94, 94A, 94B, 95, 96, and 97 of the Complaint except that it denies the allegations contained in these Paragraphs insofar as they may pertain to this Defendant.

9.    Each and every other allegation not heretofore specifically answered is denied.

## SECOND DEFENSE:    COUNT II – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS:

10.    This Defendant realleges and incorporates herein by reference its answers to Paragraphs 1 through 97, inclusive.

11.    This Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 99, 99(a)-(c), 100, 101, 102, and 103 of the Complaint except that it denies the allegations contained in these Paragraphs insofar as they may pertain to this Defendant.

12.    Each and every other allegation not heretofore specifically answered is denied.

## SECOND DEFENSE:    COUNT IIII – NEGLECT TO PREVENT INTERFERENCE WITH CIVIL RIGHTS :

13.    This Defendant realleges and incorporates herein by reference its answers to Paragraphs 1 through 103, inclusive.

14.    This Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 104, 105, 106, 107, 108, and 109 of the Complaint except that it denies the

allegations contained in these paragraphs insofar as they may pertain to this Defendant.

15.   Each and every other allegation not heretofore specifically answered is denied.

## SECOND DEFENSE:   COUNT IV – UNLAWFUL DISCRIMINATION AND RETALIATION:

16.   This Defendant realleges and incorporates herein by reference its answers to Paragraphs 1 through 109, inclusive.

17.   This Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 111, 112, 113, and 114 of the Complaint except that it denies the allegations contained in these Paragraphs insofar as they may pertain to this Defendant.

18.   Each and every other allegation not heretofore specifically answered is denied.

## SECOND DEFENSE:   COUNT V – WILLFUL, WANTON, AND RECKLESS CONDUCT:

19.   This Defendant realleges and incorporates herein by reference its answers to Paragraphs 1 through 114, inclusive.

20.   This Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs

116, 117, and 118 of the Complaint except that it denies the allegations contained in these Paragraphs insofar as they may pertain to this Defendant.

21.    Each and every other allegation not heretofore specifically answered is denied.

## SECOND DEFENSE:  COUNT VI – INTENTIONAL INFLICTION OF SEVERE MENTAL OR EMOTIONAL DISTRESS:

22.    This Defendant realleges and incorporates herein by reference its answers to Paragraphs 1 through 118, inclusive.

23.    This Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 120, 121, and 122 of the Complaint except that it denies the allegations contained in these Paragraphs insofar as they may pertain to this Defendant.

24.    Each and every other allegation not heretofore specifically answered is denied.

## SECOND DEFENSE:  COUNT VII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS:

25.    This Defendant realleges and incorporates herein by reference its answers to Paragraphs 1 through 122, inclusive.

26.    This Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs

124, 125, and 126 of the Complaint except that it denies the allegations contained in these Paragraphs insofar as they may pertain to this Defendant.

27.    Each and every other allegation not heretofore specifically answered is denied.

## SECOND DEFENSE:  COUNT VIII – DEFAMATION:

28.    This Defendant realleges and incorporates herein by reference its answers to Paragraphs 1 through 126, inclusive.

29.    This Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 128, 129, and 130 of the Complaint except that it denies the allegations contained in these Paragraphs insofar as they may pertain to this Defendant.

30.    Each and every other allegation not heretofore specifically answered is denied.

## SECOND DEFENSE:  COUNT IX – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS:

31.    This Defendant realleges and incorporates herein by reference its answers to Paragraphs 1 through 130, inclusive.

32.    This Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 132, 133, 134, and 135 of the Complaint except that it denies the allegations contained in these Paragraphs insofar as they may pertain to this Defendant.

33.     Each and every other allegation not heretofore specifically answered is denied.

## SECOND DEFENSE: COUNT X – INTENTIONAL INTERFERENCE WITH  PROSPECTIVE ECONOMIC ADVANTAGE:

34.     This Defendant realleges and incorporates herein by reference its answers to Paragraphs 1 through 135, inclusive.

35.     This Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 137, 138, 139, and 140 of the Complaint except that it denies the allegations contained in these Paragraphs insofar as they may pertain to this Defendant.

36.     Each and every other allegation not heretofore specifically answered is denied.

## SECOND DEFENSE:  COUNT XI – VIOLATION OF RIGHTS UNDER HAWAII  CONSTITUTION

37.     This Defendant realleges and incorporates herein by reference its answers to Paragraphs 1 through 140, inclusive.

38.     This Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 142, 143, and 144 of the Complaint except that it denies the allegations contained in these Paragraphs insofar as they may pertain to this Defendant.

- 8 -

39.    Each and every other allegation not heretofore specifically answered is denied.

## SECOND DEFENSE:  COUNT XII – PUNITIVE DAMAGES:

40.    This Defendant realleges and incorporates herein by reference its answers to Paragraphs 1 through 144, inclusive.

41.    This Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 146, 147, and 148 of the Complaint except that it denies the allegations contained in these Paragraphs insofar as they may pertain to this Defendant.

42.    Each and every other allegation not heretofore specifically answered is denied.

## THIRD DEFENSE:  ALL COUNTS:

43.    The claims of Plaintiff are barred by the failure to join indispensable parties.

## FOURTH DEFENSE:  ALL COUNTS:

44.    The claims of Plaintiff are barred by the defense of lack of standing.

## FIFTH DEFENSE:  ALL COUNTS:

45.    Some or all of the claims of Plaintiff are barred by the defense of the statute of limitations.

## SIXTH DEFENSE:  ALL COUNTS:

46.     The claims of Plaintiff are barred by the defense of lack or failure of consideration.

## SEVENTH DEFENSE:  ALL COUNTS:

47.     The claims of Plaintiff are barred by the defense of failure to mitigate damages.

## EIGHTH DEFENSE:  ALL COUNTS:

48.     Plaintiff is barred from maintaining this action against defendant by reason of Plaintiff's failure to exhaust his administrative remedies.

## NINTH DEFENSE:  ALL COUNTS:

49.     The claims of Plaintiff are barred by the defense of assumption of risk.

## TENTH DEFENSE:  ALL COUNTS:

50.     The claims of Plaintiff are barred by the defense of contributory negligence.

## ELEVENTH DEFENSE:  ALL COUNTS:

51.     The claims of Plaintiff are barred by the defense of comparative negligence.

**TWELFTH DEFENSE: ALL COUNTS:**

52.    The claims of Plaintiff are barred by breach of duty or contract, default or other failure or misconduct by Plaintiff and/or by other persons beyond the control of this Defendant.

**THIRTEENTH DEFENSE: ALL COUNTS:**

53.    Plaintiff is barred from maintaining this action against this Defendant by reason of his own negligence or other wrongful conduct which caused the accident and injuries alleged in the Complaint herein.

**FOURTEENTH DEFENSE: ALL COUNTS:**

54.    Plaintiff's recovery in this action, if any, should be reduced in accordance with Hawaii Revised Statutes Section 663-31.

**FIFTEENTH DEFENSE: ALL COUNTS:**

55.    This Defendant was privileged to take the actions upon which Plaintiff's Complaint is based.

**SIXTEENTH DEFENSE: ALL COUNTS:**

56.    Plaintiff is barred from maintaining this action against this Defendant because this Defendant's actions were taken with Plaintiff's consent.

**SEVENTEENTH DEFENSE: ALL COUNTS:**

57.    Plaintiff is barred from maintaining this action against this Defendant because this Defendant's actions were justified by public necessity.

- 11 -

**EIGHTEENTH DEFENSE:  ALL COUNTS:**

58.    Plaintiff is barred from maintaining this action against this Defendant based upon the doctrine of waiver.

**NINETEENTH DEFENSE:  ALL COUNTS:**

59.    The claims of Plaintiff are barred by the defense of laches.

**TWENTIETH DEFENSE:  ALL COUNTS:**

60.    The claims of Plaintiff are barred by the defense of estoppel (legal and equitable) or estoppel by deed.

**TWENTY-FIRST DEFENSE:  ALL COUNTS:**

61.    The claims of Plaintiff are barred by the defense of bad faith.

**TWENTY-SECOND DEFENSE:  ALL COUNTS:**

62.    The claims of Plaintiff are barred by the defense of unclean hands.

**TWENTY-THIRD DEFENSE:  ALL COUNTS:**

63.    The claims of Plaintiff are barred by the defense of unfair dealing.

**TWENTY-FOURTH DEFENSE:  ALL COUNTS:**

64.    The claims of Plaintiff are barred by the defense of pari delicto.

**TWENTY-FIFTH DEFENSE:  ALL COUNTS:**

65.    The claims of Plaintiff are barred by the truth, and privilege, based upon the First Amendment of the United States of America.

**TWENTY-SIXTH DEFENSE:  ALL COUNTS:**

66.    This Defendant asserts the defense of lack of privity of contract.

**TWENTY-SEVENTH DEFENSE:  ALL COUNTS:**

67.    Plaintiff has failed and/or breached his duty to comply with conditions precedent and/or subsequent to recovery.

**TWENTY-EIGHTH DEFENSE:  ALL COUNTS:**

68.    This Defendant avers that any award of punitive damages to Plaintiff in this case would be violative of the constitutional safeguards provided to this Defendant under the Constitution of the State of Hawaii and the Constitution of the United States.

**TWENTY-NINTH DEFENSE:  ALL COUNTS:**

69.    This Defendant aver that any award of punitive damages to Plaintiff on the basis of vicarious liability would be violative of the constitutional safeguards provided to defendant under the Constitution of the State of Hawaii and the Constitution of the United States.

**THIRTIETH DEFENSE:  ALL COUNTS:**

70.     This Defendant aver that any award of punitive damages to Plaintiff in this case would be violative of the constitutional safeguards provided to defendants under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

**THIRTY-FIRST DEFENSE:  ALL COUNTS:**

71.     This Defendant avers that any award of punitive damages to Plaintiff in this case would be violative of Article I, Section 5 of the Constitution of the State of Hawaii which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

**THIRTY-SECOND DEFENSE:  ALL COUNTS:**

72.     This Defendant avers that any award of punitive damages to Plaintiff in this case would be violative of the procedural safeguards provided to this Defendants under the Sixth Amendment of the Constitution of the United States in that punitive damages are penal in nature and consequently, defendants are entitled to the same procedural safeguards accorded to criminal defendants.

**THIRTY-THIRD DEFENSE:  ALL COUNTS:**

73.    This Defendant avers that it is violative of the self-incrimination clause of the Fifth Amendment of the Constitution of the United States to impose against defendants punitive damages, which are penal in nature, yet compels defendants to disclose potentially incriminating documents and evidence.

**THIRTY-FOURTH DEFENSE:  ALL COUNTS:**

74.    This Defendant avers that it is violative of the self-incrimination clause of Article I, Section 10 of the Constitution of the State of Hawaii to impose against defendants punitive damages, which are penal in nature, yet compels defendants to disclose potentially incriminating documents and evidence.

**THIRTY-FIFTH DEFENSE:  ALL COUNTS:**

75.    This Defendant avers that plaintiff's claim of punitive damages violates the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the

plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## THIRTY-SIXTH DEFENSE:  ALL COUNTS:

76.     This Defendant avers that Plaintiff's attempt to impose punitive or extra-contractual damages on the defendants on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

## THIRTY-SEVENTH DEFENSE:  ALL COUNTS:

77.     This Defendant avers that an award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, this Defendant prays that the Complaint filed by Plaintiff be dismissed, that this Defendant have judgment against Plaintiff, and be awarded costs of suit, attorneys' fees and such other relief as the Court deems just and equitable.

DATED:  HONOLULU, HAWAII,     APRIL 6, 2006.

KEVIN P. H. SUMIDA
ANTHONY L. WONG
Attorneys for Defendant
GK APPRAISALS, INC.

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>       Plaintiff,<br><br>   vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>       Defendants. | CIVIL NO. CV04 00108 SOM/KSC<br><br>DEFENDANT G. K. APPRAISALS' DEMAND FOR JURY TRIAL |

<u>DEFENDANT G. K. APPRAISALS INC.'S DEMAND FOR JURY TRIAL</u>

Defendant G. K. APPRAISALS, INC.  hereby demands a trial by jury.

DATED:  HONOLULU, HAWAII,    APRIL 6, 2006.

KEVIN P. H. SUMIDA
ANTHONY L. WONG
Attorneys for Defendant
GK APPRAISALS, INC.

- 19 -

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, | CIVIL NO. CV04 00108 SOM/KSC |
| Plaintiff, | CERTIFICATE OF SERVICE |
| vs. | |
| CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, | |
| Defendants. | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was duly served on the following attorney(s) by hand delivering same or by placing the same in the United States mail, postage prepaid, on this __6th__ day of ___April__ , 2006.

> ROGER S. MOSELEY, ESQ.
> ALAN K. LAU, ESQ.
> CHRISTOPHER J. MUZZI, ESQ.
>  2300 Alakea Corporate Tower
>  1100 Alakea Street
>  Honolulu, Hawai`i  96813
>  Attorneys for Plaintiff

MICHAEL A. LORUSSO, ESQ.
23rd Floor, First Hawaiian Center
999 Bishop Street
Honolulu, Hawaii 96813
Attorney for Defendants
CITY AND COUNTY OF HONOLULU;
GARY T. KUROKAWA;
ROBERT O. MAGOTA; and ANN C. GIMA

DATED:  HONOLULU, HAWAII,    APRIL 6, 2006.

KEVIN P. H. SUMIDA
ANTHONY L. WONG
Attorneys for Defendant
GK APPRAISALS, INC.