IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, | ) CIVIL NO. CV04-00108 SOM/KSC |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF MOTION |
| vs. | ) |
| CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION

### I. BACKGROUND OF RELEVANT FACTS

Plaintiff began employment with the Defendant CITY AND COUNTY OF HONOLULU ("Defendant CITY") as a Real Property Appraiser on or about June 1, 2000. See First Amended Complaint at ¶ 18. During his employment with Defendant CITY, Plaintiff's immediate supervisor was Defendant ANN C. GIMA (Appraiser Supervisor), but Defendant ROBERT O. MAGOTA (City Assessor) and Defendant GARY T. KUROKAWA (Administrator of Real Property Assessment Division) also had supervisory authority over the Plaintiff. Id. at ¶¶ 7-15.

In or about January of 2001, the Plaintiff alleges that he began to observe that one of the City appraisers was doing outside appraisal work on City equipment and during City time. See First Amended Complaint at ¶ 36. When this activity

continued undiminished despite the efforts of the Plaintiff in talking to this particular appraiser, the Plaintiff reported this concern to Defendants Gima and Magota. Id. at ¶¶ 37-40.

In response to his complaints, the Plaintiff alleges that the Defendants retaliated against him in the following manner:

- He received less favorable performance evaluations from his supervisors (see ¶ 55 of the First Amended Complaint);

- He experienced a "substantial change in attitude" by his supervisors (see ¶ 56 of the First Amended Complaint);

- His probationary period was extended (see ¶ 62 of the First Amended Complaint);

- He was denied leave (see ¶ 65 of the First Amended Complaint);

- He was not selected for a promotion (see ¶ 69 of the First Amended Complaint);

- He was disciplined inappropriately (see ¶ of the First Amended Complaint); and

- Co-workers filed workplace violence complaints against the Plaintiff (see ¶¶ 77-78 of the First Amended Complaint).

## II. RELEVANT PROCEDURAL HISTORY

On February 13, 2004, the Plaintiff filed the Complaint in the above-referenced matter, naming Defendant CITY, Defendants GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA in their official and individual capacities, and Defendant GK Appraisals, Inc. as defendants, and alleging the following claims:

- Count I: Violation of Civil Rights (42 U.S.C. § 1983);

- Count II: Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985);

- Count III: Neglect to Prevent Interference with Civil Rights (42 U.S.C. § 1986)

- Count IV: Unlawful Discrimination and Retaliation (HRS § 378-62);

- Count V: Willful, Wanton, and Reckless Conduct (Iddings v. Mee-Lee, 82 Haw. 1 (1996)) ;

- Count VI: Intentional Infliction of Severe Mental or Emotional Distress;

- Count VII: Negligent Infliction of Emotional Distress;

- Count VIII: Defamation;

- Count IX: Intentional Interference with Contractual Relations;

- Count X: Intentional Interference with Prospective Economic Advantage;

- Count XI: Violation of Rights Under Hawaii Constitution; and

- Count XII: Punitive Damages

All defendants thereafter filed motions to dismiss, or in the alternative for partial summary judgment on various claims.

By order dated December 15, 2005, this Court ruled on the motions, granting judgment on the pleadings to Defendant CITY on Counts I, II, III, V, VII, and XII of the Complaint; granting judgment on the pleadings to Defendants GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA on Counts II, III, and VII (to the extent the NIED claim is asserted against individual Defendants

for actions taken in their capacities as employees of Defendant CITY); and granted summary judgment to Defendant GK Appraisals, Inc. on Counts I, II, III, IV, V, and VIII. See Order Granting Defendant City and County of Honolulu's Motion for Judgment on the Pleadings; Order Granting in Part and Denying in Part the Individual Defendants' Motion for Judgment on the Pleadings; Order Granting in Part and Denying in Park the Motion for Summary Judgment filed by Defendant GK Appraisals, Inc. ("The December 15, 2005 Order"). Plaintiffs withdrew Count XI as to all defendants. Id.

The December 15, 2005 Order permitted Plaintiff to file an amended complaint in order to reallege his § 1983 claim.

On January 12, 2006, Plaintiff filed his First Amended Complaint alleging for the first time that:

- Defendant City has a longstanding pervasive history, custom, practice, and pattern of retaliating against whistleblowers and employees who have engaged in protected speech as evidenced by the multiple whistleblower cases filed against it (see ¶ 94A of the First Amended Complaint);

- Defendant Kurokawa is an officer and the Administrator of the Assessment Division, an agency of the executive branch of the City (see ¶ 94B of the First Amended Complaint);

- Defendant Kurokawa displayed and exercised his power over personnel actions as they related to City employees (see ¶ 94B of the First Amended Complaint); and

- The actions taken by Defendant KUROKAWA regarding personnel functions were supported, sanctioned and ratified by other City executives and attributable to

Defendant City and direct acts of Defendant City (see ¶ 94B of the First Amended Complaint).

The only remaining claims against Defendants GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA are:

- Count I (§ 1983);

- Count IV (Haw.Rev. Stat. § 378-62);

- Count V (Wilfil, Wanton, and Reckless Conduct);

- Count VI (IIED);

- Count VII (to the extent that Plaintiff's NIED claim is asserted against Defendant KUROKAWA for actions he may have taken in his capacity as an officer/shareholder of GK Appraisals);

- Count VIII (Defamation);

- Count IX (Interference with Contractual Relations);

- Count X (Interference with Prospective Business Advantage); and

- Count XII (Punitive Damages).

III. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides that a cause of action may be dismissed for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion is properly granted when, even assuming all material facts in the complaint are true, the plaintiff has failed to state a claim upon which relief can be granted. American Family Ass'n v. City and County of San Fran., 277 F.3d 1114, 1120 (9th Cir. 2002).

Judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c) should be granted when, taking all

material allegations in a complaint as true and construing them in the light most favorable to the nonmoving party, the moving party demonstrates that it is entitled to judgment as a matter of law. Geraci v. Homestreet Bank, 347 F.3d 749, 751 (9th Cir. 2003).

A party may obtain summary judgment where the record shows that "there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment need not produce actual "evidence" negating the existence of material factual issues, but may rest on the lack of evidence of the essential elements of a claim. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a party moving for summary judgment has met its burden of proving that there is no genuine issue of material fact, the opposing party must "come forward with specific facts evidencing" a need for trial. Fed. R. Civ. P. 56(e). A plaintiff must adduce some "significant probative evidence tending to support the Complaint" and cannot discharge his burden by allegations in the pleadings, legal argument, or a hope that he can produce material evidence at the time of trial. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Arguments "based on mere speculation, conjecture or fantasy" are not sufficient to overcome a motion

for summary judgment. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986).

IV. **ARGUMENT**

  A. **PLAINTIFF HAS FAILED TO STATE A COGNIZABLE CLAIM FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

Plaintiff styles Count IX of his First Amended Complaint as one for "Intentional Interference with Contractual Relations;" however, there is no such claim under Hawai'i law. See Meridian Mortgage v. First Hawaiian Bank, 109 Hawai'i 35, 43-44, 122 P.3d 1133, 1141-1142 (Haw.App. 2005). Hawai'i courts, however, only recognize a claim for tortious interference with contractual relations, which Plaintiff has not alleged in this case. Id. On that basis, Defendant Kurokawa, Defendant Magota, and Defendant Gima request that Count IX be dismissed.

Notwithstanding this deficiency, Plaintiff still did not plead and/or allege facts to sustain a claim for tortious interference with contractual relations.

To prevail on a claim of "tortious interference with contractual relations" ("TICR"), Plaintiff must plead and prove, at a minimum:

  1. a **contract** between [Plaintiff] and [Defendant CITY];

  2. [Defendant Kurokawa, Defendant Magota, and/or Defendant Gima's] **knowledge** of the contract;

  3. [Defendant Kurokawa, Defendant Magota, and/or Defendant Gima's] **intentional inducement of [Defendant City] to breach the contract**;

>    4.  the **absence of justification** on [Defendant Kurokawa, Defendant Magota, and/or Defendant Gima's] part;
>
>    5.  the **subsequent breach** of the contract; and
>
>    6.  **damages.**

Weinberg v. Mauch, 78 Haw. 40, 50, 890 P.2d 277, 287 (1985) [emphasis added].

As a threshold matter, proof of a defendant's "**intentional inducement**" of a third party to breach a contract is required. Lee v. Aiu, 85 Haw. 19, 396 P.2d 655 (Haw. 1997); Kutcher v. Zimmerman, 87 Haw. 394, 405, 957 P.2d 1076, 1087 (Haw. App. 1998).

Therefore, to plead a TICR claim, Plaintiff must allege specific facts suggesting that either Defendant Kurokawa, Defendant Magota, and/or Defendant Gima "acted with intent and legal malice, i.e., the intentional doing of a harmful act without legal or social justification or excuse, or in other words, the wilful violation of a known right." Chow v. Alston, 2 Haw. App. 480, 484, 534 P.2d 430, 434 (1981). Plaintiff ultimately bears the burden of "demonstrat[ing] that the defendant **acted with intent and without justification.**" Kutcher v. Zimmerman, 87 Hawai`i 394, 406, 957 P.2d 1076, 1088 (Haw.App. 1998)[emphasis added]. In other words, Plaintiff must establish a specific motive or purpose to injure by the interference or inducement. See DeVoto v. Pacific Fidelity Life Ins. Co., 618 F.2d 1380, 1347 (9th Cir. 1980).

In this case, Plaintiff has failed to properly state a cognizable claim for TICR. In his First Amended Complaint, Plaintiff alleges that:

- Plaintiff "had a contractual employment relationship with the city;"

- Defendant Kurokawa, Defendant Magota, and/or Defendant Gima "intentionally and knowingly interfered with, and eventually damaged and destroyed, all of Plaintiff's rights under his employment contract with the City;" and

- Defendant Kurokawa, Defendant Magota, and/or Defendant Gima's wrongful conduct resulted in the loss of those contract rights.

See ¶¶ 132 - 134 of Plaintiff's First Amended Complaint. Based solely on the pleadings, it is clear that Plaintiff failed to delineate all elements that would comprise a valid claim for TICR under well established Hawai'i case law (i.e., that Defendant CITY breached its contract with Plaintiff and that the defendants acted with legal malice). On that basis, Count IX should be dismissed.

Assuming, *arguendo*, that Plaintiff accurately plead all the necessary elements of a TICR claim, which Defendant Kurokawa, Defendant Magota, and Defendant Gima deny, Plaintiff has nevertheless failed to satisfy his burden by alleging <u>facts</u> to support his claim. Aside from conclusory allegations of fault, Plaintiff has failed to allege any facts supporting a claim that Defendant Kurokawa, Defendant Magota, and/or Defendant Gima intentionally caused Defendant CITY to <u>breach</u> its employment

contract with Plaintiff.[1] Without any factual allegations of a breach, Count IX should be dismissed.

Notwithstanding Plaintiff's failures to properly allege a proper claim for TICR and to state facts that would support such a claim, Plaintiff's TICR claim must be dismissed on the basis that the Defendant CITY did not breach its contract with Plaintiff. Instead, Plaintiff <u>voluntarily</u> resigned from his position with Defendant CITY as part of his Workers Compensation settlement with Defendant CITY. <u>See</u> Exhibit "A," Compromise, Settlement and Release Agreement; Approval and Order. As stated in Exhibit "A," Plaintiff "voluntarily quits, resigns and terminates his employment with [Defendant CITY], fully, finally, irrevocably and forever, effective January 31, 2004[.]"

Based on the undisputed evidence presented above, Defendant Kurokawa, Defendant Magota, and/or Defendant Gima did not induce Defendant CITY to <u>breach</u> its employment contract with

---

[1] Although the Plaintiff is not required to "plead *detailed* facts, she must plead *some* facts." <u>Pickern v. Peir 1 Imports (U.S.), Inc.</u>, 339 F.Supp.2d 1081, 1088 (E.D.Cal. 2004)(italics in original); <u>Beanal v. Freeport-McMoran, Inc.</u>, 197 F.3d 161, 164 (5th Cir. 1999)("[B]are-bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice"). Additionally, a "court may not assume that a plaintiff can prove facts that it has not alleged, or that the defendant has violated laws in ways that Plaintiff has not alleged." <u>Nwakpuda v. Falley's Inc.</u>, 14 F.Supp.2d 1213, 1216 (1998)(citing <u>Associated General Contractors v. California State Council of Carpenters</u>, 459 U.S. 519, 526, 103 S.Ct. 897. 74 L.Ed.2d. 723 (1983)).

Plaintiff as he voluntarily resigned. Accordingly, Plaintiff's TICR claim should be dismissed on that basis as well.

Based on the foregoing, Defendant Kurokawa, Defendant Magota, and Defendant Gima submit that judgment should be granted in their favor on Claim IX of the First Amended Complaint.

### B. PLAINTIFF HAS FAILED TO STATE A COGNIZABLE CLAIM FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

Count X of Plaintiff's First Amended Complaint is entitled "Intentional Interference with Prospective Economic Advantage;" however, there is no such claim under Hawai'i law. See Meridian Mortgage v. First Hawaiian Bank, 109 Hawai'i 35, 47-48, 122 P.3d 1133, 1141-1142 (Haw.App. 2005). Instead, Hawai'i courts only recognize a claim for tortious interference with prospective business advantage, which Plaintiff has not alleged in this case. Id. On that basis, Defendant CITY submits that the claim be dismissed.

Notwithstanding this deficiency, Plaintiff still did not plead and/or allege facts to sustain a claim for tortious interference with prospective business advantage.

To prevail on a claim of tortious interference with prospective business advantage ("TIPBA") Plaintiff must plead and prove, at least:

> 1.  a valid business relationship or prospective advantage or expectancy <u>sufficiently definite, specific, and capable of acceptance</u> in the sense that there is a reasonable

>   probability of it maturing into a future economic benefit to the plaintiff;
>
> 2. Knowledge of the relationship, advantage, or expectancy;
>
> 3. A purposeful intent to interfere with the relationship, advantage or expectancy; and
>
> 4. Legal causation between the act of interference and the impairment of the relationship, advantage, or expectancy.

See <u>Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transp. Co., Inc.</u>, 91 Haw. 224, 258, 982 P.2d 853, 887 (1999)[emphasis added].

The <u>Robert's Hawaii</u> court recognized that in order to sustain such a claim, the plaintiff needed to show that a <u>future contractual relationship was a possibility</u>:

> <u>[t]here must be a colorable economic relationship between the plaintiff and a third party with the</u> *potential* <u>to develop into a full contractual relationship</u>.
>
> The prospective economic relationship need not take the form of an offer but there must be specific facts proving the possibility of future association.

<u>Id.</u>, 91 Hawai'i at 888, 982 P.2d at 259, fn. 40 (citing to <u>Locricchio v. Legal Services Corp.</u>, 833 F.2d 1352, 1357 (9th Cir. 1987))(underlined emphasis added)(italics in original).

Here, Plaintiff has merely alleged that:

- he had a contractual employment relationship with the City, as well as the prospects for future advancement at the City and/or other additional economic advantage to be gained in the private real estate appraisal profession; and

- 12 -

- Defendants, intentionally and knowingly interfered with, and eventually damaged and destroyed, all of Plaintiff's rights and prospects for future advancement and/or other additional economic advantage to be gained in the private real estate appraisal profession.

In doing so, Plaintiff failed to allege that future advancement with Defendant CITY and/or additional economic advantage with a <u>third party</u> (other than Defendant CITY) was a possibility. Significantly, Defendant CITY cannot discern any facts in the First Amended Complaint that would support these allegation.

Furthermore, Plaintiff has not, <u>and logically cannot</u>, allege that there was a business relationship between Defendant CITY and Plaintiff that had the "potential to develop into a full contractual relationship" with the Defendant CITY as Plaintiff was already employed with Defendant CITY.

Additionally, Plaintiff's own deposition testimony invalidates his claim that his future as a private real estate appraiser was damaged by Defendant Kuraoka, Defendant Magota, and/or Defendant Gima's alleged actions/inactions, as Plaintiff admitted that he has not applied for another position as an appraiser since leaving Defendant CITY:

> Q: And since the time you worked for the City, as you have indicated, you have never applied for any positions as an appraiser, correct?
>
> A: I never applied for a position as an appraiser, correct. Well, within the division I did at different appraisal positions, but not outside the division.

> Q: In other words, from the time your employment with the City ended until the present time, you have not applied for an appraiser position, correct?
>
> A: No, I haven't.
>
> Q: So there has been no employer who has said to you, well, I can't hire you because you are a troublemaker as far as an appraiser position, correct?
>
> A: That opportunity never came up, right.

See Exhibit "B," Deposition Transcript of Philip English, Volume III, dated October 5, 2005, pg. 379, lines 8 - 22. Obviously, without ever having applied for an outside appraiser position, Plaintiff's claim for damages is purely speculative.

Based on the foregoing, Defendant Kuraoka, Defendant Magota, and Defendant Gima submit that judgment be entered in their favor and/or that Count X be dismissed.

## V.   CONCLUSION

Based on the foregoing, Defendants GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA submit that Counts IX and X of the First Amended Complaint should be dismissed, or in the alternative, that judgment be entered in their favor.

DATED: Honolulu, Hawaii, __MAY 0 3 2006_____.

_____
JAMES KAWASHIMA
MICHAEL A. LORUSSO
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA