MOSELEY BIEHL TSUGAWA LAU & MUZZI
a Hawaii limited liability law company

ROGER S. MOSELEY        2060
ALAN K. LAU             3981
RENEE M. FURUTA         7593
JOANNA B.K. FONG        7764
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone: (808) 531-0490
Facsimile: (808) 534-0202
Email:  rmoseley@hilaw.us
        alau@hilaw.us
        rfuruta@hilaw.us
        jfong@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1–10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE | Civil No. 04-00108 SOM/KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO DEFENDANT CITY AND COUNTY'S MOTION FOR PARTIAL DISMISSAL, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT; CERTIFICATE OF SERVICE |

10010/3/53747

| | |
|---|---|
| ENTITIES 1-10,<br><br>                    Defendants. | HEARING:<br>DATE:  June 15, 2006<br>TIME:  9:30 a.m.<br>JUDGE: The Honorable Kevin S.C.<br>            Chang |

PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY'S MOTION FOR PARTIAL DISMISSAL, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff PHILIP E. ENGLISH (hereinafter referred to as "Plaintiff"), by and through his attorneys, Moseley Biehl Tsugawa Lau & Muzzi, a Hawaii Limited Liability Law Company, hereby opposes Defendant City and County of Honolulu's Motion for Partial Dismissal, or in the alternative, Motion for Partial Summary Judgment filed herein on May 3, 2006 ("Motion to Dismiss").

I.    FACTUAL BACKGROUND

As set forth and supported in the Concise Statement of Material Facts filed concurrently herewith, there exists material facts in controversy. The Concise Statement of Material Facts set forth by Plaintiff in this case shall serve to controvert the material facts presented in Defendant City and County's motion for partial dismissal or in the alternative for summary judgment.

II.   STANDARD OF REVIEW

In considering a 12(b)(6) motion to dismiss, the general rule is that a complaint should not be dismissed on the pleadings "unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99; 2 L. Ed. 2d 80 (1957). In evaluating a complaint, any doubts should be construed in the favor of the pleader. Nagano v. Ledbetter, No. 85-0211, 1987 U.S. Dist. LEXIS 15836, at *7 (D. Haw. Sept. 22, 1987) (citing) Ernest W. Hahn, Inc. v. Codding, 615 F.2d 830, 834-36 (9th Cir. 1980). The complaint must be liberally construed, giving the plaintiff the benefit of all proper inferences. Id. (citing) Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Caltrett, 477 U.S. 317. 323, 106 S. Ct. 2548; 91 L. Ed. 2d 265 (1986). In determining whether summary judgment is proper, a court ordinarily must look at the record in the light most favorable to the party opposing the motion, drawing all inferences most favorable to that party. Harlow v. Fitzgerald, 457 U.S. 800; 102 S. Ct. 2727; 73 L. Ed. 2d 396 (1982).

III. ARGUMENT

Defendant City and County of Honolulu ("Defendant City") stated in section II (Relevant Procedural History) of their Motion to Dismiss that the only remaining claims against Defendant City are: Count I (§1983), Count IV (Haw. Rev. Stat.

§378-62), Count VIII (Defamation), Count IX (Interference with Contractual Relations), and Count X (Interference with Prospective Economic Advantage). Plaintiff would like to note that Defendant City, in its prior Motion for Partial Dismissal or in the Alternative for Summary Judgment, did not move to dismiss Count VI (Intentional Infliction of Emotional Distress). As such, Count VI stands as a remaining claim against Defendant City. See Order Granting Defendant City and County of Honolulu's Motion for Judgment on the Pleadings; Order Granting in Part and Denying in Part the Individual Defendants' Motion for Judgment on the Pleadings; Order Granting in Part and Denying in Part the Motion for Summary Judgment filed by Defendant GK Appraisals, Inc., dated December 15, 2005.

    A.    PLAINTIFF STATED A COGNIZABLE CLAIM FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

In their Motion Defendant City argued that Plaintiff has failed to state a cognizable claim for intentional interference with contractual relations because there is no such claim under Hawaii law. See Defendant City's Motion at 11. Defendants noted that Hawaii courts, however, recognize a claim for tortious interference with prospective business advantage but assert that this Court should dismiss Count X of Plaintiff's Amended Complaint because Plaintiffs have not alleged a claim for tortious interference with prospective business advantage.

Plaintiff has pleaded with sufficient factual averments to put Defendant City on notice that Plaintiff alleged a claim of tortious interference with prospective

business advantage or prospective economic advantage. The "deficiency" decried by Defendant City's Motion to Dismiss is merely one of semantics. Pursuant to the Federal FRCP Rule 8(e)(1), "each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." As noted by the Court of Appeals of the 9th Circuit, "pleadings need suffice only to put the opposing party on notice of the claim.... Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief. <u>Fontana v. Haskin</u>, 262 F.3d 871, 877 (9th Cir. 2001)(internal citations omitted).

Pursuant to Hawaii case law, the requisite elements of a claim for tortious interference with prospective business advantage are as follows: (1) the existence of a valid business relationship or a prospective advantage or expectancy sufficiently definite, specific, and capable of acceptance in the sense that there is a reasonable probability of it maturing into a future economic benefit to the plaintiff; (2) knowledge of the relationship, advantage, or expectancy by the defendant; (3) a purposeful intent to interfere with the relationship, advantage, or expectancy by the defendant; (3) a purposeful intent to interfere with the relationship, advantage, or expectancy; (4) legal causation between the act of interference and the impairment of the relationship, advantage, or expectancy; and (5) actual damages. <u>Meridian Mortgage v. First Hawaiian Bank</u>, 109 Haw. 35, 40, 122 P.3d 1133, 1145-46 (Haw.

2005)(citing <u>Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transportation Co.</u>, 91 Haw, 224, 258, 982 P.2d 853, 887 (Haw. 1999).

 First and foremost, Plaintiff had a prospective economic advantage both within the Defendant City and in the private appraisal business. Plaintiff had an opportunity to advance within the Real Property Assessment Division and has advanced in the past with promotions, prior to Plaintiff's February 15, 2002 email report to Defendant Magota regarding Defendant Kurokawa's illegal use of City resources. Plaintiff was also in the real estate appraisal business for twenty five years and had a prospective advantage of continuing in the private real estate appraisal profession. <u>See</u> Plaintiff's Verified Complaint, filed February 13, 2004 at ¶¶131-135 and Exhibit "25"[1].

 Second, Defendant City had knowledge of Plaintiff's prospective economic advantage that Plaintiff had within the City was an employee of the City. The City's employees, Defendants Kurokawa, Magota, and Gima had knowledge of this as they were the ones who provided Plaintiff with his performance reviews and assisted Plaintiff in securing his promotions. <u>See</u> Exhibits "4" and "5". Defendant City, as well as its employees, Defendants Kurokawa, Magota, and Gima, were also aware of Plaintiff's extensive experience as a private real estate appraiser and acknowledged that his experience and foundational knowledge in the real estate

---

[1] The terms "Exhibit" or "Exhibits", as cited in this Memorandum in Opposition, refers to the Exhibits attached to Plaintiff's Concise Statement of Material Facts filed concurrently herewith.

profession has been extremely helpful with his position. See Plaintiff's Verified Complaint at ¶21-23 and Exhibit "5".

Third, Defendant City and its employees had a purposeful intent to interfere with Plaintiff's prospective economic advantage. Defendant City and Defendants Kurokawa, Magota, and Gima intentionally interfered with Plaintiff's prospective economic advantage for the sole purpose of retaliating against Plaintiff for reporting Defendant Kurokawa's illegal use of City resources. Defendant City is liable for the conduct of its employees as it was aware of the retaliatory actions of Defendant Kurokawa, Magota, and Gima against Plaintiff but did not do anything to prevent or thwart the retaliatory acts. In fact, other Defendant City employees, including Ivan Lui-Kwan, the Director of Budget and Fiscal Services, Thomas Riddle, the Workers Compensation Director, and multiple employees of the Real Property Assessment Division knew about the retaliatory actions and sanctioned these actions.

Defendants began to retaliate against Plaintiff after he reported to Defendant Magota, in an email on February 15, 2002 that outlined his concerns that Defendant Kurokawa was instructing City employees to perform work for his private appraisal firm during City time and using City resources. See Exhibit "8". Prior to February 15, 2002, Plaintiff received performance reviews that rated him as meeting or exceeding the requirements of various performance factors. After Plaintiff reported his concerns regarding Defendant Kurokawa's improper and

illegal exploitation of Defendant City resources for his own gain, Defendants retaliated against Plaintiff by reprimanding him for, amongst a number of things, "coming and going" as he pleased, for placing leave papers on Defendant Gima's desk at inappropriate times, and for asking questions that he already knew the answers to. Exhibit "2" at 172-75. Plaintiff was also treated differently from other appraisers in the Real Property Assessment Division, held to a different standard, not afforded the same degree of flexibility in his schedule that was provided to other appraisers and denied leave for medical appointments. Exhibit "2" at 192-97; [Exhibit A to Exhibit "1" at 11]; Exhibit "13". In the period immediately following Plaintiff's report to Defendant Magota about Defendant Kurokawa's illegal use of City resources, Plaintiff began to receive poor and substandard performance reviews. See Exhibit "9"; Exhibit "10"; Exhibit "11"; Exhibit "2" at at 198; 385-89. Following his February 15, 2002 email to Defendant Magota, Defendant Kurokawa attempted to place Plaintiff under extended probation, threatened to transfer Plaintiff to another jurisdiction. Exhibit "11"; Exhibit "12"; Exhibit "2" at 199-206; 222-23. Defendants caused multiple "Confidential Workplace Violence" checklists to be filed against Plaintiff and caused Christopher Graff to file a "Confidential Workplace Violence Incidence Report". See Exhibit "14" and Exhibit "15". These actions, in culmination, eventually lead to Plaintiff being placed on leave without pay and on "special probation", a status that had the potential of leading to Plaintiff's eventual

discharge. The totality of the actions taken against Plaintiff by Defendant City and its employees were without any justification except to retaliate against Plaintiff for reporting Defendant Kurokawa's illegal activities.

Fourth, there exists legal causation between the act of interference and the impairment of the relationship, advantage, or expectancy. Defendant City forced Plaintiff to terminate his employment. As a result, Plaintiff suffered economic distress and a loss of an economic advantage and future advancement within Defendant City. Plaintiff also suffered a loss of economic advantage as a result of the physical, psychological, and emotional trauma and injury that he suffered as a result of Defendant City and Defendants Kurokawa, Magota, and Gima's retaliatory actions. Due to Defendant City's conduct, Plaintiff is no longer able to work as an appraiser either with the City or in the private appraisal business. English Declaration at ¶19; see also Exhibit "26", Exhibit "27". Plaintiff also cannot apply for a private appraiser position without feeling physically ill. English Declaration at ¶21.

In addition to the physical, psychological, and emotional injuries, Defendant City has also interfered with Plaintiff's prospective economic advantage in the private appraisal business and other third party potential employers by defaming and damaging his reputation within the City and in the appraisal community. In a meeting with some of the staff of the Real Property Assessment Division, Defendant Magota, an official of the City and the City Assessor of the Real

Property Assessment Division, referred to Plaintiff as a "whacko". <u>See</u> Exhibit "2" at 368 and Plaintiff's Verified Complaint at ¶63. Defendant Magota, in a conversation with an outside private real estate appraiser on or about August or September 2002, indicated that Plaintiff was causing trouble in the Real Property Assessment Division. <u>See</u> Exhibit "2" at 368 and Plaintiff's Verified Complaint at ¶64. This characterization of Plaintiff by Defendant Magota, a representative and official with Defendant City, is certainly attributable to the Defendant City. Defendant Magota and Defendant City's defaming comments is an obstruction and encumbrance to Plaintiff's prospective economic advantage to securing employment either within the City or in the private appraisal business.

Moreover, due to Defendant City's conduct and the conduct of its employees, namely Defendants Kurokawa, Magota, and Gima, Plaintiff has difficulty applying apply for new jobs because he must now disclose to potential employers as why I left my position at the City. <u>See</u> English Declaration at ¶22. Plaintiff is extremely concerned and worried that new employers would not hire him if they knew that he was a whistleblower and was forced to leave because he made reports about the illegal use of City resources by Defendant Kurokawa. <u>See</u> <u>id.</u>; <u>see also</u> Exhibit "27" at 6. In addition, since suffering the physical, psychological, and emotional trauma and injuries due to the retaliatory actions of Defendant City, Plaintiff now has a difficult time trusting himself and others. Plaintiff no longer feels confident around people, especially in a work setting and

feels constant anxiety when he is around people. See English Declaration at ¶23. Defendants' actions have interfered and seriously impaired Plaintiff's prospective economic advantage with others in the private appraisal business and with other third parties.

Defendant City attempts to argue that Plaintiff admitted that he has not applied for another position as an appraiser and that Plaintiff's claim for damages is purely speculative. Defendant City cited to a portion of the transcript of Plaintiff's deposition for support. However, the portion cited by Defendant City provides only a partial testimony regarding this subject. In an earlier portion of Plaintiff's deposition, Plaintiff indicated that he was in therapy and was informed by his therapist that he could no longer work as a real estate appraiser for the City and County. See Exhibit "2" at 55-56. Plaintiff also noted that in therapy, he is seeking employment gradually and noted: "I don't want to experience similar things that I experienced at the City. I mean, there is no guarantee that an employee won't behave in a way that causes someone to hurt them in a way." See Exhibit "2" at 55. Defendant City's view is quite simplistic in the sense that they point out that Plaintiff did not sustain any damages because he has not applied for another appraiser position. However, Defendant City failed to note that due to the retaliation suffered by Plaintiff by its actions and the actions of its employees Plaintiff has not been able to apply for another position as appraiser because of the psychological and emotional injuries it has caused him, the harm that Defendant

Magota has caused to Plaintiff's reputation in the appraisal business, and the fear and anxiety that he experiences when he applies for a new job (due to Defendants' retaliatory actions). The thought of applying for another appraiser position causes Plaintiff to be physically ill. English Declaration at ¶21.

There is a fifth element to claim for tortious interference with prospective economic advantage that was not cited by Defendant City. Plaintiff cite to the fifth element of the claim for the Court's information. Though Defendant City does not cite to it, Plaintiff has demonstrated that he suffered damages as a result of Defendants' retaliatory actions. First and foremost, Plaintiff lost employment with the City, which in turn caused him emotional distress. See Exhibit "22". As a result of this loss of employment with Defendant City, Plaintiff also lost any prospective economic advantage of advancing within the Defendant City and the Real Property Assessment Division. In addition, Plaintiff has also lost the ability to obtain prospective economic advantage in the private appraisal business. Plaintiff's reputation in the real estate appraisal business has been damaged due to the defamatory remarks that Defendant Magota has made about Plaintiff, both within the City and outside the City. Plaintiff now faces an additional employment barrier such that he is now forced to explain to potential employers why he left employment with the City. English Declaration at ¶22. In addition, Plaintiff has also lost the ability to obtain prospective economic advantage in the private appraisal business. As of August 15, 2005, Plaintiff was assessed as to have lost

wages and benefits in the amount of $834,706. Exhibit "25". In addition to the lost wages and benefits, Defendant City has also caused Plaintiff to sustain serious physical, psychological, and emotional trauma and has caused Plaintiff to lose trust in himself, to lose confidence and trust in other people in a work setting, and to suffer constant anxiety. English Declaration at ¶23. Plaintiff has certainly demonstrated the damages caused by Defendants.

    B.    **DEFENDANT CITY'S MOTION FOR PARTIAL DISMISSAL OR IN THE ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT MUST FAIL AS IT HAS NOT MET THE REQUIREMENTS FOR SUCH RELIEF**

Defendant City has moved for partial dismissal or partial summary judgment in this case. However, Defendant's motion must fail as there are disputes of material facts that must be determined by a jury or fact-finder.

Partial dismissal and summary judgment is not proper in this case because the evidence set forth in Plaintiff's complaint, pleadings, depositions, answers to interrogatories, admissions on file, have demonstrated that there are issues of material facts and that Plaintiff is entitled to the relief sought. The evidence on record, viewed in the light most favorable to the nonmoving party, demonstrates that Plaintiff has met all of the required elements to sustain a claim against Defendant City for tortious interference with prospective business or economic advantage. In viewing the evidence, facts, and inferences in the light most favorable to the Plaintiff, Defendants City's motion must fail.

III.  **CONCLUSION**

For all the foregoing reasons and based upon the documents and evidence herein, Plaintiff respectfully requests that this Court deny Defendant City's current Motion for Partial Dismissal or in the alternataive Motion for Partial Summary Judgment.

The discovery process in this case has not yet been completed. Defendants Kurokawa, Magota, and Gima are currently in the process of completing depositions and the production of documents. As such, if there is any inclination of the Court to grant the instant motion, Plaintiff would request that this Court, pursuant to FRCP Rule 56(f) postpone the adjudication on Defendant City's motion until the discovery process has been completed.

DATED:   Honolulu, Hawaii, \_\_\_\_May 26\_\_\_\_, 2006.

/S/ JOANNA B. K. FONG
_____
ROGER S. MOSELEY
ALAN K. LAU
RENEE M. FURUTA
JOANNA B.K. FONG

Attorneys for Plaintiff
PHILIP E. ENGLISH