MOSELEY BIEHL TSUGAWA LAU & MUZZI
a Hawaii limited liability law company

ROGER S. MOSELEY        2060
ALAN K. LAU             3981
RENEE M. FURUTA         7593
JOANNA B.K. FONG        7764
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone: (808) 531-0490
Facsimile: (808) 534-0202
Email:   rmoseley@hilaw.us
         alau@hilaw.us
         rfuruta@hilaw.us
         jfong@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, | Civil No. 04-00108 SOM/KSC |
| Plaintiff, | PLAINTIFF PHILIP E. ENGLISH'S SEPARATE AND CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS MEMORANDUM IN OPPOSITION TO DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR PARTIAL DISMISSAL, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT; |
| vs. | |
| CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; | |

10010/3/56239

DOE CORPORATIONS 1-10; AND
DOE ENTITIES 1-10,

                    Defendants.

EXHIBITS "1-27"; DECLARATION
OF PHILIP E. ENGLISH;
DECLARATION OF ROGER S.
MOSELEY; CERTIFICATION OF
JOANNA B.K. FONG;
CERTIFICATE OF SERVICE

HEARING:
DATE:   June 15, 2006
TIME:    9:30 a.m.
JUDGE: The Honorable Kevin S.C.
             Chang

PLAINTIFF PHILIP E. ENGLISH'S SEPARATE AND CONCISE
STATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS
MEMORANDUM IN OPPOSITION TO DEFENDANT CITY AND
COUNTY OF HONOLULU'S MOTION FOR PARTIAL DISMISSAL, OR
IN THE ALTERNATIVE, MOTION
FOR PARTIAL SUMMARY JUDGMENT

Comes now Plaintiff Philip E. English (hereinafter "Plaintiff"), by and

through his attorneys, Moseley Biehl Tsugawa Lau & Muzzi, submit the

following statement of material facts to: (1) support his Memorandum in

Opposition to Defendant City and County of Honolulu's Motion for Partial

Dismissal, or in the alternative, for Partial Summary Judgment, and (2) to

contest the relevant facts submitted by the Defendant.

Plaintiff clearly disputes Defendant City and County of Honolulu's ("Defendant City") factual assertion that Plaintiff did not apply for another appraiser position after resigning from his position with Defendant City. Plaintiff did not resign but was forced to leave his employment with Defendant City in order to receive workers compensation benefits, compensation to which he was entitled to receive. See Exhibit "2" at 64-65; See also Declaration of Philip E. English ("English Declaration") at ¶18. Due to the physical, emotional and psychological injuries and trauma that Plaintiff suffered as a result of the actions of Defendant City and its employees, Plaintiff has not been able to work as a real estate appraiser with the Defendant City or in the private appraisal business. The mere thought of applying for a real estate appraiser position causes Plaintiff to get physically ill. See Exhibit "2" at 55-56; Exhibits "26-27"; English Declaration at ¶¶ 19,20.

Plaintiff hereby submits the following relevant material facts:

| FACTS: | EVIDENTIARY SUPPORT: |
| --- | --- |
| Plaintiff began employment as a Real Property Appraiser II with Defendant City | Exhibit "23" |
| Defendant Gima was Plaintiff's immediate Supervisor but Defendants Magota and Kurokawa also had supervisory authority | Plaintiff's Verified Complaint ("VC") ¶¶7-15 |

over Plaintiff in their respective positions
of City Asssessor and Administrator
of the Real Property Assessment Division.

On or about August 3, 2000, Plaintiff                      Exhibit "2" at 128.
was transferred to Group 2, a division
supervised by Defendant Gima and
included City appraiser Christopher Graff.

In a Probationary Performance Evaluation                    Exhibit "1" ¶2-10
Report ("PPER") dated 11/3/00,                              [Exhibit A to Exhibit
Defendant Gima reported that Plaintiff met all             "1" at 3]
of the performance factors in the PRER and                 Exhibit "3"
that Plaintiff exceeded requirements in his
"attitude towards work".

On 2/1/01, Plaintiff was promoted and in                    Exhibit "4"
a PRER dated 3/29/01, Defendant Gima noted                 Exhibit "5"
that Plaintiff "exceeds requirements" in all
performance factors.  In an Annual Performance
Evaluation Report (APER) dated 4/23/01,
Defendant Gima praised Plaintiff's performance.

Between 1/01 and 6/01, Plaintiff began noticing             Exhibit "2" at 133-34;
that Graff was performing private appraisal                 137; 141-44; 151
work during City time.  During a conversation             155-160
with Graff, Plaintiff discovered that the
private appraisal work was being performed
for Defendant Kurokawa and GK Appraisals, Inc.
("GK"), a private appraisal firm that he owned.
Graff informed Plaintiff that there was a scheme
where Defendant Kurokawa would assign work
to a former City appraiser who would then assign
the project to Graff.

While employed at the City, Defendant                       Exhibit "6" at 2, 3
Kurokawa served as the Vice-President of                   Exhibit "7"
GK and was also a shareholder in the company.

Plaintiff approached Defendant Gima about this             Exhibit "2" at 145; 148

scheme in 8/01. She informed Plaintiff that she
was unaware of Graff performing private
appraisal work for GK and suggested that Plaintiff
mind his own business.

| | |
|---|---|
| Plaintiff approached Defendant Magota and spoke to him about this scheme. Defendant Magota said that he would speak to Defendant Kurokawa about this and dissuaded Plaintiff from pursuing this matter further because it would be Plaintiff's word against the others involved. | Exhibit "2" at 151-52; 163 |
| The illegal activity did not diminish. Plaintiff sent an email to Defendant Magota on 2/15/02 outlining his concerns that it was improper for Defendant Kurokawa to instruct his employees to do work for him on private appraisal assignments during City time. | Exhibit "8" |
| Sometime in 3/02 or 4/02, Defendants Magota and Gima called Plaintiff into a meeting and reprimanded him for "coming and going as he pleased", his work schedule, for placing leave papers on Defendant Gima's desk at inappropriate times, and for asking questions that he already knew the answers to. They also commented, in a threatening manner that Plaintiff must not like his job too much | Exhibit "2" at 172-75; |
| After 2/15/02, Plaintiff became clearly aware of substantial changes in attitude towards him by supervisory and other personnel of the Assessment Division. Plaintiff experienced a numerous occurrences of retaliation and noticed that he was being treated differently and held to a different standard by Defendants Gima and Magota. Plaintiff noticed that other appraisers were given flexibility with respect to their schedules without problems but the was required to deduct the time from his timesheets. | Exhibit "2" at 192-97. [Exhibit A to Exhibit "1" at 11] |

| | |
|---|---|
| In an APER dated 4/12/02, Plaintiffs' ratings in dropped from "exceeds requirements" to merely "meets requirements". | Exhibit "9" |
| In a 8/14/02 meeting regarding Plaintiff's PRER Defendants Magota and Gima informed Plaintiff that he was "below requirements" in his job performance factor regarding attitude and that they would extend his probationary period foranother three months. Defendant Magota also addressed Plaintiff in a threatening manner. | Exhibit "10" Exhibit "2" at 198; 385-89 Exhibit "11" |
| Plaintiff met with Defendant Kurokawa On 8/15/02 and at that meeting, Defendant Kurokawa indicated that he would extend Plaintiff's probation for 3 months. | Exhibit "11" Exhibit "12" |
| Plaintiff was subsequently denied leave for scheduled medical appointments for a broken foot and kidney cancer. | Exhibit "13" |
| In a 11/22/02 meeting with Defendants Gima, and Magota, Defendant Kurokawa stated that Plaintiff owed his job to him, threatened to have Plaintiff transferred to another jurisdiction (Big Island) or threatened to allow Plaintiff to work under Defendant Magota. Immediately after that meeting, Plaintiff's union representative, Waylon Toma informed Plaintiff that Defendant Kurokawa was his friend and that he would testify against Plaintiff if the matter went to litigation. | Exhibit "2" at 199-206; 222-23. |
| Plaintiff contacted the FBI about the illegal scheme. Plaintiff contacted Chuck Totto of the City's Ethics Commission in 1/03 and filed a Formal complaint with the Ethics Commission. | Exhibit "2" at 300 VC at ¶72 |
| Graff filed a Confidential Workplace Violence Incident Report against Plaintiff. | Exhibit "14" |

Defendant Gima became aware that Plaintiff
contacting the City's Ethics Commission and
the FBI as of 1/7/03 and 1/10/03.

In a 2/5/03 meeting with Defendant                Exhibit "2" at 256-60
Magota and Gima, Plaintiff was informed that
there was a pending disciplinary action against him
for insubordination because he allegedly took
unauthorized leave in 10/02.  Plaintiff stated
that this activity constituted retaliation
against him.

In 2/03, there multiple "Confidential              Exhibit "15"
Workplace Violence Checklists" were filed
against Plaintiff.

Plaintiff suffered actual physical injury as a      Exhibit "16"
result of the retaliation, harassment, and other    VC at ¶82
actions of Defendants City, Kurokawa, Gima, and
Magota, described herein, to which Plaintiff was
subjected.  Plaintiff first sought medical treatment
for the injury inflicted upon him by Defendants
City, Kurokawa, Gima, and Magota on 1/30/03.

Plaintiff suffered actual physical                  Exhibit "17"
injury such as the inability to sleep, weight loss, VC at ¶82
lack of energy, headaches, stomach pain, joint      Exhibit "21"
pain, nausea, shortness of breath, and nightmares   Exhibit "22"
as a direct result of the harassment/retaliation,
and other actions of Defendants City, Kurokawa,
Magota, and Gima.

Plaintiff suffered severe emotional and mental      VC at ¶84
distress and injury as a direct result of the       Exhibit "17"
harassment/retaliation, and other actions of        Exhibit "21"
Defendants City, Kurokawa, Magota,                  Exhibit "22"
and Gima.

Plaintiff was advised by his physician not          VC at ¶85
to return to work and Plaintiff has not worked

at the City since 2/27/03.

| | |
|---|---|
| Plaintiff was subsequently put on leave without pay and placed on "special probation" due to a recent substandard performance evaluation. The "special probation" status had the potential of resulting in Plaintiff's discharge from his position.  Plaintiff's APER dated 4/22/03, rated his performance as "substandard". | Exhibit "18" Exhibit "19" Exhibit "20" VC at ¶91 |
| Due to the physical injuries and the emotional and mental distress that Plaintiff suffered as a direct result of the harassment/retaliation, and other actions of Defendants City, Kurokawa, Magota, and Gima, Plaintiff has not been able to work as an appraiser for the City, or in the private appraisal business. | Exhibit "22" Exhibit "2" at 56 Declaration of Philip E. English at ¶19, 21-23 Exhibit "26" Exhibit "27" |
| The loss of his employment with Defendant City has caused financial distress to Plaintiff. | Exhibit "22" Declaration of Philip E. at ¶18 |
| It is estimated that as of August 15, 2005, Plaintiff has lost wages and benefits in the amount of $834,706 due to his action of reporting the illegal use of City resources by Defendant Kurokawa | Exhibit "25" |

DATED:  Honolulu, Hawaii, May 26, 2006.

/S/ JOANNA B. K. FONG

ROGER S. MOSELEY
ALAN K. LAU
RENEE M. FURUTA
JOANNA B.K. FONG
Attorneys for Plaintiff
PHILIP E. ENGLISH