MOSELEY BIEHL TSUGAWA LAU & MUZZI
a Hawaii limited liability law company

ROGER S. MOSELEY    2060
ALAN K. LAU    3981
RENEE M. FURUTA    7593
JOANNA B.K. FONG    7764
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone: (808) 531-0490
Facsimile: (808) 534-0202
Email:  rmoseley@hilaw.us
        alau@hilaw.us
        rfuruta@hilaw.us
        jfong@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; | Civil No. 04-00108 SOM/KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S SEPARATE AND CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS MEMORANDUM IN OPPOSITION TO DEFENDANTS GARY T. KUROKAWA, ROBERT O. MAGOTA, AND ANN C. GIMA'S MOTION FOR PARTIAL DISMISSAL, OR IN THE ALTERNATIVE, MOTION FOR |

10010/3/56183

| | |
|---|---|
| DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>             Defendants. | PARTIAL SUMMARY JUDGMENT; EXHIBITS "1-27"; DECLARATION OF PHILIP E. ENGLISH; DECLARATION OF ROGER S. MOSELEY; CERTIFICATION OF JOANNA B.K. FONG; CERTIFICATE OF SERVICE<br><br>HEARING:<br>DATE:  June 15, 2006<br>TIME:  9:30 a.m.<br>JUDGE: The Honorable Kevin S.C. Chang |

**PLAINTIFF PHILIP E. ENGLISH'S SEPARATE AND CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MEMORANDUM IN OPPOSITION TO DEFENDANTS GARY T. KUROKAWA, ROBERT O. MAGOTA, AND ANN C. GIMA'S MOTION FOR PARTIAL DISMISSAL, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

Comes now Plaintiff Philip E. English (hereinafter "Plaintiff"), by and through his attorneys, Moseley Biehl Tsugawa Lau & Muzzi, submit the following statement of material facts to: (1) support his Memorandum in Opposition to Defendants Gary T. Kurokawa, Robert O. Magota, and Ann C. Gima's (collectively "Defendants") Motion for Partial Dismissal, or in the alternative, for Partial Summary Judgment, and (2) to contest the relevant facts submitted by the Defendants.

10010/3/56183                                2

Plaintiff clearly disputes Defendants' factual assertion that Plaintiff voluntarily resigned from his position with Defendant City and County of Honolulu ("Defendant City") as part of his Workers Compensation settlement with Defendant City. Plaintiff entered into the Compromise and Settlement Agreement dated January 20, 2004 under duress as he was under extreme financial strains and needed the Workers Compensation settlement money to pay for his daily living expenses and for medical care and expenses that were related to my workplace injury. See attached Declaration of Philip E. English ("English Declaration") at ¶ 18. Plaintiff also dispute Defendants' factual assertion that Plaintiff, did not apply for an appraiser position. Due to the physical, emotional, and psychological injuries that Plaintiff suffered as a result of the actions of Defendants, Plaintiff has not been able to work as a real estate appraiser with the Defendant City or in the private appraisal business. The mere thought of applying for a real estate appraiser position causes Plaintiff to get physically ill. See Exhibit "2" at 55-56; Exhibits "26-27"; English Declaration at ¶¶ 19,21-23.

Plaintiff hereby submits the following relevant material facts:

| FACTS: | EVIDENTIARY SUPPORT: |
|---|---|
| Plaintiff began employment as a Real Property Appraiser II with the City and County of Honolulu ("City") | Exhibit "23" |

| | |
|---|---|
| Defendant Gima was Plaintiff's immediate Supervisor but Defendants Magota and Kurokawa also had supervisory authority over Plaintiff in their respective positions of City Assessor and Administrator of the Real Property Assessment Division. | Plaintiff's Verified Complaint ("VC") at ¶¶7-15 |
| On or about August 3, 2000, Plaintiff was transferred to Group 2, a division supervised by Defendant Gima and included City appraiser Christopher Graff. | Exhibit "2" at 128. |
| In a Probationary Performance Evaluation Report ("PPER") dated 11/3/00, Defendant Gima reported that Plaintiff met all of the performance factors in the PRER and that Plaintiff exceeded requirements in his "attitude towards work". | Exhibit "1" ¶2-10 [Exhibit A to Exhibit "1" at 3] Exhibit "3" |
| On 2/1/01, Plaintiff was promoted and in a PRER dated 3/29/01, Defendant Gima noted that Plaintiff "exceeds requirements" in all performance factors. In an Annual Performance Evaluation Report (APER) dated 4/23/01, Defendant Gima praised Plaintiff's performance. | Exhibit "4" Exhibit "5" |
| Between 1/01 and 6/01, Plaintiff began noticing that Graff performing private appraisal work during City time. During a conversation with Graff, Plaintiff discovered that the private appraisal work was being performed for Defendant Kurokawa and GK Appraisals, Inc. ("GK"), a private appraisal firm owned by Defendant Kurokawa. Graff informed Plaintiff that there was a scheme where Defendant Kurokawa would assign work to a former City appraiser who would then assign the project to Mr. Graff. | Exhibit "2" at 133-34; 137; 141-44; 151 155-160 |
| While employed at the City, Defendant | Exhibit "6" at 2, 3 |

| | |
|---|---|
| Kurokawa served as the Vice-President of GK and also a shareholder in the company. | Exhibit "7" |
| Plaintiff approached Defendant Gima about this scheme in 8/01. She informed Plaintiff that she was unaware of Graff performing private appraisal work for GK and suggested that Plaintiff mind his own business. | Exhibit "2" at 145; 148 |
| Plaintiff approached Defendant Magota and spoke to him about this scheme. Defendant Magota said that he would speak to Defendant Kurokawa about this and dissuaded Plaintiff from pursuing this matter further because it would be Plaintiff's word against the others involved. | Exhibit "2" at 151-52; 163 |
| The illegal activity did not diminish. Plaintiff sent an email to Defendant Magota on 2/15/02 outlining his concerns that it was improper for Defendant Kurokawa to instruct City employees to do private appraisal work for him and GK during City time. | Exhibit "8" |
| Sometime in 3/02-4/02, Defendants Magota and Gima called Plaintiff into a meeting and reprimanded him for "coming and going as he pleased", his work schedule, for placing leave papers on Defendant Gima's desk at inappropriate times, and for asking questions that he already knew the answers to. They also commented, in a threatening manner, that Plaintiff must not like his job too much | Exhibit "2" at 172-75; |
| After 2/15/02, Plaintiff became clearly aware of substantial changes in attitude towards him by supervisory and other personnel of the Assessment Division. Plaintiff experienced a numerous occurrences of retaliation and noticed that he was being treated differently and held to a different standard by Defendants Gima and Magota. | Exhibit "2" at 192-97. [Exhibit A to Exhibit "1" at 11] |

| | |
|---|---|
| Plaintiff noticed that other appraisers were given flexibility with respect to their schedules without problems but the was required to deduct the time from his timesheets. | |
| In an APER dated 4/12/02, Plaintiffs' ratings in dropped from "exceeds requirements" to "meets requirements". | Exhibit "9" |
| In a 8/14/02 meeting regarding Plaintiff's PRER Defendants Magota and Gima informed Plaintiff that he was "below requirements" in his job performance factor regarding attitude and that they would extend his probationary period for another three months. Defendant Magota also addressed Plaintiff in a threatening manner. | Exhibit "10" Exhibit "2" at 198; 385-89 Exhibit "11" |
| Plaintiff met with Defendant Kurokawa On 8/15/02 and at that meeting, Defendant Kurokawa indicated that he would be extending Plaintiff's probation for 3 months. | Exhibit "11" Exhibit "12" |
| Plaintiff was subsequently denied leave for scheduled medical appointments for a broken foot and kidney cancer. | Exhibit "13" |
| In a 11/22/02 meeting with Defendants, Defendant Kurokawa stated that Plaintiff owed his job to him, threatened to transfer Plaintiff to another jurisdiction (Big Island), threatened to have Plaintiff work under Defendant Magota. Immediately after that meeting, Plaintiff's union representative, Waylon Toma informed Plaintiff that Defendant Kurokawa was his friend and that he would testifyagainst Plaintiff if the matter went to litigation. | Exhibit "2" at 199-206; 222-23. |
| Plaintiff contacted the FBI about the illegal scheme. Plaintiff contacted Chuck Totto of the City's Ethics Commission in 1/03 and filed a Formal complaint with the Ethics Commission. | Exhibit "2" at 300 VC at ¶72 |

| | |
|---|---|
| Graff filed a Confidential Workplace Violence Incident Report against Plaintiff. Defendant Gima became aware that Plaintiff contacting the City's Ethics Commission and the FBI as of 1/7/03 and 1/10/03. | Exhibit "14" |
| In a 2/5/03 meeting with Defendant Magota and Gima, Plaintiff was informed that there was a pending disciplinary action against him for insubordination because he allegedly took unauthorized leave in 10/02. Plaintiff stated that this activity constituted retaliation against him. | Exhibit "2" at 256-60 |
| In 2/03, multiple "Confidential Workplace Violence Checklists" were filed against Plaintiff. | Exhibit "15" |
| Plaintiff suffered actual physical injury as a result of the retaliation, harassment, and other actions of Defendants, described herein, to which Plaintiff was subjected. Plaintiff first sought medical treatment for the injury inflicted upon him by Defendants on 1/30/03. | Exhibit "16"<br>VC at ¶82 |
| Plaintiff suffered actual physical injury such as the inability to sleep, weight loss, lack of energy, headaches, stomach pain, joint pain, nausea, shortness of breath, and nightmares as a direct result of the harassment/retaliation, and other actions of Defendants. | Exhibit "17"<br>VC at ¶82<br>Exhibit "21"<br>Exhibit "22" |
| Plaintiff suffered severe emotional and mental distress and injury as a direct result of the harassment/retaliation, and other actions of Defendants. | VC at ¶84<br>Exhibit "17"<br>Exhibit "21"<br>Exhibit "22" |
| Plaintiff was advised by his physician not to return to work and Plaintiff has not worked at the City since 2/27/03. | VC at ¶85 |

10010/3/56183                                7

| | |
|---|---|
| Plaintiff was subsequently put on leave without pay and placed on "special probation" due to a recent substandard performance evaluation. The "special probation" status had the potential of resulting in Plaintiff's discharge from his position. Plaintiff's APER dated 4/22/03, rated his performance as "substandard". | Exhibit "18"<br>Exhibit "19"<br>Exhibit "20"<br>VC at ¶91 |
| Due to the physical injuries and the emotional and mental distress that Plaintiff suffered as a direct result of the harassment/retaliation, and other actions of Defendants, Plaintiff has not been able to work as an appraiser for the City or in the private appraisal business. | Exhibit "22"<br>Exhibit "2" at 56<br>English Declaration at ¶19, 21-23<br>Exhibit "26"<br>Exhibit "27" |
| The loss of his employment with Defendant City has caused financial distress to Plaintiff. | Exhibit "22"<br>English Declaration at ¶18 |
| It is estimated that as of August 15, 2005, Plaintiff has lost wages and benefits in the amount of $834,706 due to his action of reporting the illegal use of City resources by Defendant Kurokawa | Exhibit "25" |

DATED: Honolulu, Hawaii, May 26, 2006.

/S/ JOANNA B. K. FONG
_____
ROGER S. MOSELEY
ALAN K. LAU
RENEE M. FURUTA
JOANNA B.K. FONG
Attorneys for Plaintiff
PHILIP E. ENGLISH