# Thomas T. Ueno, CPA

844 Queen Street
Honolulu, Hawaii 96813

Fax 808 591-0813
808 591-0441
E-mail imattu@msn.com

August 15, 2005

Roger S. Moseley, Esquire
Moseley Biehl Tsugawa Lau & Muzzi
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813

RE:    Philip E. English vs City and County of Honolulu, et al.
       Civil No. 04-00108 SOM/KSC

Dear Mr. Moseley:

## OPINIONS

My opinions on matters relevant to this case and the basis and reasons for those opinions are described in Attachment A. I reserve the right to update my opinions as additional information becomes available.

## INFORMATION CONSIDERED

In preparing this report and forming the opinions expressed in Attachment A, I have considered the items of information disclosed in Attachment A-1. I have also considered my knowledge, training and professional experience as a professional accountant.

## QUALIFICATIONS

A summary of my qualifications is presented in Attachment B.

## COMPENSATION

Thomas Ueno is being compensated at our normal hourly rates for this type of work of $285 per hour to $345 per hour for deposition/testimony; manager at $225 per hour; and professional staff at $185 to $195 per hour. Our compensation is not contingent on the outcome of this litigation.

Exhibit 25

**OTHER TESTIMONY**

The cases in which Thomas T. Ueno CPA has testified as an expert at trial or by deposition within the preceding four years are listed in Attachment C.

Thomas T. Ueno, CPA

## ATTACHMENT A
Opinions

### Summary

Mr. Philip English incurred loss of earnings as a result of his bringing to light alleged wrongdoings by the City and County of Honolulu. We measured the damages as the amounts to make the plaintiff whole but for the alleged wrong. The amount necessary to make Mr. English whole with regards to lost wages and benefits is $834,706.

### Background

Mr. English has 25 years of experience in the real estate appraisal field. Mr. English was president of Philip English Associates, Inc., a Hawaii corporation that did real estate appraisal and consulting. Mr. English's corporation employed 12 appraisers and staff. Mr. English learned the appraisal industry by working for 1st Nationwide Bank and 1st Interstate Mortgage before he started his own company. Mr. English did valuations of commercial and residential properties.

Mr. English was hired by the City and County of Honolulu as a Real Property Appraiser II (SR18) on June 1, 2000. Although hired as an SR18, Mr. English had qualified for the Real Property Assessment Administrator position (EM-08).[1] During his first two years with the City, Mr. English was promoted twice (to SR20 and SR22).

According to the complaint, "In or about January of 2001, Plaintiff began to observe that one of the appraisers in Defendant GIMA's group was doing outside work during City time and using City equipment."[2] This persisted over the course of the next year, and Mr. English brought his observations to the attention of his supervisors.

As a result of this and other "incidents," on January 22, 2003 "Plaintiff caused a formal complaint to be filed with the Ethics Commission." According to the complaint, Mr. English's allegations included the following:

> a. the use of City employees, on City time, with City equipment, for outside private business;
> b. the granting of improper property tax exemptions to the Assessment Division Administrator;
> c. the rewarding of a high level supervisor for his role in keeping the theft of City time and services quiet;
> d. the retaliation against Plaintiff and the tarnishing of Plaintiff's reputation in the community because of his questioning the improper use of City personnel and equipment and because of his questioning the propriety and reliability of the methodology and systems used by the Assessment Division; and

---

[1] Letter dated April 28, 1999 from Roy Amemiya, Director of Budget and Fiscal Services
[2] Complaint page 13

e. the mailing out of assessment notices, which were known to be false, and which resulted in the collection of taxes that taxpayers do not owe, in violation of Federal mail fraud and racketeering laws.[3]

On February 27, 2003, Mr. English was advised by his physician not to return to work for the City.

**Lost Earnings**

Prior to exposing the alleged misuse of City assets, Mr. English's performance reviews consistently showed the "Meets" or "Exceeds Requirements" performance factors. Mr. English's supervisors noted on his evaluations, "Philip's work exceeds the minimum requirement of the position," and "he has a good attitude toward his work and is responsible and works well with his fellow employees. He has shown himself to be tactful and courteous in his dealings with the public."[4]

Based on his prior experience, performance reviews (prior to bringing to light any problems of the Division), promotion history, and the fact that he had already been considered "qualified" for the position by the City in 1999; Mr. English clearly had the capacity to become an administrator for the City's Real Property Assessment Division.

Since his departure from the City, Mr. English has searched for comparable alternative employment; but with little success. He has been unable to secure employment that would place him in a similar field or provide him with equivalent promotional opportunities, compensation, benefits, and working conditions. Mr. English has found it difficult to secure any type of employment; he has been forced to accept what few positions have been offered to him.

Mr. English is currently a part-time employee of Masterguard, Inc. Mr. English is a security officer earning $8.00 per hour. He works 12 hours a week. He receives almost none of the benefits he earned while employed by the City.

In order to make Mr. English whole, I computed the difference between his earnings (including benefits) at the City and his earnings as an employee of Masterguard, Inc. I assumed that Mr. English has the capacity to work at this level of employment until the date of his retirement. Mr. English informed me that of late, his current employers reduced his workload to one day per week, approximately 12 hours per day.

Back Pay

I calculated Mr. English's back pay from the date of his departure from City employment (February 28, 2003 to our calculation date of August 18, 2005). The base rate of pay was that of an SR22 (Step D) according to the salary schedule of Bargaining Unit 13 effective July 1, 2002. Mr. English would be promoted to an SR24 beginning on February 28,

---

[3] Complaint page 26-27
[4] Bates PE00568, Evaluation dated April 23, 2001

Attachment A, page 2

2004 in accordance with his historical promotion pattern. Similarly, as of February 28, 2005, Mr. English would move from a Step D to a Step E. These back pay earnings were not reduced to present value. Mr. English lost the value of benefits (that are associated with his wages) paid to him by the City such as medical insurance, retirement contribution, as well as other legally mandated benefits such as unemployment insurance.

<u>Front Pay</u>

Despite his efforts, Mr. English is unable to secure comparable (or almost any) employment outside the City. Mr. English cannot return to work for the City according to Dr. Reneau Kennedy, "I do not believe that Mr. English is able to return to his usual and customary duties in the same work place, either part-time or full time. Mr. English and people at his place of employment appear to have a damaged, if not irreparable relationship."[5]

I calculated Mr. English's loss of future earnings using the same assumptions as those described in "Back Pay" above. I assumed that Mr. English would be promoted to SR26 on February 28, 2006 and SR28 on February 28, 2008, and EM-08 on February 28, 2012.

Unlike the Back Pay, however, I reduced Mr. English's future earnings to present value using the discount rate as described below.

**Lost Benefits**

While employed by the City, Mr. English earned a full spectrum of benefits, including employer contributions to a retirement fund, a medical plan, life insurance and also those legally required benefits such as Social Security and Medicare. Mr. English earned 21 days of sick leave, 21 days of vacation time, and time off for holidays. I did not include these items in my calculation of lost benefits. Mr. English's current employer, Masterguard, Inc. does not provide for the benefits paid by the City.

I calculated the value of the lost benefits by using estimates of employer costs to provide the benefits as published by the Bureau of Labor Statistics.

**Retirement Benefits**

The City and County of Honolulu takes part in the Employees' Retirement System. As an employee for the City and County of Honolulu, Mr. English would receive a retirement package from the City. These would include a monthly pension payments and continued healthcare (medical, dental, and vision) benefits.

Mr. English was a participant in the Noncontributory Plan. I used the Employees' Retirement System online pension calculator to estimate Mr. English's pension benefit.

---

[5] Independent Psychological Evaluation, Dr. Reneau Kennedy page 22

Although Mr. English is allowed to carry forward unused sick leave days towards retirement service credit, I assumed that Mr. English would use his sick leave time as earned.

**Retirement Age**

Mr. English was 48 years of age at the time he was forced to leave his employment with the City. Based on data from the Bureau of Labor Statistics[6], Mr. English would have worked another 16.3 years, until the age of 64. I estimated a retirement date of June 13, 2019.

**Life Expectancy**

Mr. English was 48 years of age at the time he was forced to leave his employment with the City. Based on data from the Center for Disease Control, Mr. English will live another 30.2 years, until the age of 78.58.[7]

**Discount Rate**

I applied the Net Discounting Method to determine an appropriate present value discount rate. In this method, growth in wage rates (wage inflation)[8] is subtracted from the yield on a low-risk investment (United States Treasury Securities)[9] to develop a net discount rate. After the wage inflation is deducted from yield, the discount rate is reduced by the tax effect on the stream of earnings, US Treasury Securities are tax exempt at the State and Local level, but are taxable by the Internal Revenue Service. Therefore, since the stream of earnings from the securities would be taxable to Mr. English, I deducted the federal tax percentage when computing the discount rate. The stream of estimated future earnings is discounted to present value at the net discount rate.

**Tax Effect**

My research shows that the damages calculated here are subject to income tax, as such I have shown Mr. English's loss on a pre-tax basis.

**Prejudgment Interest**

Although not a part of damages, I computed the defendant's exposure related to prejudgment interest. Using the statutory rate of 10 percent on losses up to the date of this report (back pay), the prejudgment interest amount is $9,216. Per diem interest on damages incurred is $200.78.

---

[6] Worklife Estimates: Effects of Race and Education
[7] National Vital Statistics Report Vol. 52 No. 14
[8] Employment Cost Index, Bureau of Labor Statistics
[9] Economic Report of the President 2005

Exhibit 1
Summary of Damages

| | | |
|---|---|---:|
| Past Lost Earnings | $ | 91,993 |
| Past Lost Benefits | | 9,848 |
| Future Lost Earnings | | 658,879 |
| Future Lost Benefits | | 73,985 |
| | | |
| Total Earnings and Benefits Lost | **$** | **834,706** |

| Exhibit 2 | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Damage | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| Period Start | Period End | Age at Beginning of Period | Salary and Pension | Mitigating Earnings | Lost Salary and Pension | Benefits and Retirement Benefits | Mitigating Benefits | Lost Benefits | Expenses | Total Loss |
| 2/28/03 | 2/27/04 | 48.38 | 38,976 | 4,992 | 33,984 | 4,502 | 891 | 3,611 | - | 37,595 |
| 2/28/04 | 2/27/05 | 49.38 | 43,860 | 4,992 | 38,868 | 5,066 | 891 | 4,175 | - | 43,043 |
| 2/28/05 | 8/18/05 | 50.38 | 21,494 | 2,352 | 19,141 | 2,483 | 420 | 2,063 | - | 21,204 |
| Back Pay | | | 104,330 | 12,336 | 91,993 | 12,050 | 2,202 | 9,848 | - | 101,842 |
| | | | | | | | | | |
| Front Pay | | | | | | | | | |
| 8/19/05 | 2/27/06 | 50.85 | 24,118 | 2,640 | 21,479 | 2,786 | 471 | 2,314 | - | 23,793 |
| 2/28/06 | 2/27/07 | 51.38 | 49,344 | 4,992 | 44,352 | 5,699 | 891 | 4,808 | - | 49,160 |
| 2/28/07 | 2/27/08 | 52.38 | 49,344 | 4,992 | 44,352 | 5,699 | 891 | 4,808 | - | 49,160 |
| 2/29/08 | 2/27/09 | 53.38 | 55,476 | 4,992 | 50,484 | 6,407 | 891 | 5,516 | - | 56,000 |
| 2/28/09 | 2/27/10 | 54.38 | 55,476 | 4,992 | 50,484 | 6,407 | 891 | 5,516 | - | 56,000 |
| 2/28/10 | 2/27/11 | 55.38 | 55,476 | 4,992 | 50,484 | 6,407 | 891 | 5,516 | - | 56,000 |
| 2/28/11 | 2/27/12 | 56.38 | 55,476 | 4,992 | 50,484 | 6,407 | 891 | 5,516 | - | 56,000 |
| 2/29/12 | 2/27/13 | 57.38 | 68,268 | 4,992 | 63,276 | 7,885 | 891 | 6,994 | - | 70,270 |
| 2/28/13 | 2/27/14 | 58.38 | 68,268 | 4,992 | 63,276 | 7,885 | 891 | 6,994 | - | 70,270 |
| 2/28/14 | 2/27/15 | 59.38 | 68,268 | 4,992 | 63,276 | 7,885 | 891 | 6,994 | - | 70,270 |
| 2/28/15 | 2/27/16 | 60.38 | 68,268 | 4,992 | 63,276 | 7,885 | 891 | 6,994 | - | 70,270 |
| 2/29/16 | 2/27/17 | 61.39 | 68,268 | 4,992 | 63,276 | 7,885 | 891 | 6,994 | - | 70,270 |
| 2/28/17 | 2/27/18 | 62.39 | 68,268 | 4,992 | 63,276 | 7,885 | 891 | 6,994 | - | 70,270 |
| 2/28/18 | 2/27/19 | 63.39 | 68,268 | 4,992 | 63,276 | 7,885 | 891 | 6,994 | - | 70,270 |
| 2/28/19 | 2/27/20 | 64.39 | 19,919 | 1,457 | 18,463 | 4,476 | 260 | 4,216 | - | 22,679 |
| 2/29/20 | 2/27/21 | 65.39 | 16,284 | - | 16,284 | 3,048 | - | 3,048 | - | 19,332 |
| 2/28/21 | 2/27/22 | 66.39 | 16,284 | - | 16,284 | 3,048 | - | 3,048 | - | 19,332 |
| 2/28/22 | 2/27/23 | 67.39 | 16,284 | - | 16,284 | 3,048 | - | 3,048 | - | 19,332 |
| 2/28/23 | 2/27/24 | 68.39 | 16,284 | - | 16,284 | 3,048 | - | 3,048 | - | 19,332 |
| 2/29/24 | 2/27/25 | 69.39 | 16,284 | - | 16,284 | 3,048 | - | 3,048 | - | 19,332 |
| 2/28/25 | 2/27/26 | 70.39 | 16,284 | - | 16,284 | 3,048 | - | 3,048 | - | 19,332 |
| 2/28/26 | 2/27/27 | 71.39 | 16,284 | - | 16,284 | 3,048 | - | 3,048 | - | 19,332 |
| 2/28/27 | 2/27/28 | 72.39 | 16,284 | - | 16,284 | 3,048 | - | 3,048 | - | 19,332 |
| 2/29/28 | 2/27/29 | 73.39 | 16,284 | - | 16,284 | 3,048 | - | 3,048 | - | 19,332 |
| 2/28/29 | 2/27/30 | 74.39 | 16,284 | - | 16,284 | 3,048 | - | 3,048 | - | 19,332 |
| 2/28/30 | 2/27/31 | 75.39 | 16,284 | - | 16,284 | 3,048 | - | 3,048 | - | 19,332 |
| 2/28/31 | 2/27/32 | 76.39 | 16,284 | - | 16,284 | 3,048 | - | 3,048 | - | 19,332 |
| 2/29/32 | 2/27/33 | 77.40 | 16,284 | - | 16,284 | 3,048 | - | 3,048 | - | 19,332 |
| 2/28/33 | 5/4/33 | 78.40 | 2,945 | - | 2,945 | 551 | - | 551 | - | 3,496 |
| Total | | | 1,057,142 | 68,992 | 988,150 | 139,660 | 12,315 | 127,345 | - | 1,115,495 |
| NPV | | | 718,260 | 59,381 | 658,879 | 84,585 | 10,599 | 73,985 | - | 732,864 |

Exhibit 3
Benefits

| | C&C | Mitigating |
|---|---|---|
| Health Insurance | 6.2% | 0.0% |
| Life Insurance | 0.1% | 0.0% |
| Short Term Disability | 0.1% | 0.1% |
| Long Term Disability | 0.1% | 0.1% |
| Retirement | 0.0% | 0.0% |
| FICA | 6.2% | 6.2% |
| Medicare | 1.5% | 1.5% |
| Federal Unemployment | 0.1% | 0.1% |
| State Unemployment | 0.7% | 0.7% |
| Workers' Compensation | 2.9% | 2.9% |
| Totals | 17.9% | 11.6% |

Exhibit 4
Retirement Benefits

| | |
|---|---:|
| Monthly Pension Payment | 1,357 |
| Number of Months | 12 |
| Total Yearly Pension  Contribution | 16,284 |

| | |
|---|---:|
| Monthly Health Insurance Contribution | 254 |
| Number of Months | 12 |
| Total Yearly Health Insurance Contribution | 3,048 |

Exhibit 5
Discount Rate

## U.S. Treasury Securities

| year | | 3 month | 6 month | 3 year | 10 year | | ECI |
|------|------|---------|---------|--------|---------|---|-----|
| | 1960 | 2.928 | 3.247 | 3.98 | 4.12 | | |
| | 1961 | 2.378 | 2.605 | 3.54 | 3.88 | | |
| | 1962 | 2.778 | 2.908 | 3.47 | 3.95 | | |
| | 1963 | 3.157 | 3.253 | 3.67 | 4.00 | | |
| | 1964 | 3.549 | 3.686 | 4.03 | 4.19 | | |
| | 1965 | 3.954 | 4.055 | 4.22 | 4.28 | | |
| | 1966 | 4.881 | 5.082 | 5.23 | 4.92 | | |
| | 1967 | 4.321 | 4.63 | 5.03 | 5.07 | | |
| | 1968 | 5.339 | 5.47 | 5.68 | 5.65 | | |
| | 1969 | 6.677 | 6.853 | 7.02 | 6.67 | | |
| | 1970 | 6.458 | 6.562 | 7.29 | 7.35 | | |
| | 1971 | 4.348 | 4.511 | 5.65 | 6.16 | | |
| | 1972 | 4.071 | 4.466 | 5.72 | 6.21 | | |
| | 1973 | 7.041 | 7.178 | 6.95 | 6.84 | | |
| | 1974 | 7.886 | 7.926 | 7.82 | 7.56 | | |
| | 1975 | 5.838 | 6.122 | 7.49 | 7.99 | | |
| | 1976 | 4.989 | 5.266 | 6.77 | 7.61 | | |
| | 1977 | 5.265 | 5.51 | 6.69 | 7.42 | | |
| | 1978 | 7.221 | 7.752 | 8.29 | 8.41 | | |
| | 1979 | 10.041 | 10.017 | 9.71 | 9.44 | | |
| | 1980 | 11.506 | 11.374 | 11.55 | 11.46 | | |
| | 1981 | 14.029 | 13.776 | 14.44 | 13.91 | | |
| | 1982 | 10.686 | 11.084 | 12.92 | 13.00 | | 6.6 |
| | 1983 | 8.63 | 8.75 | 10.45 | 11.10 | | 5.3 |
| | 1984 | 9.58 | 9.8 | 11.89 | 12.44 | | 6.2 |
| | 1985 | 7.48 | 7.66 | 9.64 | 10.62 | | 5.7 |
| | 1986 | 5.98 | 6.03 | 7.06 | 7.68 | | 5.5 |
| | 1987 | 5.82 | 6.05 | 7.68 | 8.39 | | 4.6 |
| | 1988 | 6.69 | 6.92 | 8.26 | 8.85 | | 5.0 |
| | 1989 | 8.12 | 8.04 | 8.55 | 8.49 | | 5.5 |
| | 1990 | 7.51 | 7.47 | 8.26 | 8.55 | | 5.5 |
| | 1991 | 5.42 | 5.49 | 6.82 | 7.86 | | 3.3 |
| | 1992 | 3.45 | 3.57 | 5.3 | 7.01 | | 3.0 |
| | 1993 | 3.02 | 3.14 | 4.44 | 5.87 | | 2.6 |
| | 1994 | 4.29 | 4.66 | 6.27 | 7.09 | | 3.1 |
| | 1995 | 5.51 | 5.59 | 6.25 | 6.57 | | 3.1 |
| | 1996 | 5.02 | 5.09 | 5.99 | 6.44 | | 2.9 |
| | 1997 | 5.07 | 5.18 | 6.1 | 6.35 | | 2.6 |
| | 1998 | 4.81 | 4.85 | 5.14 | 5.26 | | 3.0 |
| | 1999 | 4.66 | 4.76 | 5.49 | 5.65 | | 3.5 |
| | 2000 | 5.85 | 5.92 | 6.22 | 6.03 | | 3.2 |
| | 2001 | 3.45 | 3.39 | 4.09 | 5.02 | | 3.6 |
| | 2002 | 1.62 | 1.69 | 3.1 | 4.61 | | 3.3 |
| | 2003 | 1.02 | 1.06 | 2.1 | 4.01 | | 2.1 |
| | 2004 | 1.38 | 1.58 | 2.78 | 4.27 | | 4.1 |
| | | | | | Average | 6.28 | |

| Discount Rate | | Wage inflation for tax |
|---------------|-------|------------------------|
| Risk Free Rate of Return | 6.28% | |
| Employment Cost Index | 4.05% | 4.05% |
| Gross Discount Rate | 2.23% | |
| Federal Tax Percentage | 12.01% | |
| Net Discount Rate | 1.96% | |

Exhibit 6
Worklife and Life Expectancy

| | |
|---|---|
| DOB | 10/26/54 |
| Date of Injury | 2/28/03 |
| Age at Date of Injury | 48.38 |
| | |
| Worklife Remaining | 16.3 |
| | |
| Estimated Date of Retirement | 6/13/19 |
| Estimated Age | 64.68 |

Life Expectancy

| | |
|---|---|
| Years remaining at age 48 | 30.2 |
| Estimated Date of Death | 5/4/33 |
| Age at Date of Death | 78.58 |

Years of Service for the City

| | |
|---|---|
| Date of Hire | 6/1/00 |
| Estimated Date of Retirement | 6/13/19 |
| Total Years of Service | 19.05 |

Exhibit 7
Prejudgment Interest

| Period Start | Period End | Age at Beginning of Period | Salary and Pension | Mitigating Earnings | Lost Salary and Pension | Benefits and Retirement Benefits | Mitigating Benefits | Lost Benefits | Expenses | Total Loss |
|---|---|---|---|---|---|---|---|---|---|---|
| 2/28/03 | 2/27/04 | 48.38 | 38,976 | 4,992 | 33,984 | 4,502 | 891 | 3,611 | - | 37,595 |
| 2/28/04 | 2/27/05 | 49.38 | 43,860 | 4,992 | 38,868 | 5,066 | 891 | 4,175 | - | 43,043 |
| 2/28/05 | 8/18/05 | 50.38 | 21,494 | 2,352 | 19,141 | 2,483 | 420 | 2,063 | - | 21,204 |
| | | | 104,330 | 12,336 | 91,993 | 12,050 | 2,202 | 9,848 | - | 101,842 |

| | |
|---|---|
| Interest Rate | 1/0/00 |
| Date of Report | 8/18/05 |

| | | Interest Owed |
|---|---|---|
| Interim Dates | 2/28/03 | |
| | 8/29/03 | 3,705 |
| | 2/28/04 | 2,766 |
| | 8/28/04 | 2,090 |
| | 2/27/05 | 1,014 |
| | 8/18/05 | 9,575 |

**ATTACHMENT A-1**
Information Considered


Worklife Estimates:  Effects of Race and Education, U.S. Department of Labor
Economic Report of the President 2005
Retirement Benefit Information Booklet for State and County Employees
National Vital Statistics Report Vol. 52 No. 14
Complaint
HGEA Contract Agreement July 1, 1999 - June 30, 2003
Independent Psychological Evaluation - Dr. Reneau Kennedy
Performance Reviews of Philip English


Various Employment Records - including Letter dated 4/28/1999, Appraiser Examination Results, Job Applications
State and Federal Tax Returns of Philip English


"Employer Costs for Employee Compensation for the Regions - December 2004" United States Department of Labor
Employment Cost Index - Bureau of Labor Statistics
State of Hawaii Employees' Retirement System - Retirement Benefits Estimate Calculator
City and County of Honolulu Compensation Schedule - Excluded Managerial, July 1, 2002
Real Property Assessment Administrator - Class Specification

**ATTACHMENT B**
Qualifications

## Thomas T. Ueno

Mr. Ueno, principal of Thomas T. Ueno CPA, is a Certified Public Accountant and a Certified Forensic Accountant. He is a management consultant who provides litigation support services to attorneys in Hawaii and the mainland since 1981. His work involves forensic accounting and damage analyses. He analyzes and scrutinizes business transactions, financial statements, audit reports, tax returns and financial reports, utilizing his audit, business management, and litigation support experience and professional accounting training.

Mr. Ueno has over 25 years of litigation support experience. He has given numerous depositions and has testified as an expert witness in our courts. He has been accepted as an expert witness in financial and accounting matters in superior, district, circuit, and family courts in Hawaii and California. He has worked with plaintiffs' and defendants' attorneys on commercial litigation and on personal injury matters. He worked on matters involving professional malpractice, business interruption and destruction, wrongful death, and loss of future employment income. Other areas he as worked on include fraud investigations, conspiracies, bankruptcies, and contract disputes. He has served as mediator and arbitrator for assignments from the American Arbitration Association. He draws on his accounting and auditing background and his 20 years of experience in the litigation area in performing his forensic accounting work in matters involving fraud, embezzlements and accounting issues.

Mr. Ueno also provides business valuation and business development services. He has helped Hawaii companies for over 35 years and understands the management and financial challenges of running a business. He analyzes businesses and works with owners in developing their strategic and business plans and secure financing. He helps turn around ailing businesses. He analyzes business and economic information and relates its potential impact to a business.

Mr. Ueno gained a breath of experience with key industries in Hawaii including government, not-for-profits, health care, hotels, retail and wholesale, banking, legal and other professional services, real estate development, agriculture, restaurants, and travel and hospitality. He has worked with businesses ranging from the closely held businesses to the Fortune 500 companies.

Descriptions of some of Mr. Ueno's relevant litigation support experiences are as follows:

- <u>Asset Finding</u> – Detail tracing of cash from billings to collections, payments, and cancelled checks and bank statements. Analyzed aging reports, shareholder loan transactions, billings, and capital transactions. Reviewed loan applications and exhibits. Tracked the flows of cash received and

disbursed for certain officers.  Traced inter-company transfers, payments of personal expenses, and deposits to personal bank accounts. Reviewed bank reconciliations and cancelled checks and agreed deposits and withdrawals with the accounting records.

-    <u>Lost Profits Analysis</u> - Conducted a detailed analysis of the company's historical financial performance; assessed its financial, management, and other resources; reviewed business plans; and estimated the company's projected revenues, direct costs, and gross margins.  Reviewed and analyzed the company's historical cash flows and the assumptions for its cash flow projections.  Analyzed direct expenses to determine the expenses directly related to the generation of projected revenues.  Calculated the present value of the future lost profits and calculated the interest on lost profits incurred for the period from the date of the incident to the trial date.

-    <u>Lost Earnings</u> – reviewed tax returns and earnings statements of the deceased to estimate the lost earnings capacity.  Researched remaining work life and estimated life expectancy.  Researched expected wages and benefits for the deceased.  Calculated the income tax effects and lost of household services.  Determined appropriate present value discount rate and present valued the losses to the date of our report.

-    <u>Reconstruction of Financial Records</u> - Developed complete sets of receipts and disbursement journals, general ledgers, and financial statements from available documents.  Prepared comparative financial statements and tax return information to show historical trends.   Identified missing records through reconciliation with external records such as bank statements, loan applications, and tax returns.

-    <u>Business Valuations</u> - Estimated the fair market value of businesses based on our review of their historical financial performance, review of their business plans, review of assets and liabilities, assessment of the contingent liabilities, review of management, and analysis of the future economic trends.  Used valuation methods such as the discounted cash flow, present value of projected earnings, and net asset value.

-    <u>Internal Control Review</u> - Reviewed the internal controls in a company to identify specific areas of weaknesses that may contribute losses from the alleged incident.  Mapped the flow of key document handling and approvals to identify the key people.  Ascertained that the auditors properly followed generally accepted auditing standards in communicating material weaknesses and other internal control issues to the client.

-    <u>Adherence to Generally Accepted Accounted Principles</u> - Reviewed the financial statements to ensure that they are presented in accordance with GAAP and that the proper disclosures are made in the statements and

accompanying notes.

- <u>Adherence to Generally Accepted Auditing Standards</u> - Reviewed the audit work performed by CPAs to ascertain whether it was performed in accordance with the auditing standards of the AICPA.

Mr. Ueno is a Diplomat of American College of Forensic Examiners (ACFE) and a director of the Association of Certified Fraud Examiners (Hawaii Chapter).

Prior to starting his own firm, Mr. Ueno was the partner-in-charge of Grant Thornton's management consulting department in Honolulu where he directed the firm's litigation support practice and served as an expert witness and consultant. He served as the firm's liaison for its management consulting operations with the Grant Thornton International Asia-Pacific operations. He also served on the firm's national government services committee.

Mr. Ueno earned his BBA in accounting and his MBA from the University of Hawaii. He served on the strategic planning and visioning committees of the American Institute of Certified Public Accountants and is the past president of the Hawaii Society of CPAs. He served as a member of council of the AICPA. He is a charter member of the AICPA's Group of 100, a prestigious cross functional group of nationally prominent, forward-thinking CPAs.

Attachment B, page 3

## ATTACHMENT C
Other Testimony

The following are the matters on which I provided a report and/or deposition testimony within the last four years.

| Case | Number & Venue |
|------|----------------|
| Abaya v Mantell | State of Hawaii, First Circuit Court |
| Alan Park v. GEICO, et al | Civil No 02-1-1093-05 RWP; State of Hawaii, First Circuit Court |
| Allen Guastavino v Watkins-Johnson Company | CV 788289; Superior Court CA, Santa Clara |
| AOAO The Twin Towers v Fidelity Management Inc | Civil No 01-1-1948-06 (EEH); State of Hawaii, First Circuit Court |
| Bar-B-Q & Things, Jaron's Restaurant & Zia's Café v. C&C of Honolulu | Civil No 00-1-2547-08; State of Hawaii, First Circuit Court |
| Bay Area 2nd Mom v Qwest | |
| California Discount Tire; Maui Carpet & Drapery; Russ' California Discount | |
| Carlson | Civil No. 99-0014 DAE ; US District Court, District of Hawaii |
| City Bank v UBS Paine Webber, Inc and Christina M. Li | Civil No. 01-00827 SOM-LEK; State of Hawaii, First Circuit Court |
| Commercial Truck  & Lift Center, Inc. | |
| Danny Lowrey v. Paul Takeda, et al | Civil No. 00-1-3152-10; State of Hawaii, First Circuit Court |
| David Ashmore et al v Poipu Resort Partners et al | Civil No. 98-5257-12; |
| David Kaplan v. Y-Bron Hawaii Incorporated dba Fantasy Restaurant and Evergreen Restaurant. Hoa an Nguyen, and Doe defendants | Civil No. 95-0136-01; State of Hawaii, First Circuit Court |
| Doran et al v Aus et al | CV00-00386 SPK KSC; State of Hawaii, Second Circuit Court |
| Dotson v Roscoe Moss Hawaii | Civil No. 01-1-0628(3); State of Hawaii, First Circuit Court |

Easterday v. Fireman's Fund

| | |
|---|---|
| Edward Au vs Hajalee, Inc. dba Highway Supermarket | Civil No. 99-2750-07; State of Hawaii, First Circuit Court |
| Finance Enterprises, Ltd. v. John Doe | Civil No. 98-5316-12EEH; State of Hawaii, First Circuit Court |
| Fong v Cliff Enterprises, et al | Civil No. 02-1-2007-08; State of Hawaii, First Circuit Court |
| Gary Edwards MD, Inc. dba Honolulu Eye Clinic v Ohata Chun Yuen LLP | Civil No 03-1-1395-07 (RWP); State of Hawaii, First Circuit Court |
| Gilbert Wizman v. Star Market | Civil No. 02-1-1406-06; State of Hawaii, First Circuit Court |
| Godinet v Godinet | |
| Hawaii Helicopters Inc v. Helicopter Consultants of Maui Inc. et al | Civil No. CV01-00113 SPK LEK; State of Hawaii, Second Circuit Court |
| Hawaii Island Escrow et al v. Fagundes | Civil No. 02-1-0220 (K); State of Hawaii, First Circuit Court |
| Hawaii Microfilm Services v. Shin | State of Hawaii, First Circuit Court |
| Hilo Fish Company Inc v Hawaii International Seafood | Civil No. 00-00185 HG FIY; State of Hawaii, Third Circuit Court |
| Hilo Fish Company, Inc. vs American Insurance Agency, et.al. | Civil No.3C99-0-000289; State of Hawaii, Third Circuit Court |
| Hilton Hawaiian Village v. Kerr Pacific, et al. | Civil No. 98-4315-10 (KNB); State of Hawaii, First Circuit Court |
| Himuro v. Nakamoto | Civil No. 99-1650-04; State of Hawaii, First Circuit Court |
| Ikeda v. Koichiro Ushirubo | Civil No. 98-4422-10; State of Hawaii, First Circuit Court |
| IKON Office Solutions v. Printer's Pride Inc | Civil No. 98-4269-09; State of Hawaii, First Circuit Court |
| Investors Equity Life Insurance Company of Hawaii Ltd. V Ernst & Young | |

| | |
|---|---|
| Jean Michael Pourny v. Miyake Concrete Accessories Inc | Civil No. 99-00265; State of Hawaii, Second Circuit Court |
| Jeffery Trinh v The Gap | Civil No. 378-AO-0290; State of Hawaii, First Circuit Court |
| Long & Melone, Ltd. vs. North Kona Development Corp. | Civil No. 97-00879; State of Hawaii Circuit Court, Third Circuit |
| Long & Melone, Ltd. vs. North Kona Development Corp. | No. 1CC92-0-002880; U.S. District Court, District of Hawaii |
| Loveland Academy LLC v Patricia Hamamoto, DOE, et al | Civil No. 02-00693; US District Court for District of Hawaii |
| Nobuaki Yamaguchi v. Y-S- (Hawaii) Inc., et al | Civil No. 98-3020-06; State of Hawaii Circuit Court, First Circuit |
| OCM Real Estate Opportunities Fund A, LP et al v Bill D. Mills et al | Civil No. 99-00781; State of Hawaii Circuit Court, First Circuit |
| OTM v. State of Hawaii, Department of Transportation | Civil No. 96-0404-01; State of Hawaii, First Circuit Court |
| Pancakes of Hawaii v. Sofos Realty Corp., et al | Civil No. 91-0856(2); State of Hawaii, Second Circuit Court |
| Ralph Callender, M.D. v. Kaanapali Beach Hotel, Ltd | Civil No. 2C99-0468(2); State of Hawaii, Second Circuit Court |
| Roy Lee Compton (minor) et al v American Honda Motor Company, Angello's All Terrain & Towing et al | CV 011149; Superior Court CA, San Luis Obispo |
| Roy Takatsuki, dba Roy Takatsuki Construction v. Association of Apartment Owners of Poipu Shores; Castle Resorts & Hotels, Inc. et al | Civil No. 00-01-0116; State of Hawaii, Fifth Circuit Court |
| Russell Toshio Yamane v O&Y Inc., et al | |
| Ruth Koga and Standard Sales vs Ikazaki et al. | No. 95-3573-10(VSM); State of Hawaii Circuit Court, First Circuit |
| Sasakura vs Aaron Yoo | CV02 00565 HG-KSC; US District Court for District of Hawaii |
| Shane K. Makaiau v AIG Hawaii | Civil No. 01-1-3550-12 DDD; State of Hawaii, First Circuit Court |

Attachment C-Page 3

| | |
|---|---|
| Sophronia Josselin vs Jean Marie Josselin | FC-D No. 00-1-1443; Family Court of the First Circuit, State of Hawaii |

Spring Patents

| | |
|---|---|
| Stanford Carr Development Corp et al v Unity House Incorporated et al | CV 99-1781-05 VLC; State of Hawaii, First Circuit Court |
| Wayne C. Metcalf II as Liquidator of Investors Equity Life Insurance Company of Hawaii, Ltd. v. Ernst & Young | Civil No. 1CC96-0-1275; State of Hawaii Circuit Court, First Circuit |
| Wayne C. Metcalf, III v. Henry Akiu, Jr. et al. and Henry Akiu Jr. et al. v. Peter Po Sang Wong, et al. and Mark Hopkins v. Peter Po Sang Wong, et al. | Civil No. 97-5273-12; Civil No. 99-4504-12; State of Hawaii Circuit Court, First Circuit |
| Weaver v. Buck | Civil No. 01-1-00129; State of Hawaii Circuit Court, First Circuit |
| Whitey's Boat Cruises et al v. State of Hawaii | Civil No. 97-0139; State of Hawaii Circuit Court, First Circuit |
| Yuen v Liberty Mutal Group | Arbitration |