00000159.WPD
KAWASHIMA LORUSSO & TOM LLP

JAMES KAWASHIMA      #1145-0
MICHAEL A. LORUSSO   #3448-0
CARTER K. SIU        #7313-0
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Telephone:   (808)275-0371
Facsimile:   (808)275-0399
Email Address: mlorusso@kltlaw.com

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA, ROBERT O. MAGOTA,
and ANN C. GIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>    Defendants. | ) CIVIL NO. CV04-00108 SOM/KSC<br>)<br>) DEFENDANTS GARY T. KUROKAWA,<br>) ROBERT O. MAGOTA, and ANN C.<br>) GIMA'S **REPLY MEMORANDUM** IN<br>) SUPPORT OF THEIR MOTION FOR<br>) PARTIAL DISMISSAL, OR IN THE<br>) ALTERNATIVE, MOTION FOR PARTIAL<br>) SUMMARY JUDGMENT, FILED<br>) 05/03/06; DECLARATION OF<br>) MICHAEL A. LORUSSO; EXHIBITS<br>) "C" - "D;" CERTIFICATE OF<br>) SERVICE<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS GARY T. KUROKAWA, ROBERT O. MAGOTA, and
ANN C. GIMA'S REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR PARTIAL DISMISSAL, OR IN THE ALTERNATIVE,
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT, FILED 05/03/06</u>**

    Come now Defendants GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA (collectively "Defendants"), by and through their

attorneys, KAWASHIMA LORUSSO & TOM LLP, and hereby submits the following Reply Memorandum in support of their Motion for Partial Dismissal, or in the Alternative, for Summary Judgment filed herein on 05/03/06 for this Court's review and consideration.

I.  **ARGUMENT**

   A.  **PLAINTIFF FAILED TO COMPLY WITH RULE 8(a)(2), FEDERAL RULES OF CIVIL PROCEDURE**

The Federal Rules of Civil Procedure ("FRCP"), Rule 8(a)(2) requires each plaintiff to set forth a short and plain statement of his/her claim. It also requires each plaintiff to state the essential elements of each claim; as explained by the Ninth Circuit Court of Appeals:

> A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Accordingly, <u>a pleading must 'give fair notice and state the elements of the claim plainly and succinctly.'</u>

<u>Jones v. Community Redevelopment Agency of the City of Los Angeles</u>, 733 F.2d 646, 649 (9th Cir. 1984)(internal citations omitted)(emphasis added); see also <u>Bautista v. Los Angeles County</u>, 216 F.3d 837 (9th Cir. 2000)(To comply with Rule 8, a plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim <u>and the elements of the prima facie case</u>"); <u>Sherez v. State of Hawai'i, Dept. Of Education</u>, 396 F.Supp.2d 1138 (D.Haw. 2005)(Court dismissed claim for IIED

because plaintiff failed to allege two essential elements to the claim).

> The reason for these requirements is simple:
>
> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

Bautista, 216 F.3d at 841 (citing Anderson v. District Bd. Of Trustees, 77 F.3d 364, 367 (11th Cir. 1996)).

Here, and notwithstanding the clear and concise standard set forth by the decade-old Hawai'i Supreme Court decision of Weinberg v. Mauch, 78 Hawai'i 40, 890 P.2d 277 (1995), Plaintiff failed to set forth all elements that comprise a claim of "tortious interference with contractual relations."

Likewise, Plaintiff failed to set forth all the elements of a "tortious interference with prospective business advantage" claim even though the Hawai'i Supreme Court specified the elements in its 1999 decision of Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transportation Co., Inc., 91 Hawai'i 224, 982 P.2d 853 (1999).

Simply put, Plaintiff has not come forward with any explanation why the elements of "tortious interference with contractual relations" and "tortious interference with prospective business advantage" were not set forth in either the original Complaint and/or the First Amended Complaint. These

deficiencies are more than just mere "semantics" and are violations of long-established rules and precedent in this jurisdiction; on that basis, Counts IX and X must be dismissed.

    **B.    PLAINTIFF FAILED TO PLEAD FACTS SUPPORTING ITS ALLEGED CLAIM OF "TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS"**

Assuming, *arguendo*, that Plaintiff stated all essential elements of a claim for tortious interference with contractual relations ("TICR"), which Defendants deny, Plaintiff has still failed to cite to any portion of his First Amended Complaint for "factual" support for such a claim.

In his memorandum in opposition, Plaintiff claims that Defendants induced the Defendant City to breach its employment contract with Plaintiff.  See Plaintiff's Memorandum in Opposition at pg. 5, ¶ 4.  Defendants, however, could not locate any such allegation in the forty-nine (49) pages that comprise the First Amended Complaint.  Notably, Plaintiff has not cited to a specific paragraph in the First Amended Complaint where he claims a breach of contract.

Moreover, Plaintiff failed to allege facts that Defendants induced a <u>third party</u> (other than Defendant CITY) to breach the employment contract with Plaintiff.  Here, because Plaintiff alleged that "each of the individual Defendants was acting within the scope of his or her employment with [Defendant] CITY," (see ¶6 of the First Amended Complaint), the Defendants

and Defendant CITY are one in the same for purposes of the TICR claim. As this Court recognized:

> An agent acting legitimately within the scope of his authority cannot be held liable for interfering with or inducing his principal to breach a contract between his principal and a third party, because to hold him liable would be, in effect, to hold the corporation liable in tort for breaching its own contract.

Mroz v. Hoaloha Na Eha, Inc., 410 F.Supp.2d 919, 937-38 (D.Haw. 2005); see also Haigh v. Matsushita Electric Corp. Of America, 676 F.Supp. 1332 (E.D.Vir. 1987).

It is evident that Plaintiff failed to allege necessary facts to support a valid TICR claim; therefore, Defendants request that Count IX of the First Amended Complaint be dismissed with prejudice. To the extent that Plaintiff does not allege that Defendants acted <u>outside</u> the scope of their employment at any time, the claims against Defendants in their individual capacities should be dismissed as well.

### C. PLAINTIFF'S DECLARATION IS IMPROPER AND SUBMITTED IN BAD FAITH

Plaintiff has for the first time stated that the Workers Compensation settlement agreement with Defendant CITY was signed under duress. See ¶ 18 of Plaintiff Philip English's Declaration. This is in stark contrast to his deposition testimony of September 30, 2005, wherein he testified under oath that he <u>did not sign the settlement agreement under duress</u>:

> Q: With regard to Exhibit 1, based upon paragraph No. Number 11, would you agree me that you signed a document that indicated that you voluntarily quit,

> resigned and terminated your employment with the City?
>
> A:  Based on No. 11?
>
> Q:  Yes, based on paragraph 11.
>
> A:  In context of the entire document, it's telling me, the way I read it, is that the only way this agreement will go forward is if I voluntarily sign this.
>
> **Q:  Are you saying that you signed Exhibit 1 under duress?**
>
> **A:  No. I'm saying that the only way that they would agree to it is if I agreed to resign.**

See Exhibit "C," Deposition Testimony of Philip English, dated September 30, 2005, pg. 63, line 24 - pg. 64, line 11.

After his deposition, Plaintiff was given the opportunity to correct any mistakes or misstatements that he may have made during his deposition; while he made numerous corrections to his testimony, Plaintiff did not believe it was necessary to change his testimony that he did not sign the settlement agreement under duress. See Exhibit "D," Correction Sheet, signed by Philip English on 11/04/05.

The only conclusion that can be drawn at this stage of the case is that the declaration was filed in bad faith in order to further delay the proceedings. See Rule 56(g), Federal Rules of Civil Procedure.

Aside from Plaintiff's self-serving declaration, he has still not alleged nor can he establish that there was a breach of

the employment contract between Plaintiff and Defendant CITY. Therefore, Plaintiff still cannot satisfy the most essential element of a claim for TICR.

### D. THE VALIDITY OF THE SETTLEMENT AGREEMENT IS NOT AT ISSUE IN THIS CASE

Plaintiff claims for the first time that it was illegal for Defendant CITY to enter into settlement agreement as it violated HRS § 378-32. This court, however, is not the proper forum for Plaintiff to articulate his grievance over the validity of the settlement agreement, especially since there is no such allegation in the Complaint and First Amended Complaint.

Defendants note that Plaintiff's current counsel represented Plaintiff in the underlying workers compensation claim and participated in the negotiation of the settlement agreement. Plaintiff cannot now, after enjoying the financial benefits of the settlement agreement, complain that the settlement agreement is invalid for the sole purpose of advancing his claims in the current law suit.

### E. PLAINTIFF PRESENTED NO FACTS TO SUBSTANTIATE HIS ALLEGED CLAIM OF TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

It was incumbent upon Plaintiff to come forward with admissible evidence substantiating his claim of tortious interference with contractual relations. Plaintiff's concise statement of facts, however, has nothing to do with his TICR claim and is instead geared towards substantiating his

whistleblowers claim, which is not at issue in this motion. The exhibits also have nothing to do with the present TICR claim and have been attached for an ulterior and/or improper purpose. On that basis, Defendants request that Plaintiff's Concise Statement and the exhibits attached thereto be stricken and otherwise expunged from the Court's record.

Significantly, there are no facts substantiating that a third-party was involved, that Defendants acted intentionally to breach the contract, and that there was a breach of a contract with Defendant CITY.

Based on the foregoing, Defendants request that summary judgment be entered in their favor on Count IV of Plaintiff's First Amended Complaint and that Plaintiff's concise statement of facts and attached exhibits 1 - 27 be stricken from the record.

### F. PLAINTIFF HAS FAILED TO PLEAD FACTS SUPPORTING HIS ALLEGED CLAIM OF TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

Assuming, *arguendo*, that Plaintiff stated all essential elements of a claim for tortious interference with prospective business advantage, which Defendants deny, Plaintiff has still failed to cite to the First Amended Complaint for support of this claim.

As Defendants emphasized in their moving papers, Plaintiff was required to allege facts substantiating the existence of prospective advantage with a third party. As this court recognized in Mroz, supra:

> The tort of tortious interference with prospective economic advantage requires that the plaintiff prove that <u>a valid business relationship or prospective advantage or expectancy existed between the plaintiff and a third party</u> such that there is a 'reasonable probability of it maturing into a future economic benefit to the plaintiff.'

<u>Mroz</u>, 410 F.Supp.2d at 937 (emphasis added).

Here, however, Plaintiff has never alleged that there was a prospective business advantage of expectancy with a <u>third party.</u> See <u>Mroz</u>, <u>supra</u>. The only allegation is that there was some additional economic advantage to be gained in the private real estate profession. At no time has Plaintiff ever named the third party or alleged that he and a third party discussed the possibility of Plaintiff leaving Defendant CITY for a position with the third party. Short of that, Plaintiff's bare allegations of economic advantage are speculative and devoid of any factual and legal support. See <u>Conkle v. Jeong</u>, 853 F.Supp. 1160, 1170 (N.D.Cal. 1994)(Summary judgment proper where plaintiff failed to identify any relationship between herself and a third party containing a probability of future economic benefit and that speculation was not enough).

Plaintiff also cannot look to Defendant CITY to be the third party for the exact same reasons why the TICR claim against Defendants fail – Defendants, acting within the scope of their employment with Defendant CITY cannot be liable for claims of interference. <u>Mroz</u> at pgs. 937 - 938.

Instead of citing to his First Amended Complaint for support, which is what is required on a motion to dismiss, Plaintiff provides and cites to various irrelevant and inadmissible evidence for the proposition that his reputation has been damaged. Unfortunately, Plaintiff's alleged damaged reputation (which finds no support in the record other than inadmissible hearsay evidence) is not an element of a claim for tortious interference with prospective business advantage.

Based on the foregoing, Defendants request that Count X of the First Amended Complaint be dismissed with prejudice. To the extent that Plaintiff does not allege that Defendants acted outside the scope of their employment at any time, the claims against Defendants in their individual capacities should be dismissed as well.

G. **PLAINTIFF PRESENTED NO FACTS TO SUBSTANTIATE HIS ALLEGED CLAIM OF "TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE"**

In opposing a motion for summary judgment, it was incumbent upon Plaintiff to come forward with admissible evidence substantiating his claim of tortious interference with prospective business advantage. Plaintiff's concise statement of facts, however, has nothing to do with his claim for tortious interference with prospective business advantage and is instead geared towards substantiating his whistleblowers claim, which is not at issue in this motion. The exhibits also have nothing to do with the present claim and are attached for an ulterior and/or

improper purpose. On that basis, Defendants request that Plaintiff's Concise Statement and the exhibits attached thereto be stricken and/or expunged from the record.

Defendants point out that the only argument that Plaintiff sets forth is that his reputation is allegedly damaged. This argument is flawed and is based on inadmissible hearsay and/or unauthenticated and inadmissible evidence. Moreover, damage to one's reputation is not an element of a tortious interference with prospective business advantage.

Because Plaintiff has not upheld his burden by producing admissible and credible evidence supporting a claim for tortious interference with prospective business advantage, Defendants submit that summary judgment should enter in their favor on Count X of Plaintiff's First Amended Complaint.

### H. PLAINTIFF'S MEMORANDUM IN OPPOSITION IS BASED ON UNAUTHENTICATED AND HEARSAY EVIDENCE

In ruling on a motion for summary judgment, a trial court can only consider admissible evidence. <u>Orr v. Bank of America</u>, 285 F.3d 764, 773 (9th Cir 2002). A condition precedent to admissibility is <u>authentication</u>, which is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." <u>Id.</u> Documents purportedly authenticated through personal knowledge must be "attached to an affidavit that meets the requirements of [Rule 56(e), Federal Rules of Civil Procedure] and the affiant must be

a person through whom the exhibits could be admitted into evidence." Id. at pg. 774. Rule 56(e) requires that affidavits be made on "personal knowledge" and that the "affiant [be] competent to testify as to the matters stated therein."

In this case, Plaintiff purports to authenticate, among other things, various health care records attached as Exhibits 16, 17, 21, 22, 26. However, he is not competent to do so as he is neither the custodian of these records nor the author. As a result, the exhibits cannot be authenticated, are inadmissible, and should be stricken.

The medical records also contain and constitute hearsay, for which there is no exception. The exhibits should therefore be stricken on those grounds as well.

The exhibits attached to Roger S. Moseley's declaration are also inadmissible as Mr. Moseley is not competent to authenticate these records, which include expert reports from Thomas Ueno, CPA and Daryl Matthews, M.D., Ph.D. Defendants ask that the exhibits not be considered and stricken from the record.

Separate and apart from the issues of inadmissibility, the exhibits attached to Plaintiff's concise statement of facts have no bearing on the pending motion before the court. None of the exhibits substantiate Plaintiff's claims for either tortious interference with contractual relations and/or tortious interference with prospective business advantage and should therefore be stricken and/or expunged from the Court's records.

## V. CONCLUSION

Based on the foregoing, Defendants GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA submit that Counts IX and X of the First Amended Complaint should be dismissed, or in the alternative, that judgment be entered in their favor.

DATED: Honolulu, Hawaii, June 2, 2006.

_/s/ James Kawashima_
JAMES KAWASHIMA
MICHAEL A. LORUSSO
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA