00000213.WPD

KAWASHIMA LORUSSO & TOM LLP

JAMES KAWASHIMA        #1145-0
MICHAEL A. LORUSSO    #3448-0
CARTER K. SIU          #7313-0
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Telephone:      (808)275-0371
Facsimile:      (808)275-0399
Email Address: mlorusso@kltlaw.com

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA, ROBERT O. MAGOTA,
and ANN C. GIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>        Plaintiff,<br><br>   vs.<br><br>CITY AND COUNTY OF HONOLULU;<br>GARY T. KUROKAWA; ROBERT O.<br>MAGOTA; ANN C. GIMA; and GK<br>APPRAISALS, INC.; JOHN DOES<br>1-10; JANE DOES 1-10; DOE<br>PARTNERSHIPS; DOE CORPORATIONS<br>1-10; AND DOE ENTITIES 1-10,<br><br>        Defendants. | ) CIVIL NO. CV04-00108 SOM/KSC<br>)<br>) DEFENDANT CITY AND COUNTY OF<br>) HONOLULU'S **REPLY MEMORANDUM** IN<br>) SUPPORT OF THEIR MOTION FOR<br>) PARTIAL DISMISSAL, OR IN THE<br>) ALTERNATIVE, MOTION FOR PARTIAL<br>) SUMMARY JUDGMENT, FILED<br>) 05/03/06; DECLARATION OF<br>) MICHAEL A. LORUSSO; EXHIBITS<br>) "B" - "C;" CERTIFICATE OF<br>) SERVICE<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CITY AND COUNTY OF HONOLULU'S REPLY MEMORANDUM**
**IN SUPPORT OF THEIR MOTION FOR PARTIAL DISMISSAL, OR IN THE**
**ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT, FILED 05/03/06**

Comes now Defendant DEFENDANT CITY AND COUNTY OF

HONOLULU'S ("Defendant CITY"), by and through their attorneys,

KAWASHIMA LORUSSO & TOM LLP, and hereby submits the following

Reply Memorandum in support of its Motion For Partial Dismissal, or in the Alternative, for Summary Judgment filed herein on 05/03/06 for this Court's review and consideration.

I.    **ARGUMENT**

A.    **PLAINTIFF FAILED TO COMPLY WITH RULE 8(a)(2), FEDERAL RULES OF CIVIL PROCEDURE**

The Federal Rules of Civil Procedure ("FRCP"), Rule 8(a)(2) requires each plaintiff to set forth a short and plain statement of his/her claim.  It also requires each plaintiff to state the essential elements of each claim; as explained by the Ninth Circuit Court of Appeals:

> A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Accordingly, <u>a pleading must 'give fair notice and state the elements of the claim plainly and succinctly.'</u>

<u>Jones v. Community Redevelopment Agency of the City of Los Angeles</u>, 733 F.2d 646, 649 (9th Cir. 1984)(internal citations omitted)(emphasis added); <u>see also</u> <u>Bautista v. Los Angeles County</u>, 216 F.3d 837 (9th Cir. 2000)(To comply with Rule 8, a plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim <u>and the elements of the prima facie case"</u>); <u>Sherez v. State of Hawai'i, Dept. Of Education</u>, 396 F.Supp.2d 1138 (D.Haw. 2005)(Court dismissed claim for IIED because plaintiff failed to allege two essential elements to the claim).

The reason for these requirements is simple:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

Bautista, 216 F.3d at 841 (citing Anderson v. District Bd. Of Trustees, 77 F.3d 364, 367 (11th Cir. 1996)).

Here, Plaintiff failed to set forth all the elements of a "tortious interference with prospective business advantage" claim even though the Hawai'i Supreme Court specified the elements in its 1999 decision of Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transportation Co., Inc., 91 Hawai'i 224, 982 P.2d 853 (1999). Nor has Plaintiff come forward with an explanation why the elements of tortious interference with prospective business advantage were not set forth in either the original Complaint and/or the First Amended Complaint. This deficiency is more than just mere "semantics" and is a violation of long-established rules and precedent in this jurisdiction; on that basis, Count X must be dismissed.

B.    **PLAINTIFF HAS FAILED TO PLEAD FACTS SUPPORTING HIS ALLEGED CLAIM OF "TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE"**

Assuming, arguendo, that Plaintiff stated all essential elements of a claim for tortious interference with prospective business advantage, which Defendant CITY denies, Plaintiff has

still failed to cite to the First Amended Complaint for support of this claim.

As Defendant CITY emphasized in its moving papers, Plaintiff was required to allege facts substantiating the existence of prospective advantage with a <u>third party</u>.  As this court recognized in <u>Mroz v. Hoaloha Na Eha, Inc.</u>, 410 F.Supp.2d 919 (D.Haw. 2005):

> The tort of tortious interference with prospective economic advantage requires that the plaintiff prove that <u>a valid business relationship or prospective advantage or expectancy existed between the plaintiff and a third party</u> such that there is a 'reasonable probability of it maturing into a future economic benefit to the plaintiff.'
>
> <u>Mroz</u>, 410 F.Supp.2d at 937 (emphasis added).

Here, however, Plaintiff has never alleged that there was a prospective business advantage of expectancy with a <u>third party.</u>  See <u>Mroz</u>, <u>supra</u>. The only allegation is that there was some additional economic advantage to be gained in the private real estate profession.  At no time has Plaintiff ever named the third party or alleged that he and a third party discussed the possibility of Plaintiff leaving Defendant CITY for a position with the third party.  Short of that, Plaintiff's bare allegations of economic advantage are speculative and devoid of any factual and legal support. See <u>Conkle v. Jeong</u>, 853 F.Supp. 1160, 1170 (N.D.Cal. 1994)(Summary judgment proper where plaintiff failed to identify any relationship between herself and

a third party containing a probability of future economic benefit and that speculation was not enough).

Plaintiff also cannot look to Defendant CITY to be the third party for obvious reasons – Defendant CITY cannot be liable for tortiously interfering with an employment contract that it was a party to. See Drury v. Sanofi-Synthelabo, Inc., 292 F.Supp.2d 1068, 1071 (N.D.Ill. 2003)(claim of interference generally can only be brought against a third party, not against the employer); Waters v. Collins & Aikman Products Co., 208 F.Supp.2d 593, 595 (W.D.N.C. 2002)(A party to a contract cannot interfere with that contract).

Furthermore, instead of citing to his First Amended Complaint for support, which is what is required on a motion to dismiss, Plaintiff provides and cites to various irrelevant and inadmissible evidence for the proposition that his reputation has been damaged. Unfortunately, Plaintiff's alleged damaged reputation (which finds no support in the record other than inadmissible hearsay evidence) is not an element of a claim for tortious interference with prospective business advantage.

Based on the foregoing, Defendant CITY requests that Count X of the First Amended Complaint be dismissed with prejudice.

C.  **PLAINTIFF PRESENTED NO FACTS TO SUBSTANTIATE HIS ALLEGED CLAIM OF "TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE"**

In opposing a motion for summary judgment, it was incumbent upon Plaintiff to come forward with admissible evidence substantiating his claim of tortious interference with prospective business advantage. Plaintiff's concise statement of facts, however, has nothing to do with his claim for tortious interference with prospective business advantage and is instead geared towards substantiating his whistleblowers claim, which is not at issue in this motion. The exhibits also have nothing to do with the present claim and are attached for an ulterior and/or improper purpose. On that basis, Defendant CITY requests that Plaintiff's Concise Statement and the exhibits attached thereto be stricken and/or expunged from the record.

Defendant CITY points out that the only argument that Plaintiff sets forth is that his reputation is allegedly damaged. This argument is flawed and is based on inadmissible hearsay and/or unauthenticated and inadmissible evidence. Moreover, damage to one's reputation is not an element of a tortious interference with prospective business advantage claim.

Because Plaintiff has not upheld his burden by producing admissible and credible evidence supporting a claim for tortious interference with prospective business advantage, Defendant CITY submits that summary judgment should enter in its favor on Count X of Plaintiff's First Amended Complaint.

### D.    PLAINTIFF'S DECLARATION IS IMPROPER AND SUBMITTED IN BAD FAITH

Plaintiff has for the first time stated that the Workers Compensation settlement agreement with Defendant CITY was signed under duress.   <u>See</u> ¶ 18 of Plaintiff Philip English's Declaration.   This is in stark contrast to his deposition testimony of September 30, 2005, wherein he testified under oath that he <u>did not sign the settlement agreement under duress</u>:

> Q:    With regard to Exhibit 1, based upon paragraph No. Number 11, would you agree me that you signed a document that indicated that you voluntarily quit, resigned and terminated your employment with the City?
>
> A:    Based on No. 11?
>
> Q:    Yes, based on paragraph 11.
>
> A:    In context of the entire document, it's telling me, the way I read it, is that the only way this agreement will go forward is if I voluntarily sign this.
>
> **Q:    Are you saying that you signed Exhibit 1 under duress?**
>
> **A:    No.   I'm saying that the only way that they would agree to it is if I agreed to resign.**

<u>See</u> Exhibit "B," Deposition Testimony of Philip English, dated September 30, 2005, pg. 63, line 24 - pg. 64, line 11.

After his deposition, Plaintiff was given the opportunity to correct any mistakes or misstatements that he may have made during his deposition; while he made numerous corrections to his testimony, Plaintiff did not believe it was

necessary to change his testimony that he did not sign the
settlement agreement under duress.  <u>See</u> Exhibit "C," Correction
Sheet, signed by Philip English on 11/04/05.

The only conclusion that can be drawn at this stage of
the case is that the declaration was filed in bad faith in order
to further delay the proceedings.  <u>See</u> Rule 56(g), Federal Rules
of Civil Procedure.

### E.    PLAINTIFF'S MEMORANDUM IN OPPOSITION IS BASED ON UNAUTHENTICATED AND HEARSAY EVIDENCE

In ruling on a motion for summary judgment, a trial
court can only consider admissible evidence.  <u>Orr v. Bank of
America</u>, 285 F.3d 764, 773 (9th Cir 2002).  A condition precedent
to admissibility is <u>authentication</u>, which is satisfied by
"evidence sufficient to support a finding that the matter in
question is what its proponent claims."  <u>Id.</u>  Documents
purportedly authenticated through personal knowledge must be
"attached to an affidavit that meets the requirements of [Rule
56(e), Federal Rules of Civil Procedure] and the affiant must be
a person through whom the exhibits could be admitted into
evidence."  <u>Id.</u> at pg. 774.  Rule 56(e) requires that affidavits
be made on "personal knowledge" and that the "affiant [be]
competent to testify as to the matters stated therein."

In this case, Plaintiff purports to authenticate, among
other things, various health care records attached as Exhibits
16, 17, 21, 22, 26.  However, he is not competent to do so as he

is neither the custodian of these records nor the author.  As a result, the exhibits cannot be authenticated, are inadmissible, and should be stricken.

The medical records also contain and constitute hearsay, for which there is no exception.  The exhibits should therefore be stricken on those grounds as well.

The exhibits attached to Roger S. Moseley's declaration are also inadmissible as Mr. Moseley is not competent to authenticate these records, which include expert reports from Thomas Ueno, CPA and Daryl Matthews, M.D., Ph.D.  Defendants ask that the exhibits not be considered and stricken from the record.

Separate and apart from the issues of inadmissibility, the exhibits attached to Plaintiff's concise statement of facts have no bearing on the pending motion before the court.  None of the exhibits substantiate Plaintiff's claims for tortious interference with prospective business advantage and should therefore be stricken and/or expunged from the Court's records.

\ \ \ \

\ \ \ \

\ \ \ \

\ \ \ \

\ \ \ \

\ \ \ \

\ \ \ \

\ \ \ \

V.    <u>CONCLUSION</u>

      Based on the foregoing, Defendant CITY AND COUNTY OF HONOLULU submits that Count X of the First Amended Complaint should be dismissed, or in the alternative, that judgment be entered in its favor.

      DATED: Honolulu, Hawaii, June 2, 2006.

                              JAMES KAWASHIMA
                              MICHAEL A. LORUSSO
                              CARTER K. SIU
                              Attorneys for Defendants
                              CITY AND COUNTY OF HONOLULU,
                              GARY T. KUROKAWA,
                              ROBERT O. MAGOTA, and
                              ANN C. GIMA