IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLEISH, | ) CIVIL NO. CV04-00108 SOM/KSC |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF MOTION |
| vs. | ) |
| CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION**

I.  **BACKGROUND OF RELEVANT FACTS**

Plaintiff began employment with the Defendant CITY AND COUNTY OF HONOLULU ("Defendant CITY") as a Real Property Appraiser on or about June 1, 2000. See First Amended Complaint at ¶ 18. During his employment with Defendant CITY, Plaintiff's immediate supervisor was Defendant ANN C. GIMA (Appraiser Supervisor), but Defendant ROBERT O. MAGOTA (City Assessor) and Defendant GARY T. KUROKAWA (Administrator of Real Property Assessment Division) also had supervisory authority over the Plaintiff. Id. at ¶¶ 7-15.

In or about January of 2001, the Plaintiff alleges that he began to observe that one of the City appraisers was doing outside appraisal work on City equipment and during City time. See First Amended Complaint at ¶ 36. When this activity

continued undiminished despite the efforts of the Plaintiff in talking to this particular appraiser, the Plaintiff reported this concern to Defendants Gima and Magota. Id. at ¶¶ 37-40.

In response to his complaints, the Plaintiff alleges that the Defendants retaliated against him in the following manner:

- He received less favorable performance evaluations from his supervisors (see ¶ 55 of the First Amended Complaint);

- He experienced a "substantial change in attitude" by his supervisors (see ¶ 56 of the First Amended Complaint);

- His probationary period was extended (see ¶ 62 of the First Amended Complaint);

- He was denied leave (see ¶ 65 of the First Amended Complaint);

- He was not selected for a promotion (see ¶ 69 of the First Amended Complaint);

- He was disciplined inappropriately (see ¶ of the First Amended Complaint); and

- Co-workers filed workplace violence complaints against the Plaintiff (see ¶¶ 77-78 of the First Amended Complaint).

## II.  RELEVANT PROCEDURAL HISTORY

On February 13, 2004, the Plaintiff filed the Complaint in the above-referenced matter, naming Defendant CITY, Defendants GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA in their official and individual capacities (collectively "CITY Defendants"), and Defendant GK Appraisals, Inc. as defendants, and alleging the following claims:

- Count I: Violation of Civil Rights (42 U.S.C. § 1983);

- Count II: Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985);

- Count III: Neglect to Prevent Interference with Civil Rights (42 U.S.C. § 1986)

- Count IV: Unlawful Discrimination and Retaliation (HRS § 378-62);

- Count V: Willful, Wanton, and Reckless Conduct (Iddings v. Mee-Lee, 82 Haw. 1 (1996)) ;

- Count VI: Intentional Infliction of Severe Mental or Emotional Distress;

- Count VII: Negligent Infliction of Emotional Distress;

- Count VIII: Defamation;

- Count IX: Intentional Interference with Contractual Relations;

- Count X: Intentional Interference with Prospective Economic Advantage;

- Count XI: Violation of Rights Under Hawaii Constitution; and

- Count XII: Punitive Damages

All defendants thereafter filed motions to dismiss, or in the alternative for partial summary judgment on various claims.

By order dated December 15, 2005, this Court ruled on the motions, granting judgment on the pleadings to Defendant CITY on Counts I, II, III, V, VII, and XII of the Complaint; granting judgment on the pleadings to Defendants GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA on Counts II, III, and VII (to the extent the NIED claim is asserted against individual Defendants

for actions taken in their capacities as employees of Defendant CITY); and granted summary judgment to Defendant GK Appraisals, Inc. on Counts I, II, III, IV, V, and VIII. See Order Granting Defendant City and County of Honolulu's Motion for Judgment on the Pleadings; Order Granting in Part and Denying in Part the Individual Defendants' Motion for Judgment on the Pleadings; Order Granting in Part and Denying in Park the Motion for Summary Judgment filed by Defendant GK Appraisals, Inc. ("The December 15, 2005 Order"). Plaintiffs withdrew Count XI as to all defendants. Id.

The December 15, 2005 Order permitted Plaintiff to file an amended complaint in order to reallege his § 1983 claim.

On January 12, 2006, Plaintiff filed his First Amended Complaint alleging for the first time that:

- Defendant City has a longstanding pervasive history, custom, practice, and pattern of retaliating against whistleblowers and employees who have engaged in protected speech as evidenced by the multiple whistleblower cases filed against it (see ¶ 94A of the First Amended Complaint);

- Defendant Kurokawa is an officer and the Administrator of the Assessment Division, an agency of the executive branch of the City (see ¶ 94B of the First Amended Complaint);

- Defendant Kurokawa displayed and exercised his power over personnel actions as they related to City employees (see ¶ 94B of the First Amended Complaint); and

- The actions taken by Defendant KUROKAWA regarding personnel functions were supported, sanctioned and ratified by other City executives and attributable to

Defendant City and direct acts of Defendant City (see ¶ 94B of the First Amended Complaint).

The remaining claims involving CITY Defendants are as follows:

<u>Defendant CITY</u>

- Count I (§ 1983);

- Count IV (Haw.Rev. Stat. § 378-62);

- Count VIII (Defamation);
- Count IX (Interference with Contractual Relations); and

- Count X (Interference with Prospective Business Advantage).

<u>Defendants KUROKAWA, MAGOTA, and GIMA</u>

- Count I (§ 1983);

- Count IV (Haw.Rev. Stat. § 378-62);

- Count V (Wilfil, Wanton, and Reckless Conduct);

- Count VI (IIED);

- Count VII (to the extent that Plaintiff's NIED claim is asserted against Defendant KUROKAWA for actions he may have taken in his capacity as an officer/shareholder of GK Appraisals);

- Count VIII (Defamation);

- Count IX (Interference with Contractual Relations);

- Count X (Interference with Prospective Business Advantage); and

- Count XII (Punitive Damages).

On or about June 8, 2006, Plaintiff personally served a Notice of Taking Deposition Upon Oral Examination ("the Notice")

and Subpoena/Subpoena Duces Tecum ("the Subpoena") on Michael A. Lorusso, Esq., attorney for CITY Defendants, requesting that Mr. Lorusso testify and produce documents regarding the following areas:

1. any Ethics Commission proceedings or contact of any nature or kind with the Ethics Commission proceedings or staff of the Ethics Commission regarding any and all investigations or other proceedings against or involving any of deponent's clients including, but not limited, to Gary Kurokawa, or involving Philip English;

2. Any documents, notes or other communication with the City regarding any investigation or other proceedings, by the Ethics Commission (or its staff) against or involving any of deponent's clients, including but not limited to Gary Kurokawa, or involving Philip English;

3. Any documents, notes or other communication with any witnesses regarding any investigation or other proceedings by the Ethics Commission (or its staff) against or involving deponent's clients, including but not limited to Gary Kurokawa, or involving Philip English;

4. Any documents, notes or other communications relating to the disclosure of, and waiver of any conflicts, or potential conflicts, arising out of or related to deponent's representation of Gary Kurokawa in any proceeding or investigation of the Ethics Commission (or its staff);

5. Any documents notes or other communications arising out of or related to the influencing or attempting to delay, influence in any way the course of, or outcome of, any proceeding of the Ethics Commission (or its staff) involving or related to any of deponent's clients or involving Phil English; as described in said Subpoena Duces Tecum.

See **Exhibits "A"** (the Notice) and **"B"** (the Subpoena).

## III. DISCUSSION

A litigant cannot engage in unbridled discovery. On the contrary, the Federal Rules of Civil Procedure expressly limit the scope of discovery as follows: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . " Fed. R. Civ. P. Rule 26(b)(1). If a litigant ignores this limitation, however, a protective order is appropriate in order to prevent the disclosure of the privileged information.

A protective order protects "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." See Fed. R. Civ. P. Rule 26(c). In issuing a protective order, the court can fashion, "<u>any order</u> which justice requires to protect a party . . . including . . . <u>that the disclosure or discovery not be had</u>." Id. (emphasis added). The Court also has the discretion to award sanctions against a party which abuses the discovery process. See Fed. R. Civ. P. Rules 26(c) & 37(a)(4).

In the instant case, Plaintiff attempts to engage in the extraordinary tactic of deposing CITY Defendants' counsel. As set forth below, Plaintiff has not and cannot satisfy his burden as to why counsel's deposition is relevant and/or necessary.

### A. Plaintiff Has Not Presented Any Evidence That The Extraordinary Circumstance Of Deposing Another Party's Counsel Is Warranted In This Matter.

The litigation tactic of seeking to depose another party's counsel has long been frowned-upon and criticized by courts. Courts recognize that allowing parties to depose other parties' counsel threatens and undermines the judicial system, the rules of discovery, and the rules of evidence:

(1) No other means exist to obtain the information other than to depose opposing counsel;

(2) The information sought is relevant and nonprivileged; and

(3) The information is crucial to the preparation of the case.

Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1987). The proponent-party must satisfy all three elements of this test in order to take the deposition of another party's counsel. This test is also well-recognized by other courts. See Boughton v. Cauter Corp., 65 F.3d 823 (10th Cir. 1995); Doubleday v. Ruh, 149 F.R.D. 601 (E.D. Cal. 1993).

#### 1. Alternative Means Exist to Obtain the Requested Information

In order to be permitted to take the deposition of CITY Defendants' counsel, Plaintiff must first show that no other means exist to obtain the information other than to depose opposing counsel. Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1987); Doubleday v. Ruh, 149 F.R.D. 601 (E.D. Cal.

1993). Plaintiff, however, cannot satisfy this first element of the 3-part test.

Plaintiff has not, and cannot, demonstrate that no other means exist to obtain information pertaining to any matters before the Ethics Commission. For instance, Plaintiff may be able to obtain this information though a request for answers to interrogatories, request for productions of documents, and/or subpoenaing the Ethics Commission's records. To date, however, none of the aforementioned basic discovery methods have been used. Without first exploring these less intrusive means of discovery, the Plaintiff, through counsel, simply noticed CITY Defendants' counsel's deposition.

This is not a situation where the information sought is solely within the possession of CITY Defendant's counsel. To the contrary, Plaintiff and his counsel have been active participants before the Ethics Commission and should have in their possession and/or have the ability to access this information from the Ethics Commission.

Given the above, Plaintiff cannot satisfy the first element of his burden of proof.

### 2. The Information Sought Is Irrelevant and Requests Privileged Material/Information

In addition to the above, Plaintiff cannot show that the information sought through the deposition is relevant <u>and</u> nonprivileged as required by the second prong of the

aforementioned test.  Once again, Plaintiff cannot satisfy his burden in order to go forward with the deposition.

### a. The Deposition of City Defendants' Counsel Would Not Provide Any Relevant Evidence.

Evidence is "relevant" if it tends to prove a fact "that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401.  In the case, evidence pertaining to the Ethics Commission proceedings are irrelevant to Plaintiff's remaining claims, which are as follows:

**Defendant CITY**

- Count I (§ 1983);
- Count IV (Haw.Rev. Stat. § 378-62);
- Count VIII (Defamation);
- Count IX (Interference with Contractual Relations); and
- Count X (Interference with Prospective Business Advantage).

**Defendants KUROKAWA, MAGOTA, and GIMA**

- Count I (§ 1983);
- Count IV (Haw.Rev. Stat. § 378-62);
- Count V (Wilfil, Wanton, and Reckless Conduct);
- Count VI (IIED);
- Count VII (to the extent that Plaintiff's NIED claim is asserted against Defendant KUROKAWA for actions he may have taken in his capacity as an officer/shareholder of GK Appraisals);
- Count VIII (Defamation);

- Count IX (Interference with Contractual Relations);
- Count X (Interference with Prospective Business Advantage); and
- Count XII (Punitive Damages).

The information sought from CITY Defendants' counsel however, would not have any bearing on: (1) the elements of the remaining claims; (2) proving or disproving liability of the CITY Defendants; or (3) proving or disproving any defenses asserted herein. Thus, the relevance of this evidence is not apparent and, in fact, the motives behind such a request is highly suspect.

  b. **Plaintiff Seeks To Discover Matters Protected By The Work-Product and Attorney-Client Privilege**

In general, a party has the right to refuse from disclosing, and prevent the disclosure of, all confidential communications between himself and his counsel which were made for the purpose of facilitating the rendition of legal services. Haw. R. Evid. Rule 503. The Federal Rules of Civil Procedure also recognize this right and place such communications beyond the scope of permissible discovery. See Fed. R. Civ. P. Rule 26.

In the instant matter, the deposition noticed by Plaintiff has the danger of invading the attorney-client privilege between the CITY Defendants and counsel and the attorney work product privilege. For example, and based in part

on the documents requested to be produced (see Exhibit "B"), Plaintiff's questioning during the deposition would likely include questions concerning any discussions counsel may have had with any of the CITY Defendants about any Ethics Commission proceedings; it also covers areas and asks for materials that pertain to an attorney's trial strategy and mental impressions. Such questioning, however, invades both the attorney-client and work product privilege(s) and goes beyond the scope of permissible discovery. This type of questioning also violates the parameters set forth in cases such as Shelton.

CITY Defendants have never waived the attorney-client privilege, and has not authorized their counsel or anyone acting for or on his behalf, to disclose any information relating to his representation herein.[1] Thus, any confidential communications that CITY Defendants may have had with counsel are still protected by the privilege and are not discoverable by Plaintiff.

Given the above, CITY Defendants are entitled to maintain the attorney-client and work-product privileges in this

---

[1] The attorney-client privilege, as with other judicial privileges, can be waived. Haw. R. Evid. 503. "Waiver" has been defined as an, "'intentional relinquishment of a known right', a 'voluntary relinquishment of some rights,' and 'the relinquishment or refusal to use a right.'" Uncle John's of Hawaii v. Mid-Pacific Restaurants, 71 Haw. 413, 417, 794 P.2d 614, 616 (1990). Waiver can be express or implied. Wilart Associates v. Kapiolani Plaza, Ltd., 7 Haw. App. 354, 766 P.2d 1207 (1988).

- 12 -

proceeding and Plaintiff's deposition of CITY Defendants' counsel should not be held.

### 3. CITY Defendants' Counsel's Deposition is Not "Crucial" To The Preparation Of Plaintiff's Case

Finally, the information sought by Plaintiff in the subject deposition is not "crucial to the preparation" of his case. Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1987). As set forth above, the subject deposition would not provide information that is essential to Plaintiff's case. This is particularly true where, as here, the information is not relevant to the claims or defenses asserting in this matter and Plaintiff has yet to explore any other means to obtain this information. Thus, Plaintiff is not entitled to take the subject deposition.

Given the foregoing, Plaintiff has not satisfied his burden of proof as to <u>any</u> of the elements of the Shelton test. Accordingly, the subject deposition should not go forward and a motion for protective order is warranted in this matter.

## IV. CONCLUSION

Based on the foregoing, Defendants CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

\ \ \ \ \

request that this Court grant their Motion For Protective Order and issue a protective order prohibiting the deposition of Michael A. Lorusso, Esq.

DATED: Honolulu, Hawaii, June 15, 2006.

_____
JAMES KAWASHIMA
MICHAEL A. LORUSSO
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA