IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, | ) CIVIL NO. CV04-00108 SOM/KSC |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF MOTION |
| vs. | ) |
| CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION**

I.   **BACKGROUND OF RELEVANT FACTS**

Sometime in December 2002, Plaintiff, with current counsel Roger S. Moseley, Esq., contacted Charles W. Toto, the executive director and legal counsel of the Honolulu Ethics Commission with regard to a complaint against one or several of CITY Defendants. On December 21, 2002, Mr. Totto sent an e-mail to Roger Moseley, Esq. stating that he read the materials sent to him and that he would be "happy to meet with [Mr. Moseley] and/or [Plaintiff]." See **Exhibit "A,"** E-Mail dated December 31, 2002 from Charles W. Totto, Esq. to Roger S. Moseley, Esq.

Approximately two (2) months later, Mr. Totto sent an e-mail informing Defendant KUROKAWA that Plaintiff, with help of counsel Roger S. Moseley, Esq., filed a complaint involving the

"alleged use of city resources for non-city purposes by [Defendant KUROKAWA] and Chris Graff." See **Exhibit "B,"** E-mail dated February 5, 2003 from Charles W. Totto to Gary Kurokawa. Mr. Totto further stated that Plaintiff should no longer be working on matters in which Mr. Moseley and his clients were involved. Id. Apparently, Plaintiff was working on matters for the City and County of Honolulu adverse to Mr. Moseley at or around the same time that the two engaged in an attorney-client relationship (according to Plaintiff's deposition testimony, he retained Mr. Moseley as his attorney six (6) months earlier, on or about August 14, 2002).

Mr. Moseley then represented Plaintiff in his workers compensation claim, a fact that cannot be denied.

After filing the present lawsuit on behalf of Plaintiff, Mr. Moseley has referred and relied upon the filing of the subject lawsuit in his appeals against the CITY before the State Tax Appeal Court. See **Exhibit "C,"** Appellants-Apellants' Memorandum in Opposition to Motion to Strike a Portion of Appellants-Appellants' Supplemental Statement of Related Cases, filed March 14, 2004.

On or about June 8, 2006, Plaintiff served a Notice of Taking Deposition Upon Oral Examination ("the Notice") and Subpoena/Subpoena Duces Tecum ("the Subpoena") on Michael A.

Lorusso, Esq., attorney for CITY Defendants, requesting that Mr. Lorusso testify and produce documents regarding the following areas:

1. any Ethics Commission proceedings or contact of any nature or kind with the Ethics Commission proceedings or staff of the Ethics Commission regarding any and all investigations or other proceedings against or involving any of deponent's clients including, but not limited, to Gary Kurokawa, or involving Philip English;

2. Any documents, notes or other communication with the City regarding any investigation or other proceedings, by the Ethics Commission (or its staff) against or involving any of deponent's clients, including but not limited to Gary Kurokawa, or involving Philip English;

3. Any documents, notes or other communication with any witnesses regarding any investigation or other proceedings by the Ethics Commission (or its staff) against or involving deponent's clients, including but not limited to Gary Kurokawa, or involving Philip English;

4. Any documents, notes or other communications relating to the disclosure of, and waiver of any conflicts, or potential conflicts, arising out of or related to deponent's representation of Gary Kurokawa in any proceeding or investigation of the Ethics Commission (or its staff);

5. Any documents notes or other communications arising out of or related to the influencing or attempting to delay, influence in any way the course of, or outcome of, any proceeding of the Ethics Commission (or its staff) involving or related to any of deponent's clients or involving Phil English; as described in said Subpoena Duces Tecum.

See **Exhibits "D" (the Notice) and "E" (the Subpoena).**

## II. DISCUSSION

### A. Rule 11 Standard

The purpose of Rule 11, Federal Rules of Civil Procedure, is to deter baseless filings in the District Court and to streamline the administration and procedure in the federal courts.[1] <u>Townsend v. Holman Consulting Corporation</u>, 929 F.2d 1358, 1363 (9th Cir. 1991). It also "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" <u>Burns v. Consolidated Amusement Co.</u>, 182 F.R.D 609, 613 (D.Haw. 1998)(quoting <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 393, 110 S.Ct. 2447 (1990)).

---

[1] Rule 11, Federal Rules of Civil Procedure, states in pertinent part:

   (a) Every pleading, written motion, and other paper shall be signed by at least one attorney of record, in the attorney's individual name. . .

   (b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -

         \*    \*    \*

     (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

To that end, a court <u>must</u> sanction a party, law firm, or attorney if either (a) the paper is filed for an improper purpose <u>or</u> (b) the paper is frivolous. <u>Id.</u> The term "frivolous" means that the filing is both baseless and made without a reasonable and competent inquiry. <u>Id.</u> An "improper purpose" is a purpose "to harass or to cause unnecessary delay or needless increases in the cost of litigation." <u>G.C. and K.B. Investments, Inc. v. Wilson</u>, 326 F.3d 1096, 1109 (9th Cir. 2003).

The standard to determine whether the filing was frivolous and/or for an improper purpose is an <u>objective</u> test. As stated by the 9th Circuit Court of Appeals:

> The subjective intent of the movant to file a meritorious document is of no moment. The standard is reasonableness. The 'reasonable man' against which conduct is tested is a competent attorney admitted to practice before the district court.

<u>Id.</u>; <u>see also</u> <u>Dodd Insurance Services, Inc. v. Royal Insurance Company of America</u>, 935 F.2d 1152, 1155 (10th Cir. 1991) (noting that a court must determine "whether a reasonable and competent attorney would believe in the merit of an argument").

    B.    **Plaintiff's Notice of Deposition and Subpoena Duces Tecum Are Frivolous and/or Were Filed for an Improper Purpose**

The Notice and Subpoena filed and served upon CITY Defendants' counsel has no basis in law or fact and seeks information irrelevant to the subject lawsuit.

Rule 26, Federal Rules of Civil Procedure, sets the general boundaries of what discovery may be had in any given case, and provides that:

> (1) parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . .Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.
>
> \*   \*   \*
>
> (2) [ . . .] The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or it obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

In addition to the parameters of Rule 26, a party seeking to depose another party's counsel must meet an even higher burden of proof before being allowed to take the deposition and must show that the deposition is absolutely necessary. The proponent-party must prove that:

>    (1)   No other means exist to obtain the
>          information other than to depose
>          opposing counsel;
>
>    (2)   The information sought is relevant and
>          nonprivileged; and
>
>    (3)   The information is crucial to the
>          preparation of the case.

Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1987). The proponent-party must satisfy all three elements of this test in order to take the deposition of another party's counsel. This test is also well-recognized by other courts. See Boughton v. Cauter Corp., 65 F.3d 823 (10th Cir. 1995); Doubleday v. Ruh, 149 F.R.D. 601 (E.D. Cal. 1993).

### 1. Alternative Means Exist to Obtain the Requested Information

In order to be permitted to take the deposition of CITY Defendants' counsel, Plaintiff must first show that no other means exist to obtain the information other than to depose opposing counsel. Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1987); Doubleday v. Ruh, 149 F.R.D. 601 (E.D. Cal. 1993). Plaintiff, however, cannot satisfy this first element of the 3-part test.

Plaintiff has not, and cannot, demonstrate that no other means exist to obtain information pertaining to any matters before the Ethics Commission. For instance, Plaintiff may be able to obtain this information though a request for answers to interrogatories, request for productions of documents, and/or

subpoenaing records and/or deposing the individuals who may have provided testimony to the Ethics Commission. To date, however, none of the aforementioned basic discovery methods have been used. Without first exploring these less intrusive means of discovery, the Plaintiff, through counsel, simply noticed CITY Defendants' counsel's deposition.

This is not a situation where the information sought is solely within the possession of CITY Defendant's counsel. To the contrary, Plaintiff and his counsel have been active participants before the Ethics Commission and should have in their possession and/or have the ability to access this information from the Ethics Commission. The same information may also be obtained from the course of discovery in the present matter.

Given the above, Plaintiff cannot satisfy the first element of its burden of proof.

### 2. The Information Sought Is Irrelevant and Requests Privileged Material/Information

In addition to the above, Plaintiff cannot show that the information sought through the deposition is relevant <u>and</u> nonprivileged as required by the second prong of the aforementioned test. Once again, Plaintiff cannot satisfy his burden in order to go forward with the deposition.

#### a. The Deposition of City Defendants' Counsel Would Not Provide Any Relevant Evidence.

Evidence is "relevant" if it tends to prove a fact "that is of consequence to the determination of the action more

or less probable than it would be without the evidence." Fed. R. Evid. 401. In the case, evidence pertaining to the Ethics Commission proceedings are irrelevant to Plaintiff's remaining claims, which are as follows:

<u>Defendant CITY</u>

- Count I (§ 1983);
- Count IV (Haw.Rev. Stat. § 378-62);
- Count VIII (Defamation);
- Count IX (Interference with Contractual Relations); and
- Count X (Interference with Prospective Business Advantage).

<u>Defendants KUROKAWA, MAGOTA, and GIMA</u>

- Count I (§ 1983);
- Count IV (Haw.Rev. Stat. § 378-62);
- Count V (Wilfil, Wanton, and Reckless Conduct);
- Count VI (IIED);
- Count VII (to the extent that Plaintiff's NIED claim is asserted against Defendant KUROKAWA for actions he may have taken in his capacity as an officer/shareholder of GK Appraisals);
- Count VIII (Defamation);
- Count IX (Interference with Contractual Relations);
- Count X (Interference with Prospective Business Advantage); and
- Count XII (Punitive Damages).

The information sought from CITY Defendants' counsel however, would not have any bearing on: (1) the elements of the remaining claims; (2) proving or disproving liability of the CITY Defendants; or (3) proving or disproving any defenses asserted herein. Thus, the relevance of this evidence is not apparent and, in fact, the motives behind such a request is highly suspect.

        b.    **Plaintiff Seeks To Discover Matters Protected By The Work-Product and Attorney-Client Privilege**

In general, a party has the right to refuse from disclosing, and prevent the disclosure of, all confidential communications between himself and his counsel which were made for the purpose of facilitating the rendition of legal services. Haw. R. Evid. Rule 503. The Federal Rules of Civil Procedure also recognize this right and place such communications beyond the scope of permissible discovery. See Fed. R. Civ. P. Rule 26.

In the instant matter, the deposition noticed by Plaintiff has the danger of invading the attorney-client privilege between the CITY Defendants and counsel and the attorney work product privilege. For example, and based in part on the documents requested to be produced, Plaintiff's questioning during the deposition would likely include questions concerning any discussions counsel may have had with any of the CITY Defendants about any Ethics Commission proceedings; it also covers areas and asks for materials that pertain to an attorney's

trial strategy and mental impressions. Such questioning, however, invades both the attorney-client and work product privilege(s) and goes beyond the scope of permissible discovery. This type of questioning also violates the parameters set forth in cases such as Shelton.

CITY Defendants have never waived the attorney-client privilege, and has not authorized their counsel or anyone acting for or on his behalf, to disclose any information relating to his representation herein.[2] Thus, any confidential communications that CITY Defendants may have had with counsel are still protected by the privilege and are not discoverable by Plaintiff.

Given the above, CITY Defendants are entitled to maintain the attorney-client and work-product privileges in this proceeding and Plaintiff's deposition of CITY Defendants' counsel should not be held.

### 3. CITY Defendants' Counsel's Deposition is Not "Crucial" To The Preparation Of Plaintiff's Case

Finally, the information sought by Plaintiff in the subject deposition is not "crucial to the preparation" of his

---

[2] The attorney-client privilege, as with other judicial privileges, can be waived. Haw. R. Evid. 503. "Waiver" has been defined as an, "'intentional relinquishment of a known right', a 'voluntary relinquishment of some rights,' and 'the relinquishment or refusal to use a right.'" Uncle John's of Hawaii v. Mid-Pacific Restaurants, 71 Haw. 413, 417, 794 P.2d 614, 616 (1990). Waiver can be express or implied. Wilart Associates v. Kapiolani Plaza, Ltd., 7 Haw. App. 354, 766 P.2d 1207 (1988).

case. Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1987). As set forth above, the subject deposition would not provide information that is essential to Plaintiff's case. This is particularly true where, as here, the information is not relevant to the claims or defenses asserting in this matter and Plaintiff has yet to explore any other means to obtain this information. Thus, Plaintiff is not entitled to take the subject deposition.

Given the foregoing, Plaintiff cannot satisfy his burden of proof as to any of the elements of the Shelton test. Accordingly, the subject deposition is improper and cannot go forward. CITY Defendants note that they will be filing a motion for protective order concurrently with the subject Rule 11 motion.

In this case, it was incumbent upon Plaintiff's counsel to conduct a reasonable inquiry before filing the Notice and Subpoena. That is the standard that all attorneys must abide by. See Rule 11. Had Plaintiff's counsel done so, he would have understood the high burden that he needed to overcome before opposing counsel's deposition could be noticed and taken.

Assuming that Plaintiff's counsel conducted the proper inquiry, CITY Defendants can think of no other reason for Plaintiff requesting CITY Defendants' counsel's deposition other than for an "improper purpose" (i.e., to harass or to cause unnecessary delay or needless increases in the cost of

litigation). See G.C. and K.B. Investments, Inc., supra. This conclusion was reached based on the scope of the proposed deposition and Plaintiff's counsel's failure to at least attempt to obtain the requested information through less intrusive means (i.e., paper discovery pursuant to Rules 33 and 34, Federal Rules of Civil Procedure).

The only other scenario was for Plaintiff's counsel to have conducted the necessary inquiry and despite of it, still issued the Notice and Subpoena for CITY Defendant's counsel attendance at a deposition. Coupled with the fact that the information sought is irrelevant to the claims and defenses involved in the subject lawsuit, the Notice and Subpoena can only be viewed as being "frivolous."[3]

Based on the circumstances and law described above, Defendant CITY submits that a reasonably competent attorney admitted to practice before this court would have explored alternative discovery methods, including paper discovery, before noticing opposing counsel's deposition and filing a subpoena for his attendance.

Plaintiff's failure to explore alternative discovery methods (especially when seeking irrelevant material) compels the conclusion that Rule 11 sanctions are appropriate.

---

[3] This analysis also compels the conclusions that the Notice and Subpoena were filed for an "improper purpose" under existing law.

V.     CONCLUSION

Based on the foregoing, Defendants CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA submit that Rule 11 sanctions are warranted and that they should be awarded their attorneys' fees and costs incurred in opposing the subject Notice and Subpoena.

DATED: Honolulu, Hawaii, July 5, 2006.

_____
JAMES KAWASHIMA
MICHAEL A. LORUSSO
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA