CORPORATION COUNSEL
REAL PROPERTY TAX DIVISION
C AND C OF HONOLULU

MAR 2 3 2004

Date                Time

REFERRED TO:

S.C. NO. 25275

IN THE SUPREME COURT OF THE STATE OF HAWAII

| | |
|---|---|
| IN THE MATTER OF THE TAX APPEAL<br><br>OF<br><br>KENNETH & SOPHIA ALFORD,<br>SURVIVOR'S TRUST, ET AL.<br><br>APPELLANTS-APPELLANTS,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>APPELLEE-APPELLEE. | TAX APPEAL CASE NOS.<br>00-0084 through 00-0104, 00-0106,<br>00-0107,<br>00-0109, 00-0110, 00-0112 through<br>00-0169, and<br>00-0171 through 00-0201<br><br>CONSOLIDATED<br><br>TAX APPEAL CASE NOS.<br>01-0025, 01-0027 through 01-0115,<br>and 01-0117 through 01-0141<br><br>CONSOLIDATED<br><br>APPEAL FROM ORDER<br>GRANTING IN PART AND<br>DENYING IN PART APPELLANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT, FILED<br>MARCH 8, 2002<br><br>TAX APPEAL COURT<br><br>HONORABLE GARY W.B. CHANG,<br>JUDGE |

**APPELLANTS-APPELLANTS' MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE A PORTION OF APPELLANTS-APPELLANTS' SUPPLEMENTAL STATEMENT OF RELATED CASES, FILED MARCH 17, 2004**

**DECLARATION OF COUNSEL**

**CERTIFICATE OF SERVICE**

CASE BIGELOW & LOMBARD
A LAW CORPORATION
ROGER S. MOSELEY
737 Bishop Street, Suite 2600
Honolulu, Hawaii  96819
Telephone No.  (808) 547-5447

Attorney for Appellants-Appellants
KENNETH & SOPHIA ALFORD, SURVIVOR'S TRUST, ET AL.

2004 MAR 22 PM 4: 02

FILED

26629/1/366415.1

EXHIBIT "C"

## I. INTRODUCTION:

Appellee-Appellee City and County of Honolulu has filed a motion to strike a portion of a supplemental statement of related cases, which was filed by Appellants-Appellants on February 18, 2004, on the grounds that the case cited is not related to the instant appeal. The case cited, however, is clearly related to the instant cases on appeal.

## II. ARGUMENT:

The case reference sought to be stricken is the case of <u>Philip E. English vs. City and County of Honolulu, Gary T. Kurokawa, et al.,</u> Civil No. CV 04 00108 SOM KSC, which was filed in the United States District Court for the District of Hawaii. Plaintiff English, in that case, is a former appraiser for the Assessment Division of the Department of Budget and Fiscal Services (the "Assessment Division"). A material part of Plaintiff English's **verified** complaint in that case is that he questioned, made suggestions, and complained about certain practices at the Assessment Division and that as a result of these activities, Plaintiff English was subjected to retaliation.

Part of the factual assertions, of the allegations of Plaintiff English's **verified** complaint, are **allegations setting forth descriptions of certain apparently improper activities involving the underlying cases in the instant appeal**. Two specific such allegations are pointed out by Appellee-Appellee City in the present motion. The first of these is that the Appellee-Appellee City tampered with the files produced by Appellee-Appellee City in the discovery in the underlying cases in the instant appeal. The second of these allegations is that Appellee-Appellee City tried to circumvent the litigation pending in the instant appeal by improperly attempting to promulgate a rule, which would nullify one of the issues on appeal.

Appellee-Appellee City argues that Plaintiff English's case is not related because:

A.    The case is not related, because it does not meet the requirements of Rule 28(b)(11) HRAP, and its outcome will not affect or be affected by the instant appeal.

B.    The only purpose for mentioning Plaintiff English's case , which is replete with unsubstantiated allegations, is to vilify Appellee-Appellee City and predispose this Court against the Appellee-Appellee City.

C.    Plaintiff English's case, as it is pending before the United States District Court, is irrelevant because the Hawaii Supreme Court will not be bound by the outcome in the U.S. District Court.

D.    Plaintiff English's case does not involve the same parties as the instant appeal.

E.    The issues raised in Plaintiff English's case are not the same or related to those in the instant appeal, since the present appeal involves the jurisdiction and appropriateness of a real property tax remedy patterned after Hawaii Prince Hotel Waikiki Corporation v. City and County of Honolulu, 89 Hawaii 381, 974 P.2d 21 (1999).

F.    The issues in the case of Plaintiff English do not arise out of the same transaction or event as the instant appeals.

G.    The case of Plaintiff English does not have substantive similarities of which this Court should be aware.

H.    The allegations of Plaintiff English's verified complaint are nothing more than allegations and are unsubstantiated and prejudicial to Appellee-Appellee City.

I.    The verified complaint of Plaintiff English  is being used as a vehicle by which Appellants-Appellants counsel is unethically placing the allegations before this Court.

J.    Appellants-Appellants counsel, Roger Moseley, is engaging in "questionable" activities by representation of both Appellants-Appellants and Plaintiff English.

K.    The Plaintiff English verified complaint alludes to attorney-client communications between Plaintiff English and Corporation counsel, with respect to the instant appeal and that Appellants-Appellants counsel Roger Moseley has invaded the attorney-client privilege of another representation.

Taken one-by-one, an analysis of each of Appellee-Appellee City's concerns reveals a shocking lack of candor with this Court and redoubles the importance of this Court's knowledge of what is transpiring in Plaintiff English's case.

**1.    The case is not related, because it does not meet the requirements of Rule 28(b)(11) HRAP, and its outcome will not affect or be affected by the instant appeal.**

Appellants-Appellants contend that this assertion is nothing less than an effort to mislead this Court.  One of the allegations made in Plaintiff English's verified complaint is that he observed a supervisor in the Assessment Division removing materials from documents being produced to Appellants-Appellants in the instant appeal.  Further, Plaintiff English verified that he was advised that this was being done pursuant to instruction from Appellee-Appellee City's attorney.  This is not just a "peripheral" allegation to Plaintiff English's complaint, this is one of the activities Plaintiff English questioned and for which he suffered retaliation.  If the proof of a fact, in the U.S.

District Court, of tampering with the evidence in the cases underlying the present appeals, would not be related, it is a little difficult to comprehend what could be related.

One of the major issues on appeal in the instant appeal is whether the Tax Court should have just reclassified the condominium apartments in question, rather than attempting to fashion a remedy following the <u>Hawaii Prince</u>, case, Supra.  Since it is unknown to both this Court and to the Appellants-Appellants, what was removed from the documents produced by Appellee-Appellee City, it cannot be said that proof of the evidence tampering would have no affect on the instant appeals.

Appellee-Appellee City has not offered the Court any showing that the evidence, with which Appellee-Appellee City tampered, would have no affect on the outcome of the instant appeals.  Appellee-Appellee City should produce fully for this Court the untampered-with evidence and allow the Appellants-Appellants and this Court to judge for themselves whether or not the outcome of the instant appeal would be affected by that evidence.

2. **The only purpose for mentioning Plaintiff English's case , which is replete with unsubstantiated allegations, is to vilify Appellee-Appellee City and predispose this Court against the Appellee-Appellee City.**

The purpose of disclosing Plaintiff English's case was to inform this Court of a related matter. The allegations in Plaintiff English's verified complaint have not, as yet, been denied by either by Appellee-Appellee City or by any other defendant therein.  It would seem that the allegations of any other related and ongoing case might be subject to the same objection.  Quite clearly the purpose of the statement of related cases is inform the Court of other ongoing cases, regardless of whether or not the allegations therein have been "substantiated".

Appellee-Appellee City has made no showing how the disclosure of the related case could "vilify" Appellee-Appellee City, unless this is an admission that the activities alleged in Plaintiff English's verified complaint constitute wrongdoing by Appellee-Appellee City. Further, Appellee-Appellee City has made no showing that this Court would be some how inclined to improperly determine the outcome of the instant appeal, upon learning of the Appellee-Appellee City's villainy related to the instant appeal.. It appears almost certain that this Court will make its own judgments about the effect of the allegations in Plaintiff English's case.   If those allegations are truly irrelevant, Appellee-Appellee City need not be concerned that Court will be so weak-willed as to succumb to Appellants-Appellants disclosure of the wrongdoing alleged in Plaintiff English's verified complaint.

The fact that an ongoing case alleges bad acts on the part of one of the parties, is not an exception to the rule requiring disclosure of related cases.

3.    **Plaintiff English's case, as it is pending before the United States District Court, is irrelevant because the Hawaii Supreme Court will not be bound by the outcome in the U.S. District Court.**

In the event that the U.S. District Court finds that Plaintiff English's allegations are true, it is clear that the doctrine of collateral estoppel, could be given application by the Court in the instant appeal.  There is no limitation on the statement of related cases rule that only cases, which would bind this Court, need be disclosed.

4.    **Plaintiff English's case does not involve the same parties as the instant appeal.**

In fact, one of the parties to Plaintiff English's case is the same as in the instant appeals. Proof of facts alleged in Plaintiff English's verified complaint may well have a

binding effect on Appellee-Appellee City in the instant appeals. Further, this Court could, as a result, determine that there should be an adverse inference against the Appellee-Appellee City as a sanction for evidence spoliation Stender v. Vincent, 92, Haw. 355, 992 P.2d 50 (2000)

5.    **The issues raised in Plaintiff English's case are not the same or related to those in the instant appeal, since the present appeal involves the jurisdiction and appropriateness of a real property tax remedy patterned after Hawaii Prince Hotel Waikiki Corporation v. City and County of Honolulu, 89 Hawaii 381, 974 P.2d 21 (1999).**

The Hawaii Prince case, supra, is not the only issue on appeal in the instant appeal. Appellants-appellants have also argued that the Tax Court should have just restored the classification of the apartments in question. There are many possibilities for support for this outcome in the instant appeal, if there were documents the Appellee-Appellee City withheld and/or destroyed. The plain fact is that Plaintiff English's verified complaint raises serious questions about the issues before this Court on appeal in the instant appeal.

6.    **The issues in the case of Plaintiff English do not arise out of the same transaction or event as the instant appeals.**

Plaintiff English not only was an appraiser involved in making the erroneous classifications at issue in the instant appeal, but the gravamen of his allegations in his verified complaint go to the integrity of the judicial process.

**7.    The case of Plaintiff English does not have substantive similarities of which this Court should be aware.**

While there may not be any substantive similarities between Plaintiff English's case and the instant appeal, the substance of that case has direct and real impact on the judicial process involved in the instant appeal.

**8.    The allegations of Plaintiff English's verified complaint are nothing more than allegations and are unsubstantiated and prejudicial to Appellee-Appellee City.**

Appellee-Appellee City has made no showing that Plaintiff English's allegations in his verified complaint are untrue in the slightest detail.  It seems unsettling at best that the mere assertion that allegations in a related case have not been substantiated could serve as the basis for not disclosing the related case to this Court.  Contrarywise, it would seem that every attorney licensed to practice in this state has the duty in proceedings before this Court to proceed with the utmost candor and disclose all related cases which could have any bearing on the appeals being considered by this Court.

Furthermore, has made no showing of how this disclosure could work any prejudice to Appellee-Appellee City.

**9.    The verified complaint of Plaintiff English  is being used as an vehicle by which Appellants-Appellants counsel is unethically placing the allegations before this Court.**

In fact, Appellants-Appellants counsel, Roger Moseley, specifically, and in writing, sought the opinion of Disciplinary Counsel, with respect to the disclosure to this court of an affidavit of Philip English, with respect to the issue of the evidence tampering which is alleged to have occurred.  This request was made on June 9, 2003 and a

response was received on July 1, 2003. The response was that the affidavit (which was actually attached to the request to Disciplinary Counsel) may be submitted to the Supreme Court.

Furthermore, a specific written request was made to the Honolulu Ethics Commission on June 9, 2003 for the same purpose. The inquiry in that request was whether or not the disclosure of that affidavit would violate any City ethics provisions. To date, the Ethics Commission has been unable to determine whether or not the disclosure of serious wrongdoing, and even criminal conduct (violations, for example of HRS § 710-1076), would violate the City ethics provisions. Apparently it may be unethical for a City employee to disclose wrongful or criminal conduct, if that information was not generally available to the public (Revised Charter of the City and County of Honolulu, Section 11-102(b). The affidavit of Philip English with respect to these particular matters has not been submitted to this Court specifically and only because of the delay in the response by the Honolulu Ethics Commission.

The correspondence to and from Disciplinary Counsel and to the Honolulu, Ethics Commission not only contains material not yet ruled upon by the Ethics commission, but also contains references to a specific Deputy Corporation Counsel of the City and County of Honolulu. The reference to the Deputy Corporation Counsel is not a reference to an event directly witnessed by Philip English ant it may be inappropriate to disclose the name of that Deputy unless and until there has been some appropriate review and determination with respect to that deputy's conduct. It is unknown to Appellants-Appellants whether the Disciplinary Counsel is conducting or has conducted an investigation. Should the Court desire to view this correspondence

directly, Appellants-Appellants' counsel believes it should be in camera and such evidence be filed under seal.

Appellee-Appellee City's allegation of unethical conduct is completely inappropriate and uncalled for. In fact, Appellee-Appellee City's counsel, may well have an ethical duty herself to make certain disclosures, which are not being made, in this regard. There is no showing of any ethical standard of any nature being violated by Appellants-Appellants' counsel. Certainly the mere accusation of unethical behavior should not be permitted when there is not even a showing of some ethical provision being violated. Appellee-Appellee City's counsel should not be permitted to smear Appellants-Appellants' counsel in a frivolous attempt to prevent this Court from considering Appellee-Appellee's malfeasance.

**10.    Appellants-Appellants' counsel, Roger Moseley, is engaging in "questionable" activities by representation of both Appellants-Appellants and Plaintiff English.**

Appellants-Appellants' counsel, Roger Moseley made a specific inquiry to Disciplinary Counsel on December 2, 2003, as to the propriety of the representation of both Philip English and the Appellants-Appellants. Disciplinary counsel advised that such representation was proper. Appellee-Appellee City's counsel has not made any showing of what, if any ethical provision has been or is being violated by Appellants-Appellants' counsel. Again, Appellee-Appellee City's counsel should not be permitted to smear Appellants-Appellants' counsel in a frivolous attempt to prevent this Court from considering Appellee-Appellee's malfeasance. Appellants-Appellants' reputation before the Courts of this State, is important to his practice and livelihood and should not be compromised in such a cavalier fashion.

**11.    The Plaintiff English verified complaint alludes to attorney-client communications between Plaintiff English and Corporation counsel, with respect to the instant appeal and that Appellants-Appellants counsel Roger Moseley has invaded the attorney-client privilege of another representation.**

There is no showing by Appellee-Appellee's that there is any violation or potential violation of the attorney-client privilege.   Appellee-Appellee's counsel has not stated what communication could possibly be privileged.   Even if there would otherwise have been a privilege, certainly Hawaii Rules of Evidence, Rule 503(d)(1) and/or (2) (disclosure to prevent crime or fraud) would be an exception in the instant appeal.

Again, the bald assertion of some malfeasance on the part of Appellants-Appellants' counsel is completely and absolutely improper.

## III. CONCLUSION:

For the above reasons this Court should deny Appellee-Appellee's motion to strike a portion of a supplemental statement of related cases.

DATED: Honolulu, Hawaii, March 22, 2004.

ROGER S. MOSELEY
Attorney for Appellants-Appellants
KENNETH & SOPHIA ALFORD, SURVIVOR'S
TRUST, ET AL.

## DECLARATION OF COUNSEL

I, ROGER S. MOSELEY, hereby declare as follows:

1. I am an attorney licensed to practice before all of the courts in the State of Hawaii and I represent the Appellants-Appellants in the above-entitled cause.

2. I make this declaration of my own personal knowledge.

3. All of the factual references in the attached foregoing memorandum are true and correct to the best of my knowledge and belief.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF HAWAII THAT THE ABOVE IS TRUE AND CORRECT.

DATED: Honolulu, Hawaii, March 22, 2004.

ROGER S. MOSELEY

26629/1/306750.1

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing hereof a copy of the attached foregoing document was served by hand on each of the following persons at the addresses indicated:

DAVID Z. ARAKAWA, ESQ.
Corporation Counsel
SUSAN A. BENDER, ESQ.
Deputy Corporation Counsel
City and County of Honolulu
530 S. King Street, Rm. 110
Honolulu, Hawaii 96813

Attorneys for Appellee-Appellee
CITY AND COUNTY OF HONOLULU

DATED: Honolulu, Hawaii, March 22, 2004.

ROGER S. MOSELEY
Attorney for Appellants-Appellants
KENNETH & SOPHIA ALFORD, SURVIVOR'S
TRUST, ET AL.

26629/1/306750.1