IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>                Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1–10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>                Defendants. | Civil No. 04-00108 SOM/KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## **MEMORANDUM IN SUPPORT OF MOTION**

Plaintiff Philip E. English ("Plaintiff"), by and through his counsel, Moseley Biehl Tsugawa Lau & Muzzi, submits this memorandum in support of his Motion to Compel Compliance with Subpoena Issued June 2, 2006.

**I.   Statement of Relevant Facts**

On June 2, 2006, Plaintiff's counsel issued a Subpoena in this action to CHARLES W. TOTTO, Executive Director/Legal Counsel for the City and County of Honolulu, Ethics Commission (the "Subpoena") pursuant to Rule

45 of the Federal Rules of Civil Procedure. The Subpoena commanded Mr. Totto to appear for an oral deposition on June 23, 2006 and also commanded Mr. Totto to produce on June 23, 2006 and permit the inspection and copying of:

> Any and all original records, files or documents, notes, emails and or other material including computerized storage material and any and all documents of every nature pertaining to: (i) Philip E. English, (ii) Gary Kurokawa, (iii) Christopher Graff; (iv) Robert Magota, (v) Ann Gima or (vi) the Assessment Division of the City and County of Honolulu

The Subpoena was duly served on Mr. Totto on June 5, 2006, as evidenced by the Proof of Service filed on June 6, 2006 as Docket Entry No. 176.

In a letter dated June 15, 2006, Mr. Totto's counsel, Deputy Corporation Counsel Gordon D. Nelson, generally objected to Mr. Totto's production of documents as follows:

> Inspection or copying of the specified documents is objectionable on a number of grounds, including but not limited to, the attorney-client privilege, the attorney work-product doctrine, and the deliberative process privilege. Release of the subpoenaed documents is further objectionable as violative of applicable provisions of the City Charter, of City ordinances and of the Rules of the City Ethics Commission, all of which require Mr. Totto to maintain the confidentiality of the documents. See Exhibit A attached hereto)

On June 23, 2006, Mr. Totto appeared for his oral deposition, but did not bring any of the documents identified in the Subpoena. (See Exhibit B,

Deposition of Charles Totto @ pgs. 9-16, 31, and 32) Further, neither Mr. Totto nor his counsel produced a privilege log of the documents and things that he objected to producing for inspection and copying. Instead, Mr. Totto's counsel stated that a privilege log would be provided to Plaintiff by June 30, 2006. (See Exhibit B @ pgs. 31:23-24 and 32:12-13) In addition, Mr. Totto was instructed by his counsel <u>not</u> to answer numerous questions posed to him at his oral deposition. (See Exhibit B). In particular, Mr. Totto was instructed not to answer any questions (1) "get[ting] into the specifics of the investigation" by the Ethics Commission's regarding Plaintiff's January 2003 ethics complaint; and (2) relating to Ethics Commission Advisory Opinion 2006-2.

## II.    ARGUMENT

### A.    Mr. Totto Should Be Compelled to Produce the Documents and Things Identified in the Subpoena

Pursuant to Fed. R. Civ. Pro. Rule 45, a party may obtain documents from nonparties within the same broad scope as permitted under the discovery rules. <u>See</u> <u>Graham v. Casey Gen. Stores</u>, 206 F.R.D. 251, 253 (S.D. Ind. 2002) ("The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules."). Under Fed. R. Civ. Pro. Rule 26(b)(1), the scope of discovery is very broad:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Here, it is undisputable that the records of the City and County of Honolulu Ethics Commission (the "Ethics Commission") are relevant to Plaintiff's causes of action. Plaintiff's conduct in contacting the Ethics Commission in January 2003 regarding the unethical and illegal actions of Defendant Gary Kurokawa and others at the City and County of Honolulu, Real Property Assessment Division was one of the triggering events of the Defendants' unlawful retaliation and other tortious conduct towards Plaintiff. Further, the Ethics Commission's files are likely to have numerous factual compilations and witness statements regarding a number of operative facts in this case. Unless such information is privileged, the Ethics Commission is required to honor the Subpoena and produce the requested documents.

Federal Rules of Evidence Rule 501, which governs federal privileges applicable in federal question jurisdiction cases, provides, in relevant part, as follows:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory

authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.

Mr. Totto generally claimed that the following "privileges" apply: (a) attorney-client; (b) attorney-work product; (c) deliberative process; (d) the Hawaii Uniform Information Practices Act; and (e) Revised Ordinances of Honolulu § 3-6.3. Despite such claims of privilege and representations that a privilege log would be produced, Mr. Totto has failed to provide any privilege log whatsoever.

Federal Rules of Civil Procedure Rule 45(d) sets forth a nonparty's obligations in responding to a subpoena, and specifically mandates that a privilege log be provided to the party issuing the subpoena that contains sufficient detail to allow a challenge to the assertion of the privilege:

> (d) Duties in Responding to Subpoena.
>
> (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, <u>the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim</u>.

Fed. R. Civ. Pro. Rule 45(d)(2) (emphasis added). The failure to submit a privilege log[1] prior to date and time for responding to the subpoena constitutes a waiver of the privilege. See, e.g., In re Grand Jury Subpoena, 274 F.3d 563, 576 (1st Cir. 2001) ("A party that fails to submit a privilege log is deemed to waive the underlying privilege claim.") (citing Dorf & Stanton Communications, Inc. v. Molson Breweries, 100 F.3d 919, 923 (Fed. Cir. 1996) (holding that failing "to provide a complete privilege log demonstrating sufficient grounds for taking the privilege" waives the privilege)). Here, Mr. Totto's failure to comply with Fed. R. Civ. Pro. Rule 45(d)(2) has made it very difficult, if not impossible, for Plaintiff to directly challenge Mr. Totto's sweeping claims of privilege because Plaintiff can not address specifically identified documents, but is handicapped to arguing generalities. Mr. Totto's failure to provide a privilege log is fatal to his claim of privilege as it is "[t]he party claiming privilege [that] has the burden to establish its existence." Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1341 (D.C. Cir. 1984). Thus, Mr. Totto and the Ethics Commission have waived any privileges that may allow them to withhold documents and things or to refuse testimony.

---

[1] See Avery Dennison Corp. v. Four Pillars, 190 F.R.D. 1 (D.D.C. 1999) (describing privilege logs as "the universally accepted means" of asserting privilege claims in the federal courts).

Without prejudice to Plaintiff's contention that Mr. Totto and the Ethics Commission have waived any and all privileges, Plaintiff will attempt to address the general and nonspecific bases for privilege alleged by Mr. Totto.

In the present case, Mr. Totto's client would presumably be the Ethics Commission of the City and County of Honolulu. There is absolutely no indication whatsoever that any document sought, or testimony responsive to any question propounded would infringe on any privilege between the Ethics Commission and Mr. Totto.

### 1. Attorney-Client Privilege

"Federal common law recognizes a privilege for communications between client and attorney for the purpose of obtaining legal advice, provided such communications were intended to be confidential." Gomez v. Vernon, 255 F.3d 1118, 1131 (9th Cir. 2001) (citing WEINSTEIN'S FEDERAL EVIDENCE, Chp. 503)). "The privilege, however, is not absolute. The privilege may be waived by the client either implicitly, by placing privileged matters in controversy, or explicitly, by turning over privileged documents." Id. "The burden of proof is on the party seeking to establish that the privilege applies." Clarke v. American Commerce National Bank, 974 F.2d 127, 129 (9th Cir. 1992). "The attorney-client privilege . . . is to be

extended no more broadly than necessary to effectuate its purpose." Great Plains Mut. Ins. Co. v. Mutual Reinsurance Bureau, 150 F.R.D. 193, 196 (D. Kan. 1993). The attorney-client privilege,

> only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney:
>
>> The protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.

Upjohn Co. v. United States, 449 U.S. 383, 395-96, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981).

Here, Mr. Totto has utterly and completely failed his burden of proving the attorney-client privilege as he has failed or refused to identify those documents and things purportedly subject to the privilege. Mr. Totto has generally stated that his documents and things contain, among other things, witness statements and factual compilations. Clearly, under Upjohn, such documents and things cannot be withheld pursuant to the attorney-client privilege.

### 2. Attorney Work Product Exception

Under certain circumstances, an attorneys' work product may be protected from disclosure. In re California Public Utilities Com., 892 F.2d 778, 780 (9th Cir. 1989) ("[Federal Rule of Civil Procedure] Rule 26(b)(3) protects attorney 'work product' from discovery in certain specified circumstances."). Federal Rules of Civil Procedure Rule 23(b)(3) provides in pertinent part:

> <u>a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney . . .) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.</u> In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

(Emphasis added.)

"[T]o qualify for protection against discovery under this rule, documents must have two characteristics: (1) they must be prepared in anticipation of litigation or for trial, and (2) they must be prepared by or for another party or by or for that other party's representative." California Public Utilities, 892 F.2d at 780 (internal quotation marks omitted). The protection, however, only extends to one who is a party to the litigation. Id. ("[W]e conclude that the rule, on its face, limits its protection to one who is

a party (or a party's representative) to the litigation in which discovery is sought."). Here, Mr. Totto and the Ethics Commission are not parties to the litigation.[2] While the Ethics Commission may fall under the umbrella of the City and County of Honolulu, its alleged work product was not prepared in anticipation of the litigation that is the instant action. Thus, under Ninth Circuit law Mr. Totto's and the Ethic Commission's attorney work product, if it exists at all, is not excepted from disclosure.

### 3. Deliberative Process Privilege

The governmental deliberative process privilege generally protects testimony "reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated." See Department of the Interior and Bureau of Indian Affairs v. Klamath Water Users Protective Association, 532 U.S. 1, 8 (2001).

---

[2] The City and County of Honolulu cannot in good faith now argue that the Ethics Commission should be included under the umbrella of the term "party" to the litigation, as it would have previously had an affirmative duty to have disclosed the existence of Mr. Totto's and the Ethics Commission's documents (and supply a privilege log) in its initial disclosures and in response to Plaintiff's Requests For production of Documents. Thus, the City and County of Honolulu should be estopped from now taking such a position to avoid disclosure of documents and things.

"To fall within the deliberative process privilege, a document must be both 'predecisional' and 'deliberative.'" Carter v. United States Department of Commerce, 307 F.3d 1084 (9th Cir. 2002)

"A 'predecisional' document is one 'prepared in order to assist an agency decisionmaker in arriving at his decision,' and may include 'recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency. A predecisional document is a part of the "deliberative process," if "the disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions."

Id. at 1089 (quoting Assembly of California v. United States Department of Commerce, 968 F.2d 916, 920 (9th Cir. 1992)).

"A document may be considered predecisional if it was prepared in order to assist an agency decisionmaker in arriving at his decision. " Id. (internal quotation marks and citations omitted). "'Material which predates a decision chronologically, but did not contribute to that decision, is not predecisional in any meaningful sense.'" Id. (quoting Assembly, 968 F.2d at 921)).

"The Privilege is properly limited to 'communications relating to policy formulation at the higher levels of government; it does not operate indiscriminately to shield all decision-making by public officials.'" Scott v. Bd. of Educ., 219 F.R.D. 333, 337 (D. N.J. 2004) (quoting Grossman v.

Schwarz, 125 F.R.D. 376, 381 (S.D.N.Y. 1989)). "The Privilege is not designed to shield all communications that support any decision made by a government agency." Id. "Indeed, routine operating decisions cannot be transformed into policy formulation at the higher levels of government simply because they are made at public institutions." Id. (internal quotation marks omitted).

Factual information is not generally protected by the deliberative process privilege. EPA v. Mink, 410 U.S. 73, 87-88, 93 S.Ct. 827, 35 L.Ed. 2d 119 (1973). Thus, the factual data gathered by Mr. Totto does not become protected from disclosure merely because it is part of Mr. Totto's Ethics Commission file.

The deliberative process privilege is not absolute. 'The deliberative process privilege is a qualified privilege and can be overcome by a sufficient showing of need." In re Sealed Case, 121 F.3d 729, 737-38 (DC Cir. 1997). "This need determination is to be made flexibly on a case-by-case, ad hoc basis." Id. "'Each time [the deliberative process privilege] is asserted the district court must undertake a fresh balancing of the competing interests,' taking into account factors such as 'the relevance of the evidence,' 'the availability of other evidence,' 'the seriousness of the litigation,' 'the role of the government,' and the 'possibility of future timidity

by government employees.'" Id. (quoting <u>In re Subpoena Served Upon the Comptroller of the Currency</u>, 967 F.2d 630, 634 (D.C. Cir. 1992)).

In addition, "**where there is reason to believe the documents sought may shed light on government misconduct, 'the privilege is routinely denied,' on the grounds that shielding internal government deliberations in this context does not serve 'the public's interest in honest, effective government.**'" <u>Id</u>. at 738 (emphasis added) (quoting <u>Texaco Puerto Rico, Inc. v. Department of Consumer Affairs</u>, 60 F.3d 867, 885 (1st Cir. 1995)). "**[T]he privilege may be overridden where necessary ... to 'shed light on alleged government malfeasance.**'" <u>In re Comptroller of the Currency</u>, 967 F.2d at 634 (emphasis added) (quoting <u>In re Franklin Nat'l Bank Securities Litig.</u>, 478 F. Supp. 577, 582 (E.D.N.Y. 1979)). Here, Mr. Totto's Ethics Commission's documents and things are likely to show government misconduct on several levels. First, the documents and things are necessary to shed light on Defendant City and County of Honolulu's illegal and unconstitutional actions towards Plaintiff relating to Plaintiff's January 2003 ethics complaint. The documents and will also shed light on the City and County of Honolulu's apparent manipulation and improper inference with Mr. Totto and the Ethics Commission relating to Ethics Commission Advisory Opinion 2006-2 to

improperly facilitate a litigation advantage in this action. Also, the documents and things will shed light on the City and County of Honolulu's apparent manipulation and/or improper interference with Mr. Totto's and the Ethic's Commission's investigation of Plaintiff's January 2003 complaint in order to again secure a litigation advantage in this action.[3]

Further, here, because Mr. Totto's and the Ethics Commission's actions and "deliberative process" are intertwined with the operative facts of Plaintiff's Complaint, the deliberative process privilege must yield:

> when the deliberations of a government agency are at issue, the [deliberative process] Privilege is not available to bar disclosure of such deliberations. Particularly, "in a civil rights action where the deliberative process of State or local officials is itself genuinely in dispute, privileges designed to shield that process from public scrutiny must yield to the overriding public policies expressed in the civil rights laws." Grossman, 125 F.R.D. at 381 (citing Burka v. New York City Transit Authority, 110 F.R.D. 660, 667 (S.D.N.Y. 1986). See also Memorial Hospital v. Shadur, 664 F.2d 1058 (7th Cir. 1981)

---

[3] Mr. Totto testified that the investigation into Plaintiff's January 2003 ethics complaint had not yet concluded. Mr. Totto stated that his office's guidelines, although written as mandatory, have been interpreted as a suggestion that an ethic complaints be resolved within thirty days of its receipt. Mr. Totto also testified that he is not aware of a complaint that has taken longer than Plaintiff's January 2003 ethics complaint to be resolved. Mr. Totto testified that one of the Ethics Commission's options with respect to Plaintiff's January 2003 ethics complaint is to wait until this instant action is resolved. The fact that Plaintiff's January 2003 ethics complaint has taken forty times more than the suggested time to resolve and is the longest pending investigation that Mr. Totto is aware evidences that the City and County is engaged in malfeasance by stifling, delaying and/or interfering with the resolution of Plaintiff's January 2003 ethics complaint to manipulate the outcome of this action.

      (confidential medical disciplinary proceedings required to be disclosed in federal antitrust action alleging conspiracy); United States v. AT & T, 524 F. Supp. 1381, 1389-90 (D.D.C. 1981) (FCC employees could be questioned about thought processes in administrative process, notwithstanding claim of deliberative process privilege, where manipulation of agency decisions by employees was in issue in antitrust action); Hinsdale v. City of Liberal, Kansas, 1997 U.S. Dist. LEXIS 13779, 1997 WL 557314, * 1 (D.Kan.) ("Courts have consistently found that the deliberative process] privilege is outweighed by the interest in disclosure where a case is based on alleged violations of federally-protected civil rights.") (citing United States v. Phoenix Union High School District, 681 F.2d 1235, 1237-38 (9th Cir. 1982), cert. denied, 459 U.S. 1191, 75 L. Ed. 2d 422, 103 S. Ct. 1169 (1983) (information sought to determine compliance with civil rights law had to be provided despite state law of confidentiality)).

Scott, 219 F.R.D. at 337.

      Here, the qualified deliberative process privilege must yield to disclosure because much of the information sought is factual, the information sought will shed light on government misconduct or malfeasance, and the information sought is interwined with the operative facts of this case. Thus, the deliberative process privilege does not protect from disclosure any of Mr. Totto's or the Ethics Commission's documents.

      **4.   Uniform Information Practices Act**

      Without further elaboration, Mr. Totto's counsel claimed that the State of Hawaii Uniform Information Practices Act ("UIPA"), Hawaii Revised Statutes chapter 92F, would prevent him from producing certain documents and things in response to the subpoena duces tecum. This assertion is

clearly misplaced. State of Hawaii Office of Information Practices Opinion Letter 95-16 specifically opines that the UIPA "do[es] not afford a basis to object to the discovery of records sought pursuant to a clerk-issued subpoena, or under the rules of pretrial discovery." Thus, the UIPA does not provide an independent basis for Mr. Totto to refuse to produce the documents and things identified in the subpoena duces tecum.

### 5. Revised Ordinance of Honolulu § 3-6.3(g)

As an additional basis for his refusal to disclose the requested documents and things, Mr. Totto asserts that Revised Ordinance of Honolulu ("ROH") § 3-6.3(g) prohibits such disclosure. ROH § 3-6.3(g) provides that:

> Any commission member or commission staff, who divulges information concerning the allegation prior to the issuance of an advisory opinion by the commission, or if the investigation discloses that the advisory opinion should not be issued by the commission, any commission member or commission staff who, at any time, divulges any information concerning the original allegation, or divulges the contents of disclosures except as permitted by this article, shall, if found guilty, be subject to the applicable provisions of Section 11-106 of the revised charter.

However, because this matter is in federal court pursuant to federal question jurisdiction, Mr. Totto may not rely on ROH § 3-6.3(g) as a privilege for withholding documents and things. Fed. R. Evid. Rule 501 provides, in relevant part, that, "Except as otherwise required by the

Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Thus, this Court does not recognize ROH § 3-6.3 as an evidentiary privilege.[4]

### B. Mr. Totto Should Be Compelled to Answer Questions Posed to Him at His Oral Deposition.

At his June 23, 2006 deposition, Mr. Totto was instructed by his attorney on numerous occasions not to answer questions (1) "get[ting] into the specifics of the investigation" by the Ethics Commission's regarding Plaintiff's January 2003 ethics complaint; and (2) relating to Ethics Commission Advisory Opinion 2006-2. Although not entirely clear from the deposition transcript, the bases for such instructions appear to be one or more of the five above-stated "privileges" generally asserted in response to the subpoena duces tecum.

---

[4] ROH § 3-6.3 appears to prohibit the voluntary public disclosure of information; it does not appear to prohibit the disclosure of such information pursuant to a legitimate legal inquiry.

For the reasons set forth in Section A., supra, which are incorporated by reference into this Section B., none of the "privileges" asserted by Mr. Totto are applicable. Thus, Mr. Totto should be compelled to answer all questions (1) "get[ting] into the specifics of the investigation" by the Ethics Commission's regarding Plaintiff's January 2003 ethics complaint; and (2) relating to Ethics Commission Advisory Opinion 2006-2.

### III. CONCLUSION

For the reasons set forth above, Mr. Totto should be compelled to comply with the subpoena and produce for inspection and copying the requested documents and things and should be compelled to answer all question "get[ting] into the specifics of the investigation" by the Ethics Commission's regarding Plaintiff's January 2003 ethics complaint; and (2) relating to Ethics Commission Advisory Opinion 2006-2.

Dated: Honolulu, Hawaii, July 5, 2006.

/s/Roger S. Moseley
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA
Attorney for Plaintiff
PHILIP E. ENGLISH