IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PHILIP E. ENGLISH,                  ) CIVIL NO. 04-00108 SOM/KSC
                                    )
            Plaintiff,              ) ORDER GRANTING DEFENDANT
                                    ) CITY'S MOTION FOR SUMMARY
      vs.                           ) JUDGMENT AND GRANTING
                                    ) DEFENDANT KUROKAWA, MAGOTA
CITY AND COUNTY OF                  ) AND GIMA'S MOTION FOR
HONOLULU; GARY T. KUROKAWA;         ) SUMMARY JUDGMENT
ROBERT O. MAGOTA; ANN C.            )
GIMA; and GK APPRAISALS,            )
INC.; JOHN DOES 1-10; JANE          )
DOES 1-10; DOE                      )
PARTNERSHIPS; DOE                   )
CORPORATIONS 1-10; AND DOE          )
ENTITIES 1-10,                      )
                                    )
                                    )
                                    )
            Defendants.             )
                                    )
_____      )


ORDER GRANTING DEFENDANT CITY'S MOTION FOR SUMMARY
JUDGMENT AND GRANTING DEFENDANT KUROKAWA, MAGOTA AND
GIMA'S MOTION FOR SUMMARY JUDGMENT

On February 13, 2004, Plaintiff Philip E.

English ("Plaintiff") filed a Complaint, asserting the

following claims against Defendants City and County of

Honolulu ("Defendant City"), Gary T. Kurokawa

("Defendant Kurokawa"), Robert O. Magota ("Defendant
Magota"), Ann C. Gima ("Defendant Gima"), and GK
Appraisals, Inc. ("Defendant GK"), John Does 1-10, Jane
Does 1-10, DOE Partnerships, DOE Corporations 1-10, and
DOE Entities (collectively "Defendants"): (1) violation
of civil rights (Count I); (2) conspiracy to interfere
with civil rights (Count II); (3) neglect to prevent
interference with civil rights (Count III); (4)
unlawful discrimination and retaliation (Count IV); (5)
willful, wanton, and reckless conduct (Count V) ; (6)
intentional infliction of severe mental or emotional
distress (Count VI); (7) negligent infliction of
emotional distress (Count VII); (8) defamation (Count
VIII); (9) intentional interference with contractual
relations (Count IX); (10) intentional interference
with prospective economic advantage (Count X); (11)
violation of rights under Hawaii Constitution (Count
XI); and (12) punitive damages (Count XII).

On December 15, 2005, Judge Susan Oki Mollway
issued an Order Granting Defendant City and County of
Honolulu's Motion for Judgment on the Pleadings; Order

2

Granting in Part and Denying in Part the Individual
Defendants' Motion for Judgment on the Pleadings; Order
Granting in Part and Denying in Part the Motion for
Summary Judgment Filed By Defendant GK Appraisals, Inc.
Judge Mollway gave Plaintiff leave to amend his
Complaint subject to certain restrictions.  On January
12, 2006, Plaintiff filed a First Amended Complaint,
alleging the same claims contained in the original
Complaint, but noting within the First Amended
Complaint the counts that were dismissed against each
defendant pursuant to Judge Mollway's Order.  Thus,
following Judge Mollway's Orders and the filing of
Plaintiff's First Amended Complaint, the remaining
claims against Defendant City are Counts IV, VI, VIII,
IX, and X; the remaining claims against Defendants
Kurokawa, Magota and Gima are Counts I, IV, V, VI, VII
(against Defendant Kurokawa only), VIII, IX, X and XII;
and the remaining claims against Defendant GK are
Counts VI, VII, IX, X, and XII.

     On May 3, 2006, Defendants Kurokawa, Magota and
Gima filed a Motion for Partial Dismissal, or in the

Alternative, Motion for Partial Summary Judgment ("Defendants Kurokawa, Magota, and Gima's Motion") seeking dismissal of Count IX (intentional interference with contractual relations) and Count X (intentional interference with prospective economic advantage) and a concise statement of facts in support of their Motion. On May 3, 2006, Defendant City filed a Motion for Partial Dismissal, or in the Alternative, Motion for Partial Summary Judgment ("Defendant City's Motion") seeking dismissal of Count X (intentional interference with prospective economic advantage) of Plaintiff's First Amended Complaint filed on January 12, 2006 ("First Amended Complaint") and a concise statement of facts in support of its Motion.  On May 26, 2006, Plaintiff filed an Opposition to the each of the motions and a concise statement of facts in support of each Opposition.  On June 2, 2006, Defendant City and Defendants Korokawa, Magota, and Gima each filed a Reply.  On June 15, 2006, Plaintiff filed a Supplement to Plaintiff's Concise Statement of Facts.

4

The matter came on for hearing on June 15, 2006. Attorney Roger Moseley and Attorney Joanna Fong appeared on behalf of the Plaintiff; Attorney Michael Lorusso appeared on behalf of Defendant City and Defendants Kurokawa, Magota and Gima; Attorney Anthony Wong appeared on behalf of Defendant GK.

After careful consideration of the Motions, the supporting and opposing memoranda, and the arguments of counsel, the Court GRANTS Defendant City's Motion for summary judgment on Count X of the First Amended Complaint and GRANTS Defendants Kurokawa, Magota and Gima's Motion for summary judgment on Counts IX and X of the First Amended Complaint.

<u>BACKGROUND</u>

On June 1, 2000, Plaintiff began employment as a Real Property Appraiser with Defendant City. Plaintiff's Concise Statement of Facts at 3. In early 2001, Plaintiff was promoted. Id. at 4. At that time, Defendant Gima, Plaintiff's former supervisor, rated Plaintiff's work as "exceed[ing] requirements" in all

performance areas on his Annual Performance Report. Id.
During this time, Plaintiff claims he began noticing
that another City appraiser was performing private
appraisal work during City time for a private appraisal
firm owned by Defendant Kurokawa, another one of
Plaintiff's supervisors.  Id.  Plaintiff asserts that
he learned that this activity was an established scheme
between Defendant Kurokawa and the City appraiser.  Id.
Plaintiff alleges that he confronted his supervisors
about the illegal activity, culminating in an email
sent by Plaintiff to Defendant Magota on February 15,
2002.  Id. at 5.  However, Plaintiff claims that the
activity continued unabated.  Id.  Shortly thereafter,
Plaintiff alleges that he became aware of substantial
changes in attitude towards him by his supervisors and
other personnel at his workplace, including incidents
of retaliation; a drop in ratings in his Annual
Performance Report, as well as being treated
differently; and being held to a different standard
than other City appraisers.  Id.  In addition,

Plaintiff claims that from late January 2003 until early February 2003 he suffered from various ailments as a result of the alleged harassment, including an inability to sleep, weight loss, lack of energy, headaches, stomach pain, joint pain, nausea, shortness of breath, and nightmares.  Id. at 7.  As a result of his ailments, Plaintiff claims he was advised by his physician not to return to work.  Id.  Plaintiff has not worked at the City since February 27, 2003, and he has not worked in the private appraisal business sector since that date.  Id. at 7-8.

On January 20, 2004, Plaintiff resigned his Real Property Appraiser position with Defendant City as part of his Workers Compensation settlement with Defendant City.  Defendant Kurokawa, Magota, and Gima's Concise Statement of Facts at 1.  Plaintiff stated that he has not applied for any appraiser positions in either the public or private sector since his resignation in 2004.  Id.

## STANDARD OF REVIEW

A.  Judgment on the Pleadings Standard

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(c), motions for judgment on the pleadings should be granted when, taking all material allegations in a complaint as true and construing them in the light most favorable to the nonmoving party, the moving party demonstrates that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 12(c); see also Geraci v. Homestreet Bank, 347 F.3d 749, 751 (9th Cir. 2003); Honey v. Distelrath, 195 F.3d 531, 532 (9th Cir. 1999); Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1301 n.2 (9th Cir. 1992).

Pursuant to Rule 12(c), when matters outside the pleadings are considered the motion is treated as a motion for summary judgment.  See Fed. R. Civ. P. 12(c); see also Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996) (converting a Rule 12(c) motion to a motion for summary judgment under Rule 56 because matters outside the pleadings were considered).  In

this case, since the Court is considering evidence and
matters outside the pleadings, the Court will treat the
two Motions as motions for summary judgment.

      B.   Summary Judgment Standard

      Summary judgment is appropriate when there is
no genuine issue of material fact and the moving party
is entitled to judgment as a matter of law. See Fed.
R. Civ. P. 56(c). The moving party has the initial
burden of "identifying for the court those portions of
the materials on file in the case that it believes
demonstrate the absence of any genuine issue of
material fact." T.W. Elec. Serv., Inc. v. Pacific
Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
1987) (citing Chelates Corp. v. Citrate, 477 U.S. 317,
323 (1986)). In a motion for summary judgment, the
court must view the facts in the light most favorable
to the nonmoving party. State Farm Fire & Casualty Co.
v. Martin, 872 F.2d 319, 320 (9th Cir. 1989).

      Once the moving party has met its burden of
demonstrating the absence of any genuine issue of

material fact, the nonmoving party must set forth
specific facts showing that there is a genuine issue
for trial.  T.W. Elec., 809 F.2d at 630; Fed. R. Civ.
P. 56(e).  The opposing party may not defeat a motion
for summary judgment in the absence of any significant
probative evidence tending to support its legal theory.
Intel Corp. v. Hartford Accident & Indemnity Co., 952
F.2d 1551, 1558 (9th Cir. 1991).  The nonmoving party
cannot stand on its pleadings, nor can it simply assert
that it will be able to discredit the movant's evidence
at trial.  T.W. Elec., 809 F.2d at 630; Blue Ocean
Preservation Soc. v. Watkins, 754 F. Supp. 1450, 1455
(D. Haw. 1991); Fed. R. Civ. P. 56(e).

       If the nonmoving party fails to assert specific
facts, beyond the mere allegations or denials in its
response, summary judgment, if appropriate, shall be
entered.  Lujan v. Natal Wildlife Fed'n, 497 U.S. 871,
884 (1990); Fed. R. Civ. P 56(e).  There is no genuine
issue of fact if the opposing party fails to offer
evidence sufficient to establish the existence of an

element essential to that party's case.  <u>Chelates</u>, 477
U.S. at 322; <u>Citadel Holding Corp. v. Roven</u>, 26 F.3d
960, 964 (9th Cir. 1994); <u>Blue Ocean</u>, 754 F. Supp. at
1455.

　　　　In considering a motion for summary judgment,
"the court's ultimate inquiry is to determine whether
the 'specific facts' set forth by the nonmoving party,
coupled with undisputed background or contextual facts,
are such that a rational or reasonable jury might
return a verdict in its favor based on that evidence."
<u>T.W. Elec.</u>, 809 F.2d at 631 (citing <u>Anderson v. Liberty
Lobby</u>, 477 U.S. 242, 255 (1986)).  Inferences must be
drawn in favor of the nonmoving party.  <u>T.W. Elec.</u>, 809
F.2d at 631.  However, when the opposing party offers
no direct evidence of a material fact, inferences may
be drawn only if they are reasonable in light of the
other undisputed background or contextual facts and if
they are permissible under the governing substantive
law.  <u>Id.</u> at 631-32.  If the factual context makes the
opposing party's claim implausible, that party must

come forward with more persuasive evidence than

otherwise necessary to show there is a genuine issue

for trial.  Bator v. State of Hawaii, 39 F.3d 1021,

1026 (9th Cir. 1994) (citing California Architectural

Bldg. Prods., Inc. v. Franciscan Ceramics, 818 F.2d

1466, 1468 (9th Cir. 1987), cert. denied, 484 U.S. 1006

(1988)).

DISCUSSION

A. Summary Judgment is Granted on Plaintiff's
Claim for Tortious Interference With Contractal
Relations (Count IX)

As a preliminary matter, Defendants Kurokawa,

Magota, and Gima argue that Plaintiff has failed to

adequately plead a claim for tortious interference with

contractual relations ("TIC"), since Plaintiff asserts

a claim for "intentional interference with contractual

relations" in Plaintiff's First Amended Complaint.

To establish a claim for TIC, a plaintiff must

demonstrate:

> (1) a contract between the plaintiff
> and a third party;
> (2) the defendant's knowledge of the
> contract;

> (3) the defendant's intentional
> inducement of the third party to
> breach the contract;
> (4) the absence of justification on
> the defendant's part;
> (5) the subsequent breach of the
> contract by the third party; and
> (6) damages to the plaintiff.

Lee v. Aiu, 936 P.2d 655, 668 (Haw. 1997)(citing

Weinberg v. Mauch, 890 P.2d 277, 287 (1995)).

In Count IX of the First Amended Complaint,

Plaintiff alleges that he had a contractual employment

relationship with Defendant City and that Defendants

Kurokawa, Magota and Gima retaliated against him by

inducing Defendant City to breach its employment

contract with Plaintiff by forcing Plaintiff to quit.

Specifically, Plaintiff alleges that Defendants, other

than Defendant City, "intentionally and knowingly

interfered with, and eventually damaged and destroyed,

all of Plaintiff's rights under his employment contract

with the City." As a preliminary matter, the Court

finds that Plaintiff has met the notice pleading

standard with respect to his claim for TIC. See Fed. R.

Civ. P. 8(a)(2) (requiring merely "a short and plain

13

statement of the claim showing that the pleader is entitled to relief").

In order to succeed on a claim for TIC, a plaintiff must establish the intentional inducement of a third party to breach a contract. <u>See</u> <u>Lee v. Aiu</u>, 396 P.2d 655 (Haw. 1997). This court has further clarified that an agent acting legitimately within the scope of his authority is not a third party for purposes of a TIC claim. <u>See</u> <u>Mroz v. Hoaloha Na Eha, Inc.</u>, 410 F. Supp. 2d 919, 937-38 (D. Haw. 2005)("An agent acting legitimately within the scope of his authority cannot be held liable for interfering with or inducing his principal to breach a contract between his principal and a third party, because to hold him liable would be, in effect, to hold the corporation liable in tort for breaching its own contract..[a]n agent, however, can be held liable for such interference or inducement if he did not act legitimately within his scope of duty but used the corporate power improperly for personal gain.")

As a preliminary matter, the Court notes that
Plaintiff has not presented any evidence to support the
existence of an employment contract with Defendant
City.  Exhibit 23 to Plaintiff's concise statement of
facts entitled "Notification of Personnel Action"
merely indicates that Plaintiff was hired on June 1,
2000 and had a probation end date of November 30, 2000.
The factual bases of Plaintiff's employment contract
with Defendant City are unclear.  Further, Defendant
City asserts that it "is without knowledge or
information sufficient to form a belief as to the truth
of the allegations" with respect to Plaintiff's
allegation that he has an employment contract with
Defendant City.  Defendant City's Answer at ¶28.
However, this Court has stated that a plaintiff may
assert a TIC claim even where the contract is
terminable at will. See Mroz, 410 F. Supp. 2d at 937,
fn. 9.  Thus, the Court, construing the facts in the
light most favorable to Plaintiff, finds that a
reasonable jury could find that Plaintiff had an

15

employment relationship with Defendant City which was
terminable at will.

Next, in Plaintiff's First Amended Complaint,
Plaintiff alleges that Defendants Kurokawa, Magota and
Gima were all acting within the scope of their
employment when they committed the alleged wrongful
actions against Plaintiff.  Plaintiff's First Amended
Complaint at ¶6.  While a reasonable jury could find
that Defendants Kurokawa, Magota, and Gima were not
acting *legitimately* within the scope of their
employment, this Court construes <u>Mroz</u> to allow for
agent liability for purposes of a TIC claim only where
an agent was acting *illegitimately* and *outside* the
scope of his employment. 410 F. Supp. 2d at 937-38
(emphases added).  Therefore, because Plaintiff asserts
that Defendants Kurokawa, Magota and Gima were acting
within the scope of their employment, Defendant City is
not a third party for purposes of Plaintiff's TIC
claim.  However, even assuming *arguendo* that an
employment contract did exist between Plaintiff and

16

Defendant City and that Defendant City is a third party for purposes of Plaintiff's TIC claim, Plaintiff's TIC claim still fails as a matter of law based on the following.

To succeed on a claim for TIC, a plaintiff must also present sufficient evidence that a defendant had knowledge of the contract. In response to Plaintiff's allegation in his First Amended Complaint that he had a contractual employment relationship with Defendant City, Defendants Kurokawa, Magota, and Gima have stated that they "are without knowledge or information sufficient to form a belief as to the truth" of this allegation. Defendants Kurokawa, Magota, and Gima's Answer at ¶28. Significantly, Plaintiff has not produced any direct evidence to the contrary which establishes that Defendants Kurokawa, Magota, and Gima did in fact have knowledge of Plaintiff's alleged employment contract with Defendant City.

Also, Plaintiff has failed to present sufficient evidence which proves that Defendants

17

Kurokawa, Magota and Gima intentionally induced Defendant City to breach its alleged employment contract with Plaintiff.

While there is some controversy as to whether Plaintiff signed his Workers Compensation settlement with Defendant City that resulted in his resignation under duress, this issue is not relevant to the instant Motion as Plaintiff does not allege that Defendants Kurokawa, Magota or Gima played any role in allegedly forcing Plaintiff to enter into the settlement agreement.[1]  Importantly, Plaintiff does not allege and has not produced any evidence that Defendants Kurokawa, Magota and Gima ever communicated with Defendant City for the purpose of inducing Defendant City to breach its alleged employment contract with Plaintiff.  Absent any allegation or evidence to this effect, the Court finds that no reasonable jury could find that

---

[1] There is also an evidentiary issue regarding Plaintiff's claim since in his statement in his declaration that he signed the agreement under duress is contrary to his deposition testimony in which he stated he did not sign the agreement under duress.

18

Defendants Kurokawa, Magota and Gima intentionally
induced Defendant City to breach its alleged employment
contract with Plaintiff.  Because Plaintiff has failed
to produce sufficient evidence on the two
aforementioned essential elements of his TIC claim, it
is not necessary for the Court to address the remaining
three elements, as Plaintiff's TIC claim fails as a
matter of law.

Accordingly, the Court GRANTS Defendants
Kurokawa, Magota and Gima's Motion for summary judgment
on Count IX of Plaintiff's First Amended Complaint.

> B. <u>Summary Judgment is Granted in Favor of
> Defendant City and Defendants Kurokawa, Magota
> and Gima on Plaintiff's Claim for Tortious
> Interference with Prospective Business
> Advantage (Count X)</u>

At the outset, Defendant City contends that
Plaintiff's claim entitled "intentional interference
with prospective economic advantage" should be
dismissed on the pleadings pursuant to Rule 12(c)
because the claim is not recognized under Hawaii law.
In <u>Robert's Hawaii School Bus, Inc. v. Laupahoehoe</u>

<u>Transp. Co., Inc.</u>, 982 P.2d 853, 887 (Haw. 1999), the
Hawaii Supreme Court first recognized the tort of
intentional or tortious interference with prospective
business advantage and listed the elements for the new
tort as follows:

> (1) the existence of a valid business
> relationship or a prospective
> advantage or expectancy sufficiently
> definite, specific, and capable of
> acceptance in the sense that there is
> a reasonable probability of it
> maturing into a future economic
> benefit to the plaintiff;
> (2) knowledge of the relationship,
> advantage, or expectancy by the
> defendant;
> (3) a purposeful intent to interfere
> with the relationship, advantage, or
> expectancy;
> (4) legal causation between the act of
> interference and the impairment of the
> relationship, advantage, or
> expectancy; and
> (5) actual damages.

<u>Robert's Hawaii School Bus, Inc. v. Laupahoehoe Transp.
Co., Inc.</u>, 982 P.2d 853, 887 (Haw. 1999)(citations
omitted).  In addition, "[t]he prospective economic
relationship need not take the form of an offer but
there must be specific facts proving the possibility of

future association." <u>Robert's Hawaii School Bus, Inc.</u>,
91 Haw. at 259, fn. 40.  In <u>Mroz</u>, this court further
clarified the elements of a claim for tortious
interference with prospective business advantage
("TIPBA") stating that to succeed on a TIPBA claim, a
plaintiff must show that a "valid business relationship
or prospective advantage or expectancy existed between
the plaintiff and a third party such that there is a
'reasonable probability of it maturing into a future
economic benefit to the plaintiff.'" <u>Mroz</u>, 410 F. Supp.
2d at 937 (citation omitted).

    In Count X of Plaintiff's First Amended
Complaint, Plaintiff alleges that he had "a contractual
employment relationship with the City, as well as the
prospects for future advancement at the City and/or
other additional economic advantage to be gained in the
private real estate profession."  Plaintiff also
alleges that Defendants intentionally and knowingly
interfered with Plaintiff's rights for future
advancement and/or other economic advantage to be

gained in the private real estate profession.
Consequently, the Court finds Plaintiff's First Amended
Complaint gives Defendants adequate notice of his claim
for TIPBA and meets the notice pleading standard set
forth in Rule 8(a)(2).

However, Plaintiff has failed to present
sufficient evidence to survive summary judgment on his
TIPBA claim.  After a review of the record, the Court
finds that Plaintiff has not identified a specific
third party with whom he had a valid business
relationship or could have a contractual relationship
or business expectancy for purposes of his TIPBA claim.
In addition, at the hearing, Plaintiff's counsel stated
that Plaintiff had not applied for a position with a
third party, nor was there any specific third party
with whom he had a prospective business advantage.
Thus, the Court finds that Plaintiff's mere assertion
that he had a prospective economic advantage in the
private real estate appraisal market is speculative and
fails to set out the specific facts necessary to

sustain a claim for TIPBA. <u>See</u> <u>Robert's</u> <u>Hawaii School</u> <u>Bus, Inc.</u>, 91 Haw. at 259, fn. 40; <u>Mroz</u>, 410 F.Supp.2d at 937.  Consequently, based on Plaintiff's failure to identify a third party or specific facts proving the possibility of future association with a third party, the Court finds that Plaintiff's claim for TIPBA fails as a matter of law.

Accordingly, the Court GRANTS Defendant City and Defendant Kurokawa, Magota and Gima's Motions for Summary Judgment on Count X of Plaintiff's First Amended Complaint.

<u>CONCLUSION</u>

For all of the aforementioned reasons, the Court GRANTS Defendant City's Motion for partial summary judgment and dismisses Count X of Plaintiff's First Amended Complaint against Defendant City and GRANTS Defendants Kurokawa, Magota and Gima's Motion for partial summary judgment and dismisses Counts IX and X of Plaintiff's First Amended Complaint against Defendants Kurokawa, Magota and Gima.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, June 30, 2006.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 04-00108 SOM-KSC.  PHILIP E. ENGLISH vs. CITY AND
COUNTY OF HONOLULU, ET. AL.; ORDER GRANTING DEFENDANT CITY AND
COUNTY OF HONOLULU'S MOTION FOR PARTIAL DISMISSAL