ORIGINAL

00000779.WPD

KAWASHIMA LORUSSO & TOM LLP

JAMES KAWASHIMA      #1145-0
MICHAEL A. LORUSSO   #3448-0
CARTER K. SIU        #7313-0
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Telephone:    (808)275-0371
Facsimile:    (808)275-0399
Email Address: mlorusso@kltlaw.com

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA, ROBERT O. MAGOTA,
and ANN C. GIMA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 0 7 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>        Plaintiff,<br><br>   vs.<br><br>CITY AND COUNTY OF HONOLULU;<br>GARY T. KUROKAWA; ROBERT O.<br>MAGOTA; ANN C. GIMA; and GK<br>APPRAISALS, INC.; JOHN DOES<br>1-10; JANE DOES 1-10; DOE<br>PARTNERSHIPS; DOE CORPORATIONS<br>1-10; AND DOE ENTITIES 1-10,<br><br>        Defendants. | ) CIVIL NO. CV04-00108 SOM/KSC<br>)<br>) DEFENDANTS CITY & COUNTY OF<br>) HONOLULU, GARY T. KUROKAWA,<br>) ROBERT O. MAGOTA, AND ANN C.<br>) GIMA'S **REPLY MEMORANDUM** IN<br>) SUPPORT OF THEIR MOTION FOR<br>) PROTECTIVE ORDER; MEMORANDUM IN<br>) SUPPORT OF MOTION; DECLARATION<br>) OF MICHAEL A. LORUSSO;<br>) CERTIFICATE OF SERVICE<br>)<br>) **HEARING:**<br>)<br>) Date:    July 20, 2006<br>)<br>) Time:    9:30 a.m.<br>)<br>) Judge:  Hon. Kevin S.C. Chang<br>)<br>)<br>) Trial: October 3, 2006<br>)<br>) |

**DEFENDANTS CITY & COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER**

Come now Defendants CITY & COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA (collectively "CITY Defendants"), by and through their attorneys, KAWASHIMA LORUSSO & TOM LLP, and hereby submits their Reply Memorandum in support of their Motion for Protective Order.

I.  **INTRODUCTION**

In Plaintiff's memorandum in opposition to City Defendant's motion for protective order, he states the following reasons why Michael A. Lorusso, Esq.'s deposition should go forward:

> [C]onsidering Defendants denying the legitimacy of Plaintiff English's Claims, discovery into the Ethics Commission investigation and proceeding is absolutely relevant and clearly may lead to the discovery of admissible evidence.  As [the Ethics Commission] is an agency of the City that is conducting the investigation of a matter directly related to Plaintiff and this lawsuit, Mr. Lorusso is a witness to the investigation with respect to his involvement.  It is obvious that Mr. Lorusso is involved in some direct manner with the ethics investigation and with the representation of Gary Kurokawa against his own client, the City, and that Mr. Lorusso may have valuable knowledge to the issues raised herein.  **Discovery is necessary to determine his interaction and involvement with the ethics commission and the corresponding investigation.**
>
> *        *        *
>
> Discovery into the ethics investigation and Mr. Lorusso's deposition is **relevant to the claims herein insofar as the City is treating Plaintiff English in a different manner than it treated and is treating Defendant Gary Kurokawa.**

- 2 -

                              *      *      *

The testimony of Michael A. Lorusso is relevant to the
allegations asserted by Plaintiff and the deposition
will show that the City acting in concert to protect
its employees has a custom and persistent practice of
retaliation against whistleblowers, including Plaintiff
and a practice of failure to investigate the complaints
of whistleblowers, and of violation of the statutory
and constitutional rights of whistleblowers.  The
testimony pertaining to the Ethics Commission
proceedings are significant and related to Plaintiff's
claims proving the liability of the Defendants.  **It is
patently clear that the city is doing all that it can
to ensure Plaintiff English does not obtain the
evidence necessary to illuminate the long-standing
improper practices of the city.**

                              *      *      *

Now Mr. Lorusso is representing the City and Gary
Kurokawa in this lawsuit and Mr. Lorusso is involved in
the City's ethics investigation of Gary Kurokawa.  **The
city by using the same attorney creates a tight circle
of information making it difficult for discovery and
for the truth to be revealed.**

Plaintiff believes he will obtain this type of

information from Michael A. Lorusso, Esq.  However, Mr. Lorusso's

sole role in the City Ethics Commission investigation was only in

the capacity as legal counsel for Defendant Kurokawa.  See

Declaration of Michael A. Lorusso, Esq.  Further, Defendant

Kurokawa has retained Herbert Takahashi, Esq. for matters

pertaining to the City Ethics Commission investigation.  Id.

        Moreover, Mr. Lorusso's deposition cannot go forward as

Plaintiff has failed to satisfy any of the elements of the

Shelton test.

                              - 3 -

## II. <u>DISCUSSION</u>

Plaintiff has based his entire opposition on claims of conspiracy between Defendant Kurokawa, the City Ethics Commission, the City (as a whole), and Mr. Lorusso to conceal information about the lawsuit from Plaintiff. Before addressing why this assertion is baseless, City Defendants point out that Plaintiff has failed to directly address each of the following <u>Shelton</u> factors:

    (1)   No other means exist to obtain the information other than to depose opposing counsel;

    (2)   The information sought is relevant and nonprivileged; <u>and</u>

    (3)   The information is crucial to the preparation of the case.

<u>Shelton v. American Motors Corp.</u>, 805 F.2d 1323 (8th Cir. 1987). On that basis alone, City Defendants submit that their Motion for Protective Order should be granted.

Assuming, *arguendo*, that Plaintiff did address each <u>Shelton</u> factor – which City Defendants specifically refute – and to the extent that City Defendants understand Plaintiff's memorandum in opposition, Plaintiff still has not adequately set forth sufficient reasons why Mr. Lorusso's deposition should go forward.

A.    "No Other Means Exist to Obtain the Information Other
      than to Depose Opposing Counsel"

        First and foremost (and in addition to the methods set

forth in City Defendant's moving papers), the information that

Plaintiff seeks to obtain from Mr. Lorusso is available from

other individuals.  For instance, if Plaintiff seeks information

regarding the "professional conduct and methodology of the

Assessment Division in appraising real property" and that

"employees of the Assessment Division [were] doing private

appraisal work on City time and City equipment" he can and should

notice and take the depositions of all those involved.  Plaintiff

cannot legitimately claim that he does not know the identities of

those involved as he not only initiated the Ethics Commission

investigation but he also identified those allegedly involved in

his memorandum in opposition - Christopher Graff, David

Matsunami, Defendant Kurokawa, Defendant Gima, Defendant Magota,

and other workers at GK Appraisals.

        City Defendants point out that Plaintiff has not

addressed and/or explained why the depositions of all person(s)

allegedly involved have not been scheduled and/or taken.  If this

information was critical to Plaintiff's case in chief, one would

assume that this type of discovery would have already taken

place.  Instead, Plaintiff is attempting to improperly short-cut

the discovery process by subpoenaing Mr. Lorusso to testify about

the Ethics Commission investigation.  This type of litigation

- 5 -

tactic, when viewed under the specifics of this case, is an affront to the discovery process and should not be condoned.

**B.    "The Information Sought Is Relevant and Nonprivileged"**

Based on the type of information being sought by Plaintiff, it is clear that he is embarking on a McCarthy-like witch hunt, trying to locate and implicate as many City employees and agencies as possible as part of a larger conspiracy theory. Whatever Plaintiff's motivation might be in obtaining this information, he has not and cannot establish that information regarding the Ethics Commission's process and findings are relevant to Plaintiff's remaining claims.  It is significant to point out that no where in Plaintiff's memorandum in opposition to City Defendant's Motion for Protective Order has he specifically stated that the information is critical in establishing Claim "X" or Claim "Y."

The only claimed "relevance" that City Defendants could discern from Plaintiff's opposition is as follows:

- **Discovery is necessary to determine his interaction and involvement with the ethics commission and the corresponding investigation.**

- Discovery into the ethics investigation and Mr. Lorusso's deposition is **relevant to the claims herein insofar as the City is treating Plaintiff English in a different manner than it treated and is treating Defendant Gary Kurokawa.**

- The testimony pertaining to the Ethics Commission proceedings are significant and related to Plaintiff's claims proving the liability of the Defendants.  **It is patently clear that the city is doing all that it can**

- 6 -

**to ensure Plaintiff English does not obtain the evidence necessary to illuminate the long-standing improper practices of the city.**

None of these matters, however, are truly relevant to the remaining claims against City Defendants.

First, the claim that there is disparate treatment between Plaintiff and Defendant Kurokawa is an illogical and unfair comparison as Plaintiff is not being investigated, like Defendant Kurokawa, by the City Ethics Commission.  More importantly, a claim of disparate treatment, as described by Plaintiff, is not an element of any claim alleged in the First Amended Complaint.

Additionally, there are no facts to support the claim that the City Ethics Commission is preventing Plaintiff from obtaining evidence.  As stated previously, Plaintiff has the same opportunity as the Ethics Commission to depose the various "employees of the Assessment Division [who were] doing private appraisal work on City time and City equipment."   Even if true – which City Defendants adamantly dispute – this evidence is irrelevant to Plaintiff's remaining claims; further, this is not the proper forum for Plaintiff to air his grievances about the City Ethics Commission and City Defendants doubt that Plaintiff has any legal standing to do so anyway.

Lastly, it appears that Plaintiff is suggesting that Mr. Lorusso should be disqualified from this case.  Such a claim is absurd and is tantamount to the "pot calling the kettle

black." As this court is well aware, Plaintiff's counsel has orchestrated every move made by Plaintiff, starting from the time that Plaintiff retained counsel on August 14, 2002 (at a time when counsel was actively representing many homeowners in tax appeal cases for which Plaintiff was handling), through the settlement of Plaintiff's workers compensation claim, the filing of the Ethics Commission complaint, and the present lawsuit. This does not include Plaintiff's counsel's reference to this lawsuit in his tax appeals before the First Circuit Court.[1]

Furthermore, Mr. Lorusso's involvement with the Ethics Commission investigation was brief and only in the capacity as counsel for Defendant Kurokawa; and at no time did Mr. Lorusso assert claims against the Ethics Commission or any other City agency on behalf of Defendant Kurokawa nor inform the Ethics Commission how to conduct its investigation. The Ethics Commission is acting as an independent agency.

C.    "The Information Is Crucial to the Preparation of the Case"

The information sought by Plaintiff in the subject deposition is not "crucial to the preparation" of his case. For the same reasons why the information is irrelevant, the information sought has no bearing on the claims alleged in the First Amended Complaint.

---

[1]    Exhibits pertaining to Plaintiff's counsel's involvement with Plaintiff is more thoroughly detailed in City Defendant's Rule 11 Motion.

- 8 -

Given the foregoing, Plaintiff still has not satisfied his burden of proof as to <u>any</u> of the elements of the <u>Shelton</u> test. Accordingly, the subject deposition should not go forward and a motion for protective order is warranted in this matter.

## III. CONCLUSION

Based on the foregoing, Defendants CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA request that this Court grant their Motion For Protective Order and issue a protective order prohibiting the deposition of Michael A. Lorusso, Esq.

DATED: Honolulu, Hawaii, July 7, 2006

_____
JAMES KAWASHIMA
MICHAEL A. LORUSSO
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA