MOSELEY BIEHL TSUGAWA LAU & MUZZI
a Hawaii limited liability law company
ROGER S. MOSELEY        2060
CHRISTOPHER J. MUZZI    6939
RENEE M. FURUTA         7593
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone: (808) 531-0490
Facsimile: (808) 534-0202
Email: rmoseley@hilaw.us
       cmuzzi@hilaw.us
       rfuruta@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1–10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>　　　　　Defendants. | Civil No. 04-00108 SOM/KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA AND ANN C. GIMA'S MOTION FOR PROTECTIVE ORDER; DECLARATION OF COUNSEL; EXHIBIT H; CERTIFICATE OF SERVICE<br><br><u>HEARING</u><br>DATE:  07/20/06<br>TIME:  9:30 A.M.<br>JUDGE: Hon. Kevin S. Chang |

**PLAINTIFF PHILIP E. ENGLISH'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA AND ANN C. GIMA'S MOTION FOR PROTECTIVE ORDER**

Plaintiff Philip E. English (hereinafter Plaintiff "English"), by and through his attorneys, MOSELEY BIEHL TSUGAWA LAU & MUZZI, hereby submit his Supplemental Memorandum in Opposition to Defendants City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota and Ann C. Gima's (hereinafter Defendants "City") Motion for Protective Order filed on June 15, 2006.

I.   The deposition of Michael A. Lorusso is relevant and necessary.

Again, Mr. Lorusso is the attorney for Defendants City and County of Honolulu, Gary T. Kurokawa, Ann C. Gima and Robert O. Magota in the present case AND **Mr. Lorusso is also apparently involved in the related ethics investigation and the representation of Gary T. Kurokawa against the City and County of Honolulu before the Ethics Commission**.

First, Plaintiff has made efforts to obtain information from other sources, however, these efforts have been unsuccesfful to date. The oral deposition of Charles Totto was taken on June 23, 2006. See Exhibit H. Plaintiff served Mr. Totto with a Subpoena Duces Tecum requesting he produce records reltaing to Plaintiff English and the Ethics Commission's investigation. See Exhibit C and D to Plaintiff's Memorandum in Opposition to Defendants' Motion for Protective Order. As with the correspondence received from Gordon D. Nelson,

Esq., Deputy Corporation Counsel, objecting to the production of documents by Mr. Totto on the basis of attorney-client privilege, attorney work-product doctrine and the deliberative process priviege, Mr. Totto did not produce documents at his oral deposition for the same reasons.

> Q: Did you bring any documents described in that section?
>
> A: No, I did not.
>
> Q: And do you have in your possession, or under your control any documents that are described in that section?
>
> A: Yes.

Exhibit H – pages 9-10.

> Q: So, at this point, you are claiming privilege of the attorney-client privilege, the attorney - - and I'm referencig the paragraph on Exhibit 83 - - the attorney-client privilege, the attorney work-product doctrine and the deliberative process privilege; is that right?
>
> A: At least those.

Exhibit H – page 13.

> Q: Did you bring a privilege log with you today?
>
> A: No, I'm not aware of what a privilege log is.
>
> Q: Did you brig any log of the documents you actually have and the basis for the privilege you are claiming for each document?
>
> A: No.
>
> Q: Do you know the documents you actually have?

A: I can't say I know each document, offhand, but I know generally what the files include.

Q: Did you undertake a review of your files to determine if each particular document that you have in your files was subject to one of the applicable privileges or some other privilege which you haven't even thought of yet?

A: Not each document.

Q: Do you know if anybody else undertook such a review?

A: I don't know.

Q: Did you produce your files to Mr. Nelson or any othe rcounsel for such a review?

A: Yes.

Q: You produced all of your files to Mr. Nelson?

A: Yes.

Q: And have you ever seen a log of all the documents in those files and a statement of what privilege would apply to each document?

A: No.

MR. MOSELEY: For the record, are you planning to produce a privilege log?

MR. NELSON: Well, if we're going to be in front of the judge, I didn't think it would be necessary.

MR. MOSELEY: Well, it's a little difficult for us to conduct discovery with respect to the privilege of each of those documents without such a log. When are you planning to produce such a log?

MR. NELSON: We'll be working on it next week.

See Exhibit H – pages 13-15.

Again, Plaintiff English made efforts to obtain information and documents from Mr. Totto, however, considering the lack of cooperation, Plaintiff seeks alternative sources, i.e. the oral deposition of Mr. Lorusso, out of necessity.

Additionally, the oral deposition of Mr. Lorusso is appropriate considering Mr. Lorusso's direct involvement and the apparent conflict present.

> Q: Did you ever understand, during the course of any processing of this complaint that was filed January 22nd 2003, that Mike Lorusso represented Gary Kurokawa or any other subject of the complaint?
>
> MR. LORUSSO: Let me object as lack of foundation, calls for speculation.
>
> THE WITNESS: Did you ask if I had an understanding of whether he was counsel?
>
> MR. MOSELEY: Yes
>
> THE WITNESS: Yes.
>
> Q: BY MR. MOSELEY: And your understanding was that he was counsel for some subject in that complaint; is that right?
>
> A: That's right. I didn't know, and don't know, whether he's counsel for the city or Gary or both.

See Exhibit H – page 82.

> Q: Is it your understnding that advisory opinion 307 would prohibit a city employee to use a city paid attorney to defend him before a proceedcing with respect to the Ethics Commission?
>
> MR. NELSON: Objection; lack of foundation, calls for

speculation.

MR. LORUSSO: Join.

THE WITNESS: I don't think it would be appropriate for me to answer that, also, because it's a matter that the Commission has pending before it now.

See Exhibit H – page 84.

Clearly there is a conflict involving Mr. Lorusso, the City and County of Honolulu and Gary Kurokawa regarding Plaintiff English and the issues herein which ought to be explored during discovery. Mr. Lorusso represents the interest of one of his clients against the interest of another, i.e. representing Gary Kurokawa and the City in this matter and representing Gary Kurokawa against the City before the Ethics Commission on the related investigation. It is apparent that Mr. Lorusso participated in and is participating in some scheme to conceal the policy of the City to ensure that whistleblowers are ruined. It is also clear that City funds are being improperly used to pay for the services of Mr. Lorusso to continue Gary Kurokawa's improper use of City resources and to protect Defendants.

DATED: Honolulu, Hawaii, July 13, 2006.

/s/Roger S. Moseley
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA
Attorneys for Plaintiff
PHILIP E. ENGLISH