IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, | ) CIVIL NO. 04-00108 SOM/KSC |
| Plaintiff, | ) DECLARATION OF<br>) GORDON D. NELSON |
| v. | ) |
| CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; and DOE ENTITIES 1-10, | ) |
| Defendants. | ) |

DECLARATION OF GORDON D. NELSON

GORDON D. NELSON hereby declares that:

1.  I am an attorney licensed to practice law in the State of Hawaii, and I am the attorney representing Charles W. Totto in connection with the subpoena duces tecum issued and served upon him in this matter by Plaintiff Philip E. English.

2. Attached hereto as Exhibit "A" is a true and correct copy of the June 15, 2006 letter I sent to Roger S. Moseley, objecting to the subpoena duces tecum of Charles Totto for deposition is this case.

3. Attached hereto as Exhibit "B" is a true and correct copy of a privilege log prepared by me with respect to documents sought by said subpoena.

4. I discussed Mr. Totto's then upcoming deposition with Mr. Moseley on June 18, 2006 at approximately 6:30 a.m. when he called me at home. The conversation lasted approximately three minutes.

5. Mr. Moseley stated that he expected the Ethics Commission to resist production of documents, but intended to proceed with deposition testimony of Mr. Totto on June 23, 2006 without first having the benefit of any ruling on the objection to production of documents. Mr. Moseley indicated that there were "numerous areas of inquiry" that he wished to explore with Mr. Totto which did not relate to, nor need await production of, the requested documents. When asked to provide specifics as to these areas of inquiry, Mr. Moseley declined.

6. Since Mr. Totto's June 23, 2006 deposition, I have worked as diligently as my other duties have permitted to assemble the attached privilege log with descriptions of documents meaningful enough to be useful to Plaintiff's counsel and the Court, which do not at the same time compromise the asserted

-3-

privileges. At the deposition I frankly underestimated the difficulty of this task and the time required to complete it.

I GORDON D. NELSON, declare under penalty of law that the foregoing is true and correct.

DATED: Honolulu, Hawaii, _____July 18, 2006_____.

_____
GORDON D. NELSON