MOSELEY BIEHL TSUGAWA LAU & MUZZI
A Hawaii Limited Liability Law Company
ROGER S. MOSELEY          2060
CHRISTOPHER J. MUZZI      6939
RENEE M. FURUTA           7593
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone:  (808) 531-0490
Facsimile:  (808) 534-0202
Email:  rmoseley@hilaw.us
        cmuzzi@hilaw.us
        rfuruta@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| PHILIP E. ENGLISH,<br><br>                        Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>                        Defendants. | Civil No.  04-00108 SOM/KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ISSUED JUNE 2, 2006; EXHIBITS "C" – "D"; CERTIFICATE OF SERVICE<br><br><br>Hearing:<br>Date:  August 3, 2006<br>Time:  9:30 a.m.<br>Judge:  Honorable Kevin S. Chang |

10010/3/57081

## PLAINTIFF PHILIP E. ENGLISH'S SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA Issued JUNE 2, 2006

Plaintiff Philip E. English ("Plaintiff"), by and through his counsel, Moseley Biehl Tsugawa Lau & Muzzi, submits this Supplemental Reply Memorandum in Support of Motion to Compel Compliance with Subpoena Issued June 2, 2006. This Supplemental Reply Memorandum is being submitted to bring to the Court's attention new evidence produced to Plaintiff by Mr. Totto on the afternoon of July 21, 2006 and to provide the Court with a citation that was omitted from the Supplemental Reply Memorandum..

### I.   NEW EVIDENCE

On the afternoon of July 21, 2006, Mr. Totto produced certain documents consisting of Agendas and Minutes from various Ethics Commission meetings where matters relevant to Plaintiff's subpoena issued on June 2, 2006 were discussed or considered. These documents are significant because they provide indisputable evidence that Defendant City and County of Honolulu, through various of its attorneys, sought to delay the investigation of Plaintiff's January 22, 2003 ethics complaint against Defendant Gary Kurokawa (the "Ethics Complaint") and influence the decision of the Ethics Commission regarding Plaintiff's June 9, 2003 request for an advisory opinion (the "Advisory Opinion Request") as to whether Plaintiff could reveal otherwise confidential City information in another

10010/3/57081

court proceeding, despite Charter provisions that could be interpreted to prohibit "whistle blowing" by City employees.

### Evidence Regarding the January 22, 2003 Ethics Complaint.

Defendant City and County of Honolulu intentionally sought to delay the investigation of the Ethics Complaint to secure a litigation advantage. Specifically, the Minutes of the Ethics Commission's April 19, 2005 meeting state, in relevant part, that:

> [Mr. Totto] stated that based on information obtained during the [Ethics Commission's] preliminary investigation, a notice of Potential Violation (Notice) was issued to [Defendant Gary Kurokawa].
>
> [Mr. Totto] stated that in response to the Notice, [Mr. Kurokawa]'s attorneys have asked the Commission by letter to stay [the Ethics Commission's] investigation because the lawsuit is still pending. Mr. Totto stated that although they have not directly refused a request to interview [Mr. Kurokawa], they will likely do so.

Totto Document Bate Stamp No. 2185-2189, at 2188, a true and correct copy of which is attached hereto as Exhibit C.

At the time of Mr. Kurokawa's attorneys' request to stay the Ethics Commission's investigation, Mr. Kurokawa was being represented in both the Ethics proceedings and in this action by Michael Lorusso, Esq. Mr. Lorusso also represents Defendant City and County of Honolulu in this action. Thus, the attorney for Defendant City and County of Honolulu was seeking to delay the Ethics Commission's investigation of the Ethics Complaint to secure a litigation

advantage. That is, Defendant City sought to delay an adverse decision by the Ethics Commission against Defendant Kurokawa, so that it could continue to defend this action by frivolously challenging Plaintiff's credibility. The Court can be fairly certain that the Ethics Commission's final decision will be adverse to Defendant Kurokawa because the Ethics Commission and Defendant Kurokawa have been working on a "settlement" to resolve the Ethics Complaint. See Mr. Totto's Amended Privilege Log Bates No. 1881-1885, 1901-1916, 1917-1922, 1923, 1929, 1930-1935, 18936-1942, 1943-1949, 1951, 2018-2044. See also Totto Tr. 6/23/2006 at 166:7-12, by Mr. Totto, "In this particular complaint, because of the unusual circumstance of the Federal Court proceeding, we will probably, if there is no ability to work on a settlement at this point, we will probably look to see how the Federal Court case goes and then decide at that point.").

### Evidence Regarding the Advisory Opinion Request

As mentioned in Plaintiff's memorandum and reply memorandum in support of Plaintiff's Motion to Compel Compliance with Subpoena, the Ethics Commission had proposed a draft advisory opinion regarding Plaintiff's Advisory Opinion Request. The Ethics Commission's draft advisory opinion contained a thorough discussion of related issues and would have recognized the primacy of Hawaii whistleblower laws over the confidentiality provisions in the Charter of the City and County of Honolulu, and, in that sense, was favorable to Plaintiff.

Recognizing that the Ethics Commission's draft advisory opinion would detrimentally affect Defendant City in this action, corporation counsel sought to deter the Ethics Commission from adopting the proposed draft advisory opinion as the Ethics Commission's official advisory opinion on this matter, as is evidence by the relevant part of the Ethics Commission's minutes of February 16, 2006:

> The deputy corporation counsel also stated that [corporation counsel] is concerned about getting an opinion from the Commission, as it is possible that [Plaintiff's] attorney would use this opinion against the city and city employees, in [Plaintiff's] pending lawsuit against the city and against 3 city employees.

Totto Document Bates No. 2238-2246, at 2244, a true and correct copy of which is attached hereto as Exhibit D.

This evidence demonstrates Defendant City's misconduct and its apparent improper interference with the Ethics Commission for the sake of posturing its defense in this litigation. Essentially, Defendant City has caused the Ethics Commission to (a) delay the conclusion of its investigation and issuance of an advisory opinion related to the allegations in the Ethics Complaint; and (b) in the Advisory Opinion Request, not issue an detailed and comprehensive advisory opinion on an issue that it recognized to be "an important issue that the [Ethics] Commission has not addressed." The obvious purpose of the City's misconduct is to subvert the truth-finding goal of a trial.

Defendant City's misconduct is particularly relevant to the Motion to Compel because Mr. Totto has asserted the deliberative process privilege with respect to virtually every document and thing in the possession of Mr. Totto and the Ethics Commission. However, "where there is reason to believe the documents sought may shed light on government misconduct, 'the privilege is routinely denied,' on the grounds that shielding internal government deliberations in this context does not serve 'the public's interest in honest, effective government.'" In re Sealed Case, 121 F.3d 729, 738 (DC Cir. 1997) (quoting Texaco Puerto Rico, Inc. v. Department of Consumer Affairs, 60 F.3d 867, 885 (1st Cir. 1995)). Here, in addition to the government misconduct of the individual Defendants that forms the basis of this action, the misconduct of various attorneys for Defendant City and the apparent effect such misconduct has had on the Ethics Commission's investigation of the Ethics Complaint and the Advisory Opinion Request have put into question the honesty and effectiveness of government such that the purpose of the deliberative process privilege is no longer served. For these reasons, the deliberative process privilege should not be recognized here, and Mr. Totto should be compelled to produce all responsive documents and things and to testify at his deposition.

2.      **Supplemental Citation**

In Mr. Totto's Memorandum in Opposition to Plaintiff's Motion to Compel, Mr. Totto advances a number of reasons why he believes confidentiality regarding an Ethics Commission investigation is important. In his Reply Memorandum, Plaintiff countered that the purposes purportedly served by the confidentiality ordinance are illusory and easily frustrated because the confidentiality ordinance applies only to the Ethics Commission members and staff, and not the complainant, the respondent (target), or any of the witnesses involved in the investigation. The confidentiality ordinance on its face does not, and, could not constitutionally, prohibit complainants, respondents and witnesses from divulging information related to an Ethics Commission investigation. See Lind v. Grimmer, 30 F.3d 1115, (9th Cir. 1994) (invalidating as unconstitutional a Hawaii state campaign spending commission statute prohibiting complainant, all witnesses, and third parties lawfully obtaining information regarding an investigation from divulging such information).

Dated: Honolulu, Hawaii, July 25, 2006.

/s/ Christopher J. Muzzi
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA
Attorneys for Plaintiff
PHILIP E. ENGLISH