ETHICS COMMISSION
# CITY AND COUNTY OF HONOLULU
715 SOUTH KING STREET, SUITE 211, HONOLULU, HAWAII 96813-3091
Phone: (808) 527-5573 • Fax: (808) 527-6936 • EMAIL: ethics@honolulu.gov
Internet: www.honolulu.gov/ethics



MUFI HANNEMANN
MAYOR

CHARLES W. TOTTO
EXECUTIVE DIRECTOR & LEGAL COUNSEL

## MINUTES
## ETHICS COMMISSION
## CITY AND COUNTY OF HONOLULU

Date and Place:   April 19, 2005
                  Standard Financial Plaza
                  Conference Room, Suite 211

Present:          Robin D. Liu, Chair
                  Lex R. Smith, Vice Chair
                  Susan S. Heitzman
                  Raymond H. Fujii
                  Matthew H. Kobayashi
                  Charles W. Totto, Executive Director and Legal Counsel (EDLC)
                  Matthew J. Viola, Outside Counsel

Stenographer:     Norm Fisher

I.   CALL TO ORDER

The 384th meeting of the Ethics Commission (Commission or EC) was called to order at 11:30 a.m. by the Chair.

II.  APPROVAL OF THE MINUTES OF THE OPEN SESSION OF THE MARCH 22, 2005 OPEN MEETING

The minutes of the open meeting of March 22, 2005, were unanimously approved.

III. OLD BUSINESS

   A.   Confirming the date and time of the May 24, 2005 meeting and setting the date and time for the June 2005 meeting

The EC confirmed the May 24, 2005 at 11:30 a.m. meeting and set the date and time for the June 28, 2005 at 11:30 a.m. meeting, in the Standard Financial Plaza Conference Room, Suite 211.

EXHIBIT "C"

2185

IV.  NEW BUSINESS

    A.  <u>Administrative news</u>

The Executive Director and Legal Counsel (EDLC) referred to his open session memorandum of April 19, 2005.

    B.  <u>Report and recommendation regarding the transfer of regulation of lobbyists from the Council to the Ethics commission</u>

The EDLC referred to the opinion memorandum received from the Corporation Counsel. Corporation Counsel has determined that the Commission is required under the state Constitution to regulate lobbying activities before the city administration and the Council.

The EDLC stated that at the next meeting staff will provide the Commission with a proposed bill to be submitted to the Council from the Commission, changing the regulation of lobbyists from the Council to the Commission.

The EC moved, seconded, and unanimously carried to go to the executive session.

V.  EXECUTIVE SESSION SUMMARY

    A.  <u>There was no executive session at the meeting of March 22, 2005.</u>

    B.  <u>Report and recommendation regarding the possible violation of RCH § 11-104 (using city resources for non-city activities) or RCH §11-102(d) (receiving compensation from third-party for city work) by a city employee; EC No. 04-127 (w)</u>

The EDLC reported that this matter involves essentially four allegations of misconduct by a city employee, one of which raises the issue of reviewing the employee's computer files.

The EDLC stated that the complainant alleges that the employee does work on private matters during city time, preparing classes that he gets paid to teach during his non-city time. The EDLC stated that if true, these activities might constitute violations of the city's fair and equal treatment policy (RCH § 11-104), prohibiting the use of city resources for non-city business.

2

The EDLC stated that during the initial investigation, one witness informed him that the employee showed the witness a power point presentation related to one of the classes that the employee had on his city computer.

The EDLC stated that the staff recommends that the follow-up investigation include inspecting the employee's city computer, which may be reviewed in the course of an investigation of employee misconduct as stated in the Internet Policy Guidelines, to determine if it contains work related to the classes.

After discussion, the EC moved, seconded, and unanimously carried to adopt the staff recommendations.

C. <u>Report and recommendation regarding possible violation of § 11-104 (using city resources for non-city activities) by a city employee; EC No. 04-117 (o)</u>

The EDLC reported that the Commission received a complaint alleging that a city employee is paid by the city for time he spends doing non-city activities. According to the complainant, the city employee has been doing this for years and the city employee's supervisor is aware of the problem but has done nothing to remedy it.

The EDLC stated that there are several options for further investigation, however, the most reliable way to find out if the city employee is using city time for personal reasons is to have him tracked by a private investigator for a block of time (*e.g.*, a day or a week or two), depending on the cost of the investigator.

The EDLC stated that the staff recommends that the Commission approve the use of a private investigator to gather information about the city employee's actual whereabouts during his city work hours should the Executive Director/Legal Counsel determine that it is reasonable under the circumstances to do so. In addition, staff recommends that the Commission pass a resolution allowing the Commission to subpoena records of the city employee's whereabouts during working hours.

3

After discussion, the EC moved, seconded, and unanimously carried to adopt the staff recommendations.

   D.   <u>Report and recommendation regarding possible violation of RCH § 11-102(c) (having a business activity or a financial interest which may tend to impair one's independent judgment in discharging one's official duties) and/or RCH § 11-104 (use of city position to obtain special treatment) by a city officer; EC No. 03-002 (w)</u>

The EDLC reported that this matter involves allegations that certain employees violated city ethics laws in connection with the private work performed by a city employee on city time for a private company owned by a city officer.

The EDLC stated that the complainant, through his attorney, made a written complaint to the Commission containing several allegations.

The EDLC stated that the complainant also filed a lawsuit alleging most of the same core of operative facts as the Ethics Commission complaint. The staff of the Commission had been conducting an investigation into the complaint. However, the staff's investigation took a hiatus for over a year, while the lawsuit was being litigated. The EDLC stated that because the lawsuit continues and does not appear to be near a resolution, the staff recently recommenced its investigation.

The EDLC stated that based on the information obtained during the preliminary investigation, a Notice of Potential Violation (Notice) was issued to the city officer.

The EDLC stated that in response to the Notice, the city officer's attorneys have asked the Commission by letter to stay its investigation because the lawsuit is still pending. The EDLC stated that although they have not directly refused a request to interview the city officer, they will likely do so.

The EDLC stated that the staff recommends that the EC issue a subpoena to the city officer, compelling him to submit to an interview with the Commission staff. The EDLC stated that on the one hand, if the city officer is interviewed, the Commission will hear "his side of the story." On the other hand, if the city officer fails to submit to an interview, even after he is served with a subpoena, the EC

2188

would still have the options to await the conclusion of the lawsuit or to render an advisory opinion based on the information before it.

After discussion, the EC moved, seconded, and unanimously carried to adopt the staff recommendations to issue a subpoena to the city officer, after the staff attempts to obtain copies of all parties' discovery documents associated with the pending lawsuit.

The EC moved, seconded, and unanimously carried to return to the open session.

VI. ADJOURNMENT

The EC moved, seconded, and unanimously carried to adjourn the meeting. The meeting was adjourned at 12:20 p.m.

2189