ORIGINAL

MOSELEY BIEHL TSUGAWA LAU & MUZZI
A Hawaii Limited Liability Law Company
ROGER S. MOSELEY          2060
CHRISTOPHER J. MUZZI      6939
RENEE M. FURUTA           7593
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone:  (808) 531-0490
Facsimile:  (808) 534-0202
Email:  rmoseley@hilaw.us
        cmuzzi@hilaw.us
        rfuruta@hilaw.us

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 21 2006

at 5 o'clock and 48 min. PM
SUE BEITIA, CLERK

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>          Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1–10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>          Defendants. | Civil No.  04-00108 SOM/KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA  ISSUED JUNE 2, 2006; CERTIFICATE OF SERVICE<br><br><br>Hearing:<br>Date:   August 3, 2006<br>Time:   9:30 a.m.<br>Judge:  Honorable Kevin S. Chang |

10010/3/57062

TABLE OF CONTENTS

TABLE OF AUTHORITIES                                                                        i

I.     ADDITIONAL RELEVANT FACTS                                              1

II.    REPLY                                                                                            3

       A.     Claims of Privilege Should Be Narrowly Construed          3

       B.     Mr. Totto's Reliance on <u>Garmong v. Stephanini</u>
              Is Completely Misplaced.                                                    4

       C.     A Protective Order Is Not Warranted As Mr. Totto
              Has Not Filed a Motion For a Protective Order               8

       D.     The Attorney-Client Privilege Is Not Applicable              8

       E.     Attorney Work Product Exception Does Not Apply          11

       F.     Deliberative Process Privilege Does Not Apply                12

III.   CONCLUSION                                                                          14

# TABLE OF AUTHORITIES

## Cases

Clarke v. American Commerce National Bank, 974 F.2d 127,
129 (9th Cir. 1992)                                                              9

Department of the Interior and Bureau of Indian
Affairs v. Klamath Water Users Protective Association,
 532 U.S. 1, 8 (2001)                                                            13

EPA v. Mink, 410 U.S. 73, 87-88, 93 S.Ct. 827,
35 L.Ed. 2d 119 (1973)                                                           13

Garmong v. Stephanini, 802 A.2d 1264 (Pa. Cmwlth 2002)          4

Great Plains Mut. Ins. Co. v. Mutual Reinsurance Bureau,
150 F.R.D. 193, 196 (D. Kan. 1993)                                              9

In re California Public Utilities Com., 892 F.2d 778, 780
(9th Cir. 1989)                                                                 11

Jaffee v. Redmond, 518 U.S. 1, 9, 135 L. Ed. 2d 337,
116 S. Ct. 1923 (1996)                                                          4

Ledbetter v. City of Topeka, Kansas, 2001 U.S. Dist. LEXIS
10128, *4 (D. Kan. 1999)                                                        5

Pearson v. Miller, 211 F.3d 57, 61 (3rd Cir. 2000)                   5

Texaco Puerto Rico, Inc. v. Department of Consumer Affairs,
60 F.3d 867, 885 (1st Cir. 1995)                                               13

Upjohn Co. v. United States, 449 U.S. 383, 395-96,
66 L. Ed. 2d 584, 101 S. Ct. 677 (1981)                                        9

**Rules**

Federal Rule of Civil Procedure Rule 26                    8

Federal Rule of Evidence 501                              4, 5, 6

**Treatises**

8 C. Wright, A. Miller & R. Marcus,
Federal Practice and Procedure § 2024                      11

**PLAINTIFF PHILIP E. ENGLISH'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH
<u>SUBPOENA Issued JUNE 2, 2006</u>**

Plaintiff Philip E. English ("Plaintiff"), by and through his counsel, Moseley
Biehl Tsugawa Lau & Muzzi, submits this Reply Memorandum in Support of
Motion to Compel Compliance with Subpoena Issued June 2, 2006.

## I.     ADDITIONAL RELEVANT FACTS

On January 22, 2003, Plaintiff filed a written complaint with the Ethics
Commission (the "Ethics Complaint") alleging unethical conduct on the part of
certain employees of Defendant City and County of Honolulu (the "City"),
including Defendant Gary T. Kurokawa ("Defendant Kurokawa").   The Ethics
Complaint was rather simple:  Plaintiff complained that Defendant Kurokawa, a
principal in GK Appraisals, Inc. ("GK"), as well as the Administrator of the
Assessment Division of the Department of Budget & Fiscal Services, was causing
a certain city employee to perform commercial services for GK on City time and
using City property.

Despite the simplistic nature of the factual allegations in the Ethics
Complaint, it is now more than three and one-half years later and the Ethics
Commission has failed or refused to conclude its investigation of the Ethics
Complaint.  In fact, Mr. Totto has testified that one of the Ethics Commission's
options is to wait until the resolution of this action before completing its

investigation of the Ethics Complaint. Totto Tr. 168:2-4, 10-12. This is a stark admission that the City is in the process of interfering with the Ethics Commission proceedings to secure an advantage in the present litigation. This is further evidence that the City management, presumably at a very high level, was and is exercising a policy to retaliate against whistle blowers. Were this not the case, the City would have just let the Ethics Commission proceeding go its natural course and let the chips fall where they may.

On or about June 9, 2003, Plaintiff also filed with the Ethics Commission a request for an advisory opinion as to whether Plaintiff in the present case may reveal otherwise confidential City information in another court proceeding, despite Charter provisions which could be interpreted to prohibit "whistle blowing" by City employees. If the Charter provisions are so interpreted, there is a plain and distinct City policy against whistle blowing, in direct contravention of Hawaii law. On January 25, 2006, the Ethics Commission circulated a draft advisory opinion on the matter soliciting comments from Plaintiff's counsel and from Corporation Counsel. The draft advisory opinion contained a thorough discussion of related issues and would have recognized the primacy of Hawaii whistleblower laws, and, in that sense, was favorable to Plaintiff. After apparently being influenced by Corporation Counsel, or others, the Ethics Commission issued Advisory Opinion 2006-2, which is devoid of any analysis and no longer favorable to Plaintiff, in the

sense that it is devoid of any policy statement by the Ethics Commission with respect to whistleblowers.

The Ethics Commission's inordinate and unprecedented delay in concluding its investigation of the Ethics Complaint and complete revision of Advisory Opinion 2006-2 are evidence of the City's continuing tortious conduct towards Plaintiff and policy of retaliation against whistleblowers.

Now, the Ethics Commission seeks to prevent Plaintiff from obtaining significant evidence directly and specifically relating to his claims against Defendants. In his "Memorandum in Opposition to Plaintiff Philip E. English's Motion to Compel Compliance with Subpoena Issued June 2, 2006, Mr. Totto has claimed that 2156 pages[1] of documents, including a number of tape recordings, are privileged and cannot be disclosed to Plaintiff. It is these documents and Mr. Totto's testimony that are the subject of this motion.

## II.    REPLY

### A.    Claims of Privilege Should Be Narrowly Construed

Plaintiff seeks evidence of the truth. Mr. Totto seeks to deprive Plaintiff of such evidence based on numerous claims of privilege or other exemptions to

---

[1] On July 18, 2006, Mr. Totto produced a privilege log as Exhibit B to Mr. Totto's Memorandum in Opposition to the Motion to Compel. Mr. Totto's privilege log fails to contain descriptions for documents with Bate Stamp Nos. 1145 – 1289. Those documents for which no privilege was specifically claimed should be produced immediately.

disclosure. "'For more than three centuries it has now been recognized as a fundamental maxim that the public . . . has a right to every man's evidence. When we come to examine the various claims of exemption, we start with the primary assumption that there is a general duty to give what testimony one is capable of giving, and that any exemptions which may exist are distinctly exceptional.'" Jaffee v. Redmond, 518 U.S. 1, 9, 135 L. Ed. 2d 337, 116 S. Ct. 1923 (1996) (quoting 8 J. Wigmore, Evidence § 2192, p. 64 (3d ed. 1940)). Thus, in determining the validity of Mr. Totto's claims of privilege, the Court should refrain from suppressing evidence except where absolutely necessary.

### B. Mr. Totto's Reliance on Garmong v. Stephanini Is Completely Misplaced.

Mr. Totto argues that the Court should recognize a privilege against disclosure of the Ethics Commission's files based on the authority of Garmong v. Stephanini, 802 A.2d 1264 (Pa. Cmwlth 2002). Garmong, however, is inapposite.

In Garmong, a Pennsylvania state court interpreted a Pennsylvania state statute and determined that the Pennsylvania State Ethics Commission did not have to disclose confidential information in its files in the pending Pennsylvania state court suit. In Garmong, the state court was not determining whether a state confidentiality statute would constitute a privilege under Federal Rule of Evidence 501. Thus, Garmong is completely irrelevant to the determination that this Court

must make as to whether Revised Ordinances of Honolulu ("ROH") § 3-6.3(g) constitutes a privilege cognizable under Federal Rules of Evidence Rule 501[2].

This instant action arises under this Court's federal question jurisdiction as a result of Plaintiff's 42 U.S.C. § 1983 claims.[3]    As such, the applicability of a claimed privilege is determined by Federal Rules of Evidence Rule 501, and not upon a county confidentiality ordinance. Compare Pearson v. Miller, 211 F.3d 57, 61 (3rd Cir. 2000) (holding that Federal Rules of Civil Procedure and Federal Rules of Evidence, not state statutory confidentiality provisions, govern in 42 U.S.C. § 1983 action with pendant state law claims); Ledbetter v. City of Topeka, Kansas, 2001 U.S. Dist. LEXIS 10128, *4 (D. Kan. 1999) ("In this district, the courts have specifically held that state statutes creating privileges as to certain records or documents are not controlling in federal question cases.").    Thus, the Court must look to principles of federal common law, not to the language of the ordinance.

Mr. Totto also suggests that this Court should recognize the confidentiality provisions in the ROH under the principle of comity.    While the principle of

---

[2] Federal Rule of Evidence 501 provides:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.

[3] The action also contains a number of pendant state law claims.

comity requires that a federal court "at least consider" the claims of privilege and confidentiality based on a state nondisclosure statute, ultimately, the question boils down to "the issue of whether privileges associated with those statutes and the confidentiality they seek to protect are cognizable under the Federal Rule of Evidence 501." Pearson, 211 F.3d at 69.

"The appropriateness of deference to a state's law of privilege is diminished, however, in cases in which a defendant state actor alleged to have violated citizens' federal rights is asserting the privilege." Id. "There is a 'special danger' in permitting state governments to define the scope of their own privilege when the misconduct of their agents is alleged." Id. (quoting ACLU v. Finch, 638 F.2d 1336, 1344 5th Cir. 1981)). "'Nor does it make any sense to allow the state, under whose color of authority officers have allegedly violated rights, to limit unilaterally the availability of evidence.'" Id. (parenthetically quoting Longenbach v. McGonigle, 750 F. Supp. 178, 180 (E.D. Pa. 1990)). This case presents the precise situation where the Ethics Commission's confidentiality ordinances should not be given any deference. It is readily apparent that the City is desperately attempting to deprive Plaintiff of substantial evidence by way of its control over the Ethics Commission (Which is, in fact, not a separate entity, but only an agency of the City itself, and the City is a party to the present action).

Further, Mr. Totto's alleged justifications for strict confidentiality are unavailing.  Mr. Totto argues that strict confidentiality is necessary (a) to encourage the willing participation of relevant witnesses by providing protection against retaliation or recrimination; (b) because of concern for the reputations of public officials and employees who may be the targets of unfounded complaints filed for the sole purpose of damaging their reputations; (c) to forestall attempts by some to enhance the credibility of weak or unfounded or overblown complaints by invoking the name of the Ethics Commission; (d) for the Ethics Commission's efficiency by providing an incentive to settle and discouraging the filing of unfounded complaints; and (e) for preventing the premature[4] disclosure of information regarding unfounded complaints to maintain the public's confidence in its elected and appointed officials.  Each and every one of these purported justifications for strict confidentiality is completely eviscerated by the fact that the Revised Ordinances of Honolulu only prohibit disclosure of such information by the Ethics Commission.  Thus, the complainant, the respondent or "target", and any witnesses interviewed are under no legal obligation not to disclose the complaint, their testimony or documents they may have produced to the Ethics Commission, or the names of other witnesses.  Because the principle justifications

---

[4] It is very difficult to believe that any disclosure 3 ½ years after the complaint was filed could possible be "premature".  Mr. Totto testified that he knows of no other complaint which has taken 3 ½ years to resolve.  The disclosure is, if anything, was "overdue", rather than "premature".

advanced by the Ethics Commission for strict confidentiality are so easily frustrated by means beyond their control, there is no significant rational or legitimate public policy that warrants the Ethics Commission depriving Plaintiff of substantial evidence.

### C.   A Protective Order Is Not Warranted As Mr. Totto Has Not Filed a Motion For a Protective Order

Mr. Totto suggests that if the Court refuses to recognize that the confidentiality provisions of the ROH creates privilege, a protective order should issue under Fed. R. Civ. P. Rule 26(c) prohibiting disclosure of the Ethics Commission's files.  However, a protective order pursuant to Fed. R. Civ. P. Rule 26(c) is not appropriate because Mr. Totto has not so moved.  According to the express terms of Fed. R. Civ. P. Rule 26(c), a protective order may only be issued "[u]pon motion by . . . the person from whom discovery is sought . . . ." (Emphasis added.)  Because Mr. Totto has not filed a motion for protective order, one should not summarily be issued.  Further, Mr. Totto's argument that a protective order should issue "in furtherance of the policies that underlie the ordinance and rule" is incongruent with Rule 26(c)'s express language that such an order shall issue upon a showing of "good cause" that such an order is necessary to protect Mr. Totto from "annoyance, embarrassment, oppression, or undue burden or expense. . . ." For these reasons, a protective order should not be issued.

### D.   The Attorney-Client Privilege Is Not Applicable

As stated in Plaintiff's memorandum in support of motion, "The burden of proof is on the party seeking to establish that the privilege applies." Clarke v. American Commerce National Bank, 974 F.2d 127, 129 (9th Cir. 1992). "The attorney-client privilege . . . is to be extended no more broadly than necessary to effectuate its purpose." Great Plains Mut. Ins. Co. v. Mutual Reinsurance Bureau, 150 F.R.D. 193, 196 (D. Kan. 1993). The attorney-client privilege, "only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney[.]" Upjohn Co. v. United States, 449 U.S. 383, 395-96, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981). Here, Mr. Totto's privilege log is patently insufficient for Plaintiff and the Court to make a determination as to whether many of the allegedly privileged communications are in fact protected by the attorney-client privilege.[5] Except for those privilege log entries identified, infra, all other entries in the privilege log asserting the attorney-

---

[5] It is virtually impossible to determine from almost every entry where attorney-client privilege is asserted whether such documents (a) are communications between attorney and client made for the purpose of obtaining legal advice and (b) that they do not contain underlying facts that are discoverable. For example, see Bates Nos. 12-23 ("Memorandum from Matthew Viola, Esq. to Charles W. Totto, Esq. regarding EC 03-002(w)"); 27-34 ("Memorandum from Matthew Viola, Esq. to Charles W. Totto, Esq. regarding EC 03-002(w)"); 35-37 ("Memorandum from Matthew Viola, Esq. to Charles W. Totto, Esq. regarding EC 03-002(w)"); 40 ("Email of Matthew Viola, Esq. to Charles W. Totto, Esq. regarding draft Memorandum in EC 03-002(w) ad 10-3-05 email response thereto."); 42 ("Email from Norman Fisher to Matthew Viola, Esq. regarding EC 03-002(w) (copy to Charles W. Totto, Esq."); and 185 ("Handwritten notes of Matthew Viola, Esq. regarding EC 03-002(w)") .

client privilege are too vague to determine if the privilege is application. For this reason, Mr. Totto has failed his burden of establishing the applicability of the privilege and he should be compelled to produce all such documents.

To the extent that the privilege has not been completely waived, the following entries appear to reflect communications that are factual in nature and not made for the purpose of obtaining advice: Bate Stamp Nos. 24-26 ("Typewritten status report of Matthew Viola, Esq. to Charles W. Totto, Esq. regarding Ethics Commission Matters Nos. EC 03-002(w); EC 05-159(w); EC 05-159(w) and EC 03-62(w)"); 122-131; 244-246, 713; 1843; 1870; 1871; 1881-1885 ("Email from Matthew Viola, Esq. to self regarding draft stipulation with subject of investigation in EC 03-002(w)"); 1953 ("Email from Matthew Viola, Esq. to Charles Totto, Esq. re conversation with attorney for Complainant re subpoena"); 1954 ("Email from Charles Totto, Esq. to Matthew Viola Esq. regarding meeting with for [sic] subject of investigation and counsel in EC 03-002(w)"); 1957 ("Email from Matthew Viola, Esq. to Charles Totto, Esq. regarding meeting with for [sic] subject of investigation and counsel in EC 03-002(w) and Charles Totto Esq. reply"); 1958 ("Further email from Matthew Viola, Esq. to Charles Totto, Esq. regarding meeting with for [sic] subject of investigation and counsel in EC 03-002(w)"); 1971; 1977-1979; 1980-1983; and 2062-2141. Because the attorney-

client privilege does not protect facts, the aforementioned documents are not privileged and the production should be compelled.

**E.    Attorney Work Product Exception Does Not Apply**

Despite Mr. Totto's citation to case law in other circuits as support of his argument that the attorney work product exception is applicable, the law in the Ninth Circuit well-established that, "[T]o qualify for protection against discovery under th[e attorney work product exception], documents must have two characteristics: (1) they must be prepared in anticipation of litigation or for trial, and (2) they must be prepared by or for another party or by or for that other party's representative." In re California Public Utilities Com., 892 F.2d 778, 780 (9th Cir. 1989). The attorney work product exception "does not bar discovery of facts a party may have learned from documents that are not themselves discoverable." 8 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2024, at 337-38 (citing Fed. R. Civ. 26(b)(3); Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947)).

Here, Mr. Totto admits that the documents that he seeks to withhold based on the attorney work product exception were created "in anticipation of proceedings before the Commission." This admission is fatal to Mr. Totto's claim of attorney work product because Ninth Circuit law does not allow the withholding of documents unless such documents are prepared for the litigation in which

discovery is sought.  In re California Public Utilities Com., 892 F.2d at 780 (the

attorney work product exception "on its face, limits its protection to one who is a

party (or a party's representative) to the litigation in which discovery is sought.").

The Ethics Commission's files were prepared for Ethics Commission proceedings;

not for litigation before this Court.  The information is substantively related, but is

not, or could not be, considered to be done in anticipation of the present litigation.

Again, because Plaintiff seeks discovery of documents and tangible things for use

in this action, not for use in proceedings before the Ethics Commission, the

attorney work product exception cannot apply and all such documents should be

produced.

### F.    Deliberative Process Privilege Does Not Apply

Mr. Totto has claimed virtually every document that he has to be protected

by the deliberative process privilege.  This blanket assertion is a disservice to the

Court and Plaintiff.[6]    It is clear that governmental deliberative process privilege

---

[6] For example, Mr. Totto claimed the deliberative process privilege with respect to
a number of documents that are correspondence from persons outside the ethics
commission, tape recordings of witness statements, a copy of a newspaper article,
status reports, and other documents that could not possibly constitute advisory
opinions, recommendations, and deliberations that may be protected by the
deliberative process privilege.  Specifically, the following documents cannot be
protected by the deliberative process privilege because they are not deliberative:
Bate Stamp Nos. 7, 24-26, 38-39, 82-88, 89-93, 106-114, 115-121, 122-131, 180-
184, 189-204, 205-206, 211-215, 219-221, 233, 234-243, 244-246, 247, 248-279,
280-332, 333-358, 359-363, 364-367, 368-397, 416-472, 473-611, 616-636, 638-
649, 650-655, 713, 729, 730-732, 733, 735-736, 784-1084, 1085, 1086, 1087,

generally protects only testimony "reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated." See Department of the Interior and Bureau of Indian Affairs v. Klamath Water Users Protective Association, 532 U.S. 1, 8 (2001). Here, again, the privilege log is so deficient that Plaintiff is hampered in his arguments that the privilege is not applicable because he cannot determine whether many of the allegedly privileged documents are in fact deliberative. Consequently, Mr. Totto's has again failed his burden to establish that such a privilege applies.

Further, a number of allegedly privileged documents appear to simply be factual information, which is not protected by the deliberative process privilege. EPA v. Mink, 410 U.S. 73, 87-88, 93 S.Ct. 827, 35 L.Ed. 2d 119 (1973). For example, Bate Stamp Nos. 2142-2149 are tapes of witness interviews that cannot possibly be protected by the deliberative process privilege.

Here, to the extent the deliberative process privilege would ordinarily apply, it should also be overridden to shed light on government misconduct. Texaco Puerto Rico, Inc. v. Department of Consumer Affairs, 60 F.3d 867, 885 (1st Cir.

1088-1136, 1137, 1138-1143, 1144, 1290, 1291-1497, 1504, 1505, 1506-1516, 1517, 1518-1519, 1520-1521, 1522, 1523, 1524, 1525, 1526-1527, 1528-1535, 1536-1540, 1571-1572, 1573-1577, 1585-1587, 1588-1589, 1694-1702, 1703-1704, 1705-1706, 1736-1737, 1738-1740, 1741-1744, 1745, 1801-1803, 1804-1808, 1809-1822, 1822, 1823, 1826, 1843, 1870, 1871, 1873-1880, 1950, 1952, 1953, 1954, 1957, 1958, 1962-1964, 1965-1967, 1971, 1977-1979, 1980-1983, 2047-2057, 2058, 2059, 2060, 2061, 2062-2141, 2142, 2143, 2144, 2145, 2146, 2147, 2148, 2149, and 2156.

1995).   The government misconduct is evident in three specific situations:  (1) the City and County violated 42 U.S.C. § 1983 and various state laws when it, through its employees, retaliated against Plaintiff after he filed the Ethics Complaint; (2) the Ethics Commission's issuance of Advisory Opinion 2006-2; and (3) the Ethics Commission's refusal or failure to conclude its investigation of the Ethics Complaint.

There is substantial evidence, at minimum, that the Ethics Commission proceedings are being delayed to facilitate the retaliation against Plaintiff - in contempt of both federal and state law and there is disparate treatment of City employees in the case with Gary Kurokawa being accorded a defense to the City's Ethics Commission process at the City's expense.

## III.  CONCLUSION

For the reasons set forth above, Mr. Totto should be compelled to (1) comply with the subpoena and produce for inspection and copying the requested documents and things and (2) should be compelled to answer all questions (a) "get[ting] into the specifics of the investigation" by the Ethics Commission's

regarding the Ethics Complaint; and (b) relating to Ethics Commission Advisory Opinion 2006-2.

Dated:  Honolulu, Hawaii, July 21, 2006.

ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA
Attorney for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, | Civil No.  04-00108 SOM/KSC |
| Plaintiff, | CERTIFICATE OF SERVICE |
| vs. | |
| CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

The undersigned herby certifies that a true and correct copy of the foregoing

was duly served upon the parties listed below by the means identified below on

July 21, 2006:

MICHAEL L. LARUSSO, ESQ.                    **United States Mail**
Kawashima Lorusso & Tom, LLP
Fort Street Tower
745 Fort Street, 5th Floor
Honolulu, Hawaii  96813

10010/3/57062

Attorneys for Defendants
City & County of Honolulu,
Gary T. Kurokawa, Robert O. Magota,
and Ann C. Gima


KEVIN P. H. SUMIDA, ESQ.                        **United States Mail**
ANTHONY L. WONG, ESQ.
735 Bishop St., Suite 411
Honolulu, Hawaii  96813

          Attorneys for Defendant
          GK APPRAISALS, INC.


GORDON D. NELSON, ESQ.                          **United States Mail**
Department of The Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii 96813

          Attorney for Charles Totto

DATED:  Honolulu, Hawaii, <u>July 21, 2006</u>.



                              _____
                              ROGER S. MOSELEY
                              ALAN K. LAU
                              CHRISTOPHER J. MUZZI
                              RENEE M. FURUTA
                              Attorneys for Plaintiff
                              PHILIP E. ENGLISH

10010/2/57025.2                        2