MOSELEY BIEHL TSUGAWA LAU & MUZZI
A Hawaii Limited Liability Law Company
ROGER S. MOSELEY         2060
CHRISTOPHER J. MUZZI     6939
RENEE M. FURUTA          7593
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone: (808) 531-0490
Facsimile: (808) 534-0202
Email: rmoseley@hilaw.us
       cmuzzi@hilaw.us
       rfuruta@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| PHILIP E. ENGLISH, | Civil No. 04-00108 SOM/KSC |
|---|---|
| Plaintiff, | PLAINTIFF PHILIP E. ENGLISH'S SECOND SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ISSUED JUNE 2, 2006; DECLARATION OF COUNSEL; EXHIBITS "A" AND "B"; CERTIFICATE OF SERVICE |
| vs. | |
| CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, | |
| Defendants. | Hearing:<br>Date: August 10, 2006<br>Time: 9:00 a.m.<br>Judge: Honorable Kevin S. Chang |

10010/3/57247.1

**PLAINTIFF PHILIP E. ENGLISH'S SECOND SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ISSUED JUNE 2, 2006**

Plaintiff Philip E. English ("Plaintiff"), by and through his counsel, Moseley Biehl Tsugawa Lau & Muzzi, submits this Second Supplemental Reply Memorandum in Support of Motion to Compel Compliance with Subpoena Issued June 2, 2006. At the initial hearing on this motion, held before the court on August 3, 2006, the Court stated that it had not received or reviewed that pleading.

    COURT:        When was that filed?

    MR. MOSELEY: It should have been filed on July 25, Your Honor. We received the supplemental disclosure that included the minutes of the Ethics Commission, or sets of minutes of the Ethics commission.

    COURT:        I can only tell you Mr. Moseley and again, I give you this as CMECF, but I have a docket sheet, printed on the 31st, that doesn't have that pleading. The last pleading I have from you is the reply filed on the 21st. And I think it is pretty apparent that I've read everything. (See Exhibit A attached hereto)

Contained as exhibits to the Supplemental Reply memorandum in question, were minutes of two meetings of the Ethics Commission, which had been provided (after the prior briefings) by the Department of Corporation Counsel, as not privileged. These minutes had previously been withheld, along with all the other documents subpoenaed.

The minutes of the Ethics Commission for April 19, 2005 (Exhibit C to Supplemental Reply memorandum filed July 25, 2006) show clearly that Counsel

for defendants in the present action requested that the Ethics Commission stay its investigation of the original charges of Phil English against Defendant Gary Kurokawa. (See item "D." on page 4 of Exhibit C) The minutes of the Ethics Commission of February 16, 2006 clearly show that the Department of the Corporation counsel opposed the Ethics Commission's ruling on Plaintiff's request in a related matter, for the reason that such an opinion could be used against the City in Plaintiff's lawsuit. The draft advisory opinion was attached to the Deposition of Charles Totto (Exhibits to deposition apparently originally omitted but recently provided to the Court). The Draft Advisory Opinion essentially would have put the City clearly on record of compliance with the State of Hawaii Whistleblower laws and this apparently would have been a disadvantage to the City.

The essence of the present argument is that the Defendant City does not want the jury to see the evidence the City itself has collected which shows the wrongdoing of one of the other Defendants. One of the chief defenses of **all** of the defendants is that the wrongdoing, of which Plaintiff complained, did not occur and that Plaintiff is just trying to use his status as a whistleblower to protect himself from the consequences of being a bad employee.

In both the answer filed for the City and for the individual defendants, it is answered that the defendants are without knowledge with respect to the allegations

of paragraphs 20, 36, 37, 38, 39, 40, 41, and 42 in the complaint. These paragraphs in the complaint are essentially the paragraphs which set forth the specific complaint against Gary Kurokawa and the use of City time and equipment to conduct the private business of Defendant GK Appraisals. The City and the Defendants are, in essence representing to the Court that they did not know whether or not Defendant Kurokawa was involved in such activity. In the case of Defendant Kurokawa, it is improbable that he did not know whether or not he had done what Plaintiff had alleged. In the case of the City, it is now apparent that it did have knowledge, as a result of it's at least partially completed investigation, and probably continued to gather further knowledge with respect to the truth of the allegations in the Plaintiff's complaint. Of course, the City has not amended its complaint to set forth the knowledge it has received in the course of its long-running ethics investigation.

In essence the City is now continuing to deny the truth of the underlying allegations, all the while having information in its possession which contradicts its representations to the Court. The City is, of course, very anxious not to be caught up in its own deception, thus the arguments which would have the effect of allowing the city to control what evidence in its possession is to be released.

In a recent deposition, counsel for GK Appraisals posed the following question, which is the defense of all of the defendants in a nutshell:

Q. First, Mr. Moseley was asking you about a number of your personal opinions. I'd like to follow that up with a slightly different hypothetical. If a city employee does not see any improper activity going on but nonetheless reports it and thereafter stops doing their job, starts sassing their supervisor, not doing their work and so forth, and then claims that they can't be disciplined because they're a whistle-blower, do you think that's okay? (Deposition of Linda Knowles, July 28, 2006)(portion of which is attached hereto as Exhibit B)

It is plain that Defendants very much want to keep the jury in the dark so that they can continue to assert that Plaintiff's ethics complaint was fabricated. It is also plain that Defendant City has the information, which reflects the truth of Plaintiff's ethics complaint, and of the City's knowledge of the truth of that complaint.

Dated: Honolulu, Hawaii, August 7, 2006.

       /s/ Roger S. Moseley
       ROGER S. MOSELEY
       CHRISTOPHER J. MUZZI
       RENEE M. FURUTA
       Attorney for Plaintiff
       PHILIP E. ENGLISH