CARRIE K.S. OKINAGA, 5958
Corporation Counsel
GORDON D. NELSON, 1819
Deputy Corporation Counsel
530 S. King Street, Room 110
City and County of Honolulu
Honolulu, Hawaii 96813
Telephone:  (808) 523-4832
Facsimile:   (808) 523-4583
Email:       gnelson1@honolulu.gov

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 0 7 2006

at ____ o'clock and ____ min. ____ M
SUE BEITIA, CLERK

Attorneys for Charles W. Totto

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, | ) CIVIL NO. 04-00108 SOM/KSC |
| | ) |
| Plaintiff, | ) SUPPLEMENTAL MEMORANDUM |
| | ) IN OPPOSITION TO PLAINTIFF |
| v. | ) PHILIP E. ENGLISH'S MOTION TO |
| | ) COMPEL COMPLIANCE WITH |
| CITY AND COUNTY OF | ) SUBPOENA ISSUED JUNE 2, 2006; |
| HONOLULU, GARY T. | ) CERTIFICATE OF SERVICE |
| KUROKAWA; ROBERT O. | ) |
| MAGOTA; ANN C. GIMA; and GK | ) |
| APPRAISALS, INC.; JOHN DOES 1- | ) DATE:  August 10, 2006 |
| 10; JANE DOES 1-10; DOE | ) TIME:   9:00 a.m. |
| PARTNERSHIPS; DOE | ) JUDGE: Hon. Kevin S. Chang |
| CORPORATIONS 1-10; and DOE | ) |
| ENTITIES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF
PHILIP E. ENGLISH'S MOTION TO COMPEL COMPLIANCE
WITH SUBPOENA ISSUED JUNE 2, 2006

Charles W. Totto, by and through his counsel, CARRIE K. S. OKINAGA, Corporation Counsel, and GORDON D. NELSON, Deputy Corporation Counsel, submits this Supplemental Memorandum in Opposition to Plaintiff Philip E. English's Motion to Compel Compliance With Subpoena issued June 2, 2006.

## INTRODUCTION

At the hearing in this matter on August 3, 2006, this Court directed counsel to research further whether there were any Hawaii cases dealing with the discoverability via civil subpoena of files relating to an ongoing ethics commission proceeding. We have found no such cases.

The case of Lind v. Grimmer, 30 F.3d 1115 (9th Cir. 1994), cited by Plaintiff on page 6 of its Supplemental Reply Memorandum held that a Hawaii statute purporting to limit plaintiff Lind's right to speak about a State of Hawaii Campaign Spending Commission complaint and proceedings was unconstitutional, both as applied to him and on grounds of overbreadth, Id. at 1123. However, Lind is inapposite; it deals not with the ethics commission, but with the Campaign Spending Commission. The case is further inapposite because it concerned neither the confidentiality obligations of commission members and staff nor a subpoena of

-2-

commission records. The case concerned the First Amendment rights of the plaintiff Lind, who had initiated a Campaign Spending Commission complaint, to publicize the filing.

Mr. Totto has found authority relevant to the resolution of privilege issues that he wishes to bring to the attention of the Court, but before turning to a discussion of that authority, a preliminary point needs iteration.

Plaintiff has yet to inform the Court, the parties or Mr. Totto why the requested information cannot be gleaned from discovery of the witnesses and parties to the federal court case rather than undermine the current and future investigations and effectiveness of the Honolulu Ethics Commission by raiding its investigative files. Plaintiff has also failed to explain why the discovery conducted by the Commission is important to his claim for relief.

Even if Plaintiff sets forth some rationale, he will have to show that his needs outweigh the interests of Mr. Totto and the Commission in maintaining the confidentiality of the Commission's investigative information.

For example, Plaintiff should be required to show why he thinks he is entitled to see Mr. Totto's and Mr. Viola's handwritten notes regarding the pending investigations (*e.g.*, Bate-stamped pages 1-6, 179, 185, 398-611 and 714-734), or all of the various drafts of documents exchanged by them (*e.g.*, Bate-stamped pages 735-736, 1138-1143), or all of the emails between Mr. Totto and

Mr. Viola and the attachments thereto (*e.g.*, Bate-stamped pages 1843-1972), or tapes of witnesses whom Plaintiff himself is free to depose (*e.g.*, Bate-stamped items 2142-2149).

It is only if Plaintiff demonstrates the relevancy of the information sought to his claims, his substantial need for the information and his inability to obtain the information from other sources that the Court need address other questions raised by Mr. Totto's assertion of privilege.

## FEDERAL COMMON LAW SUPPORT FOR THE ASSERTION OF A GOVERNMENT INFORMATIONAL PRIVILEGE BASED ON ETHICS COMMISSION CONFIDENTIALITY STRICTURES

While our research has not disclosed any Hawaii cases dealing specifically with the production of ethics commission files in a civil litigation context[1], federal common law as developed in this circuit does recognize a qualified privilege for official government information. Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976). This official government information privilege is intended to protect

---

[1] Mr. Totto's Memorandum in Opposition to Plaintiff's Motion to Compel did note in footnotes 13 and 14 the position of the State Office of Information Practices ("OIP"), which interprets Hawaii's Uniform Information Practices Act ("UIPA"). In most cases, the identities of persons who are subjects of, or who are referred to in, the Honolulu Ethics Commission's advisory opinions are confidential under the UIPA's exception to disclosure based upon "a clearly unwarranted invasion of personal privacy." The UIPA's exception to disclosure based upon "the frustration of a legitimate government function" also applies and makes the requesters' identities confidential. Additionally, the OIP advised the City Council that a charter amendment or amendment to the ordinance governing the Ethics Commission that required disclosure of those persons' identities would not supersede the UIPA's provisions excepting these records from disclosure. OIP Op. Ltr: No. 96-2, July 16, 1996.

confidential information (of which ethics commission files are a prime example) from disclosure, where the balance of interests favors the maintenance of the confidentiality of government documents, and alternative means of obtaining information are available to the party seeking the documents. It is in essence this privilege for official government information that Mr. Totto has consistently asserted throughout these proceedings when he has cited the City ordinance, Commission rules and City charter provision upon which he bases his claim of privilege.

To determine whether official government information sought to be disclosed is privileged, courts must conduct a case-specific balancing, weighing the potential benefits of disclosure against the potential disadvantages. <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1033 (9th Cir. 1990), <u>cert. denied</u>, 502 U.S. 957 (1991) (citing <u>Kerr</u>). In the <u>Sanchez</u> case, the appeals court found that the district court had struck the proper balance in denying plaintiffs (Hispanic police officers asserting employment discrimination and civil rights claims) access to police department personnel files. Plaintiffs had access to statistical data through the EEOC, and could not show that additional information from personnel files was necessary, even though that information was relevant and not absolutely privileged. The district determined that the opening of confidential police department personnel files "could reach well beyond the legitimate inquiries

necessary to this litigation and would impact disciplinary procedures with the [police department]." Id. at 1034.

Another case involving access to police department files set forth the following factors for courts to consider in conducting the required balancing of interests in deciding whether to bar disclosure under the privilege for official government information:

1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information.
2) The impact upon persons who have given information of having their identities disclosed.
3) The degree to which government self-evaluation and consequent program improvement will be chilled by disclosure.
4) Whether the information sought is factual data or evaluative summary.
5) Whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question.
6) Whether the police investigation has been completed.
7) Whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation.
8) Whether the plaintiff's suit is non-frivolous and brought in good faith.
9) Whether the information sought is available through other discovery or from other sources.
10) The importance of the information sought to the plaintiff's case.

Frankenhauser v Rizzo, 59 F.R.D. 339 (E.D. Pa. 1973).

Without repeating the arguments made earlier, suffice it here to point out that Mr. Totto's Declaration attached to the Memorandum in Opposition to the Motion to Compel does address a number of the above factors, including the effect

of disclosure in thwarting of ethics commission processes by discouraging persons from coming forward or by exposing those who have come forward to retaliation or recrimination (Totto Decl., 9) the impact of premature disclosure of identities (Totto Decl., ¶ 10); the chilling effect on the investigative process (Totto Decl., ¶11); the evaluative nature of much of the work product generated by Mr. Totto and Mr. Viola (Totto Decl., ¶ 6); the fact that all but one of the investigations are ongoing (Totto Decl., ¶ 5); and the fact that the investigations may result in discipline (Totto Decl., ¶ 8). The Declaration thereby makes a substantial showing in support of Mr. Totto's assertion of the privilege for official government information via his citation of the applicable ordinance, rules and charter provision.

Mr. Totto is both Executive Director of and Legal Counsel to the Commission and has extensive personal knowledge of the files, having personally handled them for a time (Totto Decl., ¶ 5), and having discussed them extensively with Mr. Viola (Totto Decl., ¶ 7). It cannot be said that Mr. Totto's assertion of a privilege for official government information based upon the ordinance, rules and charter provision has been done lightly. Further, Mr. Totto has already brought into question threshold issues relating to the importance and relevancy of the Commission's files to the actual claims remaining under Plaintiff's Amended Complaint (Opposition, page 18) and to whether the information sought is

available through other discovery directed to other parties or from other sources
(Opposition, page 16).

## WORK PRODUCT IMMUNITY

Plaintiff has relied upon In Re California Public Utilities Com'n, 892 F.2d
778, 781 (9th Cir. 1989) (hereafter "CPUC"), to argue that work product immunity
for Ethics Commission files cannot be claimed by Mr. Totto in this case. The
Ninth Circuit did declare in that case that "[Rule 26(b) (3)], on its face, limits its
protection to one who is a party (or a party's representative) to the litigation in
which the discovery is sought." But Plaintiff's reliance on this language and this
case are wholly misplaced, because the City is a party to this case.

The CPUC case concerned litigation brought by Southern California Edison
and San Diego Gas against Westinghouse Electric, to which the California Public
Utility Commission was not a party. Because the Commission was not a party and
did not come within the literal language of the rule, the Ninth Circuit denied work
product protection to the Commission for documents which related to the
litigation, but were in fact prepared in connection with regulatory proceedings. By
contrast, in this case the City and County of Honolulu is one of the primary parties
in this litigation and falls squarely within the language of the rule.

And there can be no question but that Mr. Totto is a representative of the City. Under Article XIV of the Hawaii State Constitution, each county is required to establish ethics laws and an ethics agency. The Ethics Commission is established by Section 11-107, Revised Charter of the City and County of Honolulu ("RCH") and is funded through the City's budgeting process. Commission members are appointed by the Mayor and confirmed by the Council. Mr. Totto and other Commission staff are hired by the Commission and paid by the City. The complaints handled by the Commission relate to the conduct of City officials and employees as described in RCH Sections 11-101 through 11-108 and Sections 3-8.1 through 3-8.9, Revised Ordinances of Honolulu ("ROH"). The Commission's findings can result in disciplinary action taken by a City appointing authority against an employee. See, RCH Section 11-106, ROH Section 3-8.5. As Plaintiff's counsel acknowledged at the hearing on August 3, 2006, the advisory opinions issued by the Commission set policy for the City on ethical matters. The documents and tape recordings gathered and generated as a result of investigations by Mr. Totto and, under Mr. Totto's direction, by Mr. Viola in this matter were gathered and generated by City officials in the normal course of the discharge of their official City duties. As representatives of the City, Mr. Totto and Mr. Viola come squarely within the scope of work product protection as set forth in the language of Rule 26(b)(3).

Plaintiff would have the Court ignore the literal language of Rule 26(b)(3) extending protection to a party (or a party's representative) to the litigation in which the immunity is asserted.  The fact that the work product was generated in another litigation-like proceeding to which the City was also a party and in which its representatives have participated, does not remove them from the protection of the rule.  The cases are legion that permit a party to assert work product immunity with respect to earlier proceedings in which the party asserting the immunity also participated.

In F.T.C. v. Grolier Inc., 462 U.S. 19 (1983), the Supreme Court stated:

> Rule 26(b)(3) does not in so many words address the temporal scope of the work-product immunity and a review of the Advisory Committee's comments reveals no express concern for that issue. Notes of Advisory Committee on 1970 Amendments, 28 U.S.C. App. 441-442 (1976).  But the literal language of the Rule protects materials prepared for *any* litigation or trial as long as they were prepared by or for a party to the subsequent litigation.  (Citing  8 J. Wright & A. Miller, Federal Practice and Procedure § 2024, at 201 (1970)).

As the Court further noted:

> At the time this case came to the Court of Appeals, all of the courts of appeals that had decided the issue under Rule 26(b)(3) had determined that work-product materials retained their immunity from discovery after termination of the litigation for which the documents were prepared, without regard to whether other related litigation is pending or is contemplated.[2]

---

[2] The Court cited the following appeals court decisions:  In Re Murphy, 560 F.2d 326, 334 (CA8 1977); United States v. Legget & Platt, Inc., 542 F.2d 655 (CA6 1976) cert. denied, 430 U.S. 945, 97 S. Ct. 1579, 51 L. Ed. 2d 792 (1977); Duplan Corp. v. Moulinage et Retorderie de Chavanoz, 487 F.2d 480, 483-484 (CA4 1973). See also In Re Grand Jury, 604 F.2d 798, 803 (CA3 1979) (work-product privilege continues at least when subsequent litigation is

The Court also noted that an overwhelming majority of the federal district courts reporting decisions on the issue under Rule 26(b)(3) were in accord with that view.[3]

In short, work product generated by Mr. Totto and Mr. Viola in the Ethics Commission proceedings retains its work product immunity in this litigation, to which the City is also a party.

## CONCLUSION

For the reasons stated above, and based on the above-cited authorities, this Court should sustain Mr. Totto's assertion of the official government information privilege as it relates to Ethics Commission files, and further, should protect both

---

related). Cf. Kent Corp. v. NLRB, 530 F.2d 612 (CA5 1976) (work-product privilege does not turn on whether litigation actually ensued), cert. denied, 429 U.S. 920, 97 S. Ct. 316, 50 L. Ed. 2d 287 (1976)).

[3] The Court noted the following district court decisions: In re Federal Copper of Tennessee, Inc., 19 B.R. 177 (Bkrtcy,Tenn. 1982); In re International Systems & Controls Corp., 91 F.R.D. 552 (SD Tx. 1981); United States v. Capitol Service, Inc., 89 F.R.D. 578 (ED Wis. 1981); In re LTV Securities Litigation, 89 F.R.D. 595 (ND TX 1981); First Wisconsin Mortgage Trust v. First Wisconsin Corp., 86 F.R.D. 160 (ED Wis. 1980); Panter v. Marshall Field & Co., 80 F.R.D. 718 (ND Ill. 1978); United States v. OK Tire & Rubber Co., 71 F.R.D. 465 (Idaho 1976); SCM Corp. v. Xerox Corp., 70 F.R.D. 508 (Conn. 1976) appeal dism'd, 534 F.2d 1031 (1977); Burlington Industries v. Exxon Corp., 65 F.R.D. 26 (Md. 1974). See also Hercules, Inc. v. Exxon Corp., 434 F. Supp. 136 (Del. 1977) (protected when cases are closely related in parties or subject matter); Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc., 90 F.R.D. 45 (ND Ill. 1981) (protected in later related litigation).

"fact" work product and "opinion" work product gathered or generated by

Mr. Totto or Mr. Viola from disclosure.

      DATED:  Honolulu, Hawaii, August 7, 2006.

                       Respectfully submitted,

                       CARRIE K. S. OKINAGA
                       Corporation Counsel

                    By _____
                       GORDON D. NELSON
                       Deputy Corporation Counsel
                       Attorneys for Charles W. Totto

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, | ) CIVIL NO. 04-00108 SOM/KSC |
| | ) |
| Plaintiff, | ) CERTIFICATE OF SERVICE |
| | ) |
| v. | ) |
| | ) |
| CITY AND COUNTY OF | ) |
| HONOLULU, GARY T. | ) |
| KUROKAWA; ROBERT O. | ) |
| MAGOTA; ANN C. GIMA; and GK | ) |
| APPRAISALS, INC.; JOHN DOES 1- | ) |
| 10; JANE DOES 1-10; DOE | ) |
| PARTNERSHIPS; DOE | ) |
| CORPORATIONS 1-10; and DOE | ) |
| ENTITIES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy hereof was served upon the following by

hand delivery on August 7, 2006:

ROGER S. MOSELEY, ESQ.
CHRISTOPHER J. MUZZI, ESQ.
RENEE M. FURUTA, ESQ.
Moseley Biehl Tsugawa Lau & Muzzi
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813

Attorneys for Plaintiff

KEVIN P. H. SUMIDA, ESQ.
ANTHONY L. WONG, ESQ.
Sumida & Tsuchiyama
Dillingham Transportation Building
735 Bishop Street, Suite 411
Honolulu, Hawaii  96813

Attorneys for Defendant
 GK APPRAISALS, INC.

MICHAEL A. LORUSSO, ESQ.
Kawashima Lorusso & Tom, LLP
Fort Street Tower
745 Fort Street, 5th Floor
Honolulu, Hawaii  96813

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
    GARY T. KUROKAWA, ROBERT O. MAGOTA,
    and ANN C. GIMA

DATED:  Honolulu, Hawaii, August 7, 2006

_____
GORDON D. NELSON
Deputy Corporation Counsel
Attorney for Charles W. Totto