IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, ) | CIVIL NO. CV04-00108 SOM/KSC |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT OF |
| ) | MOTION |
| vs. ) | |
| ) | |
| CITY AND COUNTY OF ) | |
| HONOLULU; GARY T. KUROKAWA; ) | |
| ROBERT O. MAGOTA; ANN C. ) | |
| GIMA; and GK APPRAISALS, INC.; ) | |
| JOHN DOES 1-10; JANE DOES 1-10; ) | |
| DOE PARTNERSHIPS; DOE ) | |
| CORPORATIONS 1-10; AND DOE ) | |
| ENTITIES 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

MEMORANDUM IN SUPPORT OF MOTION

I.   BACKGROUND OF RELEVANT FACTS

Susan A. Bender, Esq. is a Deputy Corporation Counsel. She is not and was never an employee of the Real Property Assessment Division, even though her office is situated in close proximity to it. See Declaration of Susan Bender.

As a Deputy Corporation Counsel, Ms. Bender serves as legal counsel for the Real Property Assessment Division in matters before the Tax Appeal Court and the Board of Review (i.e., real property tax appeals). Id. Ms. Bender has worked with Plaintiff in the past, but was never his "co-worker." Id.

Ms. Bender's job duties do not include investigating/interviewing employees at the Real Property Assessment Division; handling workers compensation claims;

developing/maintaining/enforcing work-place violence policies and procedures; developing/maintaining/enforcing Real Property Assessment Division disciplinary policies and procedures; developing/maintaining/enforcing whistle blowing policies and procedures for the City and County of Honolulu; and handling any matters pertaining to or with the City Ethics Commission.  Id.[1]

Notwithstanding her limited role as a Deputy Corporation Counsel, Plaintiff PHILIP E. ENGLISH ("Plaintiff") served Ms. Bender with a Notice of Deposition Upon Oral Examination ("the Notice") and Subpoena Duces Tecum ("SDT") for Susan A. Bender, Esq. asking for her attendance at a deposition on August 18, 2006 to testify and produce documents on forty (40) different categories; copies of the Notice of Deposition and SDT are attached to the foregoing motion as Exhibits "A" and "B," respectively.  Among the various broad categories, Plaintiff requests testimony and documents regarding:

- Any and all documents, records, notes, memorandum or other material pertaining to the City Ethics Commission

- Any and all documents, records, notes, memorandum or other material pertaining to Board of Review schedules from June 2000 through June 2004;

- Copy of [Ms. Bender's] vacation schedule from June 2000 through 2004;

- Copy of [Ms. Bender's] sick leave from June 2000 through June 2004;

- Copy of any documentation of any leave of any nature or form taken or sought from June 2000 through June 2004;

---

[1]   Ms. Bender has been subpoenaed by Plaintiff's counsel to testify at deposition in a tax appeal case entitled AOAO Waikiki Shore Inc. et al. v. Department of Budget and Fiscal Services, Civil No. 05-1-0612 (VSM), for which the Honorable Victoria Marks limited the scope of counsel's questioning.  See Declaration of Marie Manuele Gavigan.

- Any and all documents, records, notes, memorandum or other material pertaining to disciplinary action taken against you or received by you while employed with the Assessment Division;

- Any and all documents records, notes, memorandum or other material regarding any and all other whistleblower claims or issues, in which you were involved in any way, since you began employment with the City and County of Honolulu; and

- Any and all documents records, notes, memorandum or other material regarding any and all workers' compensation claims in which you were involved in, in any manner, since you began employment with the City and County of Honolulu.

The remaining requests cover other broad areas including documents regarding various employees of the Real Property Assessment Division, including named defendants Gary Kurokawa, Robert Magota, and Ann Gima, Charles Totto of the City Ethics Commission, the City Ethics Commission, Thomas Riddle of the City's workers compensation division, the City's workers compensation division, whistle blower policies and procedures, and workplace violence policies and procedures.

II.  DISCUSSION

    A.  Applicable Law Regarding Motions for Protective Order
            and to Quash Subpoenas Served on Non-Parties

Rule 26(c), Federal Rules of Civil Procedure, allows an individual from whom discovery is sought to file a motion requesting a protective order in order to protect that person "from annoyance, embarrassment, oppression, or undue burden or expense." Id.  As a result, the court can fashion, "any order which justice requires to protect a party . . . including . . .that the disclosure or discovery not be had." Id. (emphasis added).

3

A Court is also empowered to limit discovery pursuant to Rule 26(b)(2) if it is determined that the requested discovery is:

1. Unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;

2. The party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or

3. The burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources and the importance of the proposed discovery in resolving issues.

Likewise, Rule 45(c), Federal Rules of Civil Procedure allows a non-party to file a motion to quash a subpoena on the basis of undue burden and relevance, among other reasons:

> Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena. Specifically under Rule 45(c)(3)(A), an evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party, and in particular, requires the court to consider: 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.

Moon v. SCP Pool Corporation, 232 F.R.D. 633 (C.D.Cal. 2005)(internal citations omitted).

"Undue burden can be found when a subpoena is facially overbroad," *to wit*, a subpoena that is "limited neither by reasonable restrictions on time nor by particular documentary descriptions." Williams v. City of Dallas, 178 F.R.D. 103, 109-110 (N.D. Tex. 1998)(Court held subpoena served on non-party asking for any and all documents relating to Erik Williams, Michael Irvin and Nina Shahravan

4

was facially overbroad).² A subpoena will also be deemed to create an undue burden "if the sought after documents are not relevant nor calculated to lead to the discovery of admissible evidence." Compaq Computer Corp. v. Packard Bell Electronics, Inc., 163 F.R.D. 329, 335-336 (C.D.Cal. 1995).

Even greater protections are afforded non-parties, and "require a stronger showing of relevance than for simple party discovery." Laxalt v. McClatchy, 116 F.R.D. 455 (D.Nev. 1986)(citing with approval to Dart Industries Co. v. Westwood Chemical Co., 649 F.2d 646 (9th Cir. 1980)); see Wyoming v. United States Dept. Of Agriculture, 208 F.R.D. 449, 452-53 (D.D.C. 2002)(Non-party status is one of the factors the court uses in weighing the burden of imposing discovery). In other words, a court "will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance." Schaaf v. Smithkline Beecham Corp., 233 F.R.D 451, 453 (E.D.N.C. 2005).

Viewed under the standards listed above, it is abundantly clear that Plaintiff has embarked on a "fishing expedition," seeking irrelevant and private information and materials from non-party Ms. Bender. As a result, and as detailed in Sections "B" and "C", the proposed discovery should not go forward.

  B. Plaintiff's Intended Discovery Is Impermissibly Broad, Irrelevant, and Is Obtainable from More Convenient Sources

Most, if not all, of the categories listed in the Notice and SDT are vague, ambiguous, and broad on their face. For instance, items numbered 1 - 16 and 23 -

---

² The Williams court noted that such requests are "akin to an impermissible attempt to 'obtain every document which could conceivably be relevant to the issues in this case.'" Id. (Citing Borden, Inc. v. Florida E. Coast Ry. Co., 772 F.2d 750, 756 (11th Cir. 1985))

40 have no limitations as to time and very little restrictions as to subject matter (except for name) and does not identify specific categories of documents. The lack of any specificity clearly demonstrates that the Notice and SDT are facially overbroad and imposes an undue burden upon her. As such, Ms. Bender should not be required to testify and produce any material regarding such sweepingly broad categories.

Furthermore, the Notice and SDT are not reasonably calculated to lead to the discovery of admissible evidence as most of the requested material is irrelevant to the remaining claims. In particular, Ms. Bender's work history, training, sick leave, vacation, and time sheets, disciplinary proceedings, and participation in any workers compensation, City Ethics Commission, and work-place violence matters have absolutely no relevance to this case and Plaintiff's request for this information from Ms. Bender appears to border on harassment. Plaintiff should not be able to obtain this documentation or elicit testimony on these subjects.

Whatever relevant documents/information that Plaintiff is seeking from Ms. Bender is probably obtainable from some other source that is more convenient, less burdensome, and/or less expensive. For instance, Plaintiff should have, and arguably was required to in the first place, attempted to obtain the documents listed in the Notice and SDT directly from Gary Kurokawa, Robert Magota, Ann Gima, Christopher Graff, Michael Golojuch, Violet Lee, the City Ethics Commission, Thomas Riddle, GK Appraisals. The process is relatively inexpensive with regard to the named defendants, from whom Plaintiff could obtain these documents pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure. Notably, all

6

documents pertaining to Plaintiff's workers compensation claim should be in the possession, custody, and control of his counsel, Roger S. Moseley, Esq., who represented Plaintiff and negotiated the Workers Compensation Settlement on Plaintiff's behalf.  Requesting this information/documentation from Ms. Bender, a non-party, is unreasonable, and in clear violation of Rule 45(c), Federal Rules of Civil Procedure in light of Plaintiff's failure to explore other less intrusive and burdensome means.

    If Ms. Bender were required to produce documents and to testify about these forty (40) broad categories of documents (which in and of itself is unduly burdensome), the time and expense in locating, and copying these documents would greatly outweigh the expected benefit to Plaintiff.  As stated above, Ms. Bender, in her capacity as a Deputy Corporation Counsel, serves as legal counsel for the Real Property Assessment Division in matters taken before the Tax Appeal Court and the Board of Review (real property tax appeals).  Over the years, Ms. Bender has worked with the various members of Real Property Assessment Division on countless cases; requiring Ms. Bender to now testify and produce documentation with regard to every interaction with various members of the Real Property Assessment Division would require her to spend countless hours researching every file on which she worked – to the detriment of her current work load – to locate the requested items.

While it is expected that Plaintiff will argue that the purpose of discovery is to uncover the unknown, he cannot do so with reckless abandon.[3] Unfortunately, that has happened here, where Ms. Bender has been subpoenaed to testify about matters of which she has no personal knowledge, matters that are irrelevant to the claims alleged in the complaint, and to produce materials readily and more conveniently available from other people, including the named defendants.

The lack of specificity and the overbearing breadth of Plaintiff's discovery request should not be condoned; Ms. Bender, therefore, requests that her deposition be canceled, that the SDT be quashed, and that discovery sanctions be imposed under Rules 26(g) and 45(c), Federal Rules of Civil Procedure, to deter future exploitations of the discovery process.

C.   Plaintiff Seeks Private And/or Privileged Information

Ms. Bender was not an employee of the Real Property Assessment Division as Plaintiff mistakenly suggests. Her involvement, therefore, with anyone from that division was solely in her capacity as legal counsel for matters before the Tax Appeal Court and the Board of Review (i.e., tax appeals). Any information, communication, and/or documentation regarding any of her cases is protected by the attorney-client privilege. See Save Sunset Beach Coalition v. City and County of Honolulu, 102 Hawaii 465, 78 P.3d 1 (2003).

Likewise, Ms. Bender's calendar (item #17), time sheets (item #18), and Board of Review calendar/notes/etc.(item #19) are protected from disclosure by the

---

[3]   The Court, in its discretion, may award sanctions against a party who abuses the discovery process. See Fed. R. Civ. P. Rules 26(g), 37(a)(4), & 45(c)(1).

attorney client privilege. See Clarke v. American Commerce National Bank, 974 F.2d 127, 129 (9th Cir 1992); In re Grand Jury Witness (Salas and Waxman), 695 F.2d 359 (9th Cir. 1982).

Plaintiff's broad requests also invade Ms. Bender's privacy (i.e., requesting disciplinary files, calendar, vacation schedule, etc...) for which there is no cogent reason explaining why it should be divulged. The broad requests would also invade the privacy of those individuals identified in Ms. Bender's calendar, files, etc. In other words, Ms. Bender should not be required to respond to such broad and irrelevant requests when there is a potential that by doing so, her privacy would be unnecessarily invaded as would the privacy of those individuals identified in any documents produced.

Therefore, Plaintiff's Notice of Deposition and SDT should be quashed and/or limited to prevent disclosure of privileged and private information.

III.   CONCLUSION

Based on the foregoing, Susan A. Bender respectfully requests that her motion be granted and that an order issue canceling her deposition and quashing the Subpoena Duces Tecum filed July 31, 2006.

DATED: Honolulu, Hawaii, August 10, 2006.

                    CARRIE K.S. OKINAGA
                    Corporation Counsel

                    By:  /s/ Marie Manuele Gavigan
                          MARIE MANUELE GAVIGAN
                          Deputy Corporation Counsel

                        Attorney for SUSAN BENDER