not to go back to work and Plaintiff has not worked since that time.

74.   On February 28, 2003, the City was notified as to Plaintiff's condition, through a workers' compensation claim, and on March 18, 2003 Plaintiff was notified that the City had arranged an independent examination of Plaintiff on Friday, April 18, 2003.

75.   On or about March 12, 2003, the City official investigating the workplace violence claims, issued a report, which compared Plaintiff to Byron Uyesugi (Xerox case) and concluded that Plaintiff's "work performance may be less than satisfactory and his behavior inappropriate and/or insubordinate requiring administrative action." This report caused substantial additional injury to Plaintiff.

76.   On or about April 16, 2003, Plaintiff received notification (dated April 9, 2003) from Defendant Magota that there would be a meeting on April 17, 2003 for the purpose of discussing Plaintiff's annual performance review.

77.   On April 16, 2003, the City was notified that such a meeting and performance review were inappropriate and a senseless exacerbation of the damage being done to Plaintiff.

78.   On April 17, 2003, Plaintiff was advised that the performance review would be put "on hold until after [Plaintiff's] workers' compensation matter is addressed".

79. On April 30, 2003, the City workers' compensation administrator wrote that "both Dr. Kennedy and I are concerned with Mr. English's mental state, especially considering his past history of multiple suicide attempts or ideation. His stress has reached a crisis level and only seems to be getting worse." On the very same day, Plaintiff received an "Annual Performance Evaluation Report", dated April 22, 2003. This report rated Plaintiff "substandard" in all but two categories and gave Plaintiff an "overall evaluation" of "substandard". Further, the report contained an extensive narrative, which substantially misrepresented Plaintiff's work performance and abilities. The preparation and sending of this report, signed by both Defendant Gima and Defendant Magota was intentional and knowingly calculated to cause further substantial injury to Plaintiff.

80. The acts of Defendants complained of herein have resulted in substantial injury and damage to Plaintiff, including, but not limited to: actual physical pain and suffering, severe emotional and mental distress, loss of personal, professional and financial reputation, loss of employment, loss of his professional career, and termination of Plaintiff's marriage.

81. Defendant City has a pervasive history and pattern of conduct retaliating against whistleblowers and employees who have engaged in

protected activity, including, but not limited to, free speech by expressing concerns about illegal activities, government waste, corruption, hazardous activities, and matters of public concern occurring at the City. In at least three recent whistleblower lawsuits, other than Plaintiff's present suit, the City has supported and defended the actions of City officers and employees who retaliated against whistleblowers and others exercising their rights to free speech and by failing to protect whistleblowers and others from retaliation. While in each of the referenced lawsuits the City either settled the case or has had a jury verdict rendered against it, the City has taken no action to protect whistleblowers or others exercising their rights to free speech. In July 2003, the City settled a whistleblower lawsuit filed by a former City Liquor Inspector. In December 2003, the City again settled another whistleblower lawsuit filed by a Honolulu Police Department veteran officer. In August 2005, a jury verdict was rendered in favor of a former City painter for damages in the amount of $1.5 million dollars. Despite the obvious pervasive nature of retaliation against whistleblowers and others exercising their rights to free speech, the City has not enacted any ordinance, promulgated any regulation, or instituted any policy or procedure designed to protect whistleblowers or others exercising their rights to free speech. Nor has the City instituted any program of training for whistleblowers or officers and managers in the City regarding the rights of

employees to blow the whistle and regarding the duty not to retaliate. Nor has the City taken any actions to discipline those who have retaliated against whistleblowers. By failing to act in the face of a plainly pervasive problem, the City has evidenced a policy of encouraging retaliation against whistleblowers and has evidenced at least a deliberate indifference to Plaintiff's constitutional rights and those of other whistleblowers.

VI.  <u>Relief Prayed</u>

    1.    General and special damages in amounts to be proven at trial.

    2.    Punitive damages as to Defendants GK Appraisals, Inc., Ann Gima, Gary Kurokawa and Robert Magota.

    3.    Attorneys' fees, costs of suit, pre-judgment and post judgment interest.

VII.  <u>Points of Law</u>

    1.    Count I – Violation of Civil Rights, 42 U.S.C. § 1983. See also <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658 (1978)(local governmental bodies such as counties and municipalities are considered "persons" under §1983 and may be sued under that statute); <u>Lytle v. Carl</u>, 382 F.3d 978 (9th Cir. 2004)(city's liability under §1983 may be premised on three theories (1) that a City employee was acting pursuant to an expressly adopted policy; (2) that a City employee was acting pursuant to a long-standing custom or practice; and 93) that a City employee was acting as a "final policy maker").

Defendants, under color of statutes, ordinances, regulation, customs, or usages of the State of Hawaii, or the City and County of Honolulu, subjected Plaintiff to the deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States, including but not limited to, violation of Plaintiff's right to free speech, due process of the law, equal protection of the law, and the enjoyment of his civil rights.

   2.   Count IV – Unlawful Discrimination and Retaliation, Hawaii Revised Statutes §378-62.   Defendants constructively discharged, threatened, retaliated and/or otherwise discriminated against Plaintiff, in violation of Hawaii Revised Statutes §378-62 regarding Plaintiff's compensation, terms, conditions, location, or privileges of employment because of Plaintiff's unwillingness to condone improper and/or criminal activities and because Plaintiff came forward and brought these activities to the attention of the City's personnel, the Ethics Commission and other individuals, entities and agencies.

   3.   Count V – Willful, Wanton and Reckless Conduct.   Plaintiff suffered injuries and damages and Defendants' wrongful conduct was a direct and proximate cause of Plaintiff's injuries and damages pursuant to <u>Iddings v. Mee-Lee</u>, 82 Haw. 1 (1996).

   4.   Count VI – Intentional Infliction of Emotional Distress. Defendants knowingly and intentionally caused severe emotional or mental

distress to Plaintiff and Defendants are liable for damages suffered as a result of the wrongful conduct.

5. Count VII – Negligent Infliction of Emotional Distress. See Iddings v. Mee-Lee, 82 Haw. 1 (1996), Calleon v. Miyagi, 76 Haw. 310, 976 P2d. 1278 (1994), Hun v. Center Properties, 63 Haw. 273, 626 P2d, 182 (1981). Defendants negligently caused emotional distress to Plaintiff and he suffered injuries, including actual physical injury and pain.

6. Count VIII – Defamation. See Gold v. Harrison, 88 Haw. 94, 962 P.2d 353 (1998). Defendants intentionally and knowingly published and made false statements, to third-parties, which were intended to and did harm the reputation of Plaintiff English in the community and/or deter others from associating with him.

7. Count IX – Interference with Contractual Relations. See Lee v. Aiu, 936 P.2d 655 (Haw. 1997). Defendants, intentionally and knowingly interfered with, and eventually damaged and destroyed, all of Plaintiff's rights under his employment contract with the City.

8. Count X – Interference with Prospective Business Advantage. See Robert's Hawaii School Bus, Inc. v. Laupahoehoe, Transp. Co., Inc., 91 Haw. 224, 982 P.2d 853 (1999). Plaintiff English had a contractual employment relationship with the City, as well as the prospects for future advancement at the city and/or other additional economic advantage to be

gained and Defendants, intentionally and knowingly interfered with, and eventually damaged and destroyed, all of Plaintiff's rights and prospects for future advancement and/or other additional economic advantage to be gained.

9. Count XI – Violation of Rights under the Hawaii Constitution. Defendants violated Plaintiff's rights secured to him by the Constitution of the State of Hawaii, including, but not limited to, due process of law, freedom of speech, equal protection of the law and enjoyment of his civil rights and Plaintiff suffered injuries and damages.

10. Count XII – Punitive Damages. Masaki v. General Motors Corp., 71 Haw. 7, 780 P.2d 566 (1989). Defendants acted intentionally, wantonly, willfully, and oppressively, with such malice as implies a spirit of mischief, and with conscious indifference to the consequences of their acts and the Defendants' acts are characterized by aggravating circumstance sufficient to justify imposition of punitive or exemplary damages.

VIII. Previous Motions

1. Defendant GK Appraisals, Inc.'s Motion for Summary Judgment filed on September 13, 2005. By Order of the Court on December 15, 2005, Defendant GK Appraisals, Inc.'s Motion is granted as to Count I, Count II, Count III, Count IV, Count V and Count VIII of Plaintiff's Complaint. Defendant GK Appraisals, Inc.'s Motion is denied as to Count

VI, VII, IX, X and XII of Plaintiff's Complaint. Defendant GK Appraisals, Inc. withdrew its motion as to Count XI of Plaintiff's Complaint.

2. Defendant City and County of Honolulu's Motion for Partial Dismissal, or in the alternative, Motion for Partial Summary Judgment filed on September 14, 2005. By Order of the Court on December 15, 2005, Defendant City and County of Honolulu's Motion is granted as to Count I, Count II, Count III, Count V, Count VII and Count XII of Plaintiff's Complaint.

3. Defendants Gary Kurokawa, Ann Gima and Robert Magota's Motion for Partial Dismissal, or in the alternative, Motion for Partial Summary Judgment filed on September 14, 2005. By order of the Court on December 15, 2005, Defendants Gary Kurokawa, Ann Gima and Robert Magota's Motion is granted as to Count II, Count III, Count VII (granted to the extent the NIED claim is asserted against individual Defendants for actions they took in their capacities as employees of the City but denied to the extent the NIED claim is asserted against Defendant Kurokawa for actions he may have taken in his capacity as an officer or shareholder of GK Appraisals, Inc.

4. Defendant City and County of Honolulu's Motion for Partial Dismissal, or in the alternative, Motion for Partial Summary Judgment filed on May 3, 2006. Defendant City and County of Honolulu's Motion is

granted as to Count X of Plaintiff's First Amended Complaint.

5. Defendants Gary Kurokawa, Ann Gima and Robert Magota's Motion for Partial Dismissal, or in the alternative, Motion for Partial Summary Judgment filed on May 3, 2006. Defendants Gary Kurokawa, Ann Gima and Robert Magota's Motion is granted as to Count IX and Count X of Plaintiff's First Amended Complaint.

6. Defendant City and County of Honolulu's Motion for Protective Order filed on June 15, 2006. Court grants Defendant's Motion on July 20, 2006.

7. Defendant City and County of Honolulu's Motion for Rule 11 Sanctions filed on July 5, 2006. Defendant City and County of Honolulu withdrew its Motion.

8. Plaintiff Philip E. English's Motion to Compel Compliance with Subpoena issued June 2, 2006 filed on July 5, 2006. At this time, no decision is issued as matter has been taken under advisement by this Court on August 10, 2006.

IX. Witnesses to be Called

1. Plaintiff Philip E. English, said witness is expected to testify regarding liability and damages.

2. Representative(s), Defendant City and County of Honolulu, said witness is/are expected to testify regarding liability and damages.

3. Defendant Gary Kurokawa, said witness is expected to testify regarding liability and damages.

4. Defendant Ann Gima, said witness is expected to testify regarding liability and damages.

5. Defendant Robert Magota, said witness is expected to testify regarding liability and damages.

6. Representative(s), Defendant GK Appraisals, Inc., said witness is/are expected to testify regarding liability and damages.

7. Susan Bender, said witness is expected to testify regarding liability and damages.

8. Suzanne Foumai, said witness is expected to testify regarding liability and damages.

9. Michael Golojuch, said witness is expected to testify regarding liability.

10. Christopher Graff, said witness is expected to testify regarding liability.

11. Randal Hiraki, said witness is expected to testify regarding liability and damages.

12. Anne Horne, said witness is expected to testify regarding liability and damages.

13. Dwight Ishiguro, said witness is expected to testify regarding

liability.

14. Pauline Iwamoto, said witness is expected to testify regarding liability and damages.

15. Annette Kabasawa, said witness is expected to testify regarding liability and damages.

16. Carole Kamisato, said witness is expected to testify regarding liability and damages.

17. Linda Knowles, said witness is expected to testify regarding liability and damages.

18. Violet Lee, said witness is expected to testify regarding liability and damages.

19. Wilfred Martin, said witness is expected to testify regarding liability.

20. David Matsunami, said witness is expected to testify regarding liability.

21. Kevin Mulligan, said witness is expected to testify regarding liability and damages.

22. Lillie Mundon, said witness is expected to testify regarding liability and damages.

23. Mike Okamoto, said witness is expected to testify regarding liability and damages.

24. Frank Ramil, said witness is expected to testify regarding liability and damages.

25. Thomas Riddle, said witness is expected to testify regarding liability and damages.

26. Sathiporn Songsorn, said witness is expected to testify regarding damages.

27. Julie Tamayori, said witness is expected to testify regarding liability.

28. Walen Toma, said witness is expected to testify regarding liability and damages.

29. Charles Totto, said witness is expected to testify regarding liability.

30. Steven Yee, said witness is expected to testify regarding liability.

31. Norman Yoshida, said witness is expected to testify regarding liability and damages.

32. Marvin Abing, said witness is expected to testify regarding liability and damages.

33. Michelle Muraoka, said witness is expected to testify regarding liability and damages.

34. Joan Koff, Kaiser Permanente, said witness is expected to

testify regarding liability and damages.

35. James Love, Kaiser Permanente, said witness is expected to testify regarding liability and damages.

36. Susan Siu, said witness is expected to testify regarding practice of City with respect to the filing of workplace violence reports against whistleblowers.

37. Witnesses to authenticate documents from and with respect to various entities.

X.   Exhibits, Schedules and Summaries

See Exhibit A.

XI.   Further Discovery or Motions

Plaintiff English will notice or has noticed the following oral depositions:

1. Ann Gima
2. Gary Kurokawa
3. Mike Golojuch
4. Dwight Ishiguro
5. Thomas Riddle
6. Walen Toma
7. Susan Bender
8. Charles Totto (continued deposition)

9. Kevin Mulligan

10. Violet Lee

11. Randall Hiraki

12. Ann Horne

XII. <u>Stipulations</u>

1. Parties have stipulated to allowing Plaintiff English to exceed ten depositions under Rule 30 of the Federal Rules of Civil Procedure pursuant to Rule 29 of the Federal Rules of Civil Procedure.

2. Parties have stipulated to extend the discovery cut off deadline to September 1, 2006.

XIII. <u>Amendments, Dismissals</u>

A. Pleadings

1. Plaintiff English filed his First Amended Complaint on January 12, 2006.

2. Defendant City and County of Honolulu filed its Answer to Plaintiff's First Amended Complaint on January 27, 2006.

3. Defendant Gary Kurokawa, Ann Gima and Robert Magota filed their Answer to Plaintiff's First Amended Complaint on January 27, 2006.

4. Defendant GK Appraisals, Inc. filed its Answer to Plaintiff's First Amended Complaint on April 6, 2006.

B. Claims – see section VII above regarding claims disposed of by

motion.

XIV.  <u>Settlement Discussion</u>

Plaintiff has offered to settle separately with Defendant GK Appraisals, Inc. for its policy limit believed to be $2 million.  This offer was rejected and countered with a $5,000 offer.  Plaintiff rejected the counteroffer.

None of the other Defendants have offered any amount to settle this matter with them.

Plaintiff English has offered to settle separately with Defendant City for $5 million plus an investigation into his allegations with the Ethics Commission.  This offer expired and is no longer available.

Plaintiff English offered to settle separately with Defendant Magota for $500,000 plus his cooperation with any investigation.  This offer has expired and is no longer available.

Plaintiff English offered to settle separately with Defendants Ann Gima and Gary Kurokawa for $1 million each.  This offer has expired and is no longer available.

Parties have participated and are continuing to participate in mediation before court appointed Mediator Gerald Y. Sekiya.  While Plaintiff continues to negotiate in good faith, the possible settlement of this matter has been greatly reduced as a result of the litigation tactics of the

Defendants.

At the initial mediation session, Plaintiff English offered to settle this matter for $7 million. No counter-offer was made by any of the Defendants.

XV. Agreed Statement

Based upon the discovery conducted to date and the various motions that has been filed by all the parties herein and the positions of the Defendants, an agreed statement of facts does not appear to be feasible.

XVI. Bifurcation, Separate Trial of Issues

Based upon the discovery conducted to date and the various motions that has been filed by all the parties and the connection of the facts and issues herein, bifurcation does not appear to be feasible or agreeable.

XVII. Reference to Master or Magistrate Judge

Parties have agreed that the entire matter, including trial, will proceed before U.S. Magistrate Judge Kevin S.C. Chang.

XVIII. Appointment and Limitation of Experts

Plaintiff does not see a need at this time for the court to appoint an impartial expert witness. Also, the parties have disclosed their expert witnesses and it does not appear that any limitation is necessary.

XIX. Trial

Jury trial of this matter is scheduled to commence on October 3, 2006.

XX.  Estimated Trial Time

Plaintiff estimates he will require at least 14 days for the presentation of his case.

XXI.  Claims of Privilege or Work Product

While not technically claims of privileged work product, there are unresolved issues outstanding with respect to the availability of submissions to the Ethics Commission.

XXII.  Miscellaneous

None at this time, except that discovery is continuing and amendments to this Pretrial Statement may be necessary.

Dated:  Honolulu, Hawaii, August 15, 2006.

/s/ Roger S. Moseley
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA
Attorney for Plaintiff
PHILIP E. ENGLISH