MOSELEY BIEHL TSUGAWA LAU & MUZZI
A Hawaii Limited Liability Law Company
ROGER S. MOSELEY          2060
CHRISTOPHER J. MUZZI      6939
RENEE M. FURUTA           7593
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone:  (808) 531-0490
Facsimile:  (808) 534-0202
Email:  rmoseley@hilaw.us
        cmuzzi@hilaw.us
        rfuruta@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>          Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>          Defendants. | Civil No.  04-00108 SOM/KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO SUSAN BENDER'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA DUCES TECUM FILED JULY 31, 2006; EXHIBIT "A"; DECLARATION OF ROGER S. MOSELEY; CERTIFICATE OF SERVICE<br><br><u>Hearing</u>:<br>Dates:    September 19, 2006<br>Time:     9:30 a.m.<br>Judge:   Honorable Kevin S. Chang |

**PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION
TO SUSAN BENDER'S MOTION FOR PROTECTIVE ORDER AND TO
QUASH SUBPOENA DUCES TECUM FILED JULY 31, 2006**

Plaintiff Philip E. English ("Plaintiff"), by and through his counsel, Moseley Biehl Tsugawa Lau & Muzzi, submits this memorandum in opposition to Susan Bender's Motion For Protective Order And To Quash Subpoena Duces Tecum Filed July 31, 2006 ("Motion for Protective Order").

## I.    INTRODUCTION

In the Motion for Protective Order, Ms. Bender, through her counsel Marie Gavigan, who is an attorney employed by Defendant City and County of Honolulu herein as a Deputy Corporation counsel, asks that Plaintiff be barred from any and all discovery with respect to any testimony or documents that Ms. Bender may have.  Such a broad request that discovery not be allowed is unwarranted, without legal support, and is yet another attempt by the Defendant City and County of Honolulu ("City") to prevent Plaintiff from gathering evidence of the truth.  Ms. Bender's office was in the same small building as the one in which Plaintiff worked when he was employed with Defendant City, giving Ms. Bender ample opportunity to observe and hear facts with respect to the allegations made by Plaintiff in his First Amended Complaint.

## II.    ARGUMENT

### A.  Ms. Bender's Counsel Failed to Confer in Good Faith with Plaintiff as Required by Federal Rules of Civil Procedure Rule 26(c)

A necessary prerequisite to the issuance of a protective order pursuant to Fed. R. Civ. Pro. Rule 26(c) is that the movant conferred in good faith with the other affected parties in an effort to resolve the dispute without court action.  Here, Ms. Bender's counsel attempts to satisfy that obligation through her certification that she "conferred in good faith with Plaintiff's counsel and requested that the subject deposition in this case be cancelled. . . ."  A demand that a deposition be cancelled and that no discovery occur is <u>not</u> a good faith effort to resolve a discovery dispute.    Ms. Bender's counsel took the radical and legally unsupportable position that because Ms. Bender was an attorney, she could not be deposed as to any matter in this case because of the attorney-client privilege.[1]  <u>See</u> Declaration of Roger S. Moseley ¶¶ 4-5. In response, Plaintiff's counsel stated to Ms. Bender's counsel that Ms. Bender would be questioned as to matters not

---

[1] Ms. Bender's attorney took the baseless position that Ms. Bender could not be deposed as to any matter in this case because of the attorney-client privilege, despite specific knowledge that Ms. Bender was recently ordered to testify as a witness in another case where Ms. Bender is counsel of record for the City and County in such case.  <u>See</u> Declaration of Marie Manuele Gavigan at ¶¶ 5 and 6. Thus, Ms. Bender's counsel is aware that, even when an attorney is opposing counsel, they may have information regarding facts that are discoverable by oral deposition.  To now assert that Ms. Bender cannot be deposed because everything she has to say is protected by the attorney client privilege is preposterous and not done in good faith.

protected by the attorney-client privilege and requested that Ms. Bender attend her deposition and object to any inquiries that Ms. Bender's counsel believed to be privileged. Id. at ¶6. Ms. Bender's counsel thereupon requested to know what questions would be propounded to Ms. Bender in the deposition. Id. at ¶7. Plaintiff's counsel responded that Plaintiff had no obligation to disclose his questions in advance of his deposition and that the proper procedure was for Ms. Bender's counsel to attend the deposition and to object to the disclosure of any potentially privileged information. Id. at ¶8. Ms. Bender's counsel was advised that, if there were any dispute at the deposition, the specific area of inquiry would be before the court. Id. Ms. Bender's counsel, however, steadfastly continued to refuse to make Ms. Bender available for deposition on these terms, maintaining her demand that the deposition be cancelled. Moseley Declaration at ¶9. The conduct of Ms. Bender's counsel falls far short of a good faith effort to resolve the discovery dispute.

In addition, Ms. Bender's counsel failed to ask Plaintiff's counsel if he would narrow any of the requests for documents in the subpoena duces tecum.[2] Id. at ¶10. Had Ms. Bender's counsel made such a request, Plaintiff's counsel

---

[2] Pursuant to Fed. R. Civ. Pro. Rule 45(c)(2)(B), Ms. Bender could have, without the necessity of filing the Motion For Protective Order, served Plaintiff with written objections to the inspection or copying of the subpoenaed documents. Then, it would have been up to Plaintiff to file a motion to compel compliance with the subpoena if Ms. Bender's objections could not be resolved through mutual agreement.

would certainly have considered such request and worked diligently towards a resolution of any dispute with respect to the subpoenaed documents. Id. at ¶11. As set forth on Exhibit "A," Plaintiff will stipulate to modify or eliminate certain requests for documents in an attempt to address certain of the concerns of Ms. Bender's counsel (raised in her motion in a most general and unspecific way). It is respectfully pointed out, however, that since Ms. Bender's counsel refused to make Ms. Bender available for deposition at all, a discussion of the subpoenaed documents is largely academic, since there was no plan to produce any documents at all.

In the Motion for Protective Order, Ms. Bender's counsel requests discovery sanctions against Plaintiff. However, had Ms. Bender actually conferred in good faith with Plaintiff regarding this matter, this Motion for Protective Order could likely have been avoided in the first place. The failure of Ms. Bender's counsel to confer in good faith and failure to go forward with Ms. Bender's deposition, in order, at least, to make a record for this Court to review, plainly prohibits an award of sanctions against Plaintiff. Fed. R. Civ. Pro. Rule 37(a)(4)(A). Because Ms. Bender's Motion for Protective Order cannot be granted for the reasons set forth herein, it is Ms. Bender that should be sanctioned for bringing the present Motion for Protective Order, and Plaintiff requests that sanctions be imposed upon Ms. Bender pursuant to Fed. R. Civ. Pro. Rule 37(a)(4)(B).

There is no "presumption" that just because Ms. Bender is an attorney, all possible questions of her will be barred by the attorney-client privilege. In fact, Plaintiff's counsel does not anticipate that any of the areas of the potentially contemplated questioning in the deposition will be privileged.

### B. Federal Rules of Civil Procedure Rules 26, 30 and 45 Allow For the Requested Discovery.

Federal Rules of Civil Procedure Rule 26(a) provides for an expansive scope of discovery:

> Parties may obtain discovery regarding <u>any matter</u>, <u>not privileged</u>, <u>that is relevant to the claim or defense of any party</u>, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

(Emphasis added.)

Pursuant to Fed. R. Civ. Pro. Rule 30(a)(1), "[a] party may take the testimony of **any** person, including a party, by deposition upon oral examination without leave of the court except as provided in paragraph (2)."[3] (Emphasis added.) Federal Rule of Civil Procedure Rule 45 a party may compel a nonparty to attend a deposition and produce documents. Thus, the relevant rules of civil procedure allow for the broad discovery requested of Ms. Bender, including her

---

[3] The exceptions set forth in Fed. R. Civ. Pro. Rule 30(a)(2) are not applicable with respect to the Motion For Protective Order.

deposition and production of documents.  Again, Ms. Bender is not an attorney appearing for any party in the present case.

### C. Ms. Bender's Employment as an Attorney Does Not Prohibit Obtaining Her Testimony as a Percipient Witness

Here, Plaintiff seeks Ms. Bender's deposition testimony to support his claims alleged in the Amended Complaint.  Ms. Bender, although one of many attorneys that represents the City and County of Honolulu on other matters,[4] is a percipient witness to many events that do not fall within the attorney-client privilege (or any other privilege).  In particular, Ms. Bender is thought to have non-privileged knowledge relevant, at least, to paragraphs 34, 36, 37, 38, 39, 40, 41, 42, 50, 52, 57, 63, 71, 72, 77, 78, 79, and 83 of the Plaintiff's First Amended Complaint.  Ms. Bender's knowledge is thought to arise out of her physical proximity to the events alleged, her direct involvement with those events, and/or her relationship with Plaintiff as a friend and personal confidant, rather than in her capacity as a Deputy Corporation Counsel.

"Federal common law recognizes a privilege for communications between client and attorney for the purpose of obtaining legal advice, provided such communications were intended to be confidential."  Gomez v. Vernon, 255 F.3d 1118, 1131 (9th Cir. 2001) (citing Weinstein's Federal Evidence, Chp. 503)).  "The

---

[4] Although an attorney for the City and County of Honolulu, Ms. Bender is not opposing counsel and has not alleged that she has worked as opposing counsel in this matter.

privilege, however, is not absolute. The privilege may be waived by the client either implicitly, by placing privileged matters in controversy, or explicitly, by turning over privileged documents." Id.   **"The burden of proof is on the party seeking to establish that the privilege applies."** Clarke v. American Commerce National Bank, 974 F.2d 127, 129 (9th Cir. 1992) (emphasis added).   "The attorney-client privilege . . . is to be extended no more broadly than necessary to effectuate its purpose." Great Plains Mut. Ins. Co. v. Mutual Reinsurance Bureau, 150 F.R.D. 193, 196 (D. Kan. 1993).   Here, the testimony sought to be elicited from Ms. Bender does not relate to the provision of legal advice to the City and County.   Instead, it relates to actions, events, and circumstances observed by Ms. Bender, and to various personal communications Ms. Bender had with Plaintiff and others.

Ms. Bender's wholesale claim of privilege and lack of relevant information is patently insufficient to justify a denial of all discovery as to her, including her oral deposition.   Ms. Bender's all-encompassing claims of privilege and lack of any relevant or nonprivileged information must be put on the record at deposition so that the Court can scrutinize Ms. Bender's incredible claims.   Even in cases where an attorney seeks to depose opposing counsel (which Ms. Bender is not), the court requires that a record be made before ruling on whether any privilege is applicable:

'The Court cannot rule in a vacuum, prior to the deposition, that every question to be asked will seek to elicit privileged information.' In re Arthur Treacher's Franchisee Litigation, 92 F.R.D. 429, 438 (E.D. Pa. 1981); accord Evans v. Atwood, 1999 U.S. Dist. LEXIS 17545, 1999 WL 1032811, at *5 (D.D.C.1999) ('The court cannot say that the plaintiffs cannot ask [the witness] any questions which are reasonably likely to lead to the discovery of non-privileged admissible evidence.'). Thus, this Court will reserve decision on the disputed assertions of privilege until the privilege has been asserted at a deposition or on a privilege log, and the issue is then ripe for consideration.

Moreover, [attorney deponent's] declaration asserting his lack of non-privileged or non-protected information is not dispositive of the issue of whether he should be subject to a deposition, since 'there is a basis . . . for the position that an attorney cannot avoid a deposition by asserting that he or she has no relevant, nonprivileged information, and that at a minimum, the attorney must submit to a deposition so that his lack of knowledge may be tested and any claimed privilege placed on the record.' Niagara Mohawk Power Corp., 125 F.R.D. 578, 594 (N.D.N.Y. 1989).

Alcon Labs., Inc. v. Pharmacia Corp., 225 F. Supp. 2d 340, 344 (S.D.N.Y. 2002). Thus, Ms. Bender's Motion for Protective Order cannot be granted with respect to her deposition because she failed to make a record upon which the Court can render a decision as to whether she has sustained her burden of establishing that a privilege applies that would preclude her from giving any testimony and from producing any documents.

In addition, Ms. Bender has failed to produce a privilege log with respect to any of the subpoenaed documents. Federal Rules of Civil Procedure Rule 45(d) sets forth a nonparty's obligations in responding to a subpoena, and specifically mandates that a privilege log be provided to the party issuing the

subpoena that contains sufficient detail to allow a challenge to the assertion of the privilege:

> (d) Duties in Responding to Subpoena.

> (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Here, Ms. Bender has provided absolutely nothing to establish her claim of attorney-client privilege with respect to the subpoenaed documents. Thus, Plaintiff cannot effectively challenge such a claim, and the Court is denied the ability to determine if such a claim is meritorious. For these reasons, Ms. Bender's privilege claims with respect to the subpoenaed documents should be deemed waived. See, e.g., In re Grand Jury Subpoena, 274 F.3d 563, 576 (1st Cir. 2001) ("A party that fails to submit a privilege log is deemed to waive the underlying privilege claim.") (citing Dorf & Stanton Communications, Inc. v. Molson Breweries, 100 F.3d 919, 923 (Fed. Cir. 1996) (holding that failing "to provide a complete privilege log demonstrating sufficient grounds for taking the privilege" waives the privilege)).

## D.    The Requested Discovery is Proper

Ms. Bender's counsel claims that the requested discovery is impermissibly broad, irrelevant, and is obtainable from more convenient sources. Had Ms. Bender's counsel simply sought clarification of the documents sought by the

subpoena duces tecum, or requested a stipulation limiting such request, Plaintiff would have in good faith worked towards a resolution. Despite the lack of specificity in the present motion, Plaintiff is willing to stipulate to modify its request for documents as set forth in Exhibit "A."

In addition, Ms. Bender asserts that discovery should not be had because Plaintiff's discovery requests "invade Ms. Bender's privacy" and "the privacy of those individuals identified in any documents produced." Memorandum in Support of Motion For Protective Order at 9. Provided that facts and documents are likely to lead to the discovery of admissible evidence, "invasion of privacy" is not a legitimate basis to bar discovery of such information. For example only and without limitation, requests have been made for Ms. Bender's vacation and sick leave records – strictly for the purpose of determining Ms. Bender's opportunity for observation of events of which Plaintiff complains. Instead, if such information was truly private and personal in nature, the appropriate remedy would be a protective order prohibiting the disclosure of such testimony and documents to nonparties and prohibiting the use of such documents outside of this litigation. As previously stated, Ms. Bender's testimony and documents are relevant to this case and not an invasion of privacy. To the extent that actual private information is contained in Ms. Bender's testimony and documents, Plaintiff will stipulate that an appropriate protective order limiting its use should be entered.

## III.    CONCLUSION

Based on the foregoing, Ms. Bender's Motion For Protective Order should be denied in its entirety, and Ms. Bender should be sanctioned in accordance with Fed. R. Civ. Pro. Rule 37(a)(4)(B).

Dated:  Honolulu, Hawaii, September 1, 2006.

*/s/ Christopher J. Muzzi*
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA
Attorney for Plaintiff
PHILIP E. ENGLISH

## EXHIBIT A

(Clarifications have been underscored and
Deletions have been striked through)

1.   Any and all documents, records, notes, memorandum or other material pertaining to Philip E. English, except those where Ms. Bender was counsel of record or to which she was a party.

2.   Any and all documents, records, notes, memorandum or other material pertaining to Gary Kurokawa, except those where Ms. Bender was counsel of record or to which she was a party.

3.   Any and all documents, records, notes, memorandum or other material pertaining to Robert Magota, except those where Ms. Bender was counsel of record or to which she was a party.

4.   Any and all documents, records, notes, memorandum or other material pertaining to Ann Gima, except those where Ms. Bender was counsel of record or to which she was a party.

5.   Any and all documents, records, notes, memorandum or other material pertaining to Christopher Graff, except those where Ms. Bender was counsel of record or to which she was a party.

6.   Any and all documents, records, notes, memorandum or other material pertaining to any investigation or interview of any kind with respect to Philip E. English, except those where Ms. Bender was counsel of record or to which she was a party.

7.   Any and all documents, records, notes, memorandum or other material pertaining to any investigation or interview with respect to any other employee of the Assessment, Division, except those where Ms. Bender was counsel of record or to which she was a party.

8.   Any and all documents, records, notes, memorandum or other material pertaining to Michael Golojuch and relating to paragraphs 1 - 92 of the First Amended Complaint or with respect to Plaintiff's claim of retaliation.

**EXHIBIT A**

9.  Any and all documents, records, notes, memorandum or other material pertaining to any investigation by Michael Golojuch <u>and relating to paragraphs 1 – 92 of the First Amended Complaint or with respect to Plaintiff's claim of retaliation</u>.

10.  Any and all documents, records, notes, memorandum or other material pertaining to any investigation by Violet Lee <u>and relating to paragraphs 1 – 92 of the First Amended Complaint or with respect to Plaintiff's claim of retaliation</u>.

11.  Any and all documents, records, notes, memorandum or other material pertaining to Violet Lee <u>and relating to paragraphs 1 – 92 of the First Amended Complaint or with respect to Plaintiff's claim of retaliation</u>.

12.  Any and all documents, records, notes, memorandum or other material pertaining to Thomas Riddle<u>, except those where Ms. Bender was counsel of record or to which she was a party</u>.

13. Any and all documents, records, notes, memorandum or other material pertaining to any workers' compensation claim by Philip E. English.

14.  Any and all documents, records, notes, memorandum or other material pertaining to Charles Totto<u>, except those where Ms. Bender was counsel of record or to which she was a party</u>.

15.  Any and all documents, records, notes, memorandum or other material pertaining to the City Ethics Commission<u>, except those where Ms. Bender was counsel of record or to which she was a party</u>.

16.  Any and all documents, records, notes, memorandum or other material pertaining to any investigation on behalf of the City Ethics Commission<u>, except those where Ms. Bender was counsel of record or to which she was a party</u>.

17.  Copy of your calendar from June 2000 through June 2004.

18.  Copy of your time records, cards, logs or other document from June 2000 through June 2004.

**EXHIBIT A**

19.  Any and all documents, records, notes, memorandum or other material pertaining to Board of Review schedules from June 2000 through June 2004.

20.  Copy of your vacation schedule from June 2000 through June 2004.

21.  Copy of your sick leave from June 2000 through June 2004.

22.  Copy of any documentation of any leave of any nature or form taken or sought from June 2000 through june 2004.

23.  Any and all documents, records, notes, memorandum or other material pertaining to GK Appraisals, Inc.

~~24.  Any and all documents, records, notes, memorandum or other material pertaining to your education and training regarding real property assessments.~~

~~25.  Any and all documents, records, notes, memorandum or other material pertaining to any promotion(s) you have received or sought while with the Assessment Division.~~

~~26.  Any and all documents, records, notes, memorandum or other material pertaining to any disciplinary action taken against you or received by you while employed with the Assessment Division.~~

27.  Any and all documents, records, notes, memorandum or other material pertaining to any disciplinary proceeding or investigation of any employee misconduct in which you participated or were involved in any manner, shape or form.

28.  Any and all documents, records, notes, memorandum or other material pertaining to any complaint(s) you have made regarding any employee of the Assessment Division.

29.  Any and all documents, records, notes, memorandum or other material pertaining to any training or information you received regarding the rights of whistleblowers.

30.  Any and all documents, records, notes, memorandum or other material pertaining to any polices and procedures of the City regarding the treatment and rights of whistleblowers.

**EXHIBIT A**

31.  Any and all reports, findings, notes, provided by individuals and groups, minutes of meeting, interviews with City and County of Honolulu employees pertaining investigation(s) conducted by the City and County of Honolulu in response to workplace violence reports filed against Philip E. English by City and County of Honolulu's employees.

32.  Any and all statements (including written statements and oral statements) provided by individuals and groups, pertaining investigation(s) conducted by the City and County of Honolulu in response to workplace violence reports filed against Philip E. English by City and County of Honolulu's employees.

33.  Any and all written policies, procedures, and standards regarding the conduct of investigations pertaining to workplace violence at the City and County of Honolulu.

34.  Any and all documents, records notes, memorandum or other material regarding training programs, seminars or other forums you participated in, created or were involved in with respect to whistleblowers.

35.  Any and all documents records, notes, memorandum or other material regarding any and all other whistleblower claims or issues, in which you were involved in any way, since you began employment with the City and County of Honolulu.

~~36.  Any and all documents, records, notes memorandum or other material regarding any and all workers' compensation claims in which you were involved in, in any manner, since you began employment with the City and County of Honolulu.~~

37.  Any and all documents, records, notes memorandum or other material regarding any and all Ethics Commission matters in which you were involved in, in any manner, since you began employment with the City and County of Honolulu.

38.  Any and all documents, records, notes memorandum or other material regarding any City and County of Honolulu policy or practic with respect to whistleblowers.

**EXHIBIT A**

39.  Any and all documents, records, notes, memorandum or other material pertaining to Civil No. 04-00108.

40.  Any and all documents, records, notes, memorandum or other material pertaining to defenses asserted by Defendants City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota, Ann C. Gima and/or GK Appraisals, Inc.

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>              Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF<br>HONOLULU; GARY T. KUROKAWA;<br>ROBERT O. MAGOTA; ANN C.<br>GIMA; and GK APPRAISALS, INC.;<br>JOHN DOES 1 –10; JANE DOES 1-10;<br>DOE PARTNERSHIPS; DOE<br>CORPORATIONS 1-10; AND DOE<br>ENTITIES 1-10,<br><br>              Defendants. | Civil No.  04-00108 SOM/KSC<br><br>DECLARATION OF ROGER S.<br>MOSELEY<br><br><br><br><br><br>Hearing:<br>Dates:    September 19, 2006<br>Time:     9:30 a.m.<br>Judge:   Honorable Kevin S. Chang |

## DECLARATION OF ROGER S. MOSELEY

I, ROGER S. MOSELEY, declare under penalty of perjury that the

following is true and correct to the best of my knowledge:

1.      I am an attorney licensed to practice law in the State of Hawaii, the

United District Court for the District of Hawaii, and the United States Circuit

Court of the 9th Circuit.

2.      I am one of the attorneys responsible for representing Plaintiff Philip

E. English in the above-captioned case.

3.     I make this declaration in support of PLAINTIFF PHILIP E.

ENGLISH'S MEMORANDUM IN OPPOSITION TO SUSAN BENDER'S

MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA DUCES

TECUM FILED JULY 31, 2006.

4.     Ms. Bender's counsel, Marie M. Gavigan, contacted me by telephone

regarding the deposition subpoena and subpoena duces tecum for Susan Bender

(the "meet and confer").

5.     During the meet and confer, Ms. Gavigan stated to me that because

Ms. Bender was an attorney, she could not be deposed as to any matter in this case

because of the attorney-client privilege.

6.     In response, I stated to Ms. Gavigan that Ms. Bender would be

questioned as to matters not protected by the attorney-client privilege and

requested that Ms. Bender attend her deposition and object to any inquiries that

Ms. Bender's counsel believed to be privileged.

7.     Ms. Gavigan thereupon requested to know what questions would be

propounded to Ms. Bender in the deposition.

8.     I responded that Plaintiff had no obligation to disclose my questions

in advance of the deposition and that the proper procedure was for Ms. Bender's

counsel to attend the deposition and to object to the disclosure of any potentially

privileged information.  I told Ms. Gavigan that, if there were any dispute at the deposition, the specific area of inquiry would be before the court.

9.     Ms. Gavigan, however, steadfastly continued to refuse to make Ms. Bender available for deposition on these terms, maintaining her demand that the deposition be cancelled.

10.     Ms. Gavigan failed to ask me if I would narrow any of the requests for documents in the subpoena duces tecum.

11.     Had Ms. Bender's counsel made such a request, I would certainly have considered such request and worked diligently towards a resolution of any dispute with respect to the subpoenaed documents.

12.     Ms. Bender's office was in the same small building as the one in which Plaintiff worked when he was employed with Defendant City, giving Ms. Bender ample opportunity to observe and hear facts with respect to the allegations made by Plaintiff in his First Amended Complaint.

I  DECLARE UNDER PENALTY OF PERJURY under the laws of the United States and the State of Hawaii that the foregoing is true and correct.

Executed September 1, 2006, at Honolulu, Hawaii.

/s/Roger S. Moseley
ROGER S. MOSELEY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>              Plaintiff,<br><br>   vs.<br><br>CITY AND COUNTY OF HONOLULU;<br>GARY T. KUROKAWA; ROBERT O.<br>MAGOTA; ANN C. GIMA; and GK<br>APPRAISALS, INC.; JOHN DOES 1<br>-10; JANE DOES 1-10; DOE<br>PARTNERSHIPS; DOE CORPORATIONS<br>1-10; AND DOE ENTITIES 1-10,<br><br>          Defendants. | Civil No.  04-00108 SOM/KSC<br><br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned herby certifies that a true and correct copy of the foregoing was duly served upon the party listed below at their respective address on September 1, 2006.

MICHAEL A. LORUSSO, ESQ.       **VIA U.S.MAIL**
Kawashima Lorusso & Tom, LLP
Fort Street Tower
745 Fort Street, 5th Floor
Honolulu, Hawaii  96813

     Attorneys for Defendants
     City & County of Honolulu,
     Gary T. Kurokawa, Robert O. Magota,
     and Ann C. Gima

KEVIN P. H. SUMIDA, ESQ.          **VIA COURT'S ELECTRONIC**
ANTHONY L. WONG, ESQ.             **TRANSMISSION FACILITY**
Suite 1400, Mauka Tower
737 Bishop Street
Honolulu, Hawaii  96813

    Attorneys for Defendant
    GK APPRAISALS, INC.

MARIE MANUELE GAVIGAN, ESQ.        **VIA COURT'S ELECTRONIC**
Department of Corporation Counsel  **TRANSMISSION FACILITY**
530 S. King Street., Room 110
Honolulu, Hawaii  96813

    Attorney for SUSAN A. BENDER

DATED:  Honolulu, Hawaii, September 1, 2006.


        /s/ CHRISTOPHER J. MUZZI
        ROGER S. MOSELEY
        ALAN K. LAU
        CHRISTOPHER J. MUZZI
        RENEE M. FURUTA
        Attorneys for Plaintiff
        PHILIP E. ENGLISH