MOSELEY BIEHL TSUGAWA LAU & MUZZI
A Hawaii Limited Liability Law Company
ROGER S. MOSELEY        2060
CHRISTOPHER J. MUZZI    6939
RENEE M. FURUTA         7593
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone: (808) 531-0490
Facsimile: (808) 534-0202
Email: rmoseley@hilaw.us
       cmuzzi@hilaw.us
       rfuruta@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>　　　　　Defendants. | Civil No. 04-00108 SOM/KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S SUPPLMENT TO MEMORANDUM IN OPPOSITION TO SUSAN BENDER'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA DUCES TECUM FILED JULY 31, 2006; EXHIBITS "B" – "H"; DECLARATION OF ROGER S. MOSELEY; CERTIFICATE OF SERVICE<br><br>Hearing:<br>Dates:　September 19, 2006<br>Time:　9:30 a.m.<br>Judge:　Honorable Kevin S. Chang |

10010/3/57580

PLAINTIFF PHILIP E. ENGLISH'S SUPPLEMENTAL
MEMORANDUM IN OPPOSITION TO SUSAN BENDER'S
MOTION FOR PROTECTIVE ORDER AND TO QUASH
SUBPOENA DUCES TECUM FILED JULY 31, 2006

Plaintiff Philip E. English ("Plaintiff"), by and through his counsel, Moseley Biehl Tsugawa Lau & Muzzi, submits this supplemental memorandum in opposition to Susan Bender's Motion For Protective Order And To Quash Subpoena Duces Tecum Filed July 31, 2006 ("Motion for Protective Order").

I.   **The Attorney-Client Privilege Has Been Waived**

In addition to the reasons set forth in Plaintiff's memorandum in opposition to the Motion for Protective Order, to the extent that the attorney-client privilege may be applicable, Defendant City and County of Honolulu waived the attorney-client privilege by voluntarily turning over attorney-client communications in discovery. See Exhibits "B" – "H".

It is well-established that, "[t]he [attorney-client] privilege . . . is not absolute. The privilege may be waived by the client either implicitly, by placing privileged matters in controversy, or explicitly, by turning over privileged documents." Gomez v. Vernon, 255 F.3d 1118, 1131 (9th Cir. 2001). Here, Defendant City and County of Honolulu explicitly waived the attorney-client privilege when it voluntarily turned over the following documents that were attorney-client communications between Ms. Bender or another deputy corporation

counsel and certain city officers or employees at the Real Property Assessment division relating to matters that are the relevant to Plaintiff's claims:

1. Email from Deputy Corporation Counsel Lee M. Agsalud to Ann Gima, et als dated July 26, 2000 re: Illikai assessment/appeal (attached hereto as Exhibit "B");

2. Email from P. English to Deputy Corporation Counsel Susan Bender dated November 16, 2001 re: Draft Ltr re Condo Classification Change (attached hereto as Exhibit "C");

3. Email from A. Gima to Deputy Corporation Counsel Susan Bender dated November 16, 2001 re: Draft Ltr re Condo Classification Change (attached hereto as Exhibit "D");

4. Email from Deputy Corporation Counsel Susan Bender to R. Magota, et al dated November 26, 2001 re: Condo Declarations (attached hereto as Exhibit "E");

5. Email from G. Kurokawa to A. Gima, et als. dated January 22, 2002 and cc: to Deputy Corporation Counsel Susan Bender (attached hereto as Exhibit "F");

6. Email from M. Kim to P. English, et als dated May 21, 2002 and cc: to Deputy Corporation Counsel Susan Bender (attached hereto as Exhibit "G"); and

7. Email from A. Gima to P. English dated October 4, 2002 and cc: to Deputy Corporation Counsel Susan Bender (attached hereto as Exhibit "H").

Thus, to the extent that Plaintiff's oral deposition of Ms. Bender could arguably implicate the attorney-client privilege, Defendant City and County of Honolulu waived any such privilege though its voluntary disclosure of attorney-client communications.

## II.  CONCLUSION

Based on the foregoing, Ms. Bender's Motion For Protective Order should be denied in its entirety.

Dated:  Honolulu, Hawaii, September 5, 2006.

                               _/s/ Christopher J. Muzzi_
                               ROGER S. MOSELEY
                               CHRISTOPHER J. MUZZI
                               RENEE M. FURUTA
                               Attorney for Plaintiff
                               PHILIP E. ENGLISH