Gima, Ann

| | |
|---|---|
| From: | Kim, Michael |
| Sent: | Tuesday, May 21, 2002 1:21 PM |
| To: | English, Philip E.; Gima, Ann; Magota, Robert; Kurokawa, Gary; Kondo, Amy R. |
| Cc: | Bender, Susan A.; Agsalud, Lee M.; Abing, Marvin; Kubota, Gary; Palenske, Bruce; Graff, Chris; Okamoto, Michael |
| Subject: | RE: |

I agree with Phil that a separation of tasks would contribute to a more orderly, smooth, equitable, and professional BOR appeals process.
I had BOR last Wednesday 5/15/02:
   1) I did not know who would be present (board members) and how many agendas to print.
   2) There was only one appraiser's book for the two boards, one board had about 10 pages and the other board had 56 pages of cases. Not knowing there was only one book, I almost numbered the pages wrong. It would have been very hard to fine and reference the deferred cases for the board.
   3) There was only one attendance record for the two Boards, A common place had to be found, so attendance would not be forgotten. (Dean Senda reminded me no less than 3x to mark him as present. The attendance record was left with the tape recorder.
   4) Dean Senda's binder had the wrong last name.
   5) Another Appraiser brought back some decisions from an earlier hearing. The decisions were coded wrong and part of the reason was that the chairman had the wrong list of codes.
These are only a few of the little things that went wrong that day that could have been remedied by a hearing clerk. These were a few of the small things that took up time, while I negotiated w/ Jim Hallstrom, had the stips and withdrawals signed in the right places, rechecking values and authorizations. The Chairman had to sign a lot of decisions from previous hearings, these were mixed into my deferred cases . *A regular hearing clerk would be nice. Aloha, Mike K*

-----Original Message-----
| | |
|---|---|
| From: | English, Philip E. |
| Sent: | Tuesday, May 21, 2002 10:51 AM |
| To: | Gima, Ann; Magota, Robert; Kurokawa, Gary; Kondo, Amy R. |
| Cc: | Bender, Susan A.; Agsalud, Lee M.; Abing, Marvin; Kubota, Gary; Palenske, Bruce; Kim, Michael; Graff, Chris |
| Subject: | |

Ann,

Last Thursday I had Board of Review. A problem exists with the current system. The appraisers are asked to act as both the appraiser representing the Tax Office and the hearing clerk. The problems that can arise from this practice range from inefficiency to legal issues. The greatest concern being the latter. However, conducting efficient and professional hearings should also be our objective.

The most serious problem is the possibility of ex parte communications. This occurred on Thursday. While acting in the capacity of the hearing clerk the board began to ask questions regarding the cases heard. It was a natural extension of our conversation as I was there answering questions about how to fill out stipulation forms, etc. Virtually every appraiser that I have spoken with has had some form of ex parte communication while acting in the capacity of the hearing clerk.

<u>The problem exists and will persist so long as the appraisers are required to act as both the hearing clerk as well as the appraiser representing the Tax Office.</u>

The hearings would be much more efficiently run by a hearing clerk. While acting in the capacity of the hearing clerk the appraiser must :

- Set up the room for the hearing
- prepare copies of the agenda for each board member
- fill in the attendance sheet for each board member
- call the cases
- organize and distribute data that is presented
- assist the board in filling out the appeals forms with the appropriate dates, codes, etc.
- collect all of the decisions and forward to the clerks
- maintain recordings of the hearings
- put everything away after the hearing

EXHIBIT "G"

1

CC 000045

While performing the above the appraiser must also (as the appraiser):

- prepare data in support of the appraiser's conclusion
- be prepared to provide written support (graphs, charts, spread sheets, etc.)
- be prepared to provide oral testimony to the board in support of the appraisers conclusion
- organize and maintain data used at board
- keep a record of and act on any follow up required from the board

The appraiser is required to wear two hats. In the process the hearings are less efficient and less professional. But even more it opens the opportunity for ex parte communications to occur.

There can be an easy solution to this serious problem and that is to have a Board of Review hearing Clerk. This would require a clerk to appear at BOR for 2 to 3 hours a week for two days per week. I would think that a clerk supervisor or perhaps the PTO clerks would be ideal for this important function.

The hearings could be organized and efficiently run with the support of a hearing clerk and the hearings would most likely take less time. This would be a plus for all parties from the appellants, to the appraisers, to the board members themselves. The clerk could:

- Set up the room for the hearing
- prepare copies of the agenda for each board member
- fill in the attendance sheet for each board member
- call the cases
- <u>maintain a timer to insure the appellants all have equal time</u>
- organize and distribute data that is presented
- assist the board in filling out the appeals forms with the appropriate dates, codes, etc.
- collect all of the decisions and forward to the clerks
- maintain recordings of the hearings
- put everything away after the hearing

When the hearing is concluded the appraiser would leave the same time as the appellants and it would insure that there would be <u>no</u> ex parte communications.

The problems of inefficient and unprofessional hearings as well as the more serious problem of ex parte communications could be resolved in a simple way. Please consider having a hearing clerk and the Board of Review hearings.

Respectfully submitted,

*Phil English*
Appraiser
Real Property Tax Division
City and County of Honolulu
*penglish.co.honolulu.hi.us*