IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, | ) CIVIL NO. CV04-00108 SOM/KSC |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF MOTION |
| vs. | ) |
| CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION**

I.  **INTRODUCTION**

This case primarily involves a claim for work-place discrimination and/or retaliation arising out of various incidents that allegedly occurred while Plaintiff was employed by the City and County of Honolulu as a real property tax appraiser with the Real Property Tax Assessment Division.

The substantive motions deadline was May 3, 2006. At that time, the only depositions taken were of David Matsunami (11/09/05) and Philip English (9/30, 10/04, 10/05/05); Plaintiff's deposition was not completed.

After the deadline had passed, a number of depositions were scheduled, including: Chris Graff (6/21/06), Robert Magota (5/31, 6/08, 6/16, 8/01/06), Charles Totto (6/23/06), Tom Ueno, CPA (07/26/06), Linda Knowles (7/28/06), Carole Kamisato

(8/04/06), Susanne Foumai (8/04/06), Julie Tamayori (8/14/01), Dwight Ishiguro (8/15/06), and Daryl Matthews, M.D. (8/16/06). Plaintiff's continued deposition occurred on 8/7/06 with other dates scheduled for 8/09, 8/12, and if necessary 8/15 (half day) and 8/17/06 (half day). Plaintiff, however, informed CITY Defendants that we would be unable to attend his continued deposition. CITY Defendants are attempting to re-schedule Plaintiff's deposition.

The remaining witnesses who Plaintiff identified in his Pretrial Statement and who purportedly are going to be deposed before the September 1, 2006 are:

1. Ann Gima;
2. Gary Kurokawa;
3. Mike Golojuch;
4. Thomas Riddle;
5. Wylen Toma;
6. Susan Bender;
7. Charles Totto;
8. Kevin Mulligan;
9. Violet Lee;
10. Randall Hiraki; and
11. Ann Horne.

Plaintiff, on August 24, 2006, cancelled the depositions of Toma and Mulligan scheduled for August 25, 2006 due to the illness of Plaintiff's counsel.

II. **RELEVANT PROCEDURAL HISTORY**

On February 13, 2004, the Plaintiff filed the Complaint in the above-referenced matter, naming Defendant CITY, Defendants GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA in their official and individual capacities (collectively "CITY Defendants"), and Defendant GK Appraisals, Inc. as defendants, and alleging the following claims:

- Count I: Violation of Civil Rights (42 U.S.C. § 1983);

- Count II: Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985);

- Count III: Neglect to Prevent Interference with Civil Rights (42 U.S.C. § 1986)

- Count IV: Unlawful Discrimination and Retaliation (HRS § 378-62);

- Count V: Willful, Wanton, and Reckless Conduct (<u>Iddings v. Mee-Lee</u>, 82 Haw. 1 (1996)) ;

- Count VI: Intentional Infliction of Severe Mental or Emotional Distress;

- Count VII: Negligent Infliction of Emotional Distress;

- Count VIII: Defamation;

- Count IX: Intentional Interference with Contractual Relations;

- Count X: Intentional Interference with Prospective Economic Advantage;

- Count XI: Violation of Rights Under Hawaii Constitution; and

- Count XII: Punitive Damages

In October 2004, the parties agreed to mediate the claim with the assistance of mediator, the Hon. Patrick Yim (ret.). The matter could not be resolved at that time.

Subsequently, all defendants filed motions to dismiss, or in the alternative for partial summary judgment on various claims.

With the motions pending, the parties agreed to another mediation session, this time before Gerald Sekiya in November 2005.

Shortly thereafter, by order dated December 15, 2005, this Court ruled on the motions, granting judgment on the pleadings to Defendant CITY on Counts I, II, III, V, VII, and XII of the Complaint; granting judgment on the pleadings to Defendants GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA on Counts II, III, and VII (to the extent the NIED claim is asserted against individual Defendants for actions taken in their capacities as employees of Defendant CITY); and granted summary judgment to Defendant GK Appraisals, Inc. on Counts I, II, III, IV, V, and VIII. See Order Granting Defendant City and County of Honolulu's Motion for Judgment on the Pleadings; Order Granting in Part and Denying in Part the Individual Defendants' Motion for Judgment on the Pleadings; Order Granting in Part and Denying in Park the Motion for Summary Judgment filed by Defendant GK Appraisals, Inc. Plaintiffs withdrew Count XI as to all defendants. Id.

The December 15, 2005 Order permitted Plaintiff to file an amended complaint in order to reallege his § 1983 claim. The Court thereafter issued its Second Amended Rule 16 Scheduling Order on December 28, 2005 setting the substantive motions deadline for May 3, 2006.

On January 12, 2006, Plaintiff filed his First Amended Complaint alleging for the first time that:

- Defendant City has a longstanding pervasive history, custom, practice, and pattern of retaliating against whistleblowers and employees who have engaged in protected speech as evidenced by the multiple whistleblower cases filed against it (see ¶ 94A of the First Amended Complaint);

- Defendant Kurokawa is an officer and the Administrator of the Assessment Division, an agency of the executive branch of the City (see ¶ 94B of the First Amended Complaint);

- Defendant Kurokawa displayed and exercised his power over personnel actions as they related to City employees (see ¶ 94B of the First Amended Complaint); and

- The actions taken by Defendant KUROKAWA regarding personnel functions were supported, sanctioned and ratified by other City executives and attributable to Defendant City and direct acts of Defendant City (see ¶ 94B of the First Amended Complaint).

CITY Defendants, on May 3, 2006, filed for partial summary judgment on Counts IX and X of the First Amended Complaint. By order dated July 6, 2006, this Court granted the motions, dismissing Count X against CITY Defendants and Count IX against Defendants Kurokawa, Magota, and Gima.

The remaining claims involving CITY Defendants are as follows:

<u>Defendant CITY</u>

- Count I (§ 1983);
- Count IV (Haw.Rev. Stat. § 378-62);
- Count VI (IIED); and
- Count VIII (Defamation).

<u>Defendants KUROKAWA, MAGOTA, and GIMA</u>

- Count I (§ 1983);
- Count IV (Haw.Rev. Stat. § 378-62);
- Count V (Wilfil, Wanton, and Reckless Conduct);
- Count VI (IIED);
- Count VII (to the extent that Plaintiff's NIED claim is asserted against Defendant KUROKAWA for actions he may have taken in his capacity as an officer/shareholder of GK Appraisals);
- Count VIII (Defamation);
- Count XII (Punitive Damages).

## III. **DISCUSSION**

An extension of the time to submit dispositive motions in this case is necessary to narrow the issues and claims for trial, especially in light of various recent legal and case developments.

A recent U.S. Supreme Court decision issued on May 30, 2006 entitled <u>Garcetti v. Ceballos</u>, 126 S.Ct. 1951 (2006) and an Intermediate Court of Appeals decision issued on June 26, 2006

(later corrected on July 3, 2006) entitled Wittig v. Allianz, A.G., ___ P.3d ___, 2006 WL 1731142 (Haw.App. 2006) have called into question Plaintiff's § 1983 and retaliatory discharge claims. These decisions could not have been brought to this Court's attention at the time of the May 3, 2006, substantive motions deadline.

Additionally, areas of fact that were once in dispute have now been clarified though the deposition and discovery process and the issues are now ripe for determination by this Court. At the same time, facts believed not to be in controversy are now being disputed by Plaintiff; as an example, it was only after the substantive motions deadline had expired were CITY Defendants made aware that Plaintiff now claims that the Workers' Compensation Settlement Agreement was signed under duress and therefore invalid. In light of the Wittig decision, CITY Defendants believe that the issue can be dealt with by way of a substantive motion.

Allowing for the extension of the dispositive motions deadline, in light of the substantial discovery that has recently been completed and the issuance of the Garcetti and Wittig decisions, would not prejudice Plaintiff or co-Defendant GK Appraisals as they have been made aware of CITY Defendant's defense in the Pretrial Statement filed herein on August 15, 2006.

More importantly, by allowing the motions to be heard and decided before trial begins, there is a potential that countless hours of trial time would be saved, thus benefitting the parties and the Court. Even if the proposed motions are denied, the issues would be made clearer by the Court's ruling, thus allowing for a more streamlined and focused trial presentation by all parties.

If the foregoing motion is granted, the CITY Defendants propose a substantive motions deadline of September 12, 2006, the date that motions in limine are due; likewise the deadline for the memorandums in opposition and hearing date would be identical to that of the motions in limine.

## IV. CONCLUSION

Based on the foregoing, CITY Defendants respectfully submit that their motion be granted and that the dispositive motions deadline be extended to September 12, 2006.

DATED: Honolulu, Hawaii, _____AUG 2 5 2006_____

JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA