CARRIE K.S. OKINAGA, 5958-0
Corporation Counsel

MARIE MANUELE GAVIGAN, 6585-0
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii  96813
Telephone:  527-5585
Facsimile:  523-4583
Email:  mgavigan@honolulu.gov

Attorneys for Defendant
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; and DOE ENTITIES 1-10,<br><br>    Defendants. | Civil No. CV04-00108 SOM/KSC<br><br>SUSAN BENDER'S MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION [FILED ON SEPTEMBER 1, 2006] TO SUSAN BENDER'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA *DUCES TECUM* FILED AUGUST 10, 2006; DECLARATION OF SUSAN A. BENDER; DECLARATION OF MARIE MANUELE GAVIGAN; CERTIFICATE OF SERVICE<br><br>HEARING:<br>DATE:  September 19, 2006<br>TIME:   9:30 a.m.<br>JUDGE: Hon. Kevin S.C. Chang<br>TRIAL: October 3, 2006 |

SUSAN BENDER'S MEMORANDUM IN REPLY TO PLAINTIFF'S
OPPOSITION [FILED ON SEPTEMBER 1, 2006] TO SUSAN BENDER'S
MOTION FOR PROTECTIVE ORDER AND TO QUASH
SUBPOENA DUCES TECUM FILED AUGUST 10, 2006

Susan Bender, by and through her attorneys, Carrie K.S. Okinaga, Corporation Counsel, and Marie Manuele Gavigan, Deputy Corporation Counsel, hereby submits her Memorandum in Reply to Plaintiff's Opposition [filed on September 1, 2006] to Susan Bender's Motion for Protective Order and To Quash Subpoena *Duces Tecum* filed August 10, 2006.

I.  DISCUSSION

   A.  Plaintiff's Supplemental Memorandum, Supplemental Declaration and Exhibits Were Untimely Filed and Should Be Stricken

The Local Rules of this court require that any opposition to the instant motion be filed no less than eighteen (18) days prior to the hearing on said motion. Thus, in this case, Plaintiff's opposition to the instant motion was required to be filed by September 1, 2006. On September 1, 2006, Plaintiff filed his opposition to the instant motion. The only exhibit attached to the opposition was a modified copy of the Exhibit A that was attached to the subpoena *duces tecum* served on Ms. Bender for her deposition.

On September 5, 2006, Plaintiff filed his Supplement to Memorandum In Opposition to Susan Bender's Motion for Protective Order and to Quash Subpoena *Duces Tecum* Filed July 31, 2006. This Supplement to Memorandum contained seven additional exhibits. Plaintiff also filed separately on September 5, 2006, the Supplemental Declaration of Roger S. Moseley with two additional exhibits.

The Supplement to Memorandum and the Supplemental Declaration of Roger S. Moseley and all exhibits filed with these two documents should be stricken from the record as untimely filed. Plaintiff did not seek leave of Court to allow the filing of these documents in an untimely manner. Because these two documents contained substantive arguments not addressed in Plaintiff's opposition to the motion, Ms. Bender is prejudiced by the late filing and therefore, the two late filings should be stricken from the record and not considered by this Court.

B.   Ms. Bender Is Not a Percipient Witness In This Case

Plaintiff apparently seeks to depose Ms. Bender on the asserted basis that Ms. Bender's office was in the "same small building" as the one in which Plaintiff worked, "giving Ms. Bender ample opportunity to observe and hear facts with respect to the allegations made by Plaintiff in his First Amended Complaint." See, Declaration of Roger S. Moseley, filed on September 1, 2006. This assertion clearly shows that Mr. Moseley intends to engage in a "fishing expedition" by deposing Ms. Bender. Simply by working in the same building as another person (regardless of the size of that building) does not make a person a percipient witness to anything. Plaintiff assumes that Ms. Bender observed and heard "facts" regarding the allegations that Plaintiff makes in this case. It is simply an unfounded assumption.

In fact, Ms. Bender is a deputy corporation counsel for the City and County of Honolulu. Ms. Bender defends the City in cases in which taxpayers appeal their real property tax assessments. In the time period relevant to Plaintiff's lawsuit, Ms. Bender was the attorney representing the City on numerous tax appeal cases

3

that were (and in some cases are still being) prosecuted by Plaintiff's attorney, Roger S. Moseley.  Ms. Bender has no personal knowledge as to the allegations made by Plaintiff in his First Amended Complaint and therefore has no information to which she can testify.  The only matters on which Ms. Bender can testify relate to her work as a City attorney and relate to those cases on which she worked, i.e., the cases on which Plaintiff's attorney, Roger S. Moseley, was the attorney opposing the City.

Plaintiff asserts that Ms. Bender "**is thought** to have non-privileged knowledge relevant, at least, to paragraphs 34, 36, 37, 38, 39, 40, 41, 42, 50, 52, 57, 63, 71,72, 77, 78, 79, and 83 of the Plaintiff's [sic] First Amended Complaint." [emphasis added]  Once again, Plaintiff is going on a "fishing expedition" to obtain information from Ms. Bender.  Ms. Bender has no non-privileged knowledge as to any of the allegations in the above-listed paragraphs except for paragraph 71.  See, Declaration of Susan A. Bender.  However, the allegations in paragraph 71 do not state a claim upon which relief can be granted.  Therefore, to allow Ms. Bender to be deposed on this one matter will not lead to the discovery of relevant information and would only result in a waste of precious resources.

Moreover, most of the information sought to be discovered from Ms. Bender (relating to the above listed paragraphs of the First Amended Complaint) is irrelevant to the claims being made by Plaintiff.  For example, paragraph 52 of the First Amended Complaint relates to matters that are not relevant to the claims being made by Plaintiff.  In addition, the allegations contained in this paragraph appear to be claims that Plaintiff's counsel may be asserting on his own behalf

4

rather than on behalf of Plaintiff.[1]  Another example of the lack of relevance to Ms. Bender is contained in paragraph 72 of the First Amended Complaint.  This paragraph contains a recitation of Plaintiff's complaint to the City Ethics Commission.  Ms. Bender has no personal knowledge regarding the allegations in the Complaint to the City Ethics Commission.

      C.     There Was Good Faith Conferral Regarding Ms. Bender's Deposition

Ms. Bender's counsel called Plaintiff's counsel to request that Ms. Bender's deposition not be taken due to the nature of Ms. Bender's work, i.e., as a City attorney.  It was explained to Plaintiff's counsel that Ms. Bender did not have any information that was not attorney-client privileged.[2]  It is true that Plaintiff's counsel stated to Ms. Bender's counsel that Plaintiff's counsel was under "no obligation to disclose [his] questions in advance of the deposition", however, Ms. Bender's counsel never asked that question of Plaintiff's counsel.  The question posed to Plaintiff's counsel was, what areas of information are being sought from Ms. Bender.  It is also true that Ms. Bender's counsel requested that the deposition be cancelled; however, this request was due to the fact that the deposition was scheduled for August 18, 2006, a State holiday, and both Ms. Bender and her counsel were unavailable for the deposition.  See, Declaration of Marie Manuele Gavigan.

---

[1] It is important to note that Plaintiff's counsel, Roger S. Moseley, has filed another lawsuit in the First Circuit Court of the State of Hawaii that relates to the allegations contained in this paragraph.  Plaintiff is not a party to the Circuit Court lawsuit and has absolutely no interest in that litigation.

[2] It is important to note that Ms. Bender worked closely with Plaintiff on the tax appeal cases.  Plaintiff was the expert witness who worked with Ms. Bender defending the City's interests in the tax appeal cases.  A number of the matters of which Plaintiff complains and/or a number of the documents produced by Plaintiff in this case are matters for which the City asserts the attorney-client privilege.

In addition, it is correct that Ms. Bender's counsel did not request a narrowing of the documents requested by the Subpoena *duces tecum*. Ms. Bender's counsel was under no obligation to request a narrowing of the requested documents. The request for documents should have been properly prepared prior to service of the subpoena on Ms. Bender.

Plaintiff's request for sanctions against Ms. Bender should be denied. Plaintiff has not stated any legal or factual basis for his request for sanctions. In addition, two separate times during the good faith conferral, Plaintiff's counsel invited Ms. Bender's counsel to file a motion for protective order regarding Ms. Bender's deposition. Declaration of Marie Manuele Gavigan. Moreover, the documents requested in Ms. Bender's subpoena *duces tecum* was the same list that Plaintiff served with almost all other subpoenas for deposition. Plaintiff now complains that, in the good faith conferral, Ms. Bender's counsel should have asked his counsel to narrow the list. Ms. Bender asserts that Plaintiff's counsel should have done his work properly prior to serving the subpoena. The request for sanctions should be denied.

    D.    <u>Waiver of the Attorney-Client Privilege</u>

Although Ms. Bender does not waive her argument that Plaintiff's filings on September 5, 2006, related to the instant motion should be stricken, in the event that the Court considers those matters although improperly filed, Ms. Bender offers the following comments. It is clear that Ms. Bender sent emails to these various City employees in her capacity as the City's attorney in defending the City in the tax appeal cases initiated by Plaintiff's counsel, Roger S. Moseley. Ms. Bender

6

was not consulted with regard to the production of these documents, and Ms. Bender would not have permitted the release of these documents. The production of Exhibit "J" is particularly offensive due to the fact that the two cases mentioned in the email are still pending, Plaintiff's counsel is the taxpayers' attorney in these two cases, and the email contains Ms. Bender's work product relating to those two cases. Additionally, the allegations contained in paragraph 50 of the First Amended Complaint contain information that is protected by the attorney-client privilege. Plaintiff had absolutely no authority to waive the privilege and disclose this information. Plaintiff's release of this information is harmful to the City and was simply without authority.

II.     CONCLUSION

For the foregoing reasons, Ms. Bender respectfully requests that this Honorable Court grant her motion for a protective order and rule that she is not subject to deposition in this case and that the subpoena *duces tecum* be quashed.

DATED: Honolulu, Hawaii, September 8, 2006.

                                                CARRIE K.S. OKINAGA
                                                Corporation Counsel

                                      By:  /s/ Marie Manuele Gavigan
                                            MARIE MANUELE GAVIGAN
                                            Deputy Corporation Counsel

                                            Attorneys for SUSAN BENDER