```
LAW OFFICES OF
DAVID F. SIMONS

DAVID F. SIMONS    2179-0
Ocean View Center, PH-1
707 Richards Street
Honolulu, Hawaii 96813
Telephone: (808) 536-3255
Facsimile: (808) 524-5593

Attorney for Plaintiff
NANCY OLIPARES
```

1ST CIRCUIT COURT
STATE OF HAWAII
FILED
2005 SEP 27 AM 9:29
N. ANAYA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| NANCY OLIPARES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE CITY AND COUNTY OF HONOLULU, and DOE DEFENDANTS 1-25,<br><br>　　　　Defendants. | CIVIL NO. 05-1-1721-09 BIA<br>(Other Civil Matter)<br><br>COMPLAINT; SUMMONS |

## COMPLAINT

Plaintiff NANCY OLIPARES, by and through her attorney, DAVID F. SIMONS, hereby Complains against the above-mentioned Defendants and alleges and avers as follows:



EXHIBIT "R"

RECEIVED $200.00
PAID SURCHARGE
RECEIVED CIVIL ADM. COST $50.00

I do hereby certify that this is a full, true and correct copy of the original on file in this office.
D. Hife
Clerk, Circuit Court, First Circuit

I.   PARTIES

1.   Plaintiff NANCY OLIPARES, ("Plaintiff") is, and at all times material herein was, a resident of the City and County of Honolulu, State of Hawaii.

2.   Defendant THE CITY AND COUNTY OF HONOLULU, ("Defendant C&C"), is a municipal corporation in the State of Hawaii and a county duly and legally organized, created, and established under the laws of the State of Hawaii, and is charged with control over all City employee activities, including the Director of the Department of Community Services, and all employees of the Department of Community Services.

3.   DOE DEFENDANTS 1-25 are individuals, corporations, partnerships, limited partnerships, joint ventures and/or other entities named hereunder fictitious names for the reason that their true identities are presently unknown to Plaintiff, except that they are persons and/or entities who are subsidiaries, agents, associates, masters, servants, employees and/or who were in some manner presently unknown to Plaintiff engaged in activities alleged in the Complaint filed herein; and/or who are in some manner responsible for the damages to Plaintiff; and/or who conducted some activity in a negligent and/or intentional manner, which negligent and/or intentional conduct was a proximate cause of the injuries or damages to Plaintiff; and/or who are in some manner related to the named Defendants; and Plaintiff prays leave to insert herein their true names and capacities, activities, and/or responsibilities when the same are ascertained. Plaintiff has conducted research through third-parties in order to identify the persons and/or entities liable for the damages to Plaintiff complained of herein. Plaintiff has conducted independent research through a third party to ascertain the corporate identities

2

of Defendants. The Plaintiff at this time is unable to identify the names and identities of the persons and/or entities until Plaintiff proceeds with discovery.

4. At all times material herein, all employees or agents of Defendant C&C, were acting in the course and scope of their employment and/or agency and as employees and/or agents when engaging in the conduct alleged herein. Therefore, Defendant C&C is directly liable for the conduct of its employees and/or agents, and Defendant C&C is also liable under the rules and regulations of the doctrines of strict liability, respondeat superior, vicarious liability, and/or agency.

II. PREDICATE FACTS

5. Plaintiff was employed with Defendant C&C from November 1985. She held the position of Strategic Marketing Manager in the Community Services Department, which was a civil service position, from the early 1990's.

6. In September 2000 Plaintiff was offered the position of Executive Director of the Oahu Workforce Investment Board, which was considered a contract position with The City & County of Honolulu. She was officially hired for this position in December 2000.

7. In order to accept the Oahu Workforce Investment Board Executive Director position, Plaintiff had to take a leave of absence from her civil service position, which she did in December 2000.

8. The leave of absence from her civil service job could be extended up to two years.

9. Michael Amii, the Director of the Department of Community Services, was the "designated authority" who held the authority to grant Plaintiff's leave of absence, up to two years.

10. The federal government provided allocation of funds for the Workforce Investment Act to the State of Hawai'i, which was then allocated, per law, to the Local Elected Official in the City and County of Honolulu, Mayor Jeremy Harris. Mayor Harris designated the City and County of Honolulu, as part of a consortium, to operate the program in partnership with the Oahu Workforce Investment Board.

11. The Oahu Workforce Investment Board was supposed to be, pursuant to federal statue, a policy-making board charged with among other things, oversight of the City's administration of and spending of training dollars for workforce development.

12. As Executive Director of the Workforce Investment Board, Plaintiff raised concerns about Defendant C&C improperly interfering and trying to influence decisions made by the Oahu Workforce Investment Board.

13. Plaintiff frequently reminded the Oahu Workforce Investment Board that federal law required it to maintain independence from the City and County in order to properly perform its oversight functions.

14. Defendant C&C objected to Plaintiff's efforts to have the Board fulfill their obligation under federal law to perform its oversight function and to maintain independence from the City and County of Honolulu.

15. Defendant C&C interfered with Plaintiff's ability to successfully execute her statutory and regulatory job responsibilities as the Executive Director.

16. In March 2003 Plaintiff reported to the Workforce Investment Board Chairperson, Christine McColgan, and the City and County of Honolulu that federal funds had been wrongfully used to pay the entire cost of a trip by Michael Amii and Councilman Okino.

17. Michael Amii and Councilman Okino went to Washington, D.C. to attend a NACo Legislative 2002 Conference and the National Association of Workforce Boards Regional Meeting.

18. The NACo Legislative 2002 Conference was City and County business and the cost for the tuition and related travel expenses should not have been paid for with federal funding for Workforce Development.

19. In June 2002 Michael Amii refused to extend Plaintiff's leave of absence status from her civil service position, thereby forcing her to resign from that position, six months sooner than she had anticipated.

20. On or about June 30, 2003 Michael Amii refused to renew Plaintiff's yearly contract as the Executive Director of the Oahu Workforce Investment Board.

21. Michael Amii's actions were motivated by a retaliatory animus against Plaintiff for her reporting his illegal use of federal funds, and her insistence that the Oahu Workforce Investment Board operate independently from the City and County as required by federal law.

III. CAUSES OF ACTION

First Cause of Action: VIOLATION OF THE WHISTLEBLOWER PROTECTION ACT

22. Plaintiff realleges and incorporates by reference the allegations of each of the preceding paragraphs.

23. Defendant C&C discharged, threatened, or otherwise discriminated against Plaintiff, including creating a hostile working environment, because Plaintiff reported to her employer and a public body, violations or suspected violations of a law or rule adopted pursuant to law of the State of Hawai'i, the City and County of Honolulu, and/or the United States.

24. The aforesaid discharge, was in violation of H.R.S. §378-61 et seq.

25. As a direct and proximate result thereof, Plaintiff has suffered damages for injury or loss, including wage loss, general damages, and attorney's fees. Plaintiff is entitled to the statutory remedies under the Whistleblower Protection Act.

26. In addition thereto, Defendant C&C is subject to the imposition of fines pursuant to H.R.S. §378-65.

Second Cause of Action: WRONGFUL AND RETALIATORY TERMINATION IN VIOLATION OF PUBLIC POLICY

27. Plaintiff realleges and incorporates by reference the allegations of each of the preceding paragraphs.

28. Plaintiff reasonably believed that Defendant C&C was in violation of the law when she complained to Defendant C&C and the Chairperson of the Workforce Investment Board.

29. Defendant C&C, and their employees and agents, wrongfully terminated Plaintiff from her employment because she reported violations to her employer, and who were agents and/or employees of Defendant C&C.

30. As a direct and proximate result of Defendant C&C's wrongful termination of Plaintiff in violation of public policy, and the creation of a retaliatory hostile work environment, Plaintiff has suffered indignities, anguish, pain, emotional

6

distress, fear, humiliation, damage to her reputation and career, and other damages in amounts to be proven at trial.

PUNITIVE DAMAGES

31. Plaintiff realleges and incorporates by reference the allegations of each of the preceding paragraphs.

32. In performing all of the acts and omissions described above, Defendant individually or through their employees and/or agents, acted intentionally, willfully, wantonly, oppressively, or with gross negligence. Defendant is therefore liable to Plaintiff for punitive damages in amounts to be determined at trial.

WHEREFORE, Plaintiff prays for Judgment against the Defendants, jointly and severally, as follows:

1. Special damages in amounts to be proven at trial;

2. General damages in amounts to be proven at trial;

3. Punitive damages in amounts to be proven at trial;

4. For back pay, front pay, prejudgment interest, lost employment benefits, reasonable attorney's fees and costs, equitable and injunctive relief, and such other relief as the Court deems appropriate, pursuant to H.R.S. §378, including without limitation, H.R.S. §378-63 et seq., and

5. All such other relief that the Court deems reasonable and proper.

DATED:    Honolulu, Hawaii,    SEP 2 7 2005

DAVID F. SIMONS

Attorney for Plaintiff
NANCY OLIPARES

LAW OFFICES OF
DAVID F. SIMONS

DAVID F. SIMONS   2179-0
Ocean View Center, PH-1
707 Richards Street
Honolulu, Hawaii 96813
Telephone: (808) 536-3255
Facsimile: (808) 524-5593

Attorney for Plaintiff
NANCY OLIPARES

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| NANCY OLIPARES, ) | CIVIL NO. |
| ) | (Other Civil Matter) |
| Plaintiff, ) | |
| ) | SUMMONS |
| vs. ) | |
| ) | |
| THE CITY AND COUNTY OF ) | |
| HONOLULU, and DOE DEFENDANTS 1- ) | |
| 25, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## SUMMONS

TO:   DEFENDANT THE CITY AND COUNTY OF HONOLULU

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's attorney, DAVID F. SIMONS, whose address is stated above, an answer to the Complaint which is attached. This action must be taken within twenty (20) days after service of this summons upon you exclusive of the day of service. If you fail to make

your answer within the twenty (20) day time limit, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled Court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED:   Honolulu, Hawaii, _____ SEP 2 7 2005 _____

_____
CLERK OF THE ABOVE-ENTITLED COURT