ORIGINAL

00002131.WPD
KAWASHIMA LORUSSO & TOM LLP

JAMES KAWASHIMA     #1145-0
RANDALL Y. YAMAMOTO #3274-0
BRIAN Y. HIYANE     #6045-0
CARTER K. SIU       #7313-0
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Telephone:   (808)275-0371
Facsimile:   (808)275-0399
Email Address: ryamamoto@kltlaw.com

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA, ROBERT O. MAGOTA,
and ANN C. GIMA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 0 7 2006

at 11 o'clock and 00 min. M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PHILIP E. ENGLISH,

          Plaintiff,

     vs.

CITY AND COUNTY OF HONOLULU;
GARY T. KUROKAWA; ROBERT O.
MAGOTA; ANN C. GIMA; and GK
APPRAISALS, INC.; JOHN DOES
1-10; JANE DOES 1-10; DOE
PARTNERSHIPS; DOE CORPORATIONS
1-10; AND DOE ENTITIES 1-10,

          Defendants.

) CIVIL NO. CV04-00108 KSC
)
) DEFENDANTS CITY & COUNTY OF
) HONOLULU, GARY T. KUROKAWA,
) ROBERT O. MAGOTA, and ANN C.
) GIMA'S **REPLY MEMORANDUM** IN
) SUPPORT OF THEIR MOTION TO
) EXTEND TIME TO FILE SUBSTANTIVE
) MOTIONS; DECLARATION OF RANDALL
) Y. YAMAMOTO; EXHIBIT "A";
) CERTIFICATE OF SERVICE
)
) HEARING:
)
) DATE    September 8, 2006
)
) TIME    11:00 A.M.
)
) JUDGE: Hon. Kevin S.C. Chang
)
) TRIAL: October 3, 2006
)

**DEFENDANTS CITY & COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO EXTEND TIME TO FILE SUBSTANTIVE MOTIONS**

Defendants CITY & COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA (collectively "CITY Defendants"), by and through their attorneys, KAWASHIMA LORUSSO & TOM LLP, hereby submit their reply memorandum in support of their Motion to Extend Time to File Substantive Motions for this Court's review and consideration.

I.   **DISCUSSION**

Plaintiff's memorandum submitted in opposition to CITY Defendant's Motion to Extend Time to File Substantive Motions illustrates the need and importance of allowing the parties to submit substantive motions prior to trial – to clarify the claims and defenses prior to trial based on current discovery and recent case law.  Instead of providing an in depth legal argument, CITY Defendants incorporate by reference herein its First Amended Pretrial Statement filed herein on August 15, 2006, and more specifically the legal discussion set forth in the Disputed Points of Law, and will briefly address various issues raised by Plaintiff. **See Exhibit "A."**

A.   **There is No Evidence Substantiating Plaintiff's Claims**

After additional discovery had been conducted, Plaintiffs have yet to identify any facts that would substantiate his § 1983 claim, *to wit*, that there was a "policy or custom" of

retaliation against whistleblowers and/or that Defendant KUROKAWA
was a "final policymaker"; nor is there any evidence (other than
Plaintiff's hearsay evidence) that someone defamed Plaintiff.

Plaintiff's proffered evidence of "policy and custom"
consist of inadmissible evidence that has little relevance to
this case.  Most, if not all jurisdictions that have addressed
whether evidence of other lawsuits or claims is admissible to
prove "policy or custom" have ruled such evidence as
inadmissible.[1]  It is important to address this issue prior to
trial as such evidence will in all certainty taint the jury into
believing that if there are other lawsuits, then CITY Defendants
must therefore be liable.  It is also significant to note that
Defendant MAGOTA testified at his deposition that he was a
whistleblower in 1998-1999, that he was never retaliated against
for being a whistleblower, and that he would never retaliate
against anyone for being a whistleblower.

CITY Defendants also submit that there is no evidence
that Defendant KUROKAWA was a "final policymaker" or that anyone
called Plaintiff "wacko" or any other derogatory term.

---

[1]    The fact that lawsuits were filed, in and of itself,
does not provide a basis for liability, but merely suggests that
the City "was on notice of various civil rights abuses that had
been alleged." Singleton v. City of Newburgh, 1 F.Supp.2d 306,
311-12 (S.D.N.Y. 1998). Although CITY Defendants briefly touched
upon this issue in their First Amended Pretrial Statement, they
will address this is further detail should they be allowed to
file a dispositive motion on the issue.

Plaintiff has had over eight (8) months in which to locate any evidence substantiating these and other claims, but has failed to do so. CITY Defendants submit that these issues can properly be dismissed of by way of substantive motions.

City Defendants would also point out that to date, Plaintiff's deposition has not been completed due to claimed medical and/or psychiatric issues.

B.    **The Garcetti Decision**

Plaintiff also fails to recognize that the <u>Garcetti</u> case, and subsequent cases citing to the decision, have established new parameters on what is protected speech by a government employee.  CITY Defendants have already discussed the ramifications of the <u>Garcetti</u> decision in their First Amended Pretrial Statement but intend to elaborate on this issue if they were allowed submit a substantive motion on this subject.  As explained in Exhibit "A", Plaintiff's § 1983 claim cannot be based on speech related to the performance of his job duties, which include discussions about office policy and procedures.

CITY Defendants also note that the <u>Garcetti</u> decision specifically states that an employee's job description has little relevance in determining whether his/her speech will be protected:

> Formal job descriptions often bear little resemblance to the duties an employee actually is expected to perform, and the listing of a given task in an employee's written job description is neither necessary nor sufficient to demonstrate that conducting the task

- 4 -

in within the scope of the employee's professional
duties for First Amendment purposes.

Garcetti v. Ceballos, 126 S.Ct. 1951, 1962 (2006).

    C.    **Hawaii's Wittig Decision Applies To Claims of
        Retaliatory Discharge**

    Plaintiff's next argument is that Wittig does not

apply; CITY Defendants disagree and cite to the Court's ruling

for the proposition that there can be no claim of retaliatory

discharge based on a workers compensation settlement agreement in

which plaintiff agrees to voluntarily resigns:

> We agree with the circuit court that Fireman's Fund's
> settlement offer did not violate public policy or
> amount to an unlawful retaliatory discharge by
> including Wittig's resignation as one of its terms.  As
> in other jurisdictions, Hawai'i has a public policy
> supporting the resolution of disputes through
> settlement agreements.  There is nothing inherently
> wrong with a voluntary settlement agreement that
> includes the employee's resignation as a condition,
> particularly where the employee is offered additional
> compensation for resigning.  A settlement on such terms
> may be attractive to the employee and serve the
> employee's interests.
>
> Workers' compensation settlements that include an
> employee's resignation are not uncommon.  Instead of
> violating public policy, permitting a settlement offer
> to include an employee's resignation expands the
> opportunity for settlement and advances the public
> policy favoring dispute resolution through voluntary
> settlement agreements.

Wittig v. Allianz, A.G., ___ P.3d ___, 2006 WL 1731142 at pg. *8

(Haw.App. 2006)(internal citations omitted).  Based on the ruling

of the Intermediate Court of Appeals, it is apparent that it is

relevant in this case.

**D.**   **Claims and Defenses**

The CITY Defendants are attempting to defend itself against Plaintiff's claims, but cannot do so if Plaintiff changes his claims and testimony.  Plaintiff's "new" allegations (as detailed below) clearly illustrates the need to streamline and clarify Plaintiff's claims prior to trial; and the best and most effective way of doing so is by way of dispositive motions.

Plaintiffs have vaguely argued that CITY Defendants have failed to allege that Plaintiff voluntarily resigned as a defense in this case.  This is not true, as CITY Defendants affirmatively plead, among other defenses, waiver, estoppel, laches, unclean hands, and consent.  As this Court is well aware, the estoppel defense has already been briefed in CITY Defendant's First Amended Pretrial Statement.  See Exhibit "A."   If Plaintiff takes issue with any of CITY Defendant's defenses – which apparently he does – then that too should be subject to a motion for summary judgment.

Regardless, this defense was known by Plaintiff for over a year, it was never objected to, and Plaintiff cannot now claim to have no knowledge of it.  The issue has been raised and addressed in Plaintiff's deposition taken on September 30, 2005, as well as in CITY Defendants' Motion for Partial Dismissal or in the Alternative For Partial Summary Judgment filed May 3, 2006. To the extent that Plaintiff claims that it was never alleged in a responsive pleading – which CITY Defendants deny – the CITY

Defendants submit that "the presentation of the merits of the action will be subserved" if CITY Defendants are not allowed to present this issue in this case. <u>See</u> Rule 15(b), Federal Rules of Civil Procedure.

This raises another issue – Plaintiff has never alleged in any pleading that the Workers Compensation Settlement Agreement and his "voluntary resignation" was a product of duress. In fact, he was represented by Roger S. Moseley, Esq. throughout the entire settlement negotiations and even he never raised the issue prior to the dispositive motions deadline. <u>See</u> Plaintiff's Exhibit "G," Exhibit "H", Exhibit "I", and Exhibit "J." Of import to this issue is Exhibit "J" which is a letter written by Deputy Corporation Counsel Paul Au, Esq. reflecting the settlement negotiations and the additional terms that Plaintiff – through his counsel – was willing to accept in settlement of his workers' compensation claims. There is no evidence that Plaintiff – or his counsel – objected to the inclusion of Paragraph 15 of the Settlement Agreement (Plaintiff's Exhibit "I"), which specifically states that:

> Claimant specifically acknowledges and represents he has been advised of, is aware of, and understands all of his legal rights and interests arising out of the January 30, 2003 claim of injury and he has voluntarily and **without duress or undue influence entered into this Agreement**.

And, as this Court is well aware, at no time prior to the May 3, 2006, dispositive motions deadline had Plaintiff ever

<u>claimed</u> that his "voluntary resignation" was procured through duress and it was assumed that it would not be refuted – especially after Plaintiff testified under oath at his deposition that there was no duress.  Plaintiff, however, submitted a declaration stating otherwise, which CITY Defendants submit was in violation of Rule 56((g), Federal Rules of Civil Procedure, in order to defeat summary judgment.

Another issue that Plaintiff failed to plead but is now raising as a basis for his § 1983 and/or Whistleblowers claim is that his protected speech included "statements made by Plaintiff to the Federal Bureau of Investigation regarding unethical and illegal conduct by Defendant Kurokawa."  Although it was alleged in Paragraph 61 of the First Amended Complaint that Plaintiff contacted the Federal Bureau of Investigations, there was never any allegation that any CITY Defendants knew of this or that they retaliated against him because of it.  Nor was this claim alleged in his answers to interrogatories or in four (4) volumes of deposition testimony.  Plaintiff's only testimony on this matter was that on or about August 14, 2002, Mr. Moseley (his then and current counsel) assisted him in contacting the FBI and that the FBI did not chose to pursue the matter.

**E.    Plaintiff Will Not Be Prejudiced If the Substantive Motions Deadline Is Extended**

Plaintiff cannot claim prejudice as it appears that he has addressed most of the issues subject to a motion for summary

judgment in his memorandum in opposition (as well as in his First Amended Pretrial Statement submitted on September 6, 2006) and is well aware of many of the basis for summary judgment as they were set forth in CITY Defendants' First Amended Pretrial Statement.

## II.  CONCLUSION

Based on the foregoing, CITY Defendants respectfully submit that their motion be granted and that the dispositive motions deadline be extended to September 12, 2006, or as soon as the Court is available to entertain said dispositive motions.

DATED: Honolulu, Hawaii, _____ SEP 0 7 2006 _____

_____
JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA