00001747.WPD
KAWASHIMA LORUSSO & TOM LLP

JAMES KAWASHIMA      #1145-0
RANDALL Y. YAMAMOTO  #3274-0
MICHAEL A. LORUSSO   #3448-0
BRIAN Y. HIYANE      #6045-0
CARTER K. SIU        #7313-0
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Telephone:      (808)275-0371
Facsimile:      (808)275-0399
Email Address: mlorusso@kltlaw.com

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA, ROBERT O. MAGOTA,
and ANN C. GIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT STATE OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU;<br>GARY T. KUROKAWA; ROBERT O.<br>MAGOTA; ANN C. GIMA; and GK<br>APPRAISALS, INC.; JOHN DOES<br>1-10; JANE DOES 1-10; DOE<br>PARTNERSHIPS; DOE<br>CORPORATIONS 1-10; AND DOE<br>ENTITIES 1-10,<br><br>      Defendants. | CIVIL NO. CV04-00108 SOM/KSC<br><br>**DEFENDANTS CITY & COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S FIRST AMENDED PRETRIAL STATEMENT; CERTIFICATE OF SERVICE**<br><br><br><br>Trial Date: October 3, 2006 |

EXHIBIT "A"

**DEFENDANTS CITY & COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S FIRST AMENDED PRETRIAL STATEMENT**

Come now Defendants CITY & COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA (collectively "CITY Defendants"), by and through their attorneys, KAWASHIMA LORUSSO & TOM LLP, and pursuant to Rules 10.3 and 16.6 of the Local Rules for the United States District Court for the District of Hawaii, hereby submits their First Amended Pretrial Statement.

## I. JURISDICTION AND VENUE.

Plaintiff alleges federal subject matter jurisdiction over claims brought under 42 U.S.C. §§ 1983 and 28 U.S.C. §§ 1331 and 1343, and pendent jurisdiction under 28 U.S.C. § 1367(a) over their claims based upon State law.

Venue was invoked by Plaintiffs on the basis that all the acts and omissions complained of herein occurred within the City and County of Honolulu, State of Hawaii.

The City Defendants do not dispute jurisdiction or venue.

## II. SUBSTANCE OF THE ACTION.

This case primarily involves a claim for work-place discrimination and/or retaliation arising out of various incidents that allegedly occurred while Plaintiff was employed by the City and County of Honolulu as a real property tax appraiser with the Real Property Tax Assessment Division. The litany of

the alleged events that form the basis of Plaintiff's lawsuit is contained in the forty-nine (49) page First Amended Complaint that was filed on January 12, 2006.

As a result of various dispositive motions that were filed and decided, many of Plaintiff's claims were dismissed (as will be discussed in further detail in Section VIII below). The only remaining claims against CITY Defendants are as follows:

### CLAIMS AGAINST DEFENDANTS GARY T. KUROKAWA, ROBERT O. MAGOTA, AND ANN C. GIMA

- Count I (§ 1983);
- Count IV (Haw.Rev. Stat. § 378-62);
- Count V (Wilfil, Wanton, and Reckless Conduct);
- Count VI (IIED);
- Count VII (to the extent that Plaintiff's NIED claim is asserted against Defendant KUROKAWA for actions he may have taken in his capacity as an officer/shareholder of GK Appraisals);
- Count VIII (Defamation); and
- Count XII (Punitive Damages).

### CLAIMS AGAINST DEFENDANT CITY AND COUNTY OF HONOLULU:

- Count I (§ 1983);
- Count IV (Haw.Rev. Stat. § 378-62); and
- Count VIII (Defamation)

In their defense, the CITY Defendants deny that Plaintiff was discriminated and/or retaliated against or that Plaintiff has a valid claim for defamation. Moreover, Defendants

Gary T. Kurokawa, Robert O. Magota, and Ann C. Gima's alleged actions and/or omissions, do not rise to the level of "willful and wanton," such that it would justify an award punitive damages.

### III. UNDISPUTED FACTS.

The following facts have been admitted and/or not reasonably disputable.

- Defendant City and County of Honolulu is a municipal corporation organized and existing under the laws of the State of Hawaii;

- Defendants Kurokawa, Magota and Gima are residents of the City and County of Honolulu, State of Hawaii and were employed by Defendant City and County of Honolulu;

- Plaintiff was a real estate appraiser and employed by Defendant City and County of Honolulu;

- Plaintiff voluntarily resigned from his position with Defendant City and County of Honolulu as part of his Workers Compensation settlement with Defendant City and County of Honolulu.

### IV. DISPUTED FACTS.

All allegations of wrongdoing are denied and therefore disputed. The City Defendants specifically deny that Plaintiff was discriminated and/or retaliated against as a result of his work-related complaints.

### V. RELIEF PRAYED.

Plaintiff is seeking general, special, and punitive damages, attorneys' fees and costs of suit, and both pre and post-judgment interest.

VI. DISPUTED POINTS OF LAW.

City Defendants submit the following as the anticipated disputed points of law in this matter:

A. First Amendment Violation

In order for Plaintiff to establish a valid First Amendment claim of retaliation, he must first prove that "the government employee spoke as a citizen on a matter of public concern." Garcetti v. Ceballos, 126 S.Ct. 1951, 1958 (2006).

Matters of "public concern" include "information about wasteful misuse of public funds. . .the inept administration of a governmental activity, or a breach of public trust." Weeks v. Bayer, 246 F.3d 1231 (9th Cir. 2001)(internal citations omitted). However, "individual personnel disputes and grievances [ ] that would be of no relevance to the public's evaluation of the performance of governmental agencies" are not generally matters of "public concern." Coszalter v. City of Salem, 320 F.3d 968, 973 (9th Cir. 2003).

Where the speech in question is a product of the employees job duties, the speech (even if concerning matters of public concern) is no longer afforded First Amendment protection. Garcetti v. Ceballos, 126 S.Ct. at 1959-1961.

In the wake of Garcetti, the Seventh Circuit Court of Appeals, in Mills v. City of Evansville, Indiana, 452 F.3d 646 (7th Cir. 2006), ruled that a police officer, while in uniform

-5-

and engaged in conversation with her superiors was acting in her "capacity as a public employee contributing to the formation and execution of official policy." Id. at 648. As a result, her speech was not protected by the First Amendment.

The Eighth Circuit Court also relied on the Garcetti case when it held that an employee's speech was concerned with "furthering his own interests" and "with internal policies or practices which are of relevance only to the employees of that institution," and therefore, the employees speech is not a matter of public concern. Bailey v. Dept. of Elementary and Secondary Ed., 451 F.3d 514, 518 (8th Cir. 2006).

Here, the basis of Plaintiff's First Amendment claim stems from, among other things, Plaintiff's questioning and commenting on various internal tax assessment procedures. These type of complaints do not arise to the level of "public concern" and are more internal grievances about internal policies and procedures.

Moreover, such speech, even if determined to be of "public concern," cannot be afforded First Amendment protection as Plaintiff was acting in his capacity as a government employee "contributing to the formation and execution of official policy," regardless if the recommendations were followed. See Mills, supra.

B.  **Custom, Pattern, and Practice of Discrimination**

Municipalities are liable under 42 U.S.C. § 1983 only when "action pursuant to official policy of some nature cause[s] a constitutional tort." Monell v. Department of Social Services of New York, 436 U.S. 658, 691 (1978). Liability attaches only when the enforcement of a municipal policy or custom was the "moving force" of the violation of federally protected rights. Wong v. City & County of Honolulu, 333 F.Supp.2d 942, 950-951 (D. Hawaii 2004). An action or policy can be "official" if it executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Monell at 690. Thus, only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.

If there is no official policy, a plaintiff can establish a policy or custom by showing:

> a longstanding practice or custom which constitutes the standard operating procedure of the local government entity. The custom must be so persistent and widespread that it constitutes a permanent and well settled city policy. Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.

Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

-7-

The alleged policy or custom does not pertain to all government policies and customs; rather, "the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the city's business." City of St. Louis v. Praprotnik, 485 U.S. 112, 123, 108 S.Ct. 915, 924 (1988)(italics in original)(citing Pembaur v. City of Cincinnati, 475 U.S. 469, 482-483, 106 S.Ct. 1292, 1299-1300 (1986)).

Here, Plaintiff broadly alleges that Defendant CITY AND COUNTY OF HONOLULU has a long pervasive history, custom, and practice of retaliating against whistleblowers and employees who have engaged in protected speech. Whatever evidence Plaintiff may have on this subject, only evidence related to any custom, pattern, or practice within the Department of Real Property Assessment Division is relevant. See Praprotnik. Evidence of other lawsuits and claims involving retaliation in other City or State agencies are not relevant to this determination.

C.  **Defamation**

The threshold issue in any defamation claim is whether the statement is reasonably susceptible of a defamatory meaning. Gold v. Harrison, 88 Hawaii 94, 962 P.2d 353 (1998).

To aid in this determination, Hawaii courts have adopted a three-part test:

-8-

(1) whether the general tenor of the entire work negates the impression that the defendant was asserting an objective fact;

(2) whether the defendant used figurative or hyperbolic language that negates that impression; and

(3) whether the statement in question is susceptible of being proved true or false

Id., 88 Hawaii at 101, 962 P.2d at 360 (citing Fasi v. Gannett Co., Inc., 930 F.Supp. 1403 (D.Haw. 1995)).

The basis for Plaintiff's claim of defamation is an alleged statement made by Defendant Robert Magota to unnamed staff members in a August/September 2002 meeting that Plaintiff was "Wacko." Although there was no context provided for this alleged statement, and Defendant Magota denies ever making this statement, the term "wacko" is not defamatory. Although there were no appellate decisions directly on point, Courts in other jurisdictions have held that such terms as "insane," "delusional," "crazy" and "psycho" were nonactionable rhetorical hyperbole. See Estate of Martinieau v. ARCO Chemical Company, 203 F.3d 904 (5th Cir 2000); Pease v. International Union of Operating Engineers Local 150, 208 Ill.App..3d 863, 567 N.E.2d 614 (Ill.App. 1991); Kryeski v. Schott Glass Technologies, Inc., 426 Pa.Super. 105, 626 A.2d 595 (1993); Pospicil v. The Buying Office, Inc., 71 F.Supp.2d 1346 (N.D.Georgia 1999). The phrase "wacko" is merely rhetorical hyperbole and nonactionable.

-9-

D. **Judicial Estoppel Applies to Plaintiff's Workers' Compensation Settlement Agreement**

Plaintiff is judicially estopped from taking positions inconsistent with those made in the Compromise, Settlement and Release Agreement (hereinafter "Workers Compensation Settlement"). See Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 597 (9th Cir. 1996).

In Rissetto, the Ninth Circuit Court of Appeals ruled that the doctrine of judicial estoppel applied to plaintiff's workers' compensation settlement (which was approved by the workers' compensation appeals board), precluding her from taking inconsistent positions in a subsequent lawsuit. In making this ruling, the court determined that judicial estoppel "is not rendered inapplicable...by the fact that plaintiff's prior position was taken in a worker's compensation proceeding rather than in court." Id., 94 F.3d at 604.

Therefore, Plaintiff cannot present evidence, testify, or otherwise take positions inconsistent with the following stipulations:

1. Plaintiff did not sustain any temporary disability as defined under HRS 386-31(b) as a result of the January 30, 2003 claim of injury;

2. Plaintiff did not sustain any permanent disability as a result of the January 30, 2003 claim of injury;

3. Plaintiff did not suffer any disfigurement as a result of the January 30, 2003 claim of injury;

-10-

    4.    Plaintiff voluntarily quit, resigned, and terminated his employment effective January 31, 2004;

    5.    Plaintiff waives any re-employment and priority placement; and

    6.    Plaintiff will be solely and personally responsible to pay for all medical care, services, and supplies provided by any provider after January 31, 2004, which are due to the nature of the January 30, 2003 claim of injury.

### E. Retaliation and/or Constructive Discharge Based on the Workers' Compensation Settlement Agreement

Plaintiff's claim of retaliation is based, in part of his claim that he was constructively discharged. Presumably, and based on Plaintiff's representations to the court (which conflict with his deposition testimony), his "voluntary resignation" was anything but voluntary as he signed the Compromise, Settlement, and Release Agreement under duress. However, Plaintiff, with the advice of counsel (who CITY Defendants understand was retained by Plaintiff in August 2002), signed the agreement and resigned in exchange for additional compensation; in this case, Plaintiff agreed to an amount of $85,000, which is in addition to the workers compensation payments that were already made to Plaintiff.

This is a common and well accepted practice that does not amount to retaliatory discharge. See Wittig v. Allianz, A.G., ___ P.3d ___, 2006 WL 1731142 at pg. *8 (Haw.App. 2006)("There is nothing wrong with a voluntary settlement

-11-

agreement that includes the employee's resignation as a condition, particularly where the employee is offered additional compensation for resigning."); <u>Dominique v. Dist. of Columbia Dept. Of Employment Srvcs</u>, 574 A.2d 862 (D.D.C. 1990)(Such agreements are not against public policy especially where plaintiff is represented by experienced counsel).

### F. Plaintiff Cannot Claim Wage Loss as He Voluntarily Resigned

The fact that Plaintiff <u>voluntarily</u> resigned negates his claim for wage loss, if any, from the date of resignation. This analysis does not take into consideration the generous workers' compensation settlement agreement whereby Plaintiff received $85,000 (approximately double his yearly salary).

### G. Plaintiff Cannot Claim Future Medical Specials

Based on the Workers Compensation Settlement, Plaintiff waived all rights to receive future medical care, services, and supplies. Plaintiff cannot now claim those damages in this lawsuit.

## VII. PREVIOUS MOTIONS.

On September 13, 2005, and September 14, 2005, Defendants filed motions for partial dismissal, or in the alternative for partial summary judgment.

By order dated December 15, 2005, this Court ruled on the motions, granting judgment on the pleadings to Defendant CITY

on Counts I, II, III, V, VII, and XII of the Complaint; granting judgment on the pleadings to Defendants GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA on Counts II, III, and VII (to the extent the NIED claim is asserted against individual Defendants for actions taken in their capacities as employees of Defendant CITY); and granted summary judgment to Defendant GK Appraisals, Inc. on Counts I, II, III, IV, V, and VIII. Plaintiffs withdrew Count XI as to all defendants. Id.

CITY Defendants, on May 3, 2006, filed for partial summary judgment on Counts IX and X of the First Amended Complaint. By order dated July 6, 2006, this Court granted the motions, dismissing Count X against CITY Defendants and Count IX against Defendants Kurokawa, Magota, and Gima.

### VIII. WITNESSES

CITY Defendants may call the following witnesses at trial:

1. Philip English
   c/o Roger S. Moseley, Esq.
   Moseley Biehl Tsugawa Lau & Muzzi
   1100 Alakea Street, 23rd Floor
   Honolulu, Hawaii 96813

   Plaintiff is expected to testify about the facts supporting his claims of liability and damages.

2. Gary Kurokawa
3. Robert O. Magota
4. Ann C. Gima
   c/o James Kawashima, Esq.
   Kawashima Lorusso & Tom, LLP
   745 Fort Street, Suite 500
   Honolulu, Hawaii 96813

>Defendants are expected to testify about their background and experience in the Real Property Tax Assessment Division, their dealings and interactions with Plaintiff, liability, damages, and other relevant matters.

5. Juli Ann Tamayori
6. Suzanne M. Foumai
7. Carol Kamisato
   c/o James Kawashima, Esq.
   Kawashima Lorusso & Tom, LLP
   745 Fort Street, Suite 500
   Honolulu, Hawaii 96813

   >These witnesses are expected to testify about their background and experience in the Real Property Tax Assessment Division, their dealings and interactions with Plaintiff, liability, damages, and other relevant matters.

8. Employees of the Real Property Tax Assessment Division, including but not limited to:
9. Linda Knowles
10. Dwight Ishiguro
11. Wilfred Martin
12. Marvin Abing
13. Steven Yee
14. Roy K. Amemiya, Jr.
15. Norman Yoshida
16. Pauline Iwamoto
17. Michelle Muraoka
18. Gary Kubota
19. Carol Kamisato
20. Michael Okamoto
21. Georgette Wong
22. Bruce Palenske
23. Michael Kim
24. Keith Yamashita
25. Christopher Graff
26. Julie Tamer
27. Eugenie Shito-Leong
28. Ryan Fujitani
    c/o Real Property Tax Assessment Division
    842 Bethel Street
    Honolulu, Hawaii 96813

    >These witnesses worked with Plaintiff and are expected to testify as to their observations and

        interactions with Plaintiff, liability, damages, and other relevant matters

29. Michael Golojuch
30. Violet Lee
    Department of Budget and Fiscal Services
    530 S. King Street, 2nd Floor
    Honolulu, Hawaii 96813

    These witnesses worked with Plaintiff and are expected to testify as to their observations and interactions with Plaintiff, liability, damages, and other relevant matters

31. Waylon Toma
32. Kevin Mulligan
    c/o HGEA
    888 Mililani St., Suite 601
    Honolulu, HI 96813-2991

    These witnesses worked with Plaintiff and are expected to testify as to their observations and interactions with Plaintiff, liability, damages, and other relevant matters

33. Thomas Riddle
    Workers' Compensation Administrator
    City and County of Honolulu
    550 S. King Street
    Honolulu, Hawaii 96813

34. Charles W. Totto
    c/o City Ethics Commission
    Standard Financial Plaza
    715 South King Street, Suite 211
    Honolulu, Hawai'i 96813-3091

35. David Matsunami
    c/o KEVIN P.H. SUMIDA, ESQ.
    ANTHONY L. WONG, ESQ.
    735 Bishop Street; Suite 411
    Honolulu, Hawaii 96813

    Mr. Matsunami is expected to testify as to Plaintiff's claim of City Ethics Commission violations, liability, and other related matters.

36. Robert Sbordone, Ph.D.
    Merrill Lynch Building
    24422 Avenida de la Carlota, Suite 270
    Laguna Hills, CA 92653-3648

    Dr. Sbordone is CITY Defendant's expert who is expected to testify as to his examination, diagnosis, prognosis, and treatment of Plaintiff, liability, causation, damages, and other relevant matters.

37. Dirk von Guenthner
    923 Kahena Street
    Honolulu, Hawaii 96825

    Mr. Von Guenthner is a forensic economist and is expected to testify as to his opinions of Plaintiff's pre-employment history, liability, damages, and other relevant matters.

38. Mark Stitham, M.D.
    334 Ilimalia Loop
    Kailua, Hawaii 96734

    Dr. Stitham will testify as to his records review of Plaintiff's health care records and is expected to testify as to his opinions on liability, causation, damages, and other relevant matters.

39. Sathiporn Songsorn
    932 Maunakea Street #R
    Honolulu Hawaii

    Plaintiff's ex-wife who is expected to testify as to Plaintiff's state of mind, finances, qualifications, liability, damages, and other relevant matters.

40. Corliss J. Chang, Esq.
    c/o Goodsill Anderson Quinn & Stifel, LLP
    1099 Alakea Street, Ste 1800
    Honolulu, Hawaii 96813

    Plaintiff's ex-wife who is expected to testify as to Plaintiff's state of mind, finances, qualifications, liability, damages, and other relevant matters.

41. Sharlene Kuriyama
    Address Unknown

    Plaintiff's ex-wife who is expected to testify as to Plaintiff's state of mind, finances, qualifications, liability, damages, and other relevant matters.

42. Physicians and health care providers at Kaiser Permanente Medical Care Program, including but not limited to:

43. Tamar Hoffman, M.D.
    3288 Moanalua Rd.
    Honolulu HI 96819

    These witnesses are Plaintiff's health care providers and are expected to testify as to their observations and interactions with Plaintiff, their treatment and diagnosis of Plaintiff, liability, damages, and other relevant matters.

44. **Stan Sitko**
    **Real Property Tax Division, Hawaii County**
    **75-5706 Kuakini Hwy, Suite 112**
    **Kailua-Kona, HI 96740**

    **Mr. Sitko is expected to testify as to his interactions with Plaintiff, Plaintiff's interest in a position with the Hawaii County Real Property Tax Division, liability, damages, and other relevant matters.**

45. Any person listed in Plaintiff's Pre-Trial Statement, Disclosure Statement or any amendments or supplements thereto.

46. CITY Defendants reserve the right the name any additional witnesses revealed in further discovery.

47. Custodians of Records as deemed necessary.

48. CITY Defendants reserve the right to call additional and/or rebuttal witnesses as necessary.

-17-

IX. <u>EXHIBITS, SCHEDULES AND SUMMARIES</u>.

Please see attached preliminary exhibit list. CITY Defendants reserve the right to amend and/or supplement the attached exhibit list as discovery and investigation are on-going.

X. <u>REMAINING DISCOVERY AND MOTIONS</u>.

A. <u>Discovery</u>. Depositions of party and non-party witnesses are still being scheduled. Thus far, the depositions that have been scheduled include Plaintiff's expert Daryl Matthews, Ph.D., Thomas Riddle, Defendant Kurokawa, and Violet Lee. We are still trying to schedule Plaintiff's deposition, which was continued at Plaintiff's request.

B. <u>Motions</u>: None, other than Motions in Limine..

XI. <u>STIPULATIONS, AMENDMENTS AND DISMISSALS</u>.

None at this time.

XII. <u>SETTLEMENT</u>.

The parties have participated in mediation. At that time, Plaintiff's latest settlement offer was in excess of $7,000,000 dollars.

XIII. <u>AGREED STATEMENT</u>.

The presentation of this action, in whole or in part, upon an agreed statement of facts is neither feasible nor desired.

XIV. <u>BIFURCATION OR SEPARATION OF ISSUES</u>.

Bifurcation of trial is neither feasible nor desired.

XV. <u>REFERENCE TO MASTER OR MAGISTRATE</u>.

The parties have stipulated to have this matter tried before the Honorable Kevin S.C. Chang.

XVI. <u>APPOINTMENT AND LIMITATION OF EXPERTS</u>.

Appointment of an impartial expert witness is neither feasible nor desired.

XIX. <u>TRIAL</u>.

Trial is currently set to commence on October 3, 2006 before the Honorable Kevin S.C. Chang. It is anticipated that trial will be completed in 3-4 weeks.

XX. <u>MISCELLANEOUS</u>.

None.

DATED: Honolulu, Hawaii, August 15, 2006

_____
JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
MICHAEL A. LORUSSO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA