# ORIGINAL

00002190.WPD

## KAWASHIMA LORUSSO & TOM LLP

JAMES KAWASHIMA        #1145-0
RANDALL Y. YAMAMOTO  #3274-0
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Telephone:  (808)275-0300
Facsimile:  (808)275-0399
Email Address: ryamamoto@kltlaw.com
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA, ROBERT O. MAGOTA,
and ANN C. GIMA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 1 1 2006

at 11 o'clock and 25 min. A M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>Defendants. | ) CIVIL NO. CV04-00108 KSC<br>)<br>) DEFENDANTS CITY AND COUNTY<br>) OF HONOLULU, GARY T.<br>) KUROKAWA, ROBERT O.<br>) MAGOTA, and ANN C. GIMA'S<br>) MEMORANDUM IN OPPOSITION<br>) TO PLAINTIFF PHILIP E.<br>) ENGLISH'S MOTION TO COMPEL<br>) THE TESTIMONY OF SUZANNE<br>) FOUMAI, FILED 9/6/06;<br>) DECLARATION OF MICHAEL A.<br>) LORUSSO; EXHIBIT "A";<br>) CERTIFICATE OF SERVICE<br>)<br>) Trial Date:  10/03/06<br>) Hearing:    9/14/06 10:00am<br>) |

DEFENDANTS CITY AND COUNTY
OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA,
and ANN C. GIMA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF
PHILIP E. ENGLISH'S MOTION TO COMPEL THE TESTIMONY OF
SUZANNE FOUMAI, FILED 9/6/06

Come now Defendants CITY AND COUNTY OF HONOLULU,

GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA, by and

through their attorneys, KAWASHIMA LORUSSO & TOM, LLP, and hereby

submits their Memorandum In Opposition To Plaintiff Philip E. English's Motion

to Compel the Testimony of Suzanne Foumai (hereinafter referred to as

"Plaintiff's Motion"), which was filed on September 6, 2006.

I.    **STATEMENT OF FACTS**

This lawsuit primarily involves a claim for work-place discrimination

and/or retaliation arising out of various incidents that allegedly occurred while

Plaintiff was employed by the City and County of Honolulu as a real property tax

appraiser with the Real Property Assessment Division.

On August 4, 2006, Plaintiff's oral deposition of Suzanne Foumai

(hereinafter referred to as "Ms. Foumai") took place in the presence of counsels

Roger S. Moseley, Esq. (hereinafter referred to as "Mr. Moseley") for Plaintiff,

Michael A. Lorusso, Esq. (hereinafter referred to as "Mr. Lorusso") for the City

and County of Honolulu, Gary T. Kurokawa, Robert O. Magota and Ann C. Gima

(hereinafter collectively referred to as the "City Defendants"), and Anthony L.

Wong, Esq. for GK Appraisals. <u>See</u> Transcript of Oral Deposition of Suzanne

Foumai, taken 8/4/06, attached hereto as Exhibit "A".

     As noted in Plaintiff's Motion, Ms. Foumai testified that:

-    Mr. Lorusso was her attorney;

-    It was Ms. Foumai's understanding that she and Mr. Lorusso shared an attorney-client relationship;

-    The attorney-client relationship was formed the day Ms. Foumai was served with a subpoena;

-    Ms. Foumai met with Mr. Lorusso for half an hour immediately before the deposition; and

-    They discussed Ms. Foumai's deposition testimony for the entire half hour.

<u>See</u> Exhibit "A" at 8-11.

     At the conclusion of the deposition, Ms. Foumai was asked about the

fee arrangement she had with Mr. Lorusso, Mr. Lorusso objected to the question

based on both relevance and privilege, and instructed Ms. Foumai not to answer.

| Mr. Moseley: | Are you paying for Mr. Lorusso's services as your attorney? |
|---|---|
| Mr. Lorusso: | Objection. <u>Not relevant</u>. Instruct you not to answer. It's <u>not relevant</u>. The terms, of my employment. |
| Mr. Moseley: | Are you saying that's privileged and instructing her not to answer? |

Mr. Lorusso:     Yes.

Mr. Moseley:     That's privileged?

Mr. Lorusso:     Yes, and I'll take the risk, counsel, if I'm wrong.

<u>See</u> Exhibit "A" at 88(emphasis added).

## II.   <u>DISCUSSION</u>

### A.   **Ms. Foumai's Fee Arrangement with Mr. Lorusso is Not Relevant Nor Reasonably Calculated to Lead to the Discovery of Admissible Evidence.**

A litigant cannot engage in unbridled discovery. Rule 26, Federal Rules of Civil Procedure, sets the general parameters of what discovery may be had in any given case, and provides that:

> (1 ) parties may obtain discovery regarding any matter, <u>not privileged</u>, that is <u>relevant to the claim or defense of any party</u>, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . Relevant information need not be admissible at the trial if the discovery appears <u>reasonably calculated to lead to the discovery of admissible evidence</u>.

Fed. R. Civ. Pro. Rule 26 (emphasis added). Mr. Lorusso's first objection to testimony regarding fee arrangements was based on relevance. Thus, even before consideration of the attorney-client privilege, Plaintiff must establish how the particular testimony sought is relevant and/or reasonably calculated to lead to admissible, and thus relevant, evidence.

Evidence is "relevant" if it tends to prove a fact "that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. Considering the facts of consequence here, it is clear that a fee arrangement, if any, between Ms. Foumai and Mr. Lorusso would not lead to the discovery of any further evidence, much less admissible evidence.

The pertinent issues and claims that remain in the instant case are:

Defendant CITY

- Count I (§ 1983);

- Count IV (Haw.Rev. Stat. § 378-62); and

- Count VIII (Defamation).

Defendants KUROKAWA, MAGOTA, and GIMA

- Count I (§ 1983);

- Count IV (Haw.Rev. Stat. § 378-62);

- Count V (Wilfil, Wanton, and Reckless Conduct);

- Count VI (IIED);

- Count VII (to the extent that Plaintiff's NIED claim is asserted against Defendant KUROKAWA for actions he may have taken in his capacity as an officer/shareholder of GK Appraisals);

- Count VIII (Defamation); and

- Count XII (Punitive Damages).

Any fee arrangement information sought from Ms. Foumai would not have any bearing on: (1) the elements of the remaining claims; (2) proving or disproving liability; or (3) proving or disproving any defenses asserted herein. Thus, this "evidence" has no relevance to the issues; in fact, the motives behind such a request is highly suspect.

When a party-litigant disregards the proper scope of discovery, the federal rules allow for a protective order in order to prevent unbridled discovery and the disclosure of the privileged information.  A protective order protects "a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  See Fed. R. Civ. P. Rule 26(c).  In issuing a protective order, the court can fashion, "any order which justice requires to protect a party . . . including . . . that the disclosure or discovery not be had."  Id.  (emphasis added).  The Court also has the discretion to award sanctions against a party which abuses the discovery process.  See Fed. R. Civ. P. Rules 26(c) & 37(a)(4).

In the instant case, Plaintiff attempts to engage in annoying and harassing behavior by delving into areas that he knows will not lead to any relevant or admissible evidence.  Although Ms. Foumai is a City employee, she is not personally a party-litigant.  Regardless, the circumstances of her representation

by Mr. Lorusso and fee arrangement, if any, cannot lead to any pertinent area of dispute.

Moreover, Plaintiff is aware that Mr. Lorusso based his objection at least in part on relevance, yet has failed to set forth any assertions of relevance or a reasonable calculation of how a fee arrangement could lead to admissible evidence. Because Plaintiff has not and cannot satisfy his burden as to why Ms. Foumai's specific testimony is relevant and/or reasonably calculated to lead to the discovery of admissible evidence, this Court need not consider the issue of attorney-client privilege. See In re Nissan Motor Corp. Antitrust Litigation (Ten Cases), 1975 WL 166141 (S.D.Fla.) at 2 ("this court finds that fee-arrangements between the plaintiffs and counsel are also irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in accordance with Rule 26(b)(1), Federal Rules of Civil Procedure. . .Thus, no attempt is made by this court to decide whether such arrangements fall within the attorney-client privilege.")

In Plaintiff's Motion, the only question that is the basis of this Motion to Compel is: "are you paying for Mr. Lorusso's services as your attorney?" The other questions, although objected to, were answered. Yet, Plaintiff offers no reasonable basis for relevance of that question under the circumstances of this case. Plaintiff asserts a conflict but the substantive questions were answered, as

Plaintiff concedes that "Mr. Lorusso permitted testimony of Ms. Foumai in this matter (without objection) that she took City and County of Honolulu personnel records of Plaintiff to her personal home." See Plaintiff's Motion at p. 6. (Defendants deny that the statement is accurate.)  Thus, Plaintiff was allowed discovery.  The only issue that remains is the relevance of whether Ms. Foumai is paying for Mr. Lorusso's services, and that is clearly irrelevant to the issues and claims herein.  Accordingly, Plaintiff's Motion must be denied and/or a protective order issued.

**B.   Ms. Foumai's Fee Arrangement with Mr. Lorusso Falls Within the Protection of the Attorney- Client Privilege and is Not Discoverable.**

Even assuming, *arguendo*, that Ms. Foumai's fee arrangement, if any, with Mr. Lorusso was somehow reasonably calculated to lead to admissible evidence, such communications are protected by the attorney-client privilege. While generally, the nature of a fee arrangement between an attorney and his client are not privileged, as noted by Plaintiff, an exception to the general rule exists. See Ralls v. United States, 52 F.3d 223, 225 (9th Cir. 1995); Baird v. Koerner, 279 F.2d 623 (9th Cir. 1960).  "An attorney may invoke the privilege to protect the identity of a client or information regarding a client's fee arrangement if disclosure would convey information which ordinarily would be conceded to be part of the

usual privileged communication between attorney and client." <u>United States v.</u> <u>Braun,</u> 2003 WL 21791231 (N.D.Cal.) at 3. The Ninth Circuit Court of Appeals found in <u>Ralls</u> that the "<u>fee arrangement</u> and fee-payer's identity are <u>inextricably</u> <u>intertwined with confidential communications and fall within the attorney client</u> <u>privilege</u>." 52 F.3d 223, 226(emphasis added).

In the instant case, a fee arrangement, if any, between Ms. Foumai and Mr. Lorusso was not relayed in writing through documentation that would be amenable to redaction and/or possible production. Rather, the circumstances of Ms. Foumai's representation were discussed orally, intertwined with conversations regarding the rest of Ms. Foumai's deposition testimony. <u>See</u> Declaration of Michael A. Lorusso, attached hereto. Because the nature of Ms. Foumai's representation are "intertwined"and cannot be syphoned from the confidential communications that clearly fall within the protection of the attorney-client privilege, the testimony requested is not discoverable. Accordingly, Plaintiff's Motion must be denied.

Next, Plaintiff claims that the information sought is not protected under the attorney-client privilege pursuant to the crime-fraud exception. Plaintiff's blanket assertions that Mr. Lorusso's objections to Ms. Foumai's testimony "are part of the ongoing policy and practice of retaliation of whistle

blowers" and "part of the City's continuing illegal activity against Plaintiff" are
unsubstantiated, unwarranted and preposterous.

It is well-settled that the test for invoking the crime-fraud exception
to the attorney-client privilege is whether there is "reasonable cause to believe that
the attorney's services were utilized in furtherance of the ongoing unlawful
scheme." United States v. Chen, 99 F.3d 1495, 1503 (9th Cir. 1996)(citing In re
Grand Jury Proceedings (The Corporation), 87 F.3d 377, 380 (9th Cir.
1996)(internal quotations and alterations omitted)(emphasis added)).  Indeed, "to
invoke the crime-fraud exception successfully, the [party] has the burden of
making a prima facie showing that the communications were in furtherance of an
intended or present illegality and that there is some relationship between the
communications and the illegality," and "[m]ere allegations or suspicion by the
[party] are insufficient." Id(emphasis added).

In the instant case, Plaintiff has not set forth the "reasonable cause"
required to evidence that:

- There is ongoing or criminal activity;

- Mr. Lorusso's legal services were used in furtherance of the criminal
  activity; and,

- The communications themselves, regarding a fee arrangement, if any,
  were in furtherance of the criminal activity.

See United States v. Chen, 99 F.3d 1495, 1503.  To boldly assert that Mr. Lorusso's services and communications with Ms. Foumai were somehow related to criminal activity with not a modicum of evidence leaves this Court with "mere allegation" and "suspicion," insufficient to invoke the crime-fraud exception to the attorney-client privilege.  Accordingly, Plaintiff's Motion must be denied.

## III.    CONCLUSION

Based on the foregoing, the City Defendants respectfully request that this Honorable Court deny Plaintiff Philip E. English's Motion to Compel the Testimony of Suzanne Foumai.

DATED: Honolulu, Hawaii,_____SEP 1 1 2006_____.

JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
MICHAEL A. LORUSSO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA