00002258.WPD
KAWASHIMA LORUSSO & TOM LLP

JAMES KAWASHIMA      #1145-0
RANDALL Y. YAMAMOTO  #3274-0
BRIAN Y. HIYANE      #6045-0
CARTER K. SIU        #7313-0
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Telephone:      (808)275-0371
Facsimile:      (808)275-0399
Email Address: ryamamoto@kltlaw.com

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA, ROBERT O. MAGOTA,
and ANN C. GIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| PHILIP E. ENGLISH, | ) CIVIL NO. CV04-00108 KSC |
|---|---|
| Plaintiff, | ) DEFENDANTS CITY AND COUNTY OF ) HONOLULU, GARY T. KUROKAWA, |
| vs. | ) ROBERT O. MAGOTA, and ANN C. ) GIMA'S MEMORANDUM IN OPPOSITION |
| CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, | ) TO PLAINTIFF PHILIP E. ) ENGLISH'S MOTION TO COMPEL THE ) TESTIMONY OF GARY T. KUROKAWA; ) DECLARATION OF CARTER K. SIU; ) EXHIBIT "A"-"C"; CERTIFICATE OF ) SERVICE ) ) Trial Date:   10/03/06 |
| Defendants. | ) Hearing:  9/13/06 11:00am ) ) ) ) |

**DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S <u>MOTION TO COMPEL THE TESTIMONY OF GARY T. KUROKAWA</u>**

Come now Defendants CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA (collectively "CITY Defendants"), by and through their attorneys, KAWASHIMA LORUSSO & TOM, LLP, and hereby submits their Memorandum In Opposition To Plaintiff Philip E. English's Motion to Compel the Testimony of Gary T. Kurokawa (hereinafter referred to as "Plaintiff's Motion").

CITY Defendants note that counsel received a courtesy copy of Plaintiff's Motion in the mail only today. Apparently, it was mailed instead of hand delivered. Thus, and without prejudice to CITY Defendants, CITY Defendants reserve the right to present additional argument at the hearing on this matter.

CITY Defendants also note that Defendant KUROKAWA is represented by other counsel, Herbert Takahasi, Esq., with regard to matters before the Ethics Commission. It is not known whether Mr. Takahashi was made aware of this motion or was otherwise advised by Plaintiff's counsel of this pending issue.

I.   **STATEMENT OF FACTS**

This lawsuit primarily involves a claim for work-place discrimination and/or retaliation arising out of various incidents that allegedly occurred while Plaintiff was employed by the City and County of Honolulu as a real property tax appraiser with the Real Property Assessment Division.

Plaintiff has filed a complaint against the Ethics Commission, naming Defendant KUROKAWA as the main subject of the

investigation. At Defendant KUROKAWA's deposition, the issue was raised about conversations with the Ethics Commission. While Plaintiff's Motion fails to include the entire transcript, it is as follows:

> Q:  Have you been interviewed by the ethics commission staff?
>
> A   Yes.
>
> Q   Okay. When was that?
>
> A   I don't recall the date.
>
> Q   Okay. Who interviewed you?
>
> A   I believe it was Matt Viola.
>
> Q   And what did Matt ask you about?
>
> MR. YAMAMOTO: I'm going to instruct the witness not to answer on the basis of privilege privacy, and that a motion, as I understand it, is still pending before the Court, your Motion to Compel.
>
> MR. MOSELEY: That was a Motion to Compel. The ethics commission produced the information.
>
> MR. YAMAMOTO: Right. And I think they took the position that it's private, and we take the same position that it is private. So I'm instructing the witness not answer on that basis.
>
> MR. MOSELEY: Okay. Are you going to instruct the witness not to answer any questions with respect to any information that was transmitted to the ethics commission?
>
> MR. YAMAMOTO: Yes.
>
> MR. WONG: Actually, can we take a short break. I'd like to confer with Mr. Yamamoto on this claim of privilege.

      MR. MOSELEY:  I don't see any necessity to do that.  But what claim of privilege do you want to talk about?  Are you disagreeing with his claim of privilege?

      MR. WONG:  Well, English was instructed not to answer about what he told the ethics commission.

      MR. YAMAMOTO:  I understand that as well.

      MR. MOSELEY:  So what's your problem, Tony?

      MR. WONG:  Okay.  I guess my problem is if you're asking Mr. Kurokawa to disclose what he told the ethics commission, it's inconsistent with your --

      MR. MOSELEY:  Have you got an objection to make or are you just trying to argue the merits of some position in this case, Tony?

      MR. WONG:  Well, I guess I'm --

      MR. MOSELEY:  Have you got an objection to make?  I ask questions.  Counsel instructed him not to answer, and he was very clear about why.  If you have an objection, you're more than welcome to make it.  But in terms of arguing the merits on the record here, I'm not sure that's appropriate, Tony.

      MR. WONG: Yes, I won't.  I'm just unclear as to the consistency of the various positions that are being taken.

      MR. MOSELEY:  Let the record reflect that Tony doesn't like the fact that I ask questions he doesn't want to be asked.

      MR. YAMAMOTO:  I don't like questions that I don't want to be asked too though.  But anyway, you know, anyway sorry.

      MR. MOSELEY:  Off the record.

<u>See</u> Exhibit "A," Deposition Transcript of Gary T. Kurokawa at pgs. 136 - 138.

## II. **DISCUSSION**

Plaintiff's motion to compel Gary Kurokawa to answer questions regarding his contacts with the Ethics Commission must be denied because Mr. Kurokawa, as the subject of the Ethics Commission complaint filed by Plaintiff, has certain rights of privacy and confidentiality pursuant to City ordinances and Ethics Commission Rules, which must be protected pursuant to Rule 501 of the Federal Rules of Evidence.

As Plaintiff's motion acknowledges, Mr. Kurokawa is the City employee alleged to have a conflict of interest in the pending Ethics Commission investigation which was started as a result of a complaint filed by Plaintiff. Contrary to Plaintiff's assertions, then, Mr. Kurokawa is entitled to certain privacy rights, privileges, and protections by pertinent provisions of the Revised Ordinances of Honolulu (1990)("ROH")[1] and the City Ethics Commission's Rules of Civil Procedure (1984)("Rules")[2]. These provisions address confidentiality in the areas of hearings held by the Commission, documents and reports received by the Commission, and disclosure of information concerning allegations before the Ethics Commission.

---

[1] ROH §§ 3-6.1 to 3-6.10.

[2] Rules § 4.13.

- 5 -

ROH § 3-6.7(e)[3] and Rules § 4.13(b)[4] provide that all hearings before the City Ethics Commission be held in executive session, closed to the public. An exception is made for a hearing to be opened to the public **if the person against whom the allegation so requests or consents**.

Furthermore, under ROH § 3-6.5(c), the public has access to only those records, reports, writings, documents, exhibits, and other evidence received by the Commission at a hearing open to the public.[5]

Therefore, the applicable City ordinances and rules provide significant protections for the confidentiality of those employees who are subjects of Ethics Commission investigations.

---

[3] ROH § 3-6.7(e) reads:

> (e) All hearings before the commission involving an alleged conflict of interest of an employee or officer shall be held in executive session, provided that a public hearing may be held where such officer or employee, alleged to have a conflict of interest, consents thereto.

[4] Rules § 4.13(b) reads:

> (b) All hearings before the Commission shall be held in executive session; provided that a public hearing may be held where the officer of employee alleged to have the conflict of interest request or consents to a public hearing.

[5] ROH § 3-6.5(c) reads:

> (c) All records, reports, writings, documents, exhibits, and other evidence received by the Commission shall be held in confidence and no information as to the contents thereof shall be disclosed unless such items are presented and received by the commission at a hearing or meeting that is open to the public.

The significance of the Commissions confidentiality requirements for public officials and employees against whom complaints are filed was explained in the Memorandum in Opposition to Plaintiff Philip E. English's Motion to Compel Compliance With Subpoena Issued June 2, 2006, filed herein on July 18, 2006. In the Declaration of Charles W. Totto attached to the memorandum in opposition, Mr. Totto stated in pertinent part as follows:

> Confidentiality of the Commission's investigative files is also important to prevent the disclosure of Commission action involving City officers and employees before the Commission examines the facts and renders an opinion. Premature disclosure would be unfair and could subject a public official to unwarranted censure.

See, Declaration of Charles W. Totto attached to Memorandum in Opposition to Plaintiff Philip E. English's Motion to Compel Compliance With Subpoena Issued June 2, 2006, filed herein on July 18, 2006, at ¶ 10, a true and correct copy of which is attached hereto as Exhibit "B".

As seen, the commission's confidentiality requirements reflect a concern for the reputations of public officials and employees who may be the targets of unfounded complaints filed for the sole purpose of damaging their reputation.[6] Maintaining

---

[6] The State Office of Information Practices ("OIP") has recognized that since subjects of the Commission advisory opinions have a significant privacy interest in the information identifying them in the opinions, that the subjects' identities generally are exempt from disclosure pursuant to the exception for "[g]overnment records, which if disclosed, would constitute a clearly unwarranted invasion of personal privacy." OIP Op. Ltr. No. 96-2 (July 16, 1996).

- 7 -

confidentiality also forestalls attempts by some to enhance the credibility of weak or unfounded or overblown complaints by invoking the name of the Ethics Commission before the Commission has taken final action.

In this case, Mr. Kurokawa has not waived his rights to privacy, privilege, and confidentiality, as Plaintiff's counsel was advised in an e-mail dated September 9, 2006, responding to his e-mail requesting Mr. Kurokawa's further deposition. See, Exhibit "C". Certainly, as the foregoing City ordinances and Ethics Commission Rules provide, confidentiality of the information provided to the Commission must remain confidential unless the person against whom the allegation requests or consents to a public hearing. Accordingly, there is no reason why, simply by filing a civil lawsuit, Plaintiff should be allowed to discover information that would otherwise be confidential.

Plaintiff's discovery tactics are reprehensible and reflect a complete disregard for the privacy and confidentiality rights of the individual defendants. Plaintiff first files a complaint with the Ethics Commission against Mr. Kurokawa, then when his attempts to secure the files of the pending investigation are rebuffed by this Court's Order Denying Plaintiff's Motion to Compel, filed herein on September 6, 2006, he attempts to force Mr. Kurokawa to waive his rights of privacy and confidentiality in the proceedings which he instigated by

filing the complaint against him in the first place.  To make matters worse, it appears that Plaintiff and his counsel may have taken these actions without notice to or otherwise advising Mr. Kurokawa's other counsel, Herbert Takahashi, Esq., with regard to matters before the Ethics Commission.  It is not known whether Mr. Takahashi was made aware of this motion or was otherwise advised by Plaintiff's counsel of this pending issue.

### III. CONCLUSION

Based on the foregoing, the City Defendants respectfully request that this Honorable Court deny Plaintiff Philip E. English's Motion to Compel Further Deposition of Gary T. Kurokawa.

DATED: Honolulu, Hawaii, Sept. 11, 2006.

_____
JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
MICHAEL A. LORUSSO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA