IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>　　　　　　Defendants. | Civil No.  04-00108 KSC/KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## **MEMORANDUM IN SUPPORT OF MOTION**

Plaintiff Philip E. English (hereinafter "Plaintiff"), by and through is counsel, Moseley Biehl Tsugawa Lau & Muzzi, submits this memorandum in support of his Motion to Compel the Further Deposition of Gary T. Kurokawa.

I.　　Statement of Relevant Facts

On July 27, 2006, Plaintiff noticed the oral deposition of Gary T. Kurokawa for August 4, 2006 and continuing on August 7, 2006. See Exhibit A. Thereafter, a First Amended Notice of Taking Deposition Upon Oral Examination was served

on August 1, 2006 changing the date of Mr. Kurokawa's oral deposition to August 22, 2006 continuing on August 23, 2006. See Exhibit B.

Mr. Kurokawa appeared for his oral deposition on August 22, 2006, which commenced at 9:07 a.m. Present at the oral deposition was Roger S. Moseley, counsel for Plaintiff, Anthony L. Wong, counsel for GK Appraisals, Inc. and Randall Y. Yamamoto, counsel for the City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota and Ann C. Gima.

II.   Mr. Kurokawa Should be Compelled to Testify Regarding his Contact with the Ethics Commission

Parties appeared on August 10, 2006 before this Court for a continued hearing on Plaintiff's Motion to Compel Compliance with Subpoena regarding Charles Totto and documents of the Ethics Commission. Based upon the privilege log and certain minutes of the Ethics Commission that were disclosed, it is clear that the Ethics Commission was working on an investigation into the complaint involving Defendant Kurokawa and that the Ethics Commission had in fact issued a notice of potential violation to Defendant Kurokawa. It is also clear that there has been communication and contact between Defendant Kurokawa and the Ethics Commission regarding Plaintiff's complaint to the Ethics Commission in 2003.

At the August 10, 2006 hearing, the Court asked Mr. Lorusso whether witnesses were directed not to answer questions regarding the Ethics Commission proceedings.

>THE COURT: Were any - - Mr. - - since - - since you raised the issue, Mr. Lorusso, were any of these witnesses directed not to answer questions based on some sort of confidentiality of the Ethics Commission's proceedings?
>
>MR. LORUSSO: No, Your Honor.

See Exhibit C – pages 31 – 32.

The Court then asked Charles Totto's counsel, Mr. Nelson, a direct question as to the Ethics Commission's position as to witnesses not speaking about these Ethics Commission matters.

>THE COURT: Let me be more direct, Mr. Nelson. There's been no muzzle to put on any witness or person that appeared before the Commission with regard to testifying in this case?
>
>MR. NELSON: That's correct, Your Honor.

See Exhibit C – pages 35 - 36

After the Ethics Commission represented to this Court, with defense counsel present, that there is no prohibition of witnesses discussing their contact with the Ethics Commission, some 12 days later, defense counsel instructed Defendant Kurokawa not to answer questions pertaining to his contact with the Ethics Commission.

>Q: Have you been interviewed by the ethics commission staff?
>A: Yes.
>Q: Okay. When was that?
>A: I don't recall the date.
>Q: Okay. Who interviewed you?
>A: I believe it was Matt Viola.
>Q: And what did Matt ask you about?

> MR. YAMAMOTO: I'm going to instruct the witness not to answer on the basis of privilege privacy, and that a motion, as I understand it, is still pending before the Court, your Motion to Compel.
> MR. MOSELEY: That was a Motion to Compel. The ethics commission produced the information.
> MR. YAMAMOTO: Right. And I think they took the position that it's private, and we take the same position that it is private. So I'm instructing the witness not to answer on that basis.
> MR. MOSELEY: Okay. Are you going to instruct the witness not to answer any questions with respect to any information that was transmitted to the ethics commission?
> MR. YAMAMOTO: Yes.

See Exhibit D - pages 136-137.

> Q: I'm assuming that in your answer you're not including any communications you had with the ethics commission, right?
> MR. YAMAMOTO: Let me object and instruct the Witness not to answer.

See Exhibit D – pages 144-145.

On September 5, 2006, the Court issued an Order Denying Plaintiff's Motion to Compel. See Exhibit E. In the order, the Court states that:

> Discovery is ongoing and Plaintiff may be able to obtain the sought after information and documents from persons other than Mr. Totto. Consequently, the Court denies Plaintiff's Motion to Compel.

Further supporting the position that there is no prohibition against any individual divulging information regarding contact with the Ethics Commission is correspondence dated September 5, 2006 from Gordon D. Nelson, Deputy Corporation Counsel. See Exhibit F. The correspondence was also transmitted via

facsimile and U.S. Mail to Michael A. Lorusso, Esq. and Anthony L. Wong, Esq. In the correspondence, Mr. Nelson confirms that there is no restriction by the current Ethics Commission ordinance or by the Rules of Procedure of the Ethics Commission from divulging information regarding an alleged ethics violation. Mr. Nelson cites to Revised Ordinances of Honolulu 1990 Section 3-6(g) places no limit on disclosure by individuals other than Commission members or staff. See Exhibit F.

Based upon the foregoing, Plaintiff's counsel, via e-mail communication, requested the continued oral deposition of Mr. Kurokawa with respect to his contact with the Ethics Commission. See Exhibit G. As Plaintiff's counsel explained, there is no basis for Mr. Kurokawa's counsel's instruction not to answer questions and there is nothing preventing Mr. Kurokawa from disclosing such information. Furthermore, the objection and instruction by defense counsel not to answer is unfounded considering (i) the statement by Mr. Nelson at the August 10, 2006 hearing, (ii) the correspondence from Mr. Nelson dated September 5, 2006 and (iii) the order and ruling of this Court on Plaintiff's Motion to Compel citing that Plaintiff may be able to obtain the information it was seeking from Charles Totto, Ethics Commission, from other individuals. There has been no response to Plaintiff's counsel's e-mail request, however, at a Further Pretrial Conference held

today, September 8, 2006, defense counsel represented to Plaintiff's counsel that they would not likely agree to any further deposition of Mr. Kurokawa.

As this Court stated, the information regarding the Ethics Commission investigation and communications may be obtained from other individuals. As the Ethics Commission represented before this Court and in written correspondence, there is nothing prohibiting an individual from disclosing information. Accordingly, as there is nothing preventing or precluding Mr. Kurokawa from discussing his contact with the Ethics Commission and there is no applicable privilege, Plaintiff respectfully request this Court compel the further deposition of Mr. Kurokawa.

Dated: Honolulu, Hawaii, SEP - 8 2006 _____.

_____
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA
Attorney for Plaintiff
PHILIP E. ENGLISH

10010\3\57738                                  6