IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, | ) CIVIL NO. 04-00108 KSC |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| vs. | ) |
| CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, | ) |
| Defendants. | ) |

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

On July 5, 2006, Plaintiff Philip E. English ("Plaintiff") filed a Motion to Compel Compliance With Subpoena Issued June 2, 2006 ("Motion to Compel"). On July 18, 2006, Charles W. Totto ("Mr. Totto") filed an opposition ("Opposition"). On July 21, 2006, Plaintiff

EXHIBIT "E"

filed a reply ("Reply"). On July 25, 2006, Plaintiff filed a supplemental reply ("Supplemental Reply").

The matter came on for hearing on August 3, 2006. Attorney Roger S. Moseley appeared on behalf of Plaintiff; Attorney Gordon D. Nelson appeared on behalf of Mr. Totto; Attorney Michael Lorusso appeared on behalf of Defendants City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota, and Ann C. Gima ("City Defendants"); Attorney Anthony L. Wong appeared on behalf of GK Appraisals, Inc. At the August 3, 2006 hearing, the Court continued the hearing until August 10, 2006 and requested that supplemental memoranda be filed.

On August 10, 2006 the matter came on for rehearing. Attorney Christopher J. Muzzi appeared on behalf of Plaintiff; Attorney Gordon D. Nelson appeared on behalf of Mr. Totto; Attorney Michael Lorusso appeared on behalf of Defendants City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota, and Ann C. Gima ("City Defendants"); Attorney Anthony L. Wong appeared on behalf of GK Appraisals, Inc.

2

Plaintiff seeks a order compelling Mr. Totto to comply with the June 2, 2006 deposition subpoena and subpoena duces tecum commanding him to appear for deposition on June 23, 2006 and permit inspection and copying of "[a]ny and all original records, files or documents, notes, emails and or other material including computerized storage material and any and all documents of every nature pertaining to (i) Philip E. English; (ii) Gary Kurokawa; (iii) Christopher Graff; (iv) Robert Magota; (v) Ann Gima or (vi) the Assessment Division of the City and County of Honolulu." On June 23, 2006, Mr. Totto appeared for his deposition, but did not produce any documents. Plaintiff seeks an order compelling Mr. Totto to produce the documents identified in the subpoena.

Mr. Totto argues that the subpoenaed materials, which comprise over 2,000 pages of documents in addition to original tape recording of witness interviews and Ethics Commission meetings, are privileged. Mr. Totto has produced a privilege log asserting privileges based on the following: attorney-

3

client privilege, attorney work-product, the government deliberative process privilege, the City Ethics Commission's Rules of Procedure, the Revised Charter of the City and County of Honolulu, and the Revised Ordinances of Honolulu. Plaintiff argues that Mr. Totto's privilege log is insufficient for Plaintiff and the Court to make a determination as to whether many of the alleged privileged communications are in fact privileged.

Rule 26(b) of the Federal Rules of Civil Procedure outlines the scope of discovery and provides, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things..." Fed. R. Civ. P. 26(b)(1). However, "[a] party is not entitled to discovery of information protected by the attorney-client privilege." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian, 331 F.3d 1041, 1046 (citing Wharton v.

4

Calderon, 127 F.3d 1201, 1205 (9th Cir. 1997). In addition, "[a] party is entitled to discovery of attorney work-product only if the requesting party demonstrates that the requested information was not available from any other source." Navajo Nation, 331 F.3d at 1046 (citing Holmgren v. State Farm Mutual Automobile Ins. Co., 976 F.2d 573, 576 (9th Cir.1992).

Federal Rule of Evidence 501 governs federal privileges and provides:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State or political subdivision thereof shall be determined in accordance with State law.

Fed. R. Evid. 501. The Ninth Circuit has applied state law in analyzing the attorney-client privilege. See e.g. In re Estate of Covington, 450 F.3d 917 (9th Cir. 2006); Baird v. Koerner, 279 F.2d 623 (9th Cir. 1960). Thus, the Court will look to Hawaii law in analyzing the privileges asserted by Mr. Totto.

The Hawaii Supreme Court has held that to come within the attorney-client privilege, the communication must be a "confidential communication made for the purpose of facilitating the rendition of professional legal services." Save Sunset Beach Coalition v. City and County of Honolulu, 78 P.3d 1, 20 (Haw. 2003). "Accordingly, a communication occurring in the following manner is privileged: (1) where legal advice of any kind is sought (2) from a professional legal adviser in his [or her] capacity as such, (3) the communication relating to that purpose, (4) made in confidence (5) by the client, (6) are at his [or her] instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the

6

protection be waived." Id. at 20-21 (citing Sapp v. Wong, 609 P.2d 137, 140 (Haw. 1980) (quoting 8 Wigmore, Evidence, § 2292 (McNaughton rev. 1961)). In determining whether the privilege applies, a court may consider all the circumstances surrounding the communication or disclosure, including: "(1) the reasonableness of precautions taken to prevent disclosure; (2) the amount of time taken to remedy the error; (3) the scope of discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness." Id. at 22 (quoting Alldread v. City of Grenada, 988 F.2d 1425, 1433 (5th Cir. 1993).

In Hawaii, the attorney work-product privilege "has its foundation in HRCP Rule 26, which states that parties 'may obtain discovery regarding any matter, not privileged,' and indicates that 'discovery of documents and tangible things...prepared in anticipation of litigation or for trial' shall be disclosed only upon a showing of 'substantial need of the materials' and 'undue hardship' in obtaining the materials in another

7

fashion." Id. at 20 (quoting HRCP Rule 26(b)(3)).  In addition, "[i]n ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." HRCP 26(b)(3).

Mr. Totto states that he retained attorney Matthew Viola to provide legal services in connection with the matters that are the subject of the subpoena and in contemplation of taking these matters to hearings before the Ethics Commission, if necessary. Mr. Totto asserts that the communications between himself and Mr. Viola are protected by attorney-client privilege.  At the hearing on August 3, 2006, Plaintiff's attorney Roger S. Moseley conceded that Mr. Totto and Mr. Viola are both attorneys for the Ethics Commission.  Therefore, there is a facial basis for Mr. Totto's assertion of attorney-client privilege and the attorney work-product doctrine.  In Plaintiff's Reply,

8

he identifies numerous documents listed on Mr. Totto's privilege log that he believes are not actually privileged. Specifically, Plaintiff argues that he believed the documents with the following bate stamp numbers in Mr. Totto's Amended and Supplemented Privilege Log filed July 21, 2006, are not privileged: 24-26, 122-131, 244-246, 713, 1843, 1870, 1871, 1881-1885, 1953, 1954, 1957, 1958, 1971, 1977-1979, 1980-1983, and 2062-2141. At the hearing on August 10, 2006, the Court requested copies of all of the alleged privileged documents in order to conduct an *in camera* review to determine the validity of the privileges asserted by Mr. Totto.

After completing an *in camera* review of the alleged privileged documents in dispute, the Court finds that a basis exists for Mr. Totto to assert the attorney-client privilege and/or the attorney work-product privilege for the aforementioned documents. Thus, the Court need not address Mr. Totto's other bases for asserting that the documents are privileged.

The Court further finds that Plaintiff has failed to establish substantial need and undue hardship in obtaining the alleged privileged documents. Discovery is ongoing and Plaintiff may be able to obtain the sought after information and documents from persons other than Mr. Totto. Consequently, the Court DENIES Plaintiff's Motion to Compel.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, September 5, 2006.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 04-00108 SOM-KSC. <u>PHILIP E. ENGLISH vs. CITY AND COUNTY OF HONOLULU, ET. AL.</u>; ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

10