MOSELEY BIEHL TSUGAWA LAU & MUZZI
A Hawaii Limited Liability Law Company
ROGER S. MOSELEY          2060
CHRISTOPHER J. MUZZI      6939
RENEE M. FURUTA           7593
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone: (808) 531-0490
Facsimile: (808) 534-0202
Email: rmoseley@hilaw.us
       cmuzzi@hilaw.us
       rfuruta@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| PHILIP E. ENGLISH, | Civil No. 04-00108 SOM/KSC |
|---|---|
| Plaintiff, | PLAINTIFF PHILIP E. ENGLISH'S REPLY MEMORANDUM TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA AND ANN C. GIMA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S MOTION TO COMPEL THE TESTIMONY OF SUZANNE FOUMAI FILED ON SEPTEMBER 6, 2006; CERTIFICATE OF SERVICE |
| vs. | |
| CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, | |
| Defendants. | |

10010/3/57580

Hearing:
Date:   September 14, 2006
Time:   10:00 a.m.
Judge:  Honorable Kevin S. Chang

**PLAINTIFF PHILIP E. ENGLISH'S REPLY MEMORANDUM TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA AND ANN C. GIMA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S MOTION TO COMPEL THE TESTIMONY OF SUZANNE FOUMAI FILED ON SEPTEMBER 6, 2006**

Plaintiff Philip E. English ("Plaintiff"), by and through his counsel, Moseley Biehl Tsugawa Lau & Muzzi, submits this Reply Memorandum in Support of his Motion to Compel the Testimony of Suzanne Foumai filed on September 6, 2006.

The information Plaintiff English is seeking from Ms. Foumai is completely relevant herein. The credibility of a witness is always relevant. See State of Hawaii v. Peseti, 101 Haw. 172, 65 P.3d 119 (2003); State v. Estrada, 69 Haw. 204, 738 P.2d 812 91987)(bias, interest and motive are always relevant to the issue of credibility). Rule 401 of the Federal Rules of Evidence states that proffered evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Courts have held that evidence that is helpful in evaluating the credibility of a witness is of consequence to the determination of an action. See United States of America v. Hankey, 203 F.3d 1160 (9th Cir. 2000).

> Evidence is relevant to a matter of consequence to the determination of a case if it has a mere tendency to impeach a witness' credibility by showing of bias or coercion. Id. at 1170.

Bias is defined by Courts as "the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor or against a party. United States v. Abel, 469 U.S. 45, 52 (1984). Bias may be introduced by showing a witness' likes, dislikes, fear of a party, or by showing the witness' self-interest. Id. Courts have stated that the point of a bias inquiry is to expose to the jury a witness' special motive to lie, by revealing facts such as interest in the outcome of the trial, or personal animosity or favoritism toward the defendant. See United States of America v. Hankey, 203 F.3d 1160 (9th Cir. 2000). Relevancy exists because the jury is the finder of fact and the weigher of credibility and is therefore entitled to assess all evidence which might bear on the accuracy and truth of any witness' testimony. See United States of America v. Sommerstedt, 752 F.2d 494 (9th Cir. 1985). See also Burr v. G.E. Sullivan, 618 F.2d 583 (9th Cir. 1980)(partiality of a witness is subject to exploration and is always relevant).

Here, considering that bias, interest and motive is always relevant to the issue of credibility, the inquiry into the fee arrangement between Mr. Lorusso and his firm and Ms. Foumai, as well as the conversations between them, is completely relevant to determine Ms. Foumai's bias, interest and motive herein. All that Plaintiff seeks to determine is whether Ms. Foumai has any motivation for

testifying, in any particular way i.e. whether Ms. Foumai is receiving something of value in connection with her testimony either in deposition or at trial. Again, credibility of a witness is always relevant. Are Mr. Lorusso and his firm providing free legal services to Ms. Foumai? Is this being done as counsel for the City and County of Honolulu? Is there a separate arrangement with Ms. Foumai for the payment of attorney's fees? Is Ms. Foumai receiving something additional of value in connection with her testimony and the City and County of Honolulu has agreed not to press further with any investigation or charges against Ms. Foumai for her wrongful and unauthorized taking of City and County of Honolulu records? Is the arrangement contingent upon Ms. Foumai's testimony or does the arrangement vary depending upon the testimony provided? All of this information is completely relevant and non-privileged and the Court should be interested in knowing the answers as well.

It is curious to Plaintiff how Defendants have asserted that the fee arrangement, "if any", with Mr. Lorusso is so "inextricably intertwined with confidential communications". See Plaintiff's memorandum – page 9. As Defendants assert there is no "written" documentation of this relationship, it is puzzling why the conversation cannot be separated where arguably non-privileged information can be revealed. There is no requirement forcing Ms. Foumai divulge either the entire meeting's conversation or nothing. Even more easily than with any written documentation, portions of the conversation can be dissected, with the

alleged privileged statements not being revealed.

There is at this point reasonable cause to believe that the services of Mr. Lorusso and his firm are being utilized in furthering the Defendants' policy and practice of retaliation against whistleblowers and specifically of retaliation against Plaintiff. It is clear that the arrangement between Ms. Foumai and Mr. Lorusso is questionable based on the testimony of Ms. Foumai, thus far, about her wrongful and unauthorized taking of personnel records of the City and County of Honolulu, the lack of investigation or charges against her by the City and County of Honolulu, and about her being represented by the same attorney that represents the City and County of Honolulu in this case where her testimony is being required. Moreover, there may be some liability of Ms. Foumai to Plaintiff English for her unauthorized and wrongful taking of Plaintiff English's personnel records and it is unclear whether the scope of Mr. Lorusso's (free?) representation extends to the representation of Ms. Foumai in a potential claim against her by Plaintiff English.

For all the foregoing reasons, Plaintiff English respectfully requests this Court grant his Motion to Compel the Testimony of Suzanne Foumai.

Dated: Honolulu, Hawaii, September 12, 2006.

>/s/ *Roger S. Moseley*
> ROGER S. MOSELEY
> CHRISTOPHER J. MUZZI
> RENEE M. FURUTA
> Attorney for Plaintiff
> PHILIP E. ENGLISH