IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>                Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>                Defendants. | CIVIL NO. CV04 00108 JMS/KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |

MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

I.    INTRODUCTION/SUMMARY OF ARGUMENT:

        This action arises out of a claim of retaliation against the plaintiff as a "whistle-blower", at the plaintiff's former workplace, the Real Property Assessment Division of the City and County of Honolulu.

        Previously, the majority of claims against defendant GK APPRAISALS, INC. (hereinafter "this Defendant" or "GK APPRAISALS") were dismissed by Order filed December 15, 2005.

The First Amended Complaint, filed on January 12, 2006 seeks compensatory and punitive damages based on various claims against GK APPRAISALS, INC., styled as follows:

Count VI -   Intentional Infliction Of Severe Emotional Mental Or Emotional Distress;

Count VII -  Negligent Infliction Of Emotional Distress;

Count IX -   Intentional Interference With Contractual Relations;

Count X -    Intentional Interference With Prospective Economic Advantage.

[See Order filed December 15, 2005]

In addition, although the December 15, 2005 Order dismissed the Civil Rights claims made pursuant to 42 U.S.C. §1983 against this Defendant, the First Amended Complaint alleges claims under 42 U.S.C. §1983 against "Defendants" [See Paragraph 94 of First Amended Complaint]. Then, the First Amended Complaint goes on to allege that plaintiff is entitled to recover punitive damages against "Defendants GK, KUROKAWA, MAGOTA, and GIMA." [See Paragraph 96 of First Amended Complaint]

To the extent that these allegations of the First Amended Complaint are not inadvertent, and are intended to re-allege claims that were previously dismissed against this Defendant, they should be dismissed again.

Furthermore, to the extent that these allegations are intended to allege new claims or new allegations of 42 U.S.C. §1983 claims against GK APPRAISALS, they should be dismissed because Count I of the First Amended Complaint does not cure any of the defects as to a §1983 claim against GK APPRAISALS described on pages 25-28 of the December 15, 2005 Order dismissing these very claims against GK APPRAISALS.

Subsequently, by order filed July 6, 2006, the Court dismissed Count IX (Tortious Interference With Contractual Relations) and Count X (Tortious Interference With Prospective Business Advantage) as to defendants CITY AND COUNTY OF HONOLULU ("City"), GARY T. KUROKAWA ("Kurokawa"), ROBERT O. MAGOTA ("Magota"), and ANN C. GIMA ("Gima") (collectively "the City defendants". This defendant did not move for summary judgment on those two counts at that time. However, based upon the Order filed on July 6, 2006, dismissing Counts IX and X against all of the City defendants, those Counts should be dismissed against this Defendant as well because the only connection that this defendant has to the underlying facts is through claims of vicarious liability based upon conduct by Kurokawa, who has been found to be liability-free on those Counts. Therefore, where Kurokawa is not liable, GK APPRAISALS cannot be liable based upon vicarious liability.

Next, the pleadings, testimony, and do not establish the necessary elements to support a claim for negligent infliction of emotional distress. Therefore, Count VII should be dismissed as well.

Finally, plaintiff's Compromise, Settlement, and Release Agreement signed in connection with his workers' compensation claim precludes any claims for temporary disability, and permanent disability, and wrongful discharge.

II.   ARGUMENT AND AUTHORITY:

As set forth and supported in the Concise Statement Of Material Facts filed concurrently herewith, the following facts are not genuinely disputable by Plaintiff and are assumed, but not admitted, to be true, for purposes of the instant Motion For Summary Judgment.

    A.   CLAIMS FOR WRONGFUL DISCHARGE, TEMPORARY DISABILITY AND PERMANENT DISABILITY

In connection with his worker's compensation claim resulting from his employment with the City, plaintiff Philip English signed a document entitled Compromise, Settlement And Release Agreement. [Exhibit B]

Said document provided that he had not sustained any temporary disability, that he had not sustained any permanent disability, and that he

voluntarily resigned his employment at the City. [Exhibit B, paragraphs 2, 3, and 11]

Not only was the document signed by the plaintiff, it was notarized, signed by his attorney Roger Moseley, and signed "Approved and So Ordered" by Gary S. Hamda, Director of Labor and Industrial Relations.

Therefore, the plaintiff should be precluded from making any such claims herein.

With respect to the application of estoppel to the instant case, it is apparent that Hawaii State Law should apply. By analogy, in a diversity action, the forum state's law of collateral estoppel applies. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 926 (9th Cir.1988). Because the instant claims against this Defendant are entirely based state law, like the situation of a diversity action, State law should be applied.

The Hawaii Supreme Court has defined the doctrine of collateral estoppel as follows:

> [c]ollateral estoppel is an aspect of res judicata which
> precludes the relitigation of a fact or issue which was
> previously determined in a *prior suit* on a different claim
> between the same parties or their privies. Collateral
> estoppel also precludes relitigation of facts or issues
> previously determined when it is raised defensively by
> one not a party in a *prior suit* against one who was a
> party in that suit and who himself [or herself] raised and
> litigated the fact or issue.

5

Dorrance v. Lee, 90 Hawai'i 143, 148, 976 P.2d 904, 909 (1999) (emphasis in original) (ellipses omitted) (quoting Foytik v. Chandler, 88 Hawai'i 307, 314-15, 966 P.2d 619, 626-27 (1998)). To establish collateral estoppel, or issue preclusion, and, thus, bar relitigation of the issue, four requirements must be met:

> (1) the issue decided in the prior adjudication is identical to the one presented in the action in question; (2) there is a final judgment on the merits; (3) the issue decided in the prior adjudication was essential to the final judgment; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication.

Citizens for the Protection of the North Kohala Coastline v. County of Hawai'i, 91 Hawai'i 94, 102, 979 P.2d 1120, 1128 (1999) (brackets omitted).

> Although this court has stated that the doctrine of res judicata involves two aspects--claim preclusion and issue preclusion --each aspect, in practice, involves distinct questions of law. Specifically, claim preclusion prohibits a party from relitigating a previously adjudicated cause of action. Issue preclusion, or collateral estoppel, on the other hand, applies to a subsequent suit between the parties or their privies on a different cause of action and prevents the parties or their privies from relitigating any issue that was actually litigated and finally decided in the earlier action. . . . Notwithstanding these differences, res judicata and collateral estoppel do share the common goals of preventing inconsistent results, preventing a multiplicity of suits, and promoting finality and judicial economy

Dorrance v. Lee, 90 Hawai'i 143, 149-150, 976 P.2d 904, 910-911 (1999).

6

Res judicata and/or collateral estoppel bars a court from re-litigating issues in the first action, or out of the "same transaction, or series of connected transactions." Morneau v. Stark Enters. Ltd., 56 Haw. 420, 422-23 (1975); Kauhane v. Acutron Co., Inc., 71 Haw. 458, 464 (1990); Yuen v. London Guarantee and Accident Co., 40 Haw 213, 223 (1953).

The doctrine of collateral estoppel has been applied to the situation of the first suit being for worker's compensation benefits, and the subsequent suit for civil damages. In McAdoo v. Dallas Corp., 932 F.2d 522 (6th Cir. 1991), the Sixth Circuit Court held that the decision in the worker's compensation case in that the injury was not work related was collaterally estopped in the subsequent products liability claim as to the issue of causation. Similarly, in Crot v. Byrne, 646 F.Supp. 1245 (N.D.Ill., 1986), the United States District Court for Illinois held that the plaintiff was precluded by collateral estoppel from relitigating the cause of the stroke.

Similar to collateral estoppel, the doctrine of judicial estoppel precludes a party from raising bi-polar arguments in the course of a litigation. Roxas v. Marcos, 89 Haw. 91, 124, 969 P.2d 1209, 1242 (1989). The purpose of judicial estoppel is to prevent a party from playing fast and loose with the Court, or to blow both hot and cold during the litigation. Id.

Indeed, plaintiff's own deposition testimony adopts his the fact of voluntary resignation:

Q    If you look at Exhibit No. 1, can you look at paragraph 11 which appears on page six of the document.

A    Yes.

Q    And with regard to paragraph 11, it indicates, and please make sure I'm reading this, "In further consideration for the agreements of Employer as set forth herein, Claimant hereby voluntarily quits, resigns and terminates his employment with Employer, fully, finally, irrevocably and forever, effective January 31, 2004, and Claimant hereby waives, releases and discharges the City & County of Honolulu from any and all of the City & County of Honolulu's obligations pursuant to any collective bargaining agreement." I read that correctly?

A    Yes.

Q    It further indicates in that paragraph, "Claimant further waives any reemployment and priority placement rights as part of this agreement." Did I also read that correctly?

A    Yes.

Q    With regard to Exhibit 1, based upon paragraph No. Number 11, would you agree me that you signed a document that indicated that you voluntarily quit, resigned and terminated your employment with the City?

A    Based on No. 11?

Q    Yes, based on paragraph 11.

[Exhibit A, page 63, line 4 – page 64, line 4]

Moreover, this agreement and admission was not made under duress:

Q   Are you saying that you signed Exhibit 1 under duress?

A   No. I'm saying that the only way that they would agree to it is if I agreed to resign.

Q   And with regard to resigning, that was a choice that you could make with the advice of counsel, correct?

A   I had the choice to resign or not, but I could only do it in the context, and that was the only way that they would settle the worker's comp claim.

     \*  \*  \*

Q   You signed it with advice of counsel, correct?

A   I did.

Q   And you signed it on your own free will and volition, correct?

A   Under the circumstances of what was being discussed, yes.

[Exhibit A, page 64-65]

Therefore, Mr. English's claims for past and future disability and/or wage and earnings loss should be stricken on this basis.

B. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

According to the First Amended Complaint filed on January 12, 2006, plaintiff claims that various "harassment and retaliation" were imposed upon him due to his claim that he reported unethical behavior by his co-workers.

However, the allegations of the First Amended Complaint and the facts elicted in deposition do not support this claim for Negligent Infliction of Emotional Distress ("NIED").

According to prevailing Hawaii law, a claim for NIED must generally be supported by either physical harm to some person or property, or actual imminent and potentially life-endangering physical peril to the claimant. John and Jane Roes v. FHP, Inc., 91 Hawaii 470, 474 and 475, 985 P.2d 661, 665 and 666 (1999).

C.   INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

Insofar as Kurokawa, and all of the other City defendants have obtained summary judgment on these claims by virtue of the Court's Order filed July 6, 2006, Summary Judgment, on Counts IX and X, should be granted in favor of GK APPRAISALS as well.

With respect to Count IX (Intentional Interference With Contractual Relations), the Court found that plaintiff failed to produce any direct evidence that any of the City defendants (including Kurokawa) had knowledge of plaintiff's alleged employment contract with the City. In addition, the Court found that the plaintiff failed to present sufficient evidence that the Defendants intentionally induced the City to breach its alleged employment contract with the plaintiff.

10

Similarly with respect to Count X (Intentional Interference With Prospective Economic Advantage), the court found that defendant Kurokawa was not liable because the plaintiff failed to present sufficient evidence identifying a specific third party with whom he had a valid business arrangement for purposes of this claim.

Therefore, insofar as defendant Kurokawa has been absolved of liability on these counts, there can be no vicarious liability flowing to defendant GK APPRAISALS by virtue of his conduct. Accordingly, summary judgment on Count IX and Count X should be granted in favor of this Defendant as well.

### D.   COUNT I – VIOLATION OF CIVIL RIGHTS

As discussed in the introduction above, In addition, although the December 15, 2005 Order dismissed the Civil Rights claims made pursuant to 42 U.S.C. §1983 against this Defendant, the First Amended Complaint alleges claims under 42 U.S.C. §1983 against "Defendants" [See Paragraph 94 of First Amended Complaint]. Then, the First Amended Complaint goes on to allege that plaintiff is entitled to recover punitive damages against "Defendants GK, KUROKAWA, MAGOTA, and GIMA." [See Paragraph 96 of First Amended Complaint]

To the extent that these allegations of the First Amended Complaint are not inadvertent, and are intended to re-allege claims that were previously dismissed against this Defendant, they should be dismissed again.

11

Furthermore, to the extent that these allegations are intended to allege new claims or new allegations of 42 U.S.C. §1983 claims against GK APPRAISALS, they should be dismissed because Count I of the First Amended Complaint does not cure any of the defects as to a §1983 claim against GK APPRAISALS described on pages 25-28 of the December 15, 2005 Order dismissing these very claims against GK APPRAISALS.

IV.    CONCLUSION:

Under these circumstances, and based on the foregoing reasons and authorities, it is respectfully submitted that GK APPRAISALS, Inc.'s Motion For Partial Summary Judgment should be granted as to all claims against it.

DATED:  HONOLULU, HAWAII,    SEPTEMBER 12, 2006.

KEVIN P. H. SUMIDA
ANTHONY L. WONG
Attorneys for Defendant
GK APPRAISALS, INC.