IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>            Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>            Defendants. | CIVIL NO. CV04 00108 KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.    INTRODUCTION

This Defendant, by and through its attorneys, seek an order from the court barring, in limine, the introduction of any and all evidence by plaintiff PHILIP E. ENGLISH ("plaintiff") concerning hearsay testimony, regarding believed opinions and anticipated testimony of other witnesses.

II. DISCUSSION

   A. Plaintiff Testimony Includes Hearsay

Plaintiff's testimony that was provided during his deposition included testimony that constitutes hearsay. See deposition transcript attached as Exhibit "A". For example, Plaintiff claimed that Chris Graff will testify that Mr. Graff completed work for GK Appraisal on City time. Plaintiff testified as follows:

> Page 138
> Q. Over what period of time was this that you had observed the activity of Chris doing write-ups on his computer, and David Matsunami coming in exchanging envelopes before you had your first conversation with Chris Graff as to what he was doing?
>
> Page 139
> A. I can't give you specific amounts of time. But I can tell you it may have been a couple of months. And when I went to Chris' desk it wasn't actually to talk to hims about doing any particular activity. We may have had another conversation which then, you know, kind of changed and he was telling me about what he was doing.
>
> . .
>
> Page 142
>
> Q. As you indicated you, you end up taling to Chris Graff about his outside city work, correct?
>
> A. Yes.
>
> . . .
>
> Page 144
>
> Q. What was his response?

> A. His response to me was that he could do this type of work because Gary and David and Chris or Gary, they had worked out this scheme whereby the appraisal assignments that would ocme to GK Appraisal, that Gary in turn would assign them to David Magota who would in turn assign work to Chris Graff. And because of that, there was not direct connection between Chris Graff and Gary Kurokawa and that somehow made it all okay.

In another example, Plaintiff provided further hearsay testimony with respect to Kevin Mulligen, as follows:

> I asked Kevin Mulligen why were they bringing these things up agains and wasn't it resolved and Kevin said something isn't right and it appears to him that the retaliation may be city wide . . .
> See Exhibit "B".

Plaintiff's testimony, as stated below, is clearly prejudicial, beyond his perception, and inadmissible hearsay. Any testimony regarding what Mr. Graff, Mr. Mulligen or any other witness should say is hearsay, and should be precluded.

B. <u>Plaintiff's Speculation As To A Witness'sTestimony Is Prejudicial</u>

Federal Rule of Evidence 402 states that relevant evidence is generally admissble, as follows:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Federal Rule of Evidence 403 states that the next step in determining admissiblily is to determine if the probative value of the evidence is substantially outweighed by prejudice and other concerns, as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

It is clear that hearsay is the type of testimony that should be precluded based on Rule 403.

### C. Plaintiff's Opinion As To Another Witness's Testimony Is Beyond His Perception

Federal Rule of Evidence 701 states in pertinent part the requirements for a lay person to testify:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Indeed, any testimony about what another person knows, heard, or saw does not constitute a perception of the person testifying. Plaintiff's hearsay violates Rule 701.

### D. Plaintiff's Testimony Is Hearsay

Federal Rule of Evidence 801(c) states in pertinent part the definition for hearsay:

> "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

Federal Rule of Evidence 802 states in pertinent part that hearsay is inadmissible evidence:

> Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

In the instant case, the above referenced statements of what Mr. Graff and Mr. Mulligen are going to say is clearly in admissible hearsay. Orr v. Bank of America, NT & SA, 285 F.3d 764, 778 (9th Cir. 2002).

III. CONCLUSION

Based on the foregoing, Plaintiff should be precluded from giving any testimony that is hearsay. This Defendant respectfully requests that the District Court GRANT the instant Motion in Limine on Hearsay.

DATED: HONOLULU, HAWAII,     Sept. 12, 2006

KEVIN P. H. SUMIDA
ANTHONY L. WONG
Attorneys for Defendant
GK APPRAISALS, INC