00002303.WPD
KAWASHIMA LORUSSO & TOM LLP

JAMES KAWASHIMA        #1145-0
RANDALL Y. YAMAMOTO    #3274-0
BRIAN Y. HIYANE        #6045-0
CARTER K. SIU          #7313-0
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Telephone:      (808)275-0325
Facsimile:      (808)275-0399
Email Address: ryamamoto@kltlaw.com

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA, ROBERT O. MAGOTA,
and ANN C. GIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT STATE OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>        Defendants. | CIVIL NO. CV04-00108 KSC<br><br>**NOTICE OF HEARING MOTION; DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MOTION TO STRIKE PLAINTIFF'S FIRST AMENDMENT TO PLAINTIFF PHILIP E. ENGLISH'S FIRST AMENDED PRETRIAL STATEMENT AND FOR SANCTIONS; DECLARATION OF CARTER K. SIU; EXHIBITS "A" - "B"; CERTIFICATE OF SERVICE**<br><br>HEARING:<br><br>DATE: _____<br>TIME: _____<br>JUDGE: Hon. Kevin S.C. Chang<br>Trial Date: October 3, 2006 |

## NOTICE OF HEARING MOTION

To:  ROGER S. MOSELEY, ESQ.
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Attorney for Plaintiff
PHILIP E. ENGLISH

KEVIN P.H. SUMIDA, ESQ.
ANTHONY L. WONG, ESQ.
735 Bishop Street; Suite 411
Honolulu, Hawaii 96813
Attorneys for Defendant
GK APPRAISALS, INC.

NOTICE IS HEREBY GIVEN that **DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MOTION TO STRIKE PLAINTIFF'S FIRST AMENDMENT TO PLAINTIFF PHILIP E. ENGLISH'S FIRST AMENDED PRETRIAL STATEMENT AND FOR SANCTIONS** shall come on for hearing before the Honorable Kevin S.C. Chang, Judge of the above-entitled Court, in his courtroom, Prince Kuhio Federal Building, 300 Ala Moana Boulevard, at _____.m. on _____, or as soon thereafter as counsel may be heard.

DATED: Honolulu, Hawaii, September 12, 2006

_____
JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT STATE OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>      Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF HONOLULU;<br>GARY T. KUROKAWA; ROBERT O.<br>MAGOTA; ANN C. GIMA; and GK<br>APPRAISALS, INC.; JOHN DOES<br>1-10; JANE DOES 1-10; DOE<br>PARTNERSHIPS; DOE<br>CORPORATIONS 1-10; AND DOE<br>ENTITIES 1-10,<br><br>      Defendants. | CIVIL NO. CV04-00108 KSC<br><br>**DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MOTION TO STRIKE PLAINTIFF'S FIRST AMENDMENT TO PLAINTIFF PHILIP E. ENGLISH'S FIRST AMENDED PRETRIAL STATEMENT AND FOR SANCTIONS** |

**DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MOTION TO STRIKE PLAINTIFF'S FIRST AMENDMENT TO PLAINTIFF PHILIP E. ENGLISH'S <u>FIRST AMENDED PRETRIAL STATEMENT AND FOR SANCTIONS</u>**

      Come now Defendants Defendants CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA, (collectively "Defendants City") by and through their attorneys, KAWASHIMA LORUSSO & TOM LLP, and hereby moves this Honorable Court for an Order striking Plaintiff's First Amendment to Plaintiff Philip E. English's First Amended Pretrial Statement, including the identification of Howard Tom Sun as a witness, and for an award of sanctions.

      This motion is made pursuant to Rules 7 and 16(f) of the <u>Federal Rules of Civil Procedure</u>, Rules 401, 402 and 403, <u>Federal Rules of Evidence</u>, and is based upon the memorandum in

support attached hereto, the declaration of counsel, Exhibits "A" - "B," the argument of counsel, and the records and files herein.

DATED: Honolulu, Hawaii, September 12, 2006

_____
JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT STATE OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, | ) CIVIL NO. CV04-00108 KSC |
| Plaintiff, | ) **MEMORANDUM IN SUPPORT OF MOTION** |
| vs. | ) |
| CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION**

I. **RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

On September 13, 2005, and September 14, 2005, CITY Defendants filed motions for partial dismissal, or in the alternative for partial summary judgment.

By order dated December 15, 2005, this Court ruled on the motions, granting judgment on the pleadings to Defendant CITY on Counts I, II, III, V, VII, and XII of the Complaint; granting judgment on the pleadings to Defendants GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA on Counts II, III, and VII (to the extent the NIED claim is asserted against individual Defendants for actions taken in their capacities as employees of Defendant CITY); and granted summary judgment to Defendant GK Appraisals,

Inc. on Counts I, II, III, IV, V, and VIII. Plaintiffs withdrew Count XI as to all defendants. Id.

The December 15, 2005 Order permitted Plaintiff to file an amended complaint in order to reallege his § 1983 claim, which he did on January 12, 2006. In his First Amended Complaint, Plaintiff alleged for the first time that:

- Defendant City has a longstanding pervasive history, custom, practice, and pattern of retaliating against whistleblowers and employees who have engaged in protected speech as evidenced by the multiple whistleblower cases filed against it (see ¶ 94A of the First Amended Complaint);

Since that time, Plaintiff has not identified any witness nor has he reserved the right to subsequently name a witness with respect to any "policy or custom" to retaliate against whistleblowers in any document, including Plaintiff's responses to answers to interrogatories. See Exhibits "A" and "B."

## II. DISCUSSION

### A. The First Amendment to Plaintiff Philip E. English's First Amended Pretrial Statement Is Untimely and Improper, and Warrants the Imposition of Sanctions

On December 28, 2005, the Court issued its Second Amended Rule 16 Scheduling Order, establishing the deadline of August 15, 2006 for the parties to file and serve their respective Final Pretrial Statements. The content of the Final Pretrial Statement is determined by Local Rule 16.6, which

requires the identification of witnesses to be called at trial. See LR 16.6(i).

In the original Pretrial Statement filed by Plaintiff on August 15, 2006, Plaintiff did not identify Howard Tom Sun as a witness; nor did Plaintiff reserve the right to name any additional witnesses.

On or about September 6, 2006, approximately three (3) weeks after the deadline to identify witnesses and after the agreed-upon discovery deadline, Plaintiff submitted a First Amended Pretrial Statement, <u>without leave of Court and without consent and/or stipulation by opposing counsel.</u>  In that untimely and improperly filed document, Plaintiff did not identify Howard Tom Sun as a trial witness.

It was only on September 12, 2006, approximately 2 ½ weeks before trial and eight (8) months <u>after</u> filing his First Amended Complaint, that Plaintiff decided to identify and advise CITY Defendants that Howard Tom Sun would be a trial witness. Plaintiff did so by simply filing a First Amendment to Plaintiff Philip E. English's First Amended Pretrial Statement, <u>without leave of Court and without consent and/or stipulation by opposing counsel.</u>

There are no rules that allow Plaintiff to do what he did.  Rather, if Plaintiff wanted to amend his Pretrial Statement after the Court-imposed deadline of August 15, 2006, he was

required to comply with Rule 16(b), <u>Federal Rules of Civil Procedure</u>, that conditions modification of the Scheduling Order "upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." See <u>Doe v. State of Hawaii, Dept. Of Education</u>, 351 F.Supp.2d 988 (D.Hawaii 2004)(A District Court's Scheduling Order "controls the subsequent course of the action <u>unless modified by the court</u>").

The requirement that a party request leave of court to amend the scheduling order is not something to be lightly disregarded. As the Ninth Circuit cautioned, a scheduling order is "not a frivolous piece of paper idly entered, which can be cavalierly disregarded by counsel without peril [as] [d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 610-611 (9th Cir. 1992).

Here, Plaintiff clearly disregarded the Court's Second Amended Rule 16 Scheduling Order by amending his First Amended Pretrial Statement and identifying a new trial witness after the August 15, 2006 deadline.

Violation of the Scheduling Order is sanctionable conduct pursuant to Rule 16(f) of the <u>Federal Rules of Civil Procedure</u>, which empowers the Court to order, among other things,

that the pleading be stricken, that the evidence by precluded, and for an award of attorneys' fees:

> If a party or party's attorney fails to obey a scheduling or pretrial order....the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.
>
> <u>See</u> Rules 16(b) and 37(b)(2)(B)(C)(D), Federal Rules of Civil Procedure.

Based on the foregoing, CITY Defendants request that Plaintiff's First Amendment to Plaintiff's First Amended Pretrial Statement be stricken, that Plaintiff be precluded from calling Howard Tom Sun as a witness, and that they be awarded its reasonable cost and attorneys' fees for drafting the foregoing motion and other concomitant costs and attorneys' fees.

   B.   <u>**Howard Tom Sun's Testimony Is Inadmissible**</u>

Rule 402, <u>Federal Rules of Evidence</u>, provides that only relevant evidence is admissible:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. <u>Evidence which is not relevant is not admissible</u>.
>
> [Emphasis added.]

"Relevant Evidence" is defined in Rule 401, <u>Federal Rules of Evidence,</u> as "evidence having any tendency to make the existence of <u>any fact that is of consequence to the determination of the action</u> more probable or less probable than it would be without the evidence." [Emphasis added.]

Rule 403, <u>Federal Rules of Evidence</u>, provides that relevant evidence should be excluded if its probative value is outweighed on the grounds of prejudice, confusion, or waste of time:

> Although relevant, <u>evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice</u>, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

[Emphasis added.]

Regardless of the impropriety and untimeliness of Plaintiff's identification of Howard Tom Sun, whatever testimony or evidence he may present at trial is irrelevant and cannot, as a matter of law, establish a custom or policy of retaliation against whistleblowers. As noted in CITY Defendant's Motion for Partial Summary Judgment filed on September 12, 2006 (which CITY Defendants incorporate by reference herein), if there is no official policy, a plaintiff can establish a practice or custom by showing:

> a longstanding practice or custom which constitutes the standard operating procedure of the local government entity. <u>The custom must be so persistent and</u>

> <u>widespread that it constitutes a permanent and well settled city policy. Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.</u>
>
> Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996)(emphasis added).

Howard Tom Sun's expected testimony that he prevailed on a whistleblowers' lawsuit is merely an isolated incident and does not evidence a long standing and pervasive history of retaliating against whistleblowers, either at a City-wide level, or within the Real Property Assessment Division. See Trevino, supra. Therefore, his testimony is irrelevant given the clear holding of Trevino.

Admission of his testimony, in light of the holding of Trevino, would be prejudicial as the jury would be misled into believing that one other instance of retaliation against a whistleblower in another unrelated City department establishes a policy or custom of retaliation in this case. That is simply not the law, and the evidence should therefore be precluded.

## III. CONCLUSION

Based on the foregoing, CITY Defendants request that Plaintiff's First Amendment to Plaintiff's First Amended Pretrial Statement be stricken, that Plaintiff be precluded from calling Howard Tom Sun as a witness, and that they be awarded its

reasonable cost and attorneys' fees for drafting the foregoing motion and other concomitant costs and attorneys' fees.

DATED: Honolulu, Hawaii, September 12, 2006.

_____
JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA