MOSELEY BIEHL TSUGAWA LAU & MUZZI
A Hawaii Limited Liability Law Company
ROGER S. MOSELEY           2060
CHRISTOPHER J. MUZZI       6939
RENEE M. FURUTA            7593
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone:  (808) 531-0490
Facsimile:  (808) 534-0202
Email:  rmoseley@hilaw.us
        cmuzzi@hilaw.us
        rfuruta@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>        Defendants. | Civil No.  04-00108 KSC/KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S MOTION IN LIMINE NO. 1 RE: EXCLUDING EVIDENCE OF SETTLEMENT NEGOTIATIONS; MEMORANDUM IN SUPPORT OF MOTION; CERTIFICATE OF SERVICE<br><br><br>TRIAL:  OCTOBER 3, 2006 |

PLAINTIFF PHILIP E. ENGLISH'S MOTION IN LIMINE NO. 1
RE: EXCLUING EVIDENCE OF SETTLEMENT NEGOTIATIONS

Plaintiff Philip E. English ("Plaintiff"), by and through his attorneys, Moseley Biehl Tsugawa Lau & Muzzi, hereby moves in limine that Defendants City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota, Ann C. Gima and GK Appraisals, Inc. be precluded from mentioning or referring to settlement negotiations between the parties herein.

Dated: Honolulu, Hawaii, September 12, 2006.

/s/ Roger S. Moseley
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>              Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>              Defendants. | Civil No. 04-00108 KSC/KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 1 |

MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 1
===

Evidence of settlement negotiations should be excluded and not presented or discussed or admitted during the trial of this matter pursuant to Rule 408 of the Federal Rules of Evidence (hereinafter "FRE"). Evidence of statements and conduct occurring during the course of settlement discussions is irrelevant to the liability and damages issues to be litigated during the proceedings. Evidence of settlement discussions would also be unduly prejudicial to Plaintiff. This is especially true since none of the defendants has made a single offer of settlement,

except for Defendant GK Appraisals, whose sole settlement offer has been $5,000.00.

Plaintiff has made good faith settlement offers and presently Plaintiff has an offer of settlement outstanding to Defendants, which is less than $2,000,000.

Plaintiff intends to seek in excess of that amount should this case go to trial.

Pursuant to FRE Rule 402, only relevant evidence is admissible during trial. FRE Rule 401 defines relevant evidence as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

FRE Rule 408 provides that evidence regarding settlement negotiations is irrelevant to the issues of Defendants' liability and the amount of damages Plaintiff is entitled to recover. FRE Rule 408 states in relevant part:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

Reference to settlement discussions, negotiations (including mediation sessions with the Hon. Patrick Yim (ret.) and Gerald Sekiya) would only serve to prejudice Plaintiff and raise extraneous matters distracting the triers of fact from

evidence relevant to the liability and damages issues. For the reasons stated herein, Defendants should be precluded from introducing any evidence of settlement negotiations (including but not limited to settlement offers, discussions, and all mediation sessions) during the proceedings herein.

This preclusion would also include any and all communications and references to Plaintiff's various Settlement Offers to the Defendants (separately to Defendant GK Appraisals, Inc., Defendant City and County of Honolulu, Defendant Robert O. Magota, Defendant Ann C. Gima and Defendant Gary T. Kurokawa and subsequent offer on August 22, 2006 transmitted to Mediator Gerald Sekiya, which was in consideration of and to resolve the issues and claims presented herein and thus reasonably and rightly fall under FRE 408.

Dated: Honolulu, Hawaii, September 12, 2006.

/s/ *Roger S. Moseley*
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA

Attorneys for Plaintiff
PHILIP E. ENGLISH