IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>         Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>         Defendants. | Civil No. 04-00108 KSC/KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 2 |

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 2

Defendants have named Corlis Chang as a witness and are attempting to offer testimony of Ms. Chang which is irrelevant or is not based on personal knowledge of such witness and is inadmissible hearsay. Such proffered testimony is prohibited under Rule 602 of the Federal Rules of Evidence (hereinafter "FRE").

Pursuant to FRE Rule 602:

> A witness may not testify as to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.

FRE Rule 602 states the traditional principle barring a witness from testifying as to facts of which he/she has no direct personal knowledge. Additionally, FRE Rule 602 requirement of personal knowledge and FRE Rule 802 hearsay ban are closely related. Witness testimony of information supplied by another person is inadmissible not only because the Declarant lacks the requisite personal knowledge, but this would also be considered inadmissible hearsay under FRE Rules 801 and 802.

FRE Rule 801 defines "hearsay" as:

> a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

FRE Rule 802 goes on further and states that hearsay is not admissible unless provided for by the rules.

Here, Corlis Chang was married to Plaintiff Philip E. English (hereinafter Plaintiff "English") in 1984. Ms. Chang and Plaintiff English were separated in 1998 and their divorce was finalized in 1999. Plaintiff English did not begin his employment with the City and County of Honolulu until June 2000.

Any testimony of Ms. Chang with respect to Plaintiff English with respect to his prior work history, his financial status and her interest with Plaintiff English are irrelevant to the issues in this case - re: weather Plaintiff English suffered

retaliation and other improper actions in the part of Defendants as a result of his complaints about improper activities being conducted at the city.

The essence of this case is that Plaintiff English, is a whistleblower who was subjected to retaliation and work-place discrimination because he complained about certain practices while he was employed, which were occurring at the Assessment Division of the Department of Budget and Fiscal Services of the City and County of Honolulu.  Again, Plaintiff English was not married to Ms. Chang during his entire employment period with the Assessment Division of the Department of Budget and Fiscal Services of the City and County of Honolulu (i.e. between June 2000 and February 2003).

Additionally, pursuant to FRE Rule 402, only relevant evidence is admissible during trial.  FRE Rule 401 defines relevant evidence as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

It appears Defendants seek to offer testimony of Ms. Chang, including testimony about Plaintiff English prior to his employment with the Assessment Division of the Department of Budget and Fiscal Services of the City and County of Honolulu.  This is clearly irrelevant and must be specifically prohibited.  The actions by Defendants against Plaintiff English were done during his employment, i.e. between 2000 and 2003, the period that Ms. Chang and Plaintiff English were no

longer married.  Clearly, she has no personal knowledge of this time period as she was no longer Plaintiff's wife and not living with him when the events took place. Additionally, this testimony has no bearing on the incidents against Plaintiff and the determination of liability of the Defendants.

Moreover, the testimony of Ms. Chang is hearsay and there is no exception to the hearsay rule which would even arguably allow admissibility.  Ms. Chang is being offered to testify to things she was allegedly told by Plaintiff English and/or others about the incidents with the City and County of Honolulu, but for which she plainly has no personal independent knowledge of the underlying facts asserted and was not present while the statement(s) were made and/or actions taken against Plaintiff.  Defendants clearly seek to prove that Plaintiff was in fact not retaliated against and harassed.  This is clearly prohibited by the rules of evidence and therefore should not be allowed at trial.

Furthermore, M. Chang was formerly married to Plaintiff English and does or may harbor ill will towards Plaintiff English and seek even unconsciously to prejudice his case or cast him in an unfavorable light.  Testimony of Ms. Chang under these circumstances, even if arguably relevant, should be excluded under the provisions of FRE Rule 403.

Finally, if Ms. Chang is allowed to testify, she should not be allowed to testify about any of the details of their divorce and further, should be subjected to

complete cross-examination with respect to her prior and/or present representation of the City and County of Honolulu and State Farm Insurance and/or AIG, the insurers involved in this case.

Dated: Honolulu, Hawaii, September 12, 2006

/s/ *Roger S. Moseley*
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA

Attorneys for Plaintiff
PHILIP E. ENGLISH