IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>　　　　　　Defendants. | Civil No. 04-00108 KSC/KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 3 |

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 3

Plaintiff English began to voice criticisms of and complaints about activities in the Assessment Division, which Plaintiff believed did not reflect proper professional practices and/or believed to be illegal activities.

In addition to the professional problems with the Assessment Division, Plaintiff objected to wrongful conduct wherein activity was being conducted on City time and with City equipment for private for-profit business. This activity involved a particular employee of the Assessment Division who was conducting business for GK Appraisals, Inc., a private appraisal company, partially owned, managed and administrated by Gary T. Kurokawa, Head of the Assessment Division.

Plaintiff English witnessed the activity of GK Appraisals, Inc. using City employees to conduct and perform work product for GK Appraisals, Inc. and directed by Gary Kurokawa while on City time and with City equipment.

Plaintiff first reported this activity to his supervisor Ann Gima and to Assessor Robert Magota (in writing). Thereafter, Plaintiff eventually went to the FBI and also Charles Totto of the Ethics Commission.

Plaintiff believes that Defendants City and County of Honolulu, Gary T. Kurokawa, Ann C. Gima, Robert O. Magota and GK Appraisals, Inc. may attempt to introduce evidence and/or testimony alleging that Plaintiff English used City time and City equipment for personal matters. This is completely improper and must be deemed inadmissible.

First, there is no defense asserted by Defendants against Plaintiff that he allegedly used City time and City equipment for personal matters. Any use of City equipment or time by Plaintiff is clearly not the issue in this case. The sole issue in this case is whether Plaintiff English was wrongfully retaliated against, by Defendants, for submitting his proper complaints.

Secondly, there is a distinction made by the Office of the Managing Director, City and County of Honolulu regarding reporting of suspected fraud. See Exhibit A. The directive provides guidance to City personnel on reporting suspected fraudulent activity. It states that:

> "The use of City equipment, supplies or facilities for individual gain is prohibited."

Here, there is no evidence that Plaintiff used City equipment, supplies or facilities for his individual gain. Also, no one reported any alleged improper fraudulent activity by Plaintiff while he was employed with the Assessment Division. As Plaintiff did not use City time or equipment for his personal gain, Plaintiff did not commit any fraudulent activity as defined by the Office of the Managing Director, City and County of Honolulu. Any such testimony, evidence or argument can serve no purpose other than to inflame and mislead the jury in an impermissible way. See Federal Rules of Evidence (hereinafter "FRE) Rules 402, 403 and 404. Furthermore such testimony, evidence or argument is also not proper for the purpose of impeachment or determining the credibility of Plaintiff. Pursuant to FRE Rule 608, specific instances of conduct of a witness, for the purpose of attacking or supporting credibility other than conviction of a crime may not be proved by extrinsic evidence.

Dated: Honolulu, Hawaii, September 12, 2006.

/s/ *Roger S. Moseley*
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA

Attorneys for Plaintiff
PHILIP E. ENGLISH