IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>             Plaintiff,<br><br>   vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>             Defendants. | Civil No. 04-00108 KSC/KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 4 |

<u>MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 4</u>

It is Plaintiff's understanding that Defendants City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota, Ann C. Gima and GK Appraisals, Inc. intend to introduce testimony and evidence of Plaintiff English's income earned prior to his employment with the City and County of Honolulu, Assessment Division. This testimony and evidence should be determined inadmissible insofar as it is irrelevant, immaterial and inconsequential to the issues herein.

The damages asserted (lost wages claim) is calculated based upon the income and earnings of Plaintiff at the time he was working for the City and

County of Honolulu, Assessment Division. As indicated by Thomas Ueno, CPA, the calculation of back pay begins from the date of Plaintiff's departure from the City and County of Honolulu, Assessment Division, i.e. February 28, 2003, looking at the salary schedule of Bargaining Unit 13 effective July 1, 2002. The damages calculation also included the value of benefits and income Plaintiff English will lose from this period forward. Plaintiff English's prior income from past employment is irrelevant and has no bearing on the issue of damages.

Also, Defendants may attempt to introduce evidence and testimony of Plaintiff English's past income to suggest that Plaintiff committed some type of criminal or other improper activity. Such testimony, evidence or argument can serve no purpose other than to inflame and mislead the jury in an impermissible way. See Federal Rules of Evidence (hereinafter "FRE) Rules 402, 403 and 404. Furthermore such testimony, evidence or argument is also not proper for the purpose of impeachment or determining the credibility of Plaintiff. Pursuant to FRE Rule 608, specific instances of conduct of a witness, for the purpose of attacking or supporting credibility other than conviction of a crime may not be proved by extrinsic evidence.

Plaintiff respectfully requests this Court not allow Defendants to introduce any evidence or testimony regarding Plaintiff's income prior to his employment with the City and County of Honolulu, Assessment Division.

Dated: Honolulu, Hawaii September 12, 2006.

*/s/ Roger S. Moseley*
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA

Attorneys for Plaintiff
PHILIP E. ENGLISH