IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>            Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>            Defendants. | Civil No. 04-00108 KSC/KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 6 |

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 6

Plaintiff submitted an employment application with the City and County of Honolulu around April or May 1999. Thereafter, Plaintiff was interviewed by the City and County of Honolulu, Assessment Division, with three individuals present, i.e., Roy Amemiya, Eileen Tengan and Chris (last name unknown). Then, because the Administrator position was filled, Plaintiff received a call from Eileen Tengan asking Plaintiff to interview for the assessor's positions. There was an interview with Gary Kurokawa for this position. During the interview process, questions were posed to Plaintiff English regarding prior difficult events such as his divorce

and surgery and his employment background. Plaintiff English was hired by the City and County of Honolulu with his date of employment being June 1, 2000.

Defendants City and County of Honolulu, Gary T. Kurokawa, Ann C. Gima, Robert O. Magota and GK Appraisals, Inc. may attempt to introduce evidence and/or testimony suggesting that Plaintiff made omissions or misstatements on his employment application with the City and County of Honolulu and now proffers that Plaintiff English would not have been hired had he not done so. This is completely inappropriate and must be deemed inadmissible. Defendants are making a factual assumption and rely on retrospective fiction which is inconsistent with the undisputed fact that the City and County of Honolulu hired Plaintiff English and he held an appraiser position from June 2000 through February 2003. Defendants cannot now attempt to escape their obligations by asserting that Plaintiff should not have been hired in the first place.

Defendants' intent is clear, the purpose of this evidence is merely to portray Plaintiff as a "bad person" which such testimony, evidence or argument can serve no purpose other than to inflame and mislead the jury in an impermissible way. Federal Rule of Evidence (hereinafter "FRE") Rules 403 and 404.

The admissibility of such evidence is within the Court's discretion to balance the relevance of prior conduct with the events herein. The danger that Plaintiff will be unduly and unfairly prejudiced such that the verdict may be

improperly affected because of juror scorn and hostility must be considered. FRE Rule 611 states that the Court shall protect witnesses from harassment or undue embarrassment.

It is undisputed that Plaintiff did not obtain his employment based on any alleged intentional omission or misstatement on his employment application to the City and County of Honolulu. Plaintiff wrote his previous jobs and experience relevant to the position he was seeking and expanded on the information contained in his application during the interview process. Thereafter, the City and County of Honolulu hired Plaintiff. The omitted or misstatement of information does not go to the heart of Plaintiff's claims for relief. See <u>Aguilera-Cota v. INS</u>, 914 F.2d 1375 (9th Cir. 1990)(the court said that failure to file an application form that was as complete as might be desired cannot, without more, properly serve as a basis for a finding of lack of credibility.). See also <u>Qualls v. Atchison, Topeka & Santa Fe R. Co.</u>, 112 Cal. App. 7, 296 P. 645 (1931)(misrepresentations as to past employment record held "immaterial"). The application form itself contains a certification by the applicant that: "I agree and understand that any misstatements or omissions of material facts may cause forfeiture on my part of all rights to any employment in the service of the City and County of Honolulu". This would fairly lead any applicant to believe that failure to disclose temporary employment at City Mill or selling vacuum cleaners, and the like, would not be material.

For all the foregoing reasons, Plaintiff respectfully requests that all evidence and testimony regarding any alleged omission and/or misrepresentation as to Plaintiff's employment application with the City and County of Honolulu be deemed inadmissible.

Dated: Honolulu, Hawaii September 12, 2006.

/s/ *Roger S. Moseley*
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA

Attorneys for Plaintiff
PHILIP E. ENGLISH