IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>　　　　　Defendants. | Civil No. 04-00108 KSC/KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 7 |

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 7

Suzanne Foumai appeared for her oral deposition in this matter on August 4, 2006, which commenced at 1:48 p.m. See Exhibit A. Present at the oral deposition was Roger S. Moseley, counsel for Plaintiff, Anthony L. Wong, counsel for GK Appraisals, Inc. and Michael L. Lorusso, counsel for the City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota and Ann C. Gima. See Exhibit A.

At the beginning of the oral deposition, questions were posed to Ms. Foumai regarding her legal representation.

Q: Is Mr. Lorusso your attorney today?
A: Yes.
Q: Have you retained Mr. Lorusso as your attorney?
A: The day I was served.
Q: And you have an attorney- client relationship with Mr. Lorusso?
A: Yes.
Q: And that was formed on the day you were served with the subpoena?
A: Yes.
Q: Have you met with Mr. Lorusso before your deposition today?
A: Yes, today.
Q: You met today?
A: Uh-huh.
Q: Is that the only time that you've met with him?
A: Today was the only day.
Q: The only time you've met with him?
A: Yeah.
Q: And how long did you meet with him today?
A: About half an hour.
Q: About half an hour. Immediately before the deposition today?
A: Yes.
Q: And did you discuss your testimony with Mr. Lorusso?
MR. LORUSSO: Let me object to the extent that it calls for attorney-client privilege. Any communications or things that we talked about, I'll instruct you not to answer.
Q: Okay, I'm asking you if you talked about your testimony, not what you talked about, not the specifics of the conversation.
MR. LORUSSO: Same objection. You can answer if you understand the question.

See Exhibit A – pages 8-9.

Q: Did you discuss your testimony today with Mr. Lorusso?
A: Yes.
Q: And did you spend the whole half an hour discussing your testimony?
MR. LORUSSO: I'm going to object. Vague and ambiguous,

>and to the extent that it calls for attorney-client privilege. Go ahead. You can answer if you understand. If you understand the question.
>
>. . .
>
>THE WITNESS: Yes.

See Exhibit A – pages 10-11.

In this matter, Mr. Lorusso is counsel for both Ms. Foumai and the City and County of Honolulu, as asserted by both Mr. Lorusso and Ms. Foumai.

During her oral deposition, Ms. Foumai testified that she took personnel records of Plaintiff English to her home, kept them in her personal possession, claiming it was for her own "protection". See Exhibit A. It is clear that Ms. Foumai had no authority to make such copies or to take them from the City and County of Honolulu Assessment Division's files. Further, Plaintiff's counsel advised Ms. Foumai's counsel of Plaintiff's intent to oppose the assertion of the Fifth Amendment by Ms. Foumai at trial. See Exhibit B.

As Ms. Foumai voluntarily testified to this matter and did not assert (nor did her counsel assert) the Fifth Amendment protection, Ms. Foumai waived her right and should be prohibited from asserting it at trial.

Both Mr. Lorusso and Ms. Foumai assert that Ms. Foumai was represented by counsel at her oral deposition. Furthermore, Mr. Lorusso permitted the testimony of Ms. Foumai in this matter, without any objection, that she took City and County of Honolulu personnel records of Plaintiff to her personal home for her

personal use in violation of the city's own rules regarding confidentiality of records and HRS Chapter 92. Failure to object constitutes waiver of the right. See generally Yakus v. United States, 321 U.S. 414 (1944)(no procedural principal is more familiar that that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right.). Clearly, Ms. Foumai, who was represented by counsel, knowingly waived any Fifth Amendment right by voluntarily and freely testifying at her oral deposition.

Based on the totality of circumstances herein, Ms. Foumai's waiver of the Fifth Amendment was knowingly and intelligently and made under the representation of counsel who had reasonable opportunity to object based on the Fifth Amendment. No instructions were given to Ms. Foumai not to answer and no objections were posed, as counsel allowed and Ms. Foumai proceeded to freely answer all questions posed to her regarding her taking of City and County personnel records for her personal use and possession. Accordingly, Ms. Foumai voluntarily waived by disclosure any Fifth Amendment right and must be prohibited from asserting the Fifth Amendment at trial.

Dated: Honolulu, Hawaii, September 12, 2006.

                               /s/ Roger S. Moseley
                               ROGER S. MOSELEY
                               CHRISTOPHER J. MUZZI
                               RENEE M. FURUTA
                               Attorneys for Plaintiff
                               PHILIP E. ENGLISH