IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>          Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>          Defendants. | Civil No. 04-00108 KSC/KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 5 |

MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 5

On November 4, 2006, Dirk von Guenthner submitted his "final report" regarding Philip E. English. See Exhibit A. The conclusions and opinions of Mr. von Guenthner must be deemed inadmissible insofar as (i) he is not qualified as an expert to render opinions on ethical issues and (ii) the opinions and testimony of Mr. von Guenthner are inadmissible pursuant to Federal Rules of Evidence.

    I.    <u>Dirk von Guenthner lacks the level of "expertise".</u>

First, Mr. von Guenthner purports to conclude that "this case stands out particularly in the areas of ethical issues". See Exhibit A. There is no indication of Dirk von Guenthner's level of "expertise" in the area of "ethics" and his final

report is replete with citations of factual inaccuracies. Pursuant to Rule 702 of the Federal Rules of Evidence (hereinafter "FRE"), an expert witness is qualified by knowledge, skill, experience, training, or education. Based upon Mr. von Guenthner's Curriculum Vitae, it is clear that his background and training is in "accounting" and not in the area of "ethics". See Exhibit A. As noted in the comments to Federal Rules of Evidence Rule 702:

> Another problem that concerns Courts is where a witness is undeniably an expert in one area, but goes beyond his known subject matter to other specialized areas outside his expertise. Designation as an "expert" is not a license to unconstrained testimony on all scientific, technical, and other specialized matters.

Accordingly, any testimony by Mr. von Guenthner regarding "ethical issues" is inadmissible. The qualifications of an expert are relevant not only to the requirement of FRE Rule 702 mandating experts be "qualified" but also to the reliability prong.

    II.    The opinions and testimony of Dirk von Guenthner is inadmissible pursuant to Federal Rules of Evidence Rule 702.

FRE Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . .

the Advisory Committee's Note to FRE 702 recommends, as the test for

admissibility:

> whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in dispute.

### A. Dirk von Guenthner's opinion does not relate to specialized knowledge and improperly invades the province of the jury.

FRE Rule 702 requires that the expert possess some specialized knowledge, skill, or education that is not in the possession of the jurors. Without such specialized qualifications, it is difficult to see how anyone could be helpful to the jury, which is the fundamental requirement for qualifying as an expert. See commentary to FRE Rule 702. See also Greenawalt v. Sun City West Fire District, 23 Fed. Appx. 650 (9th Cir. 2001)(court held that expert testimony must be relevant and reliable and must relate to some form of specialized knowledge and may not include speculation and subjective beliefs). To be admissible, the expert's testimony must address an issue beyond the common knowledge of the average layman. See Mukhtar v. California State University, Hayward, 2002 U.S. App. LEXIS 27934 (2002).

Here, the opinions and testimony of Mr. von Guenthner simply offers assumptions and ultimate conclusions as to evidence herein. There is simply nothing special about the opinions offered by Mr. von Guenthner that requires an "expert" to opine on.

B. <u>Dirk von Guenthner's opinion does not assist the trier of fact.</u>

FRE 702 mandates that the expert be qualified and may testify in the form of an opinion or otherwise only if such testimony would assist the trier of fact to understand the evidence or determine a factual issue. <u>United States v. Arenal</u>, 768 F.2d 263 (8th Cir. 1985). The test for admissibility is whether the jury will receive "appreciable help." <u>United States v. Gwaltney</u>, 790 f.2d 1378, 1381 (9th Cir. 1986), cert. denied, 479 U.S. 1104 (1987). Expert testimony on a witness' credibility is inadmissible because it invades the province of the jury to determine who is telling the truth. <u>State v. Batangan</u>, 71 Haw. 552, 556-57, 799 P.2d 48, 51 (1990); <u>State v. Klafta</u>, 73 Haw. 109, 117, 831 P.2d 512, 517 (1992). The jury must decide a witness' credibility. <u>United States v. Binder</u>, 769 F.2d 595, 602 (9th Cir. 1985). Expert testimony should not "invade the province of the jury." <u>Id</u>. Many Courts deem opinion testimony by experts concerning witness' character for veracity as inadmissible. See e.g. <u>United States v. Barnard</u>, 490 F.2d 907 (1973), cert. denied., 416 U.S. 959 (1974); <u>United States v. Pacelli</u> (521 F.2d 135 (1975), cert. denied, 424 U.S. 911 (1976).

Here, Mr. von Guenthner attempts to offer testimony as to factual matters and attempts to offer testimony evaluating the credibility and testimony of Plaintiff English. These are improper opinions and testimony of an expert witness and must be deemed inadmissible. There is no "expertise" required herein and the jury is

free and capable to decide upon the evidence for themselves. Mr. von Guenthner essentially attempts to use his purported status as an "expert witness" to influence the jury and will try to inundate jurors with what he believes to be factually correct.

Mr. von Guenthner's testimony improperly addresses matters within the understanding of the average juror and does not assist the jury in any matter. It is their "job" and the jury is capable of making its own conclusions of factual issues.

    III.    Testimony and opinions of Dirk von Guenthner must be deemed inadmissible pursuant to Federal Rules of Evidence Rule 403.

FRE Rule 403 states;

> Although relevant, evidence **may be excluded** if its probative value is substantially outweighed by the **danger of unfair prejudice**, confusion of the issues, **or misleading the jury**, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
> (emphasis added)

Here, it is clear that Mr. von Guenthner is attempting to mislead the jury into taking his opinions and testimony as "truth" when it is merely his subjective opinion as to factual issues herein. The danger of prejudice to Plaintiff is very high considering the fact that jurors will more likely give greater weight to an expert opinion's on various issues. Arguably, if this Court deems Mr. von Guenthner's opinion as relevant, the Court should still exclude this evidence because its probative value is definitely outweighed by the danger of unfair prejudice to

Plaintiff and will most likely mislead the jury. Von Guenthner's testimony and opinion is serving nothing more than bolstering the position of Defendants and discrediting Plaintiff. Nothing meaningful is being presented.

Finally Mr. von Guenthner suggests by his opinion that if the City had focused on Plaintiff's mental health issues the years preceding taking the job", the City may not have employed Mr. English. What Mr. von Guenthner suggests would arguably be a clear violation of the Americans with Disability Act. 42 USC § 12102(2) and 12112(a). To offer "expert" testimony to the effect that the City was, by some omission of Plaintiff, prevented from obtaining some advantage by violation of law is completely and absolutely improper because it suggests that the City could legally have denied Plaintiff employment on the basis that his "history of psychological problems" could be "coming back into play at the workplace".

For all the foregoing reasons, Plaintiff respectfully requests this Court exclude and prevent any and all testimony and opinions of Dirk von Guenthner from being admitted.

Dated: Honolulu, Hawaii, September 12, 2006.

/s/ Roger S. Moseley
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA

Attorneys for Plaintiff
PHILIP E. ENGLISH