IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>              Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>              Defendants. | Civil No.  04-00108 KSC/KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 8 |

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 8

Plaintiff English, is a whistleblower who was subjected to retaliation because he complained about certain practices, which were occurring at the Assessment Division of the Department of Budget and Fiscal Services of the City and County of Honolulu (hereinafter "City").  Plaintiff English was a licensed real estate appraiser in the employment of the City, Real Property Assessment Division. One of Plaintiff English's complaints was that a co-employee of his was doing work for a private appraisal company on City time and with City equipment.  The head of the Assessment Division, Defendant Gary Kurokawa, was a substantial

shareholder, a director, and an officer of the private appraisal company in question, Defendant GK Appraisals.

By August 2002, Plaintiff was experiencing further retaliation and continued to observe outside work being done on City time and using City equipment. Plaintiff English contacted Roger S. Moseley for th general purpose of obtaining contact information for the U.S. Attorney and/or the FBI. Plaintiff thereafter contacted the FBI, and Roger S. Moseley was not involved in that contact.

In late 2002, on or about December 2, 2002, Roger S. Moseley was again contacted by Plaintiff. Roger S. Moseley arranged for documents to be transmitted to the Ethics Commission for Plaintiff. Thereafter, pursuant to a request from the Ethics Commission, a meeting was held and a formal complaint was filed. (See Exhibit A for a disclosure of the general nature of ¶'s retention of Roger S. Moseley as his attorney).

After Plaintiff English complained to the FBI and the Ethics Commission of the City and County of Honolulu, the City, its employees and GK Appraisals (remembering that the head of the Assessment Division, was also an officer, director and shareholder of Defendant GK Appraisals) retaliated against Plaintiff English in all of the traditional ways that whistleblowers are punished. Plaintiff English has, for example been labeled a "troublemaker", accused of being a "back stabber", and accused of having preexisting mental and emotional problems – even

to the extent of likening him to the Xerox murderer Byron Uesugi. One of his superiors called Plaintiff English a "Wacko" at a meeting of his fellow employees.

The retaliation was so vigorous and pervasive that Plaintiff English eventually required medical help. Within approximately two months after Plaintiff English first went to the Ethics Commission, his doctors advised him not to go to work again, because of the state of his physical and emotional health. Plaintiff English's last day actually at work was February 27, 2003. Thereafter, Plaintiff again retained Roger S. Moseley.

Defendants City and County of Honolulu, Gary T. Kurokawa, Ann C. Gima, Robert O. Magota and GK Appraisals, Inc. may attempt to introduce evidence or testimony implying that the actions between Roger S. Moseley and Plaintiff English are illegal or improper, for the purpose of Roger S. Moseley obtaining favorable considerations and/or testimony in tax appeal cases in which he represented taxpayers. This is completely untrue and there is no basis for such absurd assertions. To allow such testimony and evidence is improper and lacks any foundational basis.

Furthermore, such testimony, evidence or argument would tend to be highly inflammatory and akin to improper character evidence. Federal Rules of Evidence, Rules 402 and 404. Such testimony, evidence or argument is also not proper for

the purpose of impeachment or determining the credibility of any witness as there has been no finding of anyone having acted in "bad faith".

Additionally, this is irrelevant to the issues raised herein, which is the retaliation against Plaintiff by Defendants for his complaints. Even if this issue were relevant, which it is not, it would still be excludable because any probative value would be so heavily outweighed by the danger of unfair prejudice, confusion of the issues or misleading of the jury. Federal Rules of Evidence, Rule 403. Nothing could be further from the truth and it would be highly prejudicial and misleading to the jury for the Court to allow Defendants to even imply that there is some illegality or impropriety between Plaintiff and Mr. Moseley. Federal Rules of Evidence, Rule 403. The jury could easily be confused and misled into believing that there is no liability based upon some impropriety between Plaintiff and his counsel which would unfairly and unjustly affect the verdict.

This testimony, evidence or argument is tantamount to accusations of criminal acts or violation of professional, ethical requirements on the part of Plaintiff and counsel. Such testimony, evidence or argument can serve no purpose

other than to inflame and mislead the jury in an impermissible way. Federal Rules of Evidence, Rules 403 and 404.

Dated: Honolulu, Hawaii September 12, 2006.

/s/Christopher J. Muzzi
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA

Attorneys for Plaintiff
PHILIP E. ENGLISH