## MOSELEY BIEHL TSUGAWA LAU & MUZZI
A Hawaii Limited Liability Law Company

Michael L. Biehl
Alan K. Lau
Roger S. Moseley
Christopher J. Muzzi
Eric H. Tsugawa

ALAKEA CORPORATE TOWER
1100 ALAKEA STREET, 23RD FLOOR
HONOLULU, HAWAII 96813

TELEPHONE: (808) 531-0490
FACSIMILE: (808) 534-0202

Joanna B. K. Fong
Renee M. Furuta

September 11, 2006

Michael A. Lorusso, Esq.
Fort Street Tower
745 Fort Street, 5th Floor
Honolulu, Hawaii 96813

Via Hand Delivery on 9/12/06 and
Email: mlorusso@kltlaw.com on 9/11/06

Anthony L. Wong, Esq.
735 Bishop Street, Ste. 411
Honolulu, Hawaii 96813

Via Hand Delivery on 9/12/06 and
Email: twong@sthawaii.com on 9/11/06

Re:   <u>Philip E. English v. City and County of Honolulu et al</u>. Civil No.: 04-00108
      Representation of Phil English by Roger Moseley

Dear Mr. Lorusso and Mr. Wong,

As Roger Moseley informed you earlier, based upon our research into the issue, we have determined that the dates of representation and the general nature of the representation of Mr. English are not subject to the attorney-client privilege. <u>See</u>, <u>e.g.</u>, <u>Howell v. Jones</u>, 516 F.2d 53 (5th Cir. 1975); 8 C. Wright, A. Miller and R. Marcus, <u>Federal Practice and Procedure</u> § 2017 n.29 (citing cases). Thus, we provide the following information regarding Mr. Moseley's various engagements by Mr. English:

1.   On or about August 14, 2002 Phil English contacted Roger Moseley for the general purpose of obtaining contact information for the Federal Bureau of Investigation and/or the U.S. Attorney. Information was obtained from then Assistant U.S. Attorney Michael Seabright (now a United States District Judge) and transmitted to Mr. English on August 14, 2002. This consultation was pro bono and there was no further representation of Mr. English specifically contemplated. This consultation was also strictly limited to the general purpose above-described and the last involvement of Roger Moseley in this retention occurred on or about August 14, 2002. Between August 14, 2002 and early December 2002 there was no attorney-client relationship, or contemplated attorney-client relationship, between Roger Moseley and Mr. English.

2.   On or about December 2, 2002, Mr. English again contacted Roger Moseley and inquired whether Mr. Moseley could assist him for the general purpose of making a complaint to the Ethics Commission of the City and County of Honolulu. This retention was not immediately accepted and Mr. Moseley communicated with the Office

10010\3\57765.1

**EXHIBIT "A"**

Michael A. Lorusso, Esq.
Anthony L. Wong, Esq.
September 11, 2006
Page 2

of Disciplinary Counsel on December 2, 2002, for the general purpose of reviewing the propriety of such representation. Before the end of December 2002, Roger Moseley contacted the Ethics Commission and set up an appointment for Mr. English with Charles Totto, Executive Director and Legal Counsel of the Ethics Commission, on January 3, 2003. Prior to the January 3, 2003 meeting with Mr. Totto it was agreed that Roger Moseley's representation of Mr. English would again be pro bono and would be strictly limited to the general purpose of assisting Mr. English in making a complaint to the Ethics Commission. Mr. English was assisted in his complaint to the Ethics Commission and in general follow-up matters thought to be related to the filing of the complaint with the Ethics Commission.

3. In June or early July of 2003, Mr. English first sought Roger Moseley's representation of him in a potential whistleblower action against the City and County of Honolulu and various individuals thought to be possibly involved in retaliation against him. On July 31, 2003 Roger Moseley and Mr. English entered into an agreement for this representation, based upon a contingency fee.

4. On or about August 25, 2003 Roger Moseley agreed to represent Mr. English generally with respect to his worker's compensation claim, which he had filed with the City on or about February 28, 2003. This representation was again limited in scope and was based upon a contingency fee.

Mr. English will be permitted to testify to the above facts upon his further deposition.

Thank you very much.

Very truly yours,

Christopher J. Muzzi

CJM\tlc

10010\3\57765.1