DAVID Z. ARAKAWA, 2909
Corporation Counsel
PAUL K. W. AU, 4745
Deputy Corporation Counsel
City and County of Honolulu
Honolulu, Hawaii 96813
Telephone: 523-4274

Attorneys for Employer/
  Self-Insured

STATE OF HAWAII

DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

DISABILITY COMPENSATION DIVISION

| | |
|---|---|
| PHILIP E. ENGLISH, <br> 1741 ALA MOANA BLVD., UNIT 22 <br> HONOLULU, HAWAII  96815 <br><br>            Claimant, <br><br>    vs. <br><br> CITY AND COUNTY OF HONOLULU, <br> DEPARTMENT OF BUDGET AND <br> FISCAL SERVICES, <br><br>           Employer/ <br>           Self-Insured. | CASE NO. 2-03-01887 <br><br> D/A:  1-30-03 <br><br> COMPROMISE, SETTLEMENT AND <br> RELEASE AGREEMENT; APPROVAL <br> AND ORDER |

COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

WHEREAS, on or about February 28, 2003, PHILIP E. ENGLISH

(hereinafter referred to as "Claimant") filed a claim for

workers' compensation benefits under Chapter 386, Hawaii Revised

Statutes (hereinafter referred to as "HRS"), against the CITY AND

COUNTY OF HONOLULU, DEPARTMENT OF BUDGET AND FISCAL SERVICES

(hereinafter referred to as "Employer") for an alleged industrial

27505\2\360256.2

EXHIBIT ___C___

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
<u>COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT</u>

accident on or about January 30, 2003 where he reportedly

sustained a stress-related psychic injury, which is the subject

of Case No. 2-03-01887; and

WHEREAS, on February 28, 2003, Employer filed an Employer's

Report of Industrial Injury denying liability for Claimant's

January 30, 2003 claim of injury; and

WHEREAS, Claimant's average weekly wage at the time of said

claim of injury was $749.54 which determines a weekly benefit

rate of $499.72; and

WHEREAS, various disputes between Claimant and Employer have

arisen relative to the aforementioned claim; and

WHEREAS, in view of the contentions of each party as to

Employer's liability for workers' disability benefits, the

Claimant and Employer are desirous of a settlement at this time;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED TO BY THE

PARTIES HERETO:

1.    Claimant sustained a stress-related psychic injury on

or about January 30, 2003 by accident arising out of and in the

course of his employment with Employer.

2.    Claimant did not sustain any temporary disability

under HRS 386-31(b) as a result of the January 30, 2003 claim of

injury.

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01387
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

3.   Claimant did not sustain any permanent disability as a result of the January 30, 2003 claim of injury.

4.   Claimant did not suffer any disfigurement as a result of the January 30, 2003 claim of injury.

5.   Claimant shall keep, maintain and retain any and all workers' compensation benefits voluntarily paid to, or on behalf of Claimant, by Employer for the January 30, 2003 claim of injury, such payments presently agreed to extend to the period ending January 31, 2004.

6.   In order to terminate and discharge in whole any and all claims, rights and causes of action that Claimant may have under Chapter 386, HRS, whether brought by Claimant and any of Claimant's dependents, heirs, executors, administrators, personal representatives, successors and assigns, for compensation, damages or disabilities, known or unknown, discovered or undiscovered, especially including any temporary partial disability, temporary total disability, permanent partial disability of the whole person, permanent partial disability as set forth in greater detail as scheduled awards in Section 386-32, HRS, permanent total disability, death and disfigurement caused by or arising out of Claimant's employment with Employer, including without limitation the January 30, 2003 claim of injury, the total sum of EIGHTY-FIVE THOUSAND AND NO/ONE-

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

HUNDREDTHS DOLLARS ($85,000.00) shall be remitted to Claimant in

a single lump sum following final approval and filing of this

Compromise, Settlement and Release Agreement by the Disability

Compensation Division, Department of Labor and Industrial

Relations, State of Hawaii.

      7.    The sufficiency of said sum as consideration of this

Agreement is hereby expressly acknowledged by Claimant.  Said

sum further contemplates:

          a.    such waivers as articulated in Paragraph 8 herein;
              and

          b.    the termination on January 31, 2004 of the medical
              care, services and supplies as the nature of the
              January 30, 2003 claim of injury requires as
              articulated in Paragraph 9 herein; and

          c.    Claimant's resignation from employment with
              Employer as articulated in Paragraph 11 herein.

      8.    This Agreement is a compromise settlement entered

into by the parties hereto in good faith, and in accepting the

consideration of payments as set forth in Paragraphs 5 and 6,

and in executing this Agreement, it is specifically agreed and

expressly understood that Claimant for himself and his heirs,

personal representatives, administrators and assigns, hereby

waives, releases and forever discharges and hereby stipulates

to protect, indemnify, defend and forever hold harmless

Employer and its respective directors, officers, employees,

27505\2\360256.2             -4-

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

agents, attorneys, heirs, trustees, administrators, insurers,

indemnitor, personal representatives, successors and assigns

from any and all past, present and future claims, rights,

demands, damages and actions under Chapter 386, HRS, and this

Agreement shall be a complete bar to any and all claims or

reopenings for compensation, injuries, disabilities,

disfigurement, death or damages to Claimant under the Hawaii

Workers' Compensation Law (especially as contemplated in

Section 386-89, HRS), whether known or unknown, discovered or

undiscovered, whether anticipated or not, resulting from or

arising out of or in any way connected with or traceable to the

Claimant's employment with Employer, including without

limitation the January 30, 2003 claim of injury.

9.    Claimant specifically understands and agrees that as

of January 31, 2004, he will be solely and personally

responsible to pay for all medical care, services and supplies

provided by any provider after January 31, 2004, which are due

to the nature of the January 30, 2003 claim of injury, and

Claimant hereby releases Employer and the City and County of

Honolulu from any and all liability therefor, and specifically

agrees to protect, defend, indemnify and hold forever harmless

Employer and the City and County of Honolulu from and against

all liability for such medical payments incurred for all

27505\2\360256.2                    -5-

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

medical care, services and supplies provided by any provider

after January 31, 2004.

    10.  It is expressly understood that the aforementioned

payments in no way constitute an admission of negligence or

fault of any kind whatsoever on the part of Employer but are

paid solely to compromise and settle all disputes with respect

to claims compensable under HRS Chapter 386, for the purpose of

avoiding further litigation risk and expense and that said

payments are the final consideration of this Agreement and that

NO OTHER PAYMENT OR CONSIDERATION HAS BEEN PROMISED OR WILL BE

PAID TO CLAIMANT EITHER DIRECTLY OR INDIRECTLY UNDER THIS

AGREEMENT.

    11.  In further consideration for the agreements of

Employer as set forth herein, Claimant hereby voluntarily

quits, resigns and terminates his employment with Employer,

fully, finally, irrevocably and forever, effective January 31,

2004 and Claimant hereby waives, releases and discharges the

City and County of Honolulu from any and all of the City and

County of Honolulu's obligations pursuant to any collective

bargaining agreement. Claimant further waives any re-employment

and priority placement rights as part of this Agreement.

    12.  It is expressly agreed by the parties that the

determination herein that Claimant sustained a stress-related

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01387
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

psychic injury on or about January 30, 2003 by accident arising

out of and in the course of his employment with Employer is

without prejudice to either party with respect to any future

non-workers' compensation proceedings and the parties are not

precluded from litigating issues regarding the nature, scope

and cause of Claimant's stress and/or psychic injuries in any

nonworkers' compensation proceeding.

    13.  THIS AGREEMENT IS A FULL AND FINAL RELEASE OF THE

CLAIMS COVERED BY THIS AGREEMENT. Except as otherwise provided

herein, no other consideration has been promised, nor will

further consideration be paid, under this Agreement for claims

covered herein, and no representation of fact or opinion has

been made by any party hereto, or by anyone on their behalf, to

induce the endorsement and execution of this Agreement by the

parties hereto.

    14.  This Agreement is made and entered into upon the free

will of and in good faith by the parties with full knowledge of

the facts and possibilities of the case, and this Agreement

contains the full, final and complete release and entire

agreement between the parties for the January 30, 2003 claim of

injury and the terms of this Agreement are contractual in

nature and fully enforceable, and shall not be construed as a

mere recital.

27505\2\360256.2                    -7-

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

15.   Claimant specifically acknowledges and represents he has been advised of, is aware of, and understands all of his legal rights and interests arising out of the January 30, 2003 claim of injury and he has voluntarily and without duress or undue influence entered into this Agreement.

16.   Employer reserves all rights pursuant to Section 386-8 of the Workers' Compensation Law, including but not necessarily limited to its right to assert a lien on any settlement or judgment obtained by Claimant against any third parties, for claims covered by this Agreement, and its right to intervene in any such action.

17.   The parties shall each be responsible for payment of their respective attorneys' fees and costs.

18.   Upon approval of this Agreement, all proceedings before the Department of Labor and Industrial Relations shall be deemed dismissed with prejudice.

DATED: Honolulu, Hawaii, _____January 20, 2004_____.


_____
PHILIP E. ENGLISH

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

STATE OF HAWAII              )
                             )SS.
CITY AND COUNTY OF HONOLULU  )

On this __20th_ day of __January__, 2004 before me appeared
PHILIP E. ENGLISH, to me satisfactorily proven or shown to be the
person identified as___ **CLAIMANT**_____ hereinabove, and
acknowledged that he executed the foregoing Compromise,
Settlement and Release Agreement as his own free act and deed.

Print Name: Kathleen Chrismer
Notary Public, State of Hawaii
My Commission Expires: 5-13-05

```
KATHLEEN CHRISMER
  *   NOTARY PUBLIC   *
     STATE OF HAWAII
```

APPROVED AS TO FORM:

ROGER S. MOSELEY
Attorney for Claimant

CITY AND COUNTY OF HONOLULU

By CHERYL K. OKUMA-SEPE,
   Director Department of Human Resources

APPROVAL RECOMMENDED:

THOMAS VENDETTA, Chief
 Division of Industrial Safety
 and Workers' Compensation
Department of Human Resources,
City and County of Honolulu

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01337
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT


APPROVED AS TO FORM AND LEGALITY:

PAUL K. W. AU
Deputy Corporation Counsel
Attorney for Employer-Appellee


APPROVED AND SO ORDERED
BY THE DIRECTOR OF LABOR
AND INDUSTRIAL RELATIONS

GARY S. HAMADA
Administrator
Disability Compensation Division


27505\2\360256.2                      -10-