IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>        Plaintiff,<br><br>   vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>        Defendants. | ) CIVIL NO. CV04-00108 SOM/KSC<br>)<br>) DEFENDANTS CITY AND COUNTY OF<br>) HONOLULU, GARY T. KUROKAWA,<br>) ROBERT O. MAGOTA, and ANN C.<br>) GIMA'S MOTION FOR PARTIAL<br>) DISMISSAL, OR IN THE<br>) ALTERNATIVE, MOTION FOR PARTIAL<br>) SUMMARY JUDGMENT<br>) |

**DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MOTION FOR PARTIAL DISMISSAL, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

Come now Defendants CITY & COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA (collectively "CITY Defendants"), by and through their attorneys, KAWASHIMA LORUSSO & TOM LLP, and hereby move this Honorable Court for an order granting partial summary judgment on Counts I and VII of the First Amended Complaint, based on the following legal and factual basis:

    1.    There is no evidence that the Real Property Assessment Division had a policy or custom of retaliation against whistleblowers;

    2.    Reference to other lawsuits, in and of itself, does not establish a policy or custom of retaliation against whistleblowers;

3. Defendant MAGOTA was a former whistleblower within the Real Property Assessment Division and was not subjected to retaliation thereafter;

4. There is no evidence that Defendant KUROKAWA was a "final policymaker" regarding personnel decisions;

5. There are no allegations or evidence that either Defendant MAGOTA, Defendant GIMA, or any other Real Property Assessment Division employee was a "final policymaker;"

6. The recent U.S. Supreme Court case of <u>Garcetti v. Ceballos</u>, 126 S.Ct. 1951 (2006) and cases interpreting the decision, have removed First Amendment protection for speech related to a government employee's job duties, including discussions about internal office policies and procedures;

7. Plaintiff signed a Workers' Compensation Settlement, the terms and conditions of which were negotiated by his counsel Roger Moseley, Esq., reflecting his voluntarily resignation;

8. Plaintiff is judicially estopped from taking positions inconsistent with the statements and stipulations agreed upon in the Workers' Compensation Settlement;

9. Plaintiff did not sign the Workers' Compensation Settlement under duress;

10. Plaintiff, by voluntarily resigning and accepting the terms, conditions, and stipulations contained in the Workers' Compensation Settlement, waived his right to receive back and front end wage loss as well as future medical expenses;

11. Plaintiff has waived any claim for retaliatory discharge based on his voluntary resignation and the holding of the recent Hawaii Intermediate Court of Appeals case entitled <u>Wittig v. Allianz, A.G.</u>, ___ P.3d ___, 2006 WL 1731142 (Haw.App. 2006);

12. There is no admissible evidence substantiating Plaintiff's claim of defamation;

13. Hearsay evidence cannot sustain a claim of defamation;

14. Allegedly defamation statements made in connection and in response to a workplace violence investigation are privileged; and

15. The allegedly defamatory phrase "whacko" is non-actionable rhetorical hyperbole.

This motion is made pursuant to Rules 7 and 56 of the Federal Rules of Civil Procedure and Rule 7 of the Local Rules of Practice for the United States District Court for the District of Hawaii, and is based upon the attached memorandum in support of motion, the attached declarations and exhibits, and the record and files herein.

DATED: Honolulu, Hawaii, _____SEP 1 2 2006_____

/s/

JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA