IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, | ) CIVIL NO. CV04-00108 KSC |
| Plaintiff, | ) **MEMORANDUM IN SUPPORT OF MOTION** |
| vs. | ) |
| CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION**

I.  **INTRODUCTION**

This case primarily involves a claim for alleged workplace discrimination and/or retaliation arising out of various incidents that allegedly occurred while Plaintiff was employed by the City and County of Honolulu as a real property tax appraiser. The litany of the alleged events that form the basis of Plaintiff's lawsuit is contained in the forty-nine (49) page First Amended Complaint that was filed on January 12, 2006.

In their defense, the CITY Defendants deny any liability and damages.

DEFENDANTS move this Court for an Order precluding, in limine, any and all evidence regarding DEFENDANTS' insurance and/or tending to suggest that an award against DEFENDANTS will

be paid by insurance. Such evidence has no relevance to the issues to be decided by the trier(s) of fact in this action and will only serve to unfairly prejudice DEFENDANTS. Moreover, any evidence regarding insurance is precluded from admission under Rules 403 and 411, Federal Rules of Evidence.

## II. DISCUSSION

The Federal Rules of Evidence expressly state that evidence of the existence or absence of insurance is not admissible except in very limited and specific circumstances. The Rules provide, in relevant part, as follows:

> Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.

See Fed. R. Evid. 411.

The Commentary to Rule 411 explains that evidence of insurance in most actions is irrelevant and, more importantly, unduly prejudicial to a defendant:

> The courts have with substantial unanimity rejected evidence of liability insurance for the purpose of proving fault, and absence of liability insurance as proof of lack of fault. At best the inference of fault from the fact of insurance coverage is a tenuous one, as is its converse. More important, no doubt, has been the feeling that knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds. The rule

>  is drafted in broad terms so as to include
>  contributory negligence or other fault of a
>  plaintiff as well as fault of a defendant.

See Commentary, Fed. R. Evid. 411.

Given the above, Rule 411 mandates the exclusion of evidence pertaining to insurance at the trial of this action. There is nothing to suggest that evidence of insurance is necessary to show "proof of agency, ownership, or control, or bias or prejudice of a witness" in the facts of this case. The central issue is whether Plaintiff can prove his allegations that DEFENDANTS damaged him, an issue which has no connection with the existence of insurance. Thus, no legitimate inference can be drawn from evidence of insurance, and the only possible effect of introducing such evidence would be to unfairly prejudice DEFENDANTS.

Evidence of insurance is not only prohibited by Rule 411, but it is also prohibited by Rule 403, <u>Federal Rules of Evidence</u>. Rule 403 provides, in relevant part, as follows:

>  Although relevant, evidence may be
>  excluded if its probative value is
>  substantially outweighed by the danger of
>  unfair prejudice, confusion of the issues, or
>  misleading the jury, or by considerations of
>  undue delay, waste of time, or needless
>  presentation of cumulative evidence.

See Fed. R. Evid. 403.

As more fully set forth below, any mention of insurance in this case would unfairly prejudice DEFENDANTS and mislead the jury.

While it is not necessarily anticipated that any party will seek to present direct evidence of insurance before the jury, it is vital that this Court emphasize that the prohibition against the mention of insurance also extends to the manner in which voir dire is conducted.  Voir dire should not be conducted in a manner that would leave the jury with the impression that an insurance company is the true party in interest or that any judgment against DEFENDANTS would be paid by an insurer.

More specifically, the parties should not be permitted to voir dire prospective jurors about their feelings regarding a party's ability to pay a possible judgment or about the existence of any connections between the prospective jurors and any insurance companies.  Such questioning is particularly prejudicial when such questions are asked sequentially.  If a juror is asked whether a party's ability or inability to pay a judgment would affect that juror's decision, and then immediately thereafter that juror is asked whether he/she has any connections with an insurance company, the clear implication is that there is insurance coverage available and an insurer is the real party in interest.  Such questioning is obviously prejudicial to DEFENDANTS, the real party in interest in this case, and therefore must be prohibited.

III. **CONCLUSION**

Based upon the foregoing, DEFENDANTS respectfully request that this Court grant the instant Motion, and that the

Court prohibit any and all mention or reference to the issue of insurance at trial. DEFENDANTS further request that this Court prohibit any questions during voir dire that may lead the jury to speculate as to the existence or amount of insurance coverage available, or as to whether or not any judgement against DEFENDANTS will be paid by an insurer.

DATED: Honolulu, Hawaii, _____SEP 1 2 2006_____.

_____
JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA