IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT STATE OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>    Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF HONOLULU;<br>GARY T. KUROKAWA; ROBERT O.<br>MAGOTA; ANN C. GIMA; and GK<br>APPRAISALS, INC.; JOHN DOES<br>1-10; JANE DOES 1-10; DOE<br>PARTNERSHIPS; DOE<br>CORPORATIONS 1-10; AND DOE<br>ENTITIES 1-10,<br><br>    Defendants. | CIVIL NO. CV04-00108 KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

I.  INTRODUCTION

      This case arises out of an employment action in which the Plaintiff claims that as a result of reporting alleged outside work performed on City time that he was retaliated against. Throughout the course of discovery in this matter, the Plaintiff through his counsel has attempted to elicit testimony with regard to whether City employees used City vehicles on City time for personal errands such as driving to a credit union. Plaintiff has not alleged in his First Amended Complaint that he reported any individual using a City vehicle on City time for

personal errands; that the use of a City vehicle on City time was the cause or at issue in any alleged retaliation or that Defendants Kurokawa, Gima or Magota permitted the use of and/or used a City vehicle on City time for personal errands.

II. ARGUMENT

    A. ANY TESTIMONY REGARDING ANY ALLEGED USE OF A CITY VEHICLE ON CITY TIME FOR PERSONAL ERRANDS SHOULD BE PRECLUDED

Rule 402, Federal Rules of Evidence, provides that only relevant evidence is admissible:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. <u>Evidence which is not relevant is not admissible</u>.

[Emphasis added.]

"Relevant Evidence" is defined in Rule 401, Federal Rules of Evidence, as "evidence having any tendency to make the existence of <u>any fact that is of consequence to the determination of the action</u> more probable or less probable than it would be without the evidence." [Emphasis added.]

Rule 403, Federal Rules of Evidence, provides that relevant evidence should be excluded if its probative value is outweighed on the grounds of prejudice, confusion, or waste of time:

> Although relevant, <u>evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice</u>, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

[Emphasis added.]

In the present action, the Plaintiff has not alleged that he reported any individual using a City vehicle on City time for personal errands; that he was retaliated against for reporting the use of a City vehicle on City time for personal errands or that Defendants Kurokawa, Magota and/or Gima permitted the use of or used on their own behalf a City vehicle on City time for personal errands. If Plaintiff merely seeks to state that individuals used a City vehicle on City time for personal errands without more, than the evidence is irrelevant under Federal Rules of Evidence Rule 401.

If there is any probative value to the introduction of evidence alleging that individuals (not the Defendants) used a City vehicle on City time for personal errands, such probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury pursuant to Federal Rules of Evidence Rule 403. Plaintiff has not alleged that he reported any individual using a City vehicle on City for personal errands or that he was allegedly the subject of retaliation for reporting an individual using a City vehicle on

City time for personal errands. The purpose of any such testimony will only be used to inflame the jury and is prejudicial and should not be permitted.

### III. CONCLUSION

Defendants respectively submits this motion seeking the Court's order that Plaintiff shall be precluded from eliciting any testimony regarding the alleged use of a City vehicle on City time for personal errands.

DATED: Honolulu, Hawaii, _____SEP 1 2 2006_____.

_____
JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA

- 4 -