IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, | ) CIVIL NO. CV04-00108 KSC |
| | ) |
| Plaintiff, | ) **MEMORANDUM IN SUPPORT OF MOTION** |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| CITY AND COUNTY OF HONOLULU; | ) |
| GARY T. KUROKAWA; ROBERT O. | ) |
| MAGOTA; ANN C. GIMA; and GK | ) |
| APPRAISALS, INC.; JOHN DOES | ) |
| 1-10; JANE DOES 1-10; DOE | ) |
| PARTNERSHIPS; DOE CORPORATIONS | ) |
| 1-10; AND DOE ENTITIES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF MOTION

### I.    INTRODUCTION

This case primarily involves a claim for alleged work-place discrimination and/or retaliation arising out of various incidents that allegedly occurred while Plaintiff was employed by the City and County of Honolulu as an appraiser in the Real Property Assessment Division.  The litany of the alleged events that form the basis of Plaintiff's lawsuit is contained in the forty-nine (49) page First Amended Complaint that was filed on January 12, 2006.

It is anticipated that Plaintiff will attempt to introduce or elicit evidence and/or testimony regarding Ethics Commission investigations arising out of his complaint to the Ethics Commission that Christopher Graff was allegedly doing work

for GK Appraisals, using City equipment during City work hours.
Indeed, Plaintiff previously sought the disclosure of the Ethics
Commission investigations in his Motion to Compel Compliance With
Subpoena Issued June 2, 2006.  See, Plaintiff Philip E. English's
Motion to Compel Compliance With Subpoena Issued June 2, 2006,
filed herein on July 5, 2006.

Plaintiff's motion seeking the production of the Ethics
Commission investigations and to compel answers to questions at
oral deposition of the Ethics Commission Executive Director and
Legal Counsel, Charles W. Totto, regarding the specifics of the
Ethics Commission investigations, was denied by this Court's
Order Denying Plaintiff's Motion to Compel, filed September 6,
2006.  See, Exhibit "A".  After completing an *in camera* review of
the documents, this Court specifically found that the information
regarding the Ethics Commission investigation sought by Plaintiff
was protected from disclosure by the attorney-client privilege
and/or attorney work product privilege.  Id.

Consistent with this Court's Order Denying Plaintiff's
Motion to Compel, Plaintiff must be precluded from referencing or
introducing at trial any evidence of any Ethics Commission
investigations.  Not only is such evidence privileged, it
constitutes inadmissible hearsay not within any exception to the
hearsay rule, and would unfairly prejudice City Defendants.
Accordingly, any evidence of any Ethics Commission investigations
must be precluded at trial.

-2-

## II.  ARGUMENT

Any reference to or evidence of any Ethics Commission investigation must be excluded pursuant to this Court's Order Denying Plaintiff's Motion to Compel.

As set forth in detail in the Memorandum in Opposition to Plaintiff Philip E. English's Motion to Compel Compliance With Subpoena Issued June 2, 2006, filed herein on July 18, 2006, the documents and testimony previously sought by Plaintiff from the Ethics Commission and Mr. Totto are protected from disclosure by the attorney-client privilege, the attorney work product privilege, by the statutory confidentiality provisions, and by the deliberative process privilege.  Plaintiff previously served a subpoena duces tecum on Mr. Totto commanding production of:

> Any and all original records, files or
> documents, notes emails and or other material
> including computerized storage material and
> any and all documents of every nature
> pertaining to:  (i) Philip E. English; (ii)
> Gary Kurokawa; (iii) Christopher Graff; (iv)
> Robert Magota; (v) Ann Gima; or (vi) the
> Assessment Division of the City and County of
> Honolulu.

Mr. Totto appeared at his deposition on June 23, 2006, without producing the subpoenaed documents, asserting the attorney-client privilege, attorney work product privilege, the deliberative process privilege, and prohibitions on disclosure of the records of the Ethics Commission contained in Honolulu's ordinances and in the Ethics Commission Rules.

During his deposition, Mr. Totto testified that the

-3-

Ethics Commission investigation into Plaintiff's complaint has not been concluded, see, Transcript of deposition of Charles W. Totto, taken on June 23, 2006, at p. 155, attached hereto as Exhibit "B". Mr. Totto was instructed not to answer questions related to the substance and detail of confidential investigations still pending before the Ethics Commission. Among the questions Mr. Totto was instructed not to answer were the names of witnesses interviewed, whether specific persons, including Christopher Graff, Gary Kurokawa, Ann Gima, and Bob Magota, were interviewed and whether any interviews with such persons, if any, were tape recorded. See, Exhibit "B", at pp. 18-20. Mr. Totto further testified that some of the documents withheld from production contained factual compilations of his investigations. See, Exhibit "B", at p. 39.

Plaintiff thereafter sought to compel the production of documents of the Ethics Commission investigation, and to compel Mr. Totto to answer questions regarding the specifics of said investigations by his Motion to Compel Compliance With Subpoena Issued June 2, 2006. This Court, however, denied the motion, finding in pertinent part, as follows:

> After completing an *in camera* review of the alleged privileged documents in dispute, the Court finds that a basis exists for Mr. Totto to assert the attorney-client privilege and/or the attorney work-product privilege for the aforementioned documents. Thus, the Court need not address Mr. Totto's other bases for asserting that the documents are privileged.

-4-

See, Exhibit "A".

Because this Court has already determined that documents of the Ethics Commission investigations are privileged, any evidence of any Ethics Commission investigation must be precluded at trial. Because Plaintiff has not made any showing sufficient to overcome the privilege, any reference to or evidence of any Ethics Commission investigation would violate this Court's order that such evidence is privileged and not subject to disclosure.

In light of this Court's Order Denying Plaintiff's Motion to Compel, evidence of any Ethics Commission investigation at trial would constitute inadmissible hearsay not subject to any exception to the hearsay rule. Rule 801 of the Federal Rules of Evidence defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Rule 802 of the Federal Rules of Evidence prohibits the use of hearsay statements unless they fall under a recognized exception. There is no exception applicable to evidence of any Ethics Commission investigations, and such evidence therefore is inadmissible.

Evidence of any Ethics Commission investigations is not only privileged and inadmissible hearsay, but should also be excluded pursuant to Rule 403 of the Federal Rules of Evidence, because the minimal probative value of such evidence is

-5-

substantially outweighed by the danger of unfair prejudice to
City Defendants.  Rule 403 provides, in pertinent part, as
follows:

> Although relevant, evidence may be
> excluded if its probative value is
> substantially outweighed by the danger of
> unfair prejudice, confusion of the issues, or
> misleading the jury, or by considerations of
> undue delay, waste of time, or needless
> presentation of cumulative evidence.

Fed. R. Evid. 403.

In the present case, Plaintiff alleges among other
things that he was retaliated against for filing the complaint
with the Ethics Commission.  The issue that must be determined by
the jury, therefore, is whether Plaintiff was subjected to
retaliation, regardless of whether the allegations of his
complaint with the Ethics Commission were true.  The truth or
falsity of the Ethics Commission complaint has no probative value
to any fact at issue in this case.

On the other hand, the danger of unfair prejudice to
City Defendants is substantial if such evidence is not excluded
at trial.  The Advisory Committee Notes to FRE 403 defines
"unfair prejudice" as "an undue tendency to suggest decision on
an improper basis, though not necessarily, an emotional one."  If
evidence of any Ethics Commission investigation is admitted at
trial, there is a very real danger that the jury will improperly
base its decision on liability by the mere fact that an Ethics
Commission complaint was filed against City Defendants even

-6-

though the investigation has not been concluded.  Indeed, as
noted in the Declaration of Charles W. Totto attached to the
Memorandum in Opposition to Plaintiff Philip E. English's Motion
to Compel Compliance With Subpoena Issued June 2, 2006, this is
one of the concerns enunciated by the Ethics Commission as a
reason for keeping its investigative files confidential:

> Confidentiality of the Commission's
> investigative files is also important to
> prevent the disclosure of Commission action
> involving City officers and employees before
> the Commission examines the facts and renders
> an opinion.  **Premature disclosure would be
> unfair and could subject a public official to
> unwarranted censure.**

See, Declaration of Charles W. Totto attached to Memorandum in
Opposition to Plaintiff Philip E. English's Motion to Compel
Compliance With Subpoena Issued June 2, 2006, filed herein on
July 18, 2006, at ¶ 10, a true and correct copy of which is
attached hereto as Exhibit "C" (emphasis added).

        As noted above, the only issue relevant to the claim of
liability asserted in this lawsuit is whether Plaintiff was
subject to retaliation.  Accordingly, any evidence regarding any
Ethics Commission investigations must be precluded at trial.

## III. CONCLUSION

        Based upon the foregoing, Defendants CITY AND COUNTY OF
HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA
respectfully request that this Court grant the instant motion and

enter an Order prohibiting ay introduction of, or any reference

to, any evidence regarding any Ethics Commission investigations.

DATED: Honolulu, Hawaii, _____SEP 1 2 2006_____.

_____
JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA

-8-