IN THE UNITED STATES DISTRICT CIRCUIT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>  Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>  Defendants. | CIVIL NO. 04-00108 |

DEPOSITION OF CHARLES TOTTO

Taken on June 23, 2006, commencing at 9:15 a.m. at the Law Offices of Moseley Biehl Tsugawa Lau & Muzzi, Alakea Corporate Tower, 1100 Alakea Street, 23rd Floor, Honolulu, Hawaii, before Rita King, a Certified Court Reporter in the State of Hawaii.

EXHIBIT "B"

Ralph Rosenberg Court Reporters, Inc.
Ofc: 808.524.2090   Fax: 808.524.2596



```
 1  us.  We have received that document.
 2       Q.    BY MR. MOSELEY:  But that's one of the
 3  documents that -- let me just ask counsel, is that
 4  one of the documents covered by your objection?
 5             MR. NELSON:  Yes.
 6       Q.    BY MR. MOSELEY:  You said there are tapes
 7  of witness interviews; is that correct?
 8       A.    That's correct.
 9       Q.    Can you tell me the names of the
10  witnesses interviewed.
11             MR. NELSON:  Objection; instruct not to
12  answer.
13       Q.    BY MR. MOSELEY:  Can you tell me how many
14  witnesses have been interviewed?
15       A.    About a half dozen.
16       Q.    Was Chris Graff interviewed by you on
17  January 24th, 2003?
18             MR. NELSON:  Objection; instruct not to
19  answer.
20       Q.    BY MR. MOSELEY:  Did you make a tape of a
21  witness interview with Christopher Graff?
22             MR. NELSON:  Objection; instruct not to
23  answer.
24       Q.    BY MR. MOSELEY:  Did you interview Gary
25  Kurokawa in this matter?
```

```
 1            MR. NELSON:  Objection; instruct not to
 2   answer.
 3       Q.   BY MR. MOSELEY:  Did you make a tape of
 4   such an interview?
 5            MR. NELSON:  Objection; instruct not to
 6   answer.
 7       Q.   BY MR. MOSELEY:  When I say you, let me
 8   say that I am referring to you in the generic
 9   sense, not necessarily Chuck Totto, but any
10   assistant or, potentially, Matt Viola.
11       A.   I understand that.
12       Q.   Did you do a witness interview of Ann
13   Gima?
14            MR. NELSON:  Objection; same objection
15   and instruction.
16       Q.   BY MR. MOSELEY:  Did you make a tape of
17   an interview with Ann Gima?
18            MR. NELSON:  Same objection; instruct not
19   to answer.
20       Q.   BY MR. MOSELEY:  Did you interview Bob
21   Magota?
22            MR. NELSON:  Same objection; instruct not
23   to answer.
24       Q.   BY MR. MOSELEY:  Did you make a tape of
25   an interview with Bob Magota?
```

```
 1              MR. NELSON:  Object; instruct not to
 2   answer.
 3              MR. MOSELEY:  Did I already cover Gary
 4   Kurokawa on that?
 5              MR. NELSON:  I think so.
 6        Q.    BY MR. MOSELEY:  Did you interview Phil
 7   English in conjunction with this matter?
 8              MR. NELSON:  Objection; instruct not to
 9   answer.
10        Q.    BY MR. MOSELEY:  Did you make a tape of
11   any interview with Phil English?
12              MR. NELSON:  Object; instruct not to
13   answer.
14        Q.    BY MR. MOSELEY:  Has any decision been
15   rendered in any investigation that you may or may
16   not have been conducting with respect to Phil
17   English's complaints with respect to Gary Kurokawa?
18              MR. NELSON:  Can I confer with Mr. Totto
19   for a moment?
20              MR. MOSELEY:  Sure.
21              (A discussion was held off the record.)
22        Q.    BY MR. MOSELEY:  And the answer is?
23              MR. NELSON:  And the question is?
24              (The requested portion of the record was
25   read.)
```

```
 1  acting Executive Director and legal counsel for the
 2  city Ethics Commission, in April of 2006, and then
 3  in November became the non-acting --
 4       Q.   April of 2000.
 5       A.   2000, excuse me.
 6       Q.   And then in November 2002 you became the
 7  actual permanent -- well, actual official, as
 8  nothing is permanent.
 9       A.   That's right.
10       Q.   Now, you did say that some of the
11  documents you're withholding included witness
12  statements; is that right?
13       A.   There are tapes.
14       Q.   Do some of the documents you're
15  withholding contain names of persons that may
16  potentially have further information about these
17  issues?
18            MR. NELSON:  I'm going to object and
19  instruct not to answer.
20       Q.   BY MR. MOSELEY:  Okay.  Do some of the
21  documents you're withholding contain factual
22  compilations of your investigations?
23       A.   Yes.
24            (A discussion was held off the record.)
25       Q.   BY MR. MOSELEY:  Are you the person at
```

1  criminal investigation.
2      Q.   Can the Ethics Commission prosecute
3  someone criminally?
4      A.   No.
5      Q.   The best you could do is refer to the
6  police department, as you described earlier?
7      A.   That's right.
8      Q.   I'm just going to ask you if the Ethics
9  Commission has concluded its investigation with
10 respect to Phil's complaint, but you're actually
11 not even going to admit that there is an
12 investigation; is that right?
13         MR. NELSON:  Well, I think we did say
14 earlier in the deposition that the investigation
15 hadn't been concluded.
16         MR. MOSELEY:  Hadn't been concluded.
17         MR. NELSON:  Right.
18         THE WITNESS:  It has not been concluded.
19     Q.   BY MR. MOSELEY:  So whatever is there is
20 ongoing; is that right?
21     A.   Right.
22     Q.   Is Phil English the subject of any Ethics
23 Commission investigation?
24     A.   The subject.
25     Q.   You know, I used the word target earlier,

```
 1  STATE OF HAWAII      )
                         ) ss.
 2  COUNTY OF HONOLULU   )

 3

 4        BE IT KNOWN that the foregoing deposition

 5  was taken before me, RITA KING, a Certified

 6  Shorthand Reporter for the State of Hawaii; that

 7  the witness before testifying was duly sworn by me

 8  to testify to the whole truth; that the questions

 9  propounded to the witness and the answers of the

10  witness thereto were taken down by me in shorthand

11  and thereafter reduced to print by computer-aided

12  transcription under my direction; that the witness

13  elected to read and sign; that the foregoing pages

14  are a full, true and accurate transcript of all

15  proceedings and testimony had and adduced upon the

16  taking of said deposition, all done to the best of

17  my skill and ability.

18        I FURTHER CERTIFY that I am in no way

19  related to nor employed by any of the parties

20  hereto nor am I in any way interested in the

21  outcome hereof.

22        DATED at Honolulu, Hawaii, this 26th day of

23  June, 2006.

24                    _____

25                    RITA KING, RPR, CSR No. 373
```