IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, ) | CIVIL NO. CV04-00108 KSC |
| ) | |
| Plaintiff, ) | **MEMORANDUM IN SUPPORT OF MOTION** |
| ) | |
| vs. ) | |
| ) | |
| CITY AND COUNTY OF HONOLULU; ) | |
| GARY T. KUROKAWA; ROBERT O. ) | |
| MAGOTA; ANN C. GIMA; and GK ) | |
| APPRAISALS, INC.; JOHN DOES 1- ) | |
| 10; JANE DOES 1-10; DOE ) | |
| PARTNERSHIPS; DOE CORPORATIONS ) | |
| 1-10; AND DOE ENTITIES 1-10, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION**

I.  **INTRODUCTION**

This case primarily involves a claim for alleged workplace discrimination and/or retaliation arising out of various incidents that allegedly occurred while Plaintiff was employed by the City and County of Honolulu as a real property tax appraiser. The litany of the alleged events that form the basis of Plaintiff's lawsuit is contained in the forty-nine (49) page First Amended Complaint that was filed on January 12, 2006.

In their defense, the CITY Defendants deny any liability and damages.

Plaintiff has identified various witnesses as expert witnesses, and most of thoee witnesses have or will be deposed. DEFENDANTS move this Court for an Order to preclude, in limine, Plaintiff's experts which were not disclosed in answers to

interrogatories, in the expert's report(s), or in the experts' oral depositions. Any new or expanded opinions are prejudicial to DEFENDANTS and contravene Rule 26 of the Federal Rules of Civil Procedure.

Rule 26(2), Federal Rules of Civil Procedure, requires Plaintiff to disclose the identity of any expert witness but also requires discloure of that expert's report; that report "shall contian a complete statement of all opinions to be expressed and the basis and reasons therefor: . . ." See Fed.. R. Civ. P. 26(2)(A) and (B). Rule 26 then further allows for the deposition(s) of such experts.

Although this case is in federal court, the rules regarding discovery and general civil procedure are similar to the Hawaii Rules of Civil Procedure. The Hawaii Supreme Court has repeatedly emphasized that " it is 'abundantly clear that complete and accurate pretrial discovery of expert witnesses is critical to a fair trial, and HRCP 26 is designed to promote candor and fairness in the pretrial discovery process and to eliminate surprises at trial.'" Barcai v. Betwee, M.D., 98 Hawai`i 470, 481, 50 P.3d 946, 957 (2002) (quoting Lee v. Elbaum, 77 Hawai`i 446, 454, 887 P.2d 656, 664 (App. 1993)). To prevent undue prejudice or unfair surprise, the court may and should preclude an expert from testifying to opinions not stated during deposition or in that party's answers to interrogatories. See Barcai v. Betwee, M.D., 98 Hawai`i 470, 481, 50 P.3d 946, 955-56

(2002) (precluding expert from testifying to new opinion because plaintiff did not supplement deposition testimony); Swink v. Cooper, M.D., 77 Hawai`i 209, 213-14, 881 P.2d 1277, 1281-82 (Haw. App. 1994) (precluding expert from testifying to alternative theory of liability that was not disclosed at deposition). See also Radmer v. Ford Motor Co., 813 P.2d 897 (Idaho 1991) (holding trial court committed reversible error when it allowed plaintiff's expert to testify about a new theory of liability at trial where plaintiff failed to supplement expert discovery responses); Hines v. Joy Mfg. Co., 850 F.2d 1146, 1153 (6th Cir. 1988) (holding that striking those portions of the expert's testimony that did not conform to his deposition testimony was not improper); Voegeli v. Lewis, 568 F.2d 89, 96 (8th Cir. 1977) (holding that expert witness may not testify at trial regarding new opinions not disclosed at deposition); Maurio v. Mereck Construction Co., Inc., 394 A.2d 110, 111 (NJ Super. 1978) (confining expert's testimony at trial to matters of opinion reflected in report).

In Swink v. Cooper, 77 Hawai`i 209, 881 P.2d 1277 (App. 1994), the Hawaii ICA held that the trial court did not abuse its discretion in precluding an expert from testifying about an alternative theory of liability that was not revealed during discovery. The plaintiff patient brought a medical malpractice action against her surgeon following eyelid surgery. During deposition, the plaintiff's expert surgeon, Dr. Hughes, opined

3

that the defendant physician violated the standard of care in two ways: (1) he should not have repeated the Fasanella-Servat procedure, and (2) he used poor surgical technique in performing the procedure without the use of clamps.

Prior to trial, the court granted the defendant's motion in limine to prohibit Dr. Hughes from testifying at trial about any new opinions or conclusions which she had not expressed at her deposition.

During trial, defense counsel objected, and the trial court sustained, the direction in which Dr. Hughes' testimony was heading, which appeared to criticize the defendant for selecting the Fasanella-Servat procedure.  In affirming the limitation of Dr. Hughes' testimony, the ICA noted that the plaintiff's attempt to proffer Dr. Hughes' testimony that the defendant violated the standard of care in selecting the Fasanella-Servat procedure was in essence an attempt to introduce an alternative theory of liability at trial.  Because Dr. Hughes testified at her deposition that the defendant had violated the standard of care in only two respects and such testimony was never supplemented to include a third theory of liability, HRCP 26(e)(1)(B) was clearly violated.

Similarly, in Barcai v. Betwee, M.D., 98 Hawai`i 470, 50 P.3d 946 (2002), the plaintiff's expert physician was precluded from testifying at trial about new opinions which had not been revealed at deposition.  The court noted that once the

deposition was completed, HRCP Rule 26(e)(1)(B) imposed upon the plaintiff an affirmative duty to supplement the expert's previous answers if the answers would be different at trial. See 50 P.3d at 956. "The duty to supplement outlined in HRCP Rule 26(e) is an affirmative duty; it cannot be met by offering to have the adverse party undertake a discovery 'fishing expedition' to find possible new opinions." See id. at 957. As such, any expert testimony that went beyond that offered in deposition was precluded.

In the instant case, Plaintiff's expert witnesses should likewise be confined to the opinions provided in their depositions and be precluded from offering any testimony of new opinions or new bases for their opinions, to the extent that no such opinions nor bases were disclosed during their depositions.

Based on the foregoing, it is respectfully requested that this Court issue an order excluding and precluding any opinion testimony by Plaintiff's experts beyond those testified to in their depositions or in their reports.

DATED: Honolulu, Hawaii, ___SEP 1 2 2006___.

_____
JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA