IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT STATE OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>    Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>    Defendants. | CIVIL NO. CV04-00108 KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

I.  INTRODUCTION

    This case arises out of an employment action in which the Plaintiff claims that as a result of reporting alleged outside work performed on City time that he was retaliated against. Throughout the course of discovery in this matter, the Plaintiff through his counsel has attempted to elicit testimony with regard to whether individuals had knowledge of office sports betting pools, specifically basketball and football pools. Plaintiff has not alleged in his First Amended Complaint that he reported any sports betting pools; that any such sports betting pools were the cause or at issue in any alleged retaliation or that Defendants Kurokawa, Gima or Magota participated in any such alleged sports betting pools.

## II. ARGUMENT

### A. ANY TESTIMONY REGARDING ANY ALLEGED SPORTS BETTING POOLS SHOULD BE PRECLUDED

Rule 402, Federal Rules of Evidence, provides that only relevant evidence is admissible:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. <u>Evidence which is not relevant is not admissible</u>.

[Emphasis added.]

"Relevant Evidence" is defined in Rule 401, Federal Rules of Evidence, as "evidence having any tendency to make the existence of <u>any fact that is of consequence to the determination of the action</u> more probable or less probable than it would be without the evidence." [Emphasis added.]

Rule 403, Federal Rules of Evidence, provides that relevant evidence should be excluded if its probative value is outweighed on the grounds of prejudice, confusion, or waste of time:

> Although relevant, <u>evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice</u>, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

[Emphasis added.]

In the present action, the Plaintiff has not alleged that he reported any sports betting pool; that he was retaliated against for reporting a sports betting pool or that Defendants Kurokawa, Magota and/or Gima participated in any such alleged sports betting pool. If Plaintiff merely seek to state that a sports betting pool existed without more, than the evidence is irrelevant under Federal Rules of Evidence Rule 401.

If there is any probative value to the introduction of evidence alleging that individuals (not the Defendants) participated in a sports betting pool, such probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury pursuant to Federal Rules of Evidence Rule 403. Plaintiff has not alleged that he reported any sports betting pool or that he was allegedly the subject of retaliation for reporting a sports betting pool. The purpose of any such testimony will only be used to inflame the jury and is prejudicial and should not be permitted.

/ / /
/ / /
/ / /
/ / /

## III. CONCLUSION

Defendants respectively submits this motion seeking the Court's order that Plaintiff shall be precluded from eliciting any testimony regarding an alleged sports betting pool.

DATED: Honolulu, Hawaii,    SEP 1 2 2006   .

/s/

JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and