IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT STATE OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, | ) CIVIL NO. CV04-00108 KSC |
| Plaintiff, | ) MEMORANDUM IN SUPPORT OF MOTION |
| vs. | ) |
| CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION

I.   INTRODUCTION

This case arises out of an employment action in which the Plaintiff claims that as a result of reporting alleged outside work performed on City time that he was retaliated against. This matter was originally assigned to the Honorable Michael Seabright. Plaintiff's counsel, Roger Moseley, disclosed to the Court that on behalf of Plaintiff he had contacted the U.S. Attorney's Office with regard to the Plaintiff's alleged claims. Mr. Moseley further indicated that he spoke with Judge Seabright at the time when Judge Seabright was with the U.S. Attorney's Office. According to Mr. Moseley, Judge Seabright in his capacity as a U.S. Attorney at that time, directed Mr. Moseley to the local FBI office. It should be noted that Judge

Seabright has recused himself from this matter. Plaintiff has similarly testified that Mr. Moseley acted on his behalf to contact the U.S. Attorney's Office.

The purpose of the Motion is to preclude Plaintiff from characterizing the alleged hearsay conversation between Mr. Moseley and Judge Seabright, in which Mr. Moseley indicates that he was directed to the FBI office, as a "validation" of his alleged claims or is an indication that his alleged claims are meritorious.

**II. ARGUMENT**

    **A.  ANY TESTIMONY CHARACTERIZING THE ALLEGED DISCUSSION BETWEEN PLAINTIFF'S COUNSEL AND THE U.S. ATTORNEY'S OFFICE SHOULD BE PRECLUDED**

Rule 402, Federal Rules of Evidence, provides that only relevant evidence is admissible:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. <u>Evidence which is not relevant is not admissible</u>.

[Emphasis added.]

"Relevant Evidence" is defined in Rule 401, Federal Rules of Evidence, as "evidence having any tendency to make the existence of <u>any fact that is of consequence to the determination of the action</u> more probable or less probable than it would be without the evidence." [Emphasis added.]

2

Rule 403, Federal Rules of Evidence, provides that relevant evidence should be excluded if its probative value is outweighed on the grounds of prejudice, confusion, or waste of time:

> Although relevant, <u>evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice</u>, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

[Emphasis added.]

In the present action, the alleged conversation between Plaintiff's counsel, Roger Moseley, and the U.S. Attorney's Office in which Mr. Moseley has represented that he was directed to the FBI office is hearsay. Further, any attempt to characterize the "direction" given by the U.S. Attorney's Office to contact the FBI as a validation to the Plaintiff's claim or that the Plaintiff's claim had any merit should not be permitted.

If there is any probative value to the introduction of the alleged conversation, such probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury pursuant to Federal Rules of Evidence Rule 403 by any attempt to unfairly characterize the direction given. The purpose of any such conclusory opinion testimony will only be used to inflame the jury and is prejudicial and should not be permitted. It is especially

3

prejudicial if Plaintiff is able to express his conclusory opinion that U.S. Attorney believed there was a merit to the claim if the jury is informed that the U.S. Attorney who allegedly directed Mr. Moseley to the FBI is now an acting Federal Court Judge.

III. CONCLUSION

Defendants City respectively submits this motion seeking the Court's order that Plaintiff shall be precluded from expressing any conclusory opinion or characterizing Mr. Moseley's discussion with the U.S. Attorney as providing validation for his claim or that such claims had any merit..

DATED: Honolulu, Hawaii, _____SEP 1 2 2006_____.


_____
JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and

4