DAVID Z. ARAKAWA, 2903
Corporation Counsel
PAUL K. W. AU, 4745
Deputy Corporation Counsel
City and County of Honolulu
Honolulu, Hawaii 96813
Telephone: 523-4274

Attorneys for Employer/
  Self-Insured

STATE OF HAWAII

DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

DISABILITY COMPENSATION DIVISION

| | |
|---|---|
| PHILIP E. ENGLISH, <br> 1741 ALA MOANA BLVD., UNIT 22 <br> HONOLULU, HAWAII 96815 <br><br> Claimant, <br><br> vs. <br><br> CITY AND COUNTY OF HONOLULU, <br> DEPARTMENT OF BUDGET AND <br> FISCAL SERVICES, <br><br> Employer/ <br> Self-Insured. | CASE NO. 2-03-01887 <br><br> D/A: 1-30-03 <br><br> COMPROMISE, SETTLEMENT AND <br> RELEASE AGREEMENT; APPROVAL <br> AND ORDER |

COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

WHEREAS, on or about February 28, 2003, PHILIP E. ENGLISH (hereinafter referred to as "Claimant") filed a claim for workers' compensation benefits under Chapter 386, Hawaii Revised Statutes (hereinafter referred to as "HRS"), against the CITY AND COUNTY OF HONOLULU, DEPARTMENT OF BUDGET AND FISCAL SERVICES (hereinafter referred to as "Employer") for an alleged industrial

27505\2\360256.2



PE 01081

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
<u>COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT</u>

accident on or about January 30, 2003 where he reportedly sustained a stress-related psychic injury, which is the subject of Case No. 2-03-01887; and

WHEREAS, on February 28, 2003, Employer filed an Employer's Report of Industrial Injury denying liability for Claimant's January 30, 2003 claim of injury; and

WHEREAS, Claimant's average weekly wage at the time of said claim of injury was $749.54 which determines a weekly benefit rate of $499.72; and

WHEREAS, various disputes between Claimant and Employer have arisen relative to the aforementioned claim; and

WHEREAS, in view of the contentions of each party as to Employer's liability for workers' disability benefits, the Claimant and Employer are desirous of a settlement at this time;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED TO BY THE PARTIES HERETO:

1. Claimant sustained a stress-related psychic injury on or about January 30, 2003 by accident arising out of and in the course of his employment with Employer.

2. Claimant did not sustain any temporary disability under HRS 386-31(b) as a result of the January 30, 2003 claim of injury.

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
<u>COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT</u>

3. Claimant did not sustain any permanent disability as a result of the January 30, 2003 claim of injury.

4. Claimant did not suffer any disfigurement as a result of the January 30, 2003 claim of injury.

5. Claimant shall keep, maintain and retain any and all workers' compensation benefits voluntarily paid to, or on behalf of Claimant, by Employer for the January 30, 2003 claim of injury, such payments presently agreed to extend to the period ending January 31, 2004.

6. In order to terminate and discharge in whole any and all claims, rights and causes of action that Claimant may have under Chapter 386, HRS, whether brought by Claimant and any of Claimant's dependents, heirs, executors, administrators, personal representatives, successors and assigns, for compensation, damages or disabilities, known or unknown, discovered or undiscovered, especially including any temporary partial disability, temporary total disability, permanent partial disability of the whole person, permanent partial disability as set forth in greater detail as scheduled awards in Section 386-32, HRS, permanent total disability, death and disfigurement caused by or arising out of Claimant's employment with Employer, including without limitation the January 30, 2003 claim of injury, the total sum of EIGHTY-FIVE THOUSAND AND NO/ONE-

27505\2\360256.2                    -3-

PE 01083

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
<u>COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT</u>

HUNDREDTHS DOLLARS ($85,000.00) shall be remitted to Claimant in a single lump sum following final approval and filing of this Compromise, Settlement and Release Agreement by the Disability Compensation Division, Department of Labor and Industrial Relations, State of Hawaii.

7.  The sufficiency of said sum as consideration of this Agreement is hereby expressly acknowledged by Claimant. Said sum further contemplates:

   a. such waivers as articulated in Paragraph 8 herein; and

   b. the termination on January 31, 2004 of the medical care, services and supplies as the nature of the January 30, 2003 claim of injury requires as articulated in Paragraph 9 herein; and

   c. Claimant's resignation from employment with Employer as articulated in Paragraph 11 herein.

8.  This Agreement is a compromise settlement entered into by the parties hereto in good faith, and in accepting the consideration of payments as set forth in Paragraphs 5 and 6, and in executing this Agreement, it is specifically agreed and expressly understood that Claimant for himself and his heirs, personal representatives, administrators and assigns, hereby waives, releases and forever discharges and hereby stipulates to protect, indemnify, defend and forever hold harmless Employer and its respective directors, officers, employees,

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

agents, attorneys, heirs, trustees, administrators, insurers, indemnitor, personal representatives, successors and assigns from any and all past, present and future claims, rights, demands, damages and actions under Chapter 386, HRS, and this Agreement shall be a complete bar to any and all claims or reopenings for compensation, injuries, disabilities, disfigurement, death or damages to Claimant under the Hawaii Workers' Compensation Law (especially as contemplated in Section 386-89, HRS), whether known or unknown, discovered or undiscovered, whether anticipated or not, resulting from or arising out of or in any way connected with or traceable to the Claimant's employment with Employer, including without limitation the January 30, 2003 claim of injury.

    9.    Claimant specifically understands and agrees that as of January 31, 2004, he will be solely and personally responsible to pay for all medical care, services and supplies provided by any provider after January 31, 2004, which are due to the nature of the January 30, 2003 claim of injury, and Claimant hereby releases Employer and the City and County of Honolulu from any and all liability therefor, and specifically agrees to protect, defend, indemnify and hold forever harmless Employer and the City and County of Honolulu from and against all liability for such medical payments incurred for all

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

medical care, services and supplies provided by any provider after January 31, 2004.

10. It is expressly understood that the aforementioned payments in no way constitute an admission of negligence or fault of any kind whatsoever on the part of Employer but are paid solely to compromise and settle all disputes with respect to claims compensable under HRS Chapter 386, for the purpose of avoiding further litigation risk and expense and that said payments are the final consideration of this Agreement and that NO OTHER PAYMENT OR CONSIDERATION HAS BEEN PROMISED OR WILL BE PAID TO CLAIMANT EITHER DIRECTLY OR INDIRECTLY UNDER THIS AGREEMENT.

11. In further consideration for the agreements of Employer as set forth herein, Claimant hereby voluntarily quits, resigns and terminates his employment with Employer, fully, finally, irrevocably and forever, effective January 31, 2004 and Claimant hereby waives, releases and discharges the City and County of Honolulu from any and all of the City and County of Honolulu's obligations pursuant to any collective bargaining agreement. Claimant further waives any re-employment and priority placement rights as part of this Agreement.

12. It is expressly agreed by the parties that the determination herein that Claimant sustained a stress-related

27505\2\360256.2                           -6-

PE 01086

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

psychic injury on or about January 30, 2003 by accident arising out of and in the course of his employment with Employer is without prejudice to either party with respect to any future non-workers' compensation proceedings and the parties are not precluded from litigating issues regarding the nature, scope and cause of Claimant's stress and/or psychic injuries in any nonworkers' compensation proceeding.

13. THIS AGREEMENT IS A FULL AND FINAL RELEASE OF THE CLAIMS COVERED BY THIS AGREEMENT. Except as otherwise provided herein, no other consideration has been promised, nor will further consideration be paid, under this Agreement for claims covered herein, and no representation of fact or opinion has been made by any party hereto, or by anyone on their behalf, to induce the endorsement and execution of this Agreement by the parties hereto.

14. This Agreement is made and entered into upon the free will of and in good faith by the parties with full knowledge of the facts and possibilities of the case, and this Agreement contains the full, final and complete release and entire agreement between the parties for the January 30, 2003 claim of injury and the terms of this Agreement are contractual in nature and fully enforceable, and shall not be construed as a mere recital.

27505\2\360256.2                           -7-

PE 01087

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

15. Claimant specifically acknowledges and represents he has been advised of, is aware of, and understands all of his legal rights and interests arising out of the January 30, 2003 claim of injury and he has voluntarily and without duress or undue influence entered into this Agreement.

16. Employer reserves all rights pursuant to Section 386-8 of the Workers' Compensation Law, including but not necessarily limited to its right to assert a lien on any settlement or judgment obtained by Claimant against any third parties, for claims covered by this Agreement, and its right to intervene in any such action.

17. The parties shall each be responsible for payment of their respective attorneys' fees and costs.

18. Upon approval of this Agreement, all proceedings before the Department of Labor and Industrial Relations shall be deemed dismissed with prejudice.

DATED: Honolulu, Hawaii, _____January 20, 2004_____.

_____
PHILIP E. ENGLISH

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

STATE OF HAWAII           )
                          )SS.
CITY AND COUNTY OF HONOLULU )

On this __20th__ day of __January__, 2004 before me appeared PHILIP E. ENGLISH, to me satisfactorily proven or shown to be the person identified as __CLAIMANT__ hereinabove, and acknowledged that he executed the foregoing Compromise, Settlement and Release Agreement as his own free act and deed.

_____
Print Name: Kathleen Chrismer
Notary Public, State of Hawaii
My Commission Expires: 5-13-05

KATHLEEN CHRISMER
★ NOTARY PUBLIC ★
STATE OF HAWAII

APPROVED AS TO FORM:

_____
ROGER S. MOSELEY
Attorney for Claimant

CITY AND COUNTY OF HONOLULU

By _____
CHERYL K. OKUMA-SEPE,
   Director Department of Human Resources

APPROVAL RECOMMENDED:

_____
THOMAS VENDETTA, Chief
Division of Industrial Safety
  and Workers' Compensation
Department of Human Resources,
City and County of Honolulu

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01287
<u>COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT</u>

APPROVED AS TO FORM AND LEGALITY:

*[signature]*
_____
PAUL K. W. AU
Deputy Corporation Counsel
Attorney for Employer-Appellee

APPROVED AND SO ORDERED
BY THE DIRECTOR OF LABOR
AND INDUSTRIAL RELATIONS

*[signature: Gary S. Hamada]*
_____
GARY S. HAMADA
Administrator
Disability Compensation Division



**STATE OF HAWAII**
**DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
**DISABILITY COMPENSATION DIVISION**
830 PUNCHBOWL STREET
P.O. BOX 3769
HONOLULU, HAWAII 96812-3769

## APPROVAL OF ATTORNEY'S FEE

Pursuant to Section 386-94, H.R.S.    ROGER S. MOSELEY

is allowed an attorney's fee of $ 8,500.00    for services rendered in Case No. 20301887

PHILIP E. ENGLISH    vs.    CITY AND COUNTY OF HONOLULU
DEPARTMENT OF BUDGET AND FISCAL SERVICES

[x] 1. The amount is made a lien on compensation awarded on this case. The employer shall pay the approved fee from accumulated benefits due claimant. In the absence of accumulated benefits, the employer shall pay the approved fees immediately from the end of the permanent partial disability award by shortening the claimant's permanent partial disability period.

[ ] 2. The amount is not a lien on this award and claimant shall be liable for the approved fee.

[ ] 3. The fee is made a lien on any future income and indemnity benefits due claimant in this matter. In the event no income or indemnity benefits are awarded, claimant shall be liable for the approved fee.

[ ] 4. The employer shall pay the above fee pursuant to the settlement agreement.

[ ] 5.

BY ORDER OF THE DIRECTOR,    FEBRUARY 26, 2004
                                                      Date

*/s/ Gary S. Hamada*
Administrator

APPEAL: This decision may be appealed by filing a written notice of appeal with the Director of Labor and Industrial Relations or his county representative within twenty days after a copy of this decision has been sent.

It is the policy of the Department of Labor and Industrial Relations that no person shall on the basis of race, color, sex, marital status, religion, creed, ethnic origin, national origin, age, disability, ancestry, arrest court record, sexual orientation, and National Guard participation be subjected to discrimination, xcluded from participation in, or denied the benefits of the department's services, programs, activities, or employment.

WC-17 (Rev. 11/99)

PE 01091