IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, | ) CIVIL NO. CV04-00108 KSC |
| | ) |
| Plaintiff, | ) **MEMORANDUM IN SUPPORT OF MOTION** |
| | ) |
| vs. | ) |
| | ) |
| CITY AND COUNTY OF HONOLULU; | ) |
| GARY T. KUROKAWA; ROBERT O. | ) |
| MAGOTA; ANN C. GIMA; and GK | ) |
| APPRAISALS, INC.; JOHN DOES | ) |
| 1-10; JANE DOES 1-10; DOE | ) |
| PARTNERSHIPS; DOE CORPORATIONS | ) |
| 1-10; AND DOE ENTITIES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF MOTION**

## I.   INTRODUCTION

This case primarily involves a claim for alleged work-place discrimination and/or retaliation arising out of various incidents that allegedly occurred while Plaintiff was employed by the City and County of Honolulu as an appraiser in the Real Property Assessment Division.  The litany of the alleged events that form the basis of Plaintiff's lawsuit is contained in the forty-nine (49) page First Amended Complaint that was filed on January 12, 2006.

Since the filing of Plaintiff's First Amended Complaint, Plaintiff has attempted to establish liability against the CITY Defendants based on various articles about other whistleblowers and whistleblower lawsuits and hearsay testimony

about whistleblowing activities within the City.  This type of evidence, as will be discussed below is irrelevant, unreliable, prejudicial, and constitute inadmissible hearsay evidence.

## II.  **DISCUSSION**

Any reference to or evidence of any other whistleblower lawsuits, as well as news reports or other anecdotal evidence about: (1) Plaintiff's alleged whistleblowing; (2) any statements made by any Real Property Assessment Division and/or any party in this case to the news media about the subject matter of this lawsuit; (3) any opinions stated by any witness and/or reporter about the subject matter of this lawsuit; (4) the public's dissatisfaction with the real property tax appraisal and/or appeal process; and (5) other whistleblowers (including articles about other whistleblower lawsuits) should be excluded.

Such evidence would constitute hearsay statements and the lawsuits, articles, and other word-of-mouth evidence themselves would also be hearsay.  The jury will be properly provided with all of the admissible facts of this case in order to make an informed decision and should not be tainted by any news reports about the Real Property Assessment Division and/or real property tax assessments, including news reports about this case, other alleged whistleblowers, and other whistleblower lawsuits.

A.    <u>Newspaper Articles and Other News Media Are Hearsay</u>

Any attempt by Plaintiffs to admit news media articles as listed above, should be prohibited as the article(s) itself would be hearsay and based upon on hearsay statements.

<u>Federal Rules of Evidence</u> ("FRE"), Rule 801 defines hearsay as a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FRE Rule 801. Federal Rules of Evidence 802 prohibits the use of hearsay statements unless they fall under a recognized exception. There is no exception applicable to such articles.

In the case of <u>Green v. Baca</u>, 226 F.R.D. 624 (C.D. Cal. 2005), the U.S. District Court of the Central District of California rejected the admission of newspaper, television and other media accounts of alleged "over-detentions" by the Los Angeles County Sheriff's Department, as well as media accounts of the subject litigation. In granting the defendants' motion in limine to exclude such news reports, the court recognized the hearsay problem created by such reports, stating:

> [g]enerally, newspaper articles and television programs are considered hearsay under Rule 801(c) when offered for the truth of the matter asserted. Even when the actual statements quoted in a newspaper article constitute nonhearsay, or fall within a hearsay exception, their repetition in the newspaper creates a hearsay problem.

<u>Id.</u>, 226 F.R.D. at 637-38 (internal citations omitted). The court, citing <u>Larez v. City of Los Angeles</u>, 946 F.2d 630 (9th

3

Cir. 1991), also acknowledged that newspaper articles are inadmissible as hearsay exceptions under FRE Rule 803(24)[1] as the news reporters were the best source of information. Id. at 639.

In the present case, newspaper articles and/or other news media accounts of: (1) Plaintiff's alleged whistleblowing; (2) any statements made by any Real Property Assessment Division and/or any party in this case to the news media about the subject matter of this lawsuit; (3) any opinions stated by any witness and/or reporter about the subject matter of this lawsuit; and (4) the public's dissatisfaction with the real property tax appraisal and/or appeal process are clearly inadmissible hearsay.

To the extent that the articles contain any statements made by any named defendants, these statements, if any, are not admissible as a party-admission as the reporters or authors of any news reports would be the declarants who would be in the best and only position the testify. See Larez, supra. Here, Plaintiff has not identified any such reporters or authors as witnesses at trial. Moreover, even if any reporters were witnesses in this trial, the articles themselves would still be inadmissible hearsay as defined in FRE Rule 801.

---

1    The hearsay exception specifically set forth in FRE Rule 803(24) was combined and transferred to the residual exception to the hearsay rule set forth in FRE Rule 807 by the 1997 Amendments to the Federal Rules of Evidence. However, no change in meaning was intended by the transfer of the exception to Rule 807. See, FRE Rule 807 advisory committee notes.

In addition to the articles themselves being hearsay, the articles may be based upon and refer to hearsay statements by individuals other than the named defendants.  There would be no exception that would provide for the admissibility of these statements.

Any such articles and other news reports regarding this incident, if any, should be excluded not only on hearsay grounds, but also pursuant to FRE Rule 403 because any probative value the articles may have would be substantially outweighed by the danger of unfair prejudice.  Articles regarding this incident clearly would not include all of the pertinent information in this case.

Furthermore, news articles about the Real Property Assessment Division in general, tax appeal cases involving valuation of properties, and the public's perception about real property tax appraisal valuations/process are irrelevant to any claim asserted by Plaintiff and would only distract the jury from the ultimate issues in this case – whether Plaintiff was subject to retaliation for exercising his right to free speech.

If these types of articles are admitted, there is a very real danger that the jury's final determination will be tainted and would not reflect a judgment truly decided on its merits.

B.     **References to Other Whistleblower Claims/Lawsuits**

Any attempt by Plaintiff to introduce articles of other whistleblower lawsuits and claims and the circumstances of how

the incidents occurred must be precluded.  As stated above, the
articles themselves are hearsay.  Furthermore, the articles would
undoubtedly be based on hearsay information and would be
considered double hearsay.

In addition, Plaintiff is expected to introduce
evidence of other lawsuits and claims involving alleged instances
of retaliation in other unnamed/unidentified City departments.
This type of evidence, which would include documentary evidence,
deposition/trial testimony, pleadings, and discovery, are classic
examples of inadmissible hearsay evidence.

Furthermore, this type of evidence is irrelevant as it
does not pertain to any lawsuits filed against the Real Property
Assessment Division for alleged retaliation against
whistleblowers; nor does it tend to make the existence of any
fact at issue more of less probable.

Courts from other jurisdictions have consistently held
that the fact that lawsuits were filed, in and of itself, does
not provide a basis for liability, but merely suggests that the
City "was on notice of various civil rights abuses that had been
alleged." <u>Singleton v. City of Newburgh</u>, 1 F.Supp.2d 306, 311-12
(S.D.N.Y. 1998)[2]; <u>Somavia v. Las Vegas Metro. Police Dept.</u>, 816

---

[2]    "The mere fact of other lawsuits against the City does
not provide a basis for liability...[t]he complaints do no more
than suggest that the City was on notice of various civil right
abuses that had been alleged." <u>Id.</u> at pg. 311-312.

F.Supp. 638 (D.Nev. 1993)[3]; <u>Mendoza v. City of Rome, New York</u>,

872 F.Supp 1110 (N.D.N.Y. 1994)[4]; <u>Rogers v. City of Little Rock,</u>

<u>Arkansas</u>, 152 F.3d 790 (8th Cir. 1998)[5]; <u>Kivanc v. Ramsey</u>, 407

F.Supp.2d 270 (D.D.C. 2006)[6]; <u>Hunter v. City of Electra, Texas</u>,

2006 WL 1814150 (N.D.Tex)(slip copy)[7]; <u>Washington v. Darby</u>

<u>Borough</u>, 1993 WL 273418 (E.D.Pa. 1993)(unpublished).  As the

Court in <u>Kivanc</u> noted, "[a]nyone can file a complaint. . . .[t]he

---

[3]     In § 1983 action, plaintiff attempted to establish
policy and/or custom by stating in her answers to interrogatories
that there were several lawsuits filed against the city involving
same or similar factual scenarios.  The District Court, in ruling
in favor of the defendant City on its motion for summary
judgment, stated that plaintiff's "evidence" – without any facts
supporting her interrogatory responses - were insufficient to
support the allegations of her complaint.

[4]     "[T]he mere fact that claims had been filed against the
City of Rome, standing alone, does not establish a pattern,
policy, or practice which was causally related [to the underlying
claim]." <u>Id.</u> at pg. 1118.

[5]     Before prior claims and/or lawsuits can be considered,
it must be shown that the complaints had merit.  <u>Id.</u> at pg. 799.

[6]     "Nor do the existence of unproved, unsubstantiated or
unresolved complaints against [defendants] demonstrate deliberate
indifference on the part of the District of Columbia.  Anyone can
file a complaint.  The question is whether the prior acts by
these officers have been proved or substantiated in other fora."
<u>Id.</u> at pg. 279.

[7]     Attorney's affidavit submitted in opposition to motion
for summary judgment filed by city claiming that a policy or
custom existed because of nine other § 1983 lawsuits filed
against the City within the last decade determined to be
insufficient as the evidence failed to "demonstrate an official
'policy' or 'custom,' especially where the [plaintiffs] cannot
show that the city was found liable in any of those instances. .
.[and] does not create a genuine issue of material fact that the
City [ ] should be found liable as a municipality."  <u>Id.</u> at pg.
8.

question is whether the prior [complaints] have been proved or
substantiated in other fora." Id., 407 F.Supp.2d at 279
(emphasis added).

Based on the examples of wide-spread retaliation
alleged in Plaintiff's First Amended Complaint, only one of them
was proven to have merit (in a department unrelated to the Real
Property Assessment Division), while the majority of the lawsuits
settled. In other words, in the majority of lawsuits cited by
Plaintiff, no liability or fault was found by a jury or other
fact-finder against the City.

Additionally, any evidence or reference to other
whistleblowing lawsuit incidents, especially those that do not
pertain to the Real property Assessment Division or that have not
been decided on the merits, will be unfairly prejudicial because
it will not be based on all of the facts. In order to present
all of the facts, the parties would have to conduct mini-trials
for each and every alleged incident of whistleblowing. Not only
is this unduly burdensome and a waste of time, it is highly
prejudicial because there has been no discovery conducted
regarding these other whistleblowing incidents.

Finally, any attempt by Plaintiff to use news reports
of other alleged whistleblower incidents to show that it is more
likely than not that Plaintiff was subject to retaliation because
of his alleged whistleblowing must be excluded under FRE Rule
403, which provides that relevant evidence may be excluded "if

8

its probative value is substantially outweighed by the danger of
unfair prejudice, confusion of the issues, or misleading the
jury, or by considerations of undue delay, waste of time, or
needless presentation of cumulative evidence."  The minimal
probative value, at best, of news reports of other alleged
whistleblower incidents would be greatly outweighed by the danger
of unfair prejudice, confusion of the issues, and misleading the
jury.  See, FRE Rule 403 advisory committee notes (defining
"unfair prejudice" as "an undue tendency to suggest decision on
an improper basis, commonly, though not necessarily, an emotional
one").  Accordingly, any news reports regarding other
whistleblower incidents must be excluded.

III. **CONCLUSION**

          Based on the foregoing, Defendants CITY AND COUNTY OF
HONOLULU , GARY T. KUROKAWA, ROBERT O. MAGOTA , and ANN C. GIMA
respectfully request that this Court grant the instant motion and
enter an Order prohibiting introduction of, or any reference to,
any other whistleblower lawsuits, as well as news reports or
other anecdotal evidence about: (1) Plaintiff's alleged
whistleblowing; (2) any statements made by any Real Property
Assessment Division and/or any party in this case to the news
media about the subject matter of this lawsuit; (3) any opinions
stated by any witness and/or reporter about the subject matter of
this lawsuit; (4) the public's dissatisfaction with the real
property tax appraisal and/or appeal process; and (5) other

whistleblowers (including articles about other whistleblower

lawsuits).

DATED: Honolulu, Hawaii,_____SEP 1 2 2006_____.


_____
JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA