ORIGINAL

MOSELEY BIEHL TSUGAWA LAU & MUZZI
A Hawaii Limited Liability Law Company
ROGER S. MOSELEY            2060
CHRISTOPHER J. MUZZI        6939
RENEE M. FURUTA             7593
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii  96813
Tel:  (808) 531-0490 Fax:  (808) 534-0202
Email:  rmoseley@hilaw.us, cmuzzi@hilaw.us
        rfuruta@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 1 2 2006

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, | Civil No.  04-00108 KSC/KSC |
| Plaintiff, | |
| vs. | |
| CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, | PLAINTIFF PHILIP E. ENGLISH'S SEPARATE AND CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT IV UNLAWFUL DISCRIMINATION AND RETALIATION AGAINST DEFENDANTS CITY AND |
| Defendants. | |
| | (CAPTION CONTINUED ON NEXT PAGE) |

10010/3/57773.3



COUNTY OF HONOLULU, ANN
GIMA, GARY KUROKAWA AND
ROBERT MAGOTA AS TO
LIABILITY ONLY; EXHIBITS
"A-SS"; DECLARATION OF PHILIP
E. ENGLISH; DECLARATION OF
CHRISTOPHER J. MUZZI; LOCAL
RULE 7.5(e) CERTIFICATION;
CERTIFICATE OF SERVICE


Hearing:
Dates:
Time:
Judge:   Honorable Kevin S. C


Trial Date: October 3, 2006


**PLAINTIFF PHILIP E. ENGLISH'S SEPARATE AND CONCISE
STATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS MOTION
FOR PARTIAL SUMMARY JUDGMENT ON COUNT IV UNLAWFUL
DISCRIMINATION AND RETALIATION AGAINST DEFENDANTS CITY
AND COUNTY OF HONOLULU, ANN GIMA, GARY KUROKAWA AND
<u>ROBERT MAGOTA AS TO LIABILITY ONLY</u>**

10010/3/57773.3

Plaintiff PHILIP E. ENGLISH, by and through his attorneys Moseley Biehl Tsugawa Lau & Muzzi, hereby submits his Separate and Concise Statement of Material Facts in Support of his Motion for Partial Summary Judgment on Count IV Unlawful Discrimination and Retaliation Against Defendants City and County of Honolulu, Ann Gima, Gary Kurokawa, and Robert Magota as to Liability Only, which is being filed contemporaneously.

| Facts | Evidentiary Support |
|---|---|
| On or about 6/1/00, Plaintiff became an employee of the Defendant City as a Real Property Appraiser II. | Exhibit A.<br><br>Declaration of Philip E. English attached herein ("English Declaration) at ¶1. |
| Defendant Kurokawa ("Kurokawa) was the Administrator of the Assessment Division and had supervisory authority over Plaintiff, Defendant Magota ("Magota") and Defendant Gima ("Gima"). | English Declaration at ¶2. |
| Kurokawa was Vice-President and a shareholder in Defendant GK Appraisal, Inc. ("GK"), while he was employed by the City and throughout the relevant time period in this case. | Exhibit B |
| Magota was the City Assessor in the Assessment Division and an employee of the City. Magota had supervisory authority over Plaintiff and Gima. | English Declaration at ¶3. |
| Gima was an Appraiser Supervisor of the Assessment Division, and an employee of the City. Gima had direct | Id. at ¶4. |

supervisory authority over Plaintiff.

| | |
|---|---|
| Beginning about 1/01, Plaintiff began observing his co-workers, Christopher Graff ("Graff"), performing private appraisal work for GK on City equipment during City time, and . observed Graff receiving calls from Kurokawa regarding Graff's performance of work for GK. | Id. at ¶5. |
| Graff worked for GK from 1998-2004, often with Kurokawa.  Graff used City equipment to perform work for GK. | Exhibit LL - Deposition Transcript of Christopher Graff (6/21/06) at pages 19(line#20-22), 128(line#24-25), 129(line#1-6), 141(line#19-25), 156(line#2-9).

Exhibit MM - Deposition Transcript of Carole Kamisato(8/4/06) at pages 98(line#24-25), 99(line#1-8), 100(line#17-25), 101(line#1), 103(line#2-4) |
| On 2/1/01, Plaintiff was promoted to Real Property Appraiser III. | Exhibit C. |
| Plaintiff observed David Matsunami ("Matsunami"), a former City employee who was also working for GK, had access to nonpublic areas of the Assessment Division to deal with Graff. | English Declaration at ¶7.

Exhibit C1 - Deposition Transcript of David Matsunami at pages 139(line#4-25), 140(line#1-16). |
| Graff and Matsunami performed work for GK, including  8 appraisals together. About 70% of Matsunami's contact with Kurokawa regarding GK business was done at  Kurokawa's City office. Matsunami often left messages for Kurokawa with his City secretary and emailed Graff regarding GK work at | Exhibit C1- Deposition Transcript of David Matsunami(11/9/05) at pages 125 (line#18-25), 126(line#1-7), 127(line#4-9 and 10-15), 139 (line#22-25), 140 (line#6-7) |

Graff's City email.

| | |
|---|---|
| Plaintiff reported the misconduct involving Defendant Kurokawa and Defendant GK ("Kurokawa-GK Misconduct") to Gima in 8/01. | English Declaration at ¶8. |
| Shortly thereafter, Gima told Plaintiff to stop calling her "Annie" because only her friends called her Annie; he should call her "Ann". | Id. at ¶9. |
| Plaintiff reported the Kurokawa-GK Misconduct to Magota around 10/2/01 . | Id. at ¶10. |
| On 2/15/02, Plaintiff emailed Magota, complaining that Kurokawa and Graff were engaged in the unlawful and unethical conducting of Kurokawa's private business on City time and with City equipment. | Id. at ¶11.<br><br>Exhibit D. |
| Prior to reporting the Kurokawa-GK Misconduct in 8/01 and 10/01, Plaintiff received satisfactory Performance Evaluation Reports ("PER") in 2000 and Prior to reporting the Kurokawa-GK Misconduct, Plaintiff received PER in 2001 with exceeds expectations in all categories. | Exhibits E,F,G<br><br>English Declaration at ¶12.<br><br>Id. at ¶13.<br><br>Exhibits H,I. |
| On 4/22/02 Defendants issued Plaintiff an Annual Performance Evaluation Report with negative comments reflecting retaliation | Exhibit J. |

| | |
|---|---|
| On 5/14/02, Plaintiff received a Probationary Performance Evaluation and rated as meeting all requirements in all categories. | Exhibit K. |
| On or about 8/14/02, Plaintiff contacted the Federal Bureau of Investigation to report the Kurokawa-GK Misconduct. | English Declaration at ¶15. |
| On 8/14/02, Plaintiff received a substandard Probationary Performance Evaluation relating to Plaintiff's performance (the "8/14/02 Substandard Evaluation"). | Exhibit L. |
| On 8/15/02, Kurokawa signed the 8/14/02 Substandard Evaluation and purportedly extended Plaintiff's probation period for an additional three months. Extension of Plaintiff's probation meant that Plaintiff could be terminated. | Exhibit M.<br><br>Exhibit M1 – Deposition of Waylen Toma (9/7/06) at pages 79(line#20-25). |
| Apparently, Kurokawa's decision to extend Plaintiff's probation was too late and Plaintiff was not put on probation, but Plaintiff not notified of this, and continued to believe he was on extended probation. | Exhibit W – Deposition of Gary Kurokawa (8/22/06 Vol. I) at pages 84(line#9-18).<br><br>Id.<br>English Declaration at ¶16. |
| On 10/21/02, Plaintiff sought leave to see his medical doctors for a cancer follow-up and for an orthopedic matter. Plaintiff's request for medical leave was conditionally granted. | Exhibits O,P. |
| On 2/5/03 Plaintiff was accused of insubordination for attending his | English Declaration at ¶18. |

10/25/02 doctor appointment.

| | |
|---|---|
| On 1/3/03, Plaintiff met with Charles Totto ("Totto") of the City and County of Honolulu Ethics Commission to report the continuing Kurokawa-GK Misconduct and other matters. | Id. at ¶19. |
| On 1/7/03 and 1/10/03, Plaintiff spoke with Graff about his contact with the Ethics Commission and the Federal Bureau of Investigation regarding the Kurokawa-GK Misconduct. Graff immediately reported his contacts with Plaintiff to Gima on 1/7/03 and 1/10/03. | Id. at ¶20.<br><br>Exhibit Q. |
| On 1/22/03, English filed a written complaint with the Ethics Commission regarding, *inter alia*, the Kurokawa-GK Misconduct. | Exhibit S. |
| Gima immediately relayed this information to Magota. | Exhibit R – Deposition Magota Deposition (6/16/06 Vol. III) pages 339 (line#18-25), 340(line#3-22), 341(line#7-2), 342(line#1-9, 23-25), 343(line#1-8,22-25). |
| On 1/29/03, Gima filed a Workplace Violence Report against Plaintiff. Gima stated that co-workers "have been made aware of the option of individually filing [workplace violence] reports." | Exhibit T. |
| In a subsequent Workplace Violence Checklist, Gima admitted that "the most recent occurrence that precipitated my [workplace violence] complaint was the threatening phone calls and ethics complaint [Plaintiff] initiated against Chris Graff. . | Exhibit U. |

10010/3/57773.3                                  5

On 1/30/03, Plaintiff saw a doctor regarding the workplace stress that resulted from Defendants' conduct.

English Declaration at ¶22

Exhibit W.

Subsequent to Gima's Workplace Violence Report at least nine City employees, in addition to Gima, were interviewed and completed Workplace Violence Checklists.

Exhibit X.

On 2/5/03, Plaintiff was accused again of insubordination and on 2/10/03, Gima and Magota met with Plaintiff reprimanded Plaintiff "regarding an act of insubordination, hostility towards his supervisor, and failure to follow instructions for an incident on 10/25/02."

English Declaration at ¶23.

Exhibit Y.

On 2/12/03 Graff files a Confidential Workplace Violence Incident Report against Plaintiff.

Exhibit Q.

On 2/20/03 a draft of Julie Tamayori's Workplace Violence Checklist was placed on Plaintiff's work chair.

Exhibit Z.
English Declaration at ¶24.

On 2/21/03, Plaintiff attended a mandatory training session for all Assessment Division employees conducted by the City. At the mandatory training, whistleblowers were ridiculed and Assessment Division employees were told that that they were not required to report wrongdoing that occurred at the City and that going to the Ethics Commission was impractical.

English Declaration at ¶25.

Exhibit AA

Exhibit R at pages 53(line#4-18), 55(line #8-25), 56(line#9-17)

Exhibit BB at pages 140(line#10-16), 141(#3-12).

On 2/27/03, Defendant City interviewed

Exhibit CC.

| | |
|---|---|
| Plaintiff regarding the Workplace Violence Complaint filed against him. | English Declaration at ¶27. |
| 2/28/03 was Plaintiff's last day of reporting to work on advice of his treating physician because of work-related stress, and Plaintiff files claim for worker's compensation. | Id. at ¶28. |
| On 2/28/03, Defendant City employee Riddle spoke with Totto.  <u>Totto confirms his investigation finds English's complaints to be true, and hasn't found any of English's complaints to be false</u>. | Exhibit DD |
| 2/28/03 though 11/07, Defendant City denies Plaintiff worker's compensation benefits. | English Declaration at ¶29. |
| In a Draft Supervisors Report prepared by Gima states that Plaintiff is under investigation for acts of insubordination occurring on 2/19/03 and 2/25/03. | Exhibit Y. |
| On 4/9/03, Defendant City notifies Plaintiff they want to meet regarding his substandard Performance Evaluation Report. | Exhibit EE. |
| In letter dated 4/17/03, Defendant City notified Plaintiff of a substandard performance for the period 6/1/02-5/31/03 ("Notice of Substandard Performance Evaluation") that is substandard in a number of areas. | Exhibit HH |
| The Notice of Substandard Performance Evaluation indicated that Plaintiff was being placed on a special three month | |

10010/3/57773.3                                  7

performance evaluation, and that it may
result in discharge from his position.

| | |
|---|---|
| On 4/22/03, Defendant City sent Plaintiff a Performance Evaluation Report. The 4/22/03 Performance Evaluation Report rated Plaintiff's performance as substandard in every factor, except for two areas where ranked as satisfactorily. | Exhibit GG<br><br>Exhibit HH |
| From 2/28/03 through 1/24/04, Plaintiff on leave due medical reasons related to workplace stress. | English Declaration at ¶30. |
| On 1/24/04, Defendant City required Plaintiff to resign in order to receive worker's compensation benefits through a settlement agreement. | Id. at 31. |
| The Ethics Commission drafted a Notice of Possible Violation for Kurokawa relating to Plaintiff's Ethics Commission complaint. | Exhibit II – Deposition of Charles Totto at page 155(line#8-21). |
| Plaintiff suffers significant damages as a result of Defendants' conduct | Exhibits OO, PP, QQ, RR and SS |

Dated:  Honolulu, Hawaii, _____ SEP 12 2006 _____.


_____
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA
Attorney for Plaintiff
PHILIP E. ENGLISH

10010/3/57773.3