***ROUGH D[ ]T NOT FOR OFFICIAL USE***    1

1       (Disclosure presented to counsel)

2               WAYLEN TOMA

3  called as a witness at the instance of the Plaintiff

4  being first duly sworn to tell the truth, the whole

5  truth, and nothing but the truth testified as follows:

6               EXAMINATION

7  BY MR. MOSELEY:

8    Q.  Mr. Toma, could you state your full name and

9  address for the record, please.

10    A.  Waylen Kale Ken Toma.  Work address?

11    Q.  That would be fine.

12    A.  888 Mililani Street, Room 601.

13    Q.  Okay.  Mr. Toma, I am Roger Moseley.  I

14  represent Phil English in this case against three City

15  management personnel and the City and County of Honolulu

16  and GK Appraisals, Inc.

17        Have you ever had your deposition taken before?

18    A.  No.

19    Q.  Okay.  I'll go over some ground rules for you.

20  Do you mind if I call you Waylen?

21    A.  Sure.

22    Q.  You're welcome to call me Roger or whatever you

23  please.  The court reporter may bleep some of the stuff

24  you might want to call me.  I don't want to be rude if

25  you prefer me not to call you...

RALPH ROSENBERG COURT REPORTERS
Honolulu, Hawaii  (808) 524-2090

**EXHIBIT "M1"**

1    A.  Correct.

2    Q.  With respect to an extended probationary

3  period, which I think you testified could result in

4  termination, what is the process for determining whether

5  or not an employee actually passes this extended

6  probationary period?

7    A.  The employer would have to do another report

8  similar to 171, 172, showing -- if they're gonna

9  terminate them, showing that it warrants termination.

10    Q.  Okay.  Is that the kind of thing that triggers

11  a Union involvement?

12    A.  If the employee calls us, yes.

13    Q.  Okay.  And the Union's concern in that sort of

14  a situation would be what?

15    A.  Why they didn't consider moving him back to his

16  former position, that would be one of the issues.

17    Q.  Okay.  Would there be any other issues the

18  Union would be concerned with?

19    A.  That we'd question whether it's proper.

20    Q.  When an employee receives something like 172

21  that says you're on an extended probation, that seems to

22  be a pretty serious matter, doesn't it?

23    A.  Yes.

24    Q.  Because it could result in termination?

25    A.  Correct.

RALPH ROSENBERG COURT REPORTERS
Honolulu, Hawaii  (808) 524-2090