MOSELEY BIEHL TSUGAWA LAU & MUZZI
A Hawaii Limited Liability Law Company

ROGER S. MOSELEY          2060
CHRISTOPHER J. MUZZI      6939
RENEE M. FURUTA           7593
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii  96813
Tel:  (808) 531-0490 Fax:  (808) 534-0202
Email:  rmoseley@hilaw.us, cmuzzi@hilaw.us
        rfuruta@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>          Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>          Defendants. | Civil No.  04-00108 KSC/KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MOTION TO STRIKE PLAINTIFF'S FIRST AMENDMENT TO PLAINTIFF PHILIP E. ENGLISH'S FIRST AMENDED PRETRIAL STATEMENT AND FOR SANCTIONS;CERTIFICATE OF SERVICE<br><br>(CAPTION CONTINUED |

10010/3/57876

Hearing:
Date:   September 19, 2006
Time:   9:30 A.M.
Judge:  Honorable Kevin S.C. Chang

Trial Date: October 3, 2006

**PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MOTION TO STRIKE PLAINTIFF'S FIRST AMENDMENT TO PLAINTIFF PHILIP E. ENGLISH'S FIRST AMENDED PRETRIAL STATEMENT AND FOR SANCTIONS**

Plaintiff Philip E. English ("Plaintiff") respectfully submit this memorandum in opposition to Defendants' City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota, and Ann C. Gima's Motion to Strike Plaintiff's First Amendment to Plaintiff Philip E. English's First Amended Pretrial Statement and for Sanctions, filed herein on September 12, 2006 ("Motion to Strike").

I.   INTRODUCTION

Defendants City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota, and Ann C. Gima ("City Defendants"), argue in their Motion to Strike, that the Court should strike Plaintiff's First Amendment to Plaintiff Philip E. English's First Amended Pretrial Statement because Plaintiff

purportedly filed an Amendment to its Amended Pretrial Statement after August 15, 2006. City Defendants' Motion to Strike must be denied for the following reasons:

    A.    Plaintiff complied with the Court's Second Amended Rule 16 Scheduling Order and did not, in any manner, disregard the deadlines set forth in the Court's Second Amended Rule 16 Scheduling Order ("Second Scheduling Order").

    B.    Howard Tom Sun is a material witness to Plaintiff's case and his testimony is relevant, admissible, and should not be excluded.

## II. BACKGROUND/RELEVANT FACTS

Plaintiff filed this current suit against City Defendants and G.K. Appraisals, Inc. on February 13, 2004 for, amongst a number of claims, violation of Plaintiff's civil rights pursuant to 42 U.S.C. §1983 and unlawful retaliation against Plaintiff for reporting the illegal use of City resources and equipment, pursuant to H.R.S. §378-62.

In the Second Scheduling Order rendered by the Court on December 28, 2005, the Court stated that "pursuant to LR 16.6, each party herein shall serve and file a separate final pretrial statement by August 15, 2006". The Court further stated that "by September 12, 2006, each party shall serve and file a final comprehensive witness list indicating the identity of

each witness that the party will call at trial and describing concisely the substance of the testimony to be given and the estimated time required for testimony of the witness on direct examination". It would also seem obvious that the "identity" of witnesses in the final witness list would be unnecessary if the pretrial statement was intended to be dispositive of the identity of all witnesses to be called at trial.

On August 12, 2006, Plaintiff filed his Pretrial Statement. Plaintiff stated in this Pretrial Statement that "discovery is continuing and amendments to this Pretrial Statement may be necessary." On September 6, 2006, Plaintiff filed his First Amended Pretrial Statement. Again, in his First Amended Pretrial Statement, Plaintiff clearly indicated that "discovery is continuing and amendments to this Pretrial Statement may be necessary". On September 12, 2006, Plaintiff filed his First Amendment to his First Amended Pretrial Statement. On September 12, 2006, Plaintiff filed and submitted his Final Witness List.

III.   DISPUTED FACT

City Defendants inappropriately included a statement purporting to be one of a factual nature where they actually proffered an argument that Plaintiff has not identified any witness nor reserved the right to

subsequently name a witness with respect to any policy or custom to retaliate against whistleblowers in any document.

Plaintiff respectfully requests that this Court strike this paragraph from City Defendants' Motion to Strike as it is not a factual statement but rather an argument. Moreover, City Defendants' Motion to Strike is an inappropriate forum for City Defendants to object to Plaintiff's proffered evidence or trial witnesses. LR 16.6 requires parties to list witnesses likely to be called at trial, including their name and the substance of that testimony. Plaintiff has complied with this requirement and has listed a number of witnesses that will testify to liability. This liability also encompasses the City's liability with respect to its policy or custom to retaliate against whistleblowers.

IV. <u>ARGUMENT</u>

    A. <u>Plaintiff Complied with the Court's Second Amended Rule 16 Scheduling Order and Did Not, In Any Manner, Disregard the Deadlines Set Forth in the Court's Second Amended Rule 16 Scheduling Order</u>

According to the Court's Second Scheduling Order, the parties were required to file their Pretrial Statement by August 15, 2006. The Court's Second Scheduling Order did not state or indicate that the parties were precluded from filing amendments to their Pretrial Statements submitted on August 15, 2006. Moreover, there are no rules, both in the Local Rules or

the Federal Rules of Civil Procedure, or statute that would preclude parties from submitting amendments or supplements or corrections to their Pretrial Statements.

Plaintiff in this case complied with the Court's Second Scheduling Order by filing his Pretrial Statement on August 15, 2006. After August 15, 2006 and prior to September 12, 2006 (the deadline to file Final Witness List) Plaintiff made additions to his witness list. As there was neither a provision in the Second Scheduling Order nor any rule or statute precluding Plaintiff from filing amendments to his Pretrial Statement, Plaintiff filed his Amended Pretrial Statement and his First Amendment to his First Amended Pretrial Statement out of the abundance of caution and out of courtesy to the Court to ensure that the witnesses listed in his Pretrial Statement were consistent with the witnesses listed in his Final Witness List. Plaintiff felt that it was his obligation to amend his Pretrial Statement to ensure that all information presented to the Court is accurate, up to date, and consistent with all of his other court filings.

Moreover, Plaintiff stated in both this Pretrial Statement and his First Amended Pretrial Statement that "discovery is continuing and amendments to this Pretrial Statement may be necessary". City Defendants were clearly put on notice and aware that Plaintiff may amend his Pretrial Statement

because discovery was ongoing and continuing. Specifically Plaintiff was contemplating and did notice a 30(b)(6) deposition of the City relevant to the same question of the City's policy and practice and custom of retaliation against whistleblowers. Unfortunately due to scheduling problems, most recently on the part of the City, the deposition of this witness has been delayed until September 20, 2006.

In the event that this Court believes that its Second Scheduling Order did not contemplate or did not allow Plaintiff to file any amendments to Plaintiff's Pretrial Statement, then Plaintiff respectfully requests that this Court allow Plaintiff to amend its Amended Pretrial Statement and accept Plaintiff's First Amendment to Plaintiff's Amended Pretrial Statement. Due to the fact that the pretrial statements are required to be filed at a relatively early stage, courts have been liberal in allowing amendments to pretrial statements. 6A Wright, Miller & Kane, <u>Federal Practice and Procedure</u>; Civil 2d §1527 ("But because the pretrial memorandum is submitted at a relatively early stage in the action, courts generally have been quite liberal both in construing the statement and in allowing it to be amended.")

In the event that this Court determines that it would need to amend its

Second Scheduling Order in order for the Court to accept Plaintiff's First Amendment to Plaintiff's Amended Pretrial Statement, Plaintiff respectfully requests that this Court do so. The Ninth Circuit Court has proclaimed

> a pre-trial order is not an inexorable decree and may, under proper circumstances, be modified.... In the exercise of sound judicial administration and the interest of justice, an amendment of a pre-trial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight.

<u>Angle v. Sky Chef, Inc.</u>, 535 F.2d 492, 495 (9th Cir. 1976).

In this case, an amendment to the Second Scheduling Order should be permitted to allow Plaintiff's First Amendment to Plaintiff's Amended Pretrial Statement as there will be no substantial injury suffered by City Defendants. Plaintiff's First Amendment to Plaintiff's Amended Pretrial Statement contained solely the inclusion of one witness, Howard Tom Sun. City Defendants decried in their Motion to Strike that the Court should preclude the identity of Howard Tom Sun as a witness, but failed to state in any manner how they would be harmed or injured by the inclusion of the witness, Howard Tom Sun. In fact, there would be no injury or prejudice to the City Defendants as they were provided notice that Plaintiff had planned to identify Howard Tom Sun as a witness as he was included on Plaintiff's Final Witness List. Howard Tom Sun, in fact filed his own whistleblower

10010/3/57876

8

suit against the City (which has already been tried) and the City has had ample opportunity to depose him as well as to examine him at trial. There can be no argument that the City will be surprised by any of his testimony!

On the other hand, the refusal to allow Plaintiff to identify Howard Tom Sun as a witness would greatly prejudice Plaintiff. Howard Tom Sun is an important and material witness whose testimony will assist Plaintiff in establishing that the City Defendants have a history, practice and custom and/or policy in retaliating against whistleblowers.

With all due respect to the Court, Plaintiff believes that the inconvenience to the Court will be slight, if any, as Howard Tom Sun was included the Final Witness List submitted by Plaintiff. In addition, as Plaintiff explained, the purpose of Plaintiff's First Amendment to Plaintiff's Amended Pretrial Statement was to ensure that there was consistency between the Final Witness List submitted by Plaintiff and his Pretrial Statement.

City Defendants' request for sanctions and attorneys' fees for Plaintiff's alleged violation of the Court's Second Scheduling Order. However, as stated above, Plaintiff did not violate the Court's Second Scheduling Order and has complied with the Court's deadlines. Moreover, any exclusion of witnesses or evidence is an extreme sanction that should

not be imposed absent willful deception or flagrant disregard of the court orders. <u>Waters v. Genesis Health Ventures, Inc.</u>, 2004 U.S. Dist. LEXIS 23801, *3 (E.D. Pa. 2004)("It is well settled that the exclusion of evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence")(citing <u>Meyers v. Pennypack Woods Home Ownership Ass'n</u>, 559 F.2d 89, 905 (3rd Cir. 1977).

> B. <u>Howard Tom Sun is a Material Witness to Plaintiff's Case and His Testimony is Relevant, Admissible, and Should Not be Excluded</u>

City Defendants inappropriately and deceptively included an argument in their Motion to Strike that appears to be a motion in limine. If City Defendants desired to exclude or limit the testimony of Howard Tom Sun, they should have filed a separate motion in limine to exclude his testimony. A Motion to Strike is an inappropriate forum to argue a motion in limine. City Defendants' Motion to Strike is misleadingly labeled as merely a motion to strike when in actuality, the document appears to be both a motion to strike and a motion in limine. As such, the Court should strike this portion of the City Defendants' argument.

In the event that the Court entertains the City Defendants' argument that Howard Tom Sun's testimony is inadmissible, Plaintiff contends that

Howard Tom Sun's testimony is relevant, admissible, and should not be excluded.

According to Rule 401 of the Federal Rule of Evidence "relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence."

Rule 406 of the Federal Rules of Evidence states

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

In this case, the testimony of Howard Tom Sun is relevant and important to show the City Defendants' custom, practice and/or policy toward retaliating against whistleblowers.[1] Howard Tom Sun, a City and County of Honolulu employee was a whistleblower who reported unsafe conditions within the City and County of Honolulu. His experiences of retaliation as a whistleblower with the City and County of Honolulu and its employees were very similar to those experienced by Plaintiff. For example, Howard Tom Sun was apparently also the subject of workplace

---

[1] At a minimum, City Defendants have conceded that evidence of other lawsuits are relevant to show that "the City 'was on notice of various civil rights abuses that had been alleged.'" See City Defendantds' Reply Memorandum in Support of Motion to Extend Time to File Substantive Motions. This fact is important, and clearly relevant, to show City Defendants' custom, practice and/or policy toward retaliating against whistleblowers.

violence reports filed against him as a result of his whistleblowing. The testimony of Howard Tom Sun, in conjunction with a number of other witnesses, will establish that the City and County of Honolulu, in the past decade, has had a custom of retaliating against whistleblowers that is so persistent, consistent and widespread that it constitutes a permanent and a very well settled city policy. Moreover, Howard Tom Sun's testimony will also help to establish the habit and routine practice of the City and County of Honolulu and that its retaliation against Plaintiff was in conformity with its habit and routine practice. As such, the testimony of Howard Tom Sun is relevant, necessary, and admissible.

In its "motion in limine", the City Defendants made grand assumptions regarding Howard Tom Sun's testimony and the intended use of his testimony by Plaintiff. In the event that this Court is inclined to exclude the testimony of Howard Tom Sun, Plaintiff would respectfully request that this Court postpone its ruling on City Defendants' "motion in limine" until a later date, and until such a ruling is necessary and appropriate.

V.   CONCLUSION

Plaintiff requests that this Court deny City Defendants' Motion to Strike as Plaintiff fully complied with this Court's Second Scheduling Order. Plaintiff filed its First Amendment to its Amended Pretrial Statement in an

attempt to ensure that the witnesses listed in its Final Witness List filed on September 12, 2006 (after Plaintiff had filed its Pretrial Statement) were consistent with its Pretrial Statement.

In the event that this Court determines that it would be appropriate to consider City Defendants' "motion in limine" (a motion that was inappropriately and deceptively included in its Motion to Strike), Plaintiff would request that this Court deny its "motion in limine" as Howard Tom Sun's testimony is highly relevant, necessary, and the probative value of the testimony substantially outweighs any danger of unfair prejudice, confusion of the issues, misleading the jury, or considerations of undue delay or waste of time.

DATED:  Honolulu, Hawaii, September 18, 2006.

/s/Christopher J. Muzzi
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>             Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>             Defendants. | Civil No.  04-00108 KCS/KSC<br><br>CERTIFICATE OF SERVICE |

## **CERTIFICATE OF SERVICE**

The undersigned herby certifies that a true and correct copy of the foregoing was duly served upon the party listed below at their respective address by hand delivery or by the court's electronic transmission facility on September 18, 2006.

10010\3\53092.8

MICHAEL A. LORUSSO, ESQ.  **VIA HAND DELIVERY**
Kawashima Lorusso & Tom, LLP
Fort Street Tower
745 Fort Street, 5th Floor
Honolulu, Hawaii 96813

    Attorneys for Defendants
    City & County of Honolulu,
    Gary T. Kurokawa, Robert O. Magota,
    and Ann C. Gima

KEVIN P. H. SUMIDA, ESQ.  **VIA COURT'S ELECTRONIC**
ANTHONY L. WONG, ESQ.  **TRANSMISSION FACILITY**
Suite 1400, Mauka Tower
737 Bishop Street
Honolulu, Hawaii 96813

    Attorneys for Defendant
    GK APPRAISALS, INC.

DATED: Honolulu, Hawaii, September 18, 2006.

                                        /s/ CHRISTOPHER J. MUZZI
                                        ROGER S. MOSELEY
                                        ALAN K. LAU
                                        CHRISTOPHER J. MUZZI
                                        RENEE M. FURUTA
                                        Attorneys for Plaintiff
                                        PHILIP E. ENGLISH