Of Counsel:
SUMIDA & TSUCHIYAMA
A Limited Liability Law Company

KEVIN P. H. SUMIDA     2544-0
ANTHONY L. WONG     6018-0
Dillingham Transportation Building
735 Bishop Street, Suite 411
Honolulu, Hawaii  96813
Telephone No. (808) 356-2600
Fax No. (808) 587-6197
E-Mail:  info@sthawaii.com
awong@sthawaii.com;
ksumida@sthawaii.com
Attorneys for Defendant
GK APPRAISALS, INC.

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>Defendants. | CIVIL NO. CV04 00108 KSC<br><br>DEFENDANT GK APPRAISALS, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S MOTION IN LIMINE NO. 1 RE: EXCLUDING EVIDENCE OF SETTLEMENT NEGOTIATIONS; CERTIFICATE OF SERVICE<br><br><br>TRIAL: October 3, 2006 |

DEFENDANT GK APPRAISALS, INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF
PHILIP E. ENGLISH'S MOTION IN LIMINE NO. 1 RE: EXCLUDING
<u>EVIDENCE OF SETTLEMENT NEGOTIATIONS</u>

Comes now defendant GK APPRAISALS, INC. (hereinafter "this Defendant") by its attorneys, and, subject to and without waiver of any defense or objection to which they are entitled, hereby respectfully provides its Memorandum in Opposition to Plaintiff Philip E. English's Motion in Limine No. 1, regarding exclusion of evidence of settlement negotiations. As discussed below, this Defendant respectfully requests that Plaintiff's Motion in Limine No. 1 be DENIED as to any settlement negotiations as to plaintiff's underlying workers' compensation claim.

<u>ARGUMENT</u>

Plaintiff seeks to exclude evidence of settlement negotiations, and supports this intention with argument and references to settlement negotiations in the instant case now pending before this court. To the extent that any ruling on this motion is limited to these settlement negotiations, this defendant does not object to the granting of this motion.

However, to the extent that plaintiff's motion may be intended or construed to apply to settlement, or settlement negotiations in of the workers' compensation claim it should not be granted.

At the outset, according to substantive Hawaii law enunciated in <u>Sato v. Tawata</u>, 79 Hawaii 14, 897 P.2d 941 (1995), workers compensation payments are admissible to demonstrate motive, or other purpose advanced by the parties. In <u>Sato</u>, the Hawaii Supreme Court determined that the fact that the plaintiff received workers' compensation payments was admissible to demonstrate his motive for failing to return to work.

Similarly, Rule 408 of the federal rules of evidence only prohibit evidence of settlement discussions to prove liability or the amount thereof. Rule 408 specifically provides that it does not require exclusion when the evidence is offered for some other purpose, such as proving bias or prejudice of a witness.

In the present case, it is clear that both the settlement and negotiations thereof vis-à-vis the workers' compensation claim are for purposes allowed by the Rule and applicable substantive state law.

In the present case, the negotiation of the workers' compensation claim, and ultimate settlement thereof resulted in a rather large settlement to plaintiff. Here, those settlement negotiations, and the settlement itself are relevant to plaintiff's motive (e.g. free money approximating two-year's salary). Thus, his prolonged absence from work is explained by this settlement instead of by any actual injury.

CONCLUSION

Based on the foregoing, this Defendant respectfully requests that the Court DENY Plaintiff's Motion in Limine No. 1, as it may be construed to pertain to plaintiff's workers' compensation claim.

DATED: HONOLULU, HAWAII, _____Sept 19, 2006_____

_____

KEVIN P. H. SUMIDA
ANTHONY L. WONG
Attorneys for Defendant
GK APPRAISALS, INC