Of Counsel:
SUMIDA & TSUCHIYAMA
A Limited Liability Law Company

KEVIN P. H. SUMIDA        2544-0
ANTHONY L. WONG           6018-0
Dillingham Transportation Building
735 Bishop Street, Suite 411
Honolulu, Hawaii  96813
Telephone No. (808) 356-2600
Fax No. (808) 587-6197
E-Mail:  info@sthawaii.com
awong@sthawaii.com;
ksumida@sthawaii.com
Attorneys for Defendant
GK APPRAISALS, INC.

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PHILIP E. ENGLISH,

　　　　　　　Plaintiff,

　　vs.

CITY AND COUNTY OF
HONOLULU; GARY T.
KUROKAWA; ROBERT O.
MAGOTA; ANN C. GIMA; and GK
APPRAISALS, INC.; JOHN DOES 1-
10; JANE DOES 1-10; DOE
PARTNERSHIPS; DOE
CORPORATIONS 1-10; AND DOE
ENTITIES 1-10,

　　　　　　　Defendants.

CIVIL NO. CV04 00108 KSC

DEFENDANT GK APPRAISALS,
INC.'S MEMORANDUM IN
OPPOSITION TO PLAINTIFF PHILIP
E. ENGLISH'S MOTION IN LIMINE
NO. 2 RE: EXCLUDING TESTIMONY
OF CORLIS CHANG; CERTIFICATE
OF SERVICE

TRIAL: October 3, 2006

DEFENDANT GK APPRAISALS, INC.'S MEMORANDUM IN
OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S MOTION IN
LIMINE NO. 2 RE: EXCLUDING TESTIMONY OF CORLIS CHANG

Comes now defendant GK APPRAISALS, INC. (hereinafter "this

Defendant") by its attorneys, and, subject to and without waiver of any defense or

objection to which they are entitled, hereby respectfully provides its Memorandum

in Opposition to Plaintiff Philip E. English's Motion in Limine No. 2, regarding

excluding testimony of Corlis Chang. As discussed below, this Defendant

respectfully requests that Plaintiff's Motion in Limine No. 2 be DENIED, because

Ms. Chang's testimony is relevant in defending against the claims raised by

Plaintiff, because Ms. Chang has personal knowledge for what she observed,

heard, and experience, and because Ms. Chang's testimony is either not hearsy, or

subject to a hearsay exception, allowing admissibility.

## I. CORLIS CHANG'S TESTIMONY IS RELEVANT AND NOT OUTWEIGHED BY ANY PREJUDICE

On pages 3 and 4 of the Motion in Limine, Plaintiff PHILIP E.

ENGLISH ("Plaintiff") claimed that any testimony of Corlis Chang, who is

Plaintiff's former wife, would be irrelevant and/or prejudicial, because he was not

married to Ms. Chang when he was employed with City and County of Honolulu,

and because Ms. Chang "does or may harbor ill will towards Plaintiff". Plaintiff's

argument, however, lacks a scintilla of merit.

The record is clear that Ms. Chang may provide relevant testimony on Plaintiff's emotional condition. In the First Amended Complaint, Plaintiff raised a claim for intentional infliction of severe mental or emotional distress in Count VI, and a claim for negligent infliction of emotional distress in Count VII. As a result, this Defendant is allowed to offer information to defend against the IIED and NIED claims.

Ms. Chang is anticipated to be able to testify as to Plaintiff's emotional condition prior to, during, and subsequent to, his employment with the City and County of Honolulu. Ms. Chang is anticipated to testify to Plaintiff's mental state of mind, pre-existing emotional condition, facts and circumstances relating to apportionment of emotional distress, the effect of tax problems, the effect of the divorce, continued emotional distress because of the divorce, relationship with Plaintiff and new wife prior to and after the divorce, and interaction with Plaintiff through the custody of the children. Certainly, any information relating to Plaintiff's emotional condition is relevant. See Herbert v. Mobil Oil Corp., 480 F.2d 1209, 1211 (9th Cir. 1973) (prior back condition relevant for apportionment); Miller v. Fairchild Industries, Inc., 885 F.2d 498, 512 (9th Cir. 1989) (error to exclude lay testimony of family concerning emotional distress even for the part of a bifurcated trial on liability, not damages).

Similarly, Ms. Chang's testimony as to Plaintiff's work history prior to his employment with the City and County of Honolulu is also relevant. In the First Amended Complaint, Plaintiff raised a claim for intentional interference with prospective economic advantage in Count X. This Defendant is entitled to defend against this claim by attacking Plaintiff's abilty to earn income. Ms. Chang is anticipated to provide information as to Plaintiff's prior work history, which will reflect on Plaintiff's ability to earn future income.

Also, Plaintiff's concern of bias or prejudice from his ex-wife may be addressed on cross-examination. Certainly, the probative value of this information pertaining to a defense certainly outweighs any potential prejudice. Also, if any bias or prejudice did exist, the Court could address the issue through an instruction to the jury.

## II. CORLIS CHANG'S TESTIMONY IS BASED ON HER PERSONAL KNOWLEDGE

On pages 1 and 2 of the Motion in Limine, Plaintiff claimed that any testimony of Corlis Chang would not be based on her personal knowledge. To the contrary, testimony of Ms. Chang relating to her observations of Plaintiff's emotional condition, effect of certain circumstances such as tax debt on Plaintiff, and Plaintiff's work history would be based on personal knowledge. She also would be able to testify as to Plaintiff's state of mind based on her conversations

with Plaintiff. Ms. Chang would have the requisite knowledge to testify to events she witnessed, heard, or experienced, in compliance with FRE Rule 602.

III. CORLIS CHANG'S TESTIMONY WILL NOT RUN AFOUL OF THE HEARSAY RULE

On pages 2 and 3 of the Motion in Limine, Plaintiff claimed that any testimony of Corlis Chang would run afoul of the hearsay rule. This argument is specious.

As discussed above, Plaintiff's anticipated testimony would be based on her own person knowledge. As a result, it would not constitute hearsay, but her own opinions on what she experienced.

Additionally, any testimony of Ms. Chang pertaining to statements of Plaintiff would not be considered to be hearsay. FRE Rule 801(d)(2) identifies which statements are not considered to constitute hearsay. This rule provides:

> **Admission by party-opponent.** The statement is offered against a party and is
>
> (A) the party's own statement, in either an individual or a representative capacity or
>
> (B) a statement of which the party has manifested an adoption or belief in its truth, or
>
> (C) a statement by a person authorized by the party to make a statement concerning the subject, or
>
> (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or

(E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

The contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under subdivision (C), the agency or employment relationship and scope thereof under subdivision (D), or the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E).

Admissions are not considered to be hearsay, and are admissible. U.S. v. Freeman, 519 F.2d 67, 69 (9th Cir. 1975).

Moreover, any testimony of Ms. Chang pertaining to statements of Plaintiff would also qualify to be an exception to the hearsay rule. FRE Rule 803 identifies certain exceptions to the prohibition on admitting hearsay. This rule provides in relevant part:

**Hearsay Exceptions; Availability of Declarant immaterial**

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

(1) Present sense impression. A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.

(2) Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

(3) Then existing mental, emotional, or physical condition. A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

(4) Statements for purposes of medical diagnosis or treatment. Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

\*      \*      \*

(21) Reputation as to character. Reputation of a person's character among associates or in the community.

In the same vein, FRE Rule 807 provides a general exception to the

prohibition on admitting hearsay statements. This rule provides in relevant part:

**Residual Exception**
A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to

provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

As a result, even where the statements of Ms. Chang are considered to be hearsay, not an admission, in repeating statements made by Plaintiff, there are specific and general exceptions to the hearsay rule to allow such testimony into evidence.

## IV. CONCLUSION

Based on the foregoing, this Defendant respectfully requests that the Court DENY Plaintiff's Motion in Limine No. 2, regarding excluding testimony of Corlis Chang.

DATED:  HONOLULU, HAWAII,    September 19, 2006

KEVIN P. H. SUMIDA
ANTHONY L. WONG
Attorneys for Defendant
GK APPRAISALS, INC