Of Counsel:
SUMIDA & TSUCHIYAMA
A Limited Liability Law Company

KEVIN P. H. SUMIDA            2544-0
ANTHONY L. WONG              6018-0
Dillingham Transportation Building
735 Bishop Street, Suite 411
Honolulu, Hawaii 96813
Telephone No. (808) 356-2600
Fax No. (808) 587-6197
E-Mail: info@sthawaii.com
awong@sthawaii.com;
ksumida@sthawaii.com
Attorneys for Defendant
GK APPRAISALS, INC.

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>Defendants. | CIVIL NO. CV04 00108 KSC<br><br>DEFENDANT GK APPRAISALS, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S MOTION IN LIMINE NO. 3 RE: EXCLUDING EVIDENCE REGARDING PLAINTIFF PHILIP E. ENGLISH'S ALLEGED USE OF CITY TIME AND EQUIPMENT FOR PERSONAL MATTERS; CERTIFICATE OF SERVICE<br><br>TRIAL: October 3, 2006 |

DEFENDANT GK APPRAISALS, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S MOTION IN LIMINE NO. 3 RE: EXCLUDING EVIDENCE REGARDING PLAINTIFF PHILIP E. ENGLISH'S ALLEGED USE OF CITY TIME AND EQUIPMENT FOR PERSONAL MATTERS

Comes now defendant GK APPRAISALS, INC. (hereinafter "this Defendant") by its attorneys, and, subject to and without waiver of any defense or objection to which they are entitled, hereby respectfully provides its Memorandum in Opposition to Plaintiff Philip E. English's Motion in Limine No. 3, regarding excluding evidence regarding Plaintiff Philip E. English's alleged use of city time and equipment for personal matters. Defendant respectfully requests that Plaintiff's Motion in Limine No. 3 be DENIED, because such information supports this Defendant's defense that there was no intentional infliction of emotional distress, goes to the issue of Plaintiff's motive for blowing the whistle on others, and demonstrates the lack of veracity in Plaintiff's testimony for blowing the whistle on others. In addition, plaintiff's use of plaintiff's use of City time and equipment for personal matters corroborates the contention of the City defendants that Philip English was indeed *not* properly performing his work, thus providing a plausible explanation for his work deficiencies and corresponding job performance reviews.

## I. PLAINTIFF'S USE OF CITY TIME AND EQUIPMENT FOR PERSONAL MATTERS IS A DEFENSE OF THIS DEFENDANT

On page 2 of the Motion in Limine, Plaintiff PHILIP E. ENGLISH ("Plaintiff") claimed that his use of City and County of Honolulu ("City") time and equipment for his own personal matters does not apply to any defense asserted by this Defendant, and thus, his use of City time and equipment for his own personal use should be excluded. Plaintiff's argument is meritless. Plaintiff's use of City time and equipment for his own personal matters is at the heart of this Defendant's defense.

In the First Amended Complaint, Plaintiff raised a whistle blower/ retaliation/wrongful termination claim against the City and County of Honolulu, and this Defendant as vicariously liable for the same. In that regard, Plaintiff raised claims against this Defendant for intentional infliction of severe mental or emotional distress in Count VI, for negligent infliction of emotional distress in Count VII, and for intentional interference with prospective economic advantage in Count X.

This Defendant filed an Answer to the First Amended Complaint denying the general facts and circumstances of the First Amended Complaint, and the specific remaining counts against this Defendant. It is axiomatic that this Defendant's complete denial of any involvement in the termination of Plaintiff's employment, includes an alternative explanation of the events leading up to

Plaintiff's work deficiencies. As a result, it is this Defendant's defense to provide another explanation of why Plaintiff was terminated. If he was expending City work-time and City resources for personal business and/or social matters it explains why he was having trouble completing his work assignments in a timely fashion. Plaintiff's complaints and e-mails complaining of insufficient time to complete work assignments will be juxtaposed to records of non-work related tasks being performed on City equipment, and both by inference and direct evidence, on City time.

In addition, it is reasonable inference that Plaintiff concocted a plan with his attorney to cover up work deficiencies caused by his use of City time and equipment for personal matters, and to set up the City for a wrongful termination/retaliation-whistle-blower claim. This information would explain why Plaintiff was motivated to make a whistle blowing complaint, why Plaintiff actually made a whistle blowing complaint, why Plaintiff did not have enough time to complete his work, why Plaintiff's qualify of work declined after the whistle blower complaint, and why the notice attached as Exhibit "A" to the Motion in Limine was sent out. Therefore, Plaintiff's use of City time and equipment for personal matters goes to the very heart of this Defendant's defense.

In order for this Defendant to raise its defense, this Defendant must be able to explore Plaintiff's use of City time and equipment for personal matters.

Being that Plaintiff's use of City time and equipment for personal matters is critical to this Defendant's defense, such information should be admitted into evidence. It is clear that Plaintiff seeks to exclude this information in order to cripple this Defendant's defense.

## II. PLAINTIFF'S USE OF CITY TIME AND EQUIPMENT FOR PERSONAL USE IS ADMISSIBLE EVIDENCE

On pages 2 and 3 of the Motion in Limine, Plaintiff claimed that there is no evidence that Plaintiff used City time and equipment for personal use, that Federal Rules of Evidence ("FRE") balancing test set forth in FRE 402, 403 and 404 preclude admissibility, and that FRE 608 also precludes admissibility. To the contrary, all of these arguments are in applicable.

This Defendant intends to offer specific evidence, including plaintiff's own testimony, that he used City time and equipment for his own personal use. Including e-mails from plaintiff's city computer bearing time and date stamps incompatible with non-work hours. Thus, Plaintiff's claim that there is no evidence that he performed personal matters on City time and equipment lacks merit.

Furthermore, this Defendant is allowed to provide evidence that Plaintiff used City time and equipment for personal use to show that the "whistle blower" complaint to the Ethics Commission was not made based on his high morals, as alleged by Plaintiff, but to further his own financial and political

motives. Without evidence of plaintiff's own use of City time and equipment for personal motives, the jury might believe his claim of moralistic motives for the complaint. With evidence of such use, it makes ulterior motives more likely and thus such evidence is relevant.

As stated in FRE Rule 404(b), there is justifiable cause to allow Plaintiff's use of City time and equipment for personal use into evidence. This rule provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Plaintiff's use of City time and equipment for personal use is admissible under FRE Rule 404(b) where the following test is satisfied: (1) there must be sufficient proof for the jury to find that the plaintiff committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged. See Bibo-Rodriguez, 922 F.2d 1398, 1400 (9th Cir.1991). This is all present in the present case, where information from Plaintiff's computer may be provided, the time of the misuse was just prior to, and after, the "whistle blower" complaint, the misuse is a material issue regarding the entire wrongful termination scheme.

The Ninth Circuit Court has admitted evidence relating to motive under FRE Rule 404(b). U.S. v. Santiago, 46 F.3d 885, 889 (9th Cir. 1995). Notably, such evidence also passed the FRE Rule 403 balancing test. In an analogous situation to the instant case, the Ninth Circuit Court allowed evidence of gang activity of the accused for the purpose of "motive, opportunity, intent, preparation or plan. Id.

Finally, FRE Rule 608 does not preclude the introduction of Plaintiff's use of City time and equipment for personal use where it goes directly to Plaintiff's veracity. FRE Rule 608 allows attack of a person's character if it is based on the person ability to tell the truth. This rule provides:

> **(a) Opinion and reputation evidence of character**.
>
> The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.
>
> **(b) Specific instances of conduct.**
>
> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or

untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of the accused's or the witness' privilege against self-incrimination when examined with respect to matters that relate only to character for truthfulness.

In evaluating this Rule, the Ninth Circuit Court stated that prior bad acts, for even crimes not resulting in a conviction, may be used to impeach a witness on issues that he puts in dispute during direct examination. The Ninth Circuit Court stated:

> In United States v. Miranda-Uriarte, 649 F.2d 1345, 1353-54 (9th Cir. 1981), we held that a defendant who testifies at his trial may be cross-examined as to all matters reasonably related to the issues he puts in dispute during direct examination. While Fed.R.Evid. 608(b) provides that specific instances of conduct of a witness not resulting in a criminal conviction "may not be proved by extrinsic evidence" solely for the purpose of attacking his credibility, the rule also provides that such bad acts may be inquired into on cross-examination to impeach a witness's testimony if those acts are probative of his character for truthfulness and their probative value outweighs their prejudicial effect. Fed.R.Evid. 608(b); United States v. Green, 648 F.2d 587, 596 & n.12 (9th Cir. 1981) (per curiam).

U.S. v. Mehrmanesh, 682 F.2d 1303, 1310 (9th Cir. 1982).

In light of this, this Defendant may be allowed to ask questions as to Plaintiff's use of City time and equipment for his own personal matters. Plaintiff

-8-

will put this issue on dispute in stating that he made a whistle blower complaint. In attacking the reason for making the whistle blower complaint, it is anticipated that Plaintiff will repeat that he has high morals which compelled him to submit the whistle blower complaint. On cross-examination, this Defendant should be allowed to challenge Plaintiff by his own use of City time and equipment for personal matters. This fact will demonstrate that something else must have been the driving reason to file the whistle blower complaint. Further, as stated in Plaintiff's own exhibit "A", to do so is a fraudulent activity going to honesty. In light of this, Rule 608 actually allows for the admission of this information.

III. CONCLUSION

Based on the foregoing, this Defendant respectfully requests that the Court DENY Plaintiff's Motion in Limine No. 3, regarding excluding evidence regarding Plaintiff Philip E. English's alleged use of City time and equipment for personal matters.

DATED: HONOLULU, HAWAII, September 19, 2006

_____
KEVIN P. H. SUMIDA
ANTHONY L. WONG
Attorneys for Defendant
GK APPRAISALS, INC