Of Counsel:
SUMIDA & TSUCHIYAMA
A Limited Liability Law Company

KEVIN P. H. SUMIDA        2544-0
ANTHONY L. WONG           6018-0
Dillingham Transportation Building
735 Bishop Street, Suite 411
Honolulu, Hawaii 96813
Telephone No. (808) 356-2600
Fax No. (808) 587-6197
E-Mail: info@sthawaii.com
awong@sthawaii.com;
ksumida@sthawaii.com
Attorneys for Defendant
GK APPRAISALS, INC.

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>    Defendants. | CIVIL NO. CV04 00108 KSC<br><br>DEFENDANT GK APPRAISALS, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S MOTION IN LIMINE NO. 4 RE: EXCLUDING EVIDENCE AND TESTIMONY REGARDING PLAINTIFF PHILIP E. ENGLISH'S INCOME PRIOR TO HIS EMPLOYMENT WITH THE CITY AND COUNTY OF HONOLULU, ASSESSMENT DIVISION; CERTIFICATE OF SERVICE |

)
) TRIAL: October 3, 2006
)

**DEFENDANT GK APPRAISALS, INC.'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S
MOTION IN LIMINE NO. 4 RE: EXCLUDING EVIDENCE AND
TESTIMONY REGARDING PLAINTIFF PHILIP E. ENGLISH'S INCOME
PRIOR TO HIS EMPLOYMENT WITH THE CITY AND COUNTY OF
HONOLULU, ASSESSMENT DIVISION**

Comes now defendant GK APPRAISALS, INC. (hereinafter "this Defendant") by its attorneys, and, subject to and without waiver of any defense or objection to which they are entitled, hereby respectfully provides its opposition to plaintiff's motion in limine No. 4.

Presently pending before the court is defendant GK Appraisal's motion for summary judgment, wherein summary judgment is sought against plaintiff for his claims for past and future disability and/or wage and earnings loss. To the extent this motion for summary judgment is granted, as it should be, defendant would have no objection to the instant motion in limine, as plaintiff's claims for wage loss would no longer be a part of the case.

But to the extent plaintiff has any wage loss claim remaining to be tried, the instant motion in limine should be denied on that basis alone.

Plaintiff's prior employment history is relevant for many reasons:

1. It is more than obvious that the plaintiff's prior work history, including his wage history, is relevant to any claim for future wage loss. It is relevant to what kind of jobs he can hold, what kind of income he enjoyed, what kind of job he might be able to do in the future, and how long he might be expected to hold onto any new job.

> It is well established that a loss of future earnings award is not merely based upon the difference between a plaintiff's earnings before and after a disabling injury. Such an award is predicted upon the difference between the plaintiff's earning capacity before and after the disabling injury.

Callihan v. Town of Vinton, 668 So.2d 735. 741 (3d Cir. 1996). Wage history and work consistency are factors to be considered in determining an award of future wage loss. *Id. Frazier v. Zapata Protein USA*, 832 So.2d 1141, 1150 (3d Cir. 2002)

Plaintiff claims that, since he bases his wage loss claim on what he was earning while at the City, only wage information related to his employment with the City can be relevant. The problem with this argument, unfortunately, is that plaintiff's work history shows that he was incapable of holding any sort of job, including running his own company, for any significant period of time. In the instant case, plaintiff quit his job, and there is a real question as to whether he did so because of some wrongdoing by the defendants, or because of other factors personal to the defendant. His prior work history will shed light on this question.

Thus, plaintiff's work history is relevant to the question of whether plaintiff could reasonably expect to have continued working for the City even if he did not experience the claimed wrongful actions of the defendants.

> The plaintiff's work history, good or bad, bears on whether, how, and how long the plaintiff probably would have been employed had he not been injured.

*National Railroad Passenger Corp. v. McDavitt*, 804 A.2d 275, 290 (2002).

    2.    Plaintiff has, to say the least, a complex emotional and psychological background. To fully understand this background, and whether the emotional distress he claimed to have suffered was either real or causally related to his employment with the City, the fact finder should be able to review his prior life experiences, including his work history. Defendants believe that his prior financial and work problems also contributed to his emotional state while working for the City, and provides a basis for the fact finder to conclude that any emotional distress suffered while working at the City was caused or contributed to by those prior problems. Thus, at a minimum, his prior work history is relevant to issues of causation and apportionment.

    3.    Plaintiff lied on his employment application. This fact alone is relevant on the question of plaintiff's truthfulness:

> (b) **Specific instances of conduct**. Specific instances of the conduct of a witness, for the purpose of attacking the witness' credibility, if probative of untruthfulness, may be inquired into on cross-examination of the witness and,

in the discretion of the court, may be proved by extrinsic evidence.

HRE 608(b).

Plaintiff's falsehoods include his failure to disclose (despite a specific request that provide a complete employment history and an explanation for any gaps): 1) the fact that his earnings while working for his company amounted to far less than what he stated in his application, 2) the fact that, for most of the history of his company, he did supervise a staff of 12 as he claimed in his job application, 3) the fact that, following the collapse of his company, he worked, not as an appraiser, but as a clerk for City Mill, and a carpet cleaner for Electrolux, and 4) the fact that he had substantial periods of unemployment.

Had plaintiff fully disclosed his employment history, defendant believes, and expects to show, that plaintiff's may have not have been promoted or given greater job responsibilities as quickly as actually happened in the instant case. Moreover, to the extend plaintiff claims that his probationary period for his new position was wrongfully extended for three months (such action was proposed, but not implemented), defendants should be allowed to show that such an extension might well have occurred had the City been fully informed of plaintiff's employment history. To rule otherwise would be to reward plaintiff for submitting a false employment application.

DATED: HONOLULU, HAWAII,    September 19, 2006

*[signature]*

KEVIN P. H. SUMIDA
ANTHONY L. WONG
Attorneys for Defendant
GK APPRAISALS, INC