Of Counsel:
SUMIDA & TSUCHIYAMA
A Limited Liability Law Company

KEVIN P. H. SUMIDA        2544-0
ANTHONY L. WONG        6018-0
Dillingham Transportation Building
735 Bishop Street, Suite 411
Honolulu, Hawaii 96813
Telephone No. (808) 356-2600
Fax No. (808) 587-6197
E-Mail: info@sthawaii.com
awong@sthawaii.com;
ksumida@sthawaii.com
Attorneys for Defendant
GK APPRAISALS, INC.

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>             Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>             Defendants. | CIVIL NO. CV04 00108 KSC<br><br>DEFENDANT GK APPRAISALS, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S MOTION IN LIMINE NO. 5 RE: EXCLUDING TESTIMONY OF DIRK VON GUENTHNER; CERTIFICATE OF SERVICE<br><br>TRIAL: October 3, 2006 |

## DEFENDANT GK APPRAISALS, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S MOTION IN LIMINE NO. 5 RE: EXCLUDING TESTIMONY OF DIRK VON GUENTHNER

Comes now defendant GK APPRAISALS, INC. (hereinafter "this Defendant") by its attorneys, and, subject to and without waiver of any defense or objection to which they are entitled, hereby respectfully provides its Memorandum in Opposition to Plaintiff Philip E. English's Motion in Limine No. 5, regarding excluding testimony of Dirk Von Guenthner. This Defendant respectfully requests that Plaintiff's Motion in Limine No. 5 be DENIED, because Mr. Von Guenthner's testimony is an expert opinion critical of Plaintiff's expert Thomas Ueno's testimony, assumptions, and unsound methodology of calculation, and because Mr. Von Guenthner's testimony is relevant technical knowledge that will assist the jury to understand the issues with respect to the claim for future wage loss.

Federal Rules of Evidence Rules 702 and 703 provide the authority for expert witnesses to testify. These rules provide:

> Rule 702. Testimony by Experts
>
> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 703. Bases of Opinion Testimony by Experts

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

In complying with these rules, Mr. Von Guenthner is qualified testify. He is an expert witness in forensic accounting and a certified fraud examiner. In light of this expertise, Mr. Von Guenthner has special knowledge, skill, experience and training to explain the complex financial records, and to comment on the opinions made by Plaintiff's expert Thomas Ueno.

In fact, Mr. Von Guenthner did exactly what he is qualified to do. He provided an opinion attacking the assumptions of the opinions made by Mr. Ueno. Indeed, Mr. Von Guenthner's skill is the ability to explain complicated accounting matters in a simple lay terms means that a jury will understand the otherwise obtuse documents. Where Mr. Ueno's opinion is made on faulty methodology, is made without factual support, is unreliable, and is based on mere speculation, Mr. Von Guenthner's testimony will certainly assist the jury to understand the issues

involved with the future wage loss claim. Mr. Von Guenthner's testimony will provide more clarity to the jury to understand the complex financial documents, their applicability to the plaintiff's employment situation, their meaning and import as alternative stressors to the plaintiff, and to disputed issues between the parties on the future wage loss claim.

## III. CONCLUSION

Based on the foregoing, this Defendant respectfully requests that the Court DENY Plaintiff's Motion in Limine No. 5, regarding excluding testimony of Dirk Von Guenthner.

DATED: HONOLULU, HAWAII, September 19, 2006

*/s/*

KEVIN P. H. SUMIDA
ANTHONY L. WONG
Attorneys for Defendant
GK APPRAISALS, INC