Of Counsel:
SUMIDA & TSUCHIYAMA
A Limited Liability Law Company

KEVIN P. H. SUMIDA    2544-0
ANTHONY L. WONG    6018-0
Dillingham Transportation Building
735 Bishop Street, Suite 411
Honolulu, Hawaii 96813
Telephone No. (808) 356-2600
Fax No. (808) 587-6197
E-Mail: info@sthawaii.com
awong@sthawaii.com;
ksumida@sthawaii.com
Attorneys for Defendant
GK APPRAISALS, INC.

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>    Defendants. | CIVIL NO. CV04 00108 KSC<br><br>DEFENDANT GK APPRAISALS, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S MOTION IN LIMINE NO. 6 RE: ALLEGED MISREPRESENTATIONS PERTAINING TO PHILIP E. ENGLISH'S EMPLOYMENT APPLICATION TO THE CITY AND COUNTY OF HONOLULU; CERTIFICATE OF SERVICE<br><br>TRIAL: October 3, 2006 |

DEFENDANT GK APPRAISALS, INC.'S
MEMORANDUM IN OPPOSITIONTO PLAINTIFF
PHILIP E. ENGLISH'S MOTION IN LIMINE
NO. 6 RE: ALLEGED MISREPRESENTATIONS PERTAINING
TO PHILIP E. ENGLISH'S EMPLOYMENT APPLICATION TO
THE CITY AND COUNTY OF HONOLULU

Comes now defendant GK APPRAISALS, INC. (hereinafter "this Defendant") by its attorneys, and, subject to and without waiver of any defense or objection to which they are entitled, hereby respectfully provides its Statement of Position to Plaintiff Philip E. English's Motion in Limine No. 6, regarding plaintiff's misrepresentations on his employment application to the City and County of Honolulu .

In this case, plaintiff's lies on his job applications are admissible for two purposes. First, they are admissible to impeach his credibility. Second, they are admissible as a substantive defense to plaintiff's claims for wrongful discharge and retaliation.

Plaintiff's job application with the City and County of Honolulu contained the following certification immediately above the place where he signed his signature:

> I hereby certify that all statements made on or in connection with this application including those regarding my education and employment record are true and correct to the best of my knowledge. I agree and understand that any misstatements or omissions of material facts may cause forfeiture on my part of all rights to any

employment in the services of the City and County of Honolulu. I understand that all information is subject to verification. . . .

Nonetheless, despite his signed certification, numerous misstatements omissions, and work history have been found.

CREDIBILITY

Under both the Federal and Hawaii Rules of Evidence, Rule 608(b) lies on job applications are considered admissible to impeach credibility of a witness. Davidson Pipe Company v Laventhol and Horwath, 120 F.R.D. 455 (SD NY 1988) (headnote 10); State of Hawaii v. Estrada, 69 Hawaii 204, 219, 738 P.2d 812, 823 (1987).

In addition to being relevant to demonstrate the plaintiff's lack of candor, these misrepresentations impeach the motive for his so-called "whistle blowing". Plaintiff claims that his "whistle blowing" was motivated by moral values, and that he could not tolerate unethical behavior. However, this contention as to this motive is negated by demonstrating his own unethical behavior. Thus, the implication is that his "whistle blowing" was motivated by secondary motives, such as monetary gain, and not by moralistic values.

/

/

/

SUBSTANTIVE DEFENSE

### Limitation of Damages

In addition to impeaching the plaintiff's credibility, his lies on his job application constitute a substantive defense to his claims. If an employee making an otherwise successful Section 1983 claim is shown to have committed misconduct that would have resulted in discharge, he/she is precluded from recovering front-pay (future pay) and reinstatement. Washington v. Lack County, 762 F.Dupp 199, 204 (ND Ill. 1991). This defense appears applicable to wrongful discharge claims in general. See, e.g. McKennon v. Nashville Banner Publishing Company, 513 U.S. 352, 361-362, 115 S.Ct. 879, 886 (1995), Montelongo v Chase Manhattan Mortgage Corporation, Slip Copy (WL 2346088 (D. Or. 2005)

### Corroboration of True Reason For Employment Action

Plaintiff claims that various diminished Job Performance Evaluations and complaints about job performance constitute "retaliation" for his so-called "whistle blowing." However, discrepancies between his abilities and job history as reported on his employment application and his actual abilities and job history provide an explanation of his inability to properly perform his job.

For example, if a job applicant represented to an employer that he was a medical school graduate, licensed physician, and experienced heart surgeon, those representations would surely be admissible to determine whether the


employers motives in issuing poor job performance reviews were pretextual if it later turned out that the applicant's representations were false and he was not even a high school graduate. Clearly, those misrepresentations would be relevant to demonstrate the disparity between the employers expectations and the employees actual abilities.

When those expectations are not met, this will explain a less than stellar performance evaluation. Here, the plaintiff seems to have performed adequately with respect to job duties as an Appraiser II and Appraiser III, but began having difficulty independently performing all of the job duties of an Appraiser IV. His actual experience in contrast to that represented in his employment application is relevant to whether he was actually qualified to be an Appraiser IV.

DATED: HONOLULU, HAWAII,   September 19, 2006

_____
KEVIN P. H. SUMIDA
ANTHONY L. WONG
Attorneys for Defendant
GK APPRAISALS, INC