DEFENDANT GK APPRAISALS, INC.'S
PROPOSED JURY INSTRUCTION NO. ____

To award punitive damages, a positive element of conscious wrongdoing is always required.

Punitive damages may only be awarded where plaintiff has proven, by clear and convincing evidence, that the wrongdoer has acted wantonly, oppressively, or with such malice as implies a spirit of mischief or criminal indifference or where there has been some wilful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences.

Masaki v. General Motors Corp., 71 Haw 1, 15-17, 780 P.2d 566, 574-75 (1989);
Bright v. Quinn, 20 Haw. 504 (1911);
Kang v. Harrington, 59 Haw. 652, 660, 587 P.2d 285, 291 (1978);
McCormick, Handbook on the Law of Damages, section 77 at 275(1935).

DEFENDANT GK APPRAISALS, INC.'S
PROPOSED JURY INSTRUCTION NO. \_\_\_\_


Philip E. English has the burden to prove his entitlement to punitive damages by clear and convincing evidence. Clear and convincing evidence is that degree of proof which will produce in your minds a firm belief or conviction as to the allegations sought to be established. The facts supporting any claim for punitive damages must each be shown to be highly probable.

Masaki v. General Motors Corp., 71 Haw 1, 15-17, 780 P.2d 566, 574-75 (1989);

## DEFENDANT GK APPRAISALS, INC.'S
## PROPOSED JURY INSTRUCTION NO. \_\_\_\_

Philip E. English is making a claim for damages for impaired future earning capacity. Mr. English must show his impaired future earning capacity with reasonable certainty.. Factors which you may consider in determining the value of impaired future earning capacity as an element of damage for personal injury are the nature and extent of permanent injury, the degree of mental or physical handicap resulting from that injury, age and life expectancy of the victim, the extent to which her ability to work has been affected, his prior earnings, his occupation, health, and condition and the intellectual and physical avenues of occupation open to him. In this case, expert medical or psychiatric testimony is necessary to support a claim for future disability. If there is no expert medical or psychiatric testimony on probability of future disability, you may not award damages for future disability.

---

Airgo, Inc. v. Horizon Cargo Transport, Inc., 66 Haw. 590 (1983);
Burgess v. Arita, 5 Haw. App. 581 (Recon. Den.). 5 Haw. App. 682 (1985);
Jendrusch v. Abbott, 39 Haw. 506 (1952).

## DEFENDANT GK APPRAISALS, INC.'S
## PROPOSED JURY INSTRUCTION NO. ____

Phili E. English is alleging that he is suffering serious emotional distress because of his injuries.

Serious emotional distress may be found where a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case.

The injury caused by the emotional distress also must be foreseeable. What this means is that defendants must have known that their conduct was likely to cause the injury complained of, and to the person complaining of the injury. Where Mr. English's injuries were not a reasonably foreseeable consequence of defendants' acts, Mr. English is not entitled to recover.

In short, in order for Mr. English to prevail on this claim, he must establish that: (1) he sustained serious mental stress that a normally constituted person would not be able to adequately cope; (2) actual physical injury; and (3) it was foreseeable that he would sustain serious mental distress as a result of defendants' conduct.

Rodrigues v. State, 52 Haw. 156, 172-173 (1970);
Campbell v. Animal Quarantine Station, 63 Haw. 557 (1981).

## DEFENDANT GK APPRAISALS, INC.'S
## PROPOSED JURY INSTRUCTION NO. ____

Phili E. English is alleging that he was intentionally caused emotional distress. In order to prove this claim he must prove the following: 1) that the act allegedly causing harm was intentional or reckless; 2) that the act was outrageous and without just cause or excuse and was beyond all bounds of human decency and utterly atrocious in a civilized community; 3) that the act caused; 4) extreme emotional distress to him.

Hac v. University of Hawaii, 102 Hawaii 92, 106 73 P.3d 46, 60 (2003).

Ross v. Stouffer Hotel, Co. Ltd., 76 Haw. 454, 465, 879 P.2d 1037, 1048 (1994).

Shoppe v. Gucci America, Inc., 94 Hawaii 368, 387, 14 P.3d 1049, 1068 (2000);

Ross v. Stouffer Hotel, Co. Ltd., 76 Haw. 454, 465, 879 P.2d 1037, 1048 (1994).

DEFENDANT GK APPRAISALS, INC.'S
PROPOSED JURY INSTRUCTION NO. ____

Phili E. English is alleging that he was negligently caused emotional distress. In order to prove this claim he must prove 1) that a defendant engaged in negligent conduct; 2) that the plaintiff suffered serious emotional distress ; 3) that such negligent conduct by a defendant was the legal cause of the serious emotional distress; and 4) that he had either physical harm to some person, or actual imminent and potentially life-endangering physical peril.

John and Jane Roes v. FHP, Inc., 91 Hawaii 470, 474 and 475, 985 P.2d 661, 665 and 666 (1999); R. Calleon v. Miyagi and MTL, 76 Haw. 310, 320, 876 P.2d 1278, 1288 (1984) ; Ross v. Stoufer, 76 Haw. 454, 465, 879 P.2d 1037, 1048 (1994)

DEFENDANT GK APPRAISALS, INC.'S
PROPOSED JURY INSTRUCTION NO. ____


If you find that Philip E. English was suffering from a pre-existing diseased condition that was symptomatic at the time of the subject accident, and that Mr. English's pre-existing diseased condition was aggravated by the subject accident, then you must apportion the pre- and post-accident conditions if you are able to do so.

---

Matsumoto v. Kaku, 52 Haw. 629 (1971).

DEFENDANT GK APPRAISALS, INC.'S
PROPOSED JURY INSTRUCTION NO. ____

Damage awards cannot be based upon mere speculation, conjecture or surmise. Philip E. English must show his loss with reasonable certainty.

Airgo, Inc. v. Horizon Cargo Transport, Inc., 66 Haw. 590 (1983);

Burgess v. Arita, 5 Haw. App. 581 (Recon. Den.). 5 Haw. App. 682 (1985).

DEFENDANT GK APPRAISALS, INC.'S
PROPOSED JURY INSTRUCTION NO. ____


Philip E. English's damages and the fact that such damages were legally caused by the accident, must be established with reasonable certainty.


Tanuvasa v. City and County of Honolulu, 2 Haw. App. 102 (1981);

Ailetcher v. Beneficial Finance Co. of Hawaii, 2 Haw. App. 301 (1981).

DEFENDANT GK APPRAISALS, INC.'S
PROPOSED JURY INSTRUCTION NO. \_\_\_\_

Regarding any claim for damages for future pain and suffering, the test which is to be applied is whether or not future pain and suffering appears from the evidence to be reasonably probable. In this case, expert medical or psychiatric testimony is necessary to support a claim for future pain and suffering. If there is no expert medical or psychiatric testimony on probability of future pain and suffering, you may not award damages for future pain and suffering. The mere fear of contingent injury or suffering which may never occur, and the happening of which is speculative and uncertain, is not a showing of damage.

---

Bachran v. Morishige, 52 Haw. 61 (1970).

State v. Davis, 53 Haw. 582 (1972).

DEFENDANT GK APPRAISALS, INC.'S
PROPOSED JURY INSTRUCTION NO. \_\_\_\_


If you award Philip E. English any special damages, the law provides that you must also award him at least $1.00 in general damages.










Walsh v. Chan, 80 Haw. 188, 195 (App. 1995), aff'd in part, rev'd in part, 80 Haw. 212 (1995); Dunbar v. Thompson, 79 Haw. 306, 314-15 (App. 1995).

## DEFENDANT GK APPRAISALS, INC.'S
## PROPOSED JURY INSTRUCTION NO. _____

In determining the damages of the Philip E. English, you must fix the amounts fairly and justly, based upon the evidence. You must not consider other factors not in evidence, such as the tax consequences of any award, as any award will not be subject to income taxes.

---

26 U.S.C. § 104.

DEFENDANT GK APPRAISALS, INC.'S
PROPOSED JURY INSTRUCTION NO. ____

To support an award of Philip E. English's medical bills, you must find not only that he paid for, or incurred charges for, the services. There must be medical testimony that the amounts charged were reasonable and that the work was required as a result of the injury.

Unless you find that Mr. English's medical bills have been shown by competent medical testimony to be reasonable and necessary, you may not award any amount for such bills.

---

Reinhardt v. County of Maui, 23 Haw. 524 (1916)

Thomas v. Owens, 346 A.2d 662, 664 (Md. App. 1975)

Garafola v. Rosecliff Realty Co., 93 A.2d 608, 616 (N.J. Super. 1952)

McAllister v. George, 140 Cal. Rptr. 702, 706 (Cal. App. 1977) (plaintiff must show not only that he paid for the services but that the work was reasonably required as a result of the injury)

Calhoun v. Hildebrandt, 40 Cal. Rptr. 690, 692 (Cal. App. 1964) (where physicians not called, and no evidence that the bills were reasonable and necessary, the bills were properly excluded)

## DEFENDANT GK APPRAISALS, INC.'S
## PROPOSED JURY INSTRUCTION NO. ____

Philip E. English has made a claim for medical bills. He may recover damages for such bills only if they are shown to be reasonable and necessary to treat him for injuries sustained as a result of the accident.

---

25A C.J.S. Damages 156.

Wolf v. Levitt & Sons, Inc., 298 A.2d 374, 378 (Md. App. 1973).

Garafola v. Rosecliff Realty Co., 93 A.2d 608, 616 (N.J. Super. Ct. 1963).

Cusumano v. Pepsi-Cola, 223 N.E.2d 477, 486 (Ohio App. 1967).

Calhoun v. Hildebrandt, 40 Cal. Rptr. 690, 692 (Cal. App. 1964).

Reinhardt v. County of Maui, 23 Haw. 524 (1916).

DEFENDANT GK APPRAISALS, INC.'S
PROPOSED JURY INSTRUCTION NO. \_\_\_\_

Philip E. English is making a claim for damages for future medical expenses. Mr. English must show, through expert opinion, that his future medical expenses are more probable than not, and not merely a possibility.

---

Leong v. Honolulu Rapid Transit Co., 52 Haw. 138, 143, 472 P.2d 505 (1970);

Shover v. Iowa Lutheran Hospital, 252 Iowa 706, 107 N.W.2d 85, 95 (1961);

Lamont v. Independent School District No. 395, 278 Minn. 291, 154 N.W.2d 188, 192 (1967);

Jordan v. Bero, 210 S.E.2d 618, 637 (W. Va. 1974).

DEFENDANT GK APPRAISALS, INC.'S
PROPOSED JURY INSTRUCTION NO. \_\_\_\_

An employer is not liable for the actions of its employees unless the employee was acting in the course and scope of his or her employment. In this case you will be called upon to determine whether the various individual defendants were acting in the course and scope of their respective employment(s).

The conduct of an employee is within the course and scope of employment if, but only if: a) it is of the kind he/she is employed to perform; b) it occurs substantially within the authorized time and space limits of the employment; and c) it must be actuated, at least in part, by a purpose to serve the employer.

Conduct of an employee is not within the course and scope of his/her employment if it is different in kind from that authorized, far beyond the authorized time and space limits of the job, or too little actuated by a purpose to serve the employer.

---

Henderson v. Professional Coatings Corp. 72 Hawaii 387, 392, 819 P.2d 84, 88 (1991)