IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>　　　　Defendants. | Civil No. CV 04-00108 KSC<br><br>MEMORANDUM IN SUPPORT OF MOTION |

**MEMORANDUM IN SUPPORT OF MOTION**

I.　Statement of Facts

On September 5, 2006, Defendants City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota and Ann C. Gima (hereinafter Defendants "City") filed a Motion to Extend Time to File Substantive Motions. See Exhibit A. On September 6, 2006, Defendant GK Appraisals, Inc. (hereinafter Defendants "GK") filed a Joinder to Defendants City's Motion to Extend Time to File Substantive Motions. See Exhibit B.

Defendants' motion sought to extend the substantive motions deadline which had previously expired on May 3, 2006. See Exhibit A. Defendants' City represented that an extension of time to submit dispositive motions was necessary because of (i) recent U.S. Supreme Court decision issued on May 30, 2006 entitled Garcetti v. Ceballos, and (ii) based on the workers' compensation argument. See Exhibit A – pages 6-7. Defendants City represented to this Court that only after the expiration of the substantive motions deadline on May 3, 2006 were Defendants made aware that Plaintiff claims that the Workers' Compensation Settlement Agreement was signed under duress and thus invalid. See Exhibit A – page 7.

II.  Rules

Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 59(e) states:

> Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

A party may ask the Court to reconsider and amend a previous order pursuant to FRCP Rule 59(e). See White v. Sabatino, 424 F. Supp.2d 1271 (D. Haw. 2006). The United States District Court for the District of Hawaii has implemented the standards for a motion for reconsideration under U.S. District Court of the District of Hawaii Rule 60.1. See id.

FRCP Rule 60 also allows for reconsideration of an order. FRCP Rule 60 states:

> (b) On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 50(b); (3) **fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party**; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) **any other reason justifying relief from the operation of the judgment**.
> (emphasis added)

Local Rules of Practice for the United States District Court for the District of Hawaii Rule 60.1 permits reconsideration:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
> (a) Discovery of new material facts not previously available;
> (b) Intervening change in law;
> (c) Manifest error of law or fact.

III.  Argument

  A. Defendants misrepresented facts to this Court in their motion to extend time to file substantive motions

Defendants asserted in their motion that the reasons for their seeking an extension of the already expired substantive motions deadline was because of (1) the recent decision issued on May 30, 2006, <u>Garcetti v. Ceballos</u> and (2) the new awareness of Plaintiff's position regarding his settlement of his workers compensation claim against the City and County of Honolulu. See Exhibit A.

First, as Plaintiff represented to this Court in its Memorandum in Opposition filed on September 6, 2006, Defendants argued in their motion, without providing any substantive explanation, that Garcetti v. Ceballos and Wittig v. Allianz are applicable to this matter by calling into question Plaintiff's §1983 and retaliatory discharge claims. Defendants did not provide the required "good cause" to obtain an extension of the previously expired deadline.

Secondly, Defendants in their motion initially represented to this court that it *was only after the deadline for substantive motions expired* that they were made aware that Plaintiff was asserting he signed the settlement agreement pertaining to his workers' compensation case involuntarily. See Exhibit A. This is simply not true. At Plaintiff's first deposition session on September 30, 2005, defense counsel questioned Plaintiff about the signing of the settlement agreement. See Exhibit C. The very first deposition exhibit marked was use was the settlement agreement. See Exhibit C. It was made clear to Defendants at this early date (September 30, 2005 some 7 months prior to the expiration of the deadline for substantive motions) of Plaintiff's position.

> Q: Let's talk about that concept just for a second, too. With regard to your ending of employment with the City, is it your testimony that you were terminated by the City?
>
> A: What I recall is that I was forced to resign.
>
> Q: By forced to resign, what do you mean by that?

> A:   As I recall, it seems to me that, in order to - - well, there is a couple situations. We have a doctor's report saying I should not go back to the Assessment Division. My union agent was telling me I shouldn't go back to the Assessment Division. And in working with the City during a workers' comp claim settlement, they essentially, this is my understanding, said that if you want to settle this, you have to quit or you have to resign your position. So I see this as, all of those things put together, they wanted me gone. And if I wanted to resolve the issue with them, I had to resign my position.
>
> See Exhibit C – pages 60-61.
>
> A:   I'm saying exactly what I said before. I don't know how else to say it. The only way that this agreement would go forward is if I signed this. So I had no other choice but to sign it.
>
> See Exhibit C – page 65.

For Defendants to assert that they did not know of Plaintiff's position regarding signing of the settlement agreement until after May 3, 2006 is a deliberate misrepresentation to this court.

Then Defendants contradict their initial representation and in their reply memoranda state that the issue was raised and addressed in Plaintiffs' deposition taken on September 30, 2005, which was prior to the May 3, 2006 substantive motion's deadline.

Plaintiff was actually deposed three times before the expiration of the substantive motions deadline on September 30, 2005, October 4, 2005 and October 6, 2005 and after the issue was discussed during the September 30, 2005 oral deposition, during the October 4, 2005 deposition, the issue was touched upon

again. See Exhibit D – page 232. As Plaintiff was deposed on numerous occasions and questioned about this issue and nothing prevented Defendants from deposing Plaintiff further, an extension was not warranted.

B. <u>Prejudicial to Plaintiff</u>

Furthermore and extraordinarily, Defendants' motion and reply, Defendants <u>did not mention to this Court that they would be filing a substantive motion based on the qualified immunity defense</u>. After the substantive motions deadline was extended, Defendants filed a Motion for Partial Dismissal, or in the alternative, Motion for Partial Summary Judgment on the Qualified Immunity. Clearly this motion could have been and should have been filed prior the expiration of the May 3, 2006 substantive motions deadline. <u>Nothing at all prevented Defendants from filing this motion prior to the expiration of the deadline</u>. The Defendants alleged no new legal precedent and no new factual information, occurring after the substantive motions cut off, with respect to their qualified immunity defense. Moreover, Defendants state, in their motion to extend, that Plaintiff was made aware of Defendants' defenses in its First Amended Pretrial Statement filed on August 15, 2006, however, in their First Amended Pretrial Statement, there is no mention or reference to the qualified immunity defense. See Exhibit E.

C. <u>Plainly Defendants are attempting to delay trial of this matter.</u>

Defendants are clearly attempting to delay commencement of trial of this matter scheduled to begin on October 3, 2006 by filing their motion, specifically the Motion for Partial Dismissal, or in the alternative Motion for Partial Summary Judgment on qualified immunity. Not only could this motion have been filed prior to the expiration of the May 3, 2006 substantive motions deadline, it is plain that should Defendants motion be denied, they will seize the opportunity to take an immediate appeal, unless the Court certifies that as a result of the delay, no immediate appeal will be permitted, which will stay all further discovery efforts and trial of this matter. The Court may certify that Defendants waived their right to an immediate appeal on the issue of qualified immunity for frivolousness or undue delay. Courts have held that the right to take an immediate interlocutory appeal is subject to the same rules of waiver and default as has been traditionally applied to other cases. See <u>Kennedy v. City of Cleveland</u>, 797 F.2d 297 (6th Cir. 1986). Thus, a court can certify that a defendant has waived its right to immediate appeal on qualified immunity. Courts have held that the right to an immediate appeal may be waived by a party and it has been upheld by courts exercising their discretionary function to maintain control of their document and assure the prompt advancement of cases. See <u>id</u>. at 300. It has been widely recognized that there is a chance for abusive delay by parties asserting absolute and qualified immunity

doctrines and bringing dispositive motions on the eve of trial, however, courts have been able to minimize such delays by diligent administration of pretrial proceedings. See id. at 301. See also Apostol v. Gallion, 870 F.2d 1335 (7th Cir. 1989)(the court recognized that defendants claiming qualified immunity may seek to use the interlocutory appeal process as a stall tactic, however, defendants may waive or forfeit their right if engage in game playing with the court's schedule); Ruffino v. Sheahan, 61 F. Supp.2d 767 (1999)(Court denies defendant's motion for stay filed in response to the court's denial of defendant's defense of qualified immunity insofar as the court found that defense counsel was more interested in dilatory tactics after discovery done, motions were heard and pretrial completed. Such behavior shocked and disappointed the court).

Regardless of the outcome, either side will be entitled to appeal the order immediately. This substantial delay due to an appeal to the Ninth Circuit will undoubtedly be in terms of years, not months. Trial of this matter scheduled to commence in a matter of weeks, will simply not occur as scheduled and will severely prejudice Plaintiff.

IV.   Conclusion

For all the forgoing reasons, Plaintiff English requests the reconsideration of this Court's Order Granting Defendants' Motion to Extend Substantive Motions Deadline. The Court should either reverse its order entirely and reimpose the

substantive motions cut off, striking all substantive motions filed after that date or alternatively, Defendants should be permitted only to file motions based upon Garcetti v. Ceballos and Wittig v. Allianz, and the Court should strike all other substantive motions filed after the May 3, 2006 substantive motions cut off.

Finally, should the Court decide to allow the substantive motions to go forward, the Court should certify that no party may take an immediate appeal from the Court's decision on any of the substantive motions.

DATED: Honolulu, Hawaii, _____ SEP 1 8 2006 _____.

_____
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA
Attorneys for PLAINTIFF
PHILIP E. ENGLISH