00002373.WPD
KAWASHIMA LORUSSO & TOM LLP

JAMES KAWASHIMA        #1145-0
RANDALL Y. YAMAMOTO    #3274-0
BRIAN Y. HIYANE        #6045-0
CARTER K. SIU          #7313-0
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Telephone:     (808)275-0325
Facsimile:     (808)275-0399
Email Address: ryamamoto@kltlaw.com

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA, ROBERT O. MAGOTA,
and ANN C. GIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT STATE OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>    Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>    Defendants.<br>_____ | CIVIL NO. CV04-00108 KSC<br><br>**DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S MOTION IN LIMINE NO. 3 RE: EXCLUDING EVIDENCE REGARDING PLAINTIFF PHILIP E. ENGLISH'S ALLEGED USE OF CITY TIME AND EQUIPMENT FOR PERSONAL MATTERS; CERTIFICATE OF SERVICE**<br><br>HEARING:<br>DATE: September 28, 2006<br>TIME: 10:00 a.m.<br>JUDGE: Hon. Kevin S.C. Chang<br>Trial Date: October 3, 2006 |

**DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S MOTION IN LIMINE NO. 3 RE: EXCLUDING EVIDENCE REGARDING PLAINTIFF PHILIP E. ENGLISH'S <u>ALLEGED USE OF CITY TIME AND EQUIPMENT FOR PERSONAL MATTERS</u>**

Defendants CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA, (collectively "Defendants City") by and through their attorneys, KAWASHIMA LORUSSO & TOM, LLP, and hereby submits their memorandum in opposition to Plaintiff's Motion In Limine No. 3 regarding the exclusion of evidence of the use of City time and equipment for personal matters at trial for this Court's review and consideration.

I. <u>BACKGROUND</u>

Plaintiff has claimed in the foregoing lawsuit that he was retaliated against for certain alleged "whistle blowing" activities (i.e., reporting that a City worker was performing outside/private appraisal work on City time). One part of the alleged retaliation that Plaintiff is claiming is that he received performance evaluations that did not accurately reflect his capabilities and job performance. Part of the evaluations was that Plaintiff was not completing his work in a timely manner. In addition, Plaintiff has also alleged that he was treated differently than his co-workers, which included leave or time off being denied.

Defendants City deny the allegations and contend that Plaintiff was in fact not meeting deadlines and was properly denied leave when Plaintiff's work was not completed as required and that he was not treated differently.

It is significant to note that Plaintiff's Motion does not assert that he did not use City time and equipment for personal matters. Rather, Plaintiff's contention is that the Plaintiff's use of City time and equipment was not for "personal gain". The reason Plaintiff makes this distinction is because Plaintiff did in fact use City time and equipment for personal matters. These matters included numerous e-mails to his second wife, Ms. Corlis Chang; numerous e-mails to his father and other family members; numerous e-mails to and from Dwight Ishiguro regarding his "complaints" in the office; downloading texts, to name a few.

Throughout the discovery in this matter, Plaintiff has attempted to elicit testimony from witnesses about the use of City equipment and time by those not part of this lawsuit such as using a City vehicle to stop at the credit union. It is anticipated that Plaintiff will attempt to portray himself as an individual who was "highly moralistic" while others around him were allegedly not of the "same standard". However, Plaintiff at one time tried to sell for profit in the assessment division leis made by his third wife.

## II. DISCUSSION

### A. Plaintiff's use of City Time and Equipment for Personal Matters is Admissible

The use of City time and equipment by Plaintiff is relevant and its probative value outweighs any alleged prejudice asserted by Plaintiff. Federal Rules of Evidence 401 and 402. In this matter, Plaintiff does not deny that he used City time and equipment for personal matters. As set forth above, Plaintiff used City time and equipment to correspond with his second wife; to correspond with his family; to download texts; to correspond with others regarding his complaints. At the same time that Plaintiff was e-mailing and/or downloading texts or using his City computer for personal matters, the Plaintiff was also not performing his work on a timely basis.

Plaintiff will contend to the jury that his performance evaluations were not reflective of the job he performed including any comments that his work was not performed on a timely basis. Plaintiff will also contend that he was treated differently than other employees including being denied leave or vacation time because his work was not completed.

It is irrelevant that the use of the City time and equipment by the Plaintiff was allegedly not for personal gain. Certainly, the Plaintiff cannot deny that he sold leis for his third wife for financial gain. The use of City time and equipment for personal matters when Plaintiff was suppose to be

- 4 -

completing his work is relevant. Plaintiff cannot on the one hand allege that he was overworked, unfairly criticized for not completing his work and denied leave for not completing his work; and at the same time try to withhold evidence from the jury which may offer an explanation as to why his work was not completed in a timely manner. The jury can certainly infer that the performance evaluations were justified and lends support to the comments that Plaintiff was not timely because he spent working hours using City time and equipment for personal matters, rather than completing his work.

Based on the above, Defendants City respectfully requests that the Plaintiff's Motion should be denied.

DATED: Honolulu, Hawaii, _____SEP 1 9 2006_____.

_____
JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA