00002374.WPD
KAWASHIMA LORUSSO & TOM LLP

JAMES KAWASHIMA      #1145-0
RANDALL Y. YAMAMOTO  #3274-0
BRIAN Y. HIYANE      #6045-0
CARTER K. SIU        #7313-0
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Telephone:     (808)275-0325
Facsimile:     (808)275-0399
Email Address: ryamamoto@kltlaw.com

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA, ROBERT O. MAGOTA,
and ANN C. GIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT STATE OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>    Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>    Defendants. | CIVIL NO. CV04-00108 KSC<br><br>DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S MOTION IN LIMINE NO. 4 RE: EXCLUDING EVIDENCE AND TESTIMONY REGARDING PHILIP E. ENGLISH'S INCOME PRIOR TO HIS EMPLOYMENT WITH THE CITY AND COUNTY OF HONOLULU, ASSESSMENT DIVISION; DECLARATION OF CARTER K. SIU; EXHIBITS "A"-"C"; CERTIFICATE OF SERVICE<br>HEARING:<br>DATE:  September 28, 2006<br>TIME:  10:00 a.m.<br>JUDGE: Hon. Kevin S.C. Chang<br>Trial Date: October 3, 2006 |

**DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S MOTION IN LIMINE NO. 4 RE: EXCLUDING EVIDENCE AND TESTIMONY REGARDING PHILIP E. ENGLISH'S INCOME PRIOR TO HIS EMPLOYMENT WITH THE CITY AND COUNTY OF HONOLULU, ASSESSMENT DIVISION**

Defendants CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA, (collectively "Defendants City") by and through their attorneys, KAWASHIMA LORUSSO & TOM, LLP, and hereby submits their memorandum in opposition to Plaintiff's Motion In Limine No. 4 regarding the exclusion of testimony or evidence of income prior to Plaintiff PHILIP E. ENGLISH (hereinafter "Plaintiff") employment with the City and County of Honolulu at trial for this Court's review and consideration.

I.  **RELEVANT FACTUAL BACKGROUND**

Defendants City incorporate by reference their Memorandum in Opposition to Plaintiff's Motion in Limine Number 6, rather than repeating all information.

Plaintiff submitted an Employment Application to the City on May 18, 1999.  See, Exhibit "A".  The Employment Application signed by Plaintiff states in relevant part:

> 9.  Certificate of Applicant:
>
> I HEREBY CERTIFY that all statements made on or in connection with this application including those regarding my education and employment record are true and correct to the best of my knowledge.  I agree and understand that any misstatements or omissions of material facts may cause forfeiture on my part of all

rights to any employment in the service of the City and County of Honolulu. . .

Among other relevant information, the Employment Application required the Plaintiff to set forth all previous work experience. Specifically, the Employment Application states:

> **EMPLOYMENT RECORD** - Include all previous work experience: Full time, part-time, volunteer and military experience. Begin with your present or last job held. Describe in detail nature of work personally performed by you. Also, give dates and explain unemployed periods. If your duties and responsibilities changed while working for the same employer, list each separately.
>
> Plaintiff certified his employment history as follows:
>
> Philip English & Associates; 12 appraisers and staff as the number of employees he supervised; his title as Owner/Appraiser; and his duties as Manage company, personell (sic), review appraisals, train employees, perform appraisals. He also represented his salary as $40k-40k. He further certified that he was employed by Philip English & Associates from 1989 to 1999 (the year of his application).

The other employment history certified by the Plaintiff is First Nationwide Bank from 1987-1989; Appraisal Resources from 1986-1987; and First Interstate Bank from 1979-1986.

Despite certifications to the contrary, the Plaintiff did not disclose that he was not working as an appraiser for the 10 year period of time until he applied to the City, supervising 12 employees. Rather, Plaintiff had stopped working as an appraiser from 1996-1997 and had terminated all of the appraisers that had been working for Philip English & Associates. Not set

- 3 -

forth in the Employment Application is that from 1996-1997, the Plaintiff along with his second wife, Corlis Chang, operated an import/export business of personal care products such as shampoos and soaps. The only employee of the company was "Pim" who would become Plaintiff's third wife.

Thereafter, at the end of 1997, beginning of 1998 after the import/export business failed, the Plaintiff returned to appraisal work on his own (without employees). According to the Plaintiff, in 1998, on the day that Plaintiff was told by Ms. Chang that she wanted a divorce, he was diagnosed with kidney cancer. Plaintiff then testified that he was unable to work for approximately a six month period of time. This is not reflected in his Employment Application.

When he returned to the work force, he worked for City Mill in the paint department in 1999 which was not on the Employment Application. Further, Plaintiff worked part-time helping a friend that performed carpet cleaning for Electrolux and was paid in cash. Again, the Electrolux job is not on the Employment Application.

In addition to Plaintiff's omissions and misrepresentations in the 1999 Employment Application, the Plaintiff made similar misrepresentations and omissions that he certified in his January 17, 2003 application for the Administrator's position. See, attached Exhibit "B". In that

application he again failed to indicate that he stopped appraisal work in 1996; that he had a failed import/export business; that he worked for City Mill and that he worked as a carpet cleaner; that he was unable to work due to health problems, divorce and depression. Significantly, he also increased his range of salary from $40,000 to $45,000.

## II.　DISCUSSION

### A.　Plaintiff's prior income is Admissible

Plaintiff's attempt to view his prior income in a "vacuum" should not be permitted as it is relevant and probative of the claims in this case. Federal Rules of Evidence Rules 401 and 402. It is anticipated that Plaintiff will present his prior employment as an appraiser to bolster his claim that he was an experienced and successful appraiser in the private sector prior to applying to the City. It is also anticipated that Plaintiff will attempt to argue that he should be making substantially more money now if he had continued as an appraiser in the private sector, based in part, on his misrepresentations of the salary set forth in the employment application.

Plaintiff has placed his employment history at issue with regard to his alleged claims for retaliation. Further, the credibility of a witness is always at issue. As also set forth in Plaintiff's Motion in Limine No. 6, Plaintiff has certified his employment history and experience and by his own admission,

has "omitted and/or misstated" information contained in the Employment Application. Such omissions and misstatements, including his prior income, are clearly relevant and probative and should be allowed. Further, it is relevant as to Plaintiff's prior psychological history before working with the City which includes a failed appraisal business; a failed import/export company; his inability to work due to health problems and his divorce; working for City Mill and performing carpet cleaning part-time for cash. While Plaintiff will try to assert that he was the type of individual that the City wanted based on his "experience", Plaintiff should not be allowed to selectively state what his prior employment, life experience or success was before being employed by the City.

In addition, the application in January 2003 which Plaintiff also certified as being correct, misstates his salary and the jury should be allowed to hear evidence of Plaintiff's misstatements.

Plaintiff represents to this Court that the information regarding prior income should be excluded based on the opinions of his alleged expert, Thomas Ueno, CPA. The Plaintiff does not inform the Court that part of the opinion of Mr. Ueno in calculating damages was his assumption that Plaintiff would be receiving promotions based upon his prior experience. Mr. Ueno viewed the Plaintiff as a successful appraiser in the private

sector because he had allegedly been operating a company of 12 employees making $40,000 per year. A Motion to Strike Mr. Ueno from testifying is the subject of a separate motion. In any event, if Mr. Ueno is allowed to testify, the basis for his opinions and any inconsistencies on the information he relied on is certainly relevant and should be permitted.

Further, Defendants City's expert Dirk Von Guenthner sets forth in his report the inconsistencies and misstatements submitted by Plaintiff regarding his income to the City and to the First Circuit Court in his Income and Expense Statement as part of his second divorce. The Income and Expense Statement was submitted under oath.

As set forth in the Von Guenthner report, the Plaintiff never earned $40,000 or $45,000 per year prior to working for the City. See, Attached Exhibit "C" at pages 11; 12, 13, 17 and 18.

Accordingly, Plaintiff's representation of income along with his other misstatements and omissions are relevant and the Motion to exclude such evidence should be denied.

DATED: Honolulu, Hawaii, _____SEP 1 9 2006_____.

_____
JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA