00002394.WPD
KAWASHIMA LORUSSO & TOM LLP

JAMES KAWASHIMA      #1145-0
RANDALL Y. YAMAMOTO  #3274-0
BRIAN Y. HIYANE      #6045-0
CARTER K. SIU        #7313-0
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Telephone:     (808)275-0325
Facsimile:     (808)275-0399
Email Address: ryamamoto@kltlaw.com

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA, ROBERT O. MAGOTA,
and ANN C. GIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT STATE OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>       Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>       Defendants. | CIVIL NO. CV04-00108 KSC<br><br>**DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S MOTION IN LIMINE NO. 5 RE: EXCLUDING TESTIMONY OF DIRK VON GUENTHNER; CERTIFICATE OF SERVICE**<br><br>**HEARING:**<br><br>DATE: September 28, 2006<br>TIME: 10:00 a.m.<br>JUDGE: Hon. Kevin S.C. Chang<br>Trial Date: October 3, 2006 |

**DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S MOTION IN LIMINE NO. 7 RE: <u>EXCLUDING TESTIMONY OF DIRK VON GUENTHNER</u>**

Defendants CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA, (collectively "Defendants City") by and through their attorneys, KAWASHIMA LORUSSO & TOM, LLP, and hereby submits their memorandum in opposition to Plaintiff's Motion In Limine No. 5 seeking to exclude the testimony of Dirk von Guenthner.

I.  **RELEVANT FACTUAL BACKGROUND**

CITY Defendants' expert Dirk von Guenthner produced an expert report on or about November 4, 2005. His credentials include working with the accounting firm of Peat Marwick Mitchell & Co., being board certified as a Forensic Examiner, a Diplomate of the American Board of Forensic Accountants, a Certified Fraud Examiner, and a Diplomate and Fellow of the American College of Forensic Examiners. <u>See</u> Exhibit "B" to Plaintiff's Motion.

He has qualified and testified as an expert in both Hawaii State and Federal District Court. <u>See</u> Exhibit "C" to Plaintiff's Motion.

Plaintiff has chosen not to depose Mr. Von Guenthner before trial and has instead filed the instant motion in limine to prevent, for unspecified reasons, his testimony.

## II. DISCUSSION

### A. Plaintiff Has No Basis To Preclude Dirk Von Guenther's Testimony

Plaintiff had every opportunity to depose Dirk Von Guenther and to ask him questions about his qualifications and the basis for his expert opinions. Plaintiff has, however, as part of his trial strategy and preparation, decided against deposing Mr. Von Guenter. Instead, Plaintiff has filed the instant motion in hopes of prohibiting Mr. Von Guenter's testimony based on nothing more than argument and speculation.

For instance, they have claimed that von Guenther has no expertise in "ethical" matters. However, they present no basis other than the term "accounting" *vis-a-vis* "ethics" was listed on von Guenther's curriculum vitae.

There is also no competent evidence that Mr. von Guenther is unqualified to testify at trial. Rather, the only evidence is that he has qualified on numerous occasions as an expert in both Hawaii State and Federal District Court.

He is also qualified to present testimony regarding Plaintiff's credibility, given the substantial documentary evidence that he has reviewed and considered as well as his experience and training in uncovering fraud. He will not testify as to Plaintiff's propensity for truthfulness, but rather, will testify as to specific and documented instances of untruthfulness. Plaintiffs are free to *voir dire* Mr. Von

Guenther about his qualifications at trial, but cannot, without any basis, ask that this Court find that he is not qualified to point out inconsistencies in Plaintiff's claims of injury/damage with the evidence that he has produced.

Furthermore, the cases that Plaintiff cites to are from criminal cases, some of which have been overruled. For instance, the case of U.S. v. Binder, 769 F.2d 595 (9th Cir. 1985) has been overruled on at least one point of law and distinguished by U.S. v. Rahm, 993 F.2d 1405 (9th Cir. 1993) on another. In fact Rahm permitted the admission of expert testimony on that issue when it stated:

> As an initial matter, we note that the admission of expert *testimony*, the issue involved here, and the admission of a specific expert *opinion* are separate determinations. Under the federal rules, an expert "may testify ... in the form of an opinion *or otherwise*." Fed.R.Evid. 702 (emphasis added). Thus, not every expert need express, nor even hold, an opinion with regard to the issues involved in a trial. Indeed, in certain cases, we will not allow an expert to express an opinion as to specific issues even if he or she has formed one. Thus, the decision whether to admit expert *testimony* does not rest upon the existence or strength of an expert's *opinion*. Rather, the key concern is whether expert *testimony* will assist the trier of fact in drawing its own conclusion as to a "fact in issue."

Id., 993 F.2d at 1411.

In this case, Plaintiff has presented no factual and/or legal basis to strike and/or limit Mr. Von Guenther's testimony and the motion, therefore, should be denied.

## III. CONCLUSION

Based on the foregoing, CITY Defendants submit that Plaintiff's Motion in Limine No. 5 Re: Excluding Testimony of Dirk Von Guenthner should be denied.

DATED: Honolulu, Hawaii, <u>September 19, 2006.</u>

_____
JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA