MOSELEY BIEHL TSUGAWA LAU & MUZZI
A Hawaii Limited Liability Law Company
ROGER S. MOSELEY         2060
CHRISTOPHER J. MUZZI     6939
TEDSON H. KOJA           4793
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone: (808) 531-0490
Facsimile: (808) 534-0202
Email: rmoseley@hilaw.us
       cmuzzi@hilaw.us
       tkoja@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1–10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>Defendants. | Civil No. 04-00108 KSC/KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, AND ANN C. GIMA'S MOTION IN LIMINE NO. 1 TO PRECLUDE ALL REFERENCE TO INSURANCE; CERTIFICATE OF SERVICE<br><br>TRIAL: OCTOBER 3, 2006 |

10010/3/57909

**MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, AND ANN C. GIMA'S MOTION IN LIMINE NO. 1 TO PRECLUDE ALL REFERENCE TO INSURANCE**

I.   INTRODUCTION

Defendant seeks an order prohibiting reference to insurance at trial and during voire dire. As a general proposition, Plaintiff does not disagree with Defendants' contention that evidence regarding insurance is irrelevant and inadmissible under Federal Rules of Evidence 411. However, there are exceptions that may apply and Plaintiff objects to a blanket ruling that evidence of insurance be prohibited in any and all circumstances. Furthermore, Plaintiff reserves its right to offer evidence of insurance in the event that circumstances as developed at trial so warrant it.

II.   ARGUMENT

    A.   EVIDENCE OF INSURANCE IS ADMISSIBLE TO PROVE BIAS OR PREJUDICE OF A WITNESS.

Federal Rules of Evidence 411 states:

> Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or **bias** or **prejudice of a witness**.

Clearly, the rule permits evidence of insurance when offered to prove bias or prejudice of a witness. This exception applies to Corlis Chang, Esq. ("Chang"), a

witness listed by Defendants. Upon information and belief, Ms. Chang has represented and continues to represent State Farm Insurance Company and possibly AIG Insurance (in conjunction with her representation of the City and County of Honolulu), both of whom are insurers of one or more of the Defendants in this case. Therefore, if Ms. Chang is called as a defense witness, Plaintiff should be permitted to cross-examine her on whether her economic ties with the insurance carrier(s) involved may influence her testimony, since this could have a direct impact upon her credibility. See §5367, Federal Practice and Procedure, Wright and Graham (1980).

Prior employment or association with an insurance carrier has been deemed to be relevant evidence in similar situations. For example, in Charter v. Chleborad 551 F.2d 246, 248 (8th. Cir. 1977), proof that a physician has been paid to testify in other cases by the insurance carrier was admissible where he testified as a character witness in a medical malpractice case.

This case presents similar concerns and fairness demands that Plaintiff be allowed to elicit testimony of insurance on cross-examination if Ms. Chang is called as a witness.

> B.   EVIDENCE OF INSURANCE COULD BE ADMISSIBLE UNDER THE OTHER CIRCUMSTANCES NOT PRESENTLY FORESEEABLE.

There are a host of other circumstances under which evidence of insurance would be permissible. For example, courts have admitted evidence of insurance under the doctrine of "curative admissibility" to impeach a defendant who insinuates that he will be harmed by a large monetary judgment, referred to as "poor mouthing." See §§5367 & 5368, Federal Practice and Procedure, Wright and Graham (1980).

Because there are unforeseeable circumstances that may justify the admission of evidence of insurance at trial, Plaintiff objects to a blanket order precluding all evidence of insurance under any circumstance and reserves his right to seek introduction of such evidence at trial, if circumstances warrant.

C.  DISCUSSION OF INSURANCE DURING VOIRE DIRE.

Defendants contend that "the parties should not be permitted to voire dire prospective jurors about their feelings regarding a party's ability to pay a possible judgment or about the existence of any connections between the prospective jurors and any insurance company."

Plaintiff objects to Defendants request that jurors not be questioned about their feelings regarding a party's ability to pay a possible judgment since this is a permissible and valid subject of inquiry.

It is well recognized that "the financial burden imposed upon a defendant by a jury verdict is not an appropriate concern for jury consideration." §672, 75 AmJur2d (1991).

Because this is not a legitimate concern for a juror, the parties should be allowed to question a juror on this topic to find out whether a juror is, in fact, concerned about a Defendants' financial status and, if so, whether he or she can set aside this concern and decide the case on the merits.

DATED: Honolulu, Hawaii, September 19, 2006.

/s/ Roger S. Moseley
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
TEDSON H. KOJA

Attorneys for Plaintiff
PHILIP E. ENGLISH