MOSELEY BIEHL TSUGAWA LAU & MUZZI
a Hawaii limited liability law company
ROGER S. MOSELEY            2060
CHRISTOPHER J. MUZZI        6939
RENEE M. FURUTA             7593
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone: (808) 531-0490
Facsimile: (808) 523-1888
Email: rmoseley@hilaw.us
       cmuzzi@hilaw.us
       rfuruta@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>            Plaintiff,<br><br>      vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1–10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>            Defendants. | Civil No. CV 04-00108 KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA AND ANN C. GIMA'S MOTION IN LIMINE NO. 6 TO EXCLUDE TESTIMONY RE: DISCUSSION WITH U.S. ATTORNEY'S OFFICE; CERTIFICATE OF SERVICE<br><br>TRIAL: OCTOBER 3, 2006 |

**PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA AND ANN C. GIMA'S MOTION IN LMINE NO. 6 TO EXCLUDE TESTIMONY RE: DISCUSSION WITH U.S. ATTORNEY'S OFFICE**

COMES NOW, Plaintiff PHILIP E. ENGLISH ("Plaintiff"), by and through his attorneys, Moseley Biehl Tsugawa Lau & Muzzi, LLLC hereby submit his memorandum in opposition to Defendants City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota and Ann C. Gima's (hereinafter Defendants "City") Motion in Limine No. 6 to Exclude Testimony re: Discussion with U.S. Attorney's Office.

Defendants state that the purpose of the motion is to preclude Plaintiff from characterizing the alleged hearsay conversation between Mr. Roger S. Moseley and Judge Seabright as a "validation" of his alleged claims or is an indication of his alleged claims as meritorious.

After a brief telephone discussion with defense counsel on this issue, Plaintiff understands that Defendants' concern is possible testimony by Plaintiff regarding what the U.S. Attorney's office told him and what the FBI told Plaintiff.

First, Defendant GK Appraisals, Inc. named Roger S. Moseley as a witness (both in its Pretrial Statement filed on August 15, 2006 and its Final Witness list filed on September 13, 2006) and therefore should he be called at trial, Mr. Moseley may testify as to the conversation between himself and the U.S.

Attorney's Office wherein he was directed to the FBI office. This is not hearsay insofar as Mr. Moseley was a participant in the conversation. Moreover, such testimony would not be offered for the "truth of the matter" but rather to simply put forth facts indicating the timing of events.[1] Again, it is not being offered to prove the "truth of the matter" but of factual events that occurred.

Second, Plaintiff cannot testify that the U.S. Attorney believed that there was merit to his claims because Plaintiff did not speak with the U.S. Attorney's office directly. Thus, Plaintiff will not testify as to any "characterization" of the "direction" given by the U.S. Attorney's Office to contact the FBI, as a validation of his claims or that his claims were meritorious. Plaintiff has not testified that any direction from the U.S. Attorney's Office validates his claims and Plaintiff has been deposed for a total of four days to date.

Rather, Plaintiff will testify as to his contact with the FBI and that he told the FBI his story, which occurred prior to any retaliation against Plaintiff by Defendants, his conversations with Christopher Graff about Plaintiff's contact with the FBI and the Ethics Commission and the retaliation he experienced that followed the disclosure to Christopher Graff. None of this is hearsay as the statements are merely facts of the timeline of events which is directly relevant to Plaintiff's claims for retaliation.

---

[1] Federal Rules of Evidence Rule 801 defines "hearsay" as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

Defense counsel also indicated that in response to any testimony of Plaintiff regarding his conversation with the U.S. Attorney's Office and/or the FBI, Defendants would like to introduce evidence that there was "no outcome" of any FBI investigation. This is clearly inappropriate insofar as Defendants have not named any witness from the FBI in their Pretrial Statement or Final Witness List. The simple truth is that none of the parties knows if any investigation was actually conducted by the FBI and/or the outcome of the investigation, if any, was reached. It would be a severe misrepresentation and highly prejudicial for Defendants to testify that there was "no" outcome, when it is simply unknown and there is no one from the FBI to testify as to that alleged fact.

DATED: Honolulu, Hawaii, September 19, 2006.

/s/ Roger S. Moseley
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA

Attorneys for PLAINTIFF
PHILIP E. ENGLISH