00002348.WPD

KAWASHIMA LORUSSO & TOM LLP

JAMES KAWASHIMA        #1145-0
RANDALL Y. YAMAMOTO    #3274-0
BRIAN Y. HIYANE        #6045-0
CARTER K. SIU          #7313-0
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Telephone:     (808)275-0325
Facsimile:     (808)275-0399
Email Address: ryamamoto@kltlaw.com

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA, ROBERT O. MAGOTA,
and ANN C. GIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT STATE OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CITY AND COUNTY OF HONOLULU;<br>GARY T. KUROKAWA; ROBERT O.<br>MAGOTA; ANN C. GIMA; and GK<br>APPRAISALS, INC.; JOHN DOES<br>1-10; JANE DOES 1-10; DOE<br>PARTNERSHIPS; DOE<br>CORPORATIONS 1-10; AND DOE<br>ENTITIES 1-10,<br><br>　　　　　Defendants. | CIVIL NO. CV04-00108 KSC<br><br>**DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S MOTION IN LIMINE NO. 7 RE: PREVENTING SUZANNE FOUMAI FROM ASSERTING THE FIFTH AMENDMENT AT TRIAL; DECLARATION OF CARTER K. SIU; EXHIBITS "A" - "C;" CERTIFICATE OF SERVICE**<br><br>**HEARING:**<br><br>DATE:  September 28, 2006<br><br>TIME:  10:00 a.m.<br><br>JUDGE: Hon. Kevin S.C. Chang<br><br>Trial Date: October 3, 2006 |

**DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T.
KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S
MOTION IN LIMINE NO. 7 RE: PREVENTING SUZANNE FOUMAI
FROM ASSERTING THE FIFTH AMENDMENT AT TRIAL**

Defendants CITY AND COUNTY OF HONOLULU, GARY T.
KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA, (collectively
"Defendants City") by and through their attorneys, KAWASHIMA
LORUSSO & TOM, LLP, and hereby submits their memorandum in
opposition to Plaintiff's Motion In Limine No. 7 seeking to
prevent Suzanne Foumai from asserting the Fifth Amendment at
trial for this Court's review and consideration.

I.   **RELEVANT FACTUAL BACKGROUND**

Suzanne Foumai was employed by the Real Property
Assessment Division as Defendant Bob Magota's secretary at or
around the same time Plaintiff worked there as an appraiser.  She
was in charge of payroll, keeping attendance of all the sick and
vacation leaves of all the appraisal employees, clerical staff,
and appraisal assistants.  <u>See</u> Oral Deposition Transcript of
Suzanne Foumai at pg. 16, line 16 to pg. 17, lines 11 ("Foumai
Deposition), a copy of which is attached as Exhibit "A" to
Plaintiff's Motion in Limine No. 7.

She first met Plaintiff when he filled out his initial
personnel paperwork, including benefit forms, social security
information, health insurance, etc.

- 2 -

Her first "run-in" with Plaintiff occurred on or about July 26, 2000. Ms. Foumai had earlier sent Plaintiff and Wilfred Martin an e-mail on or about July 19, 2000 informing them of a mandatory meeting scheduled for July 26, 2000 at 8:00 a.m., a copy of which is attached hereto as **Exhibit "A."**  On July 26, 2000 at or around 9:30 a.m., Ms. Foumai received a call from Violet Lee informing her that Plaintiff was not at the mandatory meeting. See Foumai Deposition at pg. 21, lines 2 - 8.  Ms. Foumai walked over to Plaintiff's desk and saw him sitting there; she approached and discussed his non-attendance at the meeting. He then pointed to his screen showing the e-mail Ms. Foumai purportedly sent him showing a time of 11:00 a.m. instead of 8:00 a.m.; Plaintiff did not open the e-mail in front of Ms. Foumai, instead, it was already on his screen. Id. at pg. 21, line 12 - 24.

Ms. Foumai believes that Plaintiff changed the time on the e-mail. Id. at pg. 28, lines 23 - 25.  She told Plaintiff her belief that he changed her e-mail, but he did not respond to her comment; instead, he asked that Ms. Foumai call Violet Lee to tell her that it wasn't his fault and that he was not a flake. Id. at pg. 24, lines 11 - pg. 25, line 6; pg. 29, line 15 - pg. 30, line 1.

She reviewed her other e-mails and located one from Winfred Martin, the other addressee on the July 19, 2000 e-mail. He apparently reviewed the e-mail and sent it back to Ms. Foumai acknowledging receipt of the e-mail. See Exhibit "B." Plaintiff never responded to the e-mail. See Foumai Deposition at pg. 27, lines 13 - 25.

Ms. Foumai typed notes on the e-mails kept a copy for herself "just in case if this ever came to this day." Id. at pg. 55, lines 17 - 20; see also Exhibits "B" & "C." These e-mails did not contain personal information. Id. at pg. 55, line 22 - pg. 56, line 6.

## II.  DISCUSSION

### A.  Plaintiff's Motion Is Premised on Baseless Speculation That Ms. Foumai Violated § 92F-17 and Should Be Denied

The basis of Plaintiff's motion in limine is based on pure speculation and assumes, without any factual basis, that:

- The e-mails that Ms. Foumai created, received, printed out, and type notes on qualify as Plaintiff's "personnel documents;"

- The alleged "personnel documents" were stolen;

- That Ms. Foumai is subject to criminal penalties;

- That Ms. Foumai was aware that she was subject to criminal penalties; and

- That Ms. Foumai waived her 5th Amendment Rights against self incrimination.

Plaintiff has twisted the deposition testimony of Ms. Foumai in order to prove that she "took City and County of

- 4 -

Honolulu personnel records of Plaintiff" and that she "knowingly waived any Fifth Amendment right by voluntarily and freely testifying at her deposition." However, when the smoke and mirrors are removed, it is apparent that there is no legal or factual basis to support Plaintiff's claim of waiver.

As Plaintiff should be aware, a witness does not waive his/her right to assert the Fifth Amendment privilege against self-incrimination merely by testifying at deposition. Indeed, the U.S. Supreme Court has held that in order to waive the right, a witness must first admit to guilt or incriminating facts:

> that where the previous disclosure by an ordinary witness is not an actual admission of guilt or incriminating facts, he is ot deprived of the privilege of stopping short in his testimony whenever it may fairly tend to incriminate him.
>
> McCarthy v. Arndstein, 262 U.S. 355, 359, 43 S.Ct. 562, 563 (1923).

As explained by the court in Securities and Exchange Commission v. Parkersburg Wireless LLP, 156 F.R.D. 529 (D.D.C. 1994):

> It is left to the Court to determine the propriety of the assertion of the Fifth Amendment privilege. The privilege is generally construed broadly and must be sustained when it is evident from the implications of the question, in the setting in which it is asked, that a responsive answer might be dangerous because injurious disclosure could result. If however, the danger of self-incrimination is not apparent, the burden is on the claimant to prove that the danger exists.
>
> In addition, the privilege must be invoked at the time the question is asked, or it is lost by waiver. Once

the witness voluntarily raises an issue she cannot
refuse to fill in the details.  If the additional
details further incriminate the witness, then the
privilege may still be invoked as to the additional
information.  Similarly, if the original disclosure was
not incriminating, the privilege has not been waived as
to related questions which might be incriminating.  In
either case, the Court must 'make a particularized
inquiry, deciding, in connection with each specific

area that the questioning party wishes to explore,
whether or not the privilege is well founded.

Id.. 156 F.R.D. at 535.

At her deposition, Plaintiff was not asked questions
about any alleged violation of § 92F-17; nor did she incriminate
herself with regard to § 92F-17.  All she testified to was that
she created the original e-mail, printed it from her computer,
added her own notes on the e-mail documenting her exchange with
Plaintiff, and kept a copy for her personal files.  There was
absolutely no questions asking whether she obtained the document
through "false pretense, bribery, or theft."  Nor has there been
any testimony whether Ms. Foumai had "actual knowledge that
access is prohibited" or "actual knowledge that it is prohibited
by a confidentiality statute."  The only testimony has been that
she believed she could keep a copy of the document because she
was its author and that it was not a personal document.[1]

_____

[1]     CITY Defendants note that Plaintiff has waived all
privacy issues concerning his work history, including items in
his personnel file, by filing the present lawsuit.

Based on the evidence, it is clear that Plaintiff is trying to create an issue when there really is none.  There was no waiver of any Fifth Amendment privilege that Ms. Foumai may want to assert at trial because she did not incriminate herself at her deposition.  The motion should also fail because there are no facts that would support a finding that § 92F-17 was violated; Plaintiff is clearly raising this as an issue to intimidate Ms. Foumai and to prevent her from testifying about her interactions with Plaintiff, especially his alteration of the July 19, 2000 e-mail and his lack of culpability for doing so.

**B.    Rule 404(b) Prevents Plaintiff from Discussing or Inferring that Ms. Foumai May be Subject to Criminal Penalties**

The fact that there is no evidence to support a finding that Ms. Foumai violated § 92F-17 precludes Plaintiff asserting at trial that Ms. Foumai violated the law.  Rule 404(b), Federal Rules of Evidence, clearly states that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof or motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The rule does not permit "evidence of prior bad acts when the sole purpose is to show propensity toward criminal conduct." U.S. v. McCourt, 925 F.2d 1229, 1232 - 1233 (9th Cir. 1991).

- 7 -

Thus, a party must meet the following threshold before 404(b) evidence can be admitted:

1.  There is sufficient proof for the jury to find the defendant committed the earlier act;

2.  The other act was not too remote in time;

3.  If used to prove intent, the prior act must be similar;

4.  It must be used to prove a material issue; and

5.  The probative value must outweigh prejudice.

<u>U.S. v. Ross</u>, 886 F.2d 264, 267 (9th Cir. 1989).

Such extrinsic evidence is also inadmissible under Rule 608, Federal Rules of Evidence, especially when the underlying allegations/evidence are unproven.  <u>U.S. v. Taylor</u>, 417 F.3d 1176 (11th Cir. 2005)(Evidence of unproven citizen complaints against police officer ruled inadmissible under Rules 404(b) and 608, Federal Rules of Evidence).

Absent evidence of a criminal conviction, such broad allegations of criminal wrongdoing - especially when alleged by Plaintiff's attorney - is inadmissible.

## III. <u>CONCLUSION</u>

Based on the foregoing, CITY Defendants submit that witness Souzanne Foumai did not waive any of her 5th Amendment Rights during her deposition.  Further, Plaintiff should be

\ \ \ \ \

\ \ \ \ \



- 8 -

precluded from raising the issue at trial unless and until he establishes admissibility under Rules 404 and 608, Federal Rules of Civil Procedure.

DATED:  Honolulu, Hawaii, <u>September 19, 2006.</u>

JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA

- 9 -