MOSELEY BIEHL TSUGAWA LAU & MUZZI
a Hawaii limited liability law company
ROGER S. MOSELEY          2060
CHRISTOPHER J. MUZZI     6939
RENEE M. FURUTA             7593
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone: (808) 531-0490
Facsimile: (808) 523-1888
Email: rmoseley@hilaw.us
         cmuzzi@hilaw.us
         rfuruta@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| PHILIP E. ENGLISH,<br><br>               Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1–10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>               Defendants. | Civil No. CV 04-00108 KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA AND ANN C. GIMA'S MOTION IN LIMINE NO.3 TO PRECLUDE ANY EVIDENCE OF ETHICS COMMISSION INVESTIGATIONS; DECLARATION OF COUNSEL; EXHIBITS A – C; CERTIFICATE OF SERVICE<br><br>TRIAL: OCTOBER 3, 2006 |
|---|---|

10010\3\57894

**PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA AND ANN C. GIMA'S MOTION IN LMINE NO. 3 TO PRECLUDE ANY EVIDENCE OF ETHICS COMMISSION INVESTIGATIONS**

COMES NOW, Plaintiff PHILIP E. ENGLISH ("Plaintiff"), by and through his attorneys, Moseley Biehl Tsugawa Lau & Muzzi, LLLC hereby submit his memorandum in opposition to Defendants City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota and Ann C. Gima's (hereinafter Defendants "City") Motion in Limine No. 3 to Preclude Any Evidence of Ethics Commission Investigations.

First, Defendants improperly submit that any evidence of any Ethics Commission investigation is protected from disclosure by the attorney-client privilege and/or attorney work product privilege based upon the Court's Order Denying Plaintiff's Motion to Compel filed on September 6, 2006. See Exhibit A. This is completely false. The Court held that there was a basis for Mr. Totto to assert the privilege as to the documents turned over for an in camera review. More importantly, the Court stated in its order that the Plaintiff may be able to obtain the sought after information and documents from persons other than Mr. Totto. See Exhibit A.

> Discovery is ongoing and Plaintiff may be able to obtain the sought after information and documents from persons other than Mr. Totto.
>
> See Exhibit A – page 10.

Obviously, this means that the information regarding the Ethics Commission investigation is not entirely privileged and/or protected from disclosure.

Furthermore, Gordon Nelson represented to this Court at the August 10, 2006 hearing that there is no prohibition of witnesses discussing their contact with the Ethics Commission.

> THE COURT: Let me be more direct, Mr. Nelson. There's been no muzzle to put on any witness or person that appeared before the Commission with regard to testifying in this case?
>
> MR. NELSON: That's correct, Your Honor.
>
> See Exhibit B – pages 35-36.

Again, the Court in denying Plaintiff's motion to compel, found that the documents of Mr. Totto provided to the Court responsive to Plaintiff's subpoena were privileged. But this order did not find that all information regarding the Ethics Commission investigation is protected.

In further support, this Court granted Plaintiff's Motion to Compel Further Deposition of Gary T. Kurokawa. See Exhibit C. The Court held that Mr. Kurokawa's further deposition shall be held with counsel allowed to ask questions relating to what Mr. Kurokawa said to the Ethics Commission and the documents or other things Mr. Kurokawa transmitted to the Ethics Commission as well as questions relating to what the Ethics Commission said to Mr. Kurokawa and the documents or other things the Ethics Commission transmitted to Mr. Kurokawa. If the proposition proffered by Defendants that the information regarding the Ethics

Commission investigation is protected from disclosure were true, Plaintiff's Motion to Compel would have most certainly have been denied. Defendants wrongfully and without basis attempt to stretch the Court's September 5, 2006 order to preclude any evidence regarding the Ethics Commission. This is overly broad and simply a wrong interpretation by Defendants of the Court's order as (i) counsel for Charles Totto stated on record before this Court that there is no prohibition on witnesses from discussing their contact with the Ethics Commission and (ii) the Court's granting of Plaintiff's Motion to Compel ordering the further deposition of Mr. Kurokawa on this very subject matter.

Secondly, the evidence regarding the Ethics Commission is not inadmissible hearsay. Various witnesses had direct contact with the Ethics Commission and are able to testify as to those contacts, such as Gary Kurokawa. Moreover, the evidence regarding the Ethics Commission is not being offered to prove the truth of the matter but merely to show statements made and factual events.

Third, evidence of the Ethics Commission investigation is of great probative value and substantially outweighs any alleged danger of unfair prejudice. As a defense, Defendants are asserting that Plaintiff English "made up" the incident and complaint and had no basis for submitting the Complaint to the Ethics Commission. Therefore, evidence of the Ethics Commission investigation is highly relevant and admissible. The fact that a Complaint to the Ethics

Commission was filed by Plaintiff is completely relevant for it is part of the string of events contributing to the retaliation against Plaintiff.

There is no danger of unfair prejudice to Defendants as counsel was present during the oral depositions where the Ethics Commission investigation was discussed, i.e. oral depositions of Charles Totto, Gary Kurokawa and Plaintiff. Additionally, it is the province of the jury to decide liability based on the facts and evidence herein, and the fact that an Ethics Commission complaint was filed is relevant to Defendants' liability for retaliation. The jury should not be presumed to be incompetent to properly evaluate this evidence. The jury also has the responsibility to determine whether, as Defendants allege, that there was no basis for Plaintiff's complaint to the Ethics Commission and to the FBI and that Plaintiff had just fabricated the charges to avoid disciplinary proceedings. In that sense the jury should clearly be advised of any evidence, including that there was a reasonable basis for Plaintiff's charges (even though the actual test is far less stringent).

DATED: Honolulu, Hawaii, September 19, 2006.

/s/ Roger S. Moseley
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA
Attorneys for PLAINTIFF
PHILIP E. ENGLISH