MOSELEY BIEHL TSUGAWA LAU & MUZZI
A Hawaii Limited Liability Law Company
ROGER S. MOSELEY          2060
CHRISTOPHER J. MUZZI      6939
TEDSON H. KOJA            4793
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone: (808) 531-0490
Facsimile: (808) 534-0202
Email: rmoseley@hilaw.us
       cmuzzi@hilaw.us
       tkoja@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>          Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1–10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>          Defendants. | Civil No. 04-00108 KSC/KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO DEFENDANT GK APPRAISALS, INC'S MOTION IN LIMINE FOR AN ORDER PROHIBITING TESTIMONY BY PLAINTIFF REGRADING ALLEGED STATEMENTS BY WITNESSES THAT ARE HEARSAY; CERTIFICATE OF SERVICE<br><br>TRIAL: OCTOBER 3, 2006 |

**MEMORANDUM IN OPPOSITION TO DEFENDANT
GK APPRAISALS, INC'S MOTION IN LIMINE FOR AN ORDER
PROHIBITING TESTIMONY BY PLAINTIFF REGRADING ALLEGED
STATEMENTS BY WITNESSES THAT ARE HEARSAY**

I.  INTRODUCTION

Defendant GK Appraisals, Inc. ("Defendant GK") has moved in limine to preclude Plaintiff from testifying to "any and all" alleged hearsay statements.

First, with respect to deposition testimony that Defendant GK has specifically identified, the testimony relates to statements made by Chris Graff, a City employee, and is either non-hearsay under the Federal Rules of Civil Procedure ("F.R.E.") Rule 801 or falls within one of the well-established exceptions to the hearsay rule identified in F.R.E. Rule 803 and 804.

Second, to the extent that Defendant GK is seeking a blanket order precluding "any and all" alleged hearsay statements, without identifying with particularity and specificity, the statements sought to be excluded, such a request is inappropriate.

II. ARGUMENT

    A.  A BLANKET ORDER PRECLUDING ALL ALLEGED HEARSAY STATEMENTS IS NOT APPROPRIATE.

Defendant GK is not entitled to seek a blanket order precluding "any and all" alleged hearsay statements, without identifying with particularity or specificity, the statements sought to be excluded. Defendant GK has the burden of

10010\3\57888

2

identifying the particular statement which allegedly constitutes inadmissible hearsay evidence. Without more, it is virtually impossible for Plaintiff to respond to the instant motion and Plaintiff should not have to guess at his peril which statements allegedly constitute inadmissible hearsay and which statements do not.

### B. STATEMENTS BY CHRIS GRAFF

The only deposition testimony cited to by Defendant GK relates to statements made by Chris Graff ("Graff") who, like Plaintiff, was an appraiser working in the Real Property Assessment Division, Department of Budget and Fiscal Services, City and County of Honolulu. Importantly, Graff is the City employee who allegedly performed private appraisal work while working on City time. Graff discussed the nature of the unauthorized activities with Plaintiff who reported it to his supervisors; an act which led to work-place retaliation against him.

In general, the statements made by Chris Graf are either non-hearsay because they constitute operative facts or res gestae, and/or are vicarious admissions under F.R.E. 801(D)(2). In addition, the statements fall within one or more of the exceptions to the hearsay rule related resent sense impressions, excited utterances, or state of mind under 803(b)(1)(2)and(3).

Below are excerpts of Plaintiff's deposition testimony which Defendant GK has specifically identified.

Q: Over what period of time was this that you had observed **Chris Graff doing something that was other** than City work and David Matsunami coming into the office and handing or exchanging envelopes before you had your **first conversation with Chris Graff as to what he was doing**?

A: I can't give you specific amounts of time. But I can tell you it may have been a couple of months. And when I went to Chris's desk, it wasn't actually to talk to him about doing any particular activity. We may had another conversation which then, you know, kind of changed and **he was telling me about what he was doing.**

[Plaintiff's Deposition, at 138:21 – 139:6]

Q: As you indicated you, you end up talking to Chris Graff about his outside City work, correct?

A: Yes

Q: And is that at his desk?

A: So I can be clear, we had conversations that were something like, "I'm doing this appraisal assignment on this commercial property on the Big Island and I'm applying this particular approach." So our initial conversations are about that. I'm becoming aware that he is performing these types of assignments

Q: At any point in time, do you have a conversation with Chris Graff where you say to him, "Are you doing work outside or outside work on City time?"

A: My initial conversation questioning it was, "How can you do this sort of thing?"

[Plaintiff's Deposition, at 142:1 – 17].

. . . .

Q: When you said that to Chris, this is the first time that you are questioning him about the type of work he is doing, correct?

10010\3\57888

4

> A:   That's correct.
>
> Q:   What was his response?
>
> A:   His response to me was that he could do this type of work because Gary and David and Chris or Gary, they had **worked out this scheme whereby the appraisal assignments that would come to GK Appraisal, that Gary in turn would assign them to David Magota who in turn assigns work to Chris Graff.** And because of that, there was no direct connection between Chris Graff and **Gary Kurokawa** and that somehow made it all okay.

[Plaintiff's Deposition,[1] at 143:22 – 144:9]

1. **Graff's Statements Were Verbal Acts or Operative Facts Having Independent Legal Significance And Are Therefore Non-Hearsay.**

Clearly, Graff's statements constitute admissible non-hearsay evidence since the statements were "verbal acts" or "res gestae" having independent legal significance. In <u>Island Directory Co. v. IVA's Kinimaka Enters., Inc.</u> 10 Haw.App.15, 859 P.2d 935 (1993), Plaintiff sued Defendant Kinimaka for breach of contract. On appeal from an adverse judgment, Defendant Kimimaka alleged among other things that the trial court improperly admitted into evidence the alleged contract between the parties because the document was hearsay. The appellate court ruled that the contract was not hearsay, but rather should be considered a "verbal act" finding support in the Advisory Committee's Notes on FRE 801(c), which explained that:

---

[1] Gary Kurokawa is a Defendant in this case and was the Administrator of the Assessment Division. Kurokawa was also an officer and Vice-President of Defendant GK Appraisals, Inc. David Magota is also a Defendant in this case and was also a City employee working in the Assessment Division.

10010\3\57888

>The definition follows along familiar lines in including only statements offered to prove the truth of the matter asserted . . . If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay . . . The effect is to exclude from hearsay the entire category of "verbal acts" and "verbal parts of an act," in which the statement itself affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights.

Id. Haw. App. at 21.

For that reason the Court noted that "statements that constitute offer, acceptance, or terms of a contract – so called "operative facts" – are not hearsay; the making of such statements are in themselves relevant and thus evidence that such statements were made is not barred by the hearsay rule." Id. Haw.App at 21, citing to Thomas C. Cook, Inc. v. Rowhanian 774 S.W.2d 679, 685 (Tex.App. El Paso 1989).

Federal courts are in accord. See United States v. Roach 164 F.3d 403, 410 (8th Cir. 1998) (veracity of negotiations between declarant and agent was irrelevant and all that mattered was that declarant was engaged in negotiation); Stuart v. UNUM Life Ins. Co. of America 217 F.3d 1145, 1154 (9th Cir.2000) (insurance policy); United States v. Arteaga 117 F.3d, 388, 395-398 (9th Cir. 1997) (money wire transfer forms).

The same logic applies in the instance case since Graff's statements are not necessarily being offered to prove the truth of the matter, but to prove that the

statements were made. That the statements were made supplies the logical foundation for Plaintiff's claim of work-place retaliation.

> 2. **Graff's Statements Are Non-Hearsay Under The Federal Rules Of Evidence And Constitute Vicarious Admissions Which Are An Exception To The Hearsay Rule Under the Hawaii Rules of Evidence.**

The relevant provision is found in F.R.E. 801(d)(2)(D), Admission by party-opponent, which states:

> The statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.

A similar provision is found in H.R.E. 803(a)(2), which states:

> **Vicarious Admissions.** A statement that is offered against a party and was uttered by . . . . (B) the party's agent or servant concerning a matter within the scope of the agent's or servant's agency or employment, made during the existence of the relationship, or (C) a co-conspirator of the party during the course and in furtherance of the conspiracy.

In Smith v. Chaney Brooks Realty, Inc. 10 Haw. App.259, 865 P.2d 170 (1994), another case involving an allegation of retaliatory discharge, the court held that telephone conversations that occurred shortly after Plaintiff's termination indicating that plaintiff was discharged because he did not go through the proper chain of command and because he had inquired about a payroll deduction was admissible hearsay under H.R.E. 801 (a)(2)(b).

In this case, Graff was performing work for Defendant Gary Kurokawa, who was the President of Defendant GK Appraisals. Graff as their agent made statements concerning matters within the scope of his relationship with GK Appraisals, therefore his statements are admissible to prove liability against GK Appraisals and Defendant Gary Kurokawa.

### 3. Graff's Statements May Also Be Admissible Under FRE Rule 804 (b)(3) And HRE Rule 804(b)(b) If He Is Unavailable At Trial.

Graff's statements may be admissible as a "statement against interest" under Rule 804(b)(3) of both the F.R.E. and H.R.E., which are identical. These sections state:

> A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability . . . that a reasonable person in the declarant's position would not have made the statement unless the declarant believed it to be true.

In this case, Graff's statement admitting to acts which could lead to civil and/or criminal liability were statements against interest which would be admissible at trial if he is found to be unavailable.

### 4. Graff's Statements Could Fall Under Other Exceptions To The Hearsay Rule Under FRE 803.

To the extent that Defendant GK is seeking to exclude other alleged hearsay statements not specifically identified, a blanket order is not appropriate for reasons already stated. See Section II, A. Consequently, Plaintiff reserves his right to

argue that additional exceptions to the hearsay rule may be applicable, such as those found in F.R.E. 803(1), Present sense impression; 803(2) Excited utterance; and 803(3), Then existing mental, emotional, or physical condition.

> **5. Statements Uttered By Other Persons Not Specifically Identified By Defendant GK But Who Are A Party To The Lawsuit Are Admissible As Admissions By A Party Opponent.**

To the extent that Defendant GK is seeking to exclude statements made by parties to the lawsuit including Gary Kurokawa, Robert Magota and Ann Gima, their statements are admissible as admissions by a party –opponent under F.R.E. 801(d)(2), which states:

> **Admission by party-opponent.** A statement that is offered against a party and is (A) the party's own statement, in either the party's individual or a representative capacity, or (B) a statement of which the party has manifested the party's adoption or belief in its truth.

Therefore, all statements uttered by party defendants are admissible against them.

C.  STATEMENTS BY KEVIN MULLIGEN

Defendant GK also seeks to preclude testimony related to a statement made by Kevin Mulligen, a Union representative, as evidenced by a note written contemporaneously by Plaintiff:

> I asked Kevin Mulligen why they were bringing these things up again and wasn't it resolved and Kevin said something isn't right and it appears to him that the **retaliation may be city wide**.

Mulligen's statement that retaliation may be city-wide is not hearsay as defined in F.R.E. 801 because it is not being offered to prove the truth of the matter asserted. This section states:

> "Hearsay" is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted.

Plaintiff intends to testify that he had a conversation with Mulligen who told him that he would not be able to work anywhere in the City because he would be the victim of retaliation no matter where he worked. Mulligen's statement not only had a dramatic impact upon Plaintiff's emotional state, but was an important factor in his decision to accept a workers' compensation settlement.

Plaintiff's reason for accepting a workers' compensation settlement is of critical importance and must be made known to the jury in order to defeat Defendants' argument that Plaintiff effectively waived his right to prosecute the claims being asserted in the instant law suit by voluntarily accepting a workers' compensation settlement, when this so-called "voluntary acceptance" was, in fact, done so under extreme economic pressure.

In general, statements made by a declarant and heard by another which is offered to explain the circumstances under which the listener acted, a circumstance commonly referred to as "effect on listener", is not hearsay since it is not offered to prove the truth of the matter asserted. See generally Luckie v. Ameritech Corp. 389

F.3d 708, 715-716 (7th Cir. 2004) (statements admissible since it was offered to show listener's state of mind); Unites States v. Herrera 600 F.2d 502 (5th Cir. 1979) (where defendant alleges duress as a defense, statements threatening defendant and children were not hearsay when offered to prove defendant's state of mind); United States v. Munoz 233, F.3d 1117, 1134 – 35 (9th Cir. 2000) (out-of-court statement related to an investment scheme was admissible since it was offered to explain why person wrote a letter); and, United States v. Wellendorf 574 F.2d 1289 (5th Cir. 1978) (in prosecution for income tax violation, evidence as to advice received by defendant was not hearsay when offered to prove intent).

In this case, Mulligen's statement had an emotional impact upon Plaintiff. Furthermore, Mulligan's ominous warning was a basis for Plaintiff's decision to accept a workers' compensation settlement.

Lastly, to the extent that Defendant GK argues that the statements are viewed as prejudical, any prejudice can be cured by a limiting instruction by the Court.

Dated: Honolulu, Hawaii September 19, 2006.

/s/ Roger S. Moseley
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
TEDSON H. KOJA

Attorneys for Plaintiff
PHILIP E. ENGLISH

10010\3\57888

11