MOSELEY BIEHL TSUGAWA LAU & MUZZI
A Hawaii Limited Liability Law Company

ROGER S. MOSELEY         2060
CHRISTOPHER J. MUZZI     6939
RENEE M. FURUTA          7593
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Tel: (808) 531-0490  Fax: (808) 534-0202
Email: rmoseley@hilaw.us, cmuzzi@hilaw.us
       rfuruta@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1–10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>　　　　　　　Defendants. | Civil No. 04-00108 KSC/KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MOTION IN LIMINE NO. 2 TO EXCLUDE TESTIMONY RE: USE OF CITY EQUIPMENT; CERTIFICATE OF SERVICE<br><br>Trial Date: October 3, 2006 |

10010/3/57877

PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MOTION IN LIMINE NO. 2 TO EXCLUDE TESTIMONY RE: USE OF CITY EQUIPMENT

Plaintiff Philip E. English ("Plaintiff") respectfully submits this memorandum in opposition to Defendants City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota, and Ann C. Gima's Motion in Limine No. 2 to Exclude Testimony Re: Use of City Equipment ("Motion in Limine No. 2").

I.   INTRODUCTION

Defendants City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota, and Ann C. Gima ("City Defendants"), argue in their Motion in Limine No. 2, that the Court should preclude Plaintiff from eliciting any testimony regarding the allege use of a City vehicle on City time for personal errands. City Defendants' Motion in Limine No. 2 must be denied as testimony regarding the use of a City vehicle on City time by City employees for personal errands is relevant and its probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading he jury.

II.  BACKGROUND/RELEVANT FACTS

Plaintiff filed this current suit against City Defendants and G.K. Appraisals, Inc. in February 13, 2004 for, amongst a number of claims, violation of Plaintiff's civil rights pursuant to 42 U.S.C. §1983 and H.R.S. §378-62 and unlawful

10010/3/57877                                    2

retaliation against Plaintiff for reporting the illegal use of City resources and equipment, namely by Defendant Kurokawa.

III. ARGUMENT

Pursuant to According to Rule 401 of the Federal Rule of Evidence "relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence."

In this case, evidence and testimony proffered by Plaintiff regarding the use of a City vehicle on City time by City employees and employees of the Real Property Assessment Division for personal errands is relevant to show the disparate treatment of Plaintiff and other Real Property Assessment Division employees by Defendant City and Defendants Kurokawa, Magota, and Gima. The evidence will be used to show that there were other City employees and employees within the Real Property Assessment Division who violated the law and City rules, policies, and procedures with respect to the unauthorized and illegal use of City resources, namely the use of the City vehicle for personal errands on City time by City employees, namely the employees of the Real Property Assessment Division. However, these employees who violated the law and City rules, policies, and procedures were apparently not punished nor were they reprimanded to the extent that Plaintiff was punished and reprimanded for whistleblowing and reporting the

illegal use of City resources. These City employees who violated the law and City rules were not punished but Plaintiff suffered retaliation and punished by virtue of his acts as a whistleblower.

City Defendants argued that Rule 403 of the Federal Rules of Evidence would preclude testimony regarding the unauthorized and illegal use of City resources, namely the use of the City vehicle for personal errands on City time by City employees and employees of the Real Property Assessment Division because the probative value would be substantially outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury. City Defendants, however, conveniently failed to offer any explanation as to how the probative value of such testimony is substantially outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury.

The testimony regarding the unauthorized and illegal use of City resources, namely the use of the City vehicle for personal errands on City time by City employees and employees of the Real Property Assessment Division is necessary to show the fact-finder the disparate treatment of Plaintiff by the City Defendants. The importance, necessity and the probative value of the testimony outweighs any unfair prejudice, confusion of the issues and any danger of misleading the jury. Plaintiff is required to demonstrate that it has suffered adverse employment action and such testimony will assist the fact-finders with this issue. There is no danger

of inflaming the jury or confusion of issues, and no danger of such information misleading the jury as the jury will be able to appropriately apply such testimony toward the disparate treatment of Plaintiff by City Defendants. Moreover, there will be no prejudice to the City Defendants as the testimony regarding the use of use of the City vehicle for personal errands on City time is not directed at their own personal use of the City vehicle on City time for their own personal errands.

In the event that this Court is inclined to exclude the testimony of regarding the unauthorized and illegal use of City resources, namely the use of the City vehicle for personal errands on City time by City employees and employees of the Real Property Assessment Division, Plaintiff would respectfully request that this Court postpone its ruling on City Defendants' Motion in Limine No. 2 at a later date, and until such a ruling is necessary and appropriate.

DATED: Honolulu, Hawaii, September 19, 2006.

/s/ Roger S. Moseley
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA

Attorneys for Plaintiff
PHILIP E. ENGLISH