MOSELEY BIEHL TSUGAWA LAU & MUZZI
A Hawaii Limited Liability Law Company
ROGER S. MOSELEY        2060
CHRISTOPHER J. MUZZI    6939
RENEE M. FURUTA         7593
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Tel: (808) 531-0490 Fax: (808) 534-0202
Email: rmoseley@hilaw.us,
       cmuzzi@hilaw.us
       rfuruta@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>             Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1–10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>             Defendants. | Civil No. 04-00108 KSC/KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MOTION IN LIMINE NO. 8 TO PRECLUDE ALL REFERENCE TO NEWSPAPER ARTICLES, OTHER WHISTLEBLOWER LAWSUITS, AND OTHER ANECDOCTAL EVIDENCE; EXHIBITS "A" – "H"; DECLARATION OF CHRISTOPHER J. MUZZI; CERTIFICATE OF SERVICE<br><br>Trial Date: October 3, 2006 |

10010/3/57910

**PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MOTION IN LIMINE NO. 8 TO PRECLUDE ALL REFERENCE TO NEWSPAPER ARTICLES, OTHER WHISTLEBLOWER LAWSUITS, AND OTHER ANECDOCTAL EVIDENCE**

Plaintiff Philip E. English ("Plaintiff") respectfully submits this memorandum in opposition to Defendants City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota, and Ann C. Gima's Motion in Limine No. 8 to Preclude All Reference to Newspaper Articles, Other Whistleblower Lawsuits, and Other Anecdotal Evidence ("Motion in Limine No. 8").

I.   INTRODUCTION

Defendants City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota, and Ann C. Gima ("City Defendants"), argue in their Motion in Limine No. 8, that the Court should preclude Plaintiff from introducing references to newspaper articles, other whistleblower lawsuits and other anecdotal evidence regarding Plaintiff's whistleblowing, statements made by parties in the Real Property Assessment Division and parties to the news media regarding the subject matter of the lawsuit, any opinions stated by witnesses or reporters regarding the subject matter of the current lawsuit, the public's dissatisfaction with the real property tax appraisal and/or appeals process, and other whistleblowers on the grounds that such

evidence constitutes hearsay, irrelevant, and that its probative value is outweighed by the danger of unfair prejudice. City Defendants' Motion in Limine No. 8 must be denied on the following grounds:

    A.    The newspaper articles and other news media are not hearsay as they fall within the purview of a hearsay exception pursuant to Rule 807 of the Federal Rules of Evidence (FRE).

    B.    The newspaper articles and other news media stories intended to be offered by the Plaintiff in this case, along with a series of certified copies of Complaints filed in both Federal and State courts, are not hearsay as they are not being proffered by the Plaintiff to prove the truth of the individual matters asserted, but rather, to demonstrate a pervasive practice and custom of retaliating against its own employees who engage in whistleblowing by the Defendant City and County of Honolulu. Regardless of whether any of the individual claims to be demonstrated, was well founded, the mere fact that so many claims have been made is an indication that the problem exists. Moreover, most, if not all of the whitleblower Complaints have either been tried and lost by the City or have been settled by the City. City and other witnesses will verify these results. (Exhibits "A" – "G") At least one newspaper article (the only one the Plaintiff intends to offer) is also being proffered by the Plaintiff to

demonstrate Plaintiff's reaction to the newspaper article. (article attached as Exhibit H)  This article was placed on Plaintiff's boat, where he found and read it with devastating emotional results to which he will testify at trial. The article brought to the front all of Plaintiff's feelings of anxiety and depression he has experienced from the beginning of his ordeal. Furthermore, the article, even if it does not accurately describe the experiences and feelings of the subject of the article, does describe Plaintiff's feelings and experiences.

    C.    The newspaper article, other news media, and court filings are clearly relevant to show evidence of notice and knowledge of the Defendant City's policymakers and their acquiescence of the City's practice and custom.  The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

    D.    Further evidence of other lawsuits involving retaliation against whisteblowers filed against Defendant City, including certified copies of court pleadings, is not hearsay as the Court should take judicial notice of these pleadings.

    E.    Evidence of other lawsuits involving retaliation against whisteblowers filed against Defendant City, including certified copies of

court pleadings, are relevant to show the custom, policy, and practices of Defendant City and their probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

## II. BACKGROUND/RELEVANT FACTS

Plaintiff filed this current suit against City Defendants and G.K. Appraisals, Inc. on February 13, 2004 for, amongst a number of claims, violation of Plaintiff's civil rights pursuant to 42 U.S.C. §1983 and H.R.S. §378-62 alleging unlawful retaliation against Plaintiff for reporting the illegal use of City resources and equipment, namely by Defendant Kurokawa.

## III. ARGUMENT

In their Motion in Limine No. 8, City Defendants seek to exclude a very broad range of newspaper articles, media, statements made to such media, and court pleadings regarding whistleblowers and the public's dissatisfaction with the real property tax appraisal and appeals process. City Defendants make general arguments that this type of evidence constitutes hearsay and that they would be prejudiced by the introduction of such evidence but failed to show or demonstrate how such materials are prejudicial. Due to the overly broad nature of Motion in Limine No. 8 and the City Defendants clear failure to demonstrate or show why the material

is prejudicial, Plaintiff request that the Court deny City Defendants motion. See Bearden v. Southern Railway Co., 1988 U.S. Dist. LEXIS 18672, *3-4, (N.D. Ala. 1988)(Court denying a party's motion in limine for being overly broad. "A motion in limine is useful in that it eliminates inadmissible or prejudicial evidence before it reaches the ears of the jury. Otherwise, if the evidence is not excluded and the jurors are allowed to hear it, the giving of cautionary instructions is to no avail. To have its desired effect, however, the motion must not be overly broad... Most critics agree that its scope should be more that of a rifle than a shotgun, pointing out the objectionable material and showing why the material is inadmissible and prejudicial."

A. THE NEWSPAPER ARTICLES AND OTHER NEWS MEDIA ARE NOT HEARSAY AS THEY FALL WITHIN THE PURVIEW OF A HEARSAY EXCEPTION PURSUANT TO RULE 807 OF THE FEDERAL RULES OF EVIDENCE.

City Defendants argued that newspaper articles and other news media are not admissible as they constitute hearsay. Generally, newspaper articles are considered hearsay however "an exception to this rule exists where the "extraordinary circumstances" surrounding the proffered articles provide sufficient guarantees of trustworthiness such that they can be admitted under the residual hearsay exception." Public Serv. Co. v. Kempthorne, 2006 U.S. Dist. LEXIS 34584 (D. Idaho 2006)(citing Larez v. City of Los Angeles, 946 F.2d 630, 643, (9th Cir. 1991).

In this case, there are extraordinary circumstances that exists to guarantee the trustworthiness of the sole newspaper article Plaintiff seeks to introduce. The declarants featured in the newspaper article were all whistleblowers who have instituted lawsuits against Defendant City and various other City defendants for retaliating against them for whistleblowing and exercising their right to free speech. The subject matter in these articles concern the declarants' experiences as whistleblowers and instituting suit against Defendant City. Plaintiff also intends to submit as exhibits certified copies of the actual complaints, of which the Plaintiff is requesting that this Court take judicial notice.

FRE Rule 807 (the residual exception rule) states as follows:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

In this case, the newspaper article and other news media is being offered as evidence of a material fact to show that the Defendant City has a custom, practice and policy of retaliating against whistleblowers <u>and that policymakers are aware of such repeated retaliation</u>, but have not taken any steps to curtail it.  The statements in the newspaper article are more probative on the point for which it is offered than any other evidence which Plaintiff can procure through reasonable efforts, as such article captures the feelings and reactions of the whistleblowers involved.  Moreover, the general purpose of these evidentiary rules and interest of justice will best be served by admitting these statements into evidence.  The general spirit of these rules is to ensure and to secure fairness in administration, eliminate unjustifiable delay and expense, and to promote the growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determine. FRE Rule 102.  In this case, the inclusion of the newspaper article and other news media would not delay the administration of this case and would allow the fact-finders to gain as much information as possible prior to making their decision.

    B.    ALTERNATIVELY, THE NEWSPAPER ARTICLE AND OTHER NEWS MEDIA ARE NOT HEARSAY AS THEY ARE NOT BEING PROFFERED BY THE PLAINTIFF TO PROVE THE TRUTH OF THE MATTER ASSERTED THEREIN.

In the alternative, the newspaper article and other news media do not constitute hearsay as they are not proffered by Plaintiff to prove the truth of the matter asserted therein, but rather notice and knowledge attributable to Defendant City.  FRE Rule 801(c).

First and foremost, the newspaper article and other news media concerning whistleblowers will be used to show that that the Defendant City and its policymakers were put on notice, repeatedly, that its own agencies have an established pattern of retaliating against whistleblowers who have reported illegal activities concerning Defendant City.  Hiram v. U.S., 354 F.2d 4, 8 (9th Cir. 1965)(newspaper article not hearsay since it was not offered for the truth of the matter stated therein but only to show notice to appellant.); Cunningham v. Gates, 2006 U.S. Dist. LEXIS 58368, *5 (C.D. Ca. 2006)(newspaper articles about another case admissible as they are not hearsay, not being offered for the truth of the matter asserted therein, but rather to show notice and knowledge.)

The newspaper article and other news media concerning whistleblowers are also proffered to demonstrate that the Defendant City and its policymakers had knowledge of the repeated retaliation against whistleblowers occurring within its own agencies over an extended period of time.  See id.

In addition, the newspaper article does not constitute hearsay as it will be used to show Plaintiff's own reaction after reading and viewing the newspaper article. Plaintiff was greatly disturbed after reviewing the newspaper article and the jury must be able to view the evidence that caused Plaintiff's reaction.

> C. THE NEWSPAPER ARTICLES AND OTHER NEWS MEDIA ARE RELEVANT TO SHOW EVIDENCE OF NOTICE AND KNOWLEDGE TO THE DEFENDANT CITY'S POLICYMAKERS, AND ITS PROBATIVE VALUE IS NOT SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE.

As discussed in the section above, the newspaper article and other news media regarding whistleblower as well as the multiple complaints filed against the City are relevant and material to show that the Defendant City and its policymakers were put on notice and had knowledge of the persistent acts of retaliation against whistleblowers. Despite being placed on notice and having knowledge of these severe and ongoing violations of constitutional rights, the Defendant City failed to take any action to stop these acts of retaliation and allowed these illegal acts to continue. See Cunningham, 2006 U.S. Dist. LEXIS 58368 at *4-5 (Court allowed newspaper articles offered by counsel in a previous case decided by the court against the same defendants, the Special Investigations Section of the Los Angeles Police Department, involving similar issues, to describe

specific incidents involving SIS, despite objections made by opposing counsel on the basis of relevance and prejudice as "the articles are clearly relevant to the knowledge of policymakers and supervisors").

City Defendants argued that in addition to being hearsay, newspaper articles and other news media should be excluded as their probative value would be substantially outweighed by the danger of unfair prejudice. However, the City Defendants failed to prove how or in what manner they would be prejudiced by these newspaper articles and other news media. Importantly, the City Defendants have <u>not</u> said that the articles, news media, and court filing is unfairly or inaccurately portray what has been happening within the City government. If this is an accurate portrayal there can be no prejudice! Despite the City Defendants' failure to articulate any prejudice, the probative value of the newspaper articles and other news medial involving whistleblowers substantially outweighs any prejudice on the City Defendants.

> D. EVIDENCE OF OTHER LAWSUITS INVOLVING RETALIATION AGAINST WHISTLEBLOWERS FILED AGAINST DEFENDANT CITY, INCLUDING CERTIFIED COPIES OF COURT PLEADINGS, IS NOT HEARSAY AS THE COURT SHOULD TAKE JUDICIAL NOTICE OF THESE PLEADINGS.

The pleadings, orders and judgment involving other lawsuits filed by other whistleblowers for retaliation and violation of their free speech rights

against the Defendant City is admissible and do not constitute hearsay. The documents proffered by Plaintiff regarding lawsuits filed by other whistleblowers have all been certified by the clerks of the respective courts, including the United States District Court for the District of Hawaii and the U.S. National Archives. Pursuant to FRE Rule 201, Plaintiff would respectfully request that this Court take judicial notice of that these pleadings, orders and judgments were filed and rendered by the courts within the State of Hawaii on the dates reflected on the documents, that these complaints and the allegations contained therein were filed against the Defendant City and other city defendants, by plaintiffs who were or continue to be employees of Defendant City, for alleged acts by Defendant City and other city defendants of retaliating against the plaintiffs for reporting illegal activities and/or wrongdoing that occurred within the Defendant City.

FRE Rule 201 states in pertinent part:

> (b) <u>Kinds of facts.</u> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
>
> (d) <u>When mandatory.</u> A court shall take judicial notice if requested by a party and supplied with necessary information.

(f) <u>Time of taking notice.</u> Judicial notice may be taken at any stage of the proceeding.

(g) <u>Instructing the jury.</u> In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed.

In this case, the pleadings filed by other plaintiffs who were whistleblowers against Defendant City and orders and judgments rendered by the courts have all been certified by the clerks of the respective courts, and the accuracy, with respect to the actual filing of these documents cannot be questioned. Similarly, the accuracy of the allegations and claims contained within a pleading, filed on a particular date by a particular plaintiff, cannot be reasonably questioned as they are within the certified pleading.

    E.    EVIDENCE OF OTHER LAWSUITS INVOLVING RETALIATION AGAINST WHISTLEBLOWERS FILED AGAINST DEFENDANT CITY, INCLUDING CERTIFIED COPIES OF COURT PLEADINGS, IS RELEVANT TO SHOW THE CUSTOM, POLICY, AND HABITS OF DEFENDANT CITY AND ITS PROBATIVE VALUE IS NOT SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES, OR MISLEADING THE JURY.

City Defendants admitted that the fact that there were other lawsuits filed against the Defendant City places the Defendant City on notice of various alleged instances of civil rights abuses that have taken place within the City. City Defendants also argued that other whistleblower lawsuits

against Defendant City are irrelevant and must be excluded because their probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Evidence regarding other whistleblower lawsuits filed against Defendant City is relevant and highly material as they are evidence to show custom, policy and habit of the Defendant City in retaliating against whistleblowers. As this case involves a §1983 claim and requires Plaintiff to prove that there was a policy, custom, or practice that deprived Plaintiff of his constitutional rights. Any evidence, including previous whistleblower lawsuits filed against Defendant City is highly material. See Cunningham, 2006 U.S. Dist. LEXIS 58368 at *6 (Because of Plaintiffs' *Monell* claims, the evidence is relevant regarding supervisory and policymaking officials' knowledge, and hence, deliberate indifference. It is evidence of custom, policy and habits of the police department and the SIS unit."); see also Nicoletti v. Gates, 2006 U.S. Dist. LEXIS 21337 (C.D. Ca. 2006)(Court allowed Plaintiff to offer evidence and solicit testimony about incidents prior to a date of occurrence involving defendants and similar conduct because of Plaintiff's *Monell* claim alleging that the City had a custom, policy or practice that deprived Plaintiff of her constitutional rights). Moreover, these lawsuits are also important in reviewing the conduct of these policymakers

and officials of Defendant City after they were put on notice of the persistent practice and custom of retaliating against whistleblowers.

The City Defendants argue that admitting the lawsuits would be prejudicial and a waste of time and cumulative. However, the relevance and the probative value of the lawsuits, in proving that Plaintiff's constitutional rights were deprived by Defendant City's custom, policy, and practice of retaliating against whistleblowers overwhelmingly outweighs any prejudiced faced by the City Defendants. City Defendants assert that allowing these suits would be prejudicial and that the Court would be required to conduct mini-trials for each alleged incidents of whistleblowing. This assertion is unfounded and without basis. These court-certified public documents speak for themselves and the jury is not required to have all of the facts behind these suits to ascertain custom and practice of retaliation against whistleblowers by Defendant City.

IV.   CONCLUSION

For all of the foregoing reasons, Plaintiff requests that his Court deny City Defendants' Motion in Limine No. 8.

In the event that this Court is inclined to grant City Defendants' Motion in Limine No. 8, Plaintiff would respectfully request that this Court

postpone its ruling on City Defendants' Motion in Limine No. 8 at a later date, and until such a ruling is necessary and appropriate.

    DATED:   Honolulu, Hawaii, September 19, 2006.

                                          /s/ *Christopher J. Muzzi*
                                          ROGER S. MOSELEY
                                          CHRISTOPHER J. MUZZI
                                          RENEE M. FURUTA
                                          Attorneys for Plaintiff
                                          PHILIP E. ENGLISH