ORIGINAL

**WINER MEHEULA DEVENS & BUSH** LLP

THOMAS E. BUSH #4737-0
970 N. Kalaheo Avenue
Suite A-300, Pali Palms Plaza
Kailua, Hawaii 96734
Telephone No.: (808) 254-5855

Attorneys for Plaintiff



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 27 2002

CV 02 00622 DAE

KSC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHARLES J. WIGGINS,<br>  Plaintiff,<br><br>  vs.<br><br>CITY & COUNTY OF HONOLULU;<br>HONOLULU LIQUOR COMMISSION;<br>JOHN P. SPIERLING; in his official<br>capacity as Chair of the HONOLULU<br>LIQUOR COMMISSION; WALLACE W.<br>WEATHERWAX, individually and in his<br>capacity as an agent and employee of the<br>City & County of Honolulu; JOHN<br>CARROLL, individually and in his capacity<br>as an agent and employee of the City &<br>County of Honolulu; THOMAS<br>MENDONCA, individually and in his<br>capacity as an agent and employee of the<br>City & County of Honolulu; DAVID K.H.<br>LEE, individually and in his capacity as an<br>agent and employee of the City & County of<br>Honolulu; HARVEY T. HIRANAKA,<br>individually and in his capacity as an agent<br>and employee of the City & County of<br>Honolulu; ARTHUR M. ANDRES,<br>individually and in his capacity as an agent<br>and employee of the City & County of<br>Honolulu; SAMUEL K.Y. HO, individually<br>and in his capacity as an agent and<br>employee of the City & County of<br>Honolulu; EDUARDO C. MINA,<br>individually and in his capacity as an agent<br>and employee of the City & County of<br>Honolulu; COLLIN M. OSHIRO,<br>individually and in his capacity as an agent<br>and employee of the City & County of<br>Honolulu; WILLIAM B. RICHARDSON,<br>JR., individually and in his capacity as an<br>agent and employee of the City & County of<br>Honolulu; KENNETH L. WRIGHT, | CIVIL NO. _____<br>(Other Civil Rights)<br><br>COMPLAINT; DEMAND FOR JURY<br>TRIAL; SUMMONS |

**EXHIBIT D**

individually and in his capacity as an agent )
and employee of the City & County of         )
Honolulu; THOMAS RIDDLE, individually )
and in his capacity as an agent and           )
employee of the City & County of              )
Honolulu; and DOE DEFENDANTS 1-25. )
                                                              )
      Defendants.                            )

L:\General Office\tebush\Complaint.doc

## COMPLAINT

COMES NOW Plaintiff CHARLES J. WIGGINS, by and through his undersigned counsel, and for a complaint against the Defendants named herein, alleges as follows:

### NATURE OF THE CASE

1.    This is an action under the Civil Rights Act of 1991, 42 U.S.C. §1981 and §§1983-5, the Hawaii Whistleblowers' Protection Act, Hawaii Revised Statutes §378-62, the United States and Hawaii Constitutions, and common law theories of recovery to obtain full and complete relief and to redress the illegal and tortuous conduct described herein.

### JURISDICTION

2.    Jurisdiction exists under 28 U.S.C. §1331 and §1343, by virtue of the claims of deprivation of constitutional rights and racketeering conduct arising under 42 U.S.C. §1981, §1983, §1985 and §1986, as alleged herein.

3.    This court has supplemental jurisdiction under 28 U.S.C. §1367(a) over Plaintiff's state law claims.

### VENUE

4.    The unlawful acts and employment practices alleged herein were committed within the District of Hawaii, and this action properly lies in the District of Hawaii.

### PARTIES

5.    Plaintiff CHARLES J. WIGGINS ("Plaintiff") is, and at all times relevant herein was, a Liquor Control Investigator employed by the Liquor Commission, Department of Budget

2

and Fiscal Services, City & Count of Honolulu, and a resident of the State of Hawaii.

6. At all times relevant herein, Defendant CITY & COUNTY OF HONOLULU ("the City") was and is a municipal corporation in the State of Hawaii, created and established under the laws of the State of Hawaii, and is charged with control over all City boards and commissions, policies and/or programs, and City employees' activities.

7. At all times relevant herein, Defendant HONOLULU LIQUOR COMMISSION ("Liquor Commission") was and is an agency and/or division of the City & County of Honolulu, State of Hawaii.

8. Defendant JOHN P. SPEIRLING ("Speirling") is, and at all times herein relevant was, the Chair of the Liquor Commission, and a resident of the State of Hawaii. He is sued in his official capacity.

9. Defendant WALLACE W. WEATHERWAX ("Weatherwax") is, and at all times herein relevant was, the Liquor Control Administrator, employed by the Liquor Commission, Department of Budget and Fiscal Services, City & County of Honolulu, and a resident of the State of Hawaii. He is sued in his individual and official capacity.

10. Defendant JOHN CARROLL ("Carroll") is, and at times herein relevant was, the Chief Investigator, employed by the Liquor Commission, Department of Budget and Fiscal Services, City & County of Honolulu, and a resident of the State of Hawaii. He is sued in his individual and official capacity.

11. Defendant THOMAS MENDONCA ("Mendonca"), was, at times herein relevant, the Supervising Investigator for the Enforcement Section, employed by the Liquor Commission, Department of Budget and Fiscal Services, City & County of Honolulu, and a resident of the State of Hawaii. He is sued in his individual and official capacity.

12. Defendant DAVID K.H. LEE ("Lee") was at all times herein relevant, a Liquor Control Investigator and Plaintiff's supervisor, employed by the Liquor Commission,

3

Department of Budget and Fiscal Services, City & County of Honolulu, and a resident of the State of Hawaii. He is sued in his individual and official capacity.

13. Defendant HARVEY T. HIRANAKA ("Hiranaka") was at all times herein relevant, a Liquor Control Investigator and Plaintiff's supervisor, employed by the Liquor Commission, Department of Budget and Fiscal Services, City & County of Honolulu, and a resident of the State of Hawaii. He is sued in his individual and official capacity.

14. Defendant ARTHUR M. ANDRES ("Andres") was at all times herein relevant, a Liquor Control Investigator and Plaintiff's supervisor, employed by the Liquor Commission, Department of Budget and Fiscal Services, City & County of Honolulu, and a resident of the State of Hawaii. He is sued in his individual and official capacity.

15. Defendant SAMUEL K.Y. HO ("Ho") was at all times herein relevant, a Liquor Control Investigator, employed by the Liquor Commission, Department of Budget and Fiscal Services, City & County of Honolulu, and a resident of the State of Hawaii. He is sued in his individual and official capacity.

16. Defendant EDUARDO C. MINA ("Mina") was at all times herein relevant, a Liquor Control Investigator, employed by the Liquor Commission, Department of Budget and Fiscal Services, City & County of Honolulu, and a resident of the State of Hawaii. He is sued in his individual and official capacity.

17. Defendant COLLIN M. OSHIRO ("Oshiro") was at all times herein relevant, a Liquor Control Investigator, employed by the Liquor Commission, Department of Budget and Fiscal Services, City & County of Honolulu, and a resident of the State of Hawaii. He is sued in his individual and official capacity.

18. Defendant WILLIAM B. RICHARDSON, JR. ("Richardson") was at all times herein relevant, a Liquor Control Investigator, employed by the Liquor Commission, Department

of Budget and Fiscal Services, City & County of Honolulu, and a resident of the State of Hawaii. He is sued in his individual and official capacity.

19.  Defendant KENNETH L. WRIGHT ("Wright") was at all times herein relevant, a Liquor Control Investigator, employed by the Liquor Commission, Department of Budget and Fiscal Services, City & County of Honolulu, and a resident of the State of Hawaii. He is sued in his individual and official capacity.

20.  Defendant THOMAS RIDDLE ("Riddle") is, and at all times herein relevant was, the Worker's Compensation Administrator, employed by the Department of Budget and Fiscal Services, City & County of Honolulu, and a resident of the State of Hawaii. He is sued in his individual and official capacity.

21.  Doe Defendants 1-25 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff, except that they are connected in some manner with the named Defendants, and are agents, servants, employees, employers, representatives, co-venturers, associates, vendors, suppliers, manufacturers, sub-contractors or contractors of the named Defendants, and/or are in some manner responsible for the injuries and damages to Plaintiff, and/or in some other manner are related to the named Defendants and that their true names, identities, capacities, activities and/or responsibilities are presently unknown to the Plaintiff or his attorney. Plaintiff herein prays leave to amend his Complaint to allege the true names, identities, capacities, activities and/or responsibilities of the Defendants set forth in this paragraph when the same are ascertained.

## BACKGROUND

22.  On or about May 1999, Plaintiff was approached by a Special Agent of the Federal Bureau of Investigation ("FBI"). Plaintiff was told that his name had been given to the agent by a bar owner who was complaining about corruption among the Liquor Commission

Investigators. Plaintiff was told that he had been identified as the only Investigator who was not corrupt and could provide information about the others.

23. Prior to meeting with the FBI agent, Plaintiff told his immediate supervisor, Hiranaka, that he had been contacted by the FBI regarding corruption in the Liquor Commission. Hiranaka told him not to say anything and suggested that he not meet with the FBI. He then said maybe Plaintiff should see what information they might have. Hiranaka told Plaintiff to tell Weatherwax, because he would "watch out for us." Plaintiff subsequently told Weatherwax. Weatherwax promptly told all the Investigators of the situation. At that time and under those particular circumstances, Plaintiff felt it was not prudent to cooperate with the FBI.

24. As he became more aware of the criminal activities in the Liquor Commission, Plaintiff approached Mina in approximately June 2000 because, at that time, Plaintiff thought Mr. Mina was not involved in the criminal activities. Plaintiff understood that Mina had a close relationship with Mayor Jeremy Harris and could command an audience to possibly discuss a solution to the problem. Mina said he would talk to the Mayor. Plaintiff heard nothing further about this.

25. Thereafter, shortly before October 2000, Plaintiff approached the FBI because the Liquor Commission's criminal activities had escalated to a point where it was impossible to overlook. The FBI subsequently undertook an investigation of the Liquor Commission's criminal activities from the time period of October 2000 until May 22, 2002, which required the participation of Plaintiff at great risk to his health and safety.

26. The FBI investigation resulted in a criminal indictment filed on May 22, 2002, in the United States District Court for the District of Hawaii against Lee, Hiranaka, Andres, Ho, Mina, Oshiro, Richardson, and Wright.

27. During the time period of October 2000 until May 22, 2002, Plaintiff had conversations involving Lee, Hiranaka, Andres, Ho, Mina, Oshiro, Richardson, and Wright

6

where it was communicated to Plaintiff that anyone who dared inform on the corrupt practices of the Liquor Commission could expect to be killed.

28. On or about December 27, 2001, Plaintiff filed a worker's compensation claim due to the enormous stress he was under. He provided this report to Daniel Arakaki, an administrative officer with the Liquor Commission. He told Mr. Arakaki that it was of a sensitive nature and asked him to forward it to Weatherwax.

29. On or about December 28, 2001, Plaintiff was contacted by bar a owner who questioned him about his workers' compensation claim.

30. On or about January 2, 2002, Plaintiff met with Weatherwax to discuss his worker's compensation claim. At this meeting, a representative of the City Corporation Counsel's office was present. Weatherwax pressed Plaintiff for details of the investigation. He wanted names. Plaintiff said he could not give names. Plaintiff the asked him if he would consider placing Plaintiff on administrative leave. Weatherwax again pressed him for names and details. Plaintiff told him that since Weatherwax had told investigators of the first investigation with the FBI, he did not feel safe telling Weatherwax about the details of the current investigation.

31. In the second week of January, Plaintiff placed a call to Weatherwax and again asked about administrative leave. Plaintiff had heard that Liquor Commission Investigator William Leong had been placed on administrative leave with pay and also understood that the FBI had spoken with Weatherwax to confirm the nature of the investigation with which Plaintiff was involved. Plaintiff was informed that his second conversation with Weatherwax was in the presence of Anna Hirai, special assistant to Weatherwax. Weatherwax again pressed Plaintiff for information on the specifics of the investigation and said he would consider administrative leave depending on the outcome of Plaintiff's pending workers' compensation claim. Since this meeting, Plaintiff has heard nothing further from Weatherwax.

32. On or about March 8, 2002, Riddle wrote a letter to Gary Hamada of the Disability Compensation Division ("DCD"), acknowledging that Plaintiff "did suffer from some emotional distress caused by his work injury of October 1, 2000."

33. Meanwhile on or about March 7, 2002, Riddle wrote a letter to Dr. Lind requesting that he sign a letter to show his agreement that Plaintiff could safely return to work in the Honolulu Police Department ("HPD") with the Crime Stopper program.

34. By letter dated March 11, 2002, Dr. Lind responded to Riddle's request by stating that:

> [I]t would be ill-advised to send him back to work in a structured setting, and in a specific location, such as HPD. It would not be appropriate for me to go into details in this particular letter, but Mr. Wiggins will be talking with you in person shortly, and he can more fully explain it. Suffice it to say that he is under a great deal of pressure as a cooperating witness in the current investigation, and this is inherently putting a great deal of pressure on him, as well as the risks to his safety attendant to the cooperation. Thus, I would recommend deferring return to work at this time.

35. In fact, the day after Plaintiff was informed of this offer of a position with the Crime Stoppers program, Plaintiff was informed that Carroll and Liquor Commission already knew about the proposed job. This is evidence of the close ties among various City departments.

36. By letter dated March 12, 2002, the Riddle terminated Plaintiff's temporary partial disability benefits effective March 16, 2002, apparently under the pretext that Plaintiff should return to work in the HPD with the Crime Stopper program.

37. Plaintiff contested this denial of benefits and on April 17, 2002, a notice was issued of a hearing before Hearings Officer Padilla on May 2, 2002 at 10 am.

38. A hearing was held on the City's denial of benefits before Hearings Officer Padilla on May 2, 2002. During the course of the hearing, the City presented no medical evidence to support its denial of benefits to Plaintiff. The City also never mentioned that it wanted or intended to have Plaintiff submit to a medical examination.

8

39. On May 6, 2002, Riddle unsuccessfully moved the DCD for an order to compel Plaintiff to attend a medical examination in a transparent attempt to get some evidence to justify the denial of worker's compensation benefits.

40. On May 21, 2002, in response to a request by Hearings Officer Padilla, Riddle reconfirmed the City's position that it was continuing to deny Plaintiff temporary disability payments from March 16, 2002 forward.

41. On May 22, 2002 the federal criminal indictment was filed in the United States District Court for the District of Hawaii. On or about May 20, 2002, Plaintiff had provided testimony before the federal grand jury that returned the indictment. Though Plaintiff had taken necessary steps to process his workers' compensation claim, Plaintiff had otherwise sought to avoid any discussion of corruption in this Liquor Commission for his own safety and to avoid compromising the federal criminal investigation.

42. By letter dated June 21, 2002, Hearings Officer Padilla issued his decision, which stated, in pertinent part that:

> Regarding employer's termination of temporary total disability as of 3/16/2002, the Director determines that termination was premature. Employer has not provided any evidence to persuasively rebut claimant's testimony and Dr. Lind's opinion that working at HPD would be dangerous for claimant in light of claimant's circumstance. The Director credits claimant and Dr. Lind's statements that placing claimant in a structured setting at a specific location would allow someone to put a "fix" on claimant. If this occurred, the Director concludes that this would create a hostile work environment. Therefore, such a position with Crime Stoppers would not be deemed suitable and gainful employment. Claimant's refusal to accept the Crime Stoppers position is properly justified.

## COUNT I – VIOLATION OF CIVIL RIGHTS

43. Plaintiff repeats and realleges each and every allegation set forth above.

44. Defendants, under color of statutes, ordinances, regulations, customs, or usages of the State of Hawaii, or the City & County of Hawaii, subjected Plaintiff, a citizen of the United

9

States, or caused Plaintiff to be subjected, to the deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States.

45. Defendants are liable to Plaintiff for damages that he suffered as a result of the above-described unlawful acts, which were committed in violation of, inter alia, 42 U.S.C. §1983.

## COUNT II – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

46. Plaintiff repeats and realleges each and every allegation set forth above.

47. Defendants conspired together for the purpose of:

(a) deterring Plaintiff, directly or indirectly, by force, intimidation, or threat from attending federal court or testifying in a matter pending therein, freely, fully, and truthfully, and/or of injuring Plaintiff in his person or property on account of his having so attended or testified;

(b) impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in the State of Hawaii, with intent to deny to Plaintiff the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws; and

(c) depriving Plaintiff, directly or indirectly, the equal protection of the laws, and/or the equal privileges and immunities under the laws; and/or of preventing or hindering the constituted authorities of the State of Hawaii from giving or securing Plaintiff the equal protection of the laws.

48. Defendants, who were engaged in the conspiracy, did, or caused to be done, acts in furtherance of the object of such conspiracy, whereby Plaintiff has suffered injuries and damages.

49. Defendants are liable to Plaintiff for damages that he suffered as a result of their above-described unlawful acts, which were committed in violation of, inter alia, 42 U.S.C. §1985.

## COUNT III – NEGLECT TO PREVENT INTERFERENCE WITH CIVIL RIGHTS

50. Plaintiff repeats and realleges each and every allegation set forth above.

51. Defendants had a duty to protect Plaintiff' civil rights and/or to prevent or aid in preventing the commission of wrongs conspired to be done.

52. Defendants breached this duty.

53. Defendants breach caused injury and damages to Plaintiff.

54. These unlawful actions or omissions of Defendants were in violation of, inter alia, 42 U.S.C. §1986.

## COUNT IV – UNLAWFUL DISCRIMINATION

55. Plaintiff repeats and realleges each and every allegation set forth above.

56. Defendants constructively discharged, threatened, retaliated or otherwise discriminated against Plaintiff regarding Plaintiff's compensation, terms, conditions, location or privileges of employment because of Plaintiff's unwillingness to condone criminal activities, Plaintiff's participation in a federal criminal investigation regarding Defendants and Plaintiff's presentation of testimony before a federal grand jury.

57. Defendants' conduct has caused harm and damage to Plaintiff, in violation of, inter alia, H.R.S. §378-62.

## COUNT V – RETALIATION

58. Plaintiff repeats and realleges each and every allegation set forth above.

59. Defendants engaged in retaliatory acts and conduct against Plaintiff for his opposition to Defendants' unlawful and/or criminal activities.

60. Defendants' conduct has caused harm and damage to Plaintiff, in violation of, inter alia, H.R.S. §378-62.

## COUNT VI – FAILURE TO INVESTIGATE

61. Plaintiff repeats and realleges each and every allegation set forth above.

62. Defendants had a duty to Plaintiff to ensure that criminal conduct rampant in the Liquor Commission was investigated pursuant to state and federal law and City policy and procedure.

63. Defendants breached this duty.

64. Defendants' breach caused Plaintiff injury and damage.

## COUNT VII – WILFUL, WANTON, AND RECKLESS CONDUCT

65. Plaintiff repeats and realleges each and every allegation set forth above.

66. Defendants' above-described conduct was wilful and/or wanton, and/or reckless in nature.

67. Defendants unlawful and/or criminal conduct was a direct and proximate cause of Plaintiff's injuries and damages.

68. Pursuant to Iddings v. Mee-Lee, 82 Haw. 1 (1996), Defendants are liable for Plaintiff's injuries, and damages.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

69. Plaintiff repeats and realleges each and every allegation set forth above.

70. By engaging in the above-described unlawful conduct, Defendants intentionally caused emotional distress to Plaintiff.

71. The City is responsible and liable for Defendants' above-described actions under the doctrine of respondeat superior because each of the Defendants were acting in the course and scope of his employment with City.

72. Defendants are liable to Plaintiff for damages that he suffered as a result of their unlawful conduct described above.

## COUNT IX – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

73. Plaintiff repeats and realleges each and every allegation set forth above.

74. By engaging in the above-described unlawful conduct, Defendants negligently caused emotional distress to Plaintiff.

75. City is responsible and liable for Defendants' above-described actions, because each of the Defendants were acting in the course and scope of his employment with City.

76. Defendants are liable to Plaintiff for damages that he suffered as a result of their unlawful conduct described above.

## COUNT X – PUNITIVE DAMAGES

77. Plaintiff incorporates by reference all preceding allegations herein.

78. Defendants Weatherwax, Carroll, Mendonca, Lee, Hiranaka, Andres, Ho, Mina, Oshiro, Richardson, Wright, Riddle, and Doe Defendants 1-25 have acted wantonly, willfully, and oppressively, with such malice as implies a spirit of mischief, and with conscious indifference to the consequences of their acts and are characterized by aggravating circumstances sufficient to justify imposition of punitive or exemplary damages.

79. Such willful misconduct warrants an award of punitive damages against Defendants Weatherwax, Carroll, Mendonca, Lee, Hiranaka, Andres, Ho, Mina, Oshiro, Richardson, Wright, Riddle and Doe Defendants 1-25 and in favor of Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the court enter judgment against Defendants on all causes of action and grant relief as follows:

    A. General and special damages in amounts to be proven at the time of trial;

    B. Punitive damages as to Defendants Weatherwax, Carroll, Mendonca, Lee Hiranaka, Andres, Ho, Mina, Oshiro, Richardson, Wright and Riddle;

    C. Attorneys' fees, costs of suit and both pre-judgment and post-judgment interest to the extent allowed by law; and

      D.    Such other and further relief as the Court deems just and proper under the circumstances.

DATED: Kailua, Hawaii, September 27, 2002.

                                                    _____
                                                  THOMAS E. BUSH
                                                  Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHARLES J. WIGGINS,<br>　　　Plaintiff, | )<br>)<br>) | CIVIL NO. _____<br>(Other Non-Vehicle Tort) |
| vs. | )<br>)<br>) | DEMAND FOR JURY TRIAL |
| CITY & COUNTY OF HONOLULU; HONOLULU LIQUOR COMMISSION, JOHN P. SPIERLING, in his official capacity as Chair of the HONOLULU LIQUOR COMMISSION; WALLACE W. WEATHERWAX, individually and in his capacity as an agent and employee of the City & County of Honolulu; JOHN CARROLL, individually and in his capacity as an agent and employee of the City & County of Honolulu; THOMAS MENDONCA, individually and in his capacity as an agent and employee of the City & County of Honolulu; DAVID K.H. LEE, individually and in his capacity as an agent and employee of the City & County of Honolulu; HARVEY T. HIRANAKA, individually and in his capacity as an agent and employee of the City & County of Honolulu; ARTHUR M. ANDRES, individually and in his capacity as an agent and employee of the City & County of Honolulu; SAMUEL K.Y. HO, individually and in his capacity as an agent and employee of the City & County of Honolulu; EDUARDO C. MINA, individually and in his capacity as an agent and employee of the City & County of Honolulu; COLLIN M. OSHIRO, individually and in his capacity as an agent and employee of the City & County of Honolulu; WILLIAM B. RICHARDSON, JR., individually and in his capacity as an agent and employee of the City & County of Honolulu; KENNETH L. WRIGHT, individually and in his capacity as an agent and employee of the City & County of Honolulu; THOMAS RIDDLE, individually and in his capacity as an agent and employee of the City & County of Honolulu; and DOE DEFENDANTS 1-25.<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

L:\General Office\tebush\Complaint.doc

## DEMAND FOR JURY TRIAL

Plaintiff CHARLES J. WIGGINS, by and through his undersigned attorneys, hereby demands trial by jury on all issues triable herein.

Dated: Kailua, Hawaii, September 27, 2002.

_____
THOMAS E. BUSH
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHARLES J. WIGGINS,<br>Plaintiff,<br><br>vs.<br><br>CITY & COUNTY OF HONOLULU;<br>HONOLULU LIQUOR COMMISSION,<br>JOHN P. SPIERLING, in his official<br>capacity as Chair of the HONOLULU<br>LIQUOR COMMISSION; WALLACE W.<br>WEATHERWAX, individually and in his<br>capacity as an agent and employee of the<br>City & County of Honolulu; JOHN<br>CARROLL, individually and in his capacity<br>as an agent and employee of the City &<br>County of Honolulu; THOMAS<br>MENDONCA, individually and in his<br>capacity as an agent and employee of the<br>City & County of Honolulu; DAVID K.H.<br>LEE, individually and in his capacity as an<br>agent and employee of the City & County of<br>Honolulu; HARVEY T. HIRANAKA,<br>individually and in his capacity as an agent<br>and employee of the City & County of<br>Honolulu; ARTHUR M. ANDRES,<br>individually and in his capacity as an agent<br>and employee of the City & County of<br>Honolulu; SAMUEL K.Y. HO, individually<br>and in his capacity as an agent and<br>employee of the City & County of<br>Honolulu; EDUARDO C. MINA,<br>individually and in his capacity as an agent<br>and employee of the City & County of<br>Honolulu; COLLIN M. OSHIRO,<br>individually and in his capacity as an agent<br>and employee of the City & County of<br>Honolulu; WILLIAM B. RICHARDSON,<br>JR., individually and in his capacity as an<br>agent and employee of the City & County of<br>Honolulu; KENNETH L. WRIGHT,<br>individually and in his capacity as an agent<br>and employee of the City & County of<br>Honolulu; THOMAS RIDDLE, individually<br>and in his capacity as an agent and<br>employee of the City & County of<br>Honolulu; and DOE DEFENDANTS 1-25.<br><br>Defendants. | CIVIL NO. _____<br>(Other Non-Vehicle Tort)<br><br>SUMMONS |

L:\General Office\tebush\Complaint.doc

## SUMMONS

To the above named Defendants:

You are hereby summoned and required to serve upon Plaintiff's attorney Thomas E. Bush, 970 N. Kalaheo Avenue, Suite A-300, Kailua, Hawaii 96734, an answer to the Complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a judge of the above entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED:    Honolulu, Hawaii, __SEP 2 7 2002__

WALTER A.Y.H. CHINN
CLERK OF THE COURT

Deputy Clerk, United States
District Court, District of Hawaii