ORIGINAL

MICHAEL JAY GREEN  4451
345 Queen Street
Second Floor
Honolulu, Hawaii  96813
Telephone:  (808) 521-3336

DEBRA A. KAGAWA    6169
345 Queen Street
Second Floor
Honolulu, Hawaii  96813
Telephone:  (808) 521-3336

DENISE M. HEVICON   7428
345 Queen Street
Second Floor
Honolulu, Hawaii  96813
Telephone:  (808) 521-3336

Attorneys for Plaintiff
CRAIG WHANG

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2004 MAY 17  PM 4: 04

N. ANAYA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| CRAIG WHANG,<br><br>    Plaintiff,<br><br> vs.<br><br>CITY AND COUNTY OF HONOLULU,<br>PETER CARLISLE, in his official capacity as<br>Prosecuting Attorney for the Department of<br>the Prosecuting Attorney, City and County of<br>Honolulu,  IWALANI WHITE, individually<br>and in her official capacity as First Deputy<br>Prosecuting Attorney for the Department of<br>the Prosecuting Attorney, City and County<br>of Honolulu, ROBERT K. W. LEE, JR.,<br>individually and in his official capacity as<br>Chief Investigator for the Department of the<br>Prosecuting Attorney, City and County of<br>Honolulu, and DOE DEFENDANTS 1-10,<br><br>    Defendants. | CIVIL NO.  04-1-0910-05 (DDD)<br>[Other Civil Action]<br><br>COMPLAINT; DEMAND FOR JURY<br>TRIAL; SUMMONS |

RECEIVED
$ 400.00

PAID
SURCHARGE
$25.00

RECEIVED
CIVIL ADM. COST
$ 50.00

EXHIBIT F

I do hereby certify that this is a full, true and
correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

<u>COMPLAINT</u>

Plaintiff CRAIG WHANG, for his Complaint against Defendant CITY AND COUNTY OF HONOLULU; Defendant PETER CARLISLE, in his official capacity as Prosecuting Attorney for the Department of the Prosecuting Attorney, City and County of Honolulu; Defendant IWALANI WHITE, individually and in her official capacity as First Deputy Prosecuting Attorney for the Department of the Prosecuting Attorney, City and County of Honolulu; Defendant ROBERT K. W. LEE, JR., individually and in his official capacity as Chief Investigator for the Department of the Prosecuting Attorney, City and County of Honolulu, and DOE DEFENDANTS 1 through 10, alleges and avers as follows.

<u>PARTIES</u>

1.    Plaintiff CRAIG WHANG ("Plaintiff" or "Mr. Whang") is and was at all times relevant a resident of the City and County of Honolulu, State of Hawaii.

2.    Defendant City and County of Honolulu ("Defendant City" or "City") is and was at all times relevant herein a municipal corporation and a political subdivision of the State of Hawaii, and is organized and existing under the laws of the State of Hawaii.

3.    At all times relevant herein, the Department of the Prosecuting Attorney is a subdivision of the City and County of Honolulu. Accordingly, the City and County of Honolulu is liable for the wrongful and/or tortious and/or negligent conduct of the Department of the Prosecuting Attorney as described herein.

4.    Defendant Peter Carlisle is and was at all times relevant the Prosecuting Attorney for the Department of the Prosecuting Attorney, City and County of Honolulu, and a resident of the City and County of Honolulu, State of Hawaii, and is sued herein in his official capacity as Prosecuting Attorney only.

5.     Defendant Iwalani White is and was at all times relevant the First Deputy Prosecuting Attorney for the Department of the Prosecuting Attorney, City and County of Honolulu, and a resident of the City and County of Honolulu, State of Hawaii, and is sued herein individually and in her official capacity as First Deputy Prosecuting Attorney.

6.     Defendant Robert K. W. Lee, Jr. is and was at all times relevant the Chief Investigator for the Department of the Prosecuting Attorney, City and County of Honolulu, and a resident of the City and County of Honolulu, State of Hawaii, and is sued herein individually and in his official capacity as Chief Investigator.

7.     DOE DEFENDANTS 1-10 (hereinafter "DOE Defendants") are INDIVIDUALS, CORPORATIONS, PARTNERSHIPS, LIMITED PARTNERSHIPS, JOINT VENTURES and/or OTHER ENTITIES named here under fictitious names for the reason that, after reasonable investigation and inquiry, their true names and identities are presently unknown to Plaintiff, except that they are persons and/or entities who were in some manner presently unknown to Plaintiff engaged in activities alleged in the Complaint filed herein; and/or who are in some manner responsible for damages to Plaintiff; and/or who conducted some activity in a negligent and/or intentional manner, which negligent and/or intentional conduct was a proximate cause of the injuries or damages to Plaintiff; and Plaintiff prays leave to insert herein their true names and capacities, activities, and/or responsibilities when the same are ascertained.  Reference hereinafter to a named Defendant and/or to any person or entity other than the Plaintiff are also allegations against all DOE Defendants.  Plaintiff prays for leave to amend this Complaint to allege the identities, capacities, activities, and/or responsibilities of the DOE Defendants described in this paragraph when the same are ascertained.

8.    All events described herein occurred in the City and County of Honolulu, State of Hawaii.

## FACTS

9.    At all times relevant, Plaintiff is and was employed with the Department of the Prosecuting Attorney, City and County of Honolulu as an Investigator IV, Supervising Investigator. Plaintiff was hired by the City on December 4, 1992 as an Investigator I.  Thereafter, Plaintiff received several promotions, and was promoted to the rank of Investigator IV, Supervising Investigator, in or around April 2000.

10.    As a Supervising Investigator, Plaintiff was the immediate supervisor for the Investigator Services Division staff, White-Collar Investigation Division, which included investigators, messengers, and the front desk staff.  Plaintiff conducted internal investigations for the Department of the Prosecuting Attorney and provided technical support and research and development for the Investigator Services Division, White-Collar Investigation Division ("ISD").

11.    In or around 1997-1998, Plaintiff created a training program on firearms and use of force for ISD.  Plaintiff expended hundreds of hours performing research, creating lesson plans, and developing training manuals for the program.  From the time of the program's inception, Plaintiff was responsible for training and testing all Investigators in ISD on firearms and use of force. Plaintiff was responsible for determining which Investigators passed or failed the respective tests. Plaintiff performed these important functions for the Department of the Prosecuting Attorney for approximately five (5) years, until he was reassigned by Defendants on or about September 5, 2003. At all times relevant, Plaintiff performed his duties and responsibilities as a Supervising Investigator satisfactorily.

4

12.     In or around November of 2002, the Department of the Prosecuting Attorney was in the process of hiring for an Investigator position.  Chief Investigator Defendant Lee told Plaintiff that the Department of Human Resources told him about a priority hire.  Defendant Lee told Plaintiff that he called the priority hire's current employer and found out that she was out on stress leave. Defendant Lee ordered Plaintiff to fail the priority hire in the firearms and use of force tests because "she's a female with mental problems" and he did not want her on his staff.  Plaintiff refused, and told Defendant Lee that he would not fail her unless she actually failed the tests.

13.     On August 27, 2003, Plaintiff sent a "confidential" written "complaint of workplace violence" to Defendant Carlisle.  In his complaint, Plaintiff informed Defendant Carlisle about his concerns regarding actions of workplace violence created and/or caused by Defendant Lee. Plaintiff told Defendant Carlisle that he noticed a pattern of increasingly violent behavior by Defendant Lee. Plaintiff provided detailed examples of Defendant Lee's violent behavior during the period of January 2002 to August 18, 2003, including a meeting that occurred several months prior in which a Deputy Prosecuting Attorney stated that she felt that Defendant Lee was potentially "going postal." Another Deputy Prosecuting Attorney stated that she was afraid that Defendant Lee was going to shoot her as well as other Deputies.  Plaintiff also advised Defendant Carlisle that during a meeting he had with Defendant Lee on August 18, 2003, Defendant Lee became visibly enraged, and exposed a holstered weapon on his ankle.  Plaintiff told Mr. Carlisle that due to Defendant Lee's increasingly violent behavior, Plaintiff was fearful for his life and the safety of all employees.  Plaintiff requested that a formal investigation be conducted on the basis of workplace violence, and that an evaluation be conducted to determine whether Defendant Lee was fit to carry a firearm.  Plaintiff noted that Defendant Lee had access to the entire inventory of firearms and ammunition located in the office.

14.    On September 5, 2003, Defendant Lee informed Plaintiff that he was being reassigned from his present duties to Penal Summons effective immediately.

15.    On September 5, 2003, Plaintiff received a message from Defendant White stating that they were conducting an investigation regarding his workplace violence complaint against Defendant Lee.

16.    On September 8, 2003, Plaintiff informed Defendant White that an additional concern he had regarding Defendant Lee's violent propensity was that he had learned from a Honolulu Police Department ("HPD") Officer that Defendant Lee was under investigation for the death of a family member at the time of his departure from the HPD. Plaintiff told Defendant White that he became very concerned because Defendant Lee had previously told him that the person's death was a suicide involving Defendant Lee's work weapon. Plaintiff provided this additional information to Defendant White verbally and in a written memorandum.

17.    On September 8, 2003, Defendant White told Plaintiff that he should have known the repercussions for filing such a complaint. Defendant White told Plaintiff that he was being reassigned to Penal Summons, and that he would be under her direct supervision. Upon information and belief, this reassignment was one of the "repercussions."

18.    On or about September 16, 2003, Plaintiff learned that Defendant Lee and Defendant White authorized Supervising Investigator Peter Nakagawa to attend an out of state training session regarding weapon retention and low-light firearms. Mr. Nakagawa was only recently promoted to the rank of Supervising Investigator. Plaintiff was precluded from attending the class even though he was the training officer, and had more seniority than Mr. Nakagawa.

19.    On September 22, 2003, Defendant Lee issued an Administrative Notice limiting Plaintiff's duties and responsibilities.

20.     On September 25, 2003, Defendant Carlisle informed Plaintiff that Defendant White and Deputy Prosecuting Attorney Jean Ireton had completed their investigation of his complaint against Defendant Lee, and that the disposition of his complaint was "unfounded." Prior to Plaintiff being informed that his complaint was "unfounded," Defendant White told Plaintiff that the completed investigation report was referred to the Attorney General for the State of Hawaii for a second opinion.

21.     On or about September 29, 2003, Plaintiff's former supervisory duties regarding front desk staff and messengers were taken away from him and assigned to Administrative Services Officer Milton Young, Defendant White and Defendant Lee.

22.     On or about October 8, 2003, Defendant Lee assigned Supervising Investigator Peter Nakagawa temporary assignment to Defendant Lee's Chief Investigator position during Defendant Lee's absence.  Mr. Nakagawa was still on probation for the Investigator IV position at the time. Previously, whenever Defendant Lee went out on leave, Plaintiff was the one who was always given temporary assignment to Defendant Lee's Chief Investigator position.

23.     Defendant Lee also instructed a clerk in the office to deactivate Plaintiff's internet/cell phone connection because the data connection was allegedly determined by Defendant Carlisle to be unauthorized, and continued data connection created a "security breech [sic] concern." Defendant Lee indicated that the cancellation/deactivation of Plaintiff's internet/cell phone was verified with Defendant White.  Plaintiff was ordered to turn in his cell phone to a clerk in the office.  Plaintiff's cell phone was the only one being recalled at the time.

24.     On October 10, 2003, Plaintiff met with Defendant Carlisle regarding the deactivation of his internet/cell phone connection due to an alleged security breach concern.  Defendant Carlisle told Plaintiff that he did not know anything about the matter.  Plaintiff showed him the e-mail from

Defendant Lee which stated that Defendant Carlisle knew about the matter. Defendant Carlisle told Plaintiff that he needed to talk to Defendant White and Defendant Lee.

25. On October 14, 2003, Defendant Lee issued a written notice to Plaintiff advising him that he was scheduled to attend a training on October 21, 2003 under the supervision of Supervising Investigator Peter Nakagawa relating to reduced light arrest, control tactics, and use of force. Previously, Plaintiff was the primary instructor in firearms, tactics and use of force for the Department, and certified the satisfactory completion of training for all of the staff from ISD.

26. On October 18, 2003, Defendant Lee advised Plaintiff and all Investigators for ISD that "in consultation with" Defendant White, Supervising Investigator Peter Nakagawa had assumed exclusively, until further notice, the duties, functions, and responsibilities of the Department's Firearms Training Officer. Defendant Lee also instructed Plaintiff to transfer all reference materials, equipment, tools, and devices relating to firearms training to Supervising Investigator Nakagawa. Defendant Lee also advised Plaintiff that he would continue to be detailed to Defendant White, the First Deputy Prosecuting Attorney, as a "project manager" of the Department's penal summons project, but that Plaintiff would still be required to undergo qualifications and training as scheduled. Plaintiff's duties and responsibilities as "project manager" of the penal summons project consisted of serving penal summons on criminal defendants.

27. On October 22, 2003, Defendant Lee informed Investigator Lori Kurisaki that Plaintiff had been detailed to Defendant White, and was no longer available to her. Previously, Plaintiff was Investigator Kurisaki's, and other Investigators', immediate supervisor.

28. Upon information and belief, after Plaintiff filed a complaint for workplace violence against Defendant Lee with Defendant Carlisle, Defendants began "fishing" for, and instigating grounds to discipline and/or take other adverse actions against Plaintiff and his family.

8

29.    After Plaintiff filed his complaint of workplace violence against Defendant Lee with Defendant Carlisle, the Department of the Prosecuting Attorney conducted an inventory of all equipment relating to the Department's firearms training.

30.    On October 23, 2003, Defendant White sent a letter to the City's Director of Budget and Fiscal Services authorizing Supervising Investigator Peter Nakagawa to review invoices of purchases relating to firearms arsenal and training that were made by the Department of the Prosecuting Attorney during the last 24 months.

31.    On October 28, 2003, Defendant Lee advised Plaintiff that until further notice, Plaintiff's Use-of-Force training responsibilities had also been transferred to Supervising Investigator Peter Nakagawa.

32.    On November 5, 2003, Plaintiff was called into a meeting with Defendant White and Deputy Prosecuting Attorney Jean Ireton.  During this meeting, Plaintiff was interrogated by Defendant White and Ms. Ireton regarding allegations that Plaintiff allegedly told Mr. Nakagawa that he could arrange for him to be a Supervising Investigator, but that he would owe Plaintiff.

33.    By November 14, 2003, Plaintiff could no longer endure the retaliatory, unequal terms and conditions of employment at the Department.  Plaintiff went out on work-related stress leave on November 14, 2003, and has not returned to the Department since.

34.    On or about January 23 and 24, 2004, and February 6, 2004, information about Plaintiff allegedly stealing property from the Department of the Prosecuting Attorney was released to the news media.  Equipment and property that Plaintiff had stored in his garage for years were confiscated from his home.  Stories about Plaintiff allegedly stealing property from the Department were reported in the newspapers and broadcasted on television.  Upon information and belief, the allegations and/or information that formed the basis for the news stories that characterized Plaintiff

9

as a thief was "confidential" and should have been protected from disclosure by the Defendants, but was not.

35.     In or around 1997, Defendant Lee specifically asked Plaintiff to store ammunition that was previously kept at the Department in Plaintiff's garage because Defendant Lee had expressed concerns about possible OSHA violations and building violations.  Plaintiff interpreted Defendant Lee's request as an order, and complied.

36.     Department personnel knew that Plaintiff had been storing equipment and property in his garage long before Plaintiff opposed Defendant Lee's discriminatory request, and filed a workplace violence complaint against Defendant Lee.  Department personnel knew for years that Plaintiff was bringing ammunition from his home to the firing range for training.  Notwithstanding said knowledge, no one from the Department ever told Plaintiff that the practice of storing firearms equipment and property was wrong, or that it should stop, until after Plaintiff opposed Defendant Lee's discriminatory request, and filed a workplace violence complaint against Defendant Lee.

37.     Plaintiff filed a timely Charge of Discrimination based on retaliation by the City and County of Honolulu, Department of the Prosecuting Attorney with the Hawaii Civil Rights Commission ("HCRC") on February 18, 2004.  On March 4, 2004, the HCRC issued Plaintiff a Notice of Dismissal and Right to Sue.  This Complaint is timely filed.

## COUNT I - RETALIATION

38.     Plaintiff hereby incorporates by reference and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 37 above.

39.     The above stated actions of Defendants discriminated/retaliated against Plaintiff in violation of Section 378-2 of the Hawaii Revised Statutes.

10

40.    As a result of Defendants' acts of discrimination/retaliation as described above, Plaintiff sustained substantial general and special damages in an amount to be proved at trial.

## COUNT II - VIOLATION OF WHISTLE BLOWERS' PROTECTION ACT

41.    Plaintiff hereby incorporates by reference and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 40 above.

42.    The above stated actions of Defendants discriminated against Plaintiff in violation of Section 378-62 of the Hawaii Revised Statutes. Plaintiff's workplace violence complaint to Defendant Carlisle reported a violation or suspected violation of City and County of Honolulu rules, regulations, policies and procedures regarding workplace violence, State of Hawaii rules, regulations, and laws, including but not limited to laws requiring employers to provide employees with safe and healthful working conditions.

43.    As a result of Defendants' acts of discrimination/retaliation as described above, Plaintiff sustained substantial general and special damages in an amount to be proved at trial.

## COUNT III - WILFUL AND WANTON MISCONDUCT (HRS SECTION 386-8)

44.    Plaintiff hereby incorporates by reference and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 43 above.

45.    Based on the acts alleged herein, Defendants Lee, White and other DOE employees from the Department of the Prosecuting Attorney engaged in wilful, wanton, and/or reckless conduct by recklessly creating an unsafe work environment for Plaintiff and other employees in the Department, retaliating against Plaintiff for refusing to comply with Defendant Lee's discriminatory request and/or for filing a workplace violence complaint against Defendant Lee by stripping Plaintiff of his duties and responsibilities and assigning him to tasks for which he was over-qualified and which were unsuitable for someone of Plaintiff's education, training, and

11

experience. Further, Defendants engaged in wilful, wanton and/or reckless conduct by

wrongfully accusing Plaintiff of criminal activity, causing Plaintiff and his home to be reported

on the TV news and in newspapers.

46.    As a direct and proximate result of Defendants' wilful, wanton and/or reckless

conduct, Plaintiff sustained substantial general and special damages in an amount to be proved at

trial.

## COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47.    Plaintiff hereby incorporates by reference and realleges as if set forth fully herein

the allegations contained in paragraphs 1 through 46 above.

48.    In doing all of the acts described above, Defendants White, Lee and DOE

employees of the Department of the Prosecuting Attorney intentionally caused Plaintiff to suffer

severe emotional distress, and as a direct and proximate result, Plaintiff sustained substantial

general and special damages in an amount to be proved at trial.

## V - PUNITIVE DAMAGES

49.    Plaintiff hereby incorporates by reference and realleges as if set forth fully herein

the allegations contained in paragraphs 1 through 48 above.

50.    The conduct of Defendants White, Lee and DOE employees of the Department of

the Prosecuting Attorney was willful, wanton and in callous disregard of the rights and

sensibilities of Plaintiff, and Plaintiff is entitled to an award of punitive damages in an amount

sufficient to punish Defendants White, Lee and DOE employees of the Department of the

Prosecuting Attorney, and to deter others from engaging in similar behavior.

WHEREFORE, Plaintiff respectfully prays the following:

1.      That he be awarded judgment in his favor and against Defendants on each Count of the Complaint;

2.      That he be awarded general and special damages in an amount to be proved at trial;

3.      That he be awarded punitive damages in an amount to be determined at trial;

4.      That he be awarded statutory attorneys' fees and costs of this action;

5.      That he be awarded prejudgment and postjudgment interest in the maximum amount provided by law; and

6.      That he be awarded such other and further relief as this Court deems just and proper.

DATED: Honolulu, Hawaii, May 17, 2004.


MICHAEL JAY GREEN
DEBRA A. KAGAWA
DENISE HEVICON
Attorneys for Plaintiff
CRAIG WHANG

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| CRAIG WHANG, | ) | CIVIL NO._____ |
| | ) | [Other Civil Action] |
| Plaintiff, | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| vs. | ) | |
| | ) | |
| CITY AND COUNTY OF HONOLULU, | ) | |
| PETER CARLISLE, in his official capacity as | ) | |
| Prosecuting Attorney for the Department of | ) | |
| the Prosecuting Attorney, City and County of | ) | |
| Honolulu,  IWALANI WHITE, individually | ) | |
| and in her official capacity as First Deputy | ) | |
| Prosecuting Attorney for the Department of | ) | |
| the Prosecuting Attorney, City and County | ) | |
| of Honolulu, ROBERT K. W. LEE, JR., | ) | |
| individually and in his official capacity as | ) | |
| Chief Investigator for the Department of the | ) | |
| Prosecuting Attorney, City and County of | ) | |
| Honolulu, and DOE DEFENDANTS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

DATED: Honolulu, Hawaii, May 17, 2004.

_____
MICHAEL JAY GREEN
DEBRA A. KAGAWA
DENISE M. HEVICON
Attorneys for Plaintiff
CRAIG WHANG

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| CRAIG WHANG, | ) | CIVIL NO._____ |
| | ) | [Other Civil Action] |
| Plaintiff, | ) | |
| | ) | SUMMONS |
| vs. | ) | |
| | ) | |
| CITY AND COUNTY OF HONOLULU, | ) | |
| PETER CARLISLE, in his official capacity as | ) | |
| Prosecuting Attorney for the Department of | ) | |
| the Prosecuting Attorney, City and County of | ) | |
| Honolulu, IWALANI WHITE, individually | ) | |
| and in her official capacity as First Deputy | ) | |
| Prosecuting Attorney for the Department of | ) | |
| the Prosecuting Attorney, City and County | ) | |
| of Honolulu, ROBERT K. W. LEE, JR., | ) | |
| individually and in his official capacity as | ) | |
| Chief Investigator for the Department of the | ) | |
| Prosecuting Attorney, City and County of | ) | |
| Honolulu, and DOE DEFENDANTS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
|_____| ) | |

## SUMMONS

STATE OF HAWAII

TO:    THE DEFENDANTS

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's attorneys, whose

addresses are stated above, an answer to the Complaint which is attached. This action must be taken

within twenty (20) days after service of this summons upon you, exclusive of the day of service.

If you fail to make your answer within the twenty day time limit, judgment by default will

be taken against you for the relief demanded in the Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled Court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawaii, ___MAY 1 7 2004_____.


_____
CLERK OF THE ABOVE-ENTITLED COURT