00002323.WPD

KAWASHIMA LORUSSO & TOM LLP

JAMES KAWASHIMA      #1145-0
RANDALL Y. YAMAMOTO  #3274-0
BRIAN Y. HIYANE      #6045-0
CARTER K. SIU        #7313-0
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Telephone:    (808)275-0325
Facsimile:    (808)275-0399
Email Address: ryamamoto@kltlaw.com

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA, ROBERT O. MAGOTA,
and ANN C. GIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT STATE OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>      Plaintiff,<br><br>      vs.<br><br>CITY AND COUNTY OF HONOLULU;<br>GARY T. KUROKAWA; ROBERT O.<br>MAGOTA; ANN C. GIMA; and GK<br>APPRAISALS, INC.; JOHN DOES<br>1-10; JANE DOES 1-10; DOE<br>PARTNERSHIPS; DOE<br>CORPORATIONS 1-10; AND DOE<br>ENTITIES 1-10,<br><br>      Defendants. | CIVIL NO. CV04-00108 KSC<br><br>**DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, AND ANN C. GIMA'S PROPOSED JURY INSTRUCTIONS; CERTIFICATE OF SERVICE**<br><br><br><br>Judge: Hon. Kevin S.C. Chang<br>Trial Date: October 3, 2006 |

**DEFENDANTS CITY AND COUNTY OF HONOLULU,**
**GARY T. KUROKAWA, ROBERT O. MAGOTA,**
**AND ANN C. GIMA'S PROPOSED JURY INSTRUCTIONS**

Come now Defendants CITY & COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA (collectively referred to herein as "City Defendants"), by and through their attorneys, KAWASHIMA LORUSSO & TOM LLP, and hereby submit their proposed jury instructions attached hereto.

In addition to the attached jury instructions, City Defendants Request that the following Standard Jury Instructions of the United States Magistrate Judges for the United States District Court for the District of Hawaii be submitted to the jury:  1.1, 1.2, 1.4, 1.5, 2.1, 2.2, 2.3, 3.1, 3.2, 3.3, 4.1, 4.2, 4.3, 4.4, 4.5, 4.6, 5.1, 5.2, 5.3, 5.4, 6.1, 6.2, 6.3, 6.4, 7.1, 7.2, 7.3, 7.4, 7.5, 8.1, 8.2, 8.3, 8.4, 8.5, 8.7, 8.8, 8.9, 8.10, 8.11, 8.13, 8.14, 8.15, 8.16, 8.17, 8.18, 9.1, 9.2, and 9.3.

City Defendants reserve the right to supplement and/or amend their Proposed Jury Instructions as warranted by the

outcome of motions pending before this Court, the evidence
presented at trial, and other developments in this matter.

DATED: Honolulu, Hawaii, _____Sept. 19, 2006_____.


_____
JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
    CITY AND COUNTY OF HONOLULU,
    GARY T. KUROKAWA,
    ROBERT O. MAGOTA, and
    ANN C. GIMA

## CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1

You must not be prejudiced or biased in favor of or against a party simply because the party is a municipal entity. You must treat municipal entities the same as you treat individuals. In this case, the City and County of Honolulu is entitled to receive the same fair and unprejudiced treatment that an individual defendant would receive under similar circumstances.

Standard Jury Instructions of the United States Magistrate Judges for the United States District Court for the District of Hawaii, No. 1.3 (as modified).

1

## <u>CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2</u>

Any defendant, other than the City and County of Honolulu, found liable to plaintiff to any degree may be required to pay his/her/its share of the judgment as well as the share of another/other liable defendant(s).  Any defendant who pays more than his/her/its share of the judgment has the right to seek payment from another/other liable defendant(s) to the extent of the other liable defendant's(s') proportionate share of the judgment.  The City and County of Honolulu, however, shall not be liable for more than its proportionate share, if any, of the damages.

Standard Jury Instructions of the United States Magistrate Judges for the United States District Court for the District of Hawaii, No. 6.5 (as modified); Haw. Rev. Stat. §663-10.5 (2004 Supp.).

2

## CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3

If you award plaintiff any damages, then you may consider whether you should also award punitive damages. The purposes of punitive damages are to punish the wrongdoer and to serve as an example or warning to the wrongdoer and others not to engage in such conduct.

You may award punitive damages against a particular defendant only if plaintiff has proved by clear and convincing evidence that the particular defendant acted intentionally, willfully, wantonly, oppressively or with gross negligence. Punitive damages may not be awarded for mere inadvertence, mistake or errors of judgment.

The proper measure of punitive damages is (1) the degree of intentional, willful, wanton, oppressive, malicious or grossly negligent conduct that formed the basis for your prior award of damages against that defendant and (2) the amount of money required to punish that defendant considering his/her/its financial condition. In determining the degree of a particular defendant's conduct, you must analyze that defendant's state of mind at the time he/she/it committed the conduct which formed the basis for your prior award of damages against that defendant. Any punitive damages you award must be reasonable.

\ \ \

3

Punitive damages may not be awarded against the City and County of Honolulu.

Standard Jury Instructions of the United States Magistrate Judges for the United States District Court for the District of Hawaii, No. 6.5 (as modified); <u>Lauer v. Young Men's Christian Ass'n of Honolulu</u>, 57 Haw. 390, 402, 557 P.2d 1334, 1342 (1976).

4

## CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, record, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Model Civil Jury Instructions 3.9 (2001).

## CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

Ninth Circuit Model Civil Jury Instructions 3.10 (2001).

6

**CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6**

      The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

Ninth Circuit Model Civil Jury Instructions 7.6 (2001).

## CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7

On the plaintiff's 42 U.S.C. § 1983 claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.    the acts or omissions of the defendant were intentional;

2.    the defendant acted under color of law; and

3.    the acts or omissions of the defendant were the cause of the deprivation of the plaintiff's rights protected by the Constitution or laws of the United States.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved against a defendant, your verdict should be for the plaintiff and against that defendant on the 42 U.S.C. § 1983 claim.  If, on the other hand, the plaintiff has failed to prove any of these elements against a defendant, your verdict should be for that defendant on the 42 U.S.C. § 1983 claim.

Ninth Circuit Model Civil Jury Instructions 11.1 (2001)(as modified).

8

## CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

Ninth Circuit Model Civil Jury Instructions 11.2 (2001).

9

**CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9**

A municipality like the City and County of Honolulu can be liable under 42 U.S.C. § 1983 only when an action taken pursuant to an official policy causes a constitutional tort.  In order to hold the City liable under 42 U.S.C. § 1983, plaintiff must prove by a preponderance of the evidence that he was deprived of a constitutional right as a result of an official policy of the City and County of Honolulu.

Monell v. Dept. of Social Services of New York, 436 U.S. 658, 691 (1978); Wong v. City & County of Honolulu, 333 F.Supp.2d 942, 950-951 (D.Haw. 2004).

10

**CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10**

When a plaintiff is deprived of a constitutional right as a result of the official policy of a municipality, the municipality is liable for damages caused by the deprivation.

"Official policy" means:

(1)  a rule or regulation promulgated, adopted, or ratified by the governmental entity's legislative body;

(2)  a policy statement or decision that is officially made by the municipality's policy-making official;

(3)  a custom that is a permanent, widespread, well-settled practice that constitutes a standard operative procedure of the municipality; or

(4)  an act or omissions ratified by the municipality's policy-making official.

Ninth Circuit Model Jury Instructions 11.12 (2001).

## CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11

Liability for an improper custom may not be predicated on isolated or sporadic incidents.  Therefore, the mere fact that other claims or lawsuits may have been filed against the City and County of Honolulu, standing alone, does not establish a pattern, policy, or practice sufficient to provide a basis for liability.

Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996); Singleton v. City of Newburgh, 1 F.Supp.2d 306, 311-12 (S.D.N.Y. 1998); Somavia v. Las Vegas Metro. Police Dept., 816 F.Supp. 638 (D.Nev. 1993); Mendoza v. City of Rome, New York, 872 F.Supp. 1110 (N.D.N.Y. 1994); Rogers v. City of Little Rock, Arkansas, 152 F.3d 790 (8th Cir. 1998); Kivanc v. Ramsey, 407 F.Supp.2d 270 (D.D.C. 2006).

**CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12**

      To establish an official policy by means of a practice or custom, plaintiff must show a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.  The custom must be so persistent and widespread that it constitutes a permanent and well settled city policy.  Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.

<u>Trevino v. Gates</u>, 999 F.3d 911, 918 (9th Cir. 1996).

13

## CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13

The plaintiff seeks damages against defendant(s) for retaliation.  Plaintiff has the burden of proving each of the following elements against each defendant by a preponderance of the evidence:

    (1)   the plaintiff engaged in or was engaging in an activity protected under federal law;

    (2)   the employer subjected the plaintiff to an adverse employment action; and

    (3)   the protected activity was a substantial or motivating factor in the adverse employment action.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved as to a defendant, your verdict should be for the plaintiff and against that defendant on the claim for retaliation.  If, on the other hand, the plaintiff has failed to prove any one of these elements as to a defendant, your verdict should be for that defendant and against the plaintiff on the claim for retaliation.

Ninth Circuit Model Jury Instructions 12.3A (2001)(as modified).

14

## **CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14**

An action is an adverse employment action for purposes of a retaliation claim if it is reasonably likely to deter an employee from engaging in protected activity.

Ninth Circuit Model Jury Instructions 12.4A.1 (2001)(as modified).

15

**<u>CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15</u>**

In order to hold the City liable for violating his First Amendment right, plaintiff must show:

(1)  that he engaged in protected speech;

(2)  that the City took adverse employment action; and

(3)  that his speech was a substantial or motivating factor for the adverse employment action.

<u>Coszalter v. City of Salem</u>, 320 F.3d 968, 973 (9th Cir. 2003).

16

## CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16

An employee's speech is protected under the First Amendment if it addresses a matter of legitimate public concern. Speech that concerns issues about which information is needed or appropriate to enable the members of society to make informed decisions about the operation of their government merits the highest degree of first amendment protection.  On the other hand, speech that deals with individual personnel disputes and grievances and that would be of no relevance to the public's evaluation of the performance of governmental agencies is generally not of public concern.

The determination of whether an employee's speech deals with an issue of public concern is to be made with reference to the content, form, and context of the speech.

Coszalter v. City of Salem, 320 F.3d 968, 973-974 (9th Cir. 2003) (citations omitted).

**CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17**

Where the speech in question is a product of a government employee's job duty, the speech, even if regarding matters of public concern, is no longer afforded First Amendment protection and cannot form the basis of a claim under 42 U.S.C. § 1983.

Garcetti v. Ceballos, 126 S.Ct. 1951, 1959-1961 (2006).

18

**CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18**

When an employee's speech is made pursuant to his official duties, an employer may, without violating the employee's First Amendment right, discipline the employee for his employment-related speech.

Garcetti v. Ceballos, 126 S.Ct. 1951, 1959-1961 (2006).

19

## **CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19**

An employee is not afforded First Amendment protection when speaking in his capacity as a public employee contributing to the formation and execution of official policy.

Mills v. City of Evansville, Indiana, 452 F.3d 646, 648 (7th Cir. 2006).

## <u>CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 20</u>

A government employee's speech about internal policies or practices which are of relevance only to the employees of that institution and are not matters of public concern are not afforded First Amendment protection.

<u>Bailey v. Dept. of Elementary and Secondary Ed.</u>, 451 F.3d 514, 518 (8th Cir. 2006).

21

## CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 21

On plaintiff's claim under the Hawaii Whistleblower's Protection Act, plaintiff must prove by a preponderance of the evidence that defendant discharged, threatened, or otherwise discriminated against him regarding his:

 (1) compensation;

 (2) terms;

 (3) conditions;

 (4) location; or

 (5) privileges of employment.

The plaintiff must also prove by a preponderance of the evidence that defendant's action regarding one of the elements above was taken because plaintiff reported or was about to report to a public body, verbally or in writing, a violation or a suspected violation of a law, rule, ordinance, or regulation, adopted pursuant to law of this State, a political subdivision of this State, or the United States, unless the plaintiff knew that the report was false.

Haw. Rev. Stat. §378-62(1) (2004 Supp.).

22

**CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 22**

On plaintiff's claim for defamation, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

(1) A false and defamatory statement concerning another;

(2) An unprivileged publication to a third party;

(3) Fault amounting at least to negligence on the part of the publisher; and

(4) Either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved against a defendant, your verdict should be for the plaintiff and against that defendant on the defamation claim. If, on the other hand, the plaintiff has failed to prove any of these elements against a defendant, your verdict should be for that defendant on the defamation claim.

Courtney v. Canyon Television & Applicance Rental, 899 F.2d 845 (9th Cir. 1990)(citing Beamer v. Nishiki, 66 Haw. 572, 578-579, 670 P.2d 1264, 1271 (1983)).

23

## CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 23

To determine whether a statement is reasonably susceptible to a defamatory meaning, you may consider the following factors:

(1)  whether the general tenor of the entire statement negates the impression that the defendant was asserting an objective fact;

(2)  whether the defendant used figurative or hyperbolic language that negates that impression; and

(3)  whether the statement in question is susceptible of being proved true or false.

Gold v. Harrison, 88 Haw. 94, 101, 962 P.2d 353, 360 (1998)(citing Fasi v. Gannett Co., Inc., 930 F.Supp. 1403 (D. Haw. 1995)).

## CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 24

A qualified privileged to make a defamatory statement arises when the author of a defamatory statement reasonably acts in the discharge of some public or private duty, legal, moral, or social, and where the publication concerns subject matter in which the author has an interest and the recipients of the publication a corresponding interest or duty.

An interest which is protected by a qualified privilege is one where the author of the defamatory matter and the recipients have a common interest and the communication is of a type reasonably calculated to protect or further that interest.

Courtney v. Canyon Television & Applicance Rental, 899 F.2d 845, 850-851 (9th Cir. 1990); Vlasaty v. Pacific Club, 4 Haw.App. 556, 560, 670 P.2d 827, 832 (Haw. App. 1983).

### CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 25

A qualified privilege is conditional and it must be exercised in a reasonable manner and for a proper purpose. The immunity is forfeited if the author of the defamatory statement abuses the privilege. The qualified privilege may be abused by excessive publication, use of the occasion for an improper purpose, or lack of belief or grounds for belief in the truth of what is said.

Kainz v. Lussier, 4 Haw.App. 400, 405, 667 P.2d 797, 802 (Haw. App. 1983).

26

## CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 26

On plaintiff's claim for intentional infliction of emotional distress, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

(1)  that the act allegedly causing the harm was intentional or reckless;

(2)  that the act was outrageous; and

(3)  that the act caused

(4)  extreme emotional distress to plaintiff.

Hac v. Univ. of Hawaii, 102 Haw. 92, 106-107, 73 P.3d 46, 60-61 (Haw. 2003).

**CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 27**

Emotional distress may be found only where a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case.

Epileptic Foundation v. County of Maui, 300 F.Supp.2d 1003, 1015 (D.Haw. 2004).

28

**CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 28**

On plaintiff's claim for negligent infliction of emotional distress against Defendant Gary Kurokawa, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence;

    (1)  that Defendant Gary Kurokawa was negligent;

    (2)  that Plaintiff suffered serious emotional distress; and

    (3)  that Defendant Gary Kurokawa's negligence was a legal cause of the serious emotional distress.

In order to recover damages for negligent infliction of emotional distress, the Plaintiff must also prove physical injury to person or property.

Finally, the Plaintiff must establish by a preponderance of the evidence that Defendant Gary Kurokawa acted in his capacity as an officer/shareholder for Defendant GK Appraisals, Inc.

Mukaida v. State of Hawaii, 159 F.Supp.2d 1211, 1239 (D.Haw. 2001); Calleon v. Miyagi, 76 Haw. 310, 320, 876 P.2d 1278, 1288 (Haw. 1994).

## CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 29

The City Defendants are claiming that they are entitled to qualified immunity in this case. The doctrine of qualified immunity shields government officials who are performing discretionary functions from personal liability for civil damages insofar as their conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known.

In determining whether a public official is entitled to qualified immunity, you must first determine whether that official's conduct violated a constitutional right. If you find that no constitutional right was violated, you must find in favor of the defendants on the issue of qualified immunity. If you find that a constitutional violation did occur, you must then determine whether defendants could have nonetheless reasonably, but mistakenly, believed that their conduct did not violate a clearly established constitutional right.

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Branch v. Tunnell, 14 F.3d 499 (9th Cir. 1996).

30

## **CITY DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 30**

Damages must be reasonable.  If you should find that plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damages as you find, from a preponderance of the evidence in the case, that were legally caused by the incident.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

Standard Jury Instructions of the United States Magistrate Judges for the United States District Court for the District of Hawaii, No. 8.11 (as modified).  See also, Tanuvasa v. City and County, 2 Haw. App. 102, 626 P.2d 1175 (Haw. App. 1981).

31