MOSELEY BIEHL TSUGAWA LAU & MUZZI
A Hawaii Limited Liability Law Company

ROGER S. MOSELEY          2060
CHRISTOPHER J. MUZZI      6939
RENEE M. FURUTA           7593
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Tel: (808) 531-0490  Fax: (808) 534-0202
Email: rmoseley@hilaw.us, cmuzzi@hilaw.us
       rfuruta@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1–10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>　　　　　Defendants. | Civil No. 04-00108 KSC/KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MOTION IN LIMINE NO. 7 TO STRIKE PLAINTIFF'S EXPERT WITNESS; EXHIBITS A-D; DECLARATION OF COUNSEL; CERTIFICATE OF SERVICE<br><br>Trial Date: October 3, 2006 |

10010/3/57921

PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MOTION IN LIMINE NO. 7 TO STRIKE PLAINTIFF'S EXPERT WITNESS

Plaintiff Philip E. English ("Plaintiff") respectfully submits this memorandum in opposition to Defendants City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota, and Ann C. Gima's Motion in Limine No. 7 to Strike Plaintiff's Expert Witness ("Motion in Limine No. 7").

I.   INTRODUCTION

Defendants City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota, and Ann C. Gima ("City Defendants"), argue in their Motion in Limine No. 7, that the Court should strike Plaintiff's expert witness, Thomas Ueno ("Ueno"). City Defendants' Motion in Limine No. 7 must be denied as Ueno's testimony and opinion meets the Daubert (Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)) test and Federal Rules of Evidence (FRE) Rules 702 and 703.

II.  BACKGROUND/RELEVANT FACTS

Plaintiff filed this current suit against City Defendants and G.K. Appraisals, Inc. in February 13, 2004 for, amongst a number of claims, violation of Plaintiff's civil rights pursuant to 42 U.S.C. §1983 and H.R.S. §378-62 and unlawful retaliation against Plaintiff for reporting the illegal use of City resources and equipment, namely by Defendant Kurokawa.

Ueno's services were procured for expert opinions regarding the damages, including lost wages and benefits, suffered by Plaintiff as a result of the retaliation that he suffered as a result of his whistleblowing.

III.  ARGUMENT

    A.  UENO'S EXTENSIVE PROFESSIONAL BACKGROUND AND EXPERTISE

Ueno is a Certified Public Accountant and a Certified Forensic Accountant who has served as a management consultant providing litigation support services to attorneys in Hawaii and mainland since 1981.  See Attachment B to Exhibit A.  Attached herein as Exhibit A is a true and correct copy of the expert report completed and generated by Thomas T. Ueno, CPA for Plaintiff in the English v. City and County, et al. case, Civil No. 04-00108.  Ueno is a Diplomat of American College of Forensic Examiners.

Ueno has over 25 years of litigation support experience and has given numerous depositions and has testified as an expert witness in financial and accounting matters in superior, district, circuit, and family courts in Hawaii and California.  See id.  Ueno has worked with both plaintiffs' and defendants' attorneys on personal injury matters and matters involving loss of future employment income.

Due to his extensive background in both accounting and forensic accounting and in litigation support, Ueno is an expert in loss earnings valuation and damages.

B.   UENO'S EXPERT OPINION MEETS DAUBERT TEST

City Defendants made general assertions that the opinion of Ueno are unreliable, incorrrect and do not meet the criteria set forth in Daubert.

In Daubert, the Supreme Court proclaimed that the trial judge must screen evidence of expert testimony and that under the FRE, especially FRE Rule 702, any and all scientific testimony or evidence admitted is not only relevant, but reliable.  Id. at 589.  Reliability in this case means evidentiary reliability or trustworthiness.  Id. at 590.  The Supreme Court later in Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999) stated that the reliability standard set forth in Daubert also applied to all "scientific", "technical", or "other specialized" matters.

The second prong of the Daubert test/criteria is that the opinion must be relevant such that it would "assist the trier of fact to understand the evidence or to determine a fact in issue."  Daubert, 509 U.S. at 591.  The expert testimony must relate to issues in the case otherwise it is not relevant and non-helpful.  Id.

The Daubert Court clearly stated that "the inquiry envisioned by Rule 702 is, we emphasize a flexible one." Id. at 594.

In this case, Ueno's opinion meets the Daubert criteria.  In terms of reliability, Ueno's opinions and calculations were based on formulations, tables, and statistics that are widely recognized such as Worklife Estimates:  Effects of Race and Education from the U.S. Department of Labor, National Vital Statistics,

Employment Cost Index from the U.S. Bureau of Labor Statistics.  See Exhibit A at 4 and Attachment A-1 to Exhibit A.  Ueno's calculations were also based on a number of objective factors including Plaintiff's base rate of pay, tax returns and earnings, expected wages and benefits, remaining work life and estimated life expectancy, income tax effects, and present value discount rate and present value of the losses.  Taking into account these formulations and in applying it towards information, including other psychological expert reports obtained in Plaintiff's case, Ueno arrived at the figures in his report.

In terms of relevance, Ueno clearly applied the facts and issues in this particular case to generate his opinion and report on the damages and lost wages suffered by Plaintiff as a result of his whistleblowing.  Ueno utilized formulations, tables and statistics and applied them to calculate Plaintiff's damages and lost wages using Plaintiff's tax returns and base pay rate.  Ueno's technical knowledge, opinion and report will certainly assist the trier of fact in determining the amount of damages suffered by Plaintiff, including lost benefits and lost wages.

    C.    UENO'S EXPERT OPINION MEETS REQUIREMENTS PURSUANT TO FRE RULES 702 AND 703

In addition to meeting the requirements of the Daubert criteria, Ueno's expert opinion also meets the requirements set forth in FRE Rules 702 and 703.  Rule 702 sets forth

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 703 states

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

In this case, Ueno is qualified as an expert to testify about the damages suffered by Plaintiff as well as his lost wages and benefits as a result of his activity as a whistleblower. Ueno's testimony and opinion is based upon sufficient facts, data and information that he has gathered from amongst a number of things, personnel records from Plaintiff's employment at the City and County of Honolulu, reports from psychological experts regarding Plaintiff, and Plaintiff's tax records. Ueno applied this information to a number of reliable and widely accepted tables, formulations, and statistics to formulate his opinion. Ueno's testimony is the product of reliable principles and methods that he has utilized over a number of years to formulate his opinion. The methodology is commonly used

and has been accepted by the courts and published. Exhibit B, Deposition Transcript of Thomas Ueno, page 27, lines 3-8, page 29, lines 8-18, page 30, lines 1-9. Attached herein as Exhibit B is a true and correct copy of the Deposition Transcript of Thomas Ueno. Ueno, in formulating his opinion and testimony, has applied the methodology and principles reliably to the facts of the case. Ueno utilized documents belonging to Plaintiff (documents and information that he normally uses to formulate his opinions) to the facts of this case and provided his opinion with respect to Plaintiff's lost wages and damages. See Attachment A-1 and B to Exhibit A.

    D.    CITY DEFENDANTS' ATTACKS ON UENO'S OPINIONS ARE BASELESS AND UNFOUNDED

City Defendants attacked Ueno's opinions on a number of bases. Such attacks are unfounded.

The City Defendants argued that Ueno assumed that Plaintiff would receive advances in position and increases in salary and benefits based upon a set amount of time and that such assumptions were incorrect. The assumptions relied upon by Ueno was clearly based upon his prior experience, performance reviews, promotion history, and his qualified status, as per the City and County of Honolulu. The assumptions were based in accordance with his historical promotion pattern. Exhibit A at page 2-3.

Second, the City Defendants complained that there was no basis for Ueno's opinion regarding Plaintiff's search for and his inability to find comparable alternative employment. However, Ueno used the information provided in the Independent Psychological Evaluation provided by Dr. Reneau Kennedy to formulate his opinion regarding Plaintiff's lost wages, loss benefits and damages as it pertained to comparable alternative employment. Exhibit A at 3.

Third, the City Defendants argued that Ueno relies upon the Complaint without making any independent evaluation of the validity of the assertions contained therein. This argument proffered by the City Defendants is absurd. The very purpose of this case is for the fact-finder to determine validity of the assertions made by Plaintiff in his Complaint. Ueno is an expert providing an opinion, he is not a fact-finder. Moreover, in order for him to ascertain damages in this case, Ueno must make an assumption on liability.

E.   UENO MAY GIVE OPINION ON ULTIMATE ISSUE

Pursuant to HRE Rule 704, "Except as otherwise provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.

In this case, Ueno's opinion and testimony is admissible as he has met the criteria in Daubert and Rules 702 and 703 of the FRE. Ueno's testimony is reliable and relevant. As such, he is allowed to testify to the ultimate issue to be decided

by the trier of fact. In this case, it would be the damages, loss wages and income, and loss benefits suffered by Plaintiff.

    F.    **UENO'S OPINIONS SHOULD NOT BE EXCLUDED UNDER FRE 403**

City Defendants argued that because Ueno relied on the validity of the assertions in the Complaint filed by Plaintiff without making any independent evaluation of the validity of the assertions contained therein, then Ueno's opinions have little probative value and it may be more prejudicial than probative.

As already discussed in the section above, Ueno is not a fact-finder with respect to the validity of the assertions in Plaintiff's Complaint. It would be highly inappropriate for him to make a judgment as to whether the assertions are valid or invalid. In order for Ueno to assess damages and loss wages of the Plaintiff, he must assume liability and that the assertions made by Plaintiff are true.

Ueno's testimony and opinion is material and highly probative to assist the fact-finder in determining damages and lost wages suffered by Plaintiff as a result of his acts as a whistleblower. His application of the facts in this case to standard formulations and tables is necessary to assist the fact-finder in determining the damages, loss wages, and lost benefits to Plaintiff. His expert opinion is essential in assisting determining a fact in issue, damages. In addition, Ueno's testimony and opinion is material to rebut the unreliable and irrelevant opinion proffered by Dirk Von Gunthener. <u>See</u> Exhibit C.

Other than their general assertion that Ueno's opinion is inaccurate and invalid because he did not take on the role of a juror to "independently" evaluate Plaintiff's claims, City Defendants have failed to demonstrate how they would be prejudiced by Ueno's testimony and opinion. Since Ueno's testimony and its probative value outweighs any nebulous prejudice to City Defendants, Ueno's testimony and opinion is admissible and should not be precluded pursuant to FRE 403.

IV. <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiff requests that this Court deny City Defendants Motion in Limine No. 7 to strike the testimony of Plaintiff's expert witness, Thomas Ueno.

In the event that this Court is inclined to exclude the testimony of Thomas Ueno, Plaintiff would respectfully request that this Court postpone its ruling on City Defendants' Motion in Limine No. 7 at a later date, and until such a ruling is necessary and appropriate.

DATED: Honolulu, Hawaii, September 19, 2006.

/s/ Roger S. Moseley
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA
Attorneys for Plaintiff
PHILIP E. ENGLISH