English proposed special verdict form  (00002403).WPD
KAWASHIMA LORUSSO & TOM LLP

JAMES KAWASHIMA        #1145-0
RANDALL Y. YAMAMOTO #3274-0
BRIAN Y. HIYANE        #6045-0
CARTER K. SIU          #7313-0
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Telephone:     (808)275-0325
Facsimile:     (808)275-0399
Email Address: ryamamoto@kltlaw.com

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA, ROBERT O. MAGOTA,
and ANN C. GIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT STATE OF HAWAII

| | | |
|---|---|---|
| PHILIP E. ENGLISH, | ) | CIVIL NO. CV04-00108 KSC |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS CITY AND COUNTY OF** |
| | ) | **HONOLULU, GARY T. KUROKAWA,** |
| vs. | ) | **ROBERT O. MAGOTA, AND ANN C.** |
| | ) | **GIMA'S PROPOSED SPECIAL VERDICT** |
| CITY AND COUNTY OF HONOLULU; | ) | **FORM; CERTIFICATE OF SERVICE** |
| GARY T. KUROKAWA; ROBERT O. | ) | |
| MAGOTA; ANN C. GIMA; and GK | ) | |
| APPRAISALS, INC.; JOHN DOES | ) | |
| 1-10; JANE DOES 1-10; DOE | ) | |
| PARTNERSHIPS; DOE | ) | |
| CORPORATIONS 1-10; AND DOE | ) | |
| ENTITIES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | Judge: Hon. Kevin S.C. Chang |
| | ) | Trial Date: October 3, 2006 |
| | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANTS CITY AND COUNTY OF HONOLULU,**
**GARY T. KUROKAWA, ROBERT O. MAGOTA,**
**AND ANN C. GIMA'S PROPOSED SPECIAL VERDICT FORM**

Come now Defendants CITY & COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA (collectively referred to herein as "City Defendants"), by and through their attorneys, KAWASHIMA LORUSSO & TOM LLP, and hereby submit their proposed Special Verdict Form.

City Defendants reserve the right to supplement and/or amend their Proposed Special Verdict Form as warranted by the outcome of motions pending before this Court, the evidence presented at trial, and other developments in this matter.

DATED:   Honolulu, Hawaii, September 19, 2006.

JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
  CITY AND COUNTY OF HONOLULU,
  GARY T. KUROKAWA,
  ROBERT O. MAGOTA, and
  ANN C. GIMA

<u>SPECIAL VERDICT FORM</u>

The jury must answer all of the questions on this form, unless directed otherwise.  To understand what issues are being submitted to you, you may wish to read over the entire special verdict before proceeding to answer.  Answer the questions in numerical order.  Follow all directions carefully.  Each answer requires the unanimous agreement of all jurors.  If you do not understand any question or if you wish to communicate with the Court on any other subject, you must do so in writing through the bailiff.  After you have answered the required questions, the foreperson shall sign and date the Special Verdict Form and notify the Court.


1.    Did Plaintiff establish by a preponderance of the evidence that he engaged in protected speech?

Yes ___        No ___


If you answered "Yes," proceed to Question No. 2.  If you answered "No," proceed to Question No. 6.

2.    Did Plaintiff establish by a preponderance of the evidence that defendants took adverse employment action against him?

Yes ____          No ____

If you answered "Yes," proceed to Question No. 3.  If you answered "No," proceed to Question No. 6.

3.    Did Plaintiff establish by a preponderance of the evidence that his speech was a substantial or motivating factor for the adverse employment action?

Yes ____          No ____

Proceed to Question No. 4.

2

4.   Did any of the following defendants reasonably, but mistakenly, believe that their conduct did not violate Plaintiff's constitutional rights?

Gary Kurokawa          Yes _____   No _____

Robert Magota          Yes _____   No _____

Ann Gima               Yes _____   No _____


If you answered "Yes," to all defendants, proceed to Question No. 6.  If you answered "No," to any defendant, proceed to Question No. 5.


5.   Did Plaintiff establish by a preponderance of the evidence that he was deprived of a constitutional right as a result of an official policy of the City and County of Honolulu?

Yes ____        No ____


Proceed to Question No. 6.

3

6.   Did Plaintiff establish by a preponderance of the evidence that Robert Magota communicated a defamatory statement to a person other than the Plaintiff?

Yes _____        No _____

If you answered "Yes," proceed to Question No. 7.  If you answered "No," proceed to Question No. 11.

7.   Did Plaintiff establish by a preponderance of the evidence that the statement communicated by Robert Magota was false and defamatory?

Yes ____        No ____

If you answered "Yes," proceed to Question No. 8.  If you answered "No," proceed to Question No. 11.

8.   Did Plaintiff establish by a preponderance of the evidence that Robert Magota's communication of the statement was a cause of actual harm to Plaintiff?

Yes _____        No _____

If you answered "Yes," proceed to Question No. 9.  If you answered "No," proceed to Question No. 11.

4

9.   Did Robert Magota have a qualified privileged to make the statement?

            Yes ____        No ____


     If you answered "Yes," proceed to Question No. 10.  If you answered "No," proceed to Question No. 11.


     10.  Did Robert Magota abuse the qualified privilege when he made the statement?

            Yes _____        No _____


     Proceed to Question No. 11.

11.  Did Plaintiff establish by a preponderance of the evidence that Gary Kurokawa, in the course and scope of his employment with GK Appraisals, Inc., negligently caused Plaintiff to suffer serious emotional distress?

Yes _____        No _____


If you answered "Yes," to Question No. 11, proceed to Question No. 12.  If you answered "No," to Question No. 11 but answered "Yes" to any of Questions No. 1, 5, 6, or 10, proceed to Question No. 17.  If you answered "No," to Question No. 11 and (1) answered "No" to Questions No. 1, 5, 6, at 10; OR (2) answered "Yes" to Questions No. 4 and 9, and "No" to Question No. 10, do not answer any further questions, have the foreperson sign and date the special verdict form, and contact the bailiff.

12.  Did Plaintiff establish by a preponderance of the evidence that Gary Kurokawa's negligent infliction of emotional distress in the course and scope of his employment with GK Appraisals, Inc., resulted in either physical harm, or actual imminent and potentially life-endangering physical peril to Plaintiff?

Yes _____        No _____


If you answered "Yes," proceed to Question No. 13.  If you answered "No," proceed to Question No. 17.


13.  Did Plaintiff establish by a preponderance of the evidence that Gary Kurokawa's negligent infliction of emotional distress in the course and scope of his employment with GK Appraisals, Inc., was a legal cause of Plaintiff's injuries?

Yes _____        No _____


If you answered "Yes," proceed to Question No. 14.  If you answered "No," proceed to Question No. 17.


7

14.  Did Defendants establish by a preponderance of the evidence that Plaintiff was contributorily negligent?

Yes _____        No _____

If you answered "Yes," proceed to Question No. 15.  If you answered "No," proceed to Question No. 17.

15.  Did Defendants establish by a preponderance of the evidence that Plaintiff's contributory negligence was a legal cause of his injuries?

Yes _____        No _____

Proceed to Question No. 16.

16.  What percentage of negligence, which was a legal cause of Plaintiff's injuries, do you attribute to each of the following parties:

(NOTE:  The total of the two numbers must add up to 100%)

Plaintiff Philip English        _____ %

Defendant Gary Kurokawa        _____ %

TOTAL:        100 %

Proceed to Question No. 17.

17.  What amount in general and/or special damages, or nominal damages, if any, were caused by defendants?

General Damages                $ _____

Special damages                $ _____

OR

Nominal Damages of $1.00       $ _____


If you awarded Plaintiff any general and/or special damages, or nominal damages, proceed to Question No. 18.  If you did not award Plaintiff any general and/or special damages, or nominal damages, do not answer any further questions, have the foreperson sign and date the special verdict form, and contact the bailiff.

9

18.   The following questions should be completed as to Gary Kurokawa, Robert Magota, and Ann Gima.  If you awarded nominal, special or general damages to Plaintiff, has Plaintiff established by clear and convincing evidence that any Defendant(s) are liable to Plaintiff for punitive damages? Answer yes or no after the name of each Defendant listed below.

|  |  |  |
|---|---|---|
| Gary Kurokawa | Yes _____ | No _____ |
| Robert Magota | Yes _____ | No _____ |
| Ann Gima | Yes _____ | No _____ |

If you answered "Yes" to any Defendant, proceed to Question No. 19.  If you answered "No" to all defendants, have the foreperson sign and date the special verdict form, and contact the bailiff.

19.   What amount in punitive damages do you award?  For each Defendant for whom you answered "Yes" to Question No. 18, answer below.

|  |  |
|---|---|
| Gary Kurokawa | $ _____ |
| Robert Magota | $ _____ |
| Ann Gima | $ _____ |

Have the foreperson sign and date this special verdict form and contact the bailiff.

DATED:  Honolulu, Hawaii, _____.


_____
Foreperson