MOSELEY BIEHL TSUGAWA LAU & MUZZI
A Hawaii Limited Liability Law Company

ROGER S. MOSELEY         2060
CHRISTOPHER J. MUZZI     6939
RENEE M. FURUTA          7593
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Tel: (808) 531-0490 Fax: (808) 534-0202
Email: rmoseley@hilaw.us, cmuzzi@hilaw.us
       rfuruta@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1–10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>　　　　　　　　Defendants. | Civil No. 04-00108 KSC/KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO DEFENDANT G.K. APPRAISALS, INC.'S MOTION IN LIMINE FOR AN ORDER PROHIBITING TESTIMONY BY PLAINTIFF'S EXPERT THOMAS UENO; EXHIBITS A-D; DECLARATION OF COUNSEL; CERTIFICATE OF SERVICE<br><br>Trial Date: October 3, 2006 |

10010/3/57930

PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO DEFENDANT G.K. APPRAISALS, INC.'S MOTION IN LIMINE FOR AN ORDER PROHIBITING TESTIMONY BY PLAINTIFF'S EXPERT THOMAS UENO

Plaintiff Philip E. English ("Plaintiff") respectfully submits this memorandum in opposition to Defendant G.K. Appraisals, Inc.'s ("GK") Motion in Limine For An Order Prohibiting Testimony by Plaintiff's Expert Thomas Ueno ("Motion in Limine").

I.  INTRODUCTION

Defendant GK argued in its Motion in Limine that the Court should prohibit the testimony of Plaintiff's expert witness, Thomas Ueno ("Ueno") on the bases that his opinions and testimony is neither relevant nor reliable. Defendant GK's Motion in Limine must be denied as Ueno's testimony and opinion is relevant, reliable, meets the Daubert (Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)) test and Federal Rules of Evidence (FRE) Rules 702 and 703.

II.  BACKGROUND/RELEVANT FACTS

Plaintiff filed this current suit against City Defendants and G.K. Appraisals, Inc. in February 13, 2004 for, amongst a number of claims, violation of Plaintiff's civil rights pursuant to 42 U.S.C. §1983 and H.R.S. §378-62 and unlawful retaliation against Plaintiff for reporting the illegal use of City resources and equipment.

Ueno's services were procured for expert opinions regarding the damages, including lost wages and benefits, suffered by Plaintiff as a result of the retaliation that he suffered as a result of his whistleblowing.

III.   ARGUMENT

    A.   UENO'S EXTENSIVE PROFESSIONAL BACKGROUND AND EXPERTISE

Ueno is a Certified Public Accountant and a Certified Forensic Accountant who has served as a management consultant providing litigation support services to attorneys in Hawaii and mainland since 1981. See Attachment B to Exhibit A. Attached herein as Exhibit A is a true and correct copy of the expert report completed and generated by Thomas T. Ueno, CPA for Plaintiff in the English v. City and County, et al. case, Civil No. 04-00108. Ueno is a Diplomat of American College of Forensic Examiners.

Ueno has over 25 years of litigation support experience and has given numerous depositions and has testified as an expert witness in financial and accounting matters in superior, district, circuit, and family courts in Hawaii and California. See id. Ueno has worked with both plaintiffs' and defendants' attorneys on personal injury matters and matters involving loss of future employment income.

Due to his extensive background in both accounting and forensic accounting and in litigation support, Ueno is an expert in loss earnings valuation and damages.

B. UENO'S EXPERT OPINION MEETS <u>DAUBERT</u> TEST

City Defendants made general assertions that the opinion of Ueno are unreliable, incorrrect and do not meet the criteria set forth in <u>Daubert</u>.

In <u>Daubert</u>, the Supreme Court proclaimed that the trial judge must screen evidence of expert testimony and that under the FRE, especially FRE Rule 702, any and all scientific testimony or evidence admitted is not only relevant, but reliable.  <u>Id.</u> at 589.  Reliability in this case means evidentiary reliability or trustworthiness.  <u>Id.</u> at 590.  The Supreme Court later in <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 147 (1999) stated that the reliability standard set forth in <u>Daubert</u> also applied to all "scientific", "technical", or "other specialized" matters.

The second prong of the <u>Daubert</u> test/criteria is that the opinion must be relevant such that it would "assist the trier of fact to understand the evidence or to determine a fact in issue."  <u>Daubert</u>, 509 U.S. at 591.  The expert testimony must relate to issues in the case otherwise it is not relevant and non-helpful.  <u>Id.</u>

The <u>Daubert</u> Court clearly stated that "the inquiry envisioned by Rule 702 is, we emphasize a flexible one."  <u>Id.</u> at 594.

In this case, Ueno's opinion meets the <u>Daubert</u> criteria.  In terms of reliability, Ueno's opinions and calculations were based on formulations, tables, and statistics that are widely recognized such as Worklife Estimates:  Effects of

Race and Education from the U.S. Department of Labor, National Vital Statistics, Employment Cost Index from the U.S. Bureau of Labor Statistics. See Exhibit A at 4 and Attachment A-1 to Exhibit A. Ueno's calculations were also based on a number of objective factors including Plaintiff's base rate of pay, tax returns and earnings, expected wages and benefits, remaining work life and estimated life expectancy, income tax effects, and present value discount rate and present value of the losses. Taking into account these formulations and in applying it towards information, including other psychological expert reports obtained in Plaintiff's case, Ueno arrived at the figures in his report.

In terms of relevance, Ueno clearly applied the facts and issues in this particular case to generate his opinion and report on the damages and lost wages suffered by Plaintiff as a result of his whistleblowing. Ueno utilized formulations, tables and statistics and applied them to calculate Plaintiff's damages and lost wages using Plaintiff's tax returns and base pay rate. Ueno's technical knowledge, opinion and report will certainly assist the trier of fact in determining the amount of damages suffered by Plaintiff, including lost benefits and lost wages.

    C.    UENO'S EXPERT OPINION MEETS REQUIREMENTS PURSUANT TO FRE RULES 702 AND 703

In addition to meeting the requirements of the Daubert criteria, Ueno's expert opinion also meets the requirements set forth in FRE Rules 702 and 703. Rule 702 sets forth

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 703 states

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

In this case, Ueno is qualified as an expert to testify about the damages suffered by Plaintiff as well as his lost wages and benefits as a result of his activity as a whistleblower. Ueno's testimony and opinion is based upon sufficient facts, data and information that he has gathered from amongst a number of things, personnel records from Plaintiff's employment at the City and County of Honolulu, reports from psychological experts regarding Plaintiff, Plaintiff's tax records. Ueno applied this information to a number of reliable and widely accepted tables, formulations, and statistics to formulate his opinion. Ueno's testimony is the product of reliable principles and methods that he has utilized over

a number of years to formulate his opinion. The methodology is commonly used and has been accepted by the courts and published. Exhibit B, Deposition Transcript of Thomas Ueno, page 27, lines 3-8, page 29, lines 8-18, page 30, lines 1-9. Attached herein as Exhibit B is a true and correct copy of the Deposition Transcript of Thomas Ueno. Ueno, in formulating his opinion and testimony, has applied the methodology and principles reliably to the facts of the case. Ueno utilized documents belonging to Plaintiff (documents and information that he normally uses to formulate his opinions) to the facts of this case and provided his opinion with respect to Plaintiff's lost wages and damages. See Attachment A-1 and B to Exhibit A.

### D. DEFENDANT GK'S ATTACKS ON UENO'S OPINIONS ARE BASELESS AND UNFOUNDED

Defendant GK launched several attacks on Ueno's opinions on a number of bases. Such attacks are unfounded and without merit and much of which has been taken out of context.

First, Defendant GK accused Ueno of not making any assessment of Plaintiff's occupational skill level, or application to those skills to alternative employment. Ueno is an expert whose opinion and testimony is being proffered to assess Plaintiff's damages, loss wages, and benefits, not to assess Plaintiff's occupational skills or his skill level. In determining Plaintiff's damages and lost earning capacity, Ueno, utilized the skills and qualifications that Defendant City

and County of Honolulu stated that he possessed. See Exhibit A at 1 and 4. Ueno used Plaintiff's Performance Reports and Performance Reviews he received while employed at the City and County of Honolulu, as well as the letter from the Director of Budget and Fiscal Services, Roy Amemiya dated April 28, 1999, commenting on his skills and qualification for the Real Property Assessment Administrator position. See id.

Second, Defendant GK argued that Ueno made an assumption that Plaintiff will never make more than he did in the year 2005, a year in which he worked on and off part to full time. Ueno did not assume more than what the facts showed. Ueno's calculations were based on statements found in the Independent Psychological Evaluation performed on Plaintiff by Dr. Reneau Kennedy ("Kennedy Report") and information available to him at that time. Exhibit B, Deposition Transcript of Thomas Ueno, page 36, lines 8-25, page 37 lines 1-7. Ueno stated in his deposition that he subsequently used Plaintiff's 2005 tax returns, which were made available to him after his initial report, and amended his report. Ueno stated that the number of Plaintiff's lost wages and benefits resulted in a higher number. Id. See also Exhibit D.

Third, Defendant GK claimed that Ueno was speculative with respect to Plaintiff ability to perform comparable work, that there does not appear to be any medical or psychiatric experts who opine that Plaintiff will never be able to work

as an appraiser again and that Ueno was not qualified to determine which medical or psychiatric opinions were correct.  Ueno used the Kennedy report when he formulated his first report.  See Exhibit B at page 40, lines 16-25, pages 41-42.  The Kennedy report did not state that Plaintiff could return to appraiser work.  Subsequently, he also took into consideration the psychiatric expert proffered by Defendants, Dr. Spordone.  However, even after taking into consideration Dr. Spordone's report, Ueno's calculations and assumptions did not change.  Id.

      Fourth, Defendant GK argued that Ueno incorporated an assumption that Plaintiff would be promoted every few years and eventually reach the top position in the Real Property Assessment Division without researching the promotions.  Ueno, in determining Plaintiff's damages and lost earning capacity, utilized the skills and qualifications that the Defendant City and County of Honolulu stated that he possessed.  See Exhibit A at 1 and 4.  Ueno used Plaintiff's Performance Reports and Performance Reviews he received while employed at the City and County of Honolulu, as well as the letter from the Director of Budget and Fiscal Services, Roy Amemiya dated April 28, 1999, commenting on his skills and qualification for the Real Property Assessment Administrator position.  See id.  Pursuant to the City and County of Honolulu, Plaintiff had the capacity and qualifications to reach the top position in the Real Property Assessment Division.  In terms of promotions, Ueno also based his calculations on Plaintiff's historical

promotion pattern. See Exhibit A at 3.

Fifth, Defendant GK alleged that Ueno assumed that Plaintiff would have worked long enough to qualify for a retirement package from the City and County of Honolulu and that Ueno did not know how long Plaintiff would have had to work in order to qualify for retirement package from the City and County of Honolulu. Ueno based his assumption on Plaintiff's work history, the fact that he was employed with the City and County of Honolulu prior to his termination, and the fact that he participated in the Employees' Retirement System. See Exhibit A at 3. Ueno also used the ERS' online pension calculator to estimate his pension benefit. See Exhibit A at 3.

Defendant GK also complained about Ueno's speculative assumptions regarding Plaintiff's expected work-life expectancy. Ueno's calculations with respect to Plaintiff's work-life expectancy was based pursuant to statistics and tables from the U.S. Department of Labor and the National Vital Statistics from the U.S. Government's Center for Disease Control. See Exhibit A at 4. These statistics have a general average and take into consideration various ailments and medical histories. See Exhibit B at page 53, lines 9-25, page 54, lines 1-5.

E.    UENO MAY GIVE OPINION ON ULTIMATE ISSUE

Pursuant to HRE Rule 704, "Except as otherwise provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not

objectionable because it embraces an ultimate issue to be decided by the trier of fact.

In this case, Ueno's opinion and testimony is admissible as he has met the criteria in Daubert and Rules 702 and 703 of the FRE. Ueno's testimony is reliable and relevant. As such, he is allowed to testify to the ultimate issue to be decided by the trier of fact. In this case, it would be the damages, loss wages and income, and loss benefits suffered by Plaintiff.

F.  UENO'S OPINIONS SHOULD NOT BE EXCLUDED UNDER FRE 403

To the extent that Defendant GK is asserting that Ueno's testimony be excluded under Rule 403 of the FRE, Ueno's testimony and opinion is highly probative substantially outweighs any danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of delay, waste of time, or needless presentation of cumulative evidence.

Ueno's testimony and opinion is material and highly probative to assist the fact-finder in determining damages and lost wages suffered by Plaintiff as a result of his acts as a whistleblower. His application of the facts in this case to standard formulations and tables is necessary to assist the fact-finder in determining the damages, loss wages, and lost benefits to Plaintiff. His expert opinion is essential in assisting determining a fact in issue, damages. In addition, Ueno's testimony

and opinion is material to rebut the unreliable and irrelevant opinion proffered by Dirk Von Gunthener.  See Exhibit C.

Defendant GK has failed to demonstrate how they would be prejudiced by Ueno's testimony and opinion.  Since Ueno's testimony and its probative value outweighs any nebulous prejudice to Defendant GK, Ueno's testimony and opinion is admissible and should not be precluded pursuant to FRE 403.

IV.   CONCLUSION

For all of the foregoing reasons, Plaintiff requests that this Court deny Defendant GK's Motion in Limine to preclude the testimony of Plaintiff's expert witness, Thomas Ueno.

In the event that this Court is inclined to exclude the testimony of Thomas Ueno, Plaintiff would respectfully request that this Court postpone its ruling on Defendant GK's Motion in Limine at a later date, and until such a ruling is necessary and appropriate.

DATED:  Honolulu, Hawaii, September 19, 2006.

> /s/ Roger S. Moseley
> ROGER S. MOSELEY
> CHRISTOPHER J. MUZZI
> RENEE M. FURUTA
> Attorneys for Plaintiff
> PHILIP E. ENGLISH