MOSELEY BIEHL TSUGAWA LAU & MUZZI
a Hawaii limited liability law company

| ROGER S. MOSELEY | 2060 |
| CHRISTOPHER J. MUZZI | 6939 |
| RENEE M. FURUTA | 7593 |

Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone: (808) 531-0490
Facsimile: (808) 523-1888
Email:  rmoseley@hilaw.us
        cmuzzi@hilaw.us
        rfuruta@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, | Civil No.  1-04-cv-00108 KSC |
| Plaintiff, | PLAINTIFF PHILIP E. ENGLISH'S PROPOSED JURY INSTRUCTIONS; CERTIFICATE OF SERVICE |
| vs. | |
| CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1–10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, | |
| Defendants. | Trial Date:  October 3, 2006 Time:  9 a.m. Judge: Honorable Kevin S.C Chang |

## PLAINTIFF PHILIP E. ENGLISH'S PROPOSED
## JURY INSTRUCTIONS

Plaintiff PHILIP E. ENGLISH, by and through his attorneys, hereby submits the following Proposed Civil Jury Instructions, attached hereto, pursuant to Rule 51-1 of the Rules of the United States District Court Court for the District of Hawaii.

### GENERAL FEDERAL JURY INSTRUCTIONS IN CIVIL CASES
### FOR JUDGE KEVIN S.C. CHANG

In addiiton to the special jury instructions attached hereto, Plaintiff requests that the court use its General Federal Jury Instructions in Civil Cases as follows:

1.1, 1.2, 1.3 and 1.5, 1.4 modified to eliminate reference to multiple Plaintiffs, 2.1 - 2.3, 3.1 - 3.3, 4.1, 4.2, 4.4, 4.5, 4.6, 5.1 - 5.4, 6.1, 7.1, 8.1 - 8.5, 8.7 - 8.16, 8.18, and 9.1 - 9.3

Plaintiff reserves the right to supplement these instructions and also reserves the right to amend, modify, withdraw, and request additional instructions as appropriate during further proceedings in this case.

DATED:  Honolulu, Hawaii, September 19, 2006.

/s/ Roger S. Moseley
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA
Attorneys for Plaintiff
PHILIP E. ENGLISH

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. ____
(Purpose)

42 U.S.C. §1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes.  Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court.  In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the fourteenth amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

SOURCE:

4 L. Sand, et al., Modern Federal Jury Instructions §87.03, 87-147 (1992)
Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed 482 (1982); Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed 2d 128 (1976); Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed. 2d 705 (1972); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492 (1961).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. ____
(Policy)

42 U.S.C. § 1983 was intended not only to provide compensation to the victims of past abuses, but to serve as a deterrent against future constitutional deprivations, as well. The knowledge that a municipality will be liable for all of its injurious conduct, whether committed in good faith or not, should create an incentive for officials who may harbor doubts about the lawfulness of their intended actions to err on the side of protecting citizens' constitutional rights.

Furthermore, the threat that damages might be levied against the city may encourage those in a policymaking position to institute internal rules and programs designed to minimize the likelihood of unintentional infringements on constitutional rights. Such procedures are particularly beneficial in preventing those "systemic" injuries that result not so much from the conduct of any single individual, but from the interactive behavior of several government officials, each of whom may be acting in good faith

SOURCE:

Owen v. Independence, 445 U.S. 622, 651-652 (1980).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
VIOLATIONS OF FEDERAL CIVIL RIGHTS—
ELEMENTS AND BURDEN OF PROOF

On the Plaintiff's civil rights claim under 42 U.S.C. §1983 claim, the
Plaintiff has the burden of proving each of the following elements by a
preponderance of the evidence:

1.    the acts or omissions of the Defendant were intentional;

2.    the Defendant acted under color of law; and

3.    the acts or omissions of the Defendant were the cause of the
      deprivation of the Plaintiff's rights protected by the Constitution
      or laws of the United States.

If you find that each of the elements on which the Plaintiff has the burden
of proof has been proved, your verdict should be for the Plaintiff. If, on the
other hand, the Plaintiff has failed to prove any of these elements, your verdict
should be for the Defendant.

SOURCE:

9th Circuit Manual of Model Civil Jury Instuctions 2001 – 11.1 (as modified)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. ____
UNDER COLOR OF LAW DEFINED


Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

SOURCE:

9th Circuit Manual of Model Civil Jury Instuctions 2001 – 11.2

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. ____
(Definition – Color of State Law- State Official Acting Under Color of State Law –
Matter in Dispute)

The Plaintiff claims that Defendants were acting under color of the law of the State of Hawaii when the Defendants allegedly deprived the Plaintiff of his Constitutional right to free speech.

In order for an act to be under color of state law, the act must be of such nature and commited under such circumstances that it would not have occurred except for the fact that the Defendants were clothed with the authority of the state – that is to say, the Defendants must have purported or pretended to be lawfully exercising his/her official powers while in reality abusing it.

The act of a state official in pursuit of his/her personal aims that is not accomplished by virtue of his state authority is not action under color of state law merely because the individual happens to be a state (officer).

SOURCE:

4 L. Sand, et al., Modern Federal Jury Instructions §87.03, 87-159 (1992)
Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed. 2d 405 (1976).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO._____
MUNICIPAL LIABILITY

When a Plaintiff is deprived of a constitutional right as a result of the official policy of a city and county, the city and county is liable for damages caused by the deprivation.

"Official policy" means:

(1)     a rule or regulation promulgated, adopted, or ratified by the governmental entity's legislative body;]

(2)     a policy statement or decision that is officially made by the city and county's policy-making official;

(3)     a custom that is a permanent, widespread, well-settled practice that constitutes a standard operating procedure of the city and county; or

(4)     an act or omission ratified by the city and county's policy-making official.

SOURCE:

9th Circuit Manual of Model Civil Jury Instuctions 2001 – 11.12 (as modified)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
MUNICIPAL LIABILITY - FAILURE TO TRAIN - ELEMENTS AND BURDEN
OF PROOF

On the Plaintiff's claim for failure to train, the Plaintiff has the burden
of proving each of the following elements by a preponderance of the evidence:

1.    the city and county's training program was not adequate to train its
      officers and employees to properly handle the usual and recurring
      situations with which they must deal;

2.    the city and county was deliberately indifferent to the need to train
      its officers and employees adequately; and

3.    the failure to provide proper training was the cause of the
      deprivation of the Plaintiff's rights protected by the Constitution
      or laws of the United States.

"Deliberate indifference" is the conscious or reckless disregard of the
consequences of one's acts or omissions. To establish deliberate indifference, the
Plaintiff must prove that the Defendant knew that the Plaintiff faced a
substantial risk of serious harm and disregarded that risk by failing to take
reasonable measures to correct it.

If you find that each of the elements on which the Plaintiff has the
burden of proof has been proved, your verdict should be for the Plaintiff. If, on
the other hand, the Plaintiff has failed to prove any of these elements, your
verdict should be for the Defendant.

SOURCE:

9th Circuit Manual of Model Civil Jury Instuctions 2001 – 11.14 (as modified)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Municipalities – Practice and Custom)

Whether an official practice or custom exists is a question of fact for you to determine.  A practice  or custom is a persistent, widespread course of conduct by municipal officials (or employees) that has become a traditional way of carrying out policy, and has acquired the force of law, even though the municipality has not formally adopted or announced the custom.

SOURCE:

4 L. Sand, et al., Modern Federal Jury Instructions §87.03, 87-189(1992)
Adickes v. S.H. Kress Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed. 2d 142 (1970)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Judicial Notice – Other Whistleblower Lawsuits Against Defendant City and
County of Honolulu)

The court has taken judicial notice of that the following complaints for
lawsuits were filed against the City and County of Honolulu, on the dates as stated,
and in the respective courts as stated:

| Name of Case | Date of Filing |
|---|---|
| Howard W.C.C. Tom Sun v. City & County of Honolulu, Department of Enterprise Services<br><br>Civil No. CV 00-00397 HG/BMK<br><br>In the United States District Court for the District of Hawaii | June 6, 2000 |
| Kenneth Kamakana v. City & County of Honolulu, et al., Civil No. CV 00-00729 SOM/LEK<br><br>In the United States District Court for the District of Hawaii | November 9, 2000 |
| Kenneth Mersburgh, Norman Salsedo, George A. Smith, Jr., and Solomon Silva v. Wayne Salas, Kenneth Sprague, Harry Hauck, Jay Gonsalves, Ivan Hawkins, Nick Musical, City & County of Honolulu, Department of Environmental Services Treatment and Disposal Division, Kailua Regional Treatment Plan,<br><br>Civil No. 02-1-1394-06<br><br>In the Circuit Court of the First Circuit | June 7, 2002 |
| Wiggins v. City & County of Honolulu, et al.,<br><br>Civil No. CV 02-00622 DAE/KSC<br><br>In the United States District Court for the District of Hawaii | September 27, 2002 |

| | |
|---|---|
| Shannon v. City and County of Honolulu, et al., Civil No. CV 04-00086 SPK/LEK In the United States District Court for the District of Hawaii | February 5, 2004 |
| Whang v. City and County of Honolulu, et al., Civil No. 04-1-0910-05 (DDD) In the Circuit Court of the First Circuit | May 17, 2004 |
| Olipares v. The City and County of Honolulu, et al., Civil No. 05-1-1721-09 (BIA) In the Circuit Court of the First Circuit | September 27, 2005 |

You are instructed to accept as conclusive and as a fact that the lawsuits cited above were filed against the City and County of Honolulu on the respective dates.

SOURCE:

Federal Rules of Evidence Rule 201

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. ____
(Affirmative Defenses – Qualified Immunity)

At the time of the incidents giving rise to the lawsuit, it was clearly established that Defendants retaliated against Plaintiff for exercising his First Amendment right, his constitutional right, to free speech. Even if you find that the Defendants retaliated against Plaintiff for exercising his First Amendment right, his constitutional right, to free speech, the Defendants still may not be liable to the Plaintiff. This is so because the Defendants may be entitled to what is called a qualified immunity. If you find that they are entitled to such an immunity, you may not find them liable.

The Defendants will be entitled to qualified immunity if, at the at time they retaliated against Plaintiff for exercising his First Amendment right, his constitutional right, to free speech, they neither knew nor should have known that his actions were contrary to federal law. The simple fact that that the Defendants acted in good faith is not enough to bring him/her within the protection of this qualified immunity. Nor is the fact that the Defendant was unaware of federal law. The Defendant is entitled to qualified immunity only if he/she did not know what he/she did was in violation of federal law *and* if a competent public official could not have been expected at the time to know that the conduct was in violation of federal law.

In deciding what a competent official would have known about the legality of Defendants' conduct, you may consider the nature of Defendants' official duties, the character of his/her official position, the information which was known to the Defendants or not known to them, and the events which confronted him/her. You must ask yourself what a reasonable official in the Defendants' situation would have believed about the legality of the Defendants' conduct. You should not, however, consider what the Defendants' subject intent was, even if you believe it was to harm the Plaintiff. You may also use your common sense. If you find that a reasonable official in Defendants' situation would believe his/her conduct to be lawful, then this element will be satisfied.

The Defendants have the burden of proving that he/she neither knew nor should have known that his actions violated federal law.  If a Defendant convinces you by a preponderance of the evidence that he/she neither knew nor should have know that his actions violated federal law, then you must return a verdict for that Defendant, even though you may have previously found that the Defendant in fact violated the Plaintiff's right under the color of state law.

SOURCE:

4 L. Sand, et al., Modern Federal Jury Instructions §87.03, 87-205(1992)
<u>Anderson v. Creighton</u>, 483  U.S. 635, 107 S. Ct. 3034, 97 L.Ed. 2d 523 (1987).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. ____
(Qualified Immunity-Reasonable Official)


Reasonably competent public officials would have understood that the First Amendment protection of public employee expression recognized by the United States Supreme Court not only protects public employees who engage in protected First Amendment expression from being discharged for such expression, but also protects such employees from being subjected to conduct of harassment in retaliation for such expression.


SOURCE:

Soltani v. Smith, 812 F. Supp. 1280, 1301 (D.N.H. 1993)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Protected speech)

In determining whether Plaintiff's reports and statements, including those about the illegal use of City and County of Honolulu resources, was protected speech pursuant to the First Amendment, you must consider whether Plaintiff made the reports and statements because he had a legal duty as a Real Property Appraiser to do so or whether he acting as a citizen reporting or making statements about a matter of public concern in the exercise of his right of free speech, even if he did so under a perceived moral duty or obligation.

If you find that Plaintiff made the reports and statements because he had a legal duty to do so as a Real Property Appraiser, then his speech may not be protected pursuant to the First Amendment.

If you find that Plaintiff made the reports and statements, even if he did so under a perceived moral duty or obligation, acting as citizen reporting or making statements about a matter of public concern, then his speech was protected pursuant to the First Amendment.

SOURCE:

Garcetti v. Ceballos, 126 S.Ct. 1951, 1960, 164 L.Ed. 2d 689, 701 (2006)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(First Amendment – Background)

The First Amendment to the United States Constitution of 1791 provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

The term "liberty" in the Fourteenth Amendment to the Constitution makes the First Amendment applicable to the States. The Fourteenth Amendment reads, in relevant part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."

All fundamental rights comprised within the term "liberty" are protected by the Federal Constitution from invasion by the States. The right of free speech is a fundamental right.

The First Amendment was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people. First Amendment speech concerning public affairs is more than self-expression; it is the essence of self government. Speech on public issues occupies the highest rung of the hierarchy of the First Amendment values and is entitled to special protection.

The freedom of speech guaranteed by the Constitution embraces at the least the liberty to discuss publicly and truthfully all matters of public concern without previous restraint or fear of subsequent punishment.

SOURCE:

Connick v. Myers, 461 U.S. 138, 145, 103 S.Ct. 1684, 1689 (1983); Roth v. U.S. , 354 U.S. 476, 484, 488, 77 S.Ct. 1304, 1308, 1310 (1957);  McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 336 (U.S. 1995); New York Times Co. v. Sullivan, 376 U.S. 254, 269, 84 S.Ct. 710, 720 (1964); Garrison v. Louisiana, 379 U.S. 64, 74-75, 85 S.Ct. 209, 215-16 (1964); NAACP v. Clairborne Hardware Co., --- U.S. ---, ---, 102 S.Ct. 215-16 (1982); Carey v. Brown, 447 U.S. 455, 467, 100 S.Ct. 2286 (1980); Whitney v. Calif., 274 U.S. 375, 373, 47 S.Ct. 641, 647 (1927).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Plaintiff's Allegations and the First Amendment)

The Plaintiff alleges that the Defendants deprived him of his right to freedom of speech under the First Amendment to the Constitution of the United States.  Specifically, the Plaintiff alleges that, while a public employee working for Defendant City and County of Honolulu, he engaged in one ore more specific acts of free speech protected by the Free Speech Clause of the First Amendment, that Defendants then took specific action against Plaintiff, and that Plaintiff's acts of speech were the substantial or motivating factor in the Defendants' decision to take such action.

SOURCE:

4 L. Sand, et al., Modern Federal Jury Instructions §87.03, 87-230.3 (1992)(as modified)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Elements of Plaintiff's Claim)

In order to prove his allegation against Defendants, the Plaintiff must establish each of the following two elements of his claim:  first, that the Plaintiff's acts of free speech were protected by the Free Speech Clause of the First Amendment; and, second, that these acts of speech were a substantial or motivating factor in the Defendants' decision to take action against Plaintiff.

SOURCE:
4 L. Sand, et al., Modern Federal Jury Instructions §87.03, 87-230.4 (1992)
Mt. Healthy City School Dist. Bd. of Ed. V. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed. 2d 471 (1977).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(First Element – The Plaintiff's Acts of Speech Were Protected – Factual Finding)

To establish he first element of his claim, Plaintiff must establish that his acts of speech were protected by the Free Speech Clause of the First Amendment.

Before the Plaintiff can establish the First Amendment of his claim, you, the jury, must determine what, if anything, the Plaintiff said (or did) to express himself.  You have heard evidence regarding the acts of speech in which Plaintiff claims to have been engaged.  You must now consider that evidence as a whole, in light of your reason and experience, and decide what, if anything the Plaintiff said to express himself.

You may decide that the Plaintiff engaged in all of the acts of speech that he claims to have engaged in, some of those acts, or none of the acts at all.  Should you decide that the Plaintiff did express himself, you must decide what exactly he said.  When you have decided what, if anything, the Plaintiff said to express himself, I will ask you to tell me the answer.

SOURCE:

4 L. Sand, et al., Modern Federal Jury Instructions §87.03, 87-230.6 (1992)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(First Amendment – Protected Speech)

An employee's speech is protected under the First Amendment if it addresses a matter of legitimate public concern.

Speech that concerns issues about which information is need or appropriate to enable the members of society to make informed decisions about the operation of their governmental merits the highest degree of First Amendment protection.

The determination of whether an employee's speech deals with an issue of public concern is to be made with reference to the content, form, and context, of the sp eech.  Speech relating to any matter of political, social or other concern to the community is protected.

SOURCE:

Cozalter v. City of Salem, 320 F.3d 968, 973-74 (9th Cir. 2003).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. ____
(Second Element – The Plaintiff's Acts Were a Substantial or Motivating Factor in
the Defendant's Actions)

The second element of the Plaintiff's claim is that his protected speech, in reporting the illegal use of City and County of Honolulu resources was a substantial or motivating factor in the Defendants' decision to take action against him.

The Plaintiff's protected speech was a substantial or motivating factor in the Defendants' decision to take action against him if it played a substantial part in the actual decision to take action against Plaintiff.

The Defendants may have taken action for no reason whatsoever. If so, then Plaintiff's protected speech was not a substantial or motivating factor in Defendants' decision.

The Defendants may have taken action for one sole reason. If that one sole reason was that the Plaintiff said or reported the illegal use of City and County of Honolulu resources then you must find that the Plaintiff's protected speech was a substantial or motivating factor in the Defendants' decision.

The Defendants may have taken actions for may different reasons. If so, then you must determine whether one of those reasons was that the Plaintiff reported the illegal use of City and County of Honolulu. If it was one of those reasons, then you must determine whether it played a substantial part in the actual decision to take action against the Plaintiff. If it did play a substantial part, then you must find that the Plaintiff's protected speech was a substantial or motivating factor in the Defendants' decision.

SOURCE:

4 L. Sand, et al., Modern Federal Jury Instructions §87.03, 87-234 (1992)(as modified)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(First Amendment – Free Speech – Substantial or Motivating Factor)

There are three ways a Plaintiff may show that retaliation was a substantial or motivating factor behind the Defendant City and County of Honolulu's adverse employment actions.  A Plaintiff may introduce evidence:

1.   regarding the proximity in time between the protected action and the retaliatory employment decision;

2.   that the Defendant expressed opposition to his speech, either to him or to others; or

3.   that Defendant's proffered explanations for the adverse employment action were false and pretextual.

SOURCE:

Coszalter v. City of Salem, 320 F.3d 968, 976 (9th Cir. 2003).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(First Amendment – Free Speech – Proximity of Time")

     The elapsed time between the protected speech and the adverse action is the proximity in time. A specified time period cannot be a mechanically applied criterion. A rule that any period over a certain time is per se too long (or, conversely, a rule that any period under a certain time is per se short enough) would be unrealistically simplistic. Whether an adverse action is intended to be retaliatory is a question of fact that must be decided in the light of the timing and the surrounding circumstances.

SOURCE:

Cozalter v. City of Salem, 320 F.3d 968, 976 (9th Cir. 2003)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. ____
(First Amendment – Free Speech –Precise Nature of Retaliation)

The precise nature of the retaliation is not critical to the inquiry in First Amendment retaliation cases. The goal is to prevent, or redress, actions by a government employer that "chill the exercise of protected" First Amendment rights. Various kinds of employment actions may have an impermissible chilling effect. Depending on the circumstances, even minor acts of retaliation can infringe on an employee's First Amendment rights.

SOURCE:

Coszalter v. City of Salem, 320 F.3d 968, 975 (9th Cir. 2003).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(First Amendment – Free Speech – Pickering Test)

If you determine that Plaintiff has proven that he engaged in protected speech, he suffered an adverse action(s), and that Plaintiff's speech was a substantial or motiviating factor for the adverse action, the adverse employment action(s), the burden shifts to Defendant to prove by a preponderance of the evidenced that a legitimate administrative interest outweighed the First Amendment interest in Plaintiff's freedom of speech.

The "Pickering Balancing Test" requires the Defendant to show that Plaintiff's speech:

1.    impaired discipline or control by supervisors;
2.    disrupted co-worker relations;
3.    eroded a close working relationship premised on personal loyalty and
        confidentiality;
4.    interfered with Plaintiff's performance of his duties; or
5.    obstructed the routine operation of the office.

The manner, time, and place in which the speech occurred also constitute Relevant considerations.  The Defendant bears the burden of proving that the balance of interests weighs in its favor.

SOURCE:

Rendish v. City of Tacoma, 123, F.3d 1216 (9th Cir. 1997); Hyland v. Wonder, 972 F.2d 1129, 1139 (9th Cir. 1992) cert. denied, 508 U.S. 908, 113 S.Ct. 2337, 124 L.Ed. 2d 248 (1993).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Damages for Mere Fact of Violation)

If you return a verdict for the Plaintiff, but find that Plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you may return an award of nominal damages not to exceed the sume of one dollar.

Nominal damages may be awarded when the Plaintiff has been deprived by Defendants of a constitutional right but has suffered no actual damages as natural consequence of that deprivation. The mere fact that a constitutional deprivation occcured is an injury to the person entitled to enjoy that right, even when no actual damages flow from that deprivation. Therefore, if you find that Plaintiff has suffered no injury as a result of Defendants' conduct other than the fact of a constitutional deprivation, you may award nomial damages not to exceed one dollar.

SOURCE:

4 L. Sand, et al., Modern Federal Jury Instructions §87.03, 87-215 (1992)
Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed. 2d 252 (1978).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(First Amendment – Free Speech – Adverse Employment Action )

A governmental employer cannot condition public employment on a basis that infringes on the employee's constitutionally protected interests in the freedom of expression.

Simply because it is acting as an employer, the government does not gain the unfettered ability to interfere with the constitutional rights of its employees; that is, it cannot use employment conditions to produce a result which it could command directly.

When a government employee exercises his protected right of free expression, the government cannot use the employment relationship as a means to retaliate for that expression.

The precise nature of the retaliation is not critical to the inquiry in First Amendment retaliation cases. Depending on the circumstances, even minor acts of retaliation can infringe on an employee's First Amendment rights.

To constitute an adverse employment action, a government act of retaliation need not be severe and it need not be of a certain kind. Nor does it matter whether an act of retaliation is in the form of the removal of a benefit or the imposition of a burden. The relevant inquiry is whether the state had taken action designed to retaliate.

SOURCE:

Cozalter v. City of Salem, 320 F.3d 968, 974-76 (9th Cir. 2003); Connick v. Meyers, 461 U.S. 138, 142, 103 S.Ct. 1684, 75 L.Ed. 2d 708 (1983).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(First Amendment – Free Speech – Reasonably Likely to Deter Test)

      One way to determine whether the actions taken by the Defendant City and County of Honolulu constitutes adverse actions, the Courts fashioned the "reasonably likely to deter test". The "reasonably likely to deter test" is the proper test for the First Amendment employer retaliation cases. If a Plaintiff establishes that he actions taken by the Defendant was/were "reasonably likely to deter" him/her from engaging in protected activity under the First Amendment, he/she will have satisfied the test.

SOURCE:

<u>Cozalter v. City of Salem</u>, 320 F.3d 968, 976 (9th Cir. 2003)

PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTION NO. ___

    The Hawaii State Legislature enacted the Hawaii Whistleblowers' Protection Act (HWPA) to provide protection to employees who report suspected violations of law from any form of retaliation by their employers, including providing protection to government employees and citizens who are willing to 'blow the whistle' when they are aware of ethical or other violations of law.    Specifically, the legislature intended that the HWPA bar discharge, discrimination and other forms of adverse action.

SOURCE:

Crosby v. State Dep't of Budget & Fin., 76 Haw. 332, 341, 876 P.2d 1300, 1309 (Haw. 1994)

PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTION NO. ___

According to the Hawaii Whistleblowers' Protection Act,

An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because:

(1) The employee, or a person acting on behalf of the employee, reports or is about to report to the employer, or reports or is about to report to a public body, verbally or in writing, a violation or a suspected violation of:

(A) A law, rule, ordinance, or regulation, adopted pursuant to law of this State, a political subdivision of this State, or the United States; or

(B) A contract executed by the State, a political subdivision of the State, or the United States, unless the employee knows that the report is false; or

(2) An employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

SOURCE:

Hawaii Whistleblowers' Protection Act
H.R.S. §378-62

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Hawaii Whistleblowers Protection Act – Duty to Post Notices)

An employer shall post notices and use other appropriate means to keep the employer's employees informed of their protections and obligations under this part.

SOURCE:

H.R.S. §378-68