PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTION NO. ___

The definitions contained in the Hawaii Whistleblowers' Protection Act are as follows:

"Employee" means a person who performs a service for wages or other remuneration under a contract for hire, written or oral, express or implied. Employee includes a person employed by the State or a political subdivision of the State.

"Employer" means a person who has one or more employees. Employer includes an agent of an employer or of the State or a political subdivision of the State.

"Person" means an individual, sole proprietorship, partnership, corporation, association, or any other legal entity.

"Public body" means:

(1) A state officer, employee, agency, department, division, bureau, board, commission, committee, council, authority, or other body in the executive branch of state government;

(2) An agency, board, commission, committee, council, member, or employee of the legislative branch of the state government;

(3) A county, city, intercounty, intercity, or regional governing body, a council, special district, or municipal corporation, or a board, department, commission, committee, council, agency, or any member or employee thereof;

(4) Any other body which is created by state or local authority or which is primarily funded by or through state or local authority, or any member or employee of that body;

(5) A law enforcement agency or any member or employee of a law enforcement agency; or

(6) The judiciary and any member or employee of the judiciary.

SOURCE:

HRS § 378-61

PLAINTIFF'S PROPOSED SPECIAL JURY INSTRUCTION NO. ___

Plaintiff may prove that the Hawaii Whistleblowers' Protection Act was violated by demonstrating with a preponderance of evidence that:

1.  he reported, or was about to report to the employer, or reported or about to report to a public body, verbally or in writing, a violation or a suspected violation or a suspected violation of law, rule, ordinance, or regulation, adopted pursuant to law of this State, a political subdivision of this State, or the United States;

2.  the Defendant discharged, threatened, or otherwise discriminated against the Plaintiff regarding his compensation, terms, conditions, location, or privileges of employment; and

3.  there is a causal connection between Defendant's conduct toward Plaintiff and Plaintiff's report(s).

Once Plaintiff proves that he has met all of the elements, the Defendant can defend affirmatively by showing that the actions taken by the Defendant would have occurred regardless of the protected activity and Plaintiff's reports.

SOURCE:

Hawaii Whistleblowers' Protection Act
H.R.S. §378-62 (modified)
Crosby v. State Dep't of Budget & Fin., 76 Haw. 332, 342, 876 P.2d 1300, 1310 (Haw. 1994)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. ____

The Hawaii Whistleblowers' Protection Act is a clear mandate of public policy.

SOURCE:

Norris v. Hawaiian Airlines, Inc., 74 Haw. 235, 238, 260-62 (1992).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. ____

If you find that the Defendant City and County of Honolulu fired/discharged Plaintiff in violation of a clear mandate of public policy, the Defendant City and County of Honolulu may be held liable.

SOURCE:

Parnar v. Americana Hotels, Inc., 65 Haw. 370, 380, 652 P.2d 625, 630 (1982).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____


If you find that whistleblowing by the Plaintiff was a motivating or substantial factor in the change of Plaintiff's employment conditions, the Defendant City and County of Honolulu may be found liable.  The whistleblowing need not be the sole or only reason for the change in employment conditions if it was a motivating or substantial factor in the change in employment conditions.


SOURCE:

Crosby v. State Dept. of Budget and Finance, 76 Haw. 332, 342 (1994).
5 U.S.C. §1221(e)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Wilful, wanton, and reckless conduct)

Although Plaintiff may have received compensation through workers' compensation for the injuries that he sustained while employed at the City and County of Honolulu, Defendants Kurokawa, Magota, and Gima may be held liable, as third persons and as co-employees of Plaintiff, for injuries and damages sustained by Plaintiff.

You may find that Defendants Kurokawa, Magota, and Gima, as third persons and as co-employees of Plaintiff, are liable to Plaintiff for the personal injuries that he sustained while he was employed at the City and County of Honolulu (compensable work injury) if Plaintiff has proven, with clear and convincing evidence, that Defendants Kurokawa, Magota, and Gima engaged in wilful and wanton misconduct.

SOURCE:

H.R.S. §386-8.
Iddings v. Mee-Lee, 82 Haw. 1, 30-39 (1996).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Elements of Wilful, Wanton Misconduct)

Wilful and wanton misconduct, as used in H.RS. §368-8, is conduct that is either:

(1) motivated by an actual intent to cause injury, or

(2) committed in circumstances indicating:

    a. knowledge of the peril to be apprehended,
    b. knowledge that the injury is a probable, as opposed to a possible, result of the danger, and
    c. consciously fails to avoid the peril.

SOURCE:
Iddings v. Mee-Lee, 82 Haw. 1, 31-32 (1996).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. ___

Plaintiff also seeks to recover damages based upon a claim of intentional infliction of emotional distress from all Defendants.

The essential elements of this claim are:

1) that the act allegedly causing the harm was intentional or reckless,
2) that the act was outrageous, and
3) that the act caused
4) extreme emotional distress to another.

SOURCE:

Hac v. Univ. of Hawai'i, 102 Haw. 92, 106-107 (Haw. 2003).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____

The term "extreme emotional distress" means mental suffering, mental anguish, mental or nervous shock and including all highly unpleasant mental reactions, such as fright, horror, grief, shame, humilation, embarassment, anger, chagrin, disappointment, worry and nausea.

SOURCES:

Enoka v. AIG Hawai'i Ins. Co., 109 Haw. 537, 559 (Haw. 2006)
Hac v. Univ. of Hawai'i, 102 Haw. 92, 106-107 (Haw. 2003).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Extreme and Outrageous Conduct)

The term "outrageous" has been construed to mean "without just cause or excuse and beyond all bounds of decency."

SOURCE:

Enoka v. AIG Hawai'i Ins. Co., 109 Haw. 537, 559 (Haw. 2006)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____

A Defendant intended to inflict emotional distress if it is established that he/she desired to cause emotional distress or knew that emotional distress was substantially certain to result from his/her conduct.

A defendant's conduct is in reckless disregard of the probability of causing emotional distress if he/she has knowledge of a high degree of probability that emotional distress will result and acts with deliberate disregard of that probability or with a conscious disregard of the probable results.

SOURCE:

BAJI 12.77

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Negligent Inflliction of Emotional Distress)

Plaintiff seeks to recover damages based upon a claim of negligent infliction of emotional distress from Defendants Kurokawa, Magota, Gima, and G.K. Appraisals, Inc.

The elements of this claim are:

1.    the Defendants engaged in negligent conduct;

2.    the Plaintiff suffered serious emotional distress;

3.    such negligent conduct of the defendant was a legal cause of the serious emotional distress.

In considering whether Plaintiff of negligent infliction of emotional distress, you must also make a determination as to whether Plaintiff was physically injured by the negligent conduct of the Defendants.

Recovery for negligent infliction of emotional distress by one not 'recovery for negligent infliction of emotional distress by one not physically injured is generally permitted only when there is 'some physical injury to property or [to] another person' resulting from the defendant's conduct.

SOURCE:

Calleon v. Miyagi, 76 Haw. 310, 320 (Haw. 1994)
Doe Parents No. 1 v. Dep't of Educ., 100 Haw. 34, 69 (Haw. 2002)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____

"Serious mental distress" may be found where a reasonable man, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case.

SOURCE:

Rodrigues v. State, 52 Haw. 156, 173 (Haw. 1970)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____

If you find that Plaintiff is entitled to a verdict against Defendants, you should then award Plaintiff damages in an amount that will reasonably compensate Plaintiff for all loss or harm, provided that you find it was suffered or will be suffered by Plaintiff and caused by Defendants' conduct. The amount of your award should include:

> Reasonable compensation for any fears, anxiety and other emotional distress suffered by the Plaintifff and for similar suffering reasonably certain to be experienced in the future from the same cause. This is non-economic damage.

> No definite standard or method of calculation is prescribed by law by which to fix reasonable compensation for emotional distress. Nor is the opinion of any witness required as to the amount of such reasonable compensation. Furthermore, the argument of counsel as to the amount of damages is not evidence of reasonable compensation. In making an award for emotional distress, you shall exercise your authority with calm and reasonable judgment, and the damages you fix shall be just and reasonable in light of the evidence.

Reasonable compensation for any financial loss suffered by the Plaintiff which was caused by emotional distress. This is economic damage.

BAJI 12.88

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Defamation-Definition – Libel/Slander)

Plaintiff asserts a claim of defamation against Defendants City and County of Honolulu, Kurokawa, Magota, and Gima.

Defamation is an invasion of the interest in the reputation of a person resulting from libel or slander.  In this case, Plaintiff seeks to recover damages from Defendant City and County of Honolulu and Defendants Kurokawa, Magota, and Gima.

Libel is a false and un-privileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or disgrace, or which causes that party to be shunned or avoided, or which has a tendency to injure that party in his or her occupation.

Slander is a false and unprivileged publication made orally either in person or by radio or television by any other means which:

1.    charges any person with crime, or with having been indicted, convicted, or punished for crime, or

2.    imputes to a party the present existence of an infectious, contagious, or loathesome disease, or

3.    tends directly to injure a party in respect to that person's office, profession, trade or business, either by imputing to the party general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to the office, profession, trade, or business that has a natural tendency to lessen its profits, or

4.    imputes to that person impotence or a want of chastity, or

5.    by natural consequence, causes actual damage.

SOURCE:

BAJI 7.00

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Defamation – When Defamation)

A published opinion is not defamatory unless it conveys a provably false assertion of a fact or facts.  You must determine, from all of the circumstances whether that interpretation was in fact conveyed.  If that interpretation was not conveyed, the expression or statement, though published, does not constitute defamation.

SOURCE:

BAJI 7.00.1

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Defamation – Publication)

A publication of defamatory matter is its communication to a person other than the plaintiff, who understands its defamatory meaning and its application to the plaintiff.  To be a publication, the communication also must be made intentionally or negligently.

A publication is intentional if made for the purpose of communicating the defamatory matter to a person other than plaintiff, or with knowledge that the defamatory matter is substantially certain to be so communicated.

A publication is negligent if a reasonable person would recognize that an act creates an unreasonable risk that a defamatory matter will be communicated to a person other than plaintiff.

It is also essential to publication that the recipient of the defamatory communication understood the statement was intended to refer to the plaintiff.  If the defendant intended to refer to the plaintiff, and the recipient so understood the statement, it is immaterial what words the defendant used to identify the plaintiff.  If the recipient mistakenly, but reasonably, believed that the defamatory statement was intended to be referred to the plaintiff, it is immaterial that the defendant did not intend to do so.

SOURCE:

BAJI 7.02

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Defamation – Elements)

The essential elements of a claim for defamation by libel and slander are:

a.    a false and defamatory statement concerning another;

b.    an unprivileged publication to a third party;

c.    fault amounting at least to negligence on the part of the publisher [actual malice where the plaintiff is a public figure]; and

d.    either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

SOURCE:
Gold v. Harrison, 88 Haw. 94, 100, 962 P.2d 353, 359 (1998).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Defamation – General Damages)

If you find that:

1.     Defendants made an unprivileged publication of defamatory matter about Plaintiff; and

2.     Plaintiff suffered special damages as a result, then you may also award Plaintiff presumed general damages, provided that you find by clear and convincing evidence that the Defendants knew the statement was false and defamed Plaintiff.

Presumed damages are those damages that necessarily result from the publication of the defamatory matter and are presumed to exist.  They include, but are not limited to, reasonable compensation for loss of professional reputation, shame, mortification, and hurt feelings.  No definite standard is prescribed by law by which to fix reasonable compensation for presumed damages, and no evidence of actual harm is required.  Nor is the opinion of any witness required as to the amount of such reasonable compensation. In making an award for presumed damages you shall exercise your authority with clam and reasonable judgment and the damages you fix shall be just and reasonable.

You may in the exercise of your discretion award nominal damages only, namely an insignificant sum as one dollar.

SOURCE:

BAJI 7.10.1.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Libel/Slander – Special Damages)

If you conclude that Plaintiff is entitled to recover special damages from Defendants, you may award to compensate for losses, if any, suffered to date and which Plaintiff is reasonably certain to suffer in the future in respect to property, business, trade, profession, or occupation, including the amount of money which Plaintiff has expended as a result of the alleged libel and including the amount of actual damage which is a natural consequence of the publication of the slander which were caused by the libel and slander which was published by Defendants.

SOURCE:

BAJI 7.11

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Libel/Slander – Punitive Damages)

If you find that Plaintiff is entitled to recover compensatory damages against Defendants as a result of the publication or broadcase of defamatory matter, and you further find by clear and convincing evidence that the Defendants made the publication or broadcast with actual malice, you may, in your discretion, award Plaintiff punitive damages for the sake of example and by way of punishment.

Actual malice is that state of mind which arises from hatred or ill will toward the plaintiff; provied however, that such a state of mind occasioned by a good faith belief on the part of the Defendants in the truth of the libelous publication or broadcast at the time it is published or broadcasated shall not constitute actual malice.

The law provides no fixed standards as to the amount of such punitive damages, but leaves the amount to the jury's sound discretion, exercised without passion or prejudice.

In arriving at any award of punitive damages, you are to consider the following:

1.    The reprehensibility of the conduct of the Defendants.
2.    The amount of punitive damages which will have a deterrent effect on the Defendants in light of the Defendants' financial condition.
3.    That the punitive damages must bear a reasonable relation to the amount of compensatory damages.

If you find that Plaintiff is entitled to an award of punitive damages against Defendants, you shall state the amount of punitive damages in your verdict.

You may not award punitive damages due to the conduct of the Defendant City and County of Honolulu.

SOURCE:

BAJI 7.12
(Modified using Lauer v. Young Men's Christian Association of Honolulu, 57 Haw. 390, 402, 557 P.2d 1334, 1342 (1976) for portion relating to punitive damages against municipality.)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Tortious Interference with Contractual Relations)

Plaintiff also seeks to recover damages based upon a claim that Defendants Kurokawa, Magota, Gima, and G.K. Appraisals, Inc., interfered with Plaintiff's contractual relations with a third party, the Defendant City and County of Honolulu.

The essential elements of this claim are:

1.    There exists a valid contract between Plaintiff and the Defendant City and County of Honolulu;

2.    The Defendants knew of the existence of the contract;

3.    The Defendants intentionally engaged in acts or conduct to intentionally induce the Defendant City and County of Honolulu to breach the contract;

4.    There was an absence of justification on the Defendants' part; and

5.    Plaintiff suffered damages as a result.

SOURCE:

Burgess v. Arita, 5 Haw. 581, 594, 704 P.2d 930, 939 (1985).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Tortious Interference with Prospective Business Advantage)

[Hawaii law appears to recognize tortious interefence with prospective business advantage]

The Plaintiff also seesk to recover damages based upon a claim of intentional interference with prospective business advantage against Defendant G.K. Appraisals, Inc.

The elements of this claim are as follows:

1.  the existence of a valid business relationship or a prospective advantage or expectancy sufficiently definitie, specific, and capable of acceptance in the sense that there is a reasonable probability of it maturing into a future economic benefit to the Plaintiff;

    (There must be a colorable economic relationship between the Plaintiff and a third party with the potential to develop into a full contractual relationship. The prospective economic relationship need not take the form of an offer but there must be specific facts proving the possibility of a future association.)

2.  knowledge of the relationship, advantage, or expectancy by the Defendant;

3.  a purposeful intent to interfere with the relationship, advantage, or expectancy;

4.  legal causation between the act of interference and the impairment of the relationship, advantage, or expectancy; and

5.  actual damages suffered by Plaintiff.

SOURCE:

Robert's Hawaii School Bus, Inc. v. Student Transporation, Inc., 91 Haw. 224, 258, 982 P.2d 853, 887 (1999).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Inference of Intent)

If you find that the Defendants knew of the existence of Plaintiff's contract with the City and County of Honolulu and Plaintiff's business relationship conferring prospective economic advantage and intentionally engaged in acts or conduct which were substantially certain to induce a breach of contract and/or to interfere with Plaintiff's prospective economic advantage, you may, but are not required to, infer that such Defendants intended to induce a breach of contract and/or to interfere with Plaintiff's prospective economic advantage.

SOURCE:

BAJI 7.83

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____

If you find that Plaintiff is entitled to a verdict against Defendants based upon the claim of interference with contractual relations and/or interference with prospective economic advantage, you should then award Plaintiff damages in an amount that will reasonably compensate Plaintiff for all loss or harm, providing that you find it was or will be suffered by Plaintiff and caused by the Defendants' conduct. The amount of your award should include:

1.    The financial loss of the benefits of the contract and/or prospective economic advantage;

2.    Consequential losses caused by the interference.

SOURCE:

BAJI 7.89

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. ____

Nominal damages may be awarded for tortious interference with prospective business advantage when the fact of damage is established but the extent of damage is not proven.

Punitive damages (for tortious interference with prospective business advantage) may be awarded where actual damage is established and actual malice – that is, ill-will, hatred or spite- is shown or where other outrageous or oppressive conduct by the wrongdoer is demonstrated.   Such award is appropriate only so long as the punitive damages award relates to the wrongdoing within the court's jurisdiction, and the defendant receives fair notice of the severity of the penalty.

SOURCE:

Robert's Hawaii School Bus, Inc. v. Student Transporation, Inc., 91 Haw. 224, 259, 982 P.2d 853, 888 (1999)

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Corporations)

A corporation can only act through its officers and employees.  Any act or omission of an officer or employee within the scope of authority or employment is in law the act or omission of such corporation.

SOURCE:

BAJI  13.30

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. _____
(Damages – Aggravation of Preexisting Condition)

When a Defendant's wrongful act causes injury, he is fully liable for the resulting damage even though the injured Plaintiff had a preexisting condition that made the consequences of the wrongful act more severe than they would have been for a normal victim. The Defendant takes the Plaintiff as he finds him.

SOURCE:

Jordan v. Atchison, T. & S. F. R. Co., 934 F.2d 225, 229 (9th Cir. 1991)