IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT STATE OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, | ) CIVIL NO. CV04-00108 KSC |
| Plaintiff, | ) **MEMORANDUM IN SUPPORT OF MOTION** |
| vs. | ) |
| CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION

**I.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

On September 13, 2005, and September 14, 2005, CITY Defendants filed motions for partial dismissal, or in the alternative for partial summary judgment.

By order dated December 15, 2005, this Court ruled on the motions, granting judgment on the pleadings to Defendant CITY on Counts I, II, III, V, VII, and XII of the Complaint; granting judgment on the pleadings to Defendants GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA on Counts II, III, and VII (to the extent the NIED claim is asserted against individual Defendants for actions taken in their capacities as employees of Defendant CITY); and granted summary judgment to Defendant GK Appraisals,

Inc. on Counts I, II, III, IV, V, and VIII.  Plaintiffs withdrew
Count XI as to all defendants.  Id.

The December 15, 2005 Order permitted Plaintiff to file
an amended complaint in order to reallege his § 1983 claim, which
he did on January 12, 2006.  In his First Amended Complaint,
Plaintiff alleged for the first time that:

- Defendant City has a longstanding pervasive history,
custom, practice, and pattern of retaliating against
whistleblowers and employees who have engaged in
protected speech as evidenced by the multiple
whistleblower cases filed against it (see ¶ 94A of the
First Amended Complaint);

## II.  DISCUSSION

The foregoing Motion in Limine pertains to Howard Tom
Sun and Susan Siu as they were the witnesses identified by
Plaintiff who would testify as to their own experiences as a
whistleblower.  However, should Plaintiff at a later date
identify any other alleged whistleblower as a trial witness, CITY
Defendants submits that the foregoing motion and analysis would
also apply to those witnesses to preclude their testimony at
trial.

### A.  Howard Tom Sun and Susan Siu's Testimony About Their Experience as Whistleblowers Cannot, as a Matter of Law, Establish that there was a Citywide Policy, Custom, or Practice of Retaliating Against Whistleblowers

Rule 402, Federal Rules of Evidence, provides that only
relevant evidence is admissible:

All relevant evidence is admissible, except as
otherwise provided by the Constitution of the United
States, by Act of Congress, by these rules, or by other
rules prescribed by the Supreme Court pursuant to
statutory authority.  <u>Evidence which is not relevant is
not admissible</u>.

[Emphasis added.]

"Relevant Evidence" is defined in Rule 401, <u>Federal</u>

<u>Rules of Evidence,</u> as "evidence having any tendency to make the

existence of <u>any fact that is of consequence to the determination</u>

<u>of the action</u> more probable or less probable than it would be

without the evidence." [Emphasis added.]

Rule 403, <u>Federal Rules of Evidence</u>, provides that

relevant evidence should be excluded if its probative value is

outweighed on the grounds of prejudice, confusion, or waste of

time:

Although relevant, <u>evidence may be excluded if its
probative value is substantially outweighed by the
danger of unfair prejudice</u>, confusion of the issues, or
misleading the jury, or by considerations of undue
delay, waste of time, or needless presentation of
cumulative evidence.

[Emphasis added.]

Whatever testimony or evidence Howard Tom Sun may

present at trial is irrelevant and cannot, as a matter of law,

establish a custom or policy of retaliation against

whistleblowers.  As noted in CITY Defendant's Motion for Partial

Summary Judgment filed on September 12, 2006 (which CITY

Defendants incorporate by reference herein), absent an official

- 3 -

City policy, a plaintiff can establish a practice or custom by showing:

> a longstanding practice or custom which constitutes the standard operating procedure of the local government entity. <u>The custom must be so persistent and widespread that it constitutes a permanent and well settled city policy. Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.</u>
>
> <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996)(emphasis added).

Howard Tom Sun's expected testimony that he prevailed on a whistleblowers' lawsuit and Susan Siu's expected testimony that she was retaliated against are merely sporadic incidents and does not, as a matter of law, evidence a long standing and pervasive history of retaliating against whistleblowers, either at a Citywide level, or within the Real Property Assessment Division.[1] <u>See</u> <u>Trevino</u>, <u>supra</u>. Therefore, their testimony is irrelevant given the clear holding of <u>Trevino</u>.

Admission of his testimony, in light of the holding of <u>Trevino</u>, would be prejudicial as the jury would be misled into believing that one "proven" instance of retaliation (Mr. Tom Sun's lawsuit) and one alleged and unproven instance (Ms. Siu) of

---

[1] Plaintiff identified Susan Siu as his only other witness who allegedly was subjected to retaliation by the City in the Medical Examiner's office. In order to ascertain whether her allegations are admissible, the parties would be required to engage in a mini-trial and call numerous witnesses.

- 4 -

retaliation against a whistleblower in another unrelated City
department establishes a policy or custom of retaliation in this
case. That is simply not the law, and their testimony should
therefore be precluded.

> **B.**  **Howard Tom Sun and Susan Siu's Testimony About Their Experience as Whistleblowers are Irrelevant and Inadmissible as Habit Evidence Under Rule 406, Federal Rules of Evidence**

It is believed that Plaintiff intends to use Mr. Tom
Sun's testimony pursuant to Rule 406, Federal Rules of Civil
Procedure. That rule, however, only applies to the relevancy of
the evidence, and not its admissibility:

> Evidence of a the habit or a person or of the routine
> practice of an organization, whether corroborated or
> not and regardless of the presence of eyewitnesses, <u>is
> relevant</u> to prove that the conduct of the person or
> organization on a particular occasion was in conformity
> with the habit or routine practice.

Federal District Courts are leery of allowing this type
of habit evidence because it allows a plaintiff to establish
liability based on what the defendant did in the past. In other
words, the "Rule uses 'habit' evidence to prove what someone
*actually* did." <u>Williams v. Security National Bank of Sioux City</u>,
358 F.Supp.2d 782, 813 (N.D.Iowa 2005). For example, in this
case, Rule 406 would presumably allow Plaintiff to infer that he
was retaliated against because Mr. Tom Sun was also retaliated
against; worse, they could infer liability based on Ms. Siu's
unsubstantiated allegations of retaliation.

Courts, however, are unison in their belief that such habit evidence should only be allowed if the offering party establishes that the alleged conduct is "semi-automatic in nature" :

> We are cautious in permitting the admission of habit or pattern-of-conduct evidence under Rule 406 because it necessarily engenders the very real possibility that such evidence will be used to establish a party's propensity to act in conformity with its general character, thereby thwarting Rule 404's prohibition against the use of character evidence except in narrowly prescribed purposes. Moreover, such collateral inquiries threaten the orderly conduct of trial while potentially coloring the central inquiry and unfairly prejudicing the party against whom they are directed. <u>Thus, before a court may admit evidence of habit, the offering party must establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature</u>.

<u>Simplex, Inc. v. Diversified Energy Systems, Inc.</u>, 847 F.2d 1290, 1293 (7th Cir. 1988)(emphasis added). <u>See</u> <u>Mathes v. The Clipper Fleet</u>, 774 F.2d 980, 984 (9th Cir. 1985).[2]

In delineating what conduct constitutes "habit" and/or "semi-automatic" conduct, the Court in <u>Weil v. Seltzer</u>, 873 F.2d 1453 (U.S.App.D.C. 1989) explained:

---

[2]    "Habit or pattern of conduct is never to be lightly established, and evidence of examples, for purpose of establishing such habit, is to be carefully scrutinized before admission...it is only when the examples offered to establish such pattern of conduct or habit are 'numerous enough to base an inference of systematic conduct' that they are admissible to establish pattern or habit."

> Rule 406 allows certain evidence which would otherwise
> be inadmissible if it rises to the level of habit.  In
> <u>this context, habit refers to the type of nonvolitional
> activity that occurs with invariable regularity</u>.  It is
> the nonvolitional character of habit evidence that
> makes it probative.  Thus, habit is a *consistent* method
> or manner of responding to a particular stimulus.
> Habits have a reflexive, almost instinctive quality.
>
> &ast;          &ast;          &ast;          &ast;
>
> In deciding whether conduct amounts to 'habit'
> significant factors include the 'adequacy of sampling
> and uniformity of responses.'  Thus, one of the
> concerns over the reliability of habit testimony is
> that the conduct at issue may not have occurred with
> significant regularity making it more probable than not
> that it would be carried out in every instance or in
> most instances.

<u>Id.</u>, 873 F.2d at 1460-1461 (italics in original)(underlined

emphasis added).  <u>See U.S. v. Angwin</u>, 271 F.3d 786, 799 (9th Cir.

2001).[3]

  Although there is no bright-line rule to determine

whether conduct has occurred with "significant regularity,"

"[e]vidence of the defendant's actions on only a few occasions or

only in relation to the plaintiff are not enough." <u>Mobil

Exploration and Producing U.S., Inc. v. Cajun Construction

Services, Inc.</u>, 45 F.3d 96, 100 (5th Cir. 1995); <u>see also Wanke

v. Lynn's Transportation Comp.</u>, 836 F.Supp. 587 (N.D.Ind.

1993)("One instance simply is too few"); <u>Camfield v. City of</u>

---

  [3] "In deciding whether certain conduct constitutes habit,
courts consider three factors: (1) the degree to which the
conduct is reflexive or semi-automatic as opposed to volitional;
(2) the specificity or particularity of the conduct; and (3) the
regularity or numerosity of the examples of conduct."

Oklahoma, 248 F.3d 1214 (10th Cir. 2001)(Five incidents too few);

Reyes v. Missouri Pacific Railroad Comp., 589 F.2d 791, 795 (5th

Cir. 1979)(Four prior convictions for public intoxication over 3

½ year time period insufficient to establish habit).  Instead, a

"plaintiff must show regularity over substantially all occasions

with substantially all other parties with whom the defendant has

had similar business transactions." Mobil Exploration, 45 F.3d at

100; Wilson v. Volkswagen of American, Inc., 561 F.2d 494, 512

(5th Cir. 1977)("Regularity of conduct . . . requires some

comparison of the number of instances in which an such conduct

occurs with the number in which no such conduct took place").

        Evidence of a habit or routine can be made by lay

witnesses pursuant to Rule 701, Federal Rules of Evidence, but

must be based on first hand knowledge or observation.  See Rule

701, Federal Rules of Civil Procedure, Advisory Committee Notes.;

see also Weil, 873 F.2d at 1460-1461 ("Before...witness evidence

could be properly admitted as habit evidence the witnesses 'must

have some knowledge of the practice and must demonstrate such

knowledge prior to giving testimony concerning the routine

practice").

        CITY Defendants believe that neither Mr. Tom Sun nor

Ms. Siu have personal and first-hand knowledge of whether, as a

"habit," the City retaliates against whistleblowers.  Mr. Tom

Sun's personal knowledge would be confined solely to his lawsuit

and Ms. Siu's testimony would be only with regard to her pending claim; any testimony that they would have about other whistleblower claims/lawsuits would be based on speculation and/or inadmissible hearsay. Simply put, their testimony cannot establish that there was a "semi-automatic" response within the City to retaliate against a whistleblower.

Based on the legal authorities cited above, testimony of two (2) instances of whistleblowing does not amount to habit evidence. Therefore, Mr. Tom Sun and Ms. Siu's testimony are irrelevant under a Rule 406 analysis.

Assuming, *arguendo*, that the evidence is relevant under Rule 406, it is nonetheless inadmissible as its probative value is far outweighed by its prejudicial effect. Admission of such evidence pursuant to Rule 406 would taint the jury into believing that one case of "proven" retaliation against a whistleblower and one "unproven" case of retaliation against an alleged whistleblower equates to a "habit" of the City and that the City must have retaliated against Plaintiff in this case. That result would subserve the purpose of the Rule 406 as the testimony is clearly irrelevant and inadmissible.

It is expected that Plaintiff will argue that designated City employees on this issue, however, the depositions were taken on September 20, 2006, and there was no testimony of a "habit" or custom of retaliation against whistleblowers.

- 9 -

Based on the foregoing, Mr. Tom Sun and Ms. Siu's testimony are irrelevant and inadmissible as evidence of habit, and they should therefore be precluded from testifying in this case.

## III. CONCLUSION

Based on the foregoing, CITY Defendants request that this Court grant the foregoing Motion in Limine to preclude Plaintiff PHILIP E. ENGLISH from calling HOWARD TOM SUN and SUSAN SIU as witnesses in this case to testify about a Citywide policy and custom of retaliation against whistleblowers.

DATED:  Honolulu, Hawaii, September 21, 2006.

JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA

- 10 -