| STATE OF HAWAI'I<br>FAMILY COURT<br>FIRST CIRCUIT | MATRIMONIAL ACTION<br>INFORMATION | CASE NUMBER<br>FC-D NO. **99-0680** |
|---|---|---|

| PLAINTIFF<br>CORLIS JEAN CHANG | PREPARED:<br>XX PLAINTIFF<br>☐ DEFENDANT<br>☐ ATTORNEY FOR PLAINTIFF<br>☐ ATTORNEY FOR DEFENDANT | DATE FILED<br>MAR - 5 1999 |
|---|---|---|
| DEFENDANT<br>PHILIP EUGENE ENGLISH | | |

NATURE OF CASE
☒ DIVORCE ☐ SEPARATION ☐ ANNULMENT ☐ OTHER

| ITEM | WIFE | | HUSBAND | |
|---|---|---|---|---|
| FULL NAME | CORLIS JEAN CHANG | | PHILIP EUGENE ENGLISH | |
| BIRTH OR MAIDEN NAME | Chang | | N/A | |
| ADDRESS STREET, APT. NO. | 4369 Aukai Avenue | | 4369 Aukai Avenue | |
| TOWN, STATE, ZIP COUNTY | Honolulu, HI 96816 | | Honolulu, HI 96816 | |
| PHONE | HOME (808) 732-1593 | WORK (808) 547-5677 | HOME (808) 732-1593 | WORK (808) 732-1593 |
| SOCIAL SECURITY NUMBER | 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 | | 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 | |
| DATE OF BIRTH | March 2, 1957 | | October 26, 1954 | |
| PLACE OF BIRTH (State or Country) | Honolulu, HI | | Long Beach, CA | |
| RACE | Chinese | | Caucasian | |
| HIGHEST GRADE COMPLETED | 19 years (J.D.) | | 15 years | |
| HAWAII RESIDENT SINCE | 1957 | | 1987 | |
| CIRCUIT RESIDENT SINCE | 1957 | | 1987 | |
| PRIMARY EMPLOYER (Name and A...) | Goodsill Anderson Quinn & Stifel<br>1800 Alii Place<br>1099 Alakea St.<br>Honolulu, HI 96813 | | Self | |
| JOB TITLE | Partner | | Self | |
| WORK SCHEDULE | 8:00 - 5:00 | | Flexible | |
| LENGTH OF SERVICE | 12 years | | 7 years | |

| GROSS MONTHLY INCOME (All Sources) | Primary | Secondary | Welfare | Primary | Secondary | Welfare |
|---|---|---|---|---|---|---|
| | 11,230 | 575 | N/A | 3,333 | N/A | N/A |

| DATE OF THIS MARRIAGE | DATE September 1, 1984 | COUNTY / STATE Honolulu, HI |
|---|---|---|
| DATE OF SEPARATION ☒ NOT SEPARATED | DATE | COUNTY / STATE |

Form No. 073105   R12/97

(Continue on back page)

MATRIMONIAL ACTION INFORMATION   1F-P-082

Case No. 04-00108 SOM/KSC
Defs' Exhibit No. 2033

CC-005059

# MATRIMONIAL ACTION INFORMATION (Continued)

| | | | | | | CASE NUMBER |
|---|---|---|---|---|---|---|
| | | | | | | FC-D  NO. |

| | FROM MONTH/YEAR | TO MONTH/YEAR | TERMINATED BY | | | STATE |
|---|---|---|---|---|---|---|
| | | | DIVORCE | ANNULMENT | DEATH | |
| WIFE'S PRIOR MARRIAGES | N/A | | | | | |
| | | | | | | |
| | | | | | | |
| HUSBAND'S PRIOR MARRIAGES | unknown | unknown | x | | | CALIFORNIA |
| | | | | | | |
| | | | | | | |

## CHILDREN: ALL CHILDREN OF EITHER PARTY FROM YOUNGEST TO OLDEST

| CHILD'S FULL NAME | M/F | BIRTHDATE | LEGAL PARENT (HUSBAND, WIFE OR OTHER) | PRESENT CUSTODY (HUSBAND, WIFE OR OTHER) | SCHOOL AND GRADE |
|---|---|---|---|---|---|
| Sean Michael Chang English | M | 11/30/89 | Husband & Wife | Husband & Wife | Kahala Elementary Grade 4 |

## INFORMATION REQUIRED FOR CUSTODY

CHILDREN'S PRESENT ADDRESS:
4369 Aukai Avenue, Honolulu, HI  96816

### PLACES WHERE AND PERSONS WITH WHOM THE CHILDREN HAVE LIVED WITHIN THE LAST FIVE YEARS AND DATES

| ADDRESS | CARETAKERS | FROM MONTH/YEAR | TO MONTH/YEAR |
|---|---|---|---|
| 4369 Aukai Avenue Honolulu, HI  96816 | Parents | 10/92 | Present |
| 2177 Aha Niu Place Honolulu, HI  96816 | Parents | 11/89 | 10/92 |
| | | | |

WIFE ☐ IS ☒ IS NOT PREGNANT.  EXPECTED DELIVERY DATE:

THE UNDERSIGNED SOLEMNLY AND SINCERELY DECLARES, UNDER PENALTY OF PERJURY, THAT THE STATEMENTS MADE HEREIN ARE TRUE AND CORRECT TO THE BEST OF HIS/HER KNOWLEDGE, INFORMATION AND BELIEF.

| DATE | SIGNATURE |
|---|---|
| March 5, 1999 | Delis J. Chang |

| STATE OF HAWAI'I<br>FAMILY COURT<br>FIRST CIRCUIT | COMPLAINT FOR DIVORCE | CASE NUMBER<br>FC-D NO. **99-0680** |
|---|---|---|

CORLIS JEAN CHANG,

**PLAINTIFF**
(Your Full Name)

VS.

PHILIP EUGENE ENGLISH,

**DEFENDANT**
(Your Spouse's Full Name)

This document is prepared by
☒ Plaintiff  ☐ Attorney for Plaintiff

Corlis J. Chang                    Pro Se

Name
1800 Alii Place
1099 Alakea Street
Address
Honolulu, HI  96813
City, State, Zip
547-5600
Phone

**I, the Plaintiff, in support of this Complaint for Divorce, allege:**

**1. Jurisdiction:**
I and/or my spouse, the Defendant, have lived or have been physically present in the State of Hawai'i for a continuous period of at least six (6) months and I have lived and/or been physically present on the Island of O'ahu for a continuous period of at least three (3) months immediately preceding this application.

**2. Marriage:**
The parties (plaintiff and spouse) are lawfully married to each other.

**3. Children:**
a. ☐ The parties have no children together.
b. ☒ The parties have __1__ (enter number) child(ren) under 18 together.
c. ☐ The parties have_____ (enter number) child(ren) 18 or older together, who are dependent on them for support.
d. ☐ The parties have_____ (enter number) child(ren) 18 or older together, who are not dependent on them for support.
e. ☐ Wife has _____ (enter number) child(ren) born during the marriage, not fathered by Husband.
f. ☐ Wife is pregnant.

**4. Custody and Visitation:**
a. Legal custody of the minor child(ren) should be awarded to:
☐ Me, Plaintiff     ☐ My spouse, Defendant     ☒ Both parties jointly
b. Physical custody of the minor child(ren) should be awarded to:
☒ Me, Plaintiff     ☐ My spouse, Defendant     ☐ Both parties jointly
c. The parent not awarded physical custody should have:
☒ Reasonable visitation     ☐ Supervised visitation     ☐
d. Child support should be awarded in accordance with the child support guidelines.

**5. Division of Assets:**
All assets my spouse and I own should be divided in a just and equitable way.

**6. Division of Debts:**
All debts my spouse and I owe should be divided in a just and equitable way.

**7. Spousal Support (Alimony):**
a. ☐ I am entitled to an order that my spouse pay spousal support (alimony) to me.
b. ☐ My spouse ☐ is ☒ is not entitled to an order that I pay spousal support (alimony) to him/her.

**8. Grounds:**
Pursuant to HRS Section 580-41, I allege that the grounds for divorce are as follows (check one only):
a. ☒ The marriage is irretrievably broken.
b. ☐ The parties have lived separate and apart for a period of two (2) or more years under a decree of separation from bed and board or under a decree of separate maintenance.
c. ☐ The parties have lived separate and apart for a continuous period of two (2) or more years immediately preceding the application, there is no reasonable likelihood that cohabitation will be resumed, and it would not be harsh and oppressive to Defendant, or contrary to the public interest, to grant a divorce on this ground on the complaint of Plaintiff.

**It is requested of the Court:**
That a decree be entered granting a divorce from the bonds of matrimony and granting the relief requested above, all as alleged and as may be appropriate and in accordance with the evidence and the law, and other relief as the Court deems proper in this case.

**I declare, under penalty of perjury, that the statements made herein are true and correct to the best of my knowledge, information and belief.**

| DATE | PLAINTIFF'S SIGNATURE |
|---|---|
| March 5, 1999 | Corlis J. Chang |

12/97

1ST CIRCUIT COURT
STATE OF HAWAII
FILED
1999 MAR -5 PM 1:51
B. IKUKA

CC-005061

| **STATE OF HAWAI'I**<br>FAMILY COURT<br>FIRST CIRCUIT | **SUMMONS**<br>**TO ANSWER COMPLAINT** | CASE NUMBER<br><br>FC-D  NO. |
|---|---|---|

| | | This document is prepared by |
|---|---|---|
| CORLIS JEAN CHANG, | | ☒ Plaintiff ☐ Atty. for Plaintiff |
| | **PLAINTIFF**<br>(Full Name) | Corlis J. Chang        Pro Se |
| | | Name<br>1800 Alii Place |
| VS. | | 1099 Alakea Street |
| PHILIP EUGENE ENGLISH, | | Address<br>Honolulu, HI  96813 |
| | **DEFENDANT**<br>(Spouse's Full Name) | City, State, Zip.<br>547-5600 |
| | | Phone |

**TO THE DEFENDANT**

You are hereby summoned and required to serve a written answer to the attached Complaint within 20 days after service of this Summons upon you, exclusive of the date of service.

Your written answer must be filed with the Chief Clerk of this Circuit at the following location or address.

> Ka'ahumanu Hale
> 777 Punchbowl Street
> Honolulu, Hawai'i 96813

A copy of your answer should also be served upon the Plaintiff's attorney, or in the event Plaintiff is not represented by an attorney, upon the Plaintiff at the address shown on the Complaint.

If you fail to file your written answer within the 20-day time limit, further action may be taken in this case, including judgment for the relief demanded in the Complaint, without further notice to you.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE PUBLIC, UNLESS A JUDGE OF THE DISTRICT OR CIRCUIT COURTS PERMITS, IN WRITING ON THE SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**FAILURE TO OBEY THE SUMMONS MAY RESULT IN AN ENTRY OF A DEFAULT AND DEFAULT JUDGMENT AGAINST THE PERSON SUMMONED.**

| DATE<br>MAR - 5 1999 | CLERK OF COURT |
|---|---|

FORM NO. 073921  12/97

SUMMONS TO ANSWER COMPLAINT 1F-P-064

| **STATE OF HAWAI'I**<br>**FAMILY COURT**<br>**FIRST CIRCUIT** | **INCOME AND EXPENSE STATEMENT**<br>✓ Plaintiff   ☐ Defendant | **CASE NUMBER**<br>FC-D No **99-0680** |

This document is prepared by
✓ Plaintiff   ☐ Defendant   ☐ Atty. For Plaintiff   ☐ Atty. for Defendant

 CORLIS JEAN CHANG
                                                          **PLAINTIFF**
                                                          (Full Name)

 CORLIS J. CHANG
Name
 Alii Place, Suite 1800

                    VS.

Address
 1099 Alakea Street

 PHILIP EUGENE ENGLISH,
                                                          **DEFENDANT**
                                                          (Full Name)

 Honolulu, HI  96813
City, State, Zip
 547-5600
Phone

---

Occupation:  _Attorney_

                                                  *Job title*

Employer:  _Goodsill Anderson Quinn & Stifel_

Address:  _1800 Alii Place, 1099 Alakea Street, Honolulu, Hawaii  96813_

Length of service:  _____11_____ years.

Income Tax Withholding based on:  _____1_____ dependents.

<u>INCOME</u>

Gross income. Paid: ✓ monthly,   ☐ 2 times per month,   ☐ every 2 weeks,   ☐ weekly   ☐ or other _____

Gross per pay period: .......................................... $ _11,230_    Per month ..................................... $ _11,230_

Payroll deductions per pay period:

| | | |
|---|---|---|
| Fed. income tax ........................................... | $ | 1,000 |
| State income tax........................................... | $ | 208 |
| FICA (Social Security) ............................. | $ | see above |
| Union dues ................................................. | $ | -0- |
| a) Net per pay period ................ $ _____ | Per month ............. | $ 10,022 |

Other:

| | | |
|---|---|---|
| HR-10 Loan .................................................. | $ | 1,071 |
| HR-10 Contribution..................................... | $ | 1,043 |
| Direct Deposit ............................................. | $ | -0- |
| Income Assignments..................................... | $ | -0- |
| Support Payments ........................................ | $ | -0- |
| Medical Insurance........................................ | $ | 641 |
| b) Take home per pay period.......... $ _____ | Per month ............. | $ 7,267 |

Other regular monthly income, (rental income, 2nd job, interest, child support, welfare, food
stamps, and any other source.)

| | | |
|---|---|---|
| Gross monthly receipt .................................. | $ | 600 |
| Taxes paid IRS and State on above............. | $ | 24 |
| c) Total other income net.............................. | $ | 576 |

Total Monthly Income (Add per month income from lines *a* and *c* above) $ _7,843_

1999 MAR -5  PM 1: 52
B. TERAOKA
CLERK
1st CIRCUIT COURT
STATE OF HAWAII
FILED

FORM NO. 073917 R 12/97
General:219998.1
03/5/99 11:26 AM

INCOME & EXPENSE STATEMENT 1F-P-081

## EXPENSES

Do not list expenses which are paid by payroll deduction.

Housing, expenses per month:
| | | |
|---|---|---|
| Rent, Mortgage, Agreement of Sale | ............................ | $ 4,657 |
| Insurance if not included above | ............................................ | $ 53 |
| Real Property taxes (if paid separately) | ............................ | $ 178 |
| Utilities, gas, water, elec., telephone etc. | ............................ | $ 543 |
| Maintenance (repairs) | ............................................ | $ 100 |

Transportation, expenses per month:
| | | |
|---|---|---|
| Car payment, lease, rental | ............................ | $ N/A |
| Insurance on vehicle | ............................................ | $ 73 |
| Maintenance (repairs) | ............................................ | $ 167 |
| Operating (gas, oil & tires) | ............................ | $ 77 |

Total Housing and Transportation expenses .................................................................. $ 5,848

Debt service (all monthly payments, eg. credit cards, charges, finance company, personal loans) ........ $ 2,125

Personal Expenses per month:

| | Self & Child | Children No.( 1 ) |
|---|---|---|
| Food | $ 256 | $ |
| Clothing | $ 54 | $ |
| Medical and Dental | $ 25 | $ |
| Laundry & Cleaning | $ | $ |
| Personal articles | $ 15 | $ |
| Recreation (movies etc) | $ 112 | $ |
| School (include food) | $ | $ 12 |
| Household | $ 100 | $ |
| Bus (on monthly basis) | $ | $ |
| Other (Charity) | $ 110 | $ |
| Life Insurance | $ 615 | $ |
| Payment to others for dependent care | $ | $ 101 |
| Sub Totals | $ 1,287 | $ 113 |

Total Personal expenses ........................................................................... $ 1,400

Grand Total expenses: Housing, Trans., Debt & personal ............................................. $9,373

Savings, <Deficiency>: Income minus Expenses ..................................................... $<1,530>

Explain in detail where savings are invested, or if there is a <deficiency>, who provides the funds to maintain the level of spending indicated in this income and expense statement. (Use separate sheet if more space is needed.)

In order to make ends meet, I have cashed my IRA account, have paid bills on credit card accounts, and have borrowed funds from

my mother (Irma K. Chang), from my flex line account, my HR-10 Plan and my insurance policy.

## CERTIFICATION

I hereby declare under the penalty of perjury that I have supplied the information used in this Income and Expense Statement and have reviewed this statement and I certify that the information is accurate, complete and correct.

| DATE<br>March 5, 1999 | ✓ PLAINTIFF'S   ☐ DEFENDANT'S SIGNATURE<br><br>*[signature]* |
|---|---|

FORM NO. 073917 R 12/97

INCOME & EXPENSE STATEMENT 1F-P-081

CC-005064

| STATE OF HAWAI'I<br>FAMILY COURT<br>FIRST CIRCUIT | **ASSET AND DEBT STATEMENT**<br>✓ Plaintiff   ☐ Defendant   ☐ Both Parties | CASE NUMBER<br><br>FC-D NO. **99-0680** |

CORLIS JEAN CHANG,
_____
PLAINTIFF
(Full Name)

VS.

PHILIP EUGENE ENGLISH,
_____
DEFENDANT
(Full Name)

This document is prepared by
✓ Plaintiff  ☐ Defendant  ☐ Atty. For Plaintiff  ☐ Atty. for Defendant

CORLIS J. CHANG
Name
Alii Place, Suite 1800
1099 Alakea Street
Address
Honolulu, HI  96813
City, State, Zip
547-5600
Phone

1. **Cash** (on hand or held by others for me)          $ 500

2. **CREDIT UNION ACCOUNTS:**

| Name | Title (H, W, J) | Credit Balance | Debt Balance |
|------|-----------------|----------------|--------------|
| Hawaii State FCU | W & Son | $734 | -0- |

3. **BANK AND SAVINGS ACCOUNTS:** (Include Trustee Accounts)

| Company & Branch | Type of Account | Title (H, W, J) | Current Balance |
|------------------|-----------------|-----------------|-----------------|
| Bank of Hawaii | Savings | W | $101 |
| Bank of Hawaii | Checking | W | $500 (after Jan. Bills) |
| Central Pacific Bank | Savings | W as Trustee for Sean English | $777 |

4. **SECURITIES:** (Stocks, Bonds, Mutual Funds, Certificates of Deposit, etc.)

| Company | Title (H, W, J) | Date of Acquisition | Cost | Market Value | Debt Owed Against |
|---------|-----------------|---------------------|------|--------------|-------------------|
| HEI | Son, wife Trustee | 11/90 | Gift | $1,105 | -0- |
| Pacific Century Investment | Son, wife Trustee | 1/96 | ? | $9,494 | -0- |

B. TERAOKA
CLERK

1999 MAR -5  PM 1:53

1st CIRCUIT COURT
STATE OF HAWAII
FILED

Form No. 073925 R12/97
General:220047.1
03/5/99 11:16 AM

ASSET AND DEBT STATEMENT 1F-P-063

CC-005065

Page 2

5. **VEHICLES:** (Autos, Trucks, Motorcycles, Trailers, Campers, Boats, etc.)

| Year | Make | Title (H, W, J) | Current Market Value | Debt Owed Against |
|------|------|-----------------|----------------------|-------------------|
| 1989 | Honda | J | $2,500 | -0- |

6. **REAL PROPERTY:**

| Address | Fee or Lease | Title (H, W, J) | Date of Acquisition | Cost | Current Gross Value | Debt Owed |
|---------|-------------|-----------------|---------------------|------|---------------------|-----------|
| 4369 Aukai Ave. | Fee | J | 10/92 | $890,000 | $730,000 | $619,167 |

7. **LIFE INSURANCE:**

| Company | Person Insured | Face Amount | Beneficiary | Title (H, W, J) | Cash Value | Debt Owed Against |
|---------|---------------|-------------|-------------|-----------------|------------|-------------------|
| NW Mutual | Corlis Chang | $97,460 | Sean English | W | $1,036 | $5,000 |
| NW Mutual | Corlis Chang | $100,000 | Sean English | W | -0- | -0- |

8. **RETIREMENT; PENSION; PROFIT SHARING ACCOUNTS:**

| Employer or Company | Title (H, W, J) | Type of Plan | Years in Plan | Total Value |
|---------------------|-----------------|--------------|---------------|-------------|
| Goodsill Anderson Quinn & Stifel | W | HR-10 | 11 | $157,792 |
| (loan against fund totals $33,000.00) | | | | |

9. **ALL OTHER MAJOR ASSETS:** (Furniture, Household Effects, Art, Stamps, Coins, Tools, Equipment, Jewelry, Accounts Receivable, Investment Assets, Business Assets, Cemetery Plots or Niches, Tax Refunds Due, etc.)

| General Description | Title (H, W, J) | Estimated Gross Value | Debt Owed Against |
|--------------------|-----------------|----------------------|-------------------|
| Furniture, etc. | W | $5,000.00 | -0- |
| Tax Refund | J | $4,914.00 | * |

*Tax refund proceeds were cashed by Husband alone and used for his sole personal benefit.

CC-005066

Page 3

**10. PROPERTY HELD IN TRUST FOR OR BY THIRD PERSON/S:** (Aside from Bank & Savings Accounts Noted in paragraph 3)

| Description | Trustee/s | Beneficiaries | Value | Debt Owed Against |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |
| | | | | |
| | | | | |

**11. ALL OUTSTANDING DEBTS:** (Include those listed parts in 2, 4, 5, 6, 7, 9, and 10 above, in addition to all credit cards, charges, finance companies, and personal loans.)

| Creditor | Debtor (H, W, J or Other) | Security | Mo./Yr. Debt Incurred | Total Balance Owed | Minimum Monthly Payment |
|---|---|---|---|---|---|
| See attached | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Total Debt in Wife's Name Alone: _____ $6,257

Total Debt in Husband's Name Alone: _ $7,987

Total Debt in Joint Names: _____ $771,403

### CERTIFICATION

I hereby declare under the penalty of perjury that I have supplied the information used in this Asset and Debt Statement and have reviewed this statement and I certify that the information is accurate, complete and correct.

| DATE | ✓ PLAINTIFF'S   ☐ DEFENDANT'S SIGNATURE |
|---|---|
| March 5, 1999 | _(signature)_ |
| DATE | ☐ PLAINTIFF'S   ☐ DEFENDANT'S SIGNATURE |
| | |

Form No. 073925 R12/97

ASSET AND DEBT STATEMENT 1F-P-063

CC-005067

**FIRST CIRCUIT COURT**
# NOTICE FOR PAYMENT OF FEES

1st CIRCUIT COURT
STATE OF HAWAII
FILED

1999 MAR -5 PM 1: 57

B. TERAOKA
CLERK

DV No. 99-0680

Party's Last Name: CHANG vs ENGLISH

The document you☒ presented for filing ☐ submitted by mail requires:

    XX  Filing Fee of $ 100.00

    XX  $25.00 Indigent Legal Services Surcharge

    XX  $35.00 Parent Education Surcharge    (Complaint)

The total amount due is $ 160.00 . **Remit your payment to the First Circuit Court Legal Documents Receiving Section** (777 Punchbowl Street, Honolulu HI 96813-4093) **with this notice** by the close of business on _____MARCH 8, 1999_____.

RECEIVED $100.00

RECEIVED $35.00

PAID SURCHARGE $25.00

## CONSEQUENCES OF FAILURE TO PAY

    **If you fail to pay or request a fee waiver, your case may be dismissed or your document stricken.** A petition to proceed *in forma pauperis* or written request for waiver of filing fees (H.R.S. §607-3) should be submitted to the ☐ Civil Administrative Judge ☐ Criminal Administrative Judge or ☐ Senior Family Court Judge. **Provide an advance copy to the First Circuit Court Legal Documents Receiving Section** to inform them of your fee waiver request.

### RECORD THAT THIS NOTICE WAS TRANSMITTED TO YOU

*Sean Pasion*
_____
Name of Person Submitting Document for Filing
  ☐ Counsel for _____
  ☐ Pro Se Party
  ☐ Agent for Counsel or Pro Se Party

_____
Sign Here to Acknowledge Receipt

3/5/99
_____
Date

Certificate of Clerk

    ☐    I certify that the person who submitted this document for filing was given notice but declined to sign the acknowledgment of receipt.

    ☐    I certify that this notice was mailed on _____
                to  _____
                      _____
                      _____

_____
Clerk's Signature

_____
Date

1C-P-347

CC-005068

Of Counsel:
STIRLING & KLEINTOP

CHARLES T. KLEINTOP  1320-0
DYAN M. MEDEIROS  6776-0
20th Floor
1100 Alakea Street
Honolulu, Hawaii  96813
Telephone:  524-5183

Attorneys for Defendant

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

1999 MAR -8 PH 1: 08

N. ANAYA
CLERK

IN THE FAMILY COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| CORLIS JEAN CHANG,<br><br>                    Plaintiff,<br><br>         vs.<br><br>PHILIP EUGENE ENGLISH,<br><br>                    Defendant. | FC-D No.  99-0680<br><br>APPEARANCE AND WAIVER<br>AFTER AGREEMENT |

## APPEARANCE AND WAIVER AFTER AGREEMENT

      I acknowledge receipt of a filed copy of the Complaint for Divorce
and Summons in this action and have agreed with Plaintiff on the matters set
forth in a signed Agreement Incident To Divorce or in a form of Decree which I
have approved by my signature.  I consent to a hearing of the Complaint by a
judge at any time without further notice and without my presence so long as
the Decree issued incorporates the provisions I have approved.  If such Decree
is not entered by the Court, I request a notice of hearing.

      I understand that I am not required to sign this paper and that by
doing so I am permitting the Court without opposition from me to proceed with

CC-005069

the above entitled matter at this time unless there is reason for such judge to desire to alter our agreement.

I am not in the military service of the United States.

DATED: Honolulu, Hawaii, _March 5, 1999_

_Philip Eugene English_
PHILIP EUGENE ENGLISH
Defendant

-2-

CC-005070

Of Counsel:
STIRLING & KLEINTOP

CHARLES T. KLEINTOP  1320-0
DYAN M. MEDEIROS  6776-0
1100 Alakea Street, 20th Floor
Honolulu, Hawaii  96813
Telephone:  524-5183

Attorneys for Defendant

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

1999 MAR -8 PM 1:09

N. ANAYA
CLERK

IN THE FAMILY COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| CORLIS JEAN CHANG, | ) | FC-D No.  99-0680 |
| Plaintiff, | ) | |
| vs. | ) | INCOME AND EXPENSE STATEMENT |
| | ) | OF PHILIP EUGENE ENGLISH |
| PHILIP EUGENE ENGLISH, | ) | |
| Defendant. | ) | |

INCOME AND EXPENSE
STATEMENT OF PHILIP EUGENE ENGLISH

Occupation:  Real Estate Appraiser

Employer:  Self-Employed
                                             Job Title

Address:  4369 Aukai Avenue, Honolulu, HI  96816

Length of service:  Planning to start work in March, 1999

Income Tax Withholding based on:  __1__ dependent.

**INCOME** (anticipated)

Gross income, Paid:    [X] monthly, [_] 2 times per month, [_] every 2 weeks,
        [_] weekly, [_] or other:  Based on an estimated $40,000.00 a year

Gross per pay period ...... $ _____  Per month ........ $ ___3,333.33___

Payroll deductions per pay period:

Taxes & Union dues:
        Federal income tax....................... $ ___500.00___
        State income tax........................... $ ___233.00___
        FICA (Social Security) .................. $ ___200.00___
        Union dues.................................. $ _____

Net per pay period .......... $ _____  Per month......... $ ___2,400.33___

CC-005071

Other:

Credit Union............................ $ _____
Direct deposits........................ $ _____
Income Assignments................... $ _____
Support Payments...................... $ _____
Medical Insurance..................... $ _____

Take home per pay period ..... $ _____    Per month ........ $ _____-0-_____

Other regular monthly income, (rental income, 2nd job, interest, child support, welfare, food stamps, and any other source.)

Gross monthly receipt ................... $ _____
Taxes paid IRS and State on above  $ _____
Total other net income ................. $ _____-0-_____

Total Net Monthly Income (net pay plus other net) ................... $ ___2,400.33___

## EXPENSES (anticipated)
### (Based on H. living on the Mainland)

Housing, expenses per month:
Rent, mortgage, agreement of sale.. $ ___1,200.00___
Insurance if not included above ..... $ ___50.00___
Real property taxes (if paid separately) . $ ___-0-___
Utilities, gas, water, elec. etc ......... $ ___350.00___    (incl. phone and fax)
Transportation, expenses per month:
Car payment, lease, rental............ $ ___400.00___
Insurance on vehicle ................... $ ___200.00___
Maintenance (repairs)................... $ ___50.00___
Operating (gas, oil & tires)............ $ ___300.00___

Total Housing and Transportation Expenses ........................... $ ___2,550.00___

Debt service (all monthly payments, e.g.. credit cards, charges, finance company, personal loans) ................................ $ ___670.00___ (a)

| Personal Expenses Per Month: | Self | | Children No. (1) |
|---|---|---|---|
| Food ............................... $ | 300.00 | $ | 20.00 |
| Clothing.................................. $ | 75.00 | $ | -0- |
| Medical and Dental (incl. premium) $ | 250.00 | $ | -0- |
| Laundry & Cleaning...................... $ | 10.00 | $ | -0- |
| Personal Articles .......................... $ | 25.00 | $ | -0- |
| Recreation (movies, etc.)............... $ | 80.00 | $ | 20.00 |
| School (include food).................... $ | -0- | $ | 15.00 |
| Household................................. $ | 10.00 | $ | -0- |
| Bus (on monthly basis) ................ $ | -0- | $ | -0- |
| Other ( Miscellaneous ) .............. $ | 220.00 (b) | $ | -0- |
| Payment to other for dependent care ............................... | | $ | 370.00 (c) |

CC-005072

(a)     Under H.'s proposed Agreement, he will assume and pay the debts to La Salle Bank, Citibank Visa, Sears, NML Insurance Company, Associates Capitol Bank, and Associates Financial Bank.  This sum is the total of the average monthly payments.

(b)     $ 50.00     Professional subscriptions
    70.00     Professional dues and fees
   100.00     Life insurance
$220.00

(c)     Per Child Support Guidelines based on W.'s income at $11,830.00 and H.'s income at $3,333.33.

-3-

CC-005073

Subtotals: ............................................ $ ____970.00____      $ ____425.00____

Total Personal Expenses....................................... $ ____1,395.00____

Grand Total Expenses:
    Housing, Transportation, Debt & Personal ........................ $ ____4,615.00____

Savings, <Deficiency>: Income minus Expenses ........................ $ ____<2,214.67>____

<u>Explain in detail where savings are invested, or if there is a <deficiency>, who provides the funds to maintain the level of spending indicated in this income and expense statement.</u>  (Use separate sheet if more space is needed.)

I will need to use my credit card to cover the deficit if I'm not receiving spousal support.

_____

_____

### CERTIFICATION

I hereby declare under penalty of perjury that I supplied the information used in the foregoing Income and Expense Statement and that I have reviewed the foregoing Income and Expense Statement and certify that the information is accurate, complete, and correct.

DATED:  Honolulu, Hawaii, _March 1, 1999_____.

_Philip Eugene English_
PHILIP EUGENE ENGLISH

-4-

CC-005074

Of Counsel:
STIRLING & KLEINTOP

CHARLES T. KLEINTOP  1320-0
DYAN M. MEDEIROS  6776-0
1100 Alakea Street, 20th Floor
Honolulu, Hawaii 96813
Telephone: 524-5183

Attorneys for Defendant

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

1999 MAR -8  PM 1:09

N. ANAYA
CLERK

IN THE FAMILY COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

CORLIS JEAN CHANG,               )     FC-D No.  99-0680
                                 )
                Plaintiff,       )
                                 )     ASSET AND DEBT  STATEMENT
        vs.                      )     OF PHILIP EUGENE ENGLISH
                                 )
PHILIP EUGENE ENGLISH,           )
                                 )
                Defendant.       )
_____)

ASSET AND DEBT
STATEMENT OF PHILIP EUGENE ENGLISH

1.    **Cash** (on hand or held by others for me)          $   Nomimal

2.    **CREDIT UNION ACCOUNTS:**

        Name              Title           Credit Balance        Debt Balance

None.

3.    **BANK AND SAVINGS ACCOUNTS:**  (Include Trustee Accounts)

| Company & Branch | Type of Account | Title | Current Balance |
|---|---|---|---|
| First Hawaiian Bank (Downtown Branch) | Checking | H. | $150.00 |
| Bank of Hawaii (a) | Checking | W. | $101.00 |
| Bank of Hawaii (a) | Savings | W. | $500.00 |
| Central Pacific Bank (a) | Savings | W. as Tr for Son | $777.00 |

(a)  Per W.'s 01/29/99 Asset and Debt Statement.

CC-005075

4.   **SECURITIES:** (Stocks, Bonds, Mutual Funds, Certificates of Deposit, etc.)

| Company | Title | Date of Acquisition | Cost | Market Value | Debt Owed Against |
|---|---|---|---|---|---|
| HEI (a) | Son and W. as Tr. | 11/90 | Gift | $1,105.00 | -0- |
| Pacific Century Investment (a) | Son and W. as Tr. | 01/96 | Unknown | $9,494.00 | -0- |

H. has none.

(a)  Per W.'s 01/29/99 Asset and Debt Statement.

5.   **VEHICLES:** (Autos, Trucks, Motorcycles, Trailers, Campers, Boats, etc.)

| Year | Make | Title | Current Market Value | Debt Owed Against |
|---|---|---|---|---|
| 1991 | Jeep Cherokee | H. | $4,500.00 | $4,500.00 |
| 1989 | Honda Accord (LX) | W. | $4,000.00 | -0- |

6.   **REAL PROPERTY:**

| Address | Fee or Lease | Title | Date of Acquisition | Cost | Current Gross Value | Total Debt Owed |
|---|---|---|---|---|---|---|
| 4369 Aukai Avenue | Fee | J. | 10/92 | $890,000.00 | $790,000.00 | $619,167.00 |

7.   **LIFE INSURANCE:**

| Company | Person Insured | Face Amount | Bene-ficiary | Title | Cash Value | Debt Owed Against |
|---|---|---|---|---|---|---|
| Northwestern Mutual Life | H. | $600,000.00 | W. | H. | $1,184.00 (as of 10/4/98) | $4,300.00 |
| Northwestern Mutual Life (a) | W. | $100,000.00 | Sean | W. | -0- | -0- |
| Northwestern Mutual Life (a) | W. | $97,460.00 | Sean | W. | $1,036.00 | $5,000.00 |

(a)  Per W.'s 01/29/99 Asset and Debt Statement.

CC-005076

8.    **RETIREMENT; PENSION; PROFIT-SHARING ACCOUNTS:**

| Employer or Company | Type of Plan | Yrs. in Plan | Total Present Vest Value | Benefits Payable When |
|---|---|---|---|---|
| Goodsill, Anderson, Quinn & Stifel (W.) | HR-10 | Unknown | $149,997.76 (net) (as of 12/31/98) | Upon retirement |

H. has none.

9.    **ALL OTHER MAJOR ASSETS:** (Furniture, Household Effects, Art, Stamps, Coins, Tools, Equipment, Jewelry, Accounts Receivable, Investment Assets, Business Assets, Cemetery Plots or Niches, Tax Refunds due, etc.)

| General Description | Title | Estimated Gross Value | Debt Owed Against |
|---|---|---|---|
| Bed, Dresser, Chairs | H. | $1,000.00 | -0- |
| Tool Equipment | H. | $500.00 | -0- |
| Stereos, TV | H. | $1,500.00 | -0- |
| Law Partnership Interest | W. | $10,000.00 (est.) | -0- |
| Personal | W. | Unknown | -0- |
| Furniture | W. | Unknown | -0- |
| Jewelry | W. | Unknown | -0- |
| Silver | W. | Unknown | -0- |
| Crystal | W. | Unknown | -0- |
| Appliances | W. | Unknown | -0- |

10.    **PROPERTY HELD IN TRUST FOR OR BY THIRD PERSON/S:**
(Aside from Bank and Savings Accounts Noted in Paragraph 3)

| Description | Trustee(s) | Beneficiaries | Value | Debt Owed Against |
|---|---|---|---|---|
| None. | | | | |

-3-

CC-005077

11.  **ALL OUTSTANDING DEBTS:** (Include those listed above)

| Creditor | Debtor [H,W,J] | Security | Mo/Yr Debt Incurred | Total Balance Owed | Minimum Monthly Payment |
|---|---|---|---|---|---|
| First Nationwide Bank | J. | Aukai Pl. | 10/92 | $619,167.00 | $4,657.00 |
| Bank of Hawaii P-flex | J. | NA | Unknown | $5,000.00 | $230.00 |
| Bank of Hawaii P-flex | H. | NA | 1995 | $10,000.00 | $200.00 |
| Bank of Hawaii P-flex | J. | NA | Unknown | $20,000.00 | $525.00 |
| MBNA | J. | NA | Various | $40,215.00 | $825.00 |
| First Card Visa | J. | NA | Various | $13,689.00 | $300.00 |
| Fleet Advanta | J. | NA | Various | $8,613.00 | $175.00 |
| Discover | J. | NA | Various | $7,906.00 | $175.00 |
| Household Bank (Prime Option) | J. | NA | Various | $7,127.00 | $175.00 |
| Office Max | J. | Computer | 4/98 | $2,155.00 | $75.00 |
| Computer City | J. | NA | Various | $3,073.00 | $75.00 |
| La Salle Bank | H. | Jeep | 4/98 | $4,500.00 | $150.00 |
| Citibank Visa | H. | NA | Various | $2,600.00 | $75.00 |
| Sears | H. | NA | 1998 | $3,000.00 | $125.00 |
| NML Insurance Co. | H. | NA | 4/98 | $4,300.00 | $20.00 |
| Assoc. Capitol Bank | H. | NA | 1995 | $11,900.00 | $100.00 |
| Assoc. Financial Bank | H. | Personal property | 4/98 | $7,000.00 | $200.00 |
| Personal Friend | H. | NA | 10/98 | $5,000.00 | Balance Due |
| GAQS HR-10 loan | W. | NA | 1996 | $31,193.01 | $1,071.00 |
| Student loan (a) | W. | NA | 1983 | $5,991.00 | $220.00 |
| MBNA Gold Option (a) | W. | NA | '97-'98 | $5,137.00 | $139.00 |
| NML Insurance Co. (a) | W. | NA | 1998 | $5,000.00 | |
| Capitol One (a) | W. | NA | 1998 | $631.00 | $50.00 |
| Chevron (a) | W. | NA | 1998 | $507.00 | |
| Irma Chang (a) | J. | NA | 1998 | $5,040.00 | |
| Loan from Sean (a) | J. | NA | 1998 | $2,050.00 | |
| Wendell Lee, CPA (a) | J. | NA | 1998 | $700.00 | |
| Wendell Lee, CPA (a) | J. | NA | 1997 | $400.00 | |
| Wendell Lee, CPA (a) | J. | NA | 1998 | $286.00 | |

(a) Per W.'s 01/29/99 Asset and Debt Statement

   I hereby declare, under penalty of perjury, that I have examined the foregoing statement and to the best of my knowledge and belief, it is true, correct, and complete.

DATED:  Honolulu, Hawaii, _____March 1, 1999_____.

_Philip Eugene English_
PHILIP EUGENE ENGLISH

-4-

CC-005078

| **STATE OF HAWAI'I**<br>FAMILY COURT<br>FIRST CIRCUIT | **AFFIDAVIT OF PLAINTIFF**<br>**(FOR UNCONTESTED DIVORCE)** | CASE NUMBER<br><br>FC-D NO. 99-0680 |
|---|---|---|

| CORLIS JEAN CHANG, | This document is prepared by |
|---|---|
| _____<br>PLAINTIFF<br>(Your Full Name) | ☒ Plaintiff  ☐ Atty. for Plaintiff<br>Corlis J. Chang          Pro Se<br>Name<br>1800 Alii Place |
| VS. | 1099 Alakea Street<br>Address |
| PHILIP EUGENE ENGLISH, | Honolulu, HI  96813<br>City, State, Zip |
| _____<br>DEFENDANT<br>(Your Spouse's Full Name) | 547-5600<br>Phone |

STATE OF HAWAI'I  )
)  SS.
CITY AND COUNTY OF HONOLULU  )

Plaintiff in the above-entitled action, being first duly sworn on oath, deposes and says that:

1. Plaintiff's full name and address is:
   Corlis Jean Chang
   4369 Aukai Avenue
   Honolulu, HI  96816

2. Legal Representation:
   2a. ☒ Plaintiff is representing him/herself.
   2b. ☐ Plaintiff is represented by the attorney named above.

3. Service of process on Defendant was made by:
   3a. ☐ Personal Service:   A Proof of Service or Affidavit of Service has been filed showing that the Defendant was personally served with the Complaint and Summons on _____ by a person authorized to serve of legal documents.

   3b. ☐ Certified or Registered Mail:   The Complaint and Summons was served upon Defendant by certified or registered mail. A Statement of Mailing and an original return receipt signed by the Defendant on _____ have been filed. Plaintiff recognizes Defendant's signature on the return receipt.

   3c. ☒ Appearance and Waiver: Defendant acknowledged receipt of a filed copy of the Complaint and Summons and signed an Appearance and Waiver on March 5, 1999. Plaintiff recognizes Defendant's signature on the Appearance and Waiver.

   3d. ☐ Publication: The Affidavit of Publication was filed on _____.

4. ☐ Default.
   4a. ☐ More than twenty (20) days have passed since the service of the Complaint and Summons on the Defendant. No responsive pleading has been filed. Neither Plaintiff nor Plaintiff's attorney has received any communication from Defendant or Defendant's attorney concerning this case since the Complaint was served.

   4b. ☐ An order granting the Motion for Entry of Default was filed on _____.

1999 MAR 17 PM 3:10
M. TANAKA
CLERK
1ST CIRCUIT COURT
STATE OF HAWAII
FILED

4/98                                                      AFFIDAVIT OF PLAINTIFF (UDA) 1F-P-333

CC-005079

| STATE OF HAWAI'I<br>FAMILY COURT<br>FIRST CIRCUIT | AFFIDAVIT OF PLAINTIFF<br>(FOR UNCONTESTED DIVORCE)<br>PAGE TWO | CASE NUMBER<br>FC-D NO. 99-0680 |
|---|---|---|

5. <u>Jurisdiction:</u> (Check all that apply)

5a. ☒ Plaintiff had been domiciled or physically present on the Island of Oʻahu for a continuous period of at least 3 months prior to the filing of the Complaint for Divorce.

5b. ☒ Plaintiff had been domiciled or physically present in the State of Hawaiʻi for a continuous period of at least 6 months prior to the filing of the Complaint for Divorce.

5c. ☒ Defendant had been domiciled or physically present in the State of Hawaiʻi for a continuous period of at least 6 months prior to the filing of the Complaint for Divorce.

6. Defendant resides in (city, state) _____Honolulu_____ , _____Hawaii_____
                                                    (City)                              (State)

7. The parties were married on ___September 1, 1984___
                                                  (Mo/Day/Yr)

8. The parties last lived together in (city, state)____Honolulu____ , ____Hawaii____ on
                                                                      (City)                  (State)
____March 8, 1999____ .
        (Mo/Day/Yr)

9. Plaintiff believes that the marriage is irretrievably broken because:

the parties have grown apart and can no longer live harmoniously together.

10. <u>Financial statements:</u>

10a. Plaintiff signed Income and Expense and Asset and Debt Statements on ___March 5, 1999___ (Mo/Day/Yr). To the best of Plaintiff's knowledge there have been no substantial changes in Plaintiff's financial circumstances since that date.

10b. ☒ Defendant signed Income and Expense and Asset and Debt Statements on ___March 1, 1999___ (Mo/Day/Yr). Plaintiff recognizes Defendant's signature on said documents.

10c. ☐ Defendant's Income and Expense Statement and Asset and Debt Statement are not filed because:

_____

_____

11. Plaintiff has carefully reviewed the proposed decree and agrees to the alimony, division of property and other provisions as provided in the proposed decree.

12. Plaintiff signed the proposed decree. ☒ Plaintiff recognizes Defendant's signature on the decree.

13. Wife wishes to resume the use of her ☐ birth surname ☐ former married name and be known as:

_____

14. Husband wishes to resume the use of his ☐ birth surname ☐ former married name and be known as:

_____

15. <u>Language Comprehension:</u>

15a. ☒ Plaintiff fully understands the English language.

15b. ☐ Although Plaintiff does not fully comprehend written English, this document has been explained to him/her by _____ and based on that explanation Plaintiff understands this document.

16. Plaintiff requests that the court grant this divorce and enter the decree without his/her appearance in court.

17. Plaintiff has read this document and signs it voluntarily and without coercion and duress and not because he/she was told to sign it.

CC-005080

| STATE OF HAWAI'I<br>FAMILY COURT<br>FIRST CIRCUIT | AFFIDAVIT OF PLAINTIFF<br>(FOR UNCONTESTED DIVORCE)<br>PAGE THREE | CASE NUMBER<br><br>FC-D NO.  99-0680 |

**18.** Pregnancy:

18a. ☒ Wife is not pregnant.

18b. ❑ Wife is pregnant and her expected date of delivery is _____. Husband ❑ is ❑ is not the father
of said child. (Mo/Day/Yr)

**19.** Child(ren):

19a. ❑ Plaintiff and Defendant have no children together.

20b. ☒ The parties have ___1___ children together. The complete name and birthdate of each are listed as follows
from the oldest to the youngest child (including adult child(ren)):

| Name | Date of Birth |
|------|---------------|
| Sean Michael Chang English | Nov. 30, 1989 (Mo/Day/Yr) |
| | (Mo/Day/Yr) |
| | (Mo/Day/Yr) |
| | (Mo/Day/Yr) |
| | (Mo/Day/Yr) |
| | (Mo/Day/Yr) |

19c. ❑ There is/are child(ren) conceived during the marriage fathered by someone other than husband. Their
name(s) and date of birth is/are listed as follows:

| Name | Date of Birth | Judgment of Paternity entered |
|------|---------------|-------------------------------|
| | (Mo/Day/Yr) | ❑ Yes      ❑ No |
| | (Mo/Day/Yr) | ❑ Yes      ❑ No |

**20.** Prior or Pending Custody Proceedings:

20a. ☒ I have not participated in any capacity in any law suit or proceeding in any state concerning custody of any
of the minor children of the Plaintiff and Defendant together. I have no information of any pending custody
proceeding or of any person not a party to this proceeding who has physical custody or claims to have
custody or visitation rights concerning any minor children of the Plaintiff and Defendant together.

20b. ❑ Prior court case involving the subject children:
Case Name: _____
Case Number: _____
Location of Court: _____
Date Filed: (Mo/Day/Yr) _____
Date Concluded: (Mo/Day/Yr) _____
Type of Case: _____

20c. ❑ Other court case involving the subject children which is still pending:
Case Name: _____
Case Number: _____
Location of Court: _____
Date Filed: (Mo/Day/Yr) _____
Date Concluded: (Mo/Day/Yr) _____
Type of Case: _____

CC-005081

| STATE OF HAWAI'I<br>FAMILY COURT<br>FIRST CIRCUIT | AFFIDAVIT OF PLAINTIFF<br>(FOR UNCONTESTED DIVORCE)<br>PAGE FOUR | CASE NUMBER<br><br>FC-D    NO.   99-0680 |
| --- | --- | --- |

21. ☒  Plaintiff agrees to the custody arrangement and child support amounts as provided in the proposed divorce decree.

22. Child Support:
    22a. ☒  Plaintiff believes that the information provided in the completed Child Support Guildelines Worksheet is accurate, to the best of the Plaintiff's knowledge and proposed child support is consistent with the Child Support Guidelines Worksheet.
    22b. ❑  Proposed child support varies from the Child Support Guidelines Worksheet because of the following exceptional circumstances: _____

23. Kids First:
    23a. ❑  I attended the Kids First II Program (Wednesday Night) on _____ (Mo/Day/Yr)
    23b. ❑  I was excused by Judge _____ from attending the Kids First II Program.

24. ❑  Other: _____

Plaintiff declares that he/she understands that his/her signature under oath before a notary public is his/her solemn statement that he/she read this Affidavit and knows and understands the contents and that these statements are true, correct and complete to the best of his/her knowledge and belief.

PLAINTIFF'S SIGNATURE   *Corlis J. [signature]*

| SUBSCRIBED AND SWORN TO<br>BEFORE ME THIS DATE:<br><br>*March 9, 1999*<br><br>IN *HONOLULU*, Hawai'i | NOTARY PUBLIC'S SIGNATURE<br><br>*Edwina [signature]*<br>Edwina Soh Lee<br>STATE OF HAWAI'I | MY COMMISSION EXPIRES:<br><br>*01/24/2002* |
| --- | --- | --- |

CC-005082

| STATE OF HAWAII<br>FAMILY COURT OF THE<br>FIRST CIRCUIT | CHILD SUPPORT<br>GUIDELINES WORKSHEET | CASE NUMBER<br>FC- D NO. 99-0680 |
|---|---|---|

CORLIS JEAN CHANG

PLAINTIFF/PETITIONER ☒ Mother ☐ Father

VS.

PHILIP EUGENE ENGLISH

DEFENDANT/RESPONDENT ☐ Mother ☒ Father

This document was prepared by
☐ Plaintiff ☐ Defendant ☐ Atty. for Plaintiff ☒ Atty. for Defendant
Name  CHARLES T. KLEINTOP    1320-0
Address  1100 Alakea Street, 20th Floor
City, State, Zip  Honolulu, Hawaii  96813
Telephone  524-5183

| | | FATHER (A) | MOTHER (B) | TOTAL (C) |
|---|---|---|---|---|
| Line 1 | BASE PRIMARY SUPPORT  $250 x _____ (# of children) | | | 250.00 |
| 2 | Plus Monthly Child Care Expenses | | | + -0- |
| 3 | Plus Monthly Health/Dental Insurance for the Child(ren) | | | + 213.67 |
| 4 | PRIMARY SUPPORT NEED (add lines 1, 2 and 3) | | | = 463.67 |
| 5 | Parents' SOLA Income (from Table) | 2,582.00 | + 11,087.00 | 13,669.00 |
| 6 | Less PRIMARY SUPPORT NEED (from line 4) | | | - 463.67 |
| 7 | Parents' Net SOLA Income (line 5 - line 6) | | | 13,205.33 |
| 8 | SOLA Percentage, 10% per child, up to 30% | | | x  10  % |
| 9 | SOLA OBLIGATION (line 7 x line 8) | | | 1,320.53 |
| 10 | TOTAL SUPPORT NEED (line 4 + line 9) | | | 1,784.20 |
| 11 | Monthly Gross Income | 3,333.33 | +11,830.00 | 15,163.33 |
| 12 | Monthly Net Income (from Table) | 1,692.00 | + 6,303.84 | =7,995.84 |
| 13 | Income Percentage (line 12(A) ÷ line 12(C)) or (line 12(B) ÷ line 12(C)) | 21  % | 79  % | |
| 14 | Support Payable By Each Parent (line 10) x Parent's (line 13) % | 374.68 | 1,409.52 | |
| 15 | Less Monthly Child Care Expense for Parent Who Pays | - -0- | -0- | |
| 16 | Less Monthly Health Insurance Cost for Parent Who Pays | - | 213.67 | |
| 17 | REMAINING CHILD SUPPORT PAYABLE BY EACH PARENT<br>(Round to nearest $10.00) | 370.00 | 1,200.00 | |
| 18 | ☐ Mother ☒ Father pays to ☒ Mother ☐ Father in child support for a total of $ 370.00 per month ($ 370.00 per child per month). ☐ Mother ☐ Father pays health insurance. ☐ Mother ☐ Father pays child care expenses. | | | |

I ACKNOWLEDGE THAT THE ABOVE INFORMATION IS CORRECT.

_Philip Eugene English_  3-5-99
Father                    Date

_Corlis Jean Chang_  3/5/99
Mother                    Date

☐ For exceptional circumstances see attached Exceptional Circumstance Form.
☐ For joint physical custody calculations or visitation 143 days or over per year, see Child Support
Guidelines Worksheet For Joint Custody/Extensive Visitation and enter amounts on line 18.

CSG.11/98

For Court Use Only

M. TANAKA   CI FPX

MAR 17 PM 3 10

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

CC-005083

Of Counsel:
STIRLING & KLEINTOP

CHARLES T. KLEINTOP  1320-0
DYAN M. MEDEIROS  6776-0
20th Floor
1100 Alakea Street
Honolulu, Hawaii 96813
Telephone: 524-5183

Attorneys for Defendant

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

1999 MAR 17  PM 3: 10

M. TANAKA
CLERK

IN THE FAMILY COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| CORLIS JEAN CHANG, | FC-D No. 99-0680 |
| Plaintiff, | AGREEMENT INCIDENT TO DIVORCE |
| vs. | |
| PHILIP EUGENE ENGLISH, | |
| Defendant. | |

## AGREEMENT INCIDENT TO DIVORCE

THIS AGREEMENT made and entered into this _5th_ day of

March, 1999, by and between PHILIP EUGENE ENGLISH, hereinafter called

"Husband", and CORLIS JEAN CHANG, hereinafter called "Wife";

WITNESSETH THAT:

WHEREAS, the parties were lawfully married on September 1, 1984

in Honolulu and ever since have been and now are husband and wife; and

WHEREAS, there was one (1) child born of the marriage:  SEAN

MICHAEL ENGLISH, born November 30, 1989; and

CC-005084

WHEREAS, differences have arisen between the parties and they no longer live together as husband and wife; and

WHEREAS, it is the mutual wish and desire of the parties to effect, in contemplation of divorce, a final and complete settlement of claims for support, division of property interests, allocation of responsibility for existing and contingent liabilities, and such other matters as may be relevant to the dissolution of their marriage and to each other;

NOW, THEREFORE, in consideration of the mutual promises and covenants contained in this Agreement, it is agreed as follows:

1. <u>Custody and Visitation</u>.  Husband and Wife understand that they control the custody of SEAN only to the extent that their wishes coincide with such order as the Court may make after consideration of the best interests of SEAN; provided, however, subject to these premises of law, it is the parties' desire, in anticipation of Husband relocating to and residing on the Mainland and Wife continuing to reside in Honolulu, that they be awarded joint legal custody of SEAN and that Wife be awarded physical custody of SEAN, subject to Husband's rights of reasonable visitation.

Husband's rights of reasonable visitation shall include but not be limited to the following:

(a) <u>Correspondence and Telephone Contact</u>.  Unlimited correspondence and up to daily telephone contacts at reasonable hours.  Reasonable hours shall be determined by SEAN's age and his usual daily activities schedule.

(b) <u>Christmas/New Year Vacation</u>.  One-half (1/2) of the Christmas/New Year vacation period, alternating the first and second half.  The first half shall always include Christmas Eve

-2-

CC-005085

and Day. The second half shall always include New Year's Eve and Day. If the calendar doesn't allow for these inclusions a particular year, the parties shall adjust their days to allow for the inclusions while still maintaining an equal division of the vacation. Husband shall have the first half of the Christmas/New Year vacation period in 1999.

(c) <u>Spring Break Vacation</u>. The entire spring break vacation in even-numbered years, starting in the year 2000.

(d) <u>Summer Vacation</u>. The summer vacation period commencing one (1) week after the end of the school year and continuing until two (2) weeks prior to the start of the school year, or as the parties hereafter shall mutually agree.

(e) <u>Special Accessibility</u>. If Husband comes to Honolulu for any reason, he shall give Wife at least two (2) weeks notice that he would like to visit with SEAN. The visitation shall take into account SEAN's usual school activity schedule, if any. At a minimum, Husband's visitation while he is in Honolulu shall be the weekends and one (1) day during the week from afterschool to a reasonable time of return the same day.

(f) <u>No Removal from Country</u>. Neither party shall temporarily remove SEAN from his or her residence to any jurisdiction outside of the United States of America without first (1) advising the other party at least thirty (30) days in advance of the intended date of such removal, and (2) obtaining a Court order allowing such removal with specified dates of removal and return to the United States of America.

-3-

CC-005086

(g) <u>Health Reports</u>.   The parties will share medical and dental reports at appropriate times.   Whoever receives the reports will share the reports with the other party.

(h) <u>Reciprocal Access</u>.   During the periods that SEAN is with Husband, Wife shall have telephone and correspondence rights similar to Husband's and Husband shall cooperate with Wife in facilitating those rights.

As joint legal custodians, the parties shall confer on major decisions affecting SEAN, including but not limited to his elementary and secondary education, his higher education, major medical or dental care required by him, his school and after school activities of note, military service requiring consent of the parties, and marriage requiring consent of the parties. Additionally, each party shall keep the other apprised of SEAN's general health, school progress (i.e. report cards and the like), school activities, afterschool activities, and general whereabouts when SEAN is with him or her.   It is the parties' intent and each of them will communicate openly and freely with each other regarding SEAN and those matters which affect his well-being.   Each party shall keep the other party informed of his or her residence address and telephone number during SEAN's minority.

Husband shall pay all of SEAN'S transportation expenses incident to his visitation with SEAN.

All of the foregoing shall be subject to further order of the Court.

2. <u>Child Support</u>.   Husband shall pay directly to Wife as and for the support, maintenance, and education of SEAN the sum of <u>$370.00</u> per month.   Said sum shall be payable in one (1) monthly installment on the fifth day of each month, commencing on the fifth day of April, 1999.

-4-

CC-005087

Child support for SEAN shall continue until he attains the age of 18 years <u>or</u> graduates from or discontinues high school, whichever occurs last.

All of the foregoing shall be subject to further order of the Court.

3. <u>Medical and Dental Care for SEAN</u>. Wife shall maintain medical and dental insurance coverage for SEAN to the extent and for so long as SEAN is eligible under her medical and dental insurance plans. Any uninsured expenses for medical care, dental care, prescription drugs, and vision care for SEAN shall be paid by Wife up to a cumulative total of <u>$300.00</u> per year. Any uninsured expenses for medical care, dental care, prescription drugs, and vision care for SEAN in excess of the cumulative total of <u>$300.00</u> per year shall be paid equally by the parties.

All of the foregoing shall be subject to further order of the Court.

4. <u>Pre-College Private Education Expenses</u>. As joint legal custodians, should the parties decide to enroll SEAN in a particular pre-college private school, each party shall assume and pay that proportion of SEAN's private education expenses that his or her monthly gross income bears to the combined monthly gross income of both parties. [Mark v. Mark, 9 Haw. App. 184, 828 P.2d 1291 (1992)]. Private education expenses shall include tuition, fees, book expenses, and school lunch expenses.

All of the foregoing shall be subject to further order of the Court.

5. <u>Post High School, Higher Education Expenses</u>. As joint legal custodians, the parties, with input from SEAN, shall decide where SEAN obtains his post high school, higher education. To pay SEAN's post high school, higher education expenses, the parties shall first utilize the trust accounts for SEAN [as identified in paragraph 10(b) of this Agreement]. There-

-5-

CC-005088

after, and assuming the parties are still in agreement as to where SEAN shall obtain his post high school, higher education, each party shall assume and pay that proportion of SEAN's post high school, higher education expenses that his or her monthly gross income bears to the combined monthly gross income of both parties. All of the foregoing presumes that SEAN is pursuing his education post high school on a fulltime basis at an accredited college or university, or in a vocational or trade school. If he isn't, none of the foregoing shall apply. The obligations in this paragraph shall continue until SEAN graduates or attains the age of 23 years, whichever occurs first.

Post high school, higher education expenses shall include tuition, fees, book expenses, room and board (assuming SEAN is not living with Wife), transportation, and a reasonable allowance.

All of the foregoing shall be subject to further order of the Court.

6. <u>Life Insurance</u>. Each party shall maintain unencumbered life insurance on his or her life in a face amount of no less than <u>$200,000.00</u> as and for the primary benefit of SEAN. Each party's obligation to maintain this insurance for SEAN shall continue until such time as he or she no longer has a duty to support SEAN in any way under this Agreement.

Each party shall be awarded the life insurance policy(ies) titled in his or her name alone, including any cash value therein and subject to any encumbrance thereon. Each party also waives all of his or her right, title, claim, and interest in and to the life insurance policy(ies) being awarded to the other party.

7. <u>Alimony</u>. Neither Husband nor Wife requests alimony from the other party and there shall be no order for alimony.

-6-

CC-005089

8. <u>Medical and Dental Insurance Coverage for Husband</u>.  If Husband elects COBRA health insurance coverage through Wife's employer, Wife shall take all necessary steps to ensure that medical and/or dental insurance coverage is made available for Husband through her employer in accordance with and subject to the provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA).  Husband shall then pay any fees, premiums, or payments necessary to secure this medical and/or dental insurance coverage for himself for so long as he is eligible for such coverage.

9. <u>Real Property</u>.

(a)  <u>4369 Aukai Avenue</u>.  Wife shall be awarded the real property at 4369 Aukai Avenue, Honolulu and she shall assume and pay all obligations and liabilities associated with this property, including but not limited to the mortgage balance owing to 1st Nationwide Bank mortgage.

Husband waives all of his right, title, claim, and interest in and to the Aukai Avenue property.

10. <u>Personal Property</u>.

(a)  <u>Deposit Accounts</u>.  Each party shall be awarded any deposit account(s) titled in his or her name alone.  Each party waives all of his or her right, title, claim, and interest in and to the deposit account(s) being awarded to the other party.

(b)  <u>Trust Accounts</u>.  Wife shall maintain for SEAN the Central Pacific Bank trust account, the Hawaiian Electric Indus-tries (HEI) trust account, and the Pacific Century Investment trust account, all of which are presently titled in Wife's name as trustee for SEAN.  These trust accounts shall then be utilized as stated in

-7-

CC-005090

paragraph 5 of this Agreement. Should there be any balances left in any of these accounts at such time as SEAN completes his post high school, higher education, he shall be awarded these balances. Wife shall send copies of all of the statements she receives for these accounts to Husband on a regular (but no less than quarterly) basis.

(c) <u>Securities</u>. Each party shall be awarded any security account(s) titled in his or her name alone. Each party waives all of his or her right, title, claim, and interest in and to the security account(s) being awarded to the other party.

(d) <u>Vehicles</u>. Husband shall be awarded his 1991 Jeep Cherokee and he shall assume and pay all obligations and liabilities associated with this vehicle, including but not limited to the debt owed to La Salle Bank. Wife shall be awarded her 1989 Honda Accord LX. Each party waives all of his or her right, title, claim, and interest in and to the vehicle being awarded to the other party.

(e) <u>Retirement Interests</u>. Husband shall be awarded one-half (1/2) of the net value of Wife's HR-10 Plan with Goodsill, Anderson, Quinn & Stifel ("the Plan") as of the date of the transfer of his one-half (1/2). (Net value means the value of the Plan less the debt balance. For example, the value of the Plan as of December 31, 1998 was <u>$181,190.77</u> and the debt balance of the Plan as of December 31, 1998 was <u>$31,193.01</u>. Therefore, the net value of the Plan as of December 31, 1998 was <u>$149,997.76</u>.) Wife

-8-

CC-005091

shall be awarded the remainder of the Plan and shall assume and pay the debt balance thereon.

After his receipt of one-half (1/2) of the net value of the Plan, Husband waives all of his right, title, claim, and interest in and to the Plan. Wife waives all of her right, title, claim and interest in and to the one-half (1/2) of the net value of the Plan being awarded to Husband.

The award to Husband of one-half (1/2) of the net value of the Plan shall be implemented by means of a Qualified Domestic Relations Order (hereinafter "QDRO") as defined in Section 414(p) of the Internal Revenue Code of 1986, as amended, and the Retirement Equity Act of 1984, Pub. L. No. 98-397 (hereinafter "REA"). Such a QDRO is made a part hereof by reference. The Court shall have continuing jurisdiction to enter such a QDRO and to make appropriate modifications thereto for the purpose of establishing or maintaining its qualification as a QDRO. Wife shall cooperate by providing Husband (or his representatives) with any and all information necessary for the preparation of such a QDRO, including but not limited to the signing of Authorizations to enable Husband (or his representatives) to correspond and otherwise communicate directly with the Plan Administrator.

(f) Law Partnership Interest. Wife shall be awarded her law partnership interest in Goodsill, Anderson, Quinn & Stifel. Husband waives all of his right, title, claim, and interest in and to Wife's law partnership interest.

-9-

CC-005092

(g)  <u>Household Furniture, Furnishings, and Effects</u>.  The household furniture, furnishings, and effects have been divided by the parties to their mutual satisfaction.  Each party shall therefore be awarded the household furniture, furnishings and effects presently in his or her possession or control or, as agreed upon, will be awarded to him or her.  Each party waives all of his or her right, title, claim, and interest in and to the household furniture, furnishings, and effects being awarded to the other party.

(h)  <u>Personal Effects</u>.  Each party shall be awarded his or her own personal effects, clothing, and jewelry.  Each party waives all of his or her right, title, claim, and interest in and to the personal effects being awarded to the other party.

11.  <u>Debts</u>.  As stated in paragraph 9(a) of this Agreement, Wife shall assume and pay the mortgage balance to 1st Nationwide Bank.  As stated in paragraph 10(e) of this Agreement, Wife shall assume and pay the balance of her HR-10 loan from her Goodsill, Anderson, Quinn & Stifel retirement plan.  Wife shall also assume and pay the balance of the following debts:

(a)  Bank of Hawaii P-flex (<u>$5,000.00</u>).

(b)  Bank of Hawaii P-flex (<u>$20,000.00</u>).

(c)  MBNA.

(d)  First Card Visa.

(e)  Fleet Advanta.

(f)  Discover.

(g)  Household Bank (Prime Option)

(h)  Office Max.

-10-

CC-005093

(i)   Computer City.

(j)   Her student loan.

(k)   MBNA Gold Option.

(l)   NML Insurance Company (Wife's policy).

(m)   Capital One.

(n)   Chevron.

(o)   Irma K. Chang.

(p)   The loan from SEAN.

(q)   Wendell Lee, CPA.

As stated in paragraph 10(d) of this Agreement, Husband shall assume and pay the debt balance to La Salle Bank.  Husband shall also assume and pay the balance of the following debts:

(r)   Bank of Hawaii P-flex ($10,000.00).

(s)   Citibank Visa.

(t)   Sears.

(u)   NML Insurance Company (Husband's policy).

(v)   Associates Capitol Bank.

(w)   Associates Financial Bank.

(x)   His personal friend.

Each party shall indemnify and hold harmless the other party from any claims made against the non-responsible party.  The above indemnification shall include reasonable attorney's fees and costs incurred in the defense of any such claim.

12.   <u>Attorney's Fees and Costs</u>.  Each party shall assume and pay the balance of his or her own attorney's fees and costs.

-11-

CC-005094

13. <u>Property Settlement Payment</u>.  In consideration of the fore-going division of property and allocation of responsibility for debts, Wife shall pay to Husband as and for a property settlement payment the sum of TWENTY-FIVE THOUSAND AND NO/100 DOLLARS ($25,000.00).

The first $15,000.00 of this sum shall be paid directly to Husband upon the parties' signing of this Agreement.

The second $10,000.00 of this sum shall be paid to Husband no later than twelve (12) months following the parties' signing of this Agreement in the following manner.  Wife, following the parties' signing of this Agreement, shall pay the premiums for Husband's health insurance coverage (see para-graph 8 of this Agreement) for a twelve (12) month period.  Similarly, Wife, following the parties' signing of this Agreement, shall pay the premiums for Husband's term life insurance coverage (see paragraph 6 of this Agreement) for a twelve (12) month period.  All of the foregoing premium payments shall be a credit against the second $10,000.00 payment and Wife shall then pay the balance of the $10,000.00 in one (1) lump sum at the end of the twelve (12) month period.  If, due to financial circumstances, she is unable to pay the lump sum payment then due, Wife shall pay the remaining amount over time, on terms to be agreed upon by the parties, with interest at the statutory rate of ten percent (10%) per annum.

14. <u>Tax Matters</u>.

(a) <u>Tax Returns</u>.  The parties shall file joint income tax returns for 1998.  Each party shall receive the proportion of any resulting tax refund that his or her 1998 gross income bears to the combined 1998 gross income of both parties.  Or, each party shall assume and pay that the proportion of any resulting tax

CC-005095

liability that his or her 1998 gross income bears to the combined 1998 gross income of both parties.

The parties shall file separate income tax returns for 1999 and all subsequent tax years.

(b) <u>Tax Exemption</u>. Wife shall be entitled to claim SEAN as an exemption on her personal income tax returns for 1999 and thereafter.

(c) <u>Audit or Review</u>. In the event of an audit or review of any of the parties' joint income tax returns, Wife shall be responsible for the audit or review defense. Each party shall then receive that proportion of any resulting tax refund that his or her gross income for the year being audited bears to the combined gross income of both parties for the year being audited. Or, each party shall assume and pay that proportion of any resulting tax assessment(s), interest, or penalty(ies) imposed that his or her gross income for the year being audited bears to the combined gross income of both parties for the year being audited.

(d) <u>Communication of Tax-Related Information</u>. Each party shall take all reasonable steps to immediately and fully inform the other of any future communication from the Internal Revenue Service or any other taxing authority that is addressed to both of them or may involve both of them or may involve the other party. If, as a result of any failure by the other party to so inform him or her, a party is unable to timely challenge an assessment of tax liability, the party who failed to so inform shall be liable to the other for all such assessment and shall indemnify and hold the

-13-

CC-005096

other party harmless from all such additional tax, penalties, or other liabilities. To facilitate the terms of this paragraph, each party shall give the other a mailing address to which any such communication shall be sent and shall, for at least four (4) years, inform the other in writing of any change in such address.

15. <u>Execution of Necessary Documents</u>. Each party shall, at the request of the other, execute, acknowledge, and deliver any documents which may be reasonably necessary to give full effect to this Agreement. In the event that either of the parties refuses or is unable to comply with such request within thirty (30) days following the request, the parties agree that the Chief Clerk of the First Circuit Court shall do all acts and sign all documents on behalf of the failing party necessary to give full force and effect to the provisions of this Agreement. The costs of preparation of any documents necessary to effect transfer of title shall be paid by the party receiving the property.

16. <u>Failure to Perform</u>. If either party shall fail to perform any obligation(s) which he or she has agreed to perform under the provisions of this Agreement and enforcement becomes necessary, the failing party shall be responsible for all attorney's fees and costs incurred by the other party to the extent that such fees and costs were reasonably necessary to enforce performance by the failing party.

17. <u>Release</u>. Except as otherwise secured to Husband or Wife in this Agreement, Husband and Wife do hereby release, relinquish, and waive all rights to administer upon the estate of the other after the death of such other and do hereby release, relinquish, and waive unto such other party, his or her successors, and next of kin or heirs at law, any and all rights or otherwise

-14-

CC-005097

against such other's estate and agree not to hereafter claim any interest in or to raise any claim to the other's property or income.

    18. <u>Modification and Waiver</u>. No modification or waiver of any of the terms of this Agreement shall be valid unless in writing over the signature of each of the parties hereto and executed in the same manner as this Agreement.

    IN WITNESS WHEREOF, the parties hereto have hand dated and signed their names below.

DATED: Honolulu, Hawaii, _March 5, 1999_.

_____
PHILIP EUGENE ENGLISH
SSN #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

DATED: Honolulu, Hawaii, _March 5, 1999_.

_____
CORLIS JEAN CHANG
SSN #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

-15-

CC-005098

STATE OF HAWAII            )
                                        ) SS:

CITY AND COUNTY OF HONOLULU     )

         On this _5th_ day of _MARCH_, 1999, before me personally appeared PHILIP EUGENE ENGLISH, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

                               _____ L.S.
                               Notary Public, State of Hawaii
                               My commission expires: 1/20/2005

STATE OF HAWAII            )
                                        ) SS:

CITY AND COUNTY OF HONOLULU     )

         On this _5th_ day of _March_, 1999, before me personally appeared CORLIS JEAN CHANG, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.

                               _____
                               Notary Public, State of Hawaii    Edwina S. H. Lee
                               My commission expires: 01/24/2002

(Notary seal: EDWINA S. H. LEE — NOTARY PUBLIC — STATE OF HAWAII)

-16-

| STATE OF HAWAI'I FAMILY COURT FIRST CIRCUIT | NOTICE TO ATTEND KIDS FIRST II | CASE NUMBER FC-D NO. 99-0680 |
| --- | --- | --- |

| PLAINTIFF'S<br>Name: Corlis Jean Chang<br>Address: 1099 Alakea Street, #1800<br>Honolulu, HI 96813<br><br>Telephone : (H) 732-1593<br>(W)547-5600 Staff Use: 3/24/99<br>Cellular/Pager: 371-3205 Date Attended: ☉ | Attorney's Name, Address and Telephone Number/<br>☒ Plaintiff Pro Se |
| --- | --- |
| DEFENDANT'S<br>Name: Philip English<br>Address: 4369 Aukai Avenue<br>Honolulu, HI 96816<br>Telephone: (H)732-1593<br>(W)732-1593 Staff Use:<br>Cellular/Pager: Date Attended: | Attorney's Name, Address and Telephone Number/<br>☐ Defendant Pro Se<br>Charles T. Kleintop, Esq.<br>Stirling & Kleintop<br>20th Floor, Alakea Place<br>1100 Alakea Street<br>Honolulu, Hawaii 96813 |

CHILDREN:

| NAME | DATE OF BIRTH/AGE | LIVING WITH: | (Staff Use Only)<br>Date Attended: |
| --- | --- | --- | --- |
| Sean Michael Chang English | 11/30/89/ Age 9 | ☒Mother ☐Father ☐Other | 3/24/99 ☉ |
| | | ☐Mother ☐Father ☐Other | |
| | | ☐Mother ☐Father ☐Other | |
| | | ☐Mother ☐Father ☐Other | |
| | | ☐Mother ☐Father ☐Other | |
| | | ☐Mother ☐Father ☐Other | |
| | | ☐Mother ☐Father ☐Other | |

Plaintiff, Defendant and all children of the Plaintiff and Defendant, ages 6 -17 **MUST ATTEND** this Program on:

**WEDNESDAY** March 24, 1999

**REGISTRATION 4:45 P.M.**
**PROGRAM 5:00 TO 7:30 P.M.**
**Jury Pool Lounge, First Floor, Kaahumanu Hale**
**777 Punchbowl Street, Honolulu, Hawaii**

*IMPORTANT:* READ THE INSTRUCTIONS on the next page. Both parents, unless excused by a judge, must attend this program before a Divorce Decree can be entered in this case. Failure to attend may cause you to be brought before the Court to explain your non-attendance and may be considered as a factor in custody decisions.

| DATE | CLERK'S SIGNATURE |
| --- | --- |
| | |

1999 MAR 25 PM 1:29
F. DIANE
CLERK
FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

Revised 02/99                    Page 1 of 2

CC-005100

GOODSILL ANDERSON QUINN & STIFEL

ATTORNEYS AT LAW

ALII PLACE, SUITE 1800 • 1099 ALAKEA STREET
HONOLULU, HAWAII 96813

MAIL ADDRESS: P.O. BOX 3196
HONOLULU, HAWAII 96801

TELEPHONE (808) 547-5600 • FAX (808) 547-5880
info@goodsill.com • www.goodsill.com

## FAX TRANSMITTAL

**DATE:**      March 22, 1999

**TO:**

| NAME/FIRM | FAX NO. | PHONE NO. |
|---|---|---|
| Ms. Carol Shoji<br>Family Court | 539-4402 | 439-4400 |

**FROM:**    Corlis J. Chang           **DIRECT DIAL:**    (808) 547-5677

**RE:**      Chang v. English, FC-D 99-0680

**MESSAGE:**

Dear Ms. Shoji:

Attached is my Notice to Attend Kids First II (using Revised 02/99 form) with the March 24, 1999 date inserted as instructed.

Please feel free to call me at 547-5677 should you have any questions.

Mahalo for your assistance!

                    Sincerely,

                    Corlis J. Chang

---

*CONFIDENTIALITY:  The information contained in this fax message is intended only for the confidential use of the persons named above.  This message may be an attorney-client communication and, as such, is privileged and confidential.  If you have received this document in error, any review or distribution of this message is strictly prohibited, and you should notify us immediately by telephone and return the original message to us by mail.  Thank you.*

Total Number of Pages, Including Transmittal Letter: 2

If you do not receive all of the pages or if they are illegible, please call the fax room at (808) 547-5600, ext. 528.

| Operator: |
|---|
| Time Sent: |
| Time Completed: |

CLIENT/MATTER #: 99999

CC-005101

THOMAS L. STIRLING, JR.
CHARLES T. KLEINTOP

STEVEN L. HARTLEY
DYAN M. MEDEIROS
RENEE M. YOSHIMURA
JEN-L WONG LYMAN

**STIRLING & KLEINTOP**
ATTORNEYS AT LAW
1100 ALAKEA PLAZA
20th FLOOR
1100 ALAKEA STREET
HONOLULU, HAWAI'I  96813

TELEPHONE:
(808) 524-5183
FAX:
(808) 528-0261

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

1999 MAR 31  AM 8: 32

*H. Ching*
H. CHING
CLERK

March 24, 1999

The Honorable Diana L. Warrington
Lead Judge, Domestic Division
Family Court of the First Circuit
777 Punchbowl Street, 2nd Floor
Honolulu, Hawai'i  96813

**HAND DELIVER**
**(FOR KIDS FIRST)**

Re:   Chang v. English
      FC-D No. 99-0680

Dear Judge Warrington:

        I represent Mr. Philip English (Defendant) in the above-entitled action.  Mr. English and his wife, Corlis J. Chang, Esq. (Plaintiff Pro Se), have settled all of the issues in their divorce and Ms. Chang has submitted all the uncontested divorce documents to the Court for an uncontested divorce by affidavit.

        On March 23, 1999, I received a copy of the Notice to Attend Kids First II which indicated that the parties were to attend the program on March 24, 1999.  Unfortunately, Mr. English is presently out of the country and is scheduled to move to the Mainland immediately after his return to Hawaii next month.

        Under the circumstances, Mr. English is unable to attend the Kids First program on March 24, 1999 or any other time.  Upon information and belief, Ms. Chang and the parties' son will be attending the Kids First program on March 24, 1999.

        I would therefore respectfully request that Mr. English be excused from attendance at the Kids First program and that the Divorce Decree, if approved by the Court, be entered in this case.  Hearing on the Divorce Decree is now scheduled for April 1, 1999.

        Thank you for your consideration.

*allowed*

APPROVED AND SO ~~ORDERED~~

*3/31/99*

Respectfully,

*[signature]*
CHARLES T. KLEINTOP

CTK:dlo
cc:  Mr. English
     Ms. Chang

| FAMILY COURT FIRST CIRCUIT STATE OF HAWAII | SUPPLEMENTAL AFFIDAVIT RE: DIRECT PAYMENT CHILD SUPPORT | CASE NUMBER FC-D NO. 99-0680 |
|---|---|---|

| | Preparer's Name, Address and Telephone Number |
|---|---|
| CORLIS JEAN CHANG<br><br>PLAINTIFF,<br><br>vs.<br><br>PHILIP EUGENE ENGLISH<br>DEFENDANT. | CHARLES T. KLEINTOP  1320-0<br>DYAN M. MEDEIROS  6776-0<br>1100 Alakea Street, 20th Floor<br>Honolulu, Hawaii  96813<br>Telephone:  524-5183 |

1.   My spouse and I have agreed that I shall pay child support directly to my spouse and not through the Child Support Enforcement Agency (CSEA).

2.   Such an arrangement is in the best interest of our child(ren) because:
I am in the process of relocating to the Mainland.  Paying Plaintiff directly will ensure she receives my child support payments in a timely manner to help pay our child's expenses. I am committed to ensuring the payments are made in a timely manner.

3.   [ ]   I affirm that all prior child support, ordered by the court or administratively, has been paid in a timely fashion.
     [ ]   I have not  been previously ordered to pay child support.

4.   Our child(ren) do/does not receive  public assistance, welfare, foster care, Social Security or other governmental assistance.

5.   There are no outstanding debts owed to the Department of Human Services or other public assistance agencies by myself or my spouse.

6.   I understand that at any time after the entry of our Divorce Decree, either party may void the direct payment arrangement and apply for services from the Child Support Enforcement Agency (CSEA) to receive payment through the agency.

7.   I further understand that if our child(ren) receive(s) public assistance from the Department of Human Services, foster care payments or Social Security or if either parent applies to the CSEA for services, CSEA may immediately void the direct payment arrangement by sending written notice by regular mail to both parents at their last known addresses as set forth in our Divorce Decree or subsequent child support order.

8.   Based upon the facts set forth herein, I ask this Court to approve direct payments of child support rather than requiring that child support payments be made through the CSEA.

I declare that I understand that my signature under oath before a notary public is my solemn statement that I have read this affidavit and I know and understand the contents and that the statements are true, correct and complete to the best of my knowledge and belief.

SIGNATURE _____

| SUBSCRIBED AND SWORN TO BEFORE ME ON THIS DATE:<br><br>4/12/99 | NOTARY PUBLIC'S SIGNATURE<br><br><br>STATE OF HAWAII | MY COMMISSION EXPIRES:<br><br>4/16/0✓ | FIRST CIRCUIT COURT STATE OF HAWAII FILED<br>1999 APR 13 AM 9:<br>F. OHKE CLERK<br>FOR COURT USE ONLY |

dirpay.aff  11/98

CC-005103

| FAMILY COURT FIRST CIRCUIT STATE OF HAWAII | SUPPLEMENTAL AFFIDAVIT RE: DIRECT PAYMENT CHILD SUPPORT | CASE NUMBER FC-D NO. 99-0680 |
|---|---|---|

| CORLIS JEAN CHANG | Preparer's Name, Address and Telephone Number |
|---|---|

PLAINTIFF,

vs.

PHILIP EUGENE ENGLISH

DEFENDANT.

Preparer's Name, Address and Telephone Number
OF COUNSEL:
STIRLING & KLEINTOP

CHARLES T. KLEINTOP 1320-0
DYAN M. MEDEIROS 6776-0
1100 Alakea Street, 20th Floor
Honolulu, Hawaii 96813
Telephone: 524-5183

1.  My spouse and I have agreed that I shall pay child support directly to my spouse and not through the Child Support Enforcement Agency (CSEA).

2.  Such an arrangement is in the best interest of our child(ren) because:
    Paying Plaintiff directly will ensure she receives my child support payments in a timely manner to help pay our child's expenses.  I am committed to ensuring the payments are made in a timely manner.

3.  [ ]  I affirm that all prior child support, ordered by the court or administratively, has been paid in a timely fashion.
    [x]  I have not been previously ordered to pay child support.

4.  Our child(ren) do/does not receive public assistance, welfare, foster care, Social Security or other governmental assistance.

5.  There are no outstanding debts owed to the Department of Human Services or other public assistance agencies by myself or my spouse.

6.  I understand that at any time after the entry of our Divorce Decree, either party may void the direct payment arrangement and apply for services from the Child Support Enforcement Agency (CSEA) to receive payment through the agency.

7.  I further understand that if our child(ren) receive(s) public assistance from the Department of Human Services, foster care payments or Social Security or if either parent applies to the CSEA for services, CSEA may immediately void the direct payment arrangement by sending written notice by regular mail to both parents at their last known addresses as set forth in our Divorce Decree or subsequent child support order.

8.  Based upon the facts set forth herein, I ask this Court to approve direct payments of child support rather than requiring that child support payments be made through the CSEA.

I declare that I understand that my signature under oath before a notary public is my solemn statement that I have read this affidavit and I know and understand the contents and that the statements are true, correct and complete to the best of my knowledge and belief.

SIGNATURE _Philip Eugene English_

| SUBSCRIBED AND SWORN TO BEFORE ME ON THIS DATE: 4/22/99 | NOTARY PUBLIC'S SIGNATURE | MY COMMISSION EXPIRES: 4/16/02 |
|---|---|---|
| | STATE OF HAWAII | FOR COURT USE ONLY |

dirpay-aff  11/98

| FAMILY COURT FIRST CIRCUIT STATE OF HAWAII | SUPPLEMENTAL AFFIDAVIT RE: DIRECT PAYMENT CHILD SUPPORT | CASE NUMBER FC-D NO. 99-0680 |
|---|---|---|

| | Preparer's Name, Address and Telephone Number Of Counsel: |
|---|---|
| CORLIS JEAN CHANG | STIRLING & KLEINTOP |
| PLAINTIFF, | |
| | CHARLES T. KLEINTOP  1320-0 |
| vs. | DYAN M. MEDEIROS  6776-0 |
| | 1100 Alakea Street, 20th Floor |
| PHILIP EUGENE ENGLISH | Honolulu, Hawaii  96813 |
| DEFENDANT. | Telephone:  524-5183 |

1.      My spouse and I have agreed that ~~I~~ he shall pay child support directly to ~~my spouse~~ me and not through the Child Support Enforcement Agency (CSEA).

2.      Such an arrangement is in the best interest of our child(ren) because:
Payment to me directly will ensure I receive the child support payments in a timely manner to help pay our child's expenses.  I know Defendant is committed to ensuring the payments are made in a timely manner.  Defendant and I have agreed to this manner of payment.

3.      [ ]  .  I affirm that all prior child support, ordered by the court or administratively, has been paid in a timely fashion.
        [X]      I ~~have~~ not been previously ordered to pay child support.
        My spouse has

4.      Our child(ren) ~~do~~/does not receive  public assistance, welfare, foster care, Social Security or other governmental assistance.

5.      There are no outstanding debts owed to the Department of Human Services or other public assistance agencies by myself or my spouse.

6.      I understand that at any time after the entry of our Divorce Decree, either party may void the direct payment arrangement and apply for services from the Child Support Enforcement Agency (CSEA) to receive payment through the agency.

7.      I further understand that if our child(ren) receive(s) public assistance from the Department of Human Services, foster care payments or Social Security or if either parent applies to the CSEA for services, CSEA may immediately void the direct payment arrangement by sending written notice by regular mail to both parents at their last known addresses as set forth in our Divorce Decree or subsequent child support order.

8.      Based upon the facts set forth herein, I ask this Court to approve direct payments of child support rather than requiring that child support payments be made through the CSEA.

I declare  that I understand that my signature under oath before a notary public is my solemn statement that I have read this affidavit and I know and understand the contents and that the statements are true, correct and complete to the best of my knowledge and belief.

| SIGNATURE | |
|---|---|
| SUBSCRIBED AND SWORN TO NOTARY PUBLIC'S SIGNATURE BEFORE ME ON THIS DATE: | MY COMMISSION EXPIRES: |
| April 26, 1999 | 01/24/2002 |
| STATE OF HAWAII | FOR COURT USE ONLY |

dirpay.aff  11/98

CC-005105

Of Counsel:
STIRLING & KLEINTOP

CHARLES T. KLEINTOP  1320-0
DYAN M. MEDEIROS  6776-0
20th Floor
1100 Alakea Street
Honolulu, Hawaii  96813
Telephone: 524-5183

Attorneys for Defendant

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

1999 APR 29  PM 2: 27

F. OTAKE
CLERK

IN THE FAMILY COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| CORLIS JEAN CHANG, | ) | FC-D No.  99-0680 |
| Plaintiff, | ) | DIVORCE DECREE |
| vs. | ) | |
| PHILIP EUGENE ENGLISH, | ) | Hearing:   APR 0 1 1999 |
| Defendant. | ) | Judge:   CHRISTINE E. KURIYAMA |

## DIVORCE DECREE

This action came on for hearing on _____ APR 0 1 1999 _____ before the Honorable ___ CHRISTINE E. KURIYAMA ___, Judge of the above-entitled Court.

Following the hearing and after full consideration of the evidence, the Court found the material allegations of the complaint for divorce to be true, Plaintiff to be entitled to a divorce from the bonds of matrimony on the ground that the marriage is irretrievably broken, and the Court to have jurisdiction to enter this decree.

Now, therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.  A decree of absolute divorce is hereby granted to Plaintiff.  The bonds of matrimony between Plaintiff and Defendant are hereby dissolved and the parties hereto are restored to the status of single persons.  Either party is permitted to marry from and after the effective date of this decree.

2.  This decree is effective after it is signed and filed.

3.  There was one (1) child born of the marriage:  SEAN MICHAEL ENGLISH, born November 30, 1989.

4.  <u>Custody and Visitation</u>.  In anticipation of Defendant relocating to and residing on the Mainland, Plaintiff and Defendant shall be awarded joint legal custody of SEAN and Plaintiff be awarded physical custody of SEAN, subject to Defendant's rights of reasonable visitation.

Defendant's rights of reasonable visitation shall include but not be limited to the following:

(a)  <u>Correspondence and Telephone Contact</u>.  Unlimited correspondence and up to daily telephone contacts at reasonable hours.  Reasonable hours shall be determined by SEAN's age and his usual daily activities schedule.

(b)  <u>Christmas/New Year Vacation</u>.  One-half (1/2) of the Christmas/New Year vacation period, alternating the first and second half.  The first half shall always include Christmas Eve and Day.  The second half shall always include New Year's Eve and Day.  If the calendar doesn't allow for these inclusions a particular year, the parties shall adjust their days to allow for the inclusions while still maintaining an equal division of the vacation.  Defendant shall have the first half of the Christmas/New Year vacation period in 1999.

(c)  <u>Spring Break Vacation</u>.  The entire spring break vacation in even-numbered years, starting in the year 2000.

-2-

CC-005107

(d) <u>Summer Vacation</u>.  The summer vacation period commencing one (1) week after the end of the school year and continuing until two (2) weeks prior to the start of the school year, or as the parties hereafter shall mutually agree.

(e) <u>Special Accessibility</u>.  If Defendant comes to Honolulu for any reason, he shall give Plaintiff at least two (2) weeks notice that he would like to visit with SEAN.  The visitation shall take into account SEAN's usual school activity schedule, if any.  At a minimum, Defendant's visitation while he is in Honolulu shall be the weekends and one (1) day during the week from afterschool to a reasonable time of return the same day.

(f) <u>No Removal from Country</u>.  Neither party shall temporarily remove SEAN from his or her residence to any jurisdiction outside of the United States of America without first (1) advising the other party at least thirty (30) days in advance of the intended date of such removal, and (2) obtaining a Court order allowing such removal with specified dates of removal and return to the United States of America.

(g) <u>Health Reports</u>.   The parties will share medical and dental reports at appropriate times.  Whoever receives the reports will share the reports with the other party.

(h) <u>Reciprocal Access</u>.  During the periods that SEAN is with Defendant, Plaintiff shall have telephone and correspondence rights similar to Defendant's and Defendant shall cooperate with Plaintiff in facilitating those rights.

As joint legal custodians, the parties shall confer on major decisions affecting SEAN, including but not limited to his elementary and secondary education, his higher education, major medical or dental care

-3-

CC-005108

required by him, his school and after school activities of note, military service requiring consent of the parties, and marriage requiring consent of the parties. Additionally, each party shall keep the other apprised of SEAN's general health, school progress (i.e. report cards and the like), school activities, afterschool activities, and general whereabouts when SEAN is with him or her. The parties will communicate openly and freely with each other regarding SEAN and those matters which affect his well-being. Each party shall keep the other party informed of his or her residence address and telephone number during SEAN's minority.

Defendant shall pay all of SEAN'S transportation expenses incident to his visitation with SEAN.

All of the foregoing shall be subject to further order of the Court.

5. Other matters covered by this decree are as follows:

(a) <u>Child Support</u>. Defendant shall pay directly to Plaintiff as and for the support, maintenance, and education of SEAN the sum of <u>$370.00</u> per month. Said sum shall be payable in one (1) monthly installment on the fifth day of each month, commencing on the fifth day of April, 1999.

Child support for SEAN shall continue until he attains the age of 18 years <u>or</u> graduates from or discontinues high school, whichever occurs last.

All of the foregoing shall be subject to further order of the Court.

(b) <u>Medical and Dental Care for SEAN</u>. Plaintiff shall maintain medical and dental insurance coverage for SEAN to the extent and for so long as SEAN is eligible under her medical and dental insurance plans. Any uninsured expenses for medical care, dental care, prescription drugs, and vision care for SEAN shall be

-4-

CC-005109

paid by Plaintiff up to a cumulative total of $300.00 per year. Any uninsured expenses for medical care, dental care, prescription drugs, and vision care for SEAN in excess of the cumulative total of $300.00 per year shall be paid equally by the parties.

All of the foregoing shall be subject to further order of the Court.

(c) Pre-College Private Education Expenses. As joint legal custodians, should the parties decide to enroll SEAN in a particular pre-college private school, each party shall assume and pay that proportion of SEAN's private education expenses that his or her monthly gross income bears to the combined monthly gross income of both parties. [Mark v. Mark, 9 Haw. App. 184, 828 P.2d 1291 (1992)]. Private education expenses shall include tuition, fees, book expenses, and school lunch expenses.

All of the foregoing shall be subject to further order of the Court.

(d) Post High School, Higher Education Expenses. As joint legal custodians, the parties, with input from SEAN, shall decide where SEAN obtains his post high school, higher education. To pay SEAN's post high school, higher education expenses, the parties shall first utilize the trust accounts for SEAN [as identified in paragraph 10(b) of the parties' Agreement Incident to Divorce]. Thereafter, and assuming the parties are still in agreement as to where SEAN shall obtain his post high school, higher education, each party shall assume and pay that proportion of SEAN's post high school, higher education expenses that his or her monthly gross income bears to the combined monthly gross income of both parties. All of the foregoing presumes that SEAN is pursuing his

-5-

CC-005110

education post high school on a fulltime basis at an accredited college or university, or in a vocational or trade school. If he isn't, none of the foregoing shall apply. The obligations in this paragraph shall continue until SEAN graduates or attains the age of 23 years, whichever occurs first.

Post high school, higher education expenses shall include tuition, fees, book expenses, room and board (assuming SEAN is not living with Plaintiff), transportation, and a reasonable allowance.

All of the foregoing shall be subject to further order of the Court.

(e) <u>Alimony</u>. Neither Defendant nor Plaintiff requests alimony from the other party and there shall be no order for alimony.

(f) <u>Medical and Dental Insurance Coverage for Defendant</u>. If Defendant elects COBRA health insurance coverage through Plaintiff's employer, Plaintiff shall take all necessary steps to ensure that medical and/or dental insurance coverage is made available for Defendant through her employer in accordance with and subject to the provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA). Defendant shall then pay any fees, premiums, or payments necessary to secure this medical and/or dental insurance coverage for himself for so long as he is eligible for such coverage.

All of the foregoing shall be subject to further order of the Court.

(g) <u>Incorporation of Agreement Incident to Divorce</u>. The Agreement Incident to Divorce entered into by and between

-6-

CC-005111

the parties on March 5, 1999 is approved by the Court and incorporated herein by reference.

DATED: Honolulu, Hawaii, _____ APR 2 9 1999 .

_____
Judge of the above-entitled Court

APPROVED AS TO FORM AND CONTENT:

_____        March 5, 1999
CORLIS JEAN CHANG                          _____
Plaintiff                                  Date
SSN #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
Address:      4369 Aukai Avenue
              Honolulu, Hawaii  96816
Employer's Name and Address:
              Goodsill, Anderson, Quinn & Stifel
              1099 Alakea Street, Suite 1800
              Honolulu, Hawaii  96813

_____        March 5, 1999
PHILIP EUGENE ENGLISH                      _____
Defendant                                  Date
SSN #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
Address:      4369 Aukai Avenue
              Honolulu, Hawaii  96816

Employer's Name and Address:
              Self-employed

APPROVED AS TO FORM:

_____        _____
PETER T. KASHIWA                          CHARLES T. KLEINTOP
Attorney for Plaintiff                    DYAN M. MEDEIROS
                                          Attorneys for Defendant

-7-

CC-005112

Of Counsel:
STIRLING & KLEINTOP

CHARLES T. KLEINTOP  1320-0
DYAN M. MEDEIROS  6776-0
20th Floor
1100 Alakea Street
Honolulu, Hawai`i 96813
Telephone: 524-5183

Attorneys for Defendant

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

1999 MAY -3 P 3: 06

T. WONG
CLERK

IN THE FAMILY COURT OF THE FIRST CIRCUIT

STATE OF HAWAI`I

| | | |
|---|---|---|
| CORLIS JEAN CHANG, | ) | FC-D No.  99-0680 |
| | ) | |
| Plaintiff, | ) | STATEMENT OF MAILING |
| | ) | |
| vs. | ) | |
| | ) | |
| PHILIP EUGENE ENGLISH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

STATEMENT OF MAILING

       Pursuant to Rule 97, Hawaii Family Court Rules, I hereby certify that on April 30, 1999, I caused one (1) certified copy of the Divorce Decree filed on April 29, 1999 to be mailed to Plaintiff at the following address:

       CORLIS J. CHANG
       4369 Aukai Avenue
       Honolulu, HI  96816

       DATED:  Honolulu, Hawai`i, May 1, 1999.

CHARLES T. KLEINTOP
DYAN M. MEDEIROS
Attorneys for Defendant

CC-005113

Of Counsel:
STIRLING & KLEINTOP

CHARLES T. KLEINTOP  1320-0
DYAN M. MEDEIROS  6776-0
20th Floor
1100 Alakea Street
Honolulu, Hawai`i 96813
Telephone: 524-5183

Attorneys for Defendant

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

1999 MAY 11  A 10: 05

T. WONG
CLERK

IN THE FAMILY COURT OF THE FIRST CIRCUIT

STATE OF HAWAI`I

| | |
|---|---|
| CORLIS JEAN CHANG,    ) | FC-D No. 99-0680 |
| ) | |
| Plaintiff,    ) | QUALIFIED DOMESTIC |
| ) | RELATIONS ORDER |
| vs.    ) | |
| ) | |
| PHILIP EUGENE ENGLISH,    ) | |
| ) | |
| Defendant.    ) | |
| ) | |
| ) | |
| ) | |

## QUALIFIED DOMESTIC RELATIONS ORDER

This Order implements the provisions of the Agreement Incident to
Divorce filed herein on March 17, 1999 and the Divorce Decree filed herein on
April 29, 1999.

For purposes of this Order, Defendant PHILIP EUGENE ENGLISH
is referred to as the "Alternate Payee" and Plaintiff CORLIS JEAN CHANG is
referred to as the "Participant."

This Order provides as follows:

1. Effect of this Order as a Qualified Domestic Relations Order.
This Order creates and recognizes the existence of the Alternate Payee's right

CC-005114

to receive a portion of the Participant's benefits payable under an employer-sponsored defined contribution plan that is qualified under §401 of the Internal Revenue Code ("the Code") and the Employee Retirement Income Security Act of 1974 ("ERISA"). It is intended to constitute a Qualified Domestic Relations Order ("QDRO") under §414(p) of the Code and §206(d)(3) of ERISA.

    2. <u>Participant's Full Name, Mailing Address, Social Security Number, and Date of Birth</u>.

> Corlis Jean Chang
> 4369 Aukai Avenue
> Honolulu, Hawai`i 96816
> SSN: 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
> Date of Birth: March 2, 1957

    3. <u>Alternate Payee's Full Name, Mailing Address, Social Security Number, and Date of Birth</u>.

> Philip Eugene English
> 4369 Aukai Avenue
> Honolulu, Hawai`i 96816
> SSN: 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
> Date of Birth: October 26, 1954

    The Alternate Payee shall have the duty to notify the Plan Administrator in writing of any changes in his mailing address subsequent to the entry of this Order.

    4. <u>Date of Marriage</u>. The Alternate Payee and the Participant were married on September 1, 1984.

    5. <u>Date of Divorce</u>. The Alternate Payee and the Participant were divorced on April 29, 1999.

    6. <u>Retirement Plan and Plan Administrator</u>. The name of the Plan to which this Order applies is the Goodsill Anderson Quinn & Stifel Retirement Plan ("the Plan"). Further, any successor plan to the Plan or any other plan(s) to which liability for the provision of the Participant's benefits

-2-

CC-005115

described below is incurred shall also be subject to the terms of this Order. Also, any benefits accrued by the Participant under a predecessor plan of the employer or any other defined contribution plan sponsored by the Participant's employer, whereby liability for benefits accrued under the predecessor plan or other defined contribution plan has been transferred to the Plan, shall also be subject to the terms of this Order.

Any changes in Plan Administrator, Plan Sponsor, or name of the Plan shall not affect the Alternate Payee's rights as stipulated under this Order.

The full name and mailing address of the Plan Administrator of the Plan are:

> Lant A. Johnson
> Goodsill Anderson Quinn & Stifel
> Ali`i Place
> 1099 Alakea Street, Suite 1800
> Honolulu, Hawai`i 96813

7. <u>Assignment of Benefits in the Plan</u>. The Participant shall assign to the Alternate Payee, and the Plan shall pay to the Alternate Payee, a portion of the Participant's benefits in the Plan.

8. <u>Benefits to be Paid to Alternate Payee</u>. This Order assigns to the Alternate Payee a portion of the Participant's Total Account Balance under the Plan in an amount which the parties have agreed shall be SEVENTY-SEVEN THOUSAND DOLLARS (<u>$77,000.00</u>), effective as of April 29, 1999.

In the event the Alternate Payee does not elect an immediate distribution, his share of the benefits described above shall be segregated and separately maintained in an account(s) established on his behalf and shall additionally be credited with any interest and investment income

-3-

CC-005116

or losses attributable thereon from April 29, 1999 until the date of total distribution to the Alternate Payee. The Alternate Payee's portion shall be proportionately divided among the investment funds as the Participant's account(s) are allocated as of the date the Order becomes qualified.

9. <u>Commencement Date and Form of Payment to Alternate Payee</u>. If the Alternate Payee so elects, he shall be paid his benefits as soon as administratively feasible following the date this Order is approved as a QDRO by the Plan Administrator, or at the earliest date permitted under the Plan or §414(p) of the Code, if later. The Plan will pay benefits to the Alternate Payee in any form or permissible option otherwise available to participants and alternate payees under the terms of the Plan, including, but not limited to, a single lump-sum cash payment.

In the event the Alternate Payee commences his benefits in the form of a monthly annuity, if that form of payment is available under the Plan, his benefits are to be based on the life expectancy of the Alternate Payee. Any actuarial adjustment that might be necessary to convert the Alternate Payee's benefits to another form based on the Alternate Payee's lifetime should be applied to the Alternate Payee's benefits.

Further, should any early commencement reduction be necessary in the event that the Alternate Payee commences his annuity prior to the Participant's Normal Retirement Date, then the reduction shall be applied to the Alternate Payee's benefits in accordance with applicable Plan provisions.

10. <u>Alternate Payee's Rights and Privileges</u>. On and after the date this Order is deemed to be a QDRO, but before the Alternate Payee receives his total distribution under the Plan, the Alternate Payee shall be entitled to all of the rights and election privileges afforded to Plan beneficiaries, including, but not limited to, the rules regarding the right to designate a beneficiary for death

-4-

CC-005117

benefit purposes and the right to direct Plan investments, only to the extent permitted under the provisions of the Plan.

11. <u>Death of Alternate Payee</u>. In the event of the Alternate Payee's death prior to receiving the full amount of benefits called for under this Order and under the benefit option chosen by the Alternate Payee, the Alternate Payee's beneficiary(ies), as designated on the appropriate form provided by the Plan Administrator, shall receive the remainder of any unpaid benefits under the terms of this Order.

12. <u>Death of Participant</u>. In the event the Participant dies prior to the establishment of separate account(s) in the name of the Alternate Payee, the Alternate Payee shall be treated as the surviving spouse of the Participant for any death benefits payable under the Plan to the extent of the full amount of his benefits as called for under Paragraphs 7 and 8 of this Order. Should the Participant predecease the Alternate Payee after the new account(s) have been established on his behalf, the Participant's death shall in no way affect the Alternate Payee's right to the portion of his benefits as stipulated herein.

13. <u>Limitations of Assignment</u>. This Order does not require the Plan to:

    a. Provide any type or form of benefit option not otherwise provided under the terms of the Plan;

    b. Provide increased benefits determined on the basis of actuarial value; or

    c. Provide benefits to the Alternate Payee which are required to be paid to another alternate payee under another order previously determined to be a QDRO.

14. <u>Certification of Necessary Information</u>. All payments made pursuant to this Order shall be conditioned on the certification by the Alternate Payee and the Participant to the Plan Administrator of such information as the

-5-

CC-005118

Plan Administrator may reasonably require from the parties to make the neces-
sary calculation of the benefit amounts contained herein.

15. <u>Continued Qualified Status of Order</u>. It is the intention of
the parties that this QDRO continue to qualify as a QDRO under §414(p) of
the Code, as it may be amended from time to time, and that the Plan Admin-
istrator shall reserve the right to reconfirm the qualified status of the Order at
the time benefits become payable hereunder.

16. <u>Tax Treatment of Benefits</u>. The Alternate Payee shall include
in his gross income for the tax years of receipt all retirement benefits that the
Alternate Payee receives due to the Participant's assignment of benefits herein,
and the Participant need not include such benefits in the Participant's gross
income for such tax years. The Alternate Payee shall be treated as the distri-
butee under §§72 and 402 of the Code of any payment or distribution that is
made to the Alternate Payee under the Participant's assignment of benefits
herein and, as such, will be required to pay the appropriate federal income
taxes on the distribution.

17. <u>Actions by Participant</u>. The Participant shall not take any
actions, affirmative or otherwise, that circumvent the terms and provisions
of this QDRO or that could diminish or extinguish the rights and entitlements
of the Alternate Payee as set forth herein. Accordingly, the Participant shall
not be able to effectively reduce the Alternate Payee's entitlement to his full
share of the Participant's retirement benefits by withdrawing monies from
the Plan prematurely. Should the Participant take any action or inaction to
the detriment of the Alternate Payee, she shall be required to make sufficient
payments directly to the Alternate Payee to the extent necessary to neutralize
the effects of her actions or inactions and to the extent of his entitlements
hereunder.

-6-

CC-005119

18. <u>Constructive Receipt</u>. In the event the Plan Trustee inadvertently pays to the Participant any benefits that are assigned to the Alternate Payee pursuant to the terms of this Order, the Participant shall immediately reimburse the Alternate Payee to the extent that the Participant has received such benefit payments and shall forthwith pay the amounts so received directly to the Alternate Payee within ten (10) days of receipt.

19. <u>Pursuant to State Domestic Relations Law</u>. This Order is issued pursuant to Hawaii Revised Statutes Sections 580-1 *et seq.* which relate to the provision of child support, alimony payments, and marital property rights, as defined therein between spouses and former spouses in actions for divorce.

20. <u>For Provision of Marital Property Rights</u>. This Order relates to the provision of marital property rights to the Alternate Payee as a result of the Agreement Incident to Divorce and Divorce Decree between the Participant and the Alternate Payee.

21. <u>Continued Jurisdiction</u>. If this Order is deemed not qualified within the meaning of §414(p) of the Code, the Court shall retain all necessary jurisdiction to modify this Order so as to make it a QDRO. Any such amendment to this Order shall be entered *nunc pro tunc*. In the event that no order is ever qualified, the question of how to provide the Alternate Payee with a payment that fairly represents his fair share of the Participant's benefits in the Plan shall be submitted promptly to binding arbitration under procedures established by the American Arbitration Association.

The Court shall also retain jurisdiction with respect to this Order to the extent required to maintain its qualified status and the original intent of the parties as stipulated herein. The Court shall also retain jurisdiction to enter such further orders as are necessary to enforce the assignment of benefits to the Alternate Payee as set forth herein, including the recharacterization

-7-

CC-005120

thereof as a division of benefits under another plan, as applicable, or to make an award of alimony, if applicable, in the event the Participant fails to comply with the provisions contained above requiring said payments to the Alternate Payee.

22. <u>Plan Termination</u>. In the event of a Plan termination, the Alternate Payee shall be entitled to receive his portion of the Participant's benefits as stipulated herein in accordance with the Plan's termination provisions for participants and beneficiaries.

DATED:  Honolulu, Hawai`i, _____ MAY 11 1999 _____.

_____
Judge of the above-entitled Court

APPROVED:

_____     Dated: May 4, 1999
CORLIS JEAN CHANG                            Honolulu, Hawai`i
Plaintiff Pro Se

_____     Dated: May 1, 1999
PHILIP EUGENE ENGLISH                       Honolulu, Hawai`i
Defendant

APPROVED AS TO FORM:

_____     Dated: May 3, 1999
CHARLES T. KLEINTOP                          Honolulu, Hawai`i
DYAN M. MEDEIROS
Attorneys for Defendant

-8-

CC-005121