**From:** Chang, Corlis J. [cchang@goodsill.com]
**Sent:** Tuesday, July 10, 2001 8:36 AM
**To:** 'English, Philip E.'
**Subject:** RE: 1998 Taxes

Dear Phil:

I am willing to contribute to the offer in compromise if it will clear the 1998 debt in its entirety. You may want to ask the IRS person about it, but I think you make the offer (but not give the money). If the offer is accepted, then the money changes hands. If it is not accepted, then things just continue on as they were, OR, they continue to negotiate (what I expect they would do).

Just one last word as to Cyndi and Rob. Cyndi doesn't owe the debt, Rob does. You can only ask Cyndi to help, but don't be surprised if she doesn't want to get involved. As for Rob, you probably will have to file an action against him to get his attention if calling Cyndi does nothing. I suspect he'll just file for bankruptcy. I guess you would take that as a loss against your taxes as a "bad debt." If he makes you an offer to take some property in lieu of the $, I'd do it. I think you better do something soon and probably in writing.

Corlis

-----Original Message-----
**From:** English, Philip E. [mailto:penglish@co.honolulu.hi.us]
**Sent:** Tuesday, July 10, 2001 8:27 AM
**To:** 'Chang, Corlis J.'
**Subject:** RE: 1998 Taxes



Dear Corlis,

I understand and I never intended that you participate in the offer-in-compromise unless you could get relief. It was my understanding from the person that I am dealing with that it might be possible to get you relief through my offer-in-compromise. They are aware that I have no assets and I have no expendable income. According to their calculations of allowable expenses I am in the whole a few hundred dollars per month. It was suggested that perhaps you might be willing to help with the offer to relieve your debt as well.

To tell you the truth I do not understand these things clearly and I am taking it one step at a time. I am also doing what ever I can to try and raise what ever money I can. What ever I raise I will use for the offer. I have attempted to contact Cyndi. I have an appointment at the end of this month to see if I can participate in the medical study that would pay me +/- $2,000. I am looking for any way that I can do it. It is uncertain that they will use me because of the history of cancer but they have none the less asked me to come in. I suspect they are having a hard time finding subjects. I will use what ever money, if any, to make the offer and hope that it is accepted and that the 1998 debt is relieved as well.

I will contact the IRS this week and tell them that you are willing to contribute but that you want to see in writing that if an offer is made and accepted that it will clear you of the 1998 debt as well. Is that what you want me to say? That is what you are telling me. Right?

I do not know if we give them the money at the same time we make the offer or not. They may be a stronger offer. But if they do not accept it do we get the money back or do they keep it? I am not sure hwo it all works and it may be premature to be thinking of these things but I do not think that it can hurt to be prepared or to make the offer in a manner that is most acceptable to them.

At any rate one step at a time.

CD 000822

Phil

-----Original Message-----
**From:** Chang, Corlis J. [mailto:cchang@goodsill.com]
**Sent:** Monday, July 09, 2001 7:33 PM
**To:** 'English, Philip E.'
**Subject:** RE: 1998 Taxes

Dear Phil:

Please understand that I do not want to interfere with your rapport with the IRS person. If settlement could be reached on the 1998 taxes alone, then I would shoulder the burden on getting a loan for that and both of us would be free of that debt. But the 1998 tax debt and your own 1999 debt is rolled into one debt and I can't help that.

If the IRS is going to settle on the 1998 debt, eventually, I will have to be notified in some way. What I don't want to have happen is that the IRS makes us BOTH pay for the same debt.

Wendell indicated that the IRS could wipe out the entire debt for both of us with your offer in compromise, but that we need to get that in writing.

If you can get that in writing, then I can help pay for part of the offer in compromise with a loan. But if you aren't willing to get that in writing for me, or if I'm not able to get direct assurances from the IRS, then what I'd be risking is partial payment for an offer in compromise which does nothing to relieve me of the debt.

Corlis

-----Original Message-----
**From:** English, Philip E. [mailto:penglish@co.honolulu.hi.us]
**Sent:** Monday, July 09, 2001 4:17 PM
**To:** 'Chang, Corlis J.'
**Subject:** RE: 1998 Taxes

Dear Corlis,

I attempted to offer you a reason in my last e-mail. I do not want you to do anything that would not benefit you and the reason I brought it to your attention is that I believed that it might be of benefit to you. I understand the reason that you want assurances and I will attempt to get those for you.

If you have someone at the IRS that you have spoken to about taxes and you want to ask them about it maybe that is the way to go. As far as my additional tax burdens I have a repore with this person and I would like to keep it that way so I can not authorize you to speak to anyone regarding this matter.

Unfortunately as it stands I have no excess income and no assets that I may use for an offer-in-compromise. That does not mean that I have given up hope. There is always hope. Prayer is helpful. But it is God's will that we pray for and not our own.

CD 000823

At this time we should proceed on our own seperately, you with whatever arrangements you have with them already and me with whatever arrangements that I can make with them, if any, in the future. If I can get some assurance about the possibility of the entire tax lean being forgiven I will let you know.

Phil

-----Original Message-----
**From:** Chang, Corlis J. [mailto:cchang@goodsill.com]
**Sent:** Monday, July 09, 2001 5:12 PM
**To:** 'English, Philip E.'
**Subject:** RE: 1998 Taxes

Phil:

Since the debt is joint and several, I need to be able to speak to the IRS person directly myself. Because a former IRS attorney has told me it is unlikely the IRS would cut such a deal, I need to have written assurances from her that the debt would be gone forever. Since I am willing to at least get a loan for $1,700, I think I should have that right. It would be very unfair for me to get a loan to pay off the debt only to find that the IRS will relieve you of liability but not me. I don't trust the IRS and I want to hear it for myself and get it in writing.

I have spoken to this lady before and she's very nice. Eventually, they have to talk to me anyway since it's a joint debt.

Unless you can offer me a reason why I shouldn't call her, I would like to do so.

Corlis

-----Original Message-----
**From:** English, Philip E. [mailto:penglish@co.honolulu.hi.us]
**Sent:** Monday, July 09, 2001 10:09 AM
**To:** 'Chang, Corlis J.'
**Subject:** RE: 1998 Taxes

Corlis,

I will try through Cyndi. Time is of the essence. A law suit could take time. None the less I will try to recover in some way.

I would rather continue to speak to the IRS person myself. I have a good repore with this person and the person seems to be sympathetic to my situation. It has been the anwser to my prayers that the person that I deal with would have a soft heart and see the truth of my situation rather than blindly carry out some rule or regulation. Although this person will not be making the decision they will be making a recomendation.

CD 000824

What is it that you would want to ask? Maybe I can ask the question for you. If I can get something in writing or an IRS code that will explain things maybe that would be good. So regarding the 1998 taxes what is it that you want to know?

Phil

-----Original Message-----
**From:** Chang, Corlis J. [mailto:cchang@goodsill.com]
**Sent:** Monday, July 09, 2001 12:14 PM
**To:** 'English, Philip E.'
**Subject:** RE: 1998 Taxes

Regarding the taxes, do you have an objection to my speaking with the IRS person? I only want to know about 1998 and will not inquire about 1999. You will need to give her permission to speak since the settlement concerns your 1999 as well. Let me know.

As for Rob and Cyndi, I guess you need to work through Cyndi. I guess if that doesn't work, you need to file a claim in court against Rob and Cyndi for the money. Sounds like that's the only way, but I bet you'll have to stand in line to collect from Rob.

-----Original Message-----
**From:** English, Philip E. [mailto:penglish@co.honolulu.hi.us]
**Sent:** Monday, July 09, 2001 7:33 AM
**To:** 'Chang, Corlis J.'
**Subject:** RE: 1998 Taxes

Dear Corlis,

The person that I spoke with at the IRS indicated to me that the debt would be cleared and I asked even for you and she indicated yes. My concern is fact that this person is not the person that makes the decisions and I would rather get it straight from the horses mouth so to speak. If there is some way that I can help get tax relief for you through an offer-in-compromise I want to do that. But the fact is that I have no resources at all to pay for it.

The thing with Rob and Cyndi had nothing to do with the Jeep. Rob did work on the Jeep and he kept it for about three months at one time working on it. But that is a separate issue. He came to me late on a Friday afternoon and told me that he was really desparate and he wanted to know if I could lend him about $4,200. He said that it had something to do with some land on Maui that was owned by his family and that his Uncle was supposed to be paying taxes on it and they were about to lose it if they did not pay some attorney the $4,200 by the afternoon. That is a lot of money but he was desparate and I know that there were people who helped me when I really needed help and it was in part my way of returning the favor. Or so I thought.

CD 000825

I made it clear to Rob that I cou[ld] only lend him the money if he had some way to pay me back and the deal was that he could and would pay me back within 30 days. He even offered the ownership of his truck to me. But I told him that if he promised his word would be sufficient. You know me Corlis I tend to be too trusting.

Well 30 days came and went and truned to 90 days. I called maybe 100 hundred times and recieved no return call. I began to call Cyndi and asked her to please have Rob call me back. I explained what it was about to Cyndi and she either didn't know about it or thought that I was paid back and became angry at Rob and through him out of the house. Well they reconciled within a week and I have not heard from them since. It has been a while.

I have explained this to you so that you understand and know what it is about. I am not aksing that you get involved but I am asking if you have any ideas or suggestions as to how to recover this money. I have long hoped that Rob would step up to the line and do the right thing (Besides being trusting I am hopeful that people will rise to the occassion and I want to encourage people to rise to the occassion). Any ideas on this matter would be helpful.

I will attempt to talk to Cyndi today as her office is right up the street. She is usually not there but I can try.

On the tax issue please let me know what you find out. It would be to bad to lose an opportunity for you if one exists.

Phil


-----Original Message-----
**From:** Chang, Corlis J. [mailto:cchang@goodsill.com]
**Sent:** Friday, July 06, 2001 1:39 PM
**To:** 'English, Philip E.'
**Subject:** RE: 1998 Taxes

Dear Phil:

I spoke to someone who used to be with the IRS. He said he would be very surprised if the IRS would be willing to let me off the hook, even if they settled with you. He said it is more likely that they will split the debt, forgive you and keep me on the hook. He did say, however, he thought I'd have a good chance of getting the penalty abated (which is a significant amount of the debt). In any event, I'm still waiting to hear from another source as to what could be done.

As to what Cindy and Rob owe you, I don't know what that's about. I do recall receiving a call from Cindy at one time regarding the fact that Rob had done work on your Jeep and purchased parts and that this was the cause for the delay in getting the Jeep back to you. I'm not sure if their position is that the money you lent Rob was owed

to them anyway. I really don't think I should stick my nose in what went on between you, Cindy and Rob.

I will do what I can to see about getting information on how the 1998 taxes can be settled. You may need to give the IRS agent permission to speak with me since the matter involves your 1999 taxes as well.

Corlis

PS Re: dropping off Sean...If it's more convenient, I can pick him up. I try to do a Costco run on Sunday anyway, so it is just as convenient for me to get him. Just let me know.

CD 000827