IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PHILIP E. ENGLISH, | ) | CIV. NO. 04-00108 KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| vs. | ) | RECONSIDERATION |
| | ) | |
| CITY AND COUNTY OF | ) | |
| HONOLULU; GARY T. | ) | |
| KUROKAWA; ROBERT MAGOTA; | ) | |
| ANN C. GIMA; and GK | ) | |
| APPRAISALS, INC.; JOHN | ) | |
| DOES 1-10; JANE DOES 1- | ) | |
| 10; DOE PARTNERSHIPS; DOE | ) | |
| CORPORATIONS 1-10; AND | ) | |
| DOES ENTITIES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING MOTION FOR RECONSIDERATION

On September 18, 2006 Plaintiff Philip E.
English ("Plaintiff") filed Plaintiff's Motion for
Reconsideration of the Court's Granting of Defendants
City and County of Honolulu, Gary T. Kurokawa, Robert
O. Magota and Ann Gima's Motion to Extend Time to File
Substantive Motions and Defendant GK Apprasials, Inc.'s
Joinder ("Motion for Reconsideration"). Plaintiff also
filed an Ex Parte Motion to Shorten Time for Submission
of Responses and Decision on his Motion for

Reconsideration ("Motion to Shorten Time"). Pursuant to Local Rule 7.2(d) of the Local Rules of the United States District Court for the District of Hawaii ("Local Rules"), the Court finds this Motion for Reconsideration suitable for disposition without a hearing.

In Plaintiff's Motion for Reconsideration, Plaintiff argues that the Court should reconsider its September 8, 2006 Order extending the deadline for parties to file substantive motions to September 12, 2006. Plaintiff asserts that the Court should reconsider its decision based on the following: (1) Defendants misrepresented facts to this Court in their motion to extend time to file substantive motions; (2) the extension is prejudicial to Plaintiff; and (3) Defendants are attempting to delay trial in this case.

Federal Rules of Civil Procedure ("FRCP") 59(e) "permits a district court to reconsider and amend a previous order." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). A "motion for reconsideration should not be granted, absent

2

highly unusual circumstances, unless the district court
is presented with newly discovered evidence, committed
clear error, or if there is an intervening change in
the controlling law." Id.; see also Local Rule 60.1.
Granting a motion for reconsideration is an
"extraordinary remedy, to be used sparingly in the
interests of finality and conservation of judicial
resources." Kona Enterprises, Inc., 229 F.3d at 890.

In this case, Plaintiff has failed to present
the Court with new facts or law warranting the Court's
reconsideration of its September 8, 2006 Order.  The
Court has already considered many of the arguments set
forth by Plaintiff in his Motion for Reconsideration.
In addition, the Court finds that Plaintiff has not
been prejudiced by the extension of the dispositive
motions deadline, since both Plaintiff and Defendants
were given the opportunity to file motions.  On
September 12, 2006, Plaintiff filed a motion for
partial summary judgment.  Finally, the Court finds
that Plaintiff's argument that Defendants are trying to
delay the trial could have been raised in Plaintiff's

opposition to Defendants' motion requesting an

extension of the dispositive motions deadline.

Accordingly, Plaintiff's Motion for

Reconsideration is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 21, 2006.



_____
Kevin S.C. Chang
United States Magistrate Judge

Philip E. English v. City and County of Honolulu, et al., Civ. No. 04-00108
KSC; ORDER DENYING MOTION FOR RECONSIDERATION