00002481.WPD
KAWASHIMA LORUSSO & TOM LLP

JAMES KAWASHIMA      #1145-0
RANDALL Y. YAMAMOTO  #3274-0
BRIAN Y. HIYANE      #6045-0
CARTER K. SIU        #7313-0
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Telephone:     (808)275-0325
Facsimile:     (808)275-0399
Email Address: ryamamoto@kltlaw.com

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA, ROBERT O. MAGOTA,
and ANN C. GIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT STATE OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, <br><br> Plaintiff, <br><br> vs. <br><br> CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, <br><br> Defendants. | CIVIL NO. CV04-00108 KSC <br><br> DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT IV UNLAWFUL DISCRIMINATION AND RETALIATION AGAINST DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA FILED ON 09/12/06; DECLARATION OF LYLE Y. HARADA; EXHIBITS "A"-"D"; CERTIFICATE OF SERVICE <br><br> HEARING: <br><br> DATE: September 27, 2006 <br> TIME: 9:00 a.m. <br> JUDGE: Hon. Kevin S.C. Chang <br> Trial Date: October 3, 2006 |

DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA,
ROBERT O. MAGOTA, and ANN C. GIMA'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF PHILIP E. ENGLISH'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ON COUNT IV UNLAWFUL DISCRIMINATION AND RETALIATION
AGAINST DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA,
ROBERT O. MAGOTA, and ANN C. GIMA FILED ON 09/12/06

SUMMARY OF ARGUMENT

Contrary to the claims of the Plaintiff, there was no retaliation in this case. The problems that the Plaintiff encountered at work were a direct result of his threats, his inappropriate actions, and his failure to do his job. The Plaintiff has never taken any responsibility for his own actions, but rather has always blamed others. The Plaintiff's motion has been prepared in the same manner, and simply ignores the circumstances surrounding the actions taken.

The Hawaii Supreme Court has made clear that even when First Amendment Rights of an employee are involved, an employer, "must have wide discretion and control over the management of its personnel and internal affairs. This includes the prerogative to remove employees whose conduct hinders efficient operation and to do so with dispatch. Prolonged retention of a disruptive or otherwise unsatisfactory employee can adversely affect discipline and morale in the work place, foster disharmony, and ultimately impair the efficiency of an office or agency". Crosby v. State Department of Budget & Finance, 76 Haw. 332, 345, 876 P.2d 1300, 1313 (1994)(quoting Connick v. Myers, 46 U.S. 138, 103 S.Ct.

1684, 75 L.Ed.2d 708 (1983). In the instant case, there is clear evidence that Plaintiff's conduct was disruptive and threatening to those around him, and also impaired the efficiency of the office. Despite such behavior, attempts were made to counsel the Plaintiff, and to provide him with support. Moreover, the Plaintiff admitted in his deposition, that he was not terminated, his salary was not decreased, his benefits were not reduced, and his position was in no way changed.

It is respectfully submitted that the Plaintiff's motion must be denied, because reasonable minds would, in fact, find that the actions taken by the defendants were justified, and the assertions of the Plaintiff are unreasonable.

II. THE ACTIONS OF THE DEFENDANTS WERE JUSTIFIED

    1. There Was No Reason For Retaliation.

The Plaintiff's whistle blower claim is based on his assertion that a city employee, Chris Graff, was doing out-side work for GK Appraisals on City time.

Chris Graff denies the allegation. The Plaintiff did not attach that portion of Mr. Graff's deposition testimony, where Mr. Graff stated that after the Plaintiff spoke to Mr. Graff about the issue, Mr. Graff, himself, went to his City supervisors, Ann Gima, and Bob Magota, to inform them of his discussion with the Plaintiff, and that he denied doing any outside work for GK Appraisals on City time. In addition, Mr.

Graff stated that no one at GK Appraisals asked him to do work on City time or using City equipment. See Exhibit A.

Importantly, there is no testimony that the alleged wrongful use of City time or City equipment was permitted by the City. Mr. Graff indicated that he was specifically told by his supervisor that it was not permissible to do non-city work on City time. See Exhibit A. The same testimony was provided by Gary Kurokawa, whose outside company the Plaintiff accused Mr. Graff of doing work for. See Exhibit B.

Thus, the Plaintiff's motion provides no factual basis of the need for the City to retaliate against the Plaintiff. The City and the Plaintiff both agree that City employees should not be doing out-side work on City time.

2. <u>Promotion Inconsistent With Retaliation</u>

The Plaintiff claims that he reported the alleged misconduct of Chris Graff to his supervisors in August and October of 2001, and that following such reports, the City retaliated against him. See Plaintiff's declaration.

The Plaintiff fails to point out that in November, 2001, his supervisors signed and submitted a request to promote the Plaintiff from an Appraiser III to an Appraiser IV. And in March of 2002, well after the start of the City's alleged workplace retaliation, the Plaintiff was notified of his promotion from Appraiser III to Appraiser IV. See Exhibit C.

No explanation is provided by the Plaintiff as to why a promotion should be considered workplace "retaliation".

    3.   <u>The Plaintiff Struggled With His Job</u>.

Following his promotion to Appraiser IV, the Plaintiff clearly struggled in the performance of his job. He missed deadlines. He did not validate sales information. He did not correctly input data. He did not use the resources he had available to him. He did not use the training he had been provided. For things that he had previously learned how to do and had, in fact, done, he took the position that he no longer knew how to do them. See Deposition testimony of Ann Gima, Exhibit D.

At the time he took leave, his work was in shambles. There were a voluminous number of appeals that had not been heard because they were not prepared. There was general neglect in getting assignments done. See deposition testimony of Chris Graff, Exhibit A.

The failure of the Plaintiff to do his work resulted in disruption within the office, in re-assignments, and in an increase in the overall stress within his section. See Deposition of Ann Gima, Exh. D. This failure, also was reflected in the work performance evaluations of the Plaintiff.

    4.   <u>Plaintiff's Inappropriate Conduct</u>

Accompanying the Plaintiff's decline in work

- 5 -

performance was also an increase in the Plaintiff's erratic behavior. The Plaintiff raised his voice and yelled. He pounded the table with his fists. He slammed a banker's box down on a desk. Employees within the office became fearful. They did not know what the Plaintiff might do. It was under this atmosphere that the workplace violence reports were filed. The violence reports speak for themselves and describe the various employees' views of the situation. There were several who were afraid that things could escalate and real violence could occur. See Deposition of Ann Gima, Exhibit D.

  5. <u>Plaintiff's Selective Use of Portions of Documents</u>

  In his moving papers, Plaintiff has enlarged and used bold type to emphasize a part of a Workplace Violence Checklist prepared by supervisor, Ann Gima. The Plaintiff has taken the position that the enlarged portion of a single sentence is an "admission" "and cannot now be denied" of a causal connection between the Plaintiff's report of Chris Graff doing outside work on City time, and the City's alleged retaliation. Such a position is ridiculous. The Checklist must be viewed in its entirety. Together with the actual Workplace Violence Report filed by Ann Gima, it is clear that the concern being expressed was not "in retaliation" for the Plaintiff reporting that Chris Graff was doing things he shouldn't be doing, but rather that Ann Gima thought that the Plaintiff might take action against someone

in the section.  She stated as much in her oral deposition.  See Deposotion of Ann Gima, Exhibit D.

III. Standard Of Review

To prevail on a motion for summary judgment the Plaintiff must demonstrate "the absence of a genuine issue of material fact" and all evidence and reasonable inferences drawn from the evidence presented are "considered in the light most favorable to the nonmoving party".  If "reasonable minds could differ as to the import of the evidence", summary judgment will be denied.  See e.g. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In the instant case, there are many facts which indicate that there was no retaliation, and that the action taken by the City was justified. Plaintiff's motion must be denied.

DATED:  Honolulu, Hawaii, September 22, 2006.

_____
JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA