1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PHILIP E. ENGLISH,              ) CIVIL NO. 04-00108 JMS/KSC
                                )
                Plaintiff,      )
                                )
        vs.                     )
                                )
CITY AND COUNTY OF HONOLULU;)
GARY T. KUROKAWA; ROBERT O. )
MAGOTA; ANN C. GIMA; and GK )
APPRAISALS, INC.; JOHN DOES )
1-10; JANE DOES 1-10; DOE   )
PARTNERSHIPS; DOE           )
CORPORATIONS 1-10; AND DOE  )
ENTITIES 1-10,              )
                                )
                Defendants.  )
_____)


            DEPOSITION OF GARY T. KUROKAWA

Taken on behalf of the Plaintiff PHILIP E. ENGLISH, at

the law offices of Moseley, Biehl, Tsugawa, Lau & Muzzi,

Alakea Corporate Tower, 23rd Floor, 1100 Alakea Street,

Honolulu, Hawaii 96813, commencing at 9:07 a.m., on

Tuesday, August 22, 2006 pursuant to Notice.


        BEFORE:  MYRLA R. SEGAWA, CSR No. 397

        Notary Public, State of Hawaii


            EXHIBIT  B

44

1    city equipment?

2        A    Very careful, yes.

3        Q    And if he testified you used city

4    equipment, he was incorrect; is that right?

5        A    That's correct.

6        Q    Do you know when David Matsunami left the

7    assessment division, you know, as an employee?

8        A    I don't know the exact date, no.  I don't

9    even have a time period.  It's been so long.

10        Q    Okay.  Do you know whether Chris Graff was

11    doing work for GK Appraisals on city time or with

12    city equipment?

13        A    No, I have no knowledge.

14        Q    Did you try to find out?

15        A    I asked Chris if he was doing any kind of

16    work on city time.

17        Q    How about with city equipment?

18        A    City time and city equipment.

19        Q    And what was his response?

20        A    He said no.

21        Q    Did you do anything to follow up on that?

22        A    I believe that their office was doing an

23    investigation on that matter.

24        Q    Who?

25        A    I believe Robert Magota was investigating

48

1          MR. YAMAMOTO:  Other to what he's

2     already testified?

3          MR. MOSELEY:  Yes, I'm not sure he

4     testified he took any action.

5          MR. YAMAMOTO:  Well, let me object as

6     being vague and ambiguous then.  I think he said he

7     did something in response to that but.

8     BY MR. MOSELEY:

9          Q     Did you take any action?

10         MR. YAMAMOTO:  Same objection.  Vague

11    and ambiguous.

12         THE WITNESS:  I believe that the

13    discussion was that Bob is going to do an

14    investigation of the allegations that was brought to

15    him.

16    BY MR. MOSELEY:

17         Q     So you and Bob decided that together; is

18    that right?

19         A     When he brought it to my attention, you

20    know, decided that we're going to follow through and

21    investigate the allegations on Chris whether he was

22    doing any kind of work on city time, yes.

23         Q     Okay.  Is there anything else that you did?

24         A     No.

25         Q     Did you have a discussion with Chris Graff?

49

1    A    I did ask Chris if he was doing any kind of

2  work on city time.

3    Q    And what did he say?

4    A    He said no.

5    Q    Did you ask Chris Graff if he was doing any

6  work for GK Appraisals?

7    A    I don't recall how that conversation went.

8  I believe it was just doing any type of work on city

9  time.

10   Q    Okay.  But you didn't specifically ask

11  whether he was doing work for GK Appraisals?

12   A    I can't remember, but I don't believe so.

13   Q    And what was Chris's response?

14   A    His answer was no.

15   Q    Okay.  Did you tell him that he had to be

16  more discreet?

17   A    No.

18   Q    Did you instruct him that he should not be

19  using city time or equipment to do outside work?

20   A    I believe that discussion did happen many

21  times, but I think at that instance that, you know,

22  he knew that we talked about any work on city time

23  and his answer was no.  I mean, you know, basically

24  flat out he wasn't doing anything so we left it at

25  that.

211

C E R T I F I C A T E

STATE OF HAWAII              )
                            )  SS:
CITY AND COUNTY OF HONOLULU )

I, MYRLA R. SEGAWA, Notary Public, State of Hawaii, do hereby certify:

That on Tuesday, August 22, 2006, at 9:07 a.m., appeared before me GARY T. KUROKAWA, the witness whose deposition is contained herein; that prior to being examined he was by me duly sworn;

That the deposition was taken down by me in machine shorthand and was thereafter reduced to typewriting under my supervision; that the foregoing represents, to the best of my ability, a true and correct transcript of the proceedings had in the foregoing matter.

I further certify that I am not an attorney for any of the parties hereto, nor in any way concerned with the cause.

DATED this 29th day of August, 2006, in Honolulu, Hawaii.


                    MYRLA R. SEGAWA, CSR NO. 397
                    Notary Public, State of Hawaii
                    My Commission Exp:  1-27-2009

1           IN THE UNITED STATES DISTRICT COURT

2               FOR THE DISTRICT OF HAWAII

3     ----------------------------------    )
      PHILIP E. ENGLISH,                     )
4                                            )
              Plaintiff,                     )
5                                            )
           v.                                ) Civil No.
6                                            ) 04-00108 JMS/KSC
      CITY AND COUNTY OF HONOLULU; GARY      )
7     T. KUROKAWA; ROBERT O. MAGOTA; ANN     )
      C. GIMA; and GK APPRAISALS, INC.;      )
8     JOHN DOES 1-10; JANE DOES 1-10; DOE    )
      PARTNERSHIPS 1-10; DOE CORPORATIONS    )
9     1-10; AND DOE ENTITIES 1-10,           )
                                             )
10            Defendant.                     )
                                             )
11    ----------------------------------    )

12

13

14

15

16            DEPOSITION OF GARY T. KUROKAWA

17                    VOLUME II

18       Taken on behalf of the Plaintiff, at 1100 Alakea

19    Street, 23rd Floor, commencing at 9:03 a.m., on August 31,

20    2006, pursuant to Notice.

21

22

23

24    BEFORE:    JESSICA R. PERRY, CSR NO. 404

25               Registered Professional Reporter

1      Q.    And at the bottom portion of it, it was all in

2   capital letters, do you remember that?

3      A.    I don't recall that.

4      Q.    After learning that that allegation had been made,

5   did you either call a meeting of anybody or talk with various

6   people in the staff advising them they should not be doing

7   work for GK Appraisals or any other business on City time

8   with City equipment?

9      A.    I don't recall having a meeting like that, no.

10     Q.    Did you ever tell Chris Graff that he could do

11  such work with respect to GK Appraisals or otherwise as long

12  as he was more discreet?

13     A.    No.

14     Q.    Did you ever learn that Phil English had gone to

15  the FBI to complain about the alleged -- or his allegations

16  that Chris Graff was doing work for GK Appraisals on City

17  time and with City equipment?

18     A.    No.

19     Q.    You've never learned it?

20     A.    I've read it since.

21     Q.    Let's see, when did you first learn that, do you

22  think?  And it doesn't have to be a date.  If you could say,

23  well, you know, from the date of the lawsuit or, you know, at

24  a meeting with so and so, or that kind of thing.

25     A.    I don't recall, but I believe it was since the

1    lawsuit.

2        Q.    Gary, do you know whether or not Phil English has

3    been retaliated against as a result of his allegations about

4    Chris Graff doing work for GK Appraisals on City time and

5    with City equipment?

6        A.    Can you repeat that?

7        Q.    I'm talking about your personal knowledge.  Do

8    you --

9                MR. MOSELEY:  Can you repeat that question

10   back?

11               (Record read.)

12   BY MR. MOSELEY:

13       Q.    Do you know whether or not that occurred?

14       A.    I believe it didn't occur.

15       Q.    I understand, but do you know that it didn't, or

16   do you just believe it didn't?

17               MR. YAMAMOTO:  Let me object as being vague

18   and ambiguous.  I don't understand the difference between

19   that.

20   BY MR. MOSELEY:

21       Q.    Well, let's go about it this way, why do you

22   believe it didn't occur?

23       A.    Did not see any type of retaliation that I'm aware

24   of.  From my perspective, I didn't.

25       Q.    This is just based on your personal knowledge and

1  personal observation, you didn't see any retaliation?

2        A.    Yeah.

3        Q.    Is it possible, though, there could have been

4  retaliation that you were not aware?

5              MR. YAMAMOTO:   Let me object.   That calls for

6  speculation, mischaracterizes his testimony.   Also, lacks

7  foundation and assumes facts not in evidence.

8              MR. WONG:   Join in that objection.   Anything

9  is possible.

10 BY MR. MOSELEY:

11       Q.    I think you can answer the question.

12       A.    I don't know the answer to that.

13       Q.    So basically, if I can try to clarify this and

14 characterize your testimony a little bit, from your personal

15 observation and your personal knowledge, you don't have any

16 indication that he was retaliated against, but you actually

17 don't know, beyond your own personal knowledge, whether or

18 not he was retaliated against?   You just don't know whether

19 or not he was, right?

20             MR. YAMAMOTO:   Let me just object to the

21 extent I believe that's a mischaracterization of his

22 testimony and it's been asked and answered.

23             THE WITNESS:   I don't think he was retaliated

24 against is my testimony.

25 BY MR. MOSELEY:

1    STATE OF HAWAII                    )

2                                       )   ss:

3    CITY & COUNTY OF HONOLULU          )

4

5           I, JESSICA R. PERRY, do herby certify:

6                That on August 31, 2006, at 9:03 a.m.

7    appeared before me GARY KUROKAWA, the witness whose

8    deposition is contained herein; that prior to being examined

9    he was duly sworn;

10               That the deposition was taken down by me in

11   machine shorthand and was thereafter reduced to typewritten

12   form by computer-aided transcription; that the foregoing

13   represents, to the best of my ability, a full, true and

14   correct transcript of said deposition.

15               I further certify that I am not attorney for

16   any of the parties hereto, nor in any way concerned with the

17   cause.

18               DATED this 11th of September, 2006, in

19   Honolulu, Hawaii.

20

21

22

       Jessica R. Perry, CSR 404
23     Notary Public, State of Hawaii
       My commission expires: 5/11/09
24

25