MOSELEY BIEHL TSUGAWA LAU & MUZZI
A Hawaii Limited Liability Law Company
ROGER S. MOSELEY           2060
CHRISTOPHER J. MUZZI       6939
RENEE M. FURUTA            7593
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii  96813
Tel:  (808) 531-0490  Fax:  (808) 534-0202
Email:  rmoseley@hilaw.us,  cmuzzi@hilaw.us
        rfuruta@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>  Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>  Defendants. | Civil No.  04-00108 KSC/KSC<br><br>ERRATA TO MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KURKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MOTION FOR PARTIAL DISMISSAL, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT; CERTIFICATE OF SERVICE<br><br>HEARING:<br>DATE:  September 27, 2006<br>TIME:  9:00 a.m.<br>JUDGE: The Honorable Kevin S.C. Chang |

**ERRATA TO MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KURKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MOTION FOR PARTIAL DISMISSAL, OR IN THE ALTERNATIVE, MOTION <u>FOR PARTIAL SUMMARY JUDGMENT</u>**

Plaintiff Philip E. English ("Plaintiff"), by and through his counsel, Moseley Biehl Tsugawa Lau & Muzzi, submits this Errata to his memorandum in opposition to Defendants City and County of Honolulu ("City"), Gary T. Kurokawa ("Kurokawa"), Robert O. Magota ("Magota"), and Ann C. Gima's Motion For Partial Dismissal, Or In The Alternative, Motion For Partial Summary Judgment. The only change is to insert the Table of Contents and Table of Authorities.

Dated: Honolulu, Hawaii, <u>September 23, 2006</u>                  .

<u>/s/Christopher J. Muzzi</u>
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA
Attorney for Plaintiff
PHILIP E. ENGLISH

# **TABLE OF CONTENTS**

Page No.

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A. There is Significant Evidence Establishing Municipal Liability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

    1. There is Strong Evidence of a Policy and Custom so as to Establish Municipal Liability. . . . . . . . . . . . . . . . . . . . . . . . . . . .3

        a. Testimony of Denise Tsukayama . . . . . . . . . . . . . . . . . . . . . . . 4
        b. In July of 1996, the Executive Director and Legal Counsel for the City and County of Honolulu Ethics Commission made the following statements regarding widespread fear of retaliation for whistle blowing at the City and County of Honolulu (Exhibit "B")(1001):. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

        c. Further Evidence of Defendant City's policy and custom is evidence by the seven other whistleblower Complaints filed against City: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

        d. The article regarding City Whistleblower Complaints. . . . . . . . 8

    2. There is Evidence that Defendant Kurokawa was a Final Policymaker . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9.

    3. There Exists Significant Facts Regarding Inadequate Training to Support Municipal Liability. . . . . . . . . . . . . . . . . . . . . . . . . . 12

        B. None of Plaintiff's Statements were made Pursuant to his Official Job Duties.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
        C. Judicial Estoppel does Not Apply . . . . . . . . . . . . . . . . . . . . . .20
        D. Wittig Does Give the City Unlimited Authority to force Resignations. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

|   |   | E. | There is Enough Evidence to Go to the Jury on the Defamation Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .27 |
|---|---|---|---|
|   |   |   | 1. Evidence Susan Bender's statement to Plaintiff is Not Hearsay. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .27 |
|   |   |   | 2. Wacko is Reasonably Susceptible of A Defamatory Meaning. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28 |
|   |   |   | 3. The Statements Made in the Workplace Violence Report Were Defamatory . . . . . . . . . . . . . . . . . . . . . . . . .28 |
|   | IV. | CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30 |

# TABLE OF AUTHORITIES

Page No.

**CASES**

Bd. of the County Comm'rs v. Brown,
    520 U.S. 397, 404 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

Canton v. Harris,
    489 U.S. 378, 389, 390, 103 L. Ed. 2d 412, 109 S. Ct. 1197 (1989) . 2, 3, 12

Celotex Corp. v. Catrett,
    477 U.S. 317. 323, 106 S. Ct. 2548; 91 L. Ed. 2d 265 (1986) . . . . . . . . .2

Conley v. Gibson,
    355 U.S. 41, 45-46, 78 S. Ct. 99; 2 L. Ed. 2d 80 (1957) . . . . . . . . . . . . 1

Crawford & Co. v. Graves,
    199 Va. 495, 498 (1957). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .29

Dillard Dep't Stores, Inc. v. Felton,
    276 Ark. 304, 310 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .29

Ernest W. Hahn, Inc. v. Codding,
    615 F.2d 830, 834-36 (9th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . 1

Flores v. United Airlines, Inc.,
    70 Haw. 1, 12 n.8, 757 P.2d 641, 647 n.8 (1988) . . . . . . . . . . . . . . . . 23

Furukawa v. Honolulu Zoological Society,
    85 Hawai'i 7, 18, 936 P.2d 643, 654 (1997) . . . . . . . . . . . . . . . . . . . 22

Garcetti v. Ceballos,
    126 S.Ct. 1951, 1958, 1960 (2006) . . . . . . . . . . . . . . . . . . . . . . . 14-16

Givhan v. Western Line Consolidated Sch. Dist.,
    439 U.S. 410 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-16

Harlow v. Fitzgerald,
    457 U.S. 800; 102 S. Ct. 2727; 73 L. Ed. 2d 396 (1982) . . . . . . . . . . . . . .2

Long v. County of Los Angeles,
    442 F.3d 1178, 1186-87 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . 3, 13

Mills v. City of Evansville,
    452 F.3d 646, 648 (7th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . .15

Monell v. New York City Dept. of Social Servs.,
    436 U.S. 658, 694, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978) . . . . . . . . . . 2, 9

Pembaur v. Cincinnati,
    475 U.S. 469, 480-81, 89 L. Ed. 2d 452, 106 S. Ct. 1292 (1986) . . . . . .2, 3, 9

Risetto v. Plumbers and Steamfitters Local 343, . . . . . . . . . . . . . . . . . . . . . . . 21
    94 F.3d 597, 600 (9th Cir. 1996)

Scheuer v. Rhodes,
    416 U.S. 232, 236 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Thompson v. Los Angeles,
    885 F.2d 1439, 1443-44 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . .4

Walters v. County of Maricopa,
    2006 U.S. Dist. LEXIS 60272 (D. Ariz August 22, 2006) . . . . . . . . . . . . .15

Weeks v. Bayer,
    246 F.3d 1231, 1235 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . .14

Wittig v. Allianz,
    2006 Haw. App. LEXIS 288, *24-*25 . . . . . . . . . . . . . . . . . . . . . . . . 5-26

Woodward v. South Carolina Farm Bureau Ins. Co.,
    277 S.C. 29, 32 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .29

**STATUTES AND RULES**

Haw. Rev. Stat. §§378-32(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .25-26

Haw. Rev. Stat. § 378-62 .................................................. 26-27

Haw. Rev. Stat. § 386-142 ................................................ 25-26

Revised Ordinances of Honolulu, § 8-1.14 ............................. 20

Revised Ordinances of Honolulu, § 8-7.1(a) ........................... 20

Revised Ordinances of Honolulu, § 8-7.1(b) ........................... 20

42 U.S.C. § 1983 ............................................................... 12