00002520.WPD
KAWASHIMA LORUSSO & TOM LLP

| | |
|---|---|
| JAMES KAWASHIMA | #1145-0 |
| RANDALL Y. YAMAMOTO | #3274-0 |
| BRIAN Y. HIYANE | #6045-0 |
| CARTER K. SIU | #7313-0 |

Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Telephone:     (808)275-0325
Facsimile:     (808)275-0399
Email Address: ryamamoto@kltlaw.com

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA, ROBERT O. MAGOTA,
and ANN C. GIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT STATE OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>     Plaintiff,<br><br>     vs.<br><br>CITY AND COUNTY OF HONOLULU;<br>GARY T. KUROKAWA; ROBERT O.<br>MAGOTA; ANN C. GIMA; and GK<br>APPRAISALS, INC.; JOHN DOES<br>1-10; JANE DOES 1-10; DOE<br>PARTNERSHIPS; DOE<br>CORPORATIONS 1-10; AND DOE<br>ENTITIES 1-10,<br><br>     Defendants. | CIVIL NO. CV04-00108 KSC<br><br>DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, AND ANN C. GIMA'S **MEMORANDUM IN OPPOSITION** TO PLAINTIFF PHILIP E. ENGLISH'S MOTION TO STRIKE DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, AND ANN C. GIMA'S MOTION IN LIMINE NO. 9 TO PRECLUDE THE TESTIMONY OF HOWARD TOM SUN AND SUSAN SIU; CERTIFICATE OF SERVICE<br><br>**HEARING:**<br><br>DATE: September 28, 2006<br>TIME: 10:00 a.m.<br>JUDGE: Hon. Kevin S.C. Chang<br>Trial Date: October 3, 2006 |

DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, AND ANN C. GIMA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF PHILIP E. ENGLISH'S MOTION TO STRIKE DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, AND ANN C. GIMA'S MOTION IN LIMINE NO. 9 TO PRECLUDE THE TESTIMONY OF HOWARD TOM SUN AND SUSAN SIU

Susan Siu was identified in the Pretrial Statement as a witness who was "expected to testify regarding practice of City with respect to the filing of workplace violence reports against whistleblowers." Later, in the Final Witness List, Plaintiff identified Ms. Siu as a witness who "because of her whistleblowing, [ ] was retaliated against by the City and County of Honolulu by, among other acts, the filing of workplace violence reports against her."

As this Court can appreciate, there is a significant difference between someone who will testify as to a Citywide practice of filing of workplace violence reports against whistleblowers and someone who will testify as to her own experiences as an alleged whistleblower. CITY Defendants filed a motion in limine to cover witnesses identified and described in the Pretrial Statement like Ms. Siu to prevent testimony of anecdotal evidence of whistleblowing activities by others. The fact that Ms. Siu was misidentified played a significant role in the omission of a motion in limine based on testimony from other alleged whistleblowers.[1]

---

[1] CITY Defendants submit that Plaintiff was duty bound to properly and accurately identify the substance of the witnesses'

As September 12, 2006, was also the date for the filing of motions in limine, there was little time to draft the Motion to Strike Howard Tom Sun let alone time to analyze all the differences in Plaintiff's Final Witness List (filed at 9:11 p.m.) and his Pretrial Statement (and subsequent amendments) and file another Motion in Limine.

The expected testimony of Ms. Siu was only discovered after the motion to strike Howard Tom Sun had already been filed. By that time, it was too late to file a motion in limine or a motion to strike as she was identified within the prescribed time period. Only when this Court permitted City Defendants leave to file a motion in limine with regard to Howard Tom Sun's testimony did the opportunity arise to address Ms. Siu's expected testimony.

Plaintiff is not prejudiced by the addition of Ms. Siu in Motion in Limine No. 9. The arguments that apply to Mr. Tom Sun apply equally to Ms. Siu. The glaring difference between the two, and the most significant reason why Ms. Siu should not be allowed to testify is that Ms. Siu has not filed a lawsuit and her claims have not been presented before an impartial panel/jury to determine the validity of her claims.

---

testimony pursuant to Local Rule 16.6 so that opposing counsel could analyze the need to take depositions and/or to file <u>appropriate</u> pretrial motions.

Furthermore, if Mr. Tom Sun is precluded from testifying, Ms. Siu's testimony cannot establish a Citywide policy or custom of retaliation as a matter of law. It would be in the interests of judicial economy to resolve the matter at this time rather than during trial; this would obviate the need for further briefing and the need to conduct a mini-trial on the merits of Ms. Siu's claims.

For the reasons cited above, CITY Defendants submit that Plaintiff's Motion to Strike should be denied and that Motion in Limine No. 9 be allowed to cover Howard Tom Sun and Susan Siu.

DATED: Honolulu, Hawaii, September 25, 2006

_____
JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
BRIAN Y. HIYANE
CARTER K. SIU
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA