MOSELEY BIEHL TSUGAWA LAU & MUZZI
A Hawaii Limited Liability Law Company

ROGER S. MOSELEY          2060
CHRISTOPHER J. MUZZI       6939
RENEE M. FURUTA            7593
JOANNA B.K. FONG           7764
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii  96813
Tel:  (808) 531-0490 Fax:  (808) 534-0202
Email:  rmoseley@hilaw.us, cmuzzi@hilaw.us
        rfuruta@hilaw.us, jfong@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>               Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1–10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>               Defendants. | Civil No.  04-00108 KSC/KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MOTION IN LIMINE NO. 9 TO PRECLUDE TESTIMONY OF HOWARD TOM SUN and SUSAN SIU; CERTIFICATE OF SERVICE<br><br><u>Hearing:</u><br>Date:   September 28, 2006<br>Time:  10:00 a.m.<br>Judge:  The Honorable Kevin S.C. Chang |

10010/3/58025

Trial Date:  October 3, 2006

PLAINTIFF PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA'S MOTION IN LIMINE NO. 9 TO PRECLUDE TESTIMONY OF HOWARD TOM SUN and SUSAN SIU

Plaintiff Philip E. English ("Plaintiff") respectfully submits this memorandum in opposition to Defendants City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota, and Ann C. Gima's Motion in Limine No. 9 to Preclude Testimony of Howard Tom Sun and Susan Siu ("Motion in Limine No. 9").

I.     INTRODUCTION

Defendants City and County of Honolulu ("City"), Gary T. Kurokawa, Robert O. Magota, and Ann C. Gima (collectively "City Defendants"), argued in their Motion in Limine No. 9, that the Court should preclude Plaintiff from calling Howard Tom Sun and Susan Siu as witnesses to testify about Citywide policy and custom of retaliation against whistleblowers.  City Defendants' Motion in Limine No. 9  must be denied as testimony by Howard Tom Sun and Susan Siu regarding the City's custom and practice of retaliating against whistleblowers for the following reasons:

A.     City Defendants' Motion in Limine No. 9 is overly broad.

B.    The testimony of Howard Tom Sun and Susan Siu is relevant evidence to prove the City's longstanding policy, custom and practice of retaliating against whistleblowers.

C.    The testimony of Howard Tom Sun and Susan Siu is not only relevant evidence to prove the City's longstanding policy, custom and practice of retaliating against whistleblowers but also relevant to prove the City's habit and routine practice of retaliating against whistleblowers.

D.    The probative value of the testimony of Howard Tom Sun and Susan Siu is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

II.    <u>BACKGROUND/RELEVANT FACTS</u>

Plaintiff filed this current suit against City Defendants and G.K. Appraisals, Inc. in February 13, 2004 for, amongst a number of claims, violation of Plaintiff's civil rights pursuant to 42 U.S.C. §1983 and H.R.S. §378-62, and unlawful retaliation against Plaintiff for reporting the illegal use of City resources and equipment by Defendant Kurokawa for the use and benefit of his company, Defendant G.K. Appraisals, Inc.

Pursuant to the Second Amended Rule 16 Scheduling Order (the "Scheduling Order") filed on December 28, 2005, all motions in limine were to be filed by September 12, 2006. Susan Siu was named as a witness on Plaintiff's

Pretrial Statement filed on August 15, 2006. Thus, as to her and all other witnesses named therein, the Scheduling Order required that any motion in limine regarding her testimony be filed no later than September 12, 2006. Defendants City did not file a motion in limine regarding her testimony by the September 12, 2006 deadline.

On September 12, 2006, City Defendants filed a Motion to Plaintiff's First Amendment to Plaintiff Philip E. English's First Amended Pretrial Statement and for Sanctions ("Motion to Strike"). In their Motion to Strike, City Defendants inappropriately included a motion in limine to preclude the testimony of Howard Tom Sun. A hearing on the Motion to Strike was held on September 19, 2006 and the Court denied City Defendants' Motion to Strike but granted City Defendants leave to file a motion in limine to preclude the testimony of Howard Tom Sun only.

Defendants City's September 21, 2006 Motion in Limine No. 9 to Preclude the Testimony of Howard Tom Sun and Susan Siu is untimely as to Susan Siu. Therefore Defendants City's motion clearly violates the Second Amended Rule 16 Scheduling Order as well as the September 19, 2006 minute order.

III.    ARGUMENT

A.    CITY DEFENDANTS' MOTION IN LIMINE NO. 9 MUST BE DENIED AS IT IS OVERLY BROAD

In their Motion in Limine No. 9, City Defendants seek to exclude the testimony of Howard Tom Sun, Susan Siu, and also attempts to exclude the testimony of any other alleged whistleblowers.  City Defendants' Motion in Limine No. 9 is overly broad and must be denied on this basis.  City Defendants, in their Motion in Limine No. 9 seek to exclude relevant testimony of Howard Tom Sun and Susan Siu, and of other alleged whistleblowers, but fail to provide any details as to how the City Defendants would be unfairly prejudiced by the testimony of other whistleblowers.  City Defendants made a general assertion testimony that witness testimony of other instances of retaliation of whistleblowers by the City would somehow "mislead" the jury into thinking that the City had a longstanding history and custom of retaliating against whistleblowers.  In fact, the testimony of Mr. Tom Sun and Ms. Siu are relevant to show the City's longstanding practice and custom of retaliating against whistleblowers.  Just because the City does not like the testimony or that such testimony will damage their defense or support Plaintiff's claims is not sufficient basis for this court to grant City Defendants' motion in limine.  The testimony of Mr. Tom Sun will show that the City has a practice of filing workplace violence reports against whistleblowers as will the testimony of Ms. Siu.  Plaintiff is entitled to show a practice and custom of such activities.  A prohibition against calling witnesses

whose testimony will tend to prove such practices and customs would be tantamount to this Court's granting summary judgment on Plaintiff's claims.

Due to the overly broad nature of Motion in Limine No. 9 and the City Defendants clear failure to demonstrate or show why the testimony is unfairly prejudicial, Plaintiff requests that the Court deny City Defendants' motion.  See Bearden v. Southern Railway Co., 1988 U.S. Dist. LEXIS 18672, *3-4, (N.D. Ala. 1988)(Court denying a party's motion in limine for being overly broad. "A motion in limine is useful in that it eliminates inadmissible or prejudicial evidence before it reaches the ears of the jury.  Otherwise, if the evidence is not excluded and the jurors are allowed to hear it, the giving of cautionary instructions is to no avail.  To have its desired effect, however, the motion must not be overly broad... Most critics agree that its scope should be more that of a rifle than a shotgun, pointing out the objectionable material and showing why the material is inadmissible and prejudicial."

In addition to being overly broad, the Court must deny City Defendants' Motion in Limine No. 9 as it is impermissible and clearly violated the Court's order rendered on September 19, 2006.  At the hearing on the Motion to Strike, the Court granted the City Defendants leave and an extension of time to file a motion in limine with respect to Howard Tom Sun's testimony only.  The Court did not grant the City Defendants any leave to file a motion in limine with respect to Susan

Siu's testimony or the testimony of other whistleblowers.    Due to the impermissibly expansive nature of City Defendants' Motion in Limine No. 9 that exceeded the scope of the Court's order rendered on September 19, 2006, Plaintiff requests this Court deny the City Defendants' Motion in Limine No. 9 in its entirety.    In the event that the Court determines that it will consider City Defendants' Motion in Limine No. 9, Plaintiff respectfully requests that this Court consider only the portions of the Motion in Limine No. 9 that pertain to Howard Tom Sun and strike the portions of the motion that pertain to Susan Siu and other whistleblowers.

      B.    THE TESTIMONY OF HOWARD TOM SUN AND SUSAN SIU IS RELEVANT

The testimony of Howard Tom Sun and Susan Siu is admissible, Plaintiff contends that Howard Tom Sun's testimony is relevant, admissible, and should not be excluded.

According to Rule 401 of the Federal Rule of Evidence "relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence."

In this case, Plaintiff is required to show that the City is liable for violating Plaintiff's rights pursuant to 42 U.S.C. §1983 pursuant to a practice, custom, and policy and also pursuant to inadequate training.  The testimony of Howard Tom

Sun and Susan Siu is relevant and necessary to show the City Defendants' custom, practice and/or policy toward retaliating against whistleblowers.

Howard Tom Sun, a City employee, was a whistleblower who reported unsafe conditions within the City.   His experiences of retaliation as a whistleblower with the City and County of Honolulu and its employees were very similar in some respects to those experienced by Plaintiff.  For example, Mr. Tom Sun was apparently also the subject of workplace violence reports filed against him as a result of his whistleblowing.

Susan Siu is another City employee who is a whistleblower.  Ms. Siu reported the illegal practice of the City in their failure to destroy confidential information relating to autopsy patients, thereby allowing private information to be openly distributed and disseminated to the public.   Her experiences as a whistleblower with the City and its employees were similar to those experienced by Howard Tom Sun and by Plaintiff.  Again, for example, Ms. Siu was apparently also the subject of workplace violence reports which were filed against her as a result of her whistleblowing.

City Defendants attempts to minimize and trivialize the experiences of Mr. Tom Sun and Ms. Siu, and numerous other whistleblowers by arguing that these incidents are "sporadic" and not evidence of the City's longstanding pervasive history, pattern, policy, and custom of retaliating against whistleblowers.   The fact

that Mr. Tom Sun, Ms. Siu, and Plaintiff English were subjected to workplace violence reports immediately subsequent to their reports about the illegal practices of the City are cannot be deemed sporadic or isolated events, as touted by City Defendants, and cannot be properly ignored by this Court. The truth of the matter is that there is a practice and custom that can be established as to how the City and its employees have treated and retaliated against whistleblowers.

The testimony of Mr. Tom Sun and Ms. Siu is also relevant to demonstrate that the City was on notice with respect to its inadequate training program with respect to whistleblowers, and failed to take action to correct the inadequate nature of its training programs with respect to whistleblowers.

The testimony of Mr. Tom Sun and Ms. Siu, in conjunction with other evidence and witness testimony, will establish that the City and County of Honolulu, in the past decade, has had a custom of retaliating against whistleblowers that is so persistent, consistent and widespread that it constitutes a permanent and a very well settled city policy.

C.    THE TESTIMONY OF HOWARD TOM SUN AND SUSAN SIU IS NOT ONLY RELEVANT EVIDENCE TO PROVE THE CITY'S LONGSTANDING POLICY, CUSTOM AND PRACTICE OF RETALIATING AGAINST WHISTLEBLOWERS BUT ALSO RELEVANT TO PROVE THE CITY'S HABIT AND ROUTINE PRACTICE OF RETALIATING AGAINST WHISTLEBLOWERS

The testimony of Mr. Tom Sun and Ms. Siu's testimony is not only relevant and highly probative, but will also help to establish the habit and routine practice

of the City and that its retaliation against Plaintiff was in conformity with its habit

and routine practice toward whistleblowers.

Rule 406 of the Federal Rules of Evidence states

Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

The commentary section of Rule 406 of the Federal Rules of Evidence state

Rule 406 imposes no limitation on the form of habit evidence. Theoretically, habit could be proven through reputation witnesses, opinion witnesses, and witnesses to specific acts. One would suspect that the best proof of a habit is that someone acted in a particular way at specific and frequent instances, and also that the person did not act otherwise at other similar instances.

As stated by the court in <u>Loughan v. Firestone Tire & Rubber Co.</u>, 749 F.2d

1519, 1524 (11th Cir. 1985),

Generally, habit evidence is highly persuasive as proof of conduct on a particular occasion, and its admission depends on the "degree of regularity of the practice and its coincidence with the occasion." Habit evidence is considered to be highly probative and, therefore, superior to character evidence because "the uniformity of one's response to habit is far greater than the consistency with which one's conduct conforms to character or disposition."

<u>Id.</u> at 1524 (*citing* McCormick on Evidence, §195).

Evidence of habit or routine is to be weighed and considered by the trier

of facts in the same manner as any other type of direct or circumstantial evidence.

<u>Meyer v. United States</u>, 638 F.2d 155, 158 (10th Cir. 1980).  Evidence of habit,

when substantial, supports an inference by the trier of facts that the habit was conformed with on a particular occasion. This is true regardless of whether the individual relying on habit had a recollection of conforming with it on a particular occasion, even though the plaintiff in this case directly contradicts such conformity with the habit. Id.

FRE Rule 406 is applicable to businesses and corporations. In fact, courts have been more receptive to the admission of business custom, not because they think it is more reliable than individual habit, but because they think the need for the evidence is greater and the costs are less. Wright & Graham, Federal Practice and Procedure: Evidence §5274 (1980). The likelihood of prejudice is less because it is not customary for large public organizations to have practices that resemble the sordid habits that can be offered against individuals. Id.

In this case, the testimony of Mr. Tom Sun and Ms. Siu's testimony will be used, in conjunction with the testimony of other witnesses and evidence to prove that the City has had a consistent manner of responding to its own employees who have reported illegal practices or conduct within the City. As noted earlier, Mr. Tom Sun and Ms. Siu's own experiences as whistleblowers with the City, and its employees, were similar to those experienced by Howard Tom Sun and by Plaintiff. Mr. Tom Sun, Ms. Siu, and Plaintiff were all the subject of workplace violence reports which were filed against her as a result of her whistleblowing.

The City's responses to whistleblowers and its treatment of whistleblowers have all been uniform over the past ten years. As noted by Plaintiff's memorandum in opposition to the City Defendants' Motion in Limine No. 8 (regarding newspaper articles and lawsuits of other whistleblower), there have been at least seven whistleblower complaints filed against the City (eight including Plaintiff's Complaint) in the past decade. All of these complaints included a form of retaliation by the City, and its employees, including the filing of workplace violence reports against the complaining subject.

As such, Mr. Tom Sun and Ms. Siu's testimony regarding their experiences as whistleblowers is highly relevant, probative and persuasive in establishing the City's habit of retaliating against whistleblowers.

D.    **THE PROBATIVE VALUE OF THE TESTIMONY OF HOWARD TOM SUN AND SUSAN SIU IS NOT SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES, OR MISLEADING THE JURY**

The testimony of Howard Tom Sun and Susan Siu is relevant and its probative value substantially outweighs any danger of unfair prejudice, or misleading the jury.

As discussed earlier, Mr. Tom Sun and Ms. Siu's testimony will be used in conjunction with other witness testimony and evidence to establish liability of the City by and through its practice, custom and policy of retaliating against

whistleblowers and also through its inadequate training program.  The testimony of

Mr. Tom Sun and Ms. Siu are therefore relevant, necessary, and highly probative.

The probative value of Mr. Tom Sun and Ms. Siu's testimony substantially

outweighs any danger of unfair prejudice, confusion of the issues or misleading the

jury.  City Defendants made general assertions that admission of such testimony

may taint the jury into believing that the retaliation suffered by Mr. Tom Sun and

Ms. Siu case would lead them to believe that the City has a habit and custom of

retaliating against the whistleblowers as they were only two instances of retaliation

against whistleblowers.  However, as discussed earlier, Mr. Tom Sun's and Ms.

Siu's experiences were very similar to Plaintiff's in terms of how they were treated

by the City and its employees after reporting illegal and wrongful conduct within

the City.  The testimony of Mr. Tom Sun and Ms. Siu, along with other witness

testimony and evidence, will establish that the City has a custom, habit, practice

and policy of retaliating against whistleblowers in more than two "isolated" and

"sporadic" instances of retaliation.

Mr. Tom Sun and Ms. Siu will be testifying as to their own experiences as

whistleblowers, the treatment that they experienced as whistleblowers from the

City and its employees and the events that took place after they reported the illegal

conduct and wrongdoing within the City.  Given that the highly probative value of

their testimony clearly outweighs any degree of prejudice, confusion of the issues

or misleading the jury, the jury should be afforded the right and opportunity to weigh and value their testimony.

On a final note, Mr. Tom Sun's whistleblower case has already been tried before a jury. Any portion of his testimony should not be of any surprise to the City Defendants. Defendant City has had ample and numerous opportunities to depose, cross-examine and to hear his testimony. Therefore, Mr. Tom Sun's testimony cannot in any way be unfairly prejudicial to Defendant City.

IV.    CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny City Defendants' Motion in Limine No. 9.

In the event that this Court is inclined to exclude the testimony of Howard Tom Sun and Susan Siu, Plaintiff would respectfully request that this Court postpone its ruling on City Defendants' Motion in Limine No. 9 at a later date, and until such a ruling is necessary and appropriate.

DATED: Honolulu, Hawaii, September 25, 2006.

/s/ Roger S. Moseley
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA
JOANNA B.K. FONG

Attorneys for Plaintiff
PHILIP E. ENGLISH

10010/3/58025.2                                   14