00002510.WPD

KAWASHIMA LORUSSO & TOM LLP

JAMES KAWASHIMA          #1145-0
RANDALL Y. YAMAMOTO  #3274-0
Topa Financial Center
Fort Street Tower
745 Fort Street, Suite 500
Honolulu, Hawaii 96813
Telephone:  (808)275-0300
Facsimile:   (808)275-0399
Email Address: ryamamoto@kltlaw.com
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA, ROBERT O. MAGOTA,
and ANN C. GIMA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>Defendants. | ) CIVIL NO. CV04-00108 KSC<br>)<br>) REPLY OF DEFENDANTS GARY T.<br>) KUROKAWA, ROBERT O.<br>) MAGOTA, and ANN C. GIMA TO<br>) PLAINTIFF PHILIP E. ENGLISH'S<br>) MEMORANDUM IN OPPOSITION<br>) TO MOTION FOR PARTIAL<br>) SUMMARY JUDGMENT ON<br>) QUALIFIED IMMUNITY;<br>) CERTIFICATE OF SERVICE<br>)<br>) HEARING:<br>) Date:      September 27, 2006<br>) Time:      9:00 a.m.<br>) Judge:     Hon. Kevin S.C. Chang<br>)<br>) Trial Date: 10/03/06 |

**REPLY OF DEFENDANTS GARY T. KUROKAWA,
ROBERT O. MAGOTA, and ANN C. GIMA TO PLAINTIFF
PHILIP E. ENGLISH'S MEMORANDUM IN OPPOSITION TO MOTION
FOR PARTIAL SUMMARY JUDGMENT ON QUALIFIED IMMUNITY**

Courts have made clear that government officials are entitled to protection from personal liability for their supervision and evaluation of other workers in the government workplace. The U.S. Supreme Court has held that immunity must be granted to a supervisor if public officials of reasonable competence could disagree on whether or not a chosen course of action is lawful. The Court has stated that "if officers of reasonable competence <u>could disagree</u> on the issue [whether a chosen course of action is constitutional], <u>immunity should be recognized</u>." <u>Malley v. Briggs</u>, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) (Emphasis added). This somewhat unusual test effectively creates a presumption in favor of protecting government officials from personal liability. Ordinarily, when there is a "disagreement" concerning the propriety of alleged conduct, a defendant is not entitled to prevail as a matter of law. However, when the issue involves the qualified immunity of a government official, the opposite is true --- where there may reasonably be a "disagreement" as to the propriety of the alleged conduct, immunity must be granted. Id. (See also <u>Brewster v. Board of Education</u>, 149 F.3d 971 (9th Cir. 1998), where the Ninth Circuit Court of Appeals

reversed the trial court and held as a matter of law that individual government officials were entitled to immunity from monetary damages, and applied the language in Malley v. Briggs [I]f officers of reasonable competence could disagree on the issue [whether a chosen course of action is constitutional], immunity should be recognized." Brewster at 977.)

In the instant case, the Plaintiff has identified a number of comments and actions of the individual supervisors in his attempt to argue that the individual defendants are not entitled to qualified immunity. However, even when those allegations are viewed in the light most favorable to the Plaintiff, they merely show that there can be a "disagreement" on whether the actions were appropriate. This is precisely what was identified by the U.S. Supreme Court as being a case where immunity must be granted to the individual supervisors. See Malley v. Briggs, supra; Brewster v. Bd. of Education, 149 F.3d 971 (9th Cir. 1998). The objective reasonableness standard was designed to facilitate resolution of this exact kind of case by way of summary adjudication. See e.g. Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)(where Court ruled as a matter of law that Attorney General was entitled to qualified immunity for ordering warrantless wiretap because it was not clearly established that he should have known that such was unconstitutional.)

A second problem that the Plaintiff faces in this case is that the conduct of which he complains clearly relates to matters considered within a supervisor's prerogative. As such, the Plaintiff has an insurmountable burden in establishing that the Plaintiff's alleged "right" to be free of such conduct is "clearly established" for purposes of Section 1983 liability. This is not a police brutality case where an officer should know that a beating is unlawful, or a sexual harassment case where a supervisor should know that unwanted sexual advances have no place in the workplace --- rather, the instant case is about supervisors who allegedly treated an employee poorly, by asking him "to stop calling her 'Annie' because only her friends called her Annie", by providing him with poor performance reviews, and by "purportedly" extending his probation (in fact it was not extended), by filing work place violence reports in response to the Plaintiff's slamming boxes down and isolation, and by accusing him of insubordination when he took leave without finishing his work. Given the nature of such conduct, the Plaintiff cannot show that he had a "clearly established right" to be free of such alleged conduct, so that for purposes of a qualified immunity analysis, it would be clear to a supervisor that it should not be done. (A review of the deposition testimony provided by the supervisors, portions of which were attached to the Defendants' Opposition to the Plaintiff's Motion for Partial Summary Judgment

on Count IV, incorporated herein by reference, clearly shows that the supervisors had legitimate reasons for any actions actually taken).

The individual defendants did not prevent the Plaintiff from speaking about his allegations of misconduct. The Plaintiff reported the alleged activity to his supervisors, to the Ethics Commission, and apparently to the FBI. The Plaintiff cites no case or authority, and it is submitted there is none, which holds that the Plaintiff has a "clearly established" constitutional right to be free of the type of conduct of which he complains, e.g. criticism and unfriendly behavior. As succinctly stated in Nunez v. City of Los Angeles, 147 F.3d 867, 875 (9th Cir. 1998), neither bad mouthing nor verbal threats suffice. For purposes of a Section 1983 analysis and qualified immunity, the individual supervisors and the other employees who worked with the Plaintiff, have the same rights as the Plaintiff. "It would be the height of irony, indeed, if mere speech, in response to speech, could constitute a First Amendment violation." Id. As stated in Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983):

> For it would indeed be a Pyrrhic victory for the great principles of free expression if the Amendment's safeguarding of a public employee's right as a citizen, to participate in discussions concerning public affairs were confused with the attempt to constitutionalize the employee grievance that we see presented here.

Id. at 461 U.S. at 154.

The Plaintiff's memorandum does not focus on the individual actions of the supervisors, but rather argues in generic fashion that the "constitutional right to free speech" is clearly established. See Plaintiff's Memorandum in Opposition at pg. 11. This is not the correct analysis of qualified immunity under Section 1983. Qualified immunity does not depend on whether or not the individual defendants should have understood the Plaintiff's constitutional rights as abstract principles; the focus is on the "manner in which that 'right' is implemented and administered" under the circumstances. Moran v. State of Washington, 147 F.3d 839, 844 (9th Cir. 1998). Thus, the question presented is whether the individual defendant should have known that taking the alleged specific action complained of, would have violated the Plaintiff's constitutional rights. Id. The Plaintiff fails to cite any case indicating that the alleged conduct in question, e.g. the preparation of work performance evaluations, or making negative comments, can rise to the level of a violation of a "clearly established right." The actions alleged here do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

The Plaintiff does not and cannot dispute that a governmental

employer has broad discretion to criticize employees and control the assignment and management of work. The Plaintiff does not and cannot dispute that he has no right to only positive feedback or to "nice" criticism. There is nothing raised by the Plaintiff that shows that the individual defendants should not be entitled to qualified immunity.

Finally, the Plaintiff complains that the instant motion should have been brought earlier. Given that the defense of qualified immunity was identified in the defendants' answer, and that the taking of depositions, including that of the Plaintiff, continued past the original filing of the instant motion for partial summary judgment, the Plaintiff cannot legitimately claim any prejudice. See e.g. Mitchell v. Forsyth, 472 U.S. 511, 105 S. Ct. 2806, 86 L.Ed.2d 411(1985)(where Court held that resolution of qualified immunity was appropriate prior to trial by way of summary judgment motion).

CONCLUSION

For the foregoing reasons and authorities it is respectfully submitted that this Court should grant partial summary judgment in favor of each individual defendant on the basis of qualified immunity.

DATED: Honolulu, Hawaii, September 25, 2006.

*[signature]*

JAMES KAWASHIMA
RANDALL Y. YAMAMOTO
Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
GARY T. KUROKAWA,
ROBERT O. MAGOTA, and
ANN C. GIMA