ORIGINAL

MOSELEY BIEHL TSUGAWA LAU & MUZZI
a Hawaii limited liability law company

| | |
|---|---|
| ROGER S. MOSELEY | 2060 |
| CHRISTOPHER J. MUZZI | 6939 |
| RENEE M. FURUTA | 7593 |
| JOANNA B.K. FONG | 7764 |

Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone: (808) 531-0490
Facsimile: (808) 534-0202
Email:  rmoseley@hilaw.us
        cmuzzi@hilaw.us
        rfuruta@hilaw.us
        jfong@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 2 2 2006

at 4 o'clock and 03 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1–10; JANE DOES 1-10; DOE PARTNERSHIPS; | Civil No. 04-00108 KSC/KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S SEPARATE AND CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, AND ANN C. GIMA'S MOTION FOR PARTIAL DISMISSAL, OR IN THE |

10010/3/58012.2

| | |
|---|---|
| DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>　　　　　　Defendants. | ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT; DECLARATION OF COUNSEL; EXHIBITS A – U; CERTIFICATE OF SERVICE<br><br>HEARING:<br>DATE:　September 27, 2006<br>TIME:　9:00 a.m.<br>JUDGE: The Honorable Kevin S.C. Chang |

**PLAINTIFF PHILIP E. ENGLISH'S SEPARATE AND CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS MEMORANDUM IN OPPOSITION TO DEFENDANTS CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, AND ANN C. GIMA'S MOTION FOR PARTIAL DISMISSAL, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

Comes now Plaintiff Philip E. English (hereinafter "Plaintiff"), by and through his attorneys, Moseley Biehl Tsugawa Lau & Muzzi, submit the following statement of material facts to: (1) support his Memorandum in Opposition to Defendants City and County of Honolulu, Gary T. Kurokawa, Robert O. Magota, and Ann C. Gima's (collectively "Defendants") Motion for Partial Dismissal, or in the alternative, Motion for Partial Summary Judgment, and (2) to contest the relevant facts submitted by the Defendants.

Plaintiff clearly disputes Defendants' factual assertions contained in their Concise Statement of Facts.

Plaintiff hereby submits the following relevant material facts:

| **Facts** | **Evidentiary Support** |
|---|---|
| The City does not have one centralized place to make whistleblower complaints. | See Exhibit A - Deposition Transcript of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 14, line 11 to page 15 line 6. |
| Ms. Tsukayama is in charge of investigating complaints made to her office, but has no investigators. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 18, line 7. |
| Ms. Tsukuyama asked to discuss training that a department might do to prevent retaliation after case is decided. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 27, lines 22-24 |
| In training set up for department of enterprise services to prevent retaliation, there is no specific training for whistleblowers issues. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 28, lines 10-17. |
| Training set up in several other departments at the conclusion of litigation involving retaliation. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 29, lines 6-24, page 30, line 5, page 30 lines 14-23, page 31, lines -11. |
| There is no component of City training that specifically speaks about the Hawaii Whistleblowers Protection Act. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 33, lines 21-23. |
| The HWPA is not even referred to in City training. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 34, |

| | |
|---|---|
| | lines 4-6. |
| All retaliation training programs were put in place as a result of litigation filed by employees. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 34, lines 19-23. |
| All retaliation programs initiated after employee litigation was resolved. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 35, lines 17-21. |
| Ms. Tsukuyama believes that the retaliation training should be a city-wide program. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 36, lines 3-6. |
| None of the training programs focus on the HWPA. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 36, lines 9-12. |
| Not familiar with the Shannon whistleblower case against the City liquor commission. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 43, lines 3-37. |
| Not familiar with Whang whistleblower case against City prosecutor's office. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 44, lines 7-20. |
| Retaliation against whistleblowers is a serious problem. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 54, lines 8-10. |
| The City's complaint line where employees can report misconduct is really the City's customer service | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 63, |

| | |
|---|---|
| department, the same number where people call to report potholes. | line 19; page 61, line 1. |
| When a supervisor learns of a potential violation of a law, the supervisor has a responsibility to do something. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 69, lines 2-18. |
| When a supervisor learns of retaliation they have a responsibility to do something. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 69, line 19 to page 70 line 1 |
| Most City employees have a fear of complaining, of retaliation or repercussions. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 75, lines 9-15. |
| The statements in the July 15, 1996 letter of Carolyn Stapleton corresponds to her experience with some City employees. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 77, lines 3-6. |
| The City has not done anything to address the problems identified by Ms. Stapleton. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 11, lines 11-13. |
| None of the City's departments have done anything to address the problems identified by Ms. Stapleton. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 77, lines 14-16. |
| Ms. Tsukuyama's opinion is that the City's current training programs are inadequate to deal with complaints of retaliation. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 82, lines 19-24. |
| She has had discussions with three heads of the Department of Human | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City |

| | |
|---|---|
| Resources about the opinion that the City's current training programs are inadequate to deal with complaints of retaliation. | and County of Honolulu at page 83, lines 6-10. |
| The City's response to Ms. Tsukayama's opinion has been that the city does not dispute there is a need for training, but it doesn't know where to start or who's going to do it. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 84, lines 1-8. |
| The retaliation training in place has an immaterial prevention aspect, but provides a foundation for management to do something about it when it does occur. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 86, line 7-12. |
| The current lack of training may fail to prevent retaliation. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 86, lines 17-25, page 87, line 2. |
| When managers report that an employee's performance declined after a complaint is made, it is a text book red flag with regard to retaliation. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 93 lines 20-25 to page 94, lines 1-8. |
| The City has lots of situations where workplace violence reports are filed against a whistleblower. | Deposition of Denise Tsukayama, 30(b)(6) witness of Defendant City and County of Honolulu at page 94, lines 14-17. |
| The filing of workplace violence reports after a whistleblower complains would probably be on the list of red flags for retaliation. | |
| Approximately a dozen times, | Deposition of Denise Tsukayama, |

| | |
|---|---|
| workplace violence reports were filed after a whistleblower complains. | 30(b)(6) witness of Defendant City and County of Honolulu at page 98, lines 13-14. |
| In July of 1996, the Executive Director and Legal Counsel for the City and County of Honolulu Ethics Commission made a number of admissions regarding widespread fear of retaliation for whistle blowing at the City and County of Honolulu. | See Exhibit B. |
| There have been at least seven other Whistleblower Lawsuits against the Count in the last six years. | Complaint; Demand For Jury Trial; Summons in CV00-0039 HG BMK – Sun v. City and County of Honolulu, et al. See Exhibit C; Complaint; Demand For Jury Trial; Summons in CV00-00729 SOM LEK – Kamakana v. City and County of Honolulu, et al; See Exhibit D; Demand For Jury Trial; Summons in Civ. No. 02-1-1394-06 – Mersburgh v. Salas, et al.; See Exhibit E; Complaint; Demand For Jury Trial; Summons in CV02-00622 DAE KSC – Wiggins v. City and County of Honolulu, et al.; See Exhibit F; Complaint; Demand For Jury Trial; Summons in CV04-00086 SPK LEK – Shannon v. City and County of Honolulu, et al.; See Exhibit G; Complaint; Demand For Jury Trial; Summons in Civ. No. 04-4-0910-05 (DDD) – Whang v. City and County of Honolulu, et al.; See Exhibit H; Complaint; Demand For Jury Trial; Summons in Civ. No. 05-1-1721-09 BIA – Olipares v. City and County of Honolulu; See Exhibit I |

| | |
|---|---|
| There is a pattern of retaliation against whistleblower's, including the filing of workplace violence reports after a complaint is made | Article regarding City Whistleblower Complaints. "Ethics Commission Clears Whistleblower of Complaints" dated August 2, 2006; See Exhibit J. |
| Robert Magota is a whistleblower on television, but has image and a voice obscured. | See Exhibit K. |
| The City has an Administrative Directive encouraging employees to report fraud, including occupational fraud, and requiring supervisors and managers to report fraud to the Department Director, Managing Director or Mayor. | See Exhibit L. |
| Plaintiff's official job duties do not include the formation and execution of official policy. | See Exhibit R |
| It is expressly agreed by the parties that the determination herein that Claimant sustained a stress-related psychic injury on or about January 30, 2003 by accident arising out of and in the course of his employment with Employer <u>is without prejudice to either party with respect to any future non-workers compensation proceedings and the parties are not precluded from litigating issues regarding the nature, scope and cause</u> | Workers Compensation Settlement Agreement; See Exhibit S. |

10010/3/58012.2                            8

of Claimant's stress and/or psychic injuries in any non-workers' compensation proceeding.

DATED: Honolulu, Hawaii, September 22, 2006.

ROGER S. MOSELEY
ALAN K. LAU
RENEE M. FURUTA
Attorneys for Plaintiff
PHILIP E. ENGLISH

10010/3/58012.2           9