

**LINDA LINGLE**
GOVERNOR

**JAMES R. AIONA, JR.**
LIEUTENANT GOVERNOR

**STATE OF HAWAII**
OFFICE OF THE LIEUTENANT GOVERNOR
**OFFICE OF INFORMATION PRACTICES**
NO. 1 CAPITOL DISTRICT BUILDING
250 SOUTH HOTEL STREET, SUITE 107
HONOLULU, HAWAI'I 96813
Telephone: (808) 586-1400   FAX: (808) 586-1412
E-MAIL: oip@hawaii.gov
www.hawaii.gov/oip

**LESLIE H. KONDO**
DIRECTOR

## DECLARATION OF LESLIE H. KONDO

I, LESLIE H. KONDO, hereby declare as follows:

1.      I am the Director of the Office of Information Practices ("OIP"), State of Hawaii.  I am competent to testify to the matters stated herein and make this declaration based upon records of which I am custodian.

2.      Attached as Exhibit 1 to this Declaration is a true and correct copy of OIP Opinion Letter Number 98-1 issued by this office.

3.      Attached as Exhibit 2 to this Declaration is a true and exact copy of the letter dated September 9, 1993, received by OIP on September 9, 1993, from Carolyn L. Stapleton, legal counsel, Ethics Commission, as the same appears on file and of record in this office.

4.      Attached as Exhibit 3 to this Declaration is a true and exact copy of the letter dated July 15, 1996, received by OIP on July 15, 1996, from Carolyn L.



**PLAINTIFF'S
EXHIBIT**

_1001_

**EXHIBIT "B"**

Stapleton, legal counsel, Ethics Commission, as the same appears on file and of record in this office.

      DATED:     Honolulu, Hawaii, August 11, 2006.

_____

LESLIE H. KONDO
Director

ETHICS COMMISSION

# CITY AND COUNTY OF HONOLULU

715 SOUTH KING STREET, SUITE 211
HONOLULU. HAWAII 96813-3091



JEREMY HARRIS
MAYOR

CAROLYN L. STAPLETON
EXECUTIVE DIRECTOR AND LEGAL COUNSEL

July 15, 1996

RECEIVED
OFC INFORM PRACTICES

'96 JUL 15 P3:34

Moya T. Davenport Gray, Director
Office of Information Practices
235 S. Beretania Street, Room 304
Honolulu, HI 96813-2437

Dear Moya:

As a result of our recent meeting in regard to the Ethics Commission's pending request for an opinion, you asked that I provide you with evidence as to what effect the disclosure of unedited advisory opinions by the Commission would have on the filing of requests for opinions. As I told you, my experience working in this field for over seven years indicates that such a practice would have a chilling effect.

Let me share with you some of the responses I have encountered on the part of employees of the City and County of Honolulu in regard to requests for opinions. First, well over half of our opinions deal with questions being raised prospectively by persons who, prior to taking action, want to be sure that they will not violate the ethics laws. A number of those have asked me before formally requesting an opinion whether the process is confidential. They have wanted to be reassured that no one else will know that they are considering doing something that they might decide not to pursue. They also have wanted assurance that if the Commission decided that a certain course of action would violate the Standards of Conduct, no one else will know that they had considered doing it.

Second, several times per year I receive anonymous phone calls, usually from City employees, inquiring whether some action is a violation of the ethics laws. In these cases, they have observed an action taken by a City officer or employee that they believe is wrong. If I need to do some research before I can answer their question, these persons are often unwilling to give me even their first name and phone number. Because of their fear of repercussions, I have had people only willing to call me back at a specified time, rather than have me contact them.

Related to this concern, let me share a particularly shocking conversation I had several years ago. An appointed City employee

Exhibit 3

MOYA T. DAVENPORT GRAY          -2-               July 15, 1996

complained to me about pressure that was being put on her by her superiors to support the campaign of a person running for City office.  When I asked her to file a complaint so that the Ethics Commission could investigate it, she responded, "No way!  I'm not going to put my pension in jeopardy."  I told her that the Ethics Commission has subpoena powers and could compel her to testify.  Her answer to that was, "Go ahead!  I'll lie under oath before I'll risk my job."  That incident is indicative of the level of fear that I have observed over the years on the part of some City employees.

Third, during some phone conversations with anonymous persons, I have listened to allegations such as, "If I put this in writing, I know how things work in the City.  I know people will find out that I'm the one who's filed a complaint."  At that point, I have gone to great lengths to try to reassure the person by citing the precautions we take to insure confidentiality, such as keeping our file cabinets locked, shredding even envelopes, requiring all Commissioners and staff to sign a confidentiality affirmation when they begin, etc.  Sometimes, that information has been sufficient to convince them that they can trust the Commission, but it has required serious advocacy on my part.

One further aspect of this issue which I feel compelled to address is that the present practice of complete confidentiality allows the Ethics Commission to fulfill its duties as set forth by the Charter and Ordinances.  Without assurances of confidentiality, it is likely that the flow of necessary information will be impeded and the effectiveness of the Commission will be compromised.

I hope this information will be helpful to you.

Sincerely,

CAROLYN L. STAPLETON
Legal Counsel
Ethics Commission