ORIGINAL

VENETIA K. CARPENTER-ASUI
Attorney at Law
A Law Corporation

VENETIA K. CARPENTER-ASUI  6901
City Center, Suite 600
810 Richards Street
Honolulu, Hawaii 96813
Telephone: (808) 523-6446
Facsimile:  (808) 523-6727

Attorney for Plaintiff
HOWARD W.C.C. TOM SUN

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 0 6 2000

at ____ o'clock and ____ min. ____ M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOWARD W.C.C. TOM SUN, <br><br> Plaintiff, <br><br> vs. <br><br> CITY & COUNTY OF HONOLULU, DEPARTMENT OF ENTERPRISE SERVICES; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; AND DOE PARTNERSHIPS 1-10, <br><br> Defendants. | Civil No. CV00 00397 <br><br> COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS <br><br><br> ATTEST: A True Copy <br> SUE BEITIA <br> Clerk, United States District Court, District of Hawaii <br> By _____ Deputy |

## COMPLAINT

Plaintiff HOWARD W.C.C. TOM SUN ("Plaintiff"), by and through his attorney, complaining of Defendants alleges and states:

### I. JURISDICTION & VENUE

1. This Court has jurisdiction of the claims against Defendants pursuant to 28 U.S.C. ss 1331 and 1337. This Court has jurisdiction over Plaintiff's state law claims against Defendants under the doctrine of pendent jurisdiction.

EXHIBIT "C"

60. On or about May 8, 2000, in retaliation for engaging in protected speech, Plaintiff's request for vacation leave to obtain medical attention for exposure to dangerous chemicals was denied by Defendant DES.

61. On or about May 1, and 10, 2000, Plaintiff filed a workers compensation claim for long term exposure to dangerous chemicals.

62. Plaintiff was retaliated against for speaking out against Defendant DES' failure to properly train the painters, failure to provide PPE for the painters, failure to monitor and supervise the painters, failure to provide guidelines or policies and procedures for the painters, failure to warn the painters of exposure to dangerous chemicals and substances, failure to protect the public from exposure to dangerous chemicals and substances, failure to properly dispose of dangerous chemicals and substances, failure to comply with State of Hawaii laws, failure to comply with federal laws, and others.

63. Defendant DES' retaliatory actions towards Plaintiff were substantially motivated by Plaintiff's exercise of protected speech on matters of public concern. The United States Supreme Court has recognized that a "public employee does not relinquish First Amendment rights to comment on matters of public interest by virtue of government employment." Connick v. Meyers, 461 U.S. 138, 140, 103 S. Ct. 1684, 1686, 75 L. Ed. 2d. 708 (1983) (citing Pickering v. Board of Educ., 391 U.S. 563, 88 S. Ct. 1731, 20 L. Ed. 2d. 811 (1968)). A fundamental design of the First Amendment is to foster participation in the interchange of political and social ideas without suffering retaliatory employment actions. The First Amendment "was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people." Connick, 461 U.S. at 144-45, 103 S. Ct. at 1688-89.

## COUNT I

(Freedom of Speech)

64. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 63 above as though fully set forth herein.

65. Defendant DES violated Plaintiff's First and Fourteenth Amendment rights under the United States Constitution and Hawaii State Constitution at Article I, Section 4. As a result of the above statements, acts and/or conduct of Defendant DES, individually and/or collectively, Plaintiff did suffer and continues to suffer severe mental and/or emotional distress and thereby sustains damages, as aforesaid, in an amount to be demonstrated at the time of trial herein.

## COUNT II

(Hawaii Whistleblowers Protection Act)

66. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 65 above as though fully set forth herein.

67. Defendant DES violated Plaintiff's rights under the Hawaii Whistleblowers' Protection Act, Chapter 378, Hawaii Revised Statutes. As a result of the above statements, acts and/or conduct of Defendant DES, individually and/or collectively, Plaintiff did suffer and continues to suffer severe mental and/or emotional distress and thereby sustains damages, as aforesaid, in an amount to be demonstrated at the time of trial herein.

## COUNT III

(Intentional Infliction of Emotional Distress)

68. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 67 above as though fully set forth herein.

69. The above statements, acts and/or conduct of Defendant DES, individually and/or collectively, constitute intentional infliction of emotional distress, extreme and outrageous behavior which exceeds all bounds usually tolerated by decent society, all done with malice and the intent to cause, or the knowledge that it would cause, severe mental and/or emotional distress to Plaintiff.