ORIGINAL

McCORRISTON MILLER MUKAI MacKINNON LLP

MARK J. BENNETT     2672
CLARISSA A. KANG    7266
Five Waterfront Plaza, Suite 400
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone No.: (808) 529-7300

Attorney for Plaintiff
KENNETH KAMAKANA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 0 9 2000

at ___ o'clock and ___ min. ___ M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KENNETH KAMAKANA,<br><br>Plaintiff,<br><br>vs.<br><br>CITY & COUNTY OF HONOLULU, HONOLULU POLICE DEPARTMENT, LEE DONOHUE, both in his official capacity, and individually, MILTON OLMOS, both in his official capacity, and individually, JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50, DOE GOVERNMENTAL AGENCIES 1-50, AND DOE ENTITIES 1-50,<br><br>Defendants. | CIVIL NO. CV00-00729 SOM LEK<br><br>COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

COMPLAINT

Plaintiff, KENNETH KAMAKANA, by and through his undersigned attorneys, as and for his Complaint against the Defendants in this matter, states and avers as follows:

ATTEST: A True Copy
SUE BEITIA
Clerk, United States District
Court, District of Hawaii
By _____ Deputy

EXHIBIT "D"

Office. They turned the edited and redacted version of the tape over to the United States Attorney's Office and the FBI, representing that what was being turned over to the FBI and the United States Attorney's Office was the complete recording.

40. Kamakana reported to Special Agent A.C. the fact that the recording that had been turned over to the FBI was not the complete recording, and was in fact an edited and redacted recording. He also reported who was involved in the editing, including facts relating to Chief Donohue's possible involvement in and knowledge with regard to the editing.

41. On or about August 15, 2000, Lieutenant Olmos told Kamakana that he was going to be transferred out of the CIU unit. Kamakana was transferred effective September 17, 2000. This transfer was directed by Chief Donohue, with the knowledge, assistance, and direction of Lieutenant Olmos. This transfer was direct retaliation against Kamakana for reporting the violations of federal and state law, and reporting the misconduct involving officers and men of the HPD, both to his superior officers, and to the United States Department of Justice, through the FBI and the Office of the United States Attorney, as described above.

## COUNT I

(Federal Civil Rights Violations)

42. Plaintiff realleges and hereby incorporates by this reference paragraphs 1 through 41, inclusive, as if set forth in full herein.

43. Kamakana's actions in reporting misconduct and violations of the law to his superiors, to the FBI, and to the Office of the United States Attorney for the District Hawaii, constituted his exercise of his constitutionally protected interest in freedom of speech, constitutionally protected by the First Amendment to the Constitution of the United States. This protected speech was on a matter or matters of public concern within the meaning of Rankin v. McPherson, 483 U.S. 378 (1987), and other cases. Thus, the speech was constitutionally protected.

44. That protected speech was a substantial and/or motivating factor in the decision made by Chief Donohue and Lieutenant Olmos to transfer Kamakana out of the CIU unit.

45. The transfer of Kamakana in retaliation for reporting instances of misconduct and illegal action was taken pursuant to governmental custom, in that the decisions were taken and caused by Chief Donohue, an official whose actions represent official policy, that is, an official who had final policymaking authority in the area involved.

46. That authority of Chief Donohue is established, inter alia, by Section 6-1604 of the Revised Charter of the City & County of Honolulu, which vests the Chief of Police with vast duties and powers, including being responsible for: (1) the preservation of the public peace; (2) the protection of the rights of persons and properties; (3) the prevention of crime; (4) the detection and arrest of offenders against the law; (5)

16

the enforcement and prevention of violations of all laws of the State and City, and all rules made in accordance therewith; (6) the training, equipping, maintaining, and supervising the force of police officers; (7) the promulgation of rules and regulations necessary for the organization and internal administration of the Police Department; and (8) such other duties as may be required by the Charter or by law.  In addition, Section 6-1601 of the Charter provides that the Chief of Police shall be the administrative head of the police department.

47.  For the purposes of 42 U.S.C. § 1983 & 1985, Defendants City & County of Honolulu, Honolulu Police Department, Chief Donohue, and Lieutenant Olmos are persons.

48.  Each of those persons, under color of statute, ordinance, regulation, custom, and usage of the State of Hawaii, and its municipal subdivisions, did subject, and cause to be subjected, Plaintiff, a citizen of the United States, to the deprivation of rights, privileges, and immunities secured to him by the Constitution and laws of the United States.

49.  Those rights are the rights to exercise protected speech under the First Amendment to the Constitution of the United States described above, as well as the right to equal protection of the laws, and to due process of law.

50.  The violations herein described were committed by Chief Donohue and Lieutenant Olmos, and the City & County and HPD are liable to Plaintiff because Chief Donohue directly committed and commanded the violation of Plaintiff's rights, and because

Chief Donohue indirectly caused the misconduct by Lieutenant Olmos by direction, and by reason of his acquiescence in a longstanding practice or custom which constitutes the standard operating procedure of the Honolulu Police Department under Chief Donohue.

51. As a result of the unconstitutional deprivation of his rights by Defendants, Plaintiff has suffered monetary damages, and severe mental and emotional distress.

52. The actions of Defendants were willful, wanton, malicious, and in such callous and reckless disregard of civil obligations, as to entitle Plaintiff to recover punitive damages.

53. Thus, Plaintiff is entitled to recover general, special, and punitive damages in an amount to be proven at trial.

### COUNT II
(Conspiracy to Violate Civil Rights)

54. Plaintiff realleges and hereby incorporates by this reference paragraphs 1 through 53, inclusive, as if set forth in full herein.

55. Defendants, and others, conspired to violate the civil rights of Plaintiff described more fully above, in violation of 42 U.S.C. § 1985.

56. As a result of the unconstitutional deprivation of his rights by Defendants, Plaintiff has suffered monetary damages, and severe mental and emotional distress.

57. The actions of Defendants were willful, wanton, malicious, and in such callous and reckless disregard of civil obligations, as to entitle Plaintiff to recover punitive damages.

58. Thus, Plaintiff is entitled to recover general, special, and punitive damages in an amount to be proven at trial.

### COUNT III

(Whistleblower's Protection Act)

59. Plaintiff realleges and hereby incorporates by this reference paragraphs 1 through 58, inclusive, as if set forth in full herein.

60. Pursuant to Haw. Rev. Stat. § 378-61, Kamakana is an employee of the City & County and HPD.

61. Pursuant to Haw. Rev. Stat. § 378-61, the City & County and HPD are employers of Kamakana. In addition, Chief Donohue and Lieutenant Olmos, acting as agents of the City & County and HPD, were employers of Kamakana.

62. Defendants -- all employers of Kamakana -- discriminated against Kamakana regarding his terms and conditions, location, and privileges of employment, because Kamakana reported to a public body, as that term is defined in Haw. Rev. Stat. § 378-61, verbally, and in writing, violations and suspected violations of laws and rules adopted pursuant to laws of the State of Hawaii, the City & County of Honolulu, and the United States.