```
                                        1ST CIRCUIT COURT
                                        STATE OF HAWAII
                                            FILED
LAW OFFICES OF WILLIAM FENTON SINK
                                        2002 JUN -7 PM 3:25
WILLIAM FENTON SINK #3546
Dillingham Transportation Building              N. ANAYA
735 Bishop Street, Suite 400             _____
Honolulu, Hawai`i 96813                        CLERK
Telephone: 531-7162
```

Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI`I

| | |
|---|---|
| KENNETH MERSBURGH, NORMAN SALSEDO, GEORGE A. SMITH, JR., and SOLOMON SILVA, <br><br>          Plaintiffs, <br><br> vs. <br><br> WAYNE SALAS, KENNETH SPRAGUE, HARRY HAUCK, JAY GONSALVES, IVAN HAWKINS, NICK MUSICAL, CITY & COUNTY OF HONOLULU, DEPARTMENT OF ENVIRONMENTAL SERVICES TREATMENT AND DISPOSAL DIVISION, KAILUA REGIONAL TREATMENT PLAN, JOHN AND MARY DOES 1-10, DOE CORPORATIONS, PARTNERSHIPS, or OTHER ENTITIES 1-10, <br><br>          Defendants. | CIVIL NO. **02-1-1394-06** <br> (Non-Motor Vehicle Tort, Whistle-blowing, Intentional Interference with Economic Advantage, Intentional Infliction of Emotional Distress, Unlawful Job action in Violation of Public Policy, Civil Conspiracy, Retaliation) <br><br> **COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS** |

### COMPLAINT

Plaintiffs, by and through their above named attorney, for a complaint against the defendants, allege and aver as follows:

RECEIVED
$425.00

EXHIBIT "E"

I do hereby certify that this is a full, true and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

1. At all times mentioned herein, Plaintiff KENNETH MERSBURGH ("KENNETH") resided in the City and County of Honolulu, State of Hawai'i.

2. At all times mentioned herein, Plaintiff NORMAN SALSEDO ("NORMAN") resided in the City and County of Honolulu, State of Hawai'i.

3. At all times mentioned herein, Plaintiff GEORGE A. SMITH ("GEORGE") resided in the City and County of Honolulu, State of Hawai'i.

4. At all times mentioned herein, Plaintiff SOLOMON SILVA ("SOLOMON") resided in the City and County of Honolulu, State of Hawai'i.

5. At all times mentioned herein, Defendant WAYNE SALAS ("SALAS") resided in the City and County of Honolulu, State of Hawai'i.

6. At all times mentioned herein, Defendant KENNETH SPRAGUE ("SPRAGUE") resided in the City and County of Honolulu, State of Hawai'i.

7. At all times mentioned herein, Defendant HARRY HAUCK ("HAUCK") resided in the City and County of Honolulu, State of Hawai'i.

8. At all times mentioned herein, Defendant JAY GONSALVES ("GONSALVES") resided in the City and County of Honolulu, State of Hawai'i.

9. At all times mentioned herein, Defendant IVAN HAWKINS ("HAWKINS") resided in the City and County of Honolulu, State of Hawai'i.

10. At all times mentioned herein, Defendant NICK MUSICAL ("MUSICAL") resided in the City and County of Honolulu, State of Hawai'i.

11. At all times mentioned herein, Defendant CITY AND COUNTY OF HONOLULU, DEPARTMENT OF ENVIRONMENTAL SERVICES TREATMENT AND DISPOSAL DIVISION, KAILUA REGIONAL TREATMENT PLANT ("C&C") was a governmental agency operating in the City and County of Honolulu, State of Hawai'i.

12. At all times mentioned herein, Defendants JOHN and MARY DOES 1-10, DOE CORPORATIONS, PARTNERSHIPS, or OTHER ENTITIES 1-10 are employees of Defendant, or other individuals or entities, who are not presently known to plaintiff but who, based upon information and belief, are in some way liable for plaintiffs' injuries and damages. Plaintiffs pray leave to amend their complaint when said DOES become known.

13. Plaintiffs were employees of C&C and were supervised or employed by defendants.

14. Plaintiffs objected to being forced into theft of overtime from the City and informed the C&C that certain activities, including theft, were illegal and unethical.

15. All defendants violated their promises made in contract by refusing to act in good faith and thereafter breached plaintiffs' contract. This breach took place after plaintiffs blew the whistle on the illegal activities.

14. Defendants engaged in a pattern of deceit and cover up by telling City employees to work on private jobs at the taxpayers' expense, which cheated plaintiffs out of their prospective economic advantage, and defendants engaged and are engaging in these activities so that they can personally benefit.

15. Plaintiffs reported the fact that defendants were engaging in crimes which would cheat the taxpayers and were harassed on the job because of their honesty.

16. Once plaintiffs refused to agree to be a parties to the illegal acts engaged in by defendants, defendants changed plaintiffs' working conditions under false pretenses and retaliated against plaintiffs.

17. In their greed to steal and cover up their illegal acts, all defendants conspired to and did have plaintiffs' terms and condition of their jobs changed in violation of public policy.

18. Because plaintiffs complained about and resisted being involved in illegal acts, defendants conspired to and did change the employment conditions of plaintiffs.

19. Under the common law and the broad reaching provisions of HRS §§ 378-61, 378-62 and 378-69, Plaintiffs were subjected to changes in their working conditions because of their whistle-blowing status, and other violations of public policy by defendants.

20. In order to cover up their civil conspiracy, and as a separate cause of action, all defendants conspired to have plaintiffs' employment interfered with. Further, all defendants intentionally interfered with plaintiffs' prospective and present economic advantage and inflicted severe emotional distress. Defendants intentionally interfered with plaintiffs' present and prospective economic advantage. In an attempt to cover up their illegal activities and to punish plaintiffs for whistle-blowing, some or all defendants engaged in a conspiracy, and in violation of public policy did engage, by threats, discrimination and retaliation, against plaintiffs' compensation, terms, conditions, locations and privileges of employment in violation of public policy.

21. As a direct result of defendants' intentional acts, plaintiffs have suffered severe emotional and psychological injuries, as well as severe mental distress; suffered a diminished capacity to enjoy life; sustained loss of income, a diminished earning capacity, and other economic losses.

22. Defendants' intentional interference with plaintiffs' prospective economic advantage has impacted plaintiffs' income in an amount to be proven.

WHEREFORE, Plaintiff prays for judgment against the Defendants for damages in excess of the minimum jurisdictional limits of this court as follows:

1. Reinstatement of back pay, benefits, and work conditions;

2. General damages to be determined by the court;

3. Special damages to be determined by the court;

4. Punitive damages in an amount to punish and set an example for defendants; and

5. For such other relief as the court deems just and proper.

DATED: Honolulu, Hawai'i 7 June 2002

WILLIAM FENTON SINK
Attorney for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI`I

| | |
|---|---|
| KENNETH MERSBURGH, NORMAN SALSEDO, GEORGE A. SMITH, JR., and SOLOMON SILVA,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>WAYNE SALAS, KENNETH SPRAGUE, HARRY HAUCK, JAY GONSALVES, IVAN HAWKINS, NICK MUSICAL, CITY & COUNTY OF HONOLULU, DEPARTMENT OF ENVIRONMENTAL SERVICES TREATMENT AND DISPOSAL DIVISION, KAILUA REGIONAL TREATMENT PLAN, JOHN AND MARY DOES 1-10, DOE CORPORATIONS, PARTNERSHIPS, or OTHER ENTITIES 1-10,<br><br>　　　　Defendants. | CIVIL NO. _____<br>(Non-Motor Vehicle Tort, Whistle-blowing, Intentional Interference with Economic Advantage, Intentional Infliction of Emotional Distress, Unlawful Job action in Violation of Public Policy, Civil Conspiracy, Retaliation)<br><br>**DEMAND FOR JURY TRIAL** |

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through their attorney, hereby demand a jury by trial on all issues in the above case.

DATED: Honolulu, Hawai`i 7 June 2002

WILLIAM FENTON SINK
Attorney for Plaintiffs

7

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI`I

| | |
|---|---|
| KENNETH MERSBURGH, NORMAN SALSEDO, GEORGE A. SMITH, JR., and SOLOMON SILVA,<br><br>Plaintiffs,<br><br>vs.<br><br>WAYNE SALAS, KENNETH SPRAGUE, HARRY HAUCK, JAY GONSALVES, IVAN HAWKINS, NICK MUSICAL, CITY & COUNTY OF HONOLULU, DEPARTMENT OF ENVIRONMENTAL SERVICES TREATMENT AND DISPOSAL DIVISION, KAILUA REGIONAL TREATMENT PLAN, JOHN AND MARY DOES 1-10, DOE CORPORATIONS, PARTNERSHIPS, or OTHER ENTITIES 1-10,<br><br>Defendants. | CIVIL NO. _____<br>(Non-Motor Vehicle Tort, Whistle-blowing, Intentional Interference with Economic Advantage, Intentional Infliction of Emotional Distress, Unlawful Job action in Violation of Public Policy, Civil Conspiracy, Retaliation)<br><br>**SUMMONS** |

**SUMMONS**

STATE OF HAWAI`I

To the above-named Defendants:

You are hereby summoned and required to serve upon Plaintiff's attorney, William Fenton Sink, whose address is the Law Offices of William Fenton Sink, Dillingham Transportation Building, 735 Bishop Street, Suite 400, Honolulu, Hawai`i, 96813, an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so,

judgment by default will be taken against you for the relief demanded in the complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawai`i   JUN - 7 2002

_____
CLERK OF THE ABOVE-ENTITLED COURT

2