WINER MEHEULA DEVENS & BUSH LLP

THOMAS E. BUSH #4737-0
970 N. Kalaheo Avenue
Suite A-300, Pali Palms Plaza
Kailua, Hawaii 96734
Telephone No.: (808) 254-5855

Attorneys for Plaintiff



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 27 2002

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHARLES J. WIGGINS,<br>Plaintiff,<br><br>vs.<br><br>CITY & COUNTY OF HONOLULU;<br>HONOLULU LIQUOR COMMISSION;<br>JOHN P. SPIERLING; in his official<br>capacity as Chair of the HONOLULU<br>LIQUOR COMMISSION; WALLACE W.<br>WEATHERWAX, individually and in his<br>capacity as an agent and employee of the<br>City & County of Honolulu; JOHN<br>CARROLL, individually and in his capacity<br>as an agent and employee of the City &<br>County of Honolulu; THOMAS<br>MENDONCA, individually and in his<br>capacity as an agent and employee of the<br>City & County of Honolulu; DAVID K.H.<br>LEE, individually and in his capacity as an<br>agent and employee of the City & County of<br>Honolulu; HARVEY T. HIRANAKA,<br>individually and in his capacity as an agent<br>and employee of the City & County of<br>Honolulu; ARTHUR M. ANDRES,<br>individually and in his capacity as an agent<br>and employee of the City & County of<br>Honolulu; SAMUEL K.Y. HO, individually<br>and in his capacity as an agent and<br>employee of the City & County of<br>Honolulu; EDUARDO C. MINA,<br>individually and in his capacity as an agent<br>and employee of the City & County of<br>Honolulu; COLLIN M. OSHIRO,<br>individually and in his capacity as an agent<br>and employee of the City & County of<br>Honolulu; WILLIAM B. RICHARDSON,<br>JR., individually and in his capacity as an<br>agent and employee of the City & County of<br>Honolulu; KENNETH L. WRIGHT, | CIVIL NO. CV 02 00622 DAE<br>(Other Civil Rights)<br><br>COMPLAINT; DEMAND FOR JURY<br>TRIAL; SUMMONS<br><br>KSC |

EXHIBIT "F"

39. On May 6, 2002, Riddle unsuccessfully moved the DCD for an order to compel Plaintiff to attend a medical examination in a transparent attempt to get some evidence to justify the denial of worker's compensation benefits.

40. On May 21, 2002, in response to a request by Hearings Officer Padilla, Riddle reconfirmed the City's position that it was continuing to deny Plaintiff temporary disability payments from March 16, 2002 forward.

41. On May 22, 2002 the federal criminal indictment was filed in the United States District Court for the District of Hawaii. On or about May 20, 2002, Plaintiff had provided testimony before the federal grand jury that returned the indictment. Though Plaintiff had taken necessary steps to process his workers' compensation claim, Plaintiff had otherwise sought to avoid any discussion of corruption in this Liquor Commission for his own safety and to avoid compromising the federal criminal investigation.

42. By letter dated June 21, 2002, Hearings Officer Padilla issued his decision, which stated, in pertinent part that:

> Regarding employer's termination of temporary total disability as of 3/16/2002, the Director determines that termination was premature. Employer has not provided any evidence to persuasively rebut claimant's testimony and Dr. Lind's opinion that working at HPD would be dangerous for claimant in light of claimant's circumstance. The Director credits claimant and Dr. Lind's statements that placing claimant in a structured setting at a specific location would allow someone to put a "fix" on claimant. If this occurred, the Director concludes that this would create a hostile work environment. Therefore, such a position with Crime Stoppers would not be deemed suitable and gainful employment. Claimant's refusal to accept the Crime Stoppers position is properly justified.

## COUNT I – VIOLATION OF CIVIL RIGHTS

43. Plaintiff repeats and realleges each and every allegation set forth above.

44. Defendants, under color of statutes, ordinances, regulations, customs, or usages of the State of Hawaii, or the City & County of Hawaii, subjected Plaintiff, a citizen of the United

9

States, or caused Plaintiff to be subjected, to the deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States.

45. Defendants are liable to Plaintiff for damages that he suffered as a result of the above-described unlawful acts, which were committed in violation of, inter alia, 42 U.S.C. §1983.

## COUNT II – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

46. Plaintiff repeats and realleges each and every allegation set forth above.

47. Defendants conspired together for the purpose of:

> (a) deterring Plaintiff, directly or indirectly, by force, intimidation, or threat from attending federal court or testifying in a matter pending therein, freely, fully, and truthfully, and/or of injuring Plaintiff in his person or property on account of his having so attended or testified;
>
> (b) impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in the State of Hawaii, with intent to deny to Plaintiff the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws; and
>
> (c) depriving Plaintiff, directly or indirectly, the equal protection of the laws, and/or the equal privileges and immunities under the laws; and/or of preventing or hindering the constituted authorities of the State of Hawaii from giving or securing Plaintiff the equal protection of the laws.

48. Defendants, who were engaged in the conspiracy, did, or caused to be done, acts in furtherance of the object of such conspiracy, whereby Plaintiff has suffered injuries and damages.

49. Defendants are liable to Plaintiff for damages that he suffered as a result of their above-described unlawful acts, which were committed in violation of, inter alia, 42 U.S.C. §1985.

## COUNT III – NEGLECT TO PREVENT INTERFERENCE WITH CIVIL RIGHTS

50. Plaintiff repeats and realleges each and every allegation set forth above.

51. Defendants had a duty to protect Plaintiff' civil rights and/or to prevent or aid in preventing the commission of wrongs conspired to be done.

52. Defendants breached this duty.

53. Defendants breach caused injury and damages to Plaintiff.

54. These unlawful actions or omissions of Defendants were in violation of, inter alia, 42 U.S.C. §1986.

## COUNT IV – UNLAWFUL DISCRIMINATION

55. Plaintiff repeats and realleges each and every allegation set forth above.

56. Defendants constructively discharged, threatened, retaliated or otherwise discriminated against Plaintiff regarding Plaintiff's compensation, terms, conditions, location or privileges of employment because of Plaintiff's unwillingness to condone criminal activities, Plaintiff's participation in a federal criminal investigation regarding Defendants and Plaintiff's presentation of testimony before a federal grand jury.

57. Defendants' conduct has caused harm and damage to Plaintiff, in violation of, inter alia, H.R.S. §378-62.

## COUNT V – RETALIATION

58. Plaintiff repeats and realleges each and every allegation set forth above.

59. Defendants engaged in retaliatory acts and conduct against Plaintiff for his opposition to Defendants' unlawful and/or criminal activities.

60. Defendants' conduct has caused harm and damage to Plaintiff, in violation of, inter alia, H.R.S. §378-62.

## COUNT VI – FAILURE TO INVESTIGATE

61. Plaintiff repeats and realleges each and every allegation set forth above.

11

WINER MEHEULA DEVENS & BUSH LLP

THOMAS E. BUSH #4737-0
970 N. Kalaheo Avenue
Suite A-300, Pali Palms Plaza
Kailua, Hawaii 96734
Telephone No.: (808) 254-5855

Attorneys for Plaintiff



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CV 0 2 00622 DAE

| | |
|---|---|
| CHARLES J. WIGGINS,<br>Plaintiff,<br><br>vs.<br><br>CITY & COUNTY OF HONOLULU;<br>HONOLULU LIQUOR COMMISSION;<br>JOHN P. SPIERLING; in his official<br>capacity as Chair of the HONOLULU<br>LIQUOR COMMISSION; WALLACE W.<br>WEATHERWAX, individually and in his<br>capacity as an agent and employee of the<br>City & County of Honolulu; JOHN<br>CARROLL, individually and in his capacity<br>as an agent and employee of the City &<br>County of Honolulu; THOMAS<br>MENDONCA, individually and in his<br>capacity as an agent and employee of the<br>City & County of Honolulu; DAVID K.H.<br>LEE, individually and in his capacity as an<br>agent and employee of the City & County of<br>Honolulu; HARVEY T. HIRANAKA,<br>individually and in his capacity as an agent<br>and employee of the City & County of<br>Honolulu; ARTHUR M. ANDRES,<br>individually and in his capacity as an agent<br>and employee of the City & County of<br>Honolulu; SAMUEL K.Y. HO, individually<br>and in his capacity as an agent and<br>employee of the City & County of<br>Honolulu; EDUARDO C. MINA,<br>individually and in his capacity as an agent<br>and employee of the City & County of<br>Honolulu; COLLIN M. OSHIRO,<br>individually and in his capacity as an agent<br>and employee of the City & County of<br>Honolulu; WILLIAM B. RICHARDSON,<br>JR., individually and in his capacity as an<br>agent and employee of the City & County of<br>Honolulu; KENNETH L. WRIGHT, | CIVIL NO. _____<br>(Other Civil Rights)<br><br>COMPLAINT; DEMAND FOR JURY<br>TRIAL; SUMMONS |

EXHIBIT "F"

39. On May 6, 2002, Riddle unsuccessfully moved the DCD for an order to compel Plaintiff to attend a medical examination in a transparent attempt to get some evidence to justify the denial of worker's compensation benefits.

40. On May 21, 2002, in response to a request by Hearings Officer Padilla, Riddle reconfirmed the City's position that it was continuing to deny Plaintiff temporary disability payments from March 16, 2002 forward.

41. On May 22, 2002 the federal criminal indictment was filed in the United States District Court for the District of Hawaii. On or about May 20, 2002, Plaintiff had provided testimony before the federal grand jury that returned the indictment. Though Plaintiff had taken necessary steps to process his workers' compensation claim, Plaintiff had otherwise sought to avoid any discussion of corruption in this Liquor Commission for his own safety and to avoid compromising the federal criminal investigation.

42. By letter dated June 21, 2002, Hearings Officer Padilla issued his decision, which stated, in pertinent part that:

> Regarding employer's termination of temporary total disability as of 3/16/2002, the Director determines that termination was premature. Employer has not provided any evidence to persuasively rebut claimant's testimony and Dr. Lind's opinion that working at HPD would be dangerous for claimant in light of claimant's circumstance. The Director credits claimant and Dr. Lind's statements that placing claimant in a structured setting at a specific location would allow someone to put a "fix" on claimant. If this occurred, the Director concludes that this would create a hostile work environment. Therefore, such a position with Crime Stoppers would not be deemed suitable and gainful employment. Claimant's refusal to accept the Crime Stoppers position is properly justified.

### COUNT I – VIOLATION OF CIVIL RIGHTS

43. Plaintiff repeats and realleges each and every allegation set forth above.

44. Defendants, under color of statutes, ordinances, regulations, customs, or usages of the State of Hawaii, or the City & County of Hawaii, subjected Plaintiff, a citizen of the United

9

States, or caused Plaintiff to be subjected, to the deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States.

45. Defendants are liable to Plaintiff for damages that he suffered as a result of the above-described unlawful acts, which were committed in violation of, inter alia, 42 U.S.C. §1983.

## COUNT II – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

46. Plaintiff repeats and realleges each and every allegation set forth above.

47. Defendants conspired together for the purpose of:

(a) deterring Plaintiff, directly or indirectly, by force, intimidation, or threat from attending federal court or testifying in a matter pending therein, freely, fully, and truthfully, and/or of injuring Plaintiff in his person or property on account of his having so attended or testified;

(b) impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in the State of Hawaii, with intent to deny to Plaintiff the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws; and

(c) depriving Plaintiff, directly or indirectly, the equal protection of the laws, and/or the equal privileges and immunities under the laws; and/or of preventing or hindering the constituted authorities of the State of Hawaii from giving or securing Plaintiff the equal protection of the laws.

48. Defendants, who were engaged in the conspiracy, did, or caused to be done, acts in furtherance of the object of such conspiracy, whereby Plaintiff has suffered injuries and damages.

49. Defendants are liable to Plaintiff for damages that he suffered as a result of their above-described unlawful acts, which were committed in violation of, inter alia, 42 U.S.C. §1985.

## COUNT III – NEGLECT TO PREVENT INTERFERENCE WITH CIVIL RIGHTS

50. Plaintiff repeats and realleges each and every allegation set forth above.

51. Defendants had a duty to protect Plaintiff' civil rights and/or to prevent or aid in preventing the commission of wrongs conspired to be done.

52. Defendants breached this duty.

53. Defendants breach caused injury and damages to Plaintiff.

54. These unlawful actions or omissions of Defendants were in violation of, inter alia, 42 U.S.C. §1986.

## COUNT IV – UNLAWFUL DISCRIMINATION

55. Plaintiff repeats and realleges each and every allegation set forth above.

56. Defendants constructively discharged, threatened, retaliated or otherwise discriminated against Plaintiff regarding Plaintiff's compensation, terms, conditions, location or privileges of employment because of Plaintiff's unwillingness to condone criminal activities, Plaintiff's participation in a federal criminal investigation regarding Defendants and Plaintiff's presentation of testimony before a federal grand jury.

57. Defendants' conduct has caused harm and damage to Plaintiff, in violation of, inter alia, H.R.S. §378-62.

## COUNT V – RETALIATION

58. Plaintiff repeats and realleges each and every allegation set forth above.

59. Defendants engaged in retaliatory acts and conduct against Plaintiff for his opposition to Defendants' unlawful and/or criminal activities.

60. Defendants' conduct has caused harm and damage to Plaintiff, in violation of, inter alia, H.R.S. §378-62.

## COUNT VI – FAILURE TO INVESTIGATE

61. Plaintiff repeats and realleges each and every allegation set forth above.