ORIGINAL

MICHAEL JAY GREEN  4451
345 Queen Street
Second Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336

DEBRA A. KAGAWA   6169
345 Queen Street
Second Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336

DENISE M. HEVICON   7428
345 Queen Street
Second Floor
Honolulu, Hawaii 96813
Telephone: (808) 521-3336

Attorneys for Plaintiff
CRAIG WHANG

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2004 MAY 17 PM 4: 04

N. ANAYA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| CRAIG WHANG,<br><br>             Plaintiff,<br><br>       vs.<br><br>CITY AND COUNTY OF HONOLULU, PETER CARLISLE, in his official capacity as Prosecuting Attorney for the Department of the Prosecuting Attorney, City and County of Honolulu, IWALANI WHITE, individually and in her official capacity as First Deputy Prosecuting Attorney for the Department of the Prosecuting Attorney, City and County of Honolulu, ROBERT K. W. LEE, JR., individually and in his official capacity as Chief Investigator for the Department of the Prosecuting Attorney, City and County of Honolulu, and DOE DEFENDANTS 1-10,<br><br>             Defendants. | CIVIL NO. 04-1-0910-05 (DDD)<br>[Other Civil Action]<br><br>COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

RECEIVED $400.00

PAID SURCHARGE $25.00

RECEIVED CIVIL ADM. COST $50.00

I do hereby certify that this is a full, true and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

EXHIBIT "H"

as a thief was "confidential" and should have been protected from disclosure by the Defendants, but was not.

35.     In or around 1997, Defendant Lee specifically asked Plaintiff to store ammunition that was previously kept at the Department in Plaintiff's garage because Defendant Lee had expressed concerns about possible OSHA violations and building violations. Plaintiff interpreted Defendant Lee's request as an order, and complied.

36.     Department personnel knew that Plaintiff had been storing equipment and property in his garage long before Plaintiff opposed Defendant Lee's discriminatory request, and filed a workplace violence complaint against Defendant Lee. Department personnel knew for years that Plaintiff was bringing ammunition from his home to the firing range for training. Notwithstanding said knowledge, no one from the Department ever told Plaintiff that the practice of storing firearms equipment and property was wrong, or that it should stop, until after Plaintiff opposed Defendant Lee's discriminatory request, and filed a workplace violence complaint against Defendant Lee.

37.     Plaintiff filed a timely Charge of Discrimination based on retaliation by the City and County of Honolulu, Department of the Prosecuting Attorney with the Hawaii Civil Rights Commission ("HCRC") on February 18, 2004. On March 4, 2004, the HCRC issued Plaintiff a Notice of Dismissal and Right to Sue. This Complaint is timely filed.

### COUNT I - RETALIATION

38.     Plaintiff hereby incorporates by reference and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 37 above.

39.     The above stated actions of Defendants discriminated/retaliated against Plaintiff in violation of Section 378-2 of the Hawaii Revised Statutes.

40. As a result of Defendants' acts of discrimination/retaliation as described above, Plaintiff sustained substantial general and special damages in an amount to be proved at trial.

## COUNT II - VIOLATION OF WHISTLE BLOWERS' PROTECTION ACT

41. Plaintiff hereby incorporates by reference and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 40 above.

42. The above stated actions of Defendants discriminated against Plaintiff in violation of Section 378-62 of the Hawaii Revised Statutes. Plaintiff's workplace violence complaint to Defendant Carlisle reported a violation or suspected violation of City and County of Honolulu rules, regulations, policies and procedures regarding workplace violence, State of Hawaii rules, regulations, and laws, including but not limited to laws requiring employers to provide employees with safe and healthful working conditions.

43. As a result of Defendants' acts of discrimination/retaliation as described above, Plaintiff sustained substantial general and special damages in an amount to be proved at trial.

## COUNT III - WILFUL AND WANTON MISCONDUCT (HRS SECTION 386-8)

44. Plaintiff hereby incorporates by reference and realleges as if set forth fully herein the allegations contained in paragraphs 1 through 43 above.

45. Based on the acts alleged herein, Defendants Lee, White and other DOE employees from the Department of the Prosecuting Attorney engaged in wilful, wanton, and/or reckless conduct by recklessly creating an unsafe work environment for Plaintiff and other employees in the Department, retaliating against Plaintiff for refusing to comply with Defendant Lee's discriminatory request and/or for filing a workplace violence complaint against Defendant Lee by stripping Plaintiff of his duties and responsibilities and assigning him to tasks for which he was over-qualified and which were unsuitable for someone of Plaintiff's education, training, and