LAW OFFICES OF
DAVID F. SIMONS

DAVID F. SIMONS   2179-0
Ocean View Center, PH-1
707 Richards Street
Honolulu, Hawaii 96813
Telephone: (808) 536-3255
Facsimile: (808) 524-5593

Attorney for Plaintiff
NANCY OLIPARES

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2005 SEP 27 AM 9: 29

N. ANAYA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| NANCY OLIPARES,<br><br>    Plaintiff,<br><br>vs.<br><br>THE CITY AND COUNTY OF HONOLULU, and DOE DEFENDANTS 1-25,<br><br>    Defendants. | CIVIL NO. 05-1-1721-09 BIA<br>(Other Civil Matter)<br><br>COMPLAINT; SUMMONS |

## COMPLAINT

Plaintiff NANCY OLIPARES, by and through her attorney, DAVID F. SIMONS, hereby Complains against the above-mentioned Defendants and alleges and avers as follows:



RECEIVED $200.00   PAID SURCHARGE   RECEIVED CIVIL ADM. COST $50.00

I do hereby certify that this is a full, true and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

EXHIBIT "1"

16. In March 2003 Plaintiff reported to the Workforce Investment Board Chairperson, Christine McColgan, and the City and County of Honolulu that federal funds had been wrongfully used to pay the entire cost of a trip by Michael Amii and Councilman Okino.

17. Michael Amii and Councilman Okino went to Washington, D.C. to attend a NACo Legislative 2002 Conference and the National Association of Workforce Boards Regional Meeting.

18. The NACo Legislative 2002 Conference was City and County business and the cost for the tuition and related travel expenses should not have been paid for with federal funding for Workforce Development.

19. In June 2002 Michael Amii refused to extend Plaintiff's leave of absence status from her civil service position, thereby forcing her to resign from that position, six months sooner than she had anticipated.

20. On or about June 30, 2003 Michael Amii refused to renew Plaintiff's yearly contract as the Executive Director of the Oahu Workforce Investment Board.

21. Michael Amii's actions were motivated by a retaliatory animus against Plaintiff for her reporting his illegal use of federal funds, and her insistence that the Oahu Workforce Investment Board operate independently from the City and County as required by federal law.

III. CAUSES OF ACTION

First Cause of Action: VIOLATION OF THE WHISTLEBLOWER PROTECTION ACT

22. Plaintiff realleges and incorporates by reference the allegations of each of the preceding paragraphs.

5

23. Defendant C&C discharged, threatened, or otherwise discriminated against Plaintiff, including creating a hostile working environment, because Plaintiff reported to her employer and a public body, violations or suspected violations of a law or rule adopted pursuant to law of the State of Hawai'i, the City and County of Honolulu, and/or the United States.

24. The aforesaid discharge, was in violation of H.R.S. §378-61 et seq.

25. As a direct and proximate result thereof, Plaintiff has suffered damages for injury or loss, including wage loss, general damages, and attorney's fees. Plaintiff is entitled to the statutory remedies under the Whistleblower Protection Act.

26. In addition thereto, Defendant C&C is subject to the imposition of fines pursuant to H.R.S. §378-65.

Second Cause of Action: WRONGFUL AND RETALIATORY TERMINATION IN VIOLATION OF PUBLIC POLICY

27. Plaintiff realleges and incorporates by reference the allegations of each of the preceding paragraphs.

28. Plaintiff reasonably believed that Defendant C&C was in violation of the law when she complained to Defendant C&C and the Chairperson of the Workforce Investment Board.

29. Defendant C&C, and their employees and agents, wrongfully terminated Plaintiff from her employment because she reported violations to her employer, and who were agents and/or employees of Defendant C&C.

30. As a direct and proximate result of Defendant C&C's wrongful termination of Plaintiff in violation of public policy, and the creation of a retaliatory hostile work environment, Plaintiff has suffered indignities, anguish, pain, emotional

6