ORIGINAL

MOSELEY BIEHL TSUGAWA LAU & MUZZI
a Hawaii limited liability law company

ROGER S. MOSELEY          2060
CHRISTOPHER J. MUZZI      6939
RENEE M. FURUTA           7593
JOANNA B.K. FONG          7764
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone: (808) 531-0490
Facsimile: (808) 534-0202
Email: rmoseley@hilaw.us
       cmuzzi@hilaw.us
       rfuruta@hilaw.us
       jfong@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 2 2 2006

at 4 o'clock and 05 min P M y
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>       Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1–10; JANE DOES 1-10; DOE PARTNERSHIPS; | Civil No. 04-00108 KSC/KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S SEPARATE AND CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS MEMORANDUM IN OPPOSITION TO DEFENDANTS GARY T. KUROKAWA, ROBERT O. MAGOTA, AND ANN C. GIMA'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON QUALIFIED IMMUNITY; |

10010/3/56183

| DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10, | DECLARATION OF PHILIP E. ENGLISH; DECLARATION OF COUNSEL; EXHIBITS "A-PP"; LOCAL RULE 7.5(E) CERTIFICATION; CERTIFICATE OF SERVICE |
|---|---|
| Defendants. | |

HEARING:
DATE:   September 27, 2006
TIME:    9:00 a.m.
JUDGE: The Honorable Kevin S.C. Chang

## PLAINTIFF PHILIP E. ENGLISH'S SEPARATE AND CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MEMORANDUM IN OPPOSITION TO DEFENDANTS GARY T. KUROKAWA, ROBERT O. MAGOTA, AND ANN C. GIMA'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON QUALIFIED IMMUNITY

Comes now Plaintiff Philip E. English (hereinafter "Plaintiff"), by and through his attorneys, Moseley Biehl Tsugawa Lau & Muzzi, submit the following statement of material facts to support his Memorandum in Opposition to Defendants Gary T. Kurokawa, Robert O. Magota, and Ann C. Gima's ("Defendants") Motion for Partial Summary Judgment on Qualified Immunity.

Plaintiff clearly disputes all of the factual assertions contained in Defendants' Concise Statement of Facts as they are clearly taken out of context.

Plaintiff contends Defendants' statement regarding the three alleged bases for Plaintiff's retaliation claim as there exists a litany of retaliation suffered by Plaintiff due to Defendants' actions, including substandard evaluations/reports that lead to his special probation, threats to extend probation, reprimands for insubordination workplace violence reports/ checklists.

Plaintiff contends Defendants' statement that the terms and conditions of Plaintiff's job were not materially altered as Plaintiff's employment with the City & County of Honolulu ("City") was terminated as a result of Defendants' retaliation.

Finally, Plaintiff did not voluntarily resign from his position with the City but was forced to resign as part of his Workers Compensation settlement with the City. See attached Declaration of Philip E. English ("English Declaration") at ¶ 33.

Plaintiff hereby submits the following relevant material facts:

| Facts | Evidentiary Support |
|---|---|
| On or about 6/1/00, Plaintiff became an employee of the City as a Real Property Appraiser II. | Exhibit A.<br><br>Declaration of Philip E. English attached herein ("English Declaration) at ¶1. |
| Defendant Kurokawa ("Kurokawa) was the Administrator of the Assessment Division and had | English Declaration at ¶2. |

supervisory authority over Plaintiff,
Defendant Magota ("Magota") and
Defendant Gima ("Gima").

Kurokawa was Vice-President and a          Exhibit B
shareholder in Defendant GK
Appraisal, Inc. ("GK"), while he was
employed by the City and
throughout the relevant time period
in this case.

Magota was the City Assessor in the        English Declaration at ¶3.
Assessment Division and an
employee of the City.  Magota had
supervisory authority over Plaintiff
and Gima.

Gima was an Appraiser Supervisor           Id. at ¶4.
of the Assessment Division, and an
employee of the City.  Gima had
direct supervisory authority over
Plaintiff.

Beginning about 1/01, Plaintiff            Id. at ¶5.
began observing his co-workers,
Christopher Graff ("Graff"),
performing private appraisal work
for GK on City equipment during
City time, and observed Graff
receiving calls from Kurokawa
regarding Graff's performance of
work for GK.

Graff worked for GK from 1998-             Exhibit LL - Graff Deposition at
2004, often with Kurokawa.  Graff          pages 19(line#20-22), 128(line#24-
used City equipment to perform             25), 129(line#1-6), 141(line#19-25),
work for GK.                               156(line#2-9).

                                           Exhibit MM – Kamisato Deposition
                                           at pages 98(line#24-25), 99(line#1-

| | |
|---|---|
| | 8), 100(line#17-25), 101(line#1), 103(line#2-4) |
| On 2/1/01, Plaintiff was promoted to Real Property Appraiser III. | Exhibit C. |
| Plaintiff observed David Matsunami ("Matsunami"), a former City employee who was also working for GK, had access to nonpublic areas of the Assessment Division to deal with Graff. | English Declaration at ¶7.<br><br>Exhibit C1 - Matsunami Deposition at pages 139(line#4-25), 140(line#1-16). |
| Graff and Matsunami performed work for GK, including 8 appraisals together. About 70% of Matsunami's contact with Kurokawa regarding GK business was done at Kurokawa's City office. Matsunami often left messages for Kurokawa with his City secretary and emailed Graff regarding GK work at Graff's City email. | Exhibit C1- at pages 125 (line#18-25), 126(line#1-7), 127(line#4-9 and 10-15), 139 (line#22-25), 140 (line#6-7) |
| Plaintiff reported the misconduct involving t Kurokawa and GK ("Kurokawa-GK Misconduct") to Gima in 8/01. | English Declaration at ¶8. |
| Shortly thereafter, Gima told Plaintiff to stop calling her "Annie" because only her friends called her Annie; he should call her "Ann". | Id. at ¶9. |
| Plaintiff reported the Kurokawa-GK Misconduct to Magota around 10/2/01 . | Id. at ¶10. |
| On 2/15/02, Plaintiff emailed | Id. at ¶11. |

| | |
|---|---|
| Magota, complaining that Kurokawa and Graff were unlawfully conducting Kurokawa's private business on City time and with City equipment. | Exhibit D. |
| Prior to reporting the Kurokawa-GK Misconduct in 8/01 and 10/01, Plaintiff received satisfactory Performance Evaluation Reports ("PER") in 2000 and prior to reporting the Kurokawa-GK Misconduct, Plaintiff received PER in 2001 with exceeds expectations in all categories. | Exhibits E,F,G<br><br>English Declaration at ¶12.<br><br>Id. at ¶13.<br><br>Exhibits H,I. |
| On 4/22/02 Defendants issued Plaintiff an Annual PER with negative comments reflecting retaliation. | Exhibit J. |
| On 5/14/02, Plaintiff received a Probationary PER and rated as meeting all requirements in all categories. | Exhibit K. |
| On or about 8/14/02, Plaintiff contacted the Federal Bureau of Investigation to report the Kurokawa-GK Misconduct. | English Declaration at ¶15. |
| On 8/14/02, Plaintiff received a substandard Probationary Performance Evaluation relating to Plaintiff's performance (the "8/14/02 Substandard Evaluation"). | Exhibit L. |
| On 8/15/02, Kurokawa signed the 8/14/02 Substandard Evaluation and | Exhibit M. |

| | |
|---|---|
| purportedly extended Plaintiff's probation period for an additional three months. Extension of Plaintiff's probation meant that Plaintiff could be terminated. | Exhibit M1 – Toma Deposition at pages 79(line#20-25). |
| Apparently, Kurokawa's decision to extend Plaintiff's probation was too late. Plaintiff was not put on probation, but Plaintiff was not notified of this, and continued to believe he was on extended probation. | Id.

Exhibit W –Kurokawa Deposition (8/22/06 Vol. I) at pages 84(line#9-18).

English Declaration at ¶16. |
| On 10/21/02, Plaintiff sought leave to see his medical doctors for a cancer follow-up and for an orthopedic matter. Plaintiff's request for medical leave was conditionally granted. | Exhibits O,P. |
| On 2/5/03 Plaintiff was accused of insubordination for attending his 10/25/02 doctor appointment. | English Declaration at ¶18. |
| On 1/3/03, Plaintiff met with Charles Totto ("Totto") of the City and County of Honolulu Ethics Commission to report the continuing Kurokawa-GK Misconduct and other matters. | Id. at ¶19. |
| On 1/7/03 and 1/10/03, Plaintiff spoke with Graff about his contact with the Ethics Commission and the FBI regarding the Kurokawa-GK Misconduct. Graff immediately reported his contacts with Plaintiff to Gima on 1/7/03 and 1/10/03. | Id. at ¶20.

Exhibit Q. |

| | |
|---|---|
| On 1/22/03, English filed a written complaint with the Ethics Commission regarding the Kurokawa-GK Misconduct. | Exhibit S. |
| Gima immediately relayed this information to Magota. | Exhibit R –Magota Deposition (6/16/06 Vol. III) pages 339 (line#18-25), 340(line#3-22), 341(line#7-2), 342(line#1-9, 23-25), 343(line#1-8,22-25). |
| On 1/29/03, Gima filed a Workplace Violence Report against Plaintiff. Gima stated that co-workers "have been made aware of the option of individually filing [workplace violence] reports." | Exhibit T. |
| In a subsequent Workplace Violence Checklist, Gima admitted that "the most recent occurrence that precipitated my [workplace violence] complaint was the threatening phone calls and ethics complaint [Plaintiff] initiated against Graff. . | Exhibit U. |
| On 1/30/03, Plaintiff saw a doctor regarding the workplace stress that resulted from Defendants' conduct. | English Declaration at ¶22<br><br>Exhibit W. |
| Subsequent to Gima's Workplace Violence Report at least nine City employees, in addition to Gima, were interviewed and completed Workplace Violence Checklists. | Exhibit X. |
| On 2/5/03, Plaintiff was accused again of insubordination and on 2/10/03, Gima and Magota met with | English Declaration at ¶23-24<br><br>Exhibit Y |

| | |
|---|---|
| Plaintiff reprimanded Plaintiff "regarding an act of insubordination, hostility towards his supervisor, and failure to follow instructions for an incident on 10/25/02." | English Declaration at ¶25 |
| A charge in insubordination may result in the loss of civil service benefits and protection. | |
| On 2/12/03 Graff files a Confidential Workplace Violence Incident Report against Plaintiff. | Exhibit Q. |
| On 2/20/03 a draft of Julie Tamayori's Workplace Violence Checklist was placed on Plaintiff's work chair. | Exhibit Z.<br>English Declaration at ¶26. |
| On 2/21/03, Plaintiff attended a mandatory training session for all Assessment Division employees conducted by the City.  At the mandatory training, whistleblowers were ridiculed. | English Declaration at ¶27.<br><br>Exhibit AA<br><br>Exhibit R at pages 53(line#4-18), 55(line #8-25), 56(line#9-17)<br><br>Exhibit BB at pages 140(line#10-16), 141(#3-12). |
| On 2/27/03, Defendant City interviewed Plaintiff regarding the Workplace Violence Complaint filed against him. | Exhibit CC.<br><br>English Declaration at ¶29. |
| 2/28/03 was Plaintiff's last day of reporting to work on advice of his treating physician because of work-related stress, and Plaintiff files claim for worker's compensation. | Id. at ¶28. |

| | |
|---|---|
| 2/28/03 though 11/07/03, Defendant City denies Plaintiff worker's compensation benefits. | English Declaration at ¶31. |
| In a Draft Supervisors Report prepared by Gima states that Plaintiff is under investigation for acts of insubordination occurring on 2/19/03 and 2/25/03. | Exhibit Y. |
| On 4/9/03, Defendant City notifies Plaintiff they want to meet regarding his substandard Performance Evaluation Report. | Exhibit EE. |
| In letter dated 4/17/03, Defendant City notified Plaintiff of a substandard performance for the period 6/1/02-5/31/03 ("Notice of Substandard Performance Evaluation") that is substandard in a number of areas. | Exhibit HH |
| The Notice of Substandard Performance Evaluation indicated that Plaintiff was being placed on a special 3-month performance evaluation which may result in his discharge. | |
| On 4/22/03, Defendant City sent Plaintiff a Performance Evaluation Report. The 4/22/03 Performance Evaluation Report rated Plaintiff's performance as substandard in every factor, except for two areas where ranked as satisfactorily. | Exhibit GG<br><br>Exhibit HH |
| From 2/28/03 through 1/24/04, Plaintiff on leave due medical | English Declaration at ¶32. |

reasons related to workplace stress.

| | |
|---|---|
| On 1/24/04, Defendant City required Plaintiff to resign in order to receive worker's compensation benefits through a settlement agreement. | Id. at 33. |
| The Ethics Commission drafted a Notice of Possible Violation for Kurokawa relating to Plaintiff's Ethics Commission complaint. | Exhibit II at page 155(line#8-21). |

DATED:  Honolulu, Hawaii, _September 22, 2006_____.


_____
ROGER S. MOSELEY
CHRISTOPHER J. MUZZI
RENEE M. FURUTA
JOANNA B.K. FONG
Attorneys for Plaintiff
PHILIP E. ENGLISH