COPY

```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF HAWAII

   PHILIP E. ENGLISH,                  ) CIVIL NO. CV04-00108 SCM KSC
                                       )
            Plaintiff,                 )
                                       )
       vs.                             )    VOLUME II
                                       )
   CITY AND COUNTY OF HONOLULU;        )
   GARY T. KUROKAWA;                   )
   ROBERT O. MAGOTA; ANN C. GIMA;      )
   and GK APPRAISALS, INC.;            )
   JOHN DOES 1-10; JANE DOES 1-10;     )
   DOE PARTNERSHIPS;                   )
   DOE CORPORATIONS 1-10; AND          )
   DOE ENTITIES 1-10,                  )
                                       )
            Defendants.                )
   _____)
```

DEPOSITION OF ROBERT L. K. YOSHIMURA

RENEAU KENNEDY, Ed.D.                RE: PHILIP E. ENGLISH

Taken upon written interrogatories for Defendants CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA; on Friday, June 03, 2005 commencing at 12:45 PM; at the offices of CARNAZZO COURT REPORTING COMPANY, LTD., 888 Mililani Street, Suite 705, Honolulu, Hawaii 96813; pursuant to Notice.

BEFORE:

KATHERINE Y. CHOO
Notary Public, State of Hawaii


Under the Direction and Control of:
Louis A. Carnazzo, C.S.R. #110

**EXHIBIT "U"**

CARNAZZO COURT REPORTING COMPANY, LTD. (808)532-0222

Workplace Violence Checklist

Name: Ann C. Gima
Job Title: Real Property Appraiser VI
Position Number: DF-628

On January 29, 2003, I filed a complaint with the Administrator of the Real Property Assessment Division. In my complaint I briefly outlined an ongoing situation which I believed merited an investigation and appropriate response.

On January 23, 2003, prior to my written complaint, I met with Mike Golojuch and Violet Lee to seek their advice and recommendations as well as to apprise them of the difficulties I was encountering with Philip English.

Upon first coming to work for the division, Phil voiced his willingness to work hard and to learn the processes and procedures necessary for working at the Real Property Assessment Division. His initial work was satisfactory and his attitude conveyed the impression of a hard worker who had an appraisal background and experience that would prove valuable to the division.

Over a period of time certain behaviors have led me to believe that he was becoming more and more disruptive and counterproductive. The most recent occurrence that precipitated my complaint was the threatening phone calls and ethics complaint he initiated against Christopher Graff. Chris advised me as his supervisor that he had received phone calls and had a conversation over lunch with Phil where Phil was pressuring Chris to "tell the truth" and "come forward before it's too late". Chris was the closest thing to a "friend" that Phil has within the office and for him to take this action against Chris leads me to believe that Phil will stop at nothing to achieve his goal whatever that goal may be.

I believe that he is trying to make the claim that management is retaliating against him for making a complaint against the Adminstrator. Without any independent substantiation for his claim, there is no retaliation.

I have observed other incidents in which Phil has had other outbursts of temper.
In January of 2002, when he was told that he needed to perform a regular assignment required of the entire appraisal staff during the appeal period. He slammed down a box containing documents yelled at me and walked off.

In July of 2002 he left a payroll verification request on my desk, I informed him that all payroll verifications are not to be submitted to his supervisor but should be submitted to personnel. In front of other co-workers, he accused me of obstructing his employment verification. He apparently phoned Violet Lee and was informed that Harry Gima (my husband) does the processing of verifications. He took an accusatory tone with me and when I asked if the agency he was applying with had received the forms he replied that he had not checked to see if they had.

ATCH-1

In October of 2002 when questioned as to his whereabouts after a prolonged absence from the office, he raised his voice when I pointed out to him that no vacation leave had been authorized for his absence. He was notified in writing that his leave was not approved since he had not completed his work assignments. He did not sign out or in on either the "board" or on the sign in sheets.

I have had numerous meetings with Phil to work on the communication and attitude issues. I believe that I am dealing with an individual who is deliberately behaving in a counterproductive manner and who is becoming increasingly argumentative and perhaps even delusional. He has voiced his beliefs that things are being "done to him" at work. He believes that he is being "harassed", "false claims" are being made about him, he believes that criticisms are "without merit" etc. He has made many statements (also in writing) that twist the truth and some that are just plain lies.

Admittedly I have been at a loss in dealing with him as his behavior is not typical. I believe that a strong message needs to be sent to him to avoid additional escalation to perhaps more "violent" actions.

```
                                                                      6
```

| | |
|---|---|
| STATE OF HAWAII | ) |
| | )SS. |
| CITY & COUNTY OF HONOLULU | ) |

I, KATHERINE Y. CHOO, a Notary Public in and for the State of Hawaii, do hereby certify:

That on **June 3, 2005**, at **12:45 PM**, personally appeared before me **Robert L. K. Yoshimura**, the witness whose deposition is contained herein; that prior to being examined, the witness was by me duly sworn; that the deposition was taken upon written interrogatories, a copy of which was served upon opposing counsel pursuant to Court rules; that the interrogatories were propounded to the witness by me as hereinbefore noted, and that the witness made the answers as contained herein.

That the witness was notified by the notary either verbally, through counsel, by mail, or by telephone to appear and sign; that if the deposition is not signed, either the reading and signing of the deposition were waived by the witness, by stipulation of all parties, or the deponent has failed to appear and the original deposition is therefore retained by noticing counsel without signature pursuant to Court rules.

I further certify that I am not attorney for any of the parties hereto, and that I am in no way interested in the event of said action.

DATED: **June 3, 2005**

/s/ Katherine Y. Choo
KATHERINE Y. CHOO
NOTARY PUBLIC, State of Hawaii
My Commission Expires: February 15, 2008

**CERTIFICATE**                                                          7

I, LOUIS A. CARNAZZO, a Certified Shorthand Reporter in and for the State of Hawaii, do hereby certify:

That the deposition upon written interrogatories contained herein was prepared under my direction and control.

I further certify that I am not attorney for any of the parties hereto, and that I am in no way interested in the event of said action.

_____
LOUIS A. CARNAZZO, C.S.R. #110
Certified Shorthand Reporter