COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH, ) | CIVIL NO. CV04-00108 SCM KSC |
| Plaintiff, ) | |
| vs. ) | **VOLUME II** |
| CITY AND COUNTY OF HONOLULU; ) GARY T. KUROKAWA; ) ROBERT O. MAGOTA; ANN C. GIMA; ) and GK APPRAISALS, INC.; ) JOHN DOES 1-10; JANE DOES 1-10; ) DOE PARTNERSHIPS; ) DOE CORPORATIONS 1-10; AND ) DOE ENTITIES 1-10, ) ) Defendants. ) | |

DEPOSITION OF ROBERT L. K. YOSHIMURA

<u>RENEAU KENNEDY, Ed.D.</u>          RE: <u>PHILIP E. ENGLISH</u>

Taken upon written interrogatories for Defendants CITY AND COUNTY OF HONOLULU, GARY T. KUROKAWA, ROBERT O. MAGOTA, and ANN C. GIMA; on Friday, June 03, 2005 commencing at 12:45 PM; at the offices of CARNAZZO COURT REPORTING COMPANY, LTD., 888 Mililani Street, Suite 705, Honolulu, Hawaii 96813; pursuant to Notice.

BEFORE:

KATHERINE Y. CHOO
Notary Public, State of Hawaii


Under the Direction and Control of:
Louis A. Carnazzo, C.S.R. #110

**EXHIBIT "Y"**

CARNAZZO COURT REPORTING COMPANY, LTD. (808)532-0222



DRAFT

## SUPERVISOR'S REPORT

| Supervisor's name and title | Telephone No. | Was employee receiving hazard pay? |
|---|---|---|
| ANN GIMA, SUPERVISING RP APPRAISER | 527-5513 | ☒ No  ☐ Yes  Pay rate: |

Does your knowledge of the facts about this injury agree with the statement of the employee?
☐ Yes   ☒ No   If no, please explain.

SEE RESPONSE #1

Was employee on temporary assignment at a higher pay rate?
☒ No   ☐ Yes   Pay rate:
TA Title:

Was employee in performance of duty at time of injury?   ☐ Yes   ☒ No   If no, please explain.

SEE RESPONSE #1 & ATTACHMENT

Was employee on special duty (HPD only) If yes, provide name of employer
☒ No   ☐ Yes

Was the injury caused by misconduct, negligence, intoxication or intent to injure self or another?   ☐ No   ☒ Yes   If yes, please explain.

SEE RESPONSE #1 & #2

Was the injury caused by a third party?   ☒ No   ☐ Yes   If yes, furnish name and address of the party responsible.

Can you provide any additional information to help assess this claim? (employee smokes, not wearing respirator, has history of diabetes, etc.)

SEE RESPONSE #1

How could accident have been prevented? What action has been taken to prevent similar accidents in the future?

SEE RESPONSE #3

## SUPERVISOR'S SIGNATURE

| Signature of Supervisor | Date |
|---|---|
|  |  |

## INSTRUCTIONS

The injured employee is responsible for completion of the front part of this report, with help from his supervisor as necessary. By signing this form, the employee is attesting to the accuracy of the information presented. The supervisor should complete the backside of the form (above) and forward the original and one copy to the Department of Human Resources. In no case should this form be held up longer than two working days. A copy of this report should be provided to the injured employee and a copy retained by the operating department. This form serves as a permanent record of the employee's injury for OSHA/HIOSH purposes and should be retained for five years after the date of injury.

If the employee had lost time, an Election of Compensation form (HRWC-14) should be submitted along with this report.

RENEAU KENNEDY RE PHILIP ENGLISH

323

FORM: DF-88 (11/85)

**CITY AND COUNTY OF HONOLULU**
**APPLICATION FOR LEAVE OF ABSENCE**

NAME: Phil English          AGENCY: BFS - RPA

REQUEST FOR:   [X] Vacation Leave     [ ] Leave Without Pay
[ ] Sick Leave - Less than five (5) days     [ ] Sick Leave - Five (5) or more days (physican's certificate attached)
[ ] Industrial Injury/Illness - Date of injury/illness: _____     [ ] Military Leave (attach order)     [ ] Jury Duty (attach order)
[ ] Funeral Leave _____
                  Name of Deceased                         Relationship                    Date Deceased
[ ] Other: Authorized by Civil Service Rule No.: _____ for the purpose of _____

DATES:
From 12/31/02 To 1/3/03   No. of Days 2   Hours 4     [signature] Phil English        12/27/02
         (inclusive)                                   SIGNATURE OF EMPLOYEE            Date

REMARKS: 12/31/02 - 4 Admin / 4 Vac

APPROVAL:
[ ] Recommend Approval   [ ] Disapproval              [ ] Approved subject to availability of earned leave   [ ] Disapproved

[signature] Robert O. Magota      JAN 10 2003         [signature]                                JAN 10 2003
AUTHORIZED SUPERVISOR              Date                AGENCY HEAD                                Date

RENEAU KENNEDY RE PHILIP ENGLISH                                                                      324

<u>Response #1:</u>

Mr. English claims the date of injury occurred on 1/2/03, 8:00 a.m., which is questionable. Mr. English was on vacation from 12/31/02 (Tuesday) to 1/3/03 (Friday). He filed his application for leave the week before on 12/27/02 (Friday).

Mr. English's alleged injury is questionable since he continues to have problems with his work performance, insubordination, and behavior dating back to the beginning of 2002.

Mr. English claims he is suffering from stress due to retaliation from an investigation he initiated with the Ethics Commission against other employees. Mr. English may be using this claim of stress to delay other ongoing investigations by the employer for recent disciplinary problems and work performance issues. It also appears he is trying to avoid completing current assignments and has already missed two recent deadlines on 2/11/03 and 2/18/03 which he was aware of since 12/12/02.

The employer was unaware of any Ethics Commission investigation initiated by Mr. English until 1/22/03, when another employee brought it to the attention of his supervisor, Ms. Ann Gima, and Mr. Robert Magota, Real Property Assessor. The reason the employee brought it to their attention was because Mr. English called the employee at work and said that he had filed a complaint with the Ethics Commission. The employee also said that Mr. English threatened and intimidated him since he would be called as a potential witness in this investigation.

Mr. English received a verbal reprimand on 2/10/03 for failure to follow his supervisor's instructions, insubordination, and conduct towards his supervisor, which occurred on 10/25/02. In attendance at this meeting were Mr. English, Ms. Gima, Mr. Magota, and Mr. Kevin Mulgan, HGEA Union Agent. These issues addressed on 2/10/03 were discussed in detail at an earlier meeting on 1/15/03 with Mr. Michael Golojuch, Administrative Services Officer, Ms. Violet Lee, Personnel, and Mr. Magota. Since the employer was unaware of any investigation at this 1/15/03 meeting and Mr. English's work performance and behavior were the topics of this meeting, retaliation was neither an issue nor a cause for his alleged injury.

Mr. English states that he started to lose time from work on 2/28/03, almost two months after the alleged date of injury of 1/2/03. This is also the same date that he filed for workers' compensation with Mr. Thomas Riddle, Workers' Compensation Administrator, Department of Human Resources.

Mr. English was notified on 2/27/03, the day before he filed for workers' compensation, of an investigation based on complaints filed by other employees under the City's Workplace Violence Policy. These complaints were based upon Mr. English's threatening, abusive and aggressive behavior towards these employees and not retaliation on the part of the employer. As part of this investigation, a meeting with Mr.

English, Mr. Golojuch, and Mr. Kevin Mulligan (HGEA Union Agent) was scheduled for 3/3/03 (Monday) at the office of HGEA. Mr. English cancelled the meeting on the morning of 3/3/03 thus delaying the investigation.

It should be noted that there is another investigation ongoing for acts of insubordination. These incidents occurred on February 19 and 25, 2003. This investigation has also been delayed due to Mr. English's recent absence from work.

Since the beginning of 2002 Mr. English has had major problems with his work performance and behavior. Recent problems that still persist are:

- Failure to meet deadlines related to his work assignments (9/10/02, 10/11/02, 10/24/02, 12/17/02, 2/11/03, 2/18/03)

- Failure to follow instructions from his supervisor

- Acts of insubordination

- Argumentative and intimidating behavior towards others including his supervisor

Mr. English had been warned numerous times since the beginning of 2002 regarding his work performance, insubordination, failure to follow instructions, and behavior.

- Last year during a meeting attended by Mr. English, Ms. Gima, and Mr. Magota, he was advised by Mr. Magota to seek counseling through the City's Employee Assistance Program. Mr. Magota was concerned that Mr. English's personal problems may be affecting his behavior and work performance. Mr. English raised his voice at Mr. Magota and stated that there was nothing wrong with him and he doesn't need counseling. He also said he felt that everyone was out to get him. When asked by Mr. Magota if he felt paranoid, Mr. English responded that he did.

   Mr. English has been very open in discussing his problems with other employees including his failed first marriage, trying to gain custody of his son, bankruptcy, problems with the Internal Revenue Service, and recent problems with his second marriage. He has complained to others that he was underpaid and could make more money working elsewhere. He has also complained to management and other employees on numerous occasions that certain work-related tasks are below him and that he shouldn't be required to do it.

- At a meeting on 11/22/02, he was again given verbal warnings regarding his work performance, insubordination, hostility towards his supervisor, and failure to follow instructions. Present at this meeting were Mr. English, Ms. Gima, Mr. Gary Kurokawa (Real Property Administrator), and Mr. Waylon Toma (HGEA Union Agent).

- At a meeting on 2/10/03, he was given a verbal reprimand regarding an act of insubordination, hostility towards his supervisor, and failure to follow instructions for an incident on 10/25/02. There was also the issue of failing to meet a deadline of 10/24/02. Present at this meeting were Mr. English, Ms. Gima, Mr. Magota, and Mr. Kevin Mulligan (HGEA Union Agent).

Mr. Magota again advised Mr. English to seek counseling through the City's Employee Assistance Program. Mr. Magota said he was still concerned that personal problems may be affecting Mr. English's work performance. Mr. English responded that he has no problems.

When he was warned about raising his voice and hostility towards his supervisor, Ms. Gima, Mr. English said that he never raised his voice at his supervisor, which contradicts what Ms. Gima and other witnesses have stated. Mr. English also said that on October 25, 2002 Ms. Gima was the aggressor and charged at him. When told that he must also control his temper at work, Mr. English stated that he has no temper.

Mr. English also said that he would be seeking counseling through his medical provider (Kaiser) since he could not trust anyone within the City. Throughout this meeting Mr. English did not mention anything about stress related to his employment or stress affecting his work performance.

During this meeting Mr. English started to discuss the Ethics Commission investigation even though the union agent tried to stop him. He admitted that he spoke to another employee who was a potential witness in the investigation and said that he was trying to help this employee, which the employee interpreted as a threat and intimidation. He also admitted that he spoke to this employee before the employee was to meet with Mr. Charles Totto, Executive Director and Legal Counsel of the Ethics Commission. Mr. English also said that if other employees don't come forward and tell the truth, their lifestyles are going to change. This statement was very disturbing because not only can it be interpreted as a threat, the truth according to Mr. English may not be the truth according to other employees.

### Response #2:

Mr. English's claim of an injury is questionable. If Mr. English is suffering from an injury due to stress, it is because he brought it upon himself and not due to the employer's actions.

It appears that Mr. English is also trying to avoid ongoing investigations related to complaints filed by other employees, his work performance and behavior. It also appears that he is trying to avoid completing assignments that he is well aware of.

### Response #3:

Mr. English's claim of an injury is questionable. He was also on vacation leave as of the date of injury, therefore, no action was taken to prevent similar accidents in the future.

RENEAU KENNEDY RE PHILIP ENGLISH                                       328

```
                                                                    6
 1   STATE OF HAWAII                  )
                                      )SS.
 2   CITY & COUNTY OF HONOLULU        )

 3       I, KATHERINE Y. CHOO, a Notary Public in and for the

 4   State of Hawaii, do hereby certify:
                     June 3, 2005              12:45 PM
 5       That on _____, at _____,
                                      Robert L. K. Yoshimura
 6   personally appeared before me _____,

 7   the witness whose deposition is contained herein; that prior

 8   to being examined, the witness was by me duly sworn; that the

 9   deposition was taken upon written interrogatories, a copy of

10   which was served upon opposing counsel pursuant to Court

11   rules; that the interrogatories were propounded to the witness

12   by me as hereinbefore noted, and that the witness made the

13   answers as contained herein.

14       That the witness was notified by the notary either

15   verbally, through counsel, by mail, or by telephone to appear

16   and sign; that if the deposition is not signed, either the

17   reading and signing of the deposition were waived by the

18   witness, by stipulation of all parties, or the deponent has

19   failed to appear and the original deposition is therefore

20   retained by noticing counsel without signature pursuant to

21   Court rules.

22       I further certify that I am not attorney for any of the

23   parties hereto, and that I am in no way interested in the

24   event of said action.
                     June 3, 2005
25   DATED: _____

         /s/ Katherine Y. Choo
         KATHERINE Y. CHOO
         NOTARY PUBLIC, State of Hawaii
         My Commission Expires: February 15, 2008
```

CERTIFICATE                                         7

I, LOUIS A. CARNAZZO, a Certified Shorthand Reporter in and for the State of Hawaii, do hereby certify:

That the deposition upon written interrogatories contained herein was prepared under my direction and control.

I further certify that I am not attorney for any of the parties hereto, and that I am in no way interested in the event of said action.

*(signature)*

LOUIS A. CARNAZZO, C.S.R. #110
Certified Shorthand Reporter