```
 1                IN THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF HAWAII

 3

 4     PHILIP E. ENGLISH,                )

 5                    Plaintiff,         ) CIVIL NO. 04-00108

 6                                       )           JMS/KSC

 7              vs.                      )

 8                                       )

 9     CITY AND COUNTY OF HONOLULU;      )

10     GARY T. KUROKAWA; ROBERT O.       )

11     MAGOTA; ANN C. GIMA; and GK       )

12     APPRAISALS, INC.; JOHN DOES 1     )

13     -10; JANE DOES 1-10; DOE          )

14     PARTNERSHIPS; DOE CORPORATIONS    )

15     1-10; AND DOE ENTITIES 1-10,      )

16                    Defendants.        )
```

17                DEPOSITION OF SUSAN BENDER

18     Taken on behalf of the Plaintiff at the Law Offices of

19     Moseley Biehl Tsugawa Lau & Muzzi, located at 1100 Alakea

20     Street, Alakea Corporate Tower, 23rd Floor, Honolulu, Hawaii

21     96813, commencing at 11:00 a.m. on Thursday, September 21,

22     2006, pursuant to notice.

23

24     BEFORE:  WENDY M. WATANABE, Notary Public, State of Hawaii

25            Hawaii Certified Court Reporter, CSR 401

**EXHIBIT TT**

1    context of personal -- of real property tax in the City and

2    County of Honolulu?

3        A.    Yes.

4        Q.    Did you ever tell Phil anything about those

5    exemptions of Gary Kurokawa?

6        A.    I mentioned to Phil about an exemption.

7        Q.    And what did you say to Phil about an exemption?

8        A.    I said that Gary had claimed an exemption to which

9    he was no longer entitled.

10       Q.    Did you tell him anything more about that exemption?

11       A.    I told him, when he said he was going to bring it up

12   in the ethics complaint, that he should not be making

13   allegations like that without evidence, documentary

14   evidence.

15       Q.    Anything else you told him about that exemption?

16       A.    No.

17       Q.    I'm presuming that those two things, you told him at

18   two different times?

19       A.    Correct.

20       Q.    You told him one time about Gary's exemption and

21   then you told him on January 21st, 2003, that he should not

22   make those allegations to the Ethics Commission, is that

23   right?

24       A.    Yeah, I told him it was hearsay.

25       Q.    Okay.  Did you tell him who had told you that, about

1    the exemptions?

2        A.    I'm not sure.

3        Q.    Who did tell you that?

4        A.    Gary himself.

5        Q.    Okay.  Did he tell you what he did with respect to

6    that exemption?

7        A.    No.

8        Q.    In what context would Gary have been telling you

9    that?

10       A.    That would be attorney-client.

11       Q.    Excuse me?

12       A.    That's -- the -- the context of where I learned that

13   was in a discussion with my client regarding a legal matter.

14       Q.    You know, Susan --

15       A.    Sorry.

16       Q.    -- I think you're way off base here because I don't

17   think that any communication of Gary to you, a City

18   attorney, telling you that he had claimed an exemption to

19   which he was no longer entitled --

20       A.    That's how I understood --

21       Q.    -- can possibly be privileged.

22           MS. GAVIGAN:  Okay.  And she -- you asked her

23   further information about it, and she said that if she were

24   to tell you anything further, it would divulge

25   attorney-client privileged material and -- and so on that

To Whom It May Concern:          DRAFT

  I am a Deputy Corporation Counsel with the City and County of Honolulu
("City"). My client is the Real Property Assessment Division ("RPAD") of the City's
Department of Budget and Fiscal Services.

  I have known Phil English since _____, ____, when he became an appraiser
with the City's Assessment Division. In the past year, I worked closely with Phil on a tax
appeal matter involving the issue of condominium classification. In defense of the City's
classification determination, Phil was deposed five times for over 20 hours. The
depositions were grueling, but Phil kept his cool and always had a well-reasoned
response. Phil also prepared an extensive expert's report in anticipation of trial and
assisted me in drafting rules and regulations pertaining to condominium classification.
Additionally, I consulted with Phil in preparing responsive legal memoranda covering
topics ranging from appraisal methodology to highest and best use analysis. His thoughts
and insights as we worked through the issues in this case were invaluable.

  In my experience, Phil is not only professional in manner and highly intelligent,
but he is a reliable and conscientious individual who has a lot to offer the City in the area
of appraisal. Phil is also an excellent communicator. I cannot say this about just anyone
in the RPAD. Phil really is a rare individual and an asset to any employer. I can
unhesitatingly recommend him for employment in the area of real property appraisal.

  Please call me at (808) 527-6862 if you have any questions.

       Very truly yours,


       SUSAN A. BENDER
       Deputy Corporation Counsel
       City and County of Honolulu