FAIR AND EQUAL TREATMENT

*What is the Fair and Equal Treatment Policy in the ethics laws?*

The Fair and Equal Treatment Policy prohibits an officer or employee from using his or her city position to give favors, advantages or other unwarranted treatment to himself or herself or any other person. RCH § 11-104.

*What activities are limited under the Fair and Equal Treatment Policy?*

You may not:

1. Seek contracts or employment through your government position;

2. Use city time, equipment, facilities, titles or other public resources for non-city activities;

3. Engage in a financial or business transaction with a subordinate or involving a business you help regulate; or

4. Hire, promote, supervise or otherwise participate in the employment of a relative, unless the relative is on a list of eligible civil service employees.

*How can I tell if someone is giving or receiving unwarranted treatment?*

As a rule of thumb, if the officer or employee uses a city resource, but not for purposes of doing a city project, the use is unwarranted. If a city officer requires his staff to seek donations to support his church, for example, the city officer is granting himself and his church an unwarranted advantage and violating the ethics law.

CONFLICTS OF INTEREST

*What is a conflict of interest?*

A conflict of interest occurs when a reasonable person could conclude that your personal, business or financial interests may interfere with carrying out your duty to the public. The ethics laws are designed to prevent people who influence or make decisions from being involved if their personal, business or financial interests are also at stake.



PE 00359

Whether you are an honest person is not the standard by which a conflict of interest is determined. Instead, the law looks at whether an impartial observer could conclude that a conflict exists. For example, if Bob owns a business in an industry that he also helps to regulate, his interest in the business would be in conflict with his duty to regulate the industry. Under the ethics laws described below, Bob's ownership interest prevents him from regulating the industry, even though Bob would never try to protect his business from the regulators.

Conflicts of interest occur now and then, especially for officers or employees who have discretionary authority. The point to remember is that there are steps you must take to avoid violating the law.

*What are considered private interests?*

A private interest is one that is not governmental. It includes business, non-profit, charitable and religious interests.

1. Gifts

*What restrictions apply to gifts on the job?*

You may not ask for or accept a gift directly or indirectly, if a reasonable person would think that the gift was made:

    1. To influence your work (RCH § 11-102(a));

    2. As a reward for any discretionary action taken by the officer or employee (ROH § 3-8.7 and 3-8.8); or

    3. Conditioned upon your agency taking action ROH § 3-8.2(d).

This means that your actions or intent do not matter, even if you know you will not be influenced by a gift you receive. The key here is whether a third party would reasonably think that the gift was given to affect your work. If so, the gift is prohibited.

*What are some typical examples of gifts that are subject to the ethics laws?*

Examples of gifts subject to the ethics laws include drinks and meals, travel expenses, entertainment expenses, conference fees, complimentary or discounted tickets (even to charity events), and the like. ROH § 3-8.7(a).

PE 00360

*What should I do if I am offered a prohibited gift?*

You may refuse it or return it. In some cases, you may donate the prohibited gift to a non-profit or charitable organization, as long as you do not take the tax write-off. To discuss other options, contact the Commission.

*What if a company that does business with my agency sends us a box of manapua?*

Generally, small gifts or tokens of aloha are not considered to violate the ethics laws.

*Are there factors used in determining whether a gift would be one that violates the ethics laws?*

Yes, in the Revised Guidelines on Gifts, the Commission notes that eight factors should be evaluated in determining whether an officer or employee may solicit or accept a gift. The Guidelines on Gifts is available at www.co.honolulu.hi.us/ethics or from the Commission office. The Gift Guidelines also state some rules of thumb, the most important of which is that no one engaged in law enforcement should solicit or accept gifts from anyone against whom he or she may enforce the law. After reviewing the law and the factors above, you may be able to decide whether the gift is appropriate. However, feel free to call the staff of the Ethics Commission to seek our advice or an answer.

*What if a private business offers to pay the travel or other expenses for me to attend a conference related to my work, is that a prohibited gift?*

Whether this type of gift is prohibited will depend on the specific facts. Generally, if the funding is for a conference where the city officer or employee will be educated in his or her work area, the gift may be allowed. Here the benefit of the gift is to the city, not to the individual. Connection with Conferences, available on the Commission's website or from our office. However, should this issue come up, it is best to ask the Commission for a determination. You should also review the Revised Guidelines on Gifts of Travel, Lodging and Meals in Connection with Travel and the Guidelines on Gifts in Connection with Conferences, available from the Commission's office or on our website.

*What about a gift to an officer or employee in gratitude for work that he or she is required to perform?*

The ethics laws prohibit you from receiving anything of value, other than your city pay, for doing

PE 00361

your job. RCH § 11-102(d). Similarly, you may not accept honoraria if the topic is related to your official duties.

*If I receive a gift, do I have to report it?*

Each officer and employee is required to annually report any gifts that total more than $200 in the aggregate from one source and where the source of the gift has an interest that may be affected by the official actions of the recipient or the recipient's family. ROH §§ 3-8.7(c) and 3-8.8(b). Exceptions to gifts that must be disclosed are listed in ROH § 3-8.7(f). Gift reporting forms are available from the City Clerk.

2. Confidential information

*May I use the confidential information that I acquire through my city employment?*

No. "Confidential information" is any information that is not readily available to the public at the same time it is available to you. It is an ethics violation to disclose or use confidential information for anyone's benefit. RCH § 11-102(b). This rule also applies to disclosure or use of confidential information any time after you leave city employment. ROH § 3-8.3(a).

3. Business activities and financial interests

*Am I limited in the types of business activities in which I may engage or the financial interests I may have?*

Yes, there are five general prohibitions, based on whether your private interests conflict with your job duties.

First, you may not engage in a business activity or have a financial interest that is incompatible with carrying out your duties or may tend to impair your work judgment. RCH § 11-102(c). For instance, it would be incompatible with the duties of a liquor commissioner to own a bar because the commissioner could not separate her duties as a commissioner from her duties to the bar.

Second, you may engage in a business activity or have a financial interest that may tend to impair your independent judgment. RCH § 11-102(c). What might impair your work judgment generally is more difficult to describe. The answer will depend on such factors as the size of the financial interest, the extent of your discretionary authority and whether the matter raising the conflict is related directly to your work.

PE 00362

The third prohibition is that you are not permitted to participate in or take any discretionary action directly affecting a business or other matter, if you (1) have a substantial financial interest in the matter or (2) if you were a member of a firm which rendered services directly related to the matter. ROH § 3-8.2(a). Call the Commission staff to discuss what is a "substantial financial interest." An exception to this restriction is that a councilmember may vote after filing a written disclosure of the interest held or the services rendered. ROH § 3-8.2(a).

Fourth, you may not acquire a financial interest in a business that may be directly involved in discretionary action you will likely take in the future. ROH § 3-8.2(b).

Fifth, an officer or employee may have what is called "an appearance of a conflict of interest." RCH § 11-101. An appearance of a conflict of interest occurs when the officer or employee has a personal, business or financial interest that, under certain circumstances, could result in a conflict of interest. For instance, suppose that Susan works in the area of zoning and has access to confidential information about zoning changes. It would be improper for Susan to have an active real estate sales license because it would appear to a reasonable member of the public that Susan could use confidential zoning information to make money on real estate deals. The appearance of a conflict exists even though Susan is an honest employee and would not use the confidential information.

*Do these restrictions apply to the financial interests and business activities of my spouse and others in my immediate family?*

Yes, depending on what restriction is applicable.

*Am I restricted from participating in official action involving competitors of my business or financial interests?*

Whether you are restricted regarding competitors will depend on the facts. This is an issue where you should seek advice from the Commission.

*What if a city officer or employee has a substantial interest in a business that would like to contract with the city - may the city enter into a contract with this business?*

Yes, but only if the contract is awarded after a competitive bid process. ROH § 3-8.2(e). (Note that this section does not prevent an agency from hiring a former officer or employee on a

PE 00363

personal services contract. These approaches are often used when an officer or employee retires and the city would like to continue the services of the worker.)

4. Personal relationships

*May I have a conflict of interest even if the interest I have is personal and not financial?*

Yes. The Ethics Commission has determined that a city employee or officer may not participate in a decision making process if it would directly affect someone with whom the officer or employee has a close personal tie, such as a relative or close friend.

5. Non-city employment

*Is it a violation of the ethics laws for me to work for the city and also work for private interests?*

No. You may have an outside job as long as you follow the rules against business activities and financial interests creating real or apparent conflicts of interest. Other restrictions are described in this section.

*May a city officer or employee do outside work that brings them before other city agencies?*

No, with a few exceptions. This issue arises when a city officer or employee performs outside work that will be presented to a city agency in the form of a permit application or representing a private interest at a city agency.

There are two prohibitions that apply here. First, an employee or officer may not represent anyone against the interests of the city. RCH § 11-102(e) and ROH § 3-8.2(c).

Second, the same sections prohibit an officer or employee from appearing on behalf of private interests before any city agency. This rule applies even if the service is free or is done on behalf of a charity, non-profit or church. A private interest is an interest that is not governmental.

There are four noteworthy exceptions to the prohibition against representing a private interest before a city agency. ROH § 3-8.2(c).
> 1. You may "assist" someone before a city agency, as long as you do not personally make any written or oral contact with the agency. "Appearing" means making any direct written or oral communication with the agency and is not allowed.

2. You may appear before an agency to advance or protect your personal or property rights. So, for example, if you apply for a building permit for your own home, that is not a violation.

3. There is an exception for architects, engineers, landscape architects and surveyors who submit plans or permit applications on their own behalf or that of their immediate family.

4. If a board or commission has no adjudicative or legislative powers, its members are permitted to appear before other city agencies.

6. Mandatory reporting, restrictions and solutions

*What should I do if I have a conflict of interest?*

If you have a conflict of interest, you must immediately disclose it in writing to your appointing authority (usually your department head) and to the Ethics Commission. RCH § 11-103. Forms are available from your personnel office or the Commission office. Your department head and the Ethics Commission will discuss ways to resolve the conflict, such as removal from participating in any way in the decision making process and/or delegation of the issue to another qualified person.

You may not participate in any discussion or decision making regarding the conflicted matter, unless you are a councilmember. This means that you are prohibited from voting, deliberating, discussing or otherwise using your authority or influence, formally or informally, with regard to the conflicted matter. If you participate in the matter, you will violate the ethics laws, your decision may be reversed, and you may be liable for the costs to the city, as well as disciplinary action.

If you are a councilmember, you must make your written disclosure to the Council before you may vote on a matter relating to the conflict. RCH § 11-103. Disclosure of interest forms for councilmembers are available from City Clerk.

Remember, this disclosure and recusal process protects you from accusations of bias and safeguards the integrity of government.

MANDATORY DISCLOSURES OF INTEREST

*What disclosures are required?*

Above, we discussed reporting conflicts of interest.

In addition, financial disclosures are required from each candidate for office and each officer or employee who is exempt form civil service. These disclosures are to be filed upon entering city service and annually thereafter. Also, these officers and employees, when ending their employment with the city, must file a financial disclosure when leaving city work. There are monetary penalties for failing to file the financial disclosure form. ROH § 3-8.4.

Furthermore, all officers and employees must disclose their outside employment when they begin their employment with the city and at various times thereafter, such as receiving a promotion or obtaining different outside employment.

Finally, officers and employees must annually report gifts in excess of $200 in the aggregate from one source.

All necessary forms are available from the your personnel office, the City Clerk or the Commission.

*Are the disclosures kept confidential?*

The following disclosure forms are open to the public: (1) the financial disclosure statements of candidates, elected officers, directors and first deputies of all agencies; (2) the gift disclosures of all employees and officers; (3) the disclosure of outside employment for all officers and employees; and (4) the disclosure of conflicts of interest statements. All other disclosure forms are confidential. ROH § 3-8.4(e); RCH § 11-103.

## PENALTIES AND DISCIPLINARY ACTION FOR VIOLATIONS

*What are the consequences of violating an ethics law?*

If the Ethics Commission finds a violation, it will make recommendations to the officer's or employee's appointing authority (the Council in the case of a councilmember). These recommendations may include reprimand, probation, demotion, suspension or discharge, depending on the seriousness of the violation. Furthermore, a violation by an elected official is grounds for impeachment. RCH § 11-106; ROH § 3-8.5(a).

In addition, any contract that was entered into as a result of an ethics breach may be voided by the city. Any compensation, gift or benefit received in violation of the ethics laws may be recovered from the violator. ROH § 3-8.5(b) and (c).

The Commission does not have the power to fine, directly penalize or discipline an officer or employee.

## THE HONOLULU ETHICS COMMISSION

*How does the Ethics Commission work?*

The Commission is made up of seven volunteer members appointed by the Mayor and confirmed by the Council. The Commission has the power and duty to investigate, subpoena witnesses, hold hearings and make recommendations on requests from officers, employees and members of the public. ROH § 3-6.3.

The Commission receives two different types of requests: (1) those for advice before an officer or employee acts and (2) complaints regarding the past actions of an officer or employee.

Most requests for advice are answered over the telephone. Those requests presenting complex facts or requiring considerable research, however, may require a written opinion from staff or the Commission.

Upon receiving an oral or written complaint, the Commission staff investigates the facts. The person whose actions are in question is always given the opportunity to present his or her side of the issue to the Commission. ROH § 3-6.7.

For cases that go to the Commission members for a decision, an advisory opinion is rendered to the requestor and the subject of the inquiry detailing the Commission's findings. A public version of the advisory opinion, edited to avoid disclosing the identities of the persons involved, is available to the public. The staff and Commission are required to keep confidential all information obtained in an investigation. ROH § 3-6.3(g) and § 3-6.5(c).

Finally, when the Commission makes its recommendation to the appointing authority, that authority must promptly tell the Commission what action was taken on the recommendation. ROH § 3-6.5(e).

For more information about the types of cases, information required by the Commission when filing a request for advice, processes, etc., review our Frequently Asked Questions at our website or call the Commission office.

*(As of December 17, 2001)*
Tuesday, February 19, 2002

PE 00368