# CASE BIGELOW & LOMBARDI
## Fax Memorandum

737 BISHOP STREET
SUITE 2600
HONOLULU, HAWAII 96813
DIRECT LINE: (808) 547-5447

From: **Roger S. Moseley**

Fax: (808) 547-5532
File: 27505-1
Date: April 16, 2003

To: Tom Riddle
Fax: ~~7-~~~~
Pages: ___3___
Re: Philip Enlgish

This communication contains confidential and privileged information. It is exempt from disclosure under applicable law. If you receive it in error, please contact the Sender immediately to arrange for its return. No other use or dissemination of this communication is authorized.

---

Please see attached correspondence of today's date.

Original will follow by hand delivery

RSM:kmc



DEFENDANT'S EXHIBIT 3250

PE 00712

## CASE BIGELOW & LOMBARDI
A LAW CORPORATION

David F. Andrew · Michael R. Marsh · Michael L. Bieni · Roger S. Moseley · Daniel H. Case · Ted N. Pettit, Ph.D · James M. Cribley · Scott D. Radovich · Stacey W E Foy · Robert F. Schneider · Gregory M. Hansen · Cathy Lee Sekiguchi · Frank T. Kanemitsu · Steven E. Thomas · Michael L. Lam · Eric H. Tsugawa · Alan K. Lau · Gary L. Wixom · Dennis M. Lombardi †

Claire E. Bender · Christopher J. Muzzi · Leila Rothwell Sullivan · Lauren R. Sharkey · Cathy L. Takase · Nancy J. Youngren

Of Counsel
Steven L. Pinesmith †
Counsel
Gary S. Kerwood

PACIFIC GUARDIAN CENTER, MAUKA TOWER
737 BISHOP STREET, SUITE 2600
HONOLULU, HAWAII 96813-3283

TELEPHONE (808) 547-5400
FACSIMILE (808) 523-1888
E-mail info@casebigelow.com
http://www.casebigelow.com

Bruce C. Bigelow (1946-2001)
† A Law Corporation

April 16, 2003

BY FAX AND HAND DELIVERY

Thomas Riddle
Workers' Compensation Administrator
City and County of Honolulu
550 South King Street
Honolulu, HI  96813

Re: Claim of Philip E. English for disability due to retaliation

Dear Mr. Riddle,

Thank you for speaking with me on the telephone this morning. We did want to confirm, or ask questions about, the following matters:

1. Mr. English is planning to attend the examination by Dr. Kennedy on April 18, 2003 and planned to provide his Kaiser records at the same time. He will still attend, but will not be able to obtain copies of the records in time for the examination. We understand you anticipate the results of the examination and evaluation in approximately three weeks.

2. We also understand that if the results of Dr. Kennedy's examination are favorable to Mr. English's claim, the City's intent is to approve the claim and not to proceed to hearing. We further understand that if Dr. Kennedy's report is unfavorable, the hearing process would then be available to resolve any disputed matters.

3. As you may surmise, Mr. English's financial condition is nearing desperation and it is imperative that this claim be processed as rapidly as humanly possible. It appears to us the additional pressure caused by his deteriorating financial condition is significantly and adversely affecting his well-being and ability to recover from the retaliatory actions he has endured. If you can suggest any other source of financial assistance, which could be of some interim assistance to him, we would be most appreciative.

4. We are concerned that Mr. English's medical insurance premiums may not be getting paid, as his income from the City has effectively stopped. Could you please advise us of what needs to be done, if anything, to keep his medical coverage in place prior to the eventual decision in this case?

Thomas Riddle
April 16, 2003
Page 2

     5.    Mr. English received a notice from Robert Magota requesting his attendance at a meeting to discuss an "annual performance evaluation report" on April 17, 2003. Mr. English is obviously unable to attend due to his condition which has been caused by the retaliation of the very people involved in this proposed evaluation. Would you please advise Mr. Magota of the status of the claim and the impropriety of the continuation of this activity in the light of the present circumstances? This senseless exacerbation of the damage being done to Mr. English is unconscionable.

     6.    Is there some way of arranging for Mr. English to recover some of his personal effects from his desk without contact with the perpetrators of the retaliation he has experienced? He would very much like to recover these possessions, but, as you may imagine, it appears the potential contact would be highly undesirable from many perspectives.

     7.    Is there someone to whom Mr. English should be sending physician's "off work slips", or is that even necessary since he has made the workers' comp claim?

     8.    Are there any other requirements or details in this process, which are being or may be overlooked? Mr. English is very serious about providing everything necessary for processing this claim and intends to cooperate fully. Mr. English needs to be fully informed of any pitfalls or problems which can reasonably be anticipated and addressed.

     Thank you for your kind assistance.

                                           Very truly yours,

                                           Roger S. Moseley

RSM/kmc
cc. Phil English

27505\1\324736.1

PE 00714

```
* * * Transmission Result Report ( Apr. 16. 2003  4:00PM ) * * *

                                                T T I    CASE BIGELOW (808) 523-5573

File  Mode    Option          Address (Group)          Result          Page
------------------------------------------------------------------------------------
5045  SAF_TX                  5276782                  OK              P. 3/3


                Reason for Error
                    1) Hang up or line fail           2) Busy
                    3) No answer                      4) No facsimile connection
```

# CASE BIGELOW & LOMBARDI
## Fax Memorandum

| | From: Roger S. Moseley | To: Tom Riddle |
|---|---|---|
| 737 BISHOP STREET | | Fax: 527-6782 |
| SUITE 2600 | Fax: (808) 547-5532 | Pages: 3 |
| HONOLULU, HAWAII 96813 | File: 27505-1 | Re: Philip Enlgish |
| DIRECT LINE: (808) 547-5447 | Date: April 16, 2003 | Time: 4:10 pm. |

This communication contains confidential and privileged information. It is exempt from disclosure under applicable law. If you receive it in error, please contact the Sender immediately to arrange for its return. No other use or dissemination of this communication is authorized.

Please see attached correspondence of today's date.

PE 00715