**ASE BIGELOW & LOML DI**
A LAW CORPORATION

Pacific Guardian Center
Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawaii 96813

Tel: (808) 547-5400
Fax: (808) 547-5532

# FAX TRANSMITTAL

Date: 4-30-03

Time sent: _____ ☐ A.M. ☐ P.M.

To: Nancy

From: Roger Moseley
Direct Line: 547 5447

Fax No.: 923 2299

Pages: 6

Re: Phil English

File No.:

PLEASE CALL THE DIRECT TELEPHONE NUMBER OF THE SENDER OR (808) 547-5400 FOR ANY MISSING OR ILLEGIBLE PAGES OR IN HAVING DIFFICULTY RECEIVING OUR TRANSMISSION.

This communication contains confidential and privileged information. It is exempt from disclosure under applicable law. If you received it in error, please notify the sender immediately by telephone or fax and return the original by mail.

## MESSAGE

Nancy —

Further for Dr. Kennedy's info.

Thanks
R.



DEFENDANT'S EXHIBIT 3267

PE 00751

# CASE BIGELOW & LOMBARDI
A LAW CORPORATION

Pacific Guardian Center
Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawaii 96813

Tel: (808) 547-5400
Fax: (808) 547-5532

## FAX TRANSMITTAL

Date: 4-30-03

Time sent: _____ ☐ A.M. ☐ P.M.

To: Tom Riddle

From: Roger Moseley

Direct Line: 5475447

Fax No.: 527 6782

Pages: 6

Re:

File No.:

PLEASE CALL THE DIRECT TELEPHONE NUMBER OF THE SENDER OR (808) 547-5400 FOR ANY MISSING OR ILLEGIBLE PAGES OR IN HAVING DIFFICULTY RECEIVING OUR TRANSMISSION.

This communication contains confidential and privileged information. It is exempt from disclosure under applicable law. If you received it in error, please notify the sender immediately by telephone or fax and return the original by mail.

## MESSAGE

Tom -

For your immediate attention.

Thank you.

Roger

PE 00752

```
* * * Transmission Result Report ( Apr. 30. 2003 11:37PM ) * * *
                                              T T I    C.M.B.& L./1 (808) 523-1888

File  Mode    Option              Address (Group)          Result              Page
----------------------------------------------------------------------------------
5637  SAF_TX                      95276782                 OK                  P. 6/6




                                                    Reason for Error
                                                    1) Hang up or line fail          2) Busy
                                                    3) No answer                     4) No facsimile connection
```

# CASE BIGELOW & LOMBARDI
### A LAW CORPORATION

Pacific Guardian Center
Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, Hawaii 96813

Tel: (808) 547-5400
Fax: (808) 547-5532

## FAX TRANSMITTAL

Date: 4-30-03

Time sent: _____ ☐ A.M. ☐ P.M.

To: Tom Riddle

From: Roger Moseley
Direct Line: 5475447

Fax No.: 5276782
Pages: 6
File No.:

Re:

PE 00753

**PLEASE CALL THE DIRECT TELEPHONE NUMBER OF THE SENDER OR (808) 547-5400 FOR ANY MISSING OR ILLEGIBLE PAGES OR IN HAVING DIFFICULTY RECEIVING OUR TRANSMISSION.**

This communication contains confidential and privileged information. It is exempt from disclosure under applicable law. If you received it in error, please notify the sender immediately by telephone or fax and return the original by mail.

# CASE BIGELOW & LOMBARDI

A LAW CORPORATION

PACIFIC GUARDIAN CENTER, MAUKA TOWER
737 BISHOP STREET, SUITE 2600
HONOLULU, HAWAII 96813-3283

TELEPHONE (808) 547-5400
FACSIMILE (808) 523-1888
E-mail info@casebigelow.com
http://www.casebigelow.com

David F. Andrew
Michael L. Biehl
Daniel H. Case
James M. Cribley
Stacey W.E. Foy
Gregory M. Hansen
Frank T. Kanemitsu
Michael L. Lam
Alan K. Lau
Dennis M. Lombardi †

Michael R. Marsh
Roger S. Moseley
Ted N. Pettit, Ph.D.
Scott D. Radovich
Robert F. Schneider
Cathy Lee Sekiguchi
Steven E. Thomas
Eric H. Tsugawa
Gary L. Wixom

Claire E. Bender
Christopher J. Muzzi
Leila Rothwell Sullivan
Lauren R. Sharkey
Cathy L. Takase
Nancy J. Youngren

Of Counsel:
Steven L. Reinesmith †
Counsel:
Gary S. Kerwood

Bruce C. Bigelow (1946-2001)

† A Law Corporation

April 30, 2003

BY FAX AND HAND DELIVERY

Thomas Riddle                                          (808) 527-6782
Workers' Compensation Administrator
City and County of Honolulu
550 South King Street
Honolulu, HI  96813

Re:  Claim of Philip E. English for disability due to retaliation

Dear Mr. Riddle,

After receiving your April 17, 2003 letter, I was left with the clear and distinct understanding that the "annual performance evaluation" would be put "on hold until after the workers' compensation matter was addressed." I somehow have faith that you conveyed the same message to me that you received from Mr. Magota. I also believe you conveyed to Mr. Magota the seriousness of the situation and that you were grossly and intentionally misled by him as to his intentions.

On April 22, 2003 both Robert Magota and Ann Gima signed a very negative annual performance evaluation of Mr. English's performance (I presume they also prepared the document, but I cannot be certain yet). Not only did they sign this document, but **they mailed it to Mr. English**. These are the very people who have claimed to you that they, out of their concern for the well-being of Mr. English, had advised him to "get help" for the year since he complained about the theft of City employees' time and equipment use. (Although it is certainly beginning to appear that anyone complaining about crimes against the City, by City employees, really may have lost a grip on the reality that crime does pay when you work for the City.) It seems unlikely, after you specifically spoke to the Mr. Magota himself about this matter, that this could have been anything but an intentional, crass and calculated attempt to do severe harm to Mr. English.

I am sending you a copy of this "performance evaluation".

The evaluation is completely undeserved and is nothing more than a continuation of the efforts to fraudulently discredit and destroy Mr. English in retaliation for his efforts to correct the unprofessional and illegal practices and activities at the Assessment Division.

27505\1\327103.1   MEMBER OF LEX MUNDI, THE WORLD'S LEADING ASSOCIATION OF INDEPENDENT LAW FIRMS

PE 00756

Thomas Riddle
April 30, 2003
Page 2

To my best observation, this performance evaluation has resulted in considerable deterioration in Mr. English's present condition and outlook for the future. Mr. English has been apparently able to think of little more than this evaluation, with the sole exception of losing his place of abode and losing his health insurance tomorrow.

This is perhaps the most despicable act, among the many so far in this unsavory episode. The City must take full responsibility. **Our expectation is that you will immediately seek the most severe disciplinary action against the two perpetrators of this monstrous act, at the highest level necessary to accomplish this objective.** It is my personal belief that these two individuals should be discharged immediately.

We would also appreciate any direction you may give as to where to take these issues next, short of the courts or the press. Someone working for the City must care that seemingly the only person who wants to do the right thing at the Assessment Division, is about to be thrown out on the street, with no home, no health insurance, and no money, in a very despondent, uncertain, and fragile state. This is a man who previously enjoyed an excellent reputation as a professional appraiser, and who continues to try to be the best father and example of proper behavior to his young son.

Mr. English has been called "naïve" by friends, co-workers, and even physicians. Frankly, that word is nothing but a pejorative form of the word "honest". It is my view that we need more of these guys and it is damned well time that other City officers and employees step forward to intercede in his behalf to prevent the events that are about to befall him as a result of his being "naïve". "Not my job" is **not** a legitimate excuse for failure to act.

**This matter is not going to go away, no matter how big it gets or how long it takes. Every City officer or employee should realize that there is only one choice... that is to be proactive in assisting and defending Mr. English and eradicating the improper activities at the Assessment Division.**

Would you care to share your plan of action with me?

Thank you.

Very truly yours,

Roger S. Moseley

RSM/kmc
Enclosure
cc. Phil English

27505\1\327103.1

PE 00757

| City and County of Honolulu | Department/Division<br>Budget & Fiscal Services - Real Pr | BUDGET & FISCAL |
|---|---|---|
| Annual Performance Evaluation Report | Name of Employee<br>English, Philip E. | 9019-72H    CLS: 020553    BU: 13<br>ENGLISH,PHILIP E<br>DF486 REAL PROPERTY APPRAISER IV<br>FR: 06-01-02    TO: 05-31-03 |
|  | Position No<br>DF-486 | Position Title<br>Real Property |  |
|  | Rating Period:<br>From: 06/01/02    To: _____ | | |

Annual ☒    Other ☐

Use the following rating factors to determine overall performance. Mark each factor SAT (satisfactory), SUBSTD (substandard) or NA (not applicable). Use only those factors that apply. Note some factors may not apply to specific positions.

| Factor | Rating | Comments |
|---|---|---|
| Quality of work | SAT ☐  SUBSTD ☒  NA ☐ | (Please see attached evaluation)<br>Mr. English has been on leave since February 28, 2003. Upon his return, his job performance evaluation will be discussed with him. |
| Quantity of work | SAT ☐  SUBSTD ☒  NA ☐ | |
| Reliability and Initiative | SAT ☒  SUBSTD ☐  NA ☐ | |
| Safety and use of equipment | SAT ☒  SUBSTD ☐  NA ☐ | |
| Relationship with others | SAT ☐  SUBSTD ☐  NA ☒ | |
| Job knowledge | SAT ☐  SUBSTD ☒  NA ☐ | |
|  | SAT ☐  SUBSTD ☐  NA ☐ | |

The following factors apply to supervisors only. Note some factors may not apply to specific positions.

| Factor | Rating | Comments |
|---|---|---|
| Communication | SAT ☐  SUBSTD ☐  NA ☐ | |
| Problem solving and decision making | SAT ☐  SUBSTD ☐  NA ☐ | |
| Creativity and innovation | SAT ☐  SUBSTD ☐  NA ☐ | |
| Supervision | SAT ☐  SUBSTD ☐  NA ☐ | |
| Appraising subordinates | SAT ☐  SUBSTD ☐  NA ☐ | |
| Planning, organizing and setting priorities | SAT ☐  SUBSTD ☐  NA ☐ | |
|  | SAT ☐  SUBSTD ☐  NA ☐ | |

Employee's overall evaluation    Satisfactory ☐    Substandard ☒

This evaluation has been reviewed and discussed with the employee. If the employee disagrees with this evaluation, the employee may attach comments that will become a part of the evaluation.

Employee's signature                                                                 Date
On leave since Feburary 28, 2003 - upon return for discussion.

Supervisor's signature  [signature]                                                  Date 4/22/03

Appointing authority's signature  [signature]                                        Date 4/22/03

Distribution:  Original to personnel file
                Copy to employee
                Copy to Department of Human Resources (for substandard evaluation only)

PE 00758

# COMMENTS FOR ANNUAL PERFORMANCE EVALUATION REPORT

**Employee:**       Philip E. English, Real Property Appraiser IV, DF-486

**Supervisor:**     Ann C. Gima, Real Property Appraiser IV

**Rating Period:**  June 1, 2002 To May 31, 2003

During this performance evaluation period as an Appraiser IV, Phil has continued to be assigned the responsibility for the Waikiki area condominiums.

Over the course of the past nine months, Philip has been encountering numerous difficulties in independently performing all of the responsibilities of his position. His performance has been discussed with him on several occasions including two meetings conducted with union agents in attendance. Job duties and responsibilities as well as performance expectations were reviewed with him in the presence of a union agent.
Some specific issues that have been addressed include acts of insubordination, meeting stated deadlines, following written and verbal directions, correct methods for processing various job tasks, utilizing good judgment and repeated errors.

He has been absent from the workplace since February 28, 2003. Prior to his absence, he was made aware of numerous incomplete assignments. At the present time there are several outstanding issues regarding work performance and conduct still to be addressed upon his return to work. In his absence he has missed several mandatory training sessions.

Rating factors for Quantity of Work, Quality of Work, Reliability and Initiative, Relationship with others, and Job Knowledge are considered to be substandard.

Specific Areas of Evaluation where satisfactory performance needs to be demonstrated include:
1. Meeting deadlines
2. Knowledge and understanding of processes and procedures for routine job functions.
3. Demonstrate the ability to follow written and verbal instructions.
4. Perform complete and thorough and accurate preparation for BOR hearing presentations by stated deadlines.
5. Exercising good and appropriate judgment in work related matters including all types of correspondence with taxpayers and their representatives.
6. Following through to completion for all job functions. Including such areas as returning telephone calls, written correspondence, processing BOR recommendations for deferrals and decisions, corrections etc.

PE 00759

**Philip E. English**
Real Property Appraiser IV, DF-486
Rating Period: June 1, 2002 To May 31, 2003
Page 2

Suggestions and recommendations for improving performance
1. Develop a method of organizing work files to facilitate retrieval and tracking of information
2. Set up work plan to schedule assignments and prioritize to meet deadlines
3. Thoroughly review all written instructions
4. File and organize written instructions for reference purposes
5. Follow written and verbal instructions
6. Reread Revised Ordinances of Honolulu
7. Create a "to do" list to track completion and status of ongoing jobs/tasks
8. Accept responsibility for work product

**Appraisal Training**
02/21/03     Mass Appraisal & ROH Chapter 8 – Staff
02/21/03     Market Modeling – Staff


On leave since February 28, 2003. Upon his return, a discussion will be held with him.
Philip E. English                                                    Date
Real Property Appraiser IV, DF-486


_____                    4/22/03
Ann C. Gima                                                          Date
Real Property Appraiser IV

PE 00760

DEPARTMENT OF BUDGET AND FISCAL SERVICES

# CITY AND COUNTY OF HONOLULU

REAL PROPERTY ASSESSMENT DIVISION
842 BETHEL STREET 2ND FLOOR • HONOLULU, HAWAII 96813
PHONE: (808) 527-5502 • FAX (808) 521-7647
WWW.CO.HONOLULU.HI.US



JEREMY HARRIS
MAYOR

IVAN M. LUI-KWAN
DIRECTOR

CHRIS A. DIEBLING
DEPUTY DIRECTOR

GARY T. KUROKAWA
ADMINISTRATOR

April 9, 2003

Mr. Philip E. English
1741 Ala Moana Blvd, Unit 22
Honolulu, Hawaii 96815

Dear Mr. English:

Subject: Annual Performance Evaluation Review

We are requesting your attendance at a meeting to discuss your annual performance evaluation report. The purpose of the evaluation is to assess the performance of an employee during the rating period to ensure the employee meets the requirements of the position. This evaluation report covers the rating period from June 1, 2002 to May 31, 2003.

This meeting will be held on April 17, 2003, Thursday, at 10:00 a.m., on the third floor of the Bethel Street office.

Sincerely,

Robert O. Magota
Real Property Assessor

cc:   Ms. Ann Gima
      Mr. Michael Golojuch

PE 00761

# CASE BIGELOW & LOMBARDI
### A LAW CORPORATION

PACIFIC GUARDIAN CENTER, MAUKA TOWER
737 BISHOP STREET, SUITE 2600
HONOLULU, HAWAII 96813-3283

TELEPHONE: (808) 547-5400
FACSIMILE: (808) 523-1888
E-mail: info@casebigelow.com
http://www.casebigelow.com

David F. Andrew
Michael L. Biehl
Daniel H. Case
James M. Cribley
Stacey W E. Foy
Gregory M. Hansen
Frank T. Kanemitsu
Michael L. Lam
Alan K. Lau
Dennis M. Lombardi †

Michael R. Marsh
Roger S. Moseley
Ted N. Pettit, Ph.D
Scott O. Radovich
Robert F. Schneider
Cathy Lee Sekiguchi
Steven E. Thomas
Eric H. Tsugawa
Gary L. Wixom

Claire E. Bender
Christopher J. Muzzi
Lela Rothwell Sullivan
Lauren R. Sharkey
Cathy L. Takase
Nancy J. Youngren

Of Counsel
Steven L. Rinesmith •
Counsel
Gary S. Kerwood

Bruce C. Bigelow (1946-2001)

† A Law Corporation

April 16, 2003

BY FAX AND HAND DELIVERY

Thomas Riddle
Workers' Compensation Administrator
City and County of Honolulu
550 South King Street
Honolulu, HI 96813

Re: Claim of Philip E. English for disability due to retaliation

Dear Mr. Riddle,

Thank you for speaking with me on the telephone this morning. We did want to confirm, or ask questions about, the following matters:

1. Mr. English is planning to attend the examination by Dr. Kennedy on April 18, 2003 and planned to provide his Kaiser records at the same time. He will still attend, but will not be able to obtain copies of the records in time for the examination. We understand you anticipate the results of the examination and evaluation in approximately three weeks.

2. We also understand that if the results of Dr. Kennedy's examination are favorable to Mr. English's claim, the City's intent is to approve the claim and not to proceed to hearing. We further understand that if Dr. Kennedy's report is unfavorable, the hearing process would then be available to resolve any disputed matters.

3. As you may surmise, Mr. English's financial condition is nearing desperation and it is imperative that this claim be processed as rapidly as humanly possible. It appears to us the additional pressure caused by his deteriorating financial condition is significantly and adversely affecting his well-being and ability to recover from the retaliatory actions he has endured. If you can suggest any other source of financial assistance, which could be of some interim assistance to him, we would be most appreciative.

4. We are concerned that Mr. English's medical insurance premiums may not be getting paid, as his income from the City has effectively stopped. Could you please advise us of what needs to be done, if anything, to keep his medical coverage in place prior to the eventual decision in this case?

27505\1\324736.1   MEMBER OF LEX MUNDI, THE WORLD'S LEADING ASSOCIATION OF INDEPENDENT LAW FIRMS   PE 00762

Thomas Riddle
April 16, 2003
Page 2

    5. Mr. English received a notice from Robert Magota requesting his attendance at a meeting to discuss an "annual performance evaluation report" on April 17, 2003. Mr. English is obviously unable to attend due to his condition which has been caused by the retaliation of the very people involved in this proposed evaluation. Would you please advise Mr. Magota of the status of the claim and the impropriety of the continuation of this activity in the light of the present circumstances? This senseless exacerbation of the damage being done to Mr. English is unconscionable.

    6. Is there some way of arranging for Mr. English to recover some of his personal effects from his desk without contact with the perpetrators of the retaliation he has experienced? He would very much like to recover these possessions, but, as you may imagine, it appears the potential contact would be highly undesirable from many perspectives.

    7. Is there someone to whom Mr. English should be sending physician's "off work slips", or is that even necessary since he has made the workers' comp claim?

    8. Are there any other requirements or details in this process, which are being or may be overlooked? Mr. English is very serious about providing everything necessary for processing this claim and intends to cooperate fully. Mr. English needs to be fully informed of any pitfalls or problems which can reasonably be anticipated and addressed.

Thank you for your kind assistance.

Very truly yours,

*(signature)*
Roger S. Moseley

RSM/kmc
cc. Phil English

27505\1\324736.1

PE 00763

DEPARTMENT OF HUMAN RESOURCES

# CITY AND COUNTY OF HONOLULU

550 SOUTH KING STREET
HONOLULU, HAWAII 96813

JEREMY HARRIS
MAYOR



CHERYL K. OKUMA-SEPE
DIRECTOR

April 17, 2003

Mr. Roger S. Moseley
CASE BIGELOW & LOMBARDI
737 Bishop Street, Suite 2600
Honolulu, Hawaii 96813

Re:   Philip English

Dear Mr. Moseley:

Thanks for your letter of April 16, 2003 regarding Philip English. Following are answers to the questions posed in your letter:

1. We are pleased Mr. English will be attending the evaluation with Dr. Kennedy tomorrow. We have obtained a subpoena for his Kaiser records and will forward them to Dr. Kennedy upon receipt. Hopefully, her report will be available within a few days of her evaluation.

2. Our decision on compensability will depend heavily on Dr. Kennedy's report. Hopefully, her findings will be clear and all parties can understand any decision that is made.

3. The workers' compensation process is painfully slow, especially in claims such as Mr. English's. However, because of his cooperation, we were able to fast tract his claim and obtain a rather quick appointment for his evaluation. This usually takes several weeks, or even months. Unfortunately, I am not aware of any resources within the City that could assist Mr. English financially at this time.

PE 00764

Mr. Roger S. Moseley
April 17, 2003
Page 2

4. Mr. English will need to pay his portion of his health insurance plan, which usually comes out of his paycheck. If he fails to do this, and there are no funds available, such as accumulated vacation or sick leave benefits, Kaiser will terminate his coverage. Mr. English should check with the payroll clerk in his department to arrange for this payment.

5. I spoke with Robert Magota regarding the annual performance evaluation. He will put this on hold until after the workers' compensation matter is addressed.

6. With your permission, I will go over to Mr. English's desk and place all of his personal belongings into a box that he can pick up in my office.

7. Mr. English should forward all doctor reports and "off-work slips" to me in the Department of Human Resources.

8. Although this is an adversarial claim with the City, Mr. English has fully cooperated with the workers' compensation process and has done all he needs to do for the moment.

I will be out of the office until next Friday, April 25th. I will check with Dr. Kennedy at that time regarding the status of her report.

Thank you for your assistance in this matter.

Sincerely,

THOMAS RIDDLE
Workers' Compensation Administrator

# CASE BIGELOW & LOMBARDI
## A LAW CORPORATION

PACIFIC GUARDIAN CENTER, MAUKA TOWER
737 BISHOP STREET, SUITE 2600
HONOLULU, HAWAII 96813-3283

TELEPHONE: (808) 547-5400
FACSIMILE: (808) 523-1888
E-mail: info@casebigelow.com
http://www.casebigelow.com

David F. Andrew
Michael L. Biehl
Darwin H. Case
James M. Cribley
Stacey W.E. Foy
Gregory M. Hansen
Frank T. Kanemitsu
Michael L. Lam
Alan K. Lau
Dennis M. Lombardi †

Michael R. Marsh
Roger S. Moseley
Ted N. Pettit, Ph.D
Scott O. Rasovich
Robert F. Schneider
Cathy Lee Sekiguchi
Steven E. Thomas
Eric H. Tsugawa
Gary L. Wixom

Claire E. Bender
Christopher J. Muzzi
Leila Rothwell Sullivan
Lauren R. Sharkey
Cathy L. Takase
Nancy J. Youngren

Of Counsel
Steven L. Rinesmith †
Counsel
Gary S. Kerwood

Bruce C. Bigelow (1946-2001)

† A Law Corporation

April 18, 2003

BY FAX AND HAND DELIVERY

Thomas Riddle
Workers' Compensation Administrator
City and County of Honolulu
550 South King Street
Honolulu, HI 96813

Re: Claim of Philip E. English for disability due to retaliation

Dear Mr. Riddle,

Thank you for responding so quickly to my April 16, 2003 letter.

Enclosed please find two original "Work Slips" showing Mr. English's continued disability from work to April 22, 2003. For your reference, Mr. English has an appointment with an additional person at Kaiser for further evaluation on April 23. Presumably being warranted, a further work slip will be issued at that time. We will keep you posted.

It has been suggested to us by staff of the Department of Labor, that Mr. English should have been receiving TDI payments during the processing of his Workers Compensation claim. Would you please explain?

An additional thank you is merited for your contact with Mr. Magota. Your effort is appreciated. Mr. Magota's actions were bewildering in light of the retaliation Mr. English has already endured on Mr. Magota's watch and at his hand. It appears that your effort has forestalled at least some further damage to Mr. English. Mahalo again.

Hopefully by the time you return from vacation, Mr. English will have instructed me to give you authorization to recover his personal possessions.

Thank you for your continued consideration in this case.

Very truly yours,

Roger S. Moseley

RSM/kmc
cc: Phil English

PE 00766



**KAISER PERMANENTE**
*Good People. Good Medicine.*

# WORK SLIP

Date of Visit/Telephone Advice: MAR 1 3 2003    Location of Visit/Telephone Advice:

Kaiser Honolulu Clinic
1010 Pensacola Street
Honolulu, Hawaii 96814

Diagnosis (if required):

Date(s) of scheduled Recheck(s):

This patient states that he/she was disabled and unable to work/attend school from 2·27·03 to

MAY RESUME work/school on: 4·2·03  ☒ Full duty  ☐ Limited duty ▶ IF LIMITED DUTY (describe): ☐ Driving ☐ Pushing
☐ Climbing ☐ Standing ☐ Sports ☐ Pulling ☐ Lifting ☐ Walking ☐ Hand Tools ☐ Other:

IF LIMITED, is capable of returning to full duty on: 4·2·03    Further Description/Remarks:

*[Signature] James E. Love, MD*
Provider's Signature

J.E. LOVE INTERNAL MEDICINE
Provider's Name (print)

I hereby authorize the Kaiser Permanente Medical Care Program to release information relating to this illness to my employer/school. This authorization shall be valid for 90 days.

J28  Rev. 07/92    Signature of Patient/Responsible Party    Relationship to Patient

---

**KAISER PERMANENTE**
*Good People. Good Medicine.*

# WORK SLIP

033194
english, philip
10-20-54

Date of Visit/Telephone Advice: APR 2 3 2003    Location of Visit/Telephone Advice:

Kaiser Honolulu Clinic
1010 Pensacola Street
Honolulu, Hawaii 96814

Diagnosis (if required): —

Date(s) of scheduled Recheck(s): AS NEEDED    APR 2 2 2003

This patient states that he/she was disabled and unable to work/attend school from APR 0 2 2003 to APR 2 2 2003

MAY RESUME work/school on: APR 2 3 2003  ☐ Full duty  ☐ Limited duty ▶ IF LIMITED DUTY (describe): ☐ Driving ☐ Pushing
☐ Climbing ☐ Standing ☐ Sports ☐ Pulling ☐ Lifting ☐ Walking ☐ Hand Tools ☐ Other:

IF LIMITED, is capable of returning to full duty on:    Further Description/Remarks:

*[Signature] James E. Love, MD*
Provider's Signature

J.E. LOVE INTERNAL MEDICINE
Provider's Name (print)

I hereby authorize the Kaiser Permanente Medical Care Program to release information relating to this illness to my employer/school. This authorization shall be valid for 90 days.

PE 00767

| | | |
|---|---|---|
| **City and County of Honolulu** **Annual Performance Evaluation Report** | Department/Division: Budget & Fiscal Services - Real Pr Name of Employee: English, Philip E. Position No: DF-486  Position Title: Real Property Rating Period: From: 06/01/02  To: _____ | BUDGET & FISCAL 9019-72H   CLS: 020553   BU: 13 ENGLISH, PHILIP E DF486 REAL PROPERTY APPRAISER IV FR: 06-01-02   TO: 05-31-03 |

Annual ☒   Other ☐

Use the following rating factors to determine overall performance. Mark each factor SAT (satisfactory), SUBSTD (substandard) or NA (not applicable). Use only those factors that apply. Note some factors may not apply to specific positions.

| Factor | Rating | Comments |
|---|---|---|
| Quality of work | SAT ☐  SUBSTD ☒  NA ☐ | (Please see attached evaluation) |
| Quantity of work | SAT ☐  SUBSTD ☒  NA ☐ | Mr. English has been on leave since February 28, 2003. Upon his return, his job performance evaluation will be discussed with him. |
| Reliability and Initiative | SAT ☒  SUBSTD ☐  NA ☐ | |
| Safety and use of equipment | SAT ☒  SUBSTD ☐  NA ☐ | |
| Relationship with others | SAT ☐  SUBSTD ☒  NA ☐ | |
| Job knowledge | SAT ☐  SUBSTD ☒  NA ☐ | |
| | SAT ☐  SUBSTD ☐  NA ☐ | |

The following factors apply to supervisors only. Note some factors may not apply to specific positions.

| Factor | Rating |
|---|---|
| Communication | SAT ☐  SUBSTD ☐  NA ☐ |
| Problem solving and decision making | SAT ☐  SUBSTD ☐  NA ☐ |
| Creativity and innovation | SAT ☐  SUBSTD ☐  NA ☐ |
| Supervision | SAT ☐  SUBSTD ☐  NA ☐ |
| Appraising subordinates | SAT ☐  SUBSTD ☐  NA ☐ |
| Planning, organizing and setting priorities | SAT ☐  SUBSTD ☐  NA ☐ |
| | SAT ☐  SUBSTD ☐  NA ☐ |

Employee's overall evaluation    Satisfactory ☐    Substandard ☒

This evaluation has been reviewed and discussed with the employee. If the employee disagrees with this evaluation, the employee may attach comments that will become a part of the evaluation.

Employee's signature: On leave since Feburary 28, 2003 - upon return for discussion.   Date:

Supervisor's signature: [signed]   Date: 4/22/03

Appointing authority's signature: [signed]   Date: 4/22/03

Distribution:  Original to personnel file
              Copy to employee
              Copy to Department of Human Resources (for substandard evaluation only)

PE 00768

# COMMENTS FOR ANNUAL PERFORMANCE EVALUATION REPORT

**Employee:** Philip E. English, Real Property Appraiser IV, DF-486

**Supervisor:** Ann C. Gima, Real Property Appraiser IV

**Rating Period:** June 1, 2002 To May 31, 2003

During this performance evaluation period as an Appraiser IV, Phil has continued to be assigned the responsibility for the Waikiki area condominiums.

Over the course of the past nine months, Philip has been encountering numerous difficulties in independently performing all of the responsibilities of his position. His performance has been discussed with him on several occasions including two meetings conducted with union agents in attendance. Job duties and responsibilities as well as performance expectations were reviewed with him in the presence of a union agent.
Some specific issues that have been addressed include acts of insubordination, meeting stated deadlines, following written and verbal directions, correct methods for processing various job tasks, utilizing good judgment and repeated errors.

He has been absent from the workplace since February 28, 2003. Prior to his absence, he was made aware of numerous incomplete assignments. At the present time there are several outstanding issues regarding work performance and conduct still to be addressed upon his return to work. In his absence he has missed several mandatory training sessions.

Rating factors for Quantity of Work, Quality of Work, Reliability and Initiative, Relationship with others, and Job Knowledge are considered to be substandard.

Specific Areas of Evaluation where satisfactory performance needs to be demonstrated include:
1. Meeting deadlines
2. Knowledge and understanding of processes and procedures for routine job functions.
3. Demonstrate the ability to follow written and verbal instructions.
4. Perform complete and thorough and accurate preparation for BOR hearing presentations by stated deadlines.
5. Exercising good and appropriate judgment in work related matters including all types of correspondence with taxpayers and their representatives.
6. Following through to completion for all job functions. Including such areas as returning telephone calls, written correspondence, processing BOR recommendations for deferrals and decisions, corrections etc.

PE 00769

Philip E. English
Real Property Appraiser IV, DF-486
Rating Period: June 1, 2002 To May 31, 2003
Page 2

Suggestions and recommendations for improving performance
1. Develop a method of organizing work files to facilitate retrieval and tracking of information
2. Set up work plan to schedule assignments and prioritize to meet deadlines
3. Thoroughly review all written instructions
4. File and organize written instructions for reference purposes
5. Follow written and verbal instructions
6. Reread Revised Ordinances of Honolulu
7. Create a "to do" list to track completion and status of ongoing jobs/tasks
8. Accept responsibility for work product

### Appraisal Training
| | |
|---|---|
| 02/21/03 | Mass Appraisal & ROH Chapter 8 – Staff |
| 02/21/03 | Market Modeling – Staff |

On leave since February 28, 2003. Upon his return, a discussion will be held with him.
_____    _____
Philip E. English                                                                            Date
Real Property Appraiser IV, DF-486


_____    4/22/03
Ann C. Gima                                                                                  Date
Real Property Appraiser IV

PE 00770