# CASE BIGELOW & LOMBARDI

### A LAW CORPORATION

David F. Andrew
Michael L. Biehl
Daniel H. Case
James M. Cribley
Stacey W.E. Foy
Gregory M. Hansen
Frank T. Kanemitsu
Michael L. Lam
Alan K. Lau
Dennis M. Lombardi †

Michael R. Marsh
Roger S. Moseley
Ted N. Pettit, Ph.D.
Scott D. Radovich
Cathy Lee Sekiguchi
Steven E. Thomas
Eric H. Tsugawa
Gary L. Wixom

PACIFIC GUARDIAN CENTER, MAUKA TOWER
737 BISHOP STREET, SUITE 2600
HONOLULU, HAWAII 96813-3283

TELEPHONE: (808) 547-5400
FACSIMILE: (808) 523-1888
E-mail: info@casebigelow.com
http://www.casebigelow.com

Claire E. Bender
Christopher J. Muzzi
Leila Rothwell Sullivan
Lauren R. Sharkey
Cathy L. Takase
Nancy J. Youngren

Of Counsel:
Steven L. Rinesmyth †
Counsel:
Gary S. Karwood

Bruce C. Bigelow (1946-2001)
† A Law Corporation

November 17, 2003

**BY FAX AND HAND DELIVERY**
808/523-4583

Paul K. W. Au, Esq.
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street
Honolulu, HI 96813

Re: <u>Philip E. English, Workers' Compensation Case No. 2-03-01887</u>

Dear Mr. Au,

Thank you for your settlement offer in this case dated November 12, 2003.

As you have still not provided us with the documents we have repeatedly requested, we are unable to completely evaluate your offer. Our prior document requests are hereby renewed. However, as with our last offer, presuming that there is nothing in those documents, which would materially affect the settlement value of this case, we hereby offer to settle this claim as follows (subject, of course, to any necessary governmental approvals):

1. The City will accept compensability and will pay Mr. English the lump sum amount of $125,000, which amount shall be paid on or before November 28, 2003;

2. The nature of the injury will be described as mental stress and acute exacerbation of a preexisting depressive disorder resulting from illegal retaliation under the "Whistleblower" laws of the State of Hawaii, said retaliation resulting from Mr. English's reporting of improprieties at the Real Property Tax Assessment Division, including, but not limited to, the illegal use of City employees, equipment, and time for advancement of a private commercial enterprise of the management of the Division, as well as the misappraisal of taxpayer properties and the Division's participation in a scheme to fraudulently collect money from taxpayers, not properly owed to the City by those taxpayers.



DEFENDANT'S EXHIBIT
3306

PE 00930

27505\2\354287.1    MEMBER OF LEX MUNDI, THE WORLD'S LEADING ASSOCIATION OF INDEP

Paul K.W. Au, Esq.
November 17, 2003
Page 2

3.  The City will provide Mr. English with an additional one year of treatment according to a plan devised by his Kaiser providers;

4.  The City will pay for additional treatment, deemed necessary, if any, by Mr. English's Kaiser providers after the initial one-year period;

5.  This settlement is for claims of Mr. English against the City under the workers' compensation laws only;

6.  The City will pay appropriate reimbursement to Kaiser for services previously provided as a result of Mr. English's workers' compensation injury;

7.  The City will pay any required reimbursement of TDI payments made to Mr. English;

8.  Mr. English will **not** be required to resign from his job and will be allowed to remain on the City's employment rolls in the same manner, and for the same duration, and subject to the same rights and procedures, as any other employee injured on the job. Further, the City will continue to pay the workers' compensation payments, started as of October 1, 2003, until the close of business on December 31, 2003. These payments will not be recoverable by the City and are in addition to the lump sum settlement amount stated in paragraph 1. above; and

I.  The City will waive any rights and remedies under *Hawaii Revised Statutes* §386-8.

Alternatively, we offer to settle this case on the following terms:

A.  The City will accept compensability and will pay Mr. English the lump sum amount of $150,000, which amount shall be paid on or before November 28, 2003;

B.  The nature of the injury will be described as mental stress and acute exacerbation of a preexisting depressive disorder resulting from illegal retaliation under the "Whistleblower" laws of the State of Hawaii, said retaliation resulting from Mr. English's reporting of improprieties at the Real Property Tax Assessment Division, including, but not limited to, the illegal use of City employees, equipment, and time for advancement of a private commercial enterprise of the management of the Division, as well as the misappraisal of taxpayer properties and the Division's participation in a scheme to fraudulently collect money from taxpayers, not properly owed to the City by those taxpayers.

C.  The City will provide Mr. English with an additional one year of treatment according to a plan devised by his Kaiser providers;

27505\2\354287.1

PE 00931

Paul K.W. Au, Esq.
November 17, 2003
Page 3

  D. The City will pay for additional treatment, deemed necessary, if any, by Mr. English's Kaiser providers after the initial one-year period;

  E. This settlement is for claims of Mr. English against the City under the workers' compensation laws only;

  F. The City will pay appropriate reimbursement to Kaiser for services previously provided as a result of Mr. English's workers' compensation injury;

  G. The City will pay any required reimbursement of TDI payments made to Mr. English;

  H. Mr. English will resign from his job effective at the end of business on December 31, 2003. This resignation will be without prejudice and will not be used by the City adversely to any further claims of Mr. English in any forum. Mr. English will be allowed to remain on the City's employment rolls in the same manner, and for the same duration, and subject to the same rights and procedures, as any other employee injured on the job until the effective date of resignation. Further, the City will continue to pay the workers' compensation payments, started as of October 1, 2003, until the effective date of Mr. English's resignation. These payments will not be recoverable by the City and are in addition to the lump sum settlement amount stated in paragraph A. above; and

  I. The City will waive any rights and remedies under Hawaii Revised Statutes Section 386-8.

  ***This offer will remain open until noon on Friday, November 21, 2003.*** You are advised that the prolongation of the psychological and financial stress on Mr. English continues to damage him further. You are advised of the specific problem that he has been put on notice that he will be ejected from the harbor, along with his boat, if he does not make a payment in excess of $2,600 by November 30, 2003. He has been unable to make this payment because of his cumulative poor financial condition (resulting from the retaliation and from the City's improper denial of compensability), despite the recent payment of benefits for October, which were made without prejudice to the City's position. As of November 17, 2003 no further payments had been made, although a statement presumably describing an additional payment, was received by Mr. English.

  **We would like to emphasize to you that the City has absolutely no basis for its present denial of compensability. Such denial is not supported by the City's own IPE, nor is it supported by the treating physicians of Mr. English. In the face of a complete lack of factual basis for denying compensability, this action is being taken in bad faith and is, in effect a continuation of the retaliation already suffered by Mr. English at the City's hands. We would request that, regardless of**

27505\2\354287.1

PE 00932

Paul K.W. Au, Esq.
November 17, 2003
Page 4

the City's acceptance or rejection of this offer, compensability be immediately recognized.

It is also massively improper to try to use this denial of workers' compensation benefits to leverage a resignation out of Mr. English. There is no provision in the workers' compensation law, which would support such an exaction in exchange for obtaining benefits. We note that it is "unlawful for any employer to suspend or discharge any employee solely because the employee suffers any work injury which is compensable under" the workers' compensation law. Especially in the face of this clearly compensable injury, the exaction of a resignation is tantamount to the violation of HRS §386-142. As you are probably aware, the violation of provisions of the workers' compensation statute can have extremely severe detrimental effects on an employer. We would urge the City immediately to cease and desist this activity.

The offer to resign herein is made solely on the basis that both the City's IPE and Mr. English's treating physician agree that Mr. English cannot continue his employment at the Division without further jeopardizing his health. (Incidentally his union representative has also advised him that, as a practical matter, he will no longer be able to work for the City in any capacity.) This is mainly true because, **although the City has a very detailed knowledge of the activities which have transpired, the City has done absolutely nothing to curb the abuses and practices of which Mr. English complained, has failed to discipline any of the City employees involved, and has completely failed to address the problems and management practices which would prevent future and further retaliation against Mr. English and/or other City employees who would otherwise step forward address such improper and illegal practices in the future.** It is our opinion that any City employee, officer, or manager, including the Office of the Corporation Counsel, has an absolute and inviolate duty to investigate and take action on such knowledge. This duty is owed independently to the citizens of this City. No employee, officer or manager has any "duty" (or right) to protect any other employee, officer, or manager known to be involved in such activities. In our estimation, any employee, officer or manager of the City who fails to take action in the face of such knowledge becomes complicit in the improper activity.

We also note that your offer, requiring the "nature of the injury" to be described as "job dissatisfaction, difficulties at work and discord with co-workers and supervisors" is **not** supported by the City's IPE report. That description is part of the "Axis IV: Psychological and Environmental Problems" part of the report. While you must recognize that this report is wholly inadequate and, in fact, does not directly address even the basic underlying question of what caused Mr. English' injury, the report clearly describes the "Clinical Disorders" as "Major Depression, Recurrent, Severe without psychotic features; with history of interepisode recovery" and "Occupational Problem". This is the "nature of the injury" according to the City's IPE. Describing the "nature of the injury" as "job dissatisfaction" and so forth, is tantamount to saying that Mr. English was not injured on the job, and his problems are caused by an inability to get along with

PE 00933

Paul K.W. Au, Esq.
November 17, 2003
Page 5

co-employees and supervisors. This is misleading at best and appears to be nothing more than a blatant attempt to prejudice potential future proceedings. Again, this activity is completely inappropriate in the context of a workers' compensation proceeding.

Enclosed for your information is a copy of a brief letter from Mr. English's treating physician to Mr. Riddle, addressing certain items in Dr. Kennedy's purported IPE. Also enclosed is a partial summary of errors in Dr. Kennedy's report, also previously sent to Mr. Riddle. These items are being sent to you because we believe they will assist in your professional evaluation of this case and the resulting performance of your duty as a City attorney. We are not certain whether you have had these items available to you. Additionally, we would be happy to provide further information if you have any follow-up questions.

**By making this offer we are not relieving you of the responsibility to supply the information and documents repeatedly requested earlier. We demand that those documents and that information be provided immediately.**

If you have any questions, please do not hesitate to call me directly at 547 5447.

Thank you for your anticipated timely response.

Very truly yours,

Roger S. Moseley

Approved:

Philip English

RSM\kmc
Enclosure
cc. Phil English

27505\2\354287.1

PE 00934

* * * Transmission Result Report ( Nov. 17. 2003 12:19PM ) * * *

T T I     C. M. B. & L. /2 (808) 523-1888

| File | Mode | Option | Address (Group) | Result | Page |
|------|------|--------|-----------------|--------|------|
| 4107 | SAF_TX | | 5234583 | OK | P. 6/6 |

Reason for Error
1) Hang up or line fail
3) No answer
2) Busy
4) No facsimile connection

# CASE BIGELOW & LOMBARDI
# Fax Memorandum

737 BISHOP STREET
SUITE 2600
HONOLULU, HAWAII 96813
DIRECT LINE: (808) 547-5447

From: **Roger S. Moseley**

Fax: **(808) 523-1888**
File: **27505-2**
Date: **November 17, 2003**

To:   **Paul Au, Esq.**
Dept. of the Corporation Counsel
Fax: **523-4583**
Pages: ___6___
Re:

**This communication contains confidential and privileged information. It is exempt from disclosure under applicable law. If you receive it in error, please contact the Sender immediately to arrange for its return. No other use or dissemination of this communication is authorized.**

Please see attached correspondence of today's date.

PE 00935

# CASE BIGELOW & LOMBARDI
# Fax Memorandum

737 BISHOP STREET
SUITE 2600
HONOLULU, HAWAII 96813
DIRECT LINE: (808) 547-5447

From: **Roger S. Moseley**

Fax:    (808) 523-1888
File:    27505-2
Date:   November 17, 2003

To:    **Paul Au, Esq.**
Dept. of the Corporation Counsel
Fax:    523-4583
Pages:_____6_____
Re:

**This communication contains confidential and privileged information.   It is exempt from disclosure under applicable law. If you receive it in error, please contact the Sender immediately to arrange for its return. No other use or dissemination of this communication is authorized.**

Please see attached correspondence of today's date.

Original will follow via HAND DELIVERY

RSM:kmc

27505/2/354374

PE 00936

CASE BIGELOW & LOMBARDI

A LAW CORPORATION

David F. Andrew
Michael L. Biehl
Daniel H. Case
James M. Cribley
Stacey W.E. Foy
Gregory M. Hansen
Frank T. Kanemitsu
Michael L. Lam
Alan K. Lau
Dennis M. Lombardi †

Michael R. Marsh
Roger S. Moseley
Ted N. Pettit, Ph.D.
Scott D. Radovich
Robert F. Schneider
Cathy Lee Sekiguchi
Steven E. Thomas
Eric H. Tsugawa
Gary L. Wixom

PACIFIC GUARDIAN CENTER, MAUKA TOWER
737 BISHOP STREET, SUITE 2600
HONOLULU, HAWAII 96813-3283

TELEPHONE: (808) 547-5400
FACSIMILE: (808) 523-1888
E-mail: info@casebigelow.com
http://www.casebigelow.com

Claire E. Sender
Christopher J. Muzzi
Leila Rothwell Sullivan
Lauren R. Sharkey
Cathy L. Takase
Nancy J. Youngren

Of Counsel:
Steven L. Rinesmith †
Counsel:
Gary S. Kerwood

Bruce C. Bigelow (1946-2001)
† A Law Corporation

November 17, 2003

BY FAX AND HAND DELIVERY
808/523-4583

Paul K. W. Au, Esq.
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street
Honolulu, HI  96813

Re:  Philip E. English, Workers' Compensation Case No. 2-03-01887

Dear Mr. Au,

Thank you for your settlement offer in this case dated November 12, 2003.

As you have still not provided us with the documents we have repeatedly requested, we are unable to completely evaluate your offer.  Our prior document requests are hereby renewed.  However, as with our last offer, presuming that there is nothing in those documents, which would materially affect the settlement value of this case, we hereby offer to settle this claim as follows (subject, of course, to any necessary governmental approvals):

1.  The City will accept compensability and will pay Mr. English the lump sum amount of $125,000, which amount shall be paid on or before November 28, 2003;

2.  The nature of the injury will be described as mental stress and acute exacerbation of a preexisting depressive disorder resulting from illegal retaliation under the "Whistleblower" laws of the State of Hawaii, said retaliation resulting from Mr. English's reporting of improprieties at the Real Property Tax Assessment Division, including, but not limited to, the illegal use of City employees, equipment, and time for advancement of a private commercial enterprise of the management of the Division, as well as the misappraisal of taxpayer properties and the Division's participation in a scheme to fraudulently collect money from taxpayers, not properly owed to the City by those taxpayers.

27505\2\354287.1          MEMBER OF LEX MUNDI, THE WORLD'S LEADING ASSOCIATION OF INDEPENDENT LAW FIRMS          PE 00937

Paul K.W. Au, Esq.
November 17, 2003
Page 2

3. The City will provide Mr. English with an additional one year of treatment according to a plan devised by his Kaiser providers;

4. The City will pay for additional treatment, deemed necessary, if any, by Mr. English's Kaiser providers after the initial one-year period;

5. This settlement is for claims of Mr. English against the City under the workers' compensation laws only;

6. The City will pay appropriate reimbursement to Kaiser for services previously provided as a result of Mr. English's workers' compensation injury;

7. The City will pay any required reimbursement of TDI payments made to Mr. English;

8. Mr. English will **not** be required to resign from his job and will be allowed to remain on the City's employment rolls in the same manner, and for the same duration, and subject to the same rights and procedures, as any other employee injured on the job. Further, the City will continue to pay the workers' compensation payments, started as of October 1, 2003, until the close of business on December 31, 2003. These payments will not be recoverable by the City and are in addition to the lump sum settlement amount stated in paragraph 1. above; and

I. The City will waive any rights and remedies under *Hawaii Revised Statutes* §386-8.

Alternatively, we offer to settle this case on the following terms:

A. The City will accept compensability and will pay Mr. English the lump sum amount of $150,000, which amount shall be paid on or before November 28, 2003;

B. The nature of the injury will be described as mental stress and acute exacerbation of a preexisting depressive disorder resulting from illegal retaliation under the "Whistleblower" laws of the State of Hawaii, said retaliation resulting from Mr. English's reporting of improprieties at the Real Property Tax Assessment Division, including, but not limited to, the illegal use of City employees, equipment, and time for advancement of a private commercial enterprise of the management of the Division, as well as the misappraisal of taxpayer properties and the Division's participation in a scheme to fraudulently collect money from taxpayers, not properly owed to the City by those taxpayers.

C. The City will provide Mr. English with an additional one year of treatment according to a plan devised by his Kaiser providers;

27505\2\354287.1

PE 00938

Paul K.W. Au, Esq.
November 17, 2003
Page 3

D.  The City will pay for additional treatment, deemed necessary, if any, by Mr. English's Kaiser providers after the initial one-year period;

E.  This settlement is for claims of Mr. English against the City under the workers' compensation laws only;

F.  The City will pay appropriate reimbursement to Kaiser for services previously provided as a result of Mr. English's workers' compensation injury;

G.  The City will pay any required reimbursement of TDI payments made to Mr. English;

H.  Mr. English will resign from his job effective at the end of business on December 31, 2003.  This resignation will be without prejudice and will not be used by the City adversely to any further claims of Mr. English in any forum.  Mr. English will be allowed to remain on the City's employment rolls in the same manner, and for the same duration, and subject to the same rights and procedures, as any other employee injured on the job until the effective date of resignation.  Further, the City will continue to pay the workers' compensation payments, started as of October 1, 2003, until the effective date of Mr. English's resignation.  These payments will not be recoverable by the City and are in addition to the lump sum settlement amount stated in paragraph A. above; and

I.  The City will waive any rights and remedies under Hawaii Revised Statutes Section 386-8.

**This offer will remain open until noon on Friday, November 21, 2003.**  You are advised that the prolongation of the psychological and financial stress on Mr. English continues to damage him further.  You are advised of the specific problem that he has been put on notice that he will be ejected from the harbor, along with his boat, if he does not make a payment in excess of $2,600 by November 30, 2003.  He has been unable to make this payment because of his cumulative poor financial condition (resulting from the retaliation and from the City's improper denial of compensability), despite the recent payment of benefits for October, which were made without prejudice to the City's position.  As of November 17, 2003 no further payments had been made, although a statement presumably describing an additional payment, was received by Mr. English.

**We would like to emphasize to you that the City has absolutely no basis for its present denial of compensability.  Such denial is not supported by the City's own IPE, nor is it supported by the treating physicians of Mr. English.  In the face of a complete lack of factual basis for denying compensability, this action is being taken in bad faith and is, in effect a continuation of the retaliation already suffered by Mr. English at the City's hands.  We would request that, regardless of**

PE 00939

Paul K.W. Au, Esq.
November 17, 2003
Page 4

the City's acceptance or rejection of this offer, compensability be immediately recognized.

It is also massively improper to try to use this denial of workers' compensation benefits to leverage a resignation out of Mr. English. There is no provision in the workers' compensation law, which would support such an exaction in exchange for obtaining benefits. We note that it is "unlawful for any employer to suspend or discharge any employee solely because the employee suffers any work injury which is compensable under" the workers' compensation law. Especially in the face of this clearly compensable injury, the exaction of a resignation is tantamount to the violation of HRS §386-142. As you are probably aware, the violation of provisions of the workers' compensation statute can have extremely severe detrimental effects on an employer. We would urge the City immediately to cease and desist this activity.

The offer to resign herein is made solely on the basis that both the City's IPE and Mr. English's treating physician agree that Mr. English cannot continue his employment at the Division without further jeopardizing his health. (Incidentally his union representative has also advised him that, as a practical matter, he will no longer be able to work for the City in **any** capacity.) This is mainly true because, **although the City has a very detailed knowledge of the activities which have transpired, the City has done absolutely nothing to curb the abuses and practices of which Mr. English complained, has failed to discipline any of the City employees involved, and has completely failed to address the problems and management practices which would prevent future and further retaliation against Mr. English and/or other City employees who would otherwise step forward address such improper and illegal practices in the future.** It is our opinion that any City employee, officer, or manager, including the Office of the Corporation Counsel, has an absolute and inviolate duty to investigate and take action on such knowledge. This duty is owed independently to the citizens of this City. No employee, officer or manager has any "duty" (or right) to protect any other employee, officer, or manager known to be involved in such activities. In our estimation, any employee, officer or manager of the City who fails to take action in the face of such knowledge becomes complicit in the improper activity.

We also note that your offer, requiring the "nature of the injury" to be described as "job dissatisfaction, difficulties at work and discord with co-workers and supervisors" is **not** supported by the City's IPE report. That description is part of the "Axis IV: Psychological and Environmental Problems" part of the report. While you must recognize that this report is wholly inadequate and, in fact, does not directly address even the basic underlying question of what caused Mr. English' injury, the report clearly describes the "Clinical Disorders" as "Major Depression, Recurrent, Severe without psychotic features; with history of interepisode recovery" and "Occupational Problem". This is the "nature of the injury" according to the City's IPE. Describing the "nature of the injury" as "job dissatisfaction" and so forth, is tantamount to saying that Mr. English was not injured on the job, and his problems are caused by an inability to get along with

PE 00940

Paul K.W. Au, Esq.
November 17, 2003
Page 5

co-employees and supervisors. This is misleading at best and appears to be nothing more than a blatant attempt to prejudice potential future proceedings. Again, this activity is completely inappropriate in the context of a workers' compensation proceeding.

Enclosed for your information is a copy of a brief letter from Mr. English's treating physician to Mr. Riddle, addressing certain items in Dr. Kennedy's purported IPE. Also enclosed is a partial summary of errors in Dr. Kennedy's report, also previously sent to Mr. Riddle. These items are being sent to you because we believe they will assist in your professional evaluation of this case and the resulting performance of your duty as a City attorney. We are not certain whether you have had these items available to you. Additionally, we would be happy to provide further information if you have any follow-up questions.

**By making this offer we are not relieving you of the responsibility to supply the information and documents repeatedly requested earlier. We demand that those documents and that information be provided immediately.**

If you have any questions, please do not hesitate to call me directly at 547 5447.

Thank you for your anticipated timely response.

Very truly yours,

Roger S. Moseley

Approved:

Philip English

RSM\kmc
Enclosure
cc. Phil English

27505\2\354287.1

PE 00941