* * * COMMUNICATION RESULT REPORT ( NOV.20.200  3:03PM ) * * *

TTI   CASE BIGELOW LOMBARDI

| FILE | MODE | OPTION | ADDRESS (GROUP) | RESULT | PAGE |
|------|------|--------|-----------------|--------|------|
| | MEMORY TX | | 5234583 | OK | P. 6/6 |

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL
E-3) NO ANSWER

E-2) BUSY
E-4) NO FACSIMILE CONNECTION

# CASE BIGELOW & LOMBARDI
## Fax Memorandum

737 BISHOP STREET
SUITE 2600
HONOLULU, HAWAII 96813
DIRECT LINE: (808) 547-5447

From: **Roger S. Moseley**

Fax:   (808) 523-1888
File:   27505-2
Date:  November 20, 2003

To:   **Paul Au, Esq.**
Dept. of the Corporation Counsel
Fax:   523-4583
Pages:   **6**
Re:    Philip English
        W.C. Case No. 2-03-01887

**This communication contains confidential and privileged information.  It is exempt from disclosure under applicable law. If you receive it in error, please contact the Sender immediately to arrange for its return. No other use or dissemination of this communication is authorized.**

Please see attached correspondence of today's date.



DEFENDANT'S EXHIBIT

PE 00961

# CASE BIGELOW & LOMBARDI
# Fax Memorandum

737 BISHOP STREET
SUITE 2600
HONOLULU, HAWAII 96813
DIRECT LINE: (808) 547-5447

From: **Roger S. Moseley**

Fax:    (808) 523-1888
File:    27505-2
Date:  November 20, 2003

To:    **Paul Au, Esq.**
Dept. of the Corporation Counsel
Fax:    523-4583
Pages:____6____
Re:    Philip English
        W.C. Case No. 2-03-01887

**This communication contains confidential and privileged information. It is exempt from disclosure under applicable law. If you receive it in error, please contact the Sender immediately to arrange for its return. No other use or dissemination of this communication is authorized.**

---

Please see attached correspondence of today's date.

Original will follow via HAND DELIVERY

RSM:kmc

27505/2/354374.3

PE 00962

# CASE BIGELOW & LOMBARDI

### A LAW CORPORATION

David F. Andrew
Michael L. Biehl
Daniel H. Case
James M. Cribley
Stacey W.E. Foy
Gregory M. Hansen
Frank T. Kanemitsu
Michael L. Lam
Alan K. Lau
Dennis M. Lombardi †

Michael R. Marsh
Roger S. Moseley
Ted N. Pettit, Ph.D.
Scott D. Radovich
Robert F. Schneider
Cathy Lee Sekiguchi
Steven E. Thomas
Eric H. Tsugawa
Gary L. Wixom

PACIFIC GUARDIAN CENTER, MAUKA TOWER
737 BISHOP STREET, SUITE 2600
HONOLULU, HAWAII 96813-3283

TELEPHONE: (808) 547-5400
FACSIMILE: (808) 523-1888
E-mail: info@casebigelow.com
http://www.casebigelow.com

Claire E. Bender
Christopher J. Muzzi
Leila Rothwell Sullivan
Lauren R. Sharkey
Cathy L. Takase
Nancy J. Youngren

Of Counsel:
Steven L. Rinesmith †
Counsel:
Gary S. Karwood

Bruce C. Bigelow (1946-2001)
† A Law Corporation

November 20, 2003

<u>BY FAX AND HAND DELIVERY</u>
808/523-4583

Paul K. W. Au, Esq.
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street
Honolulu, HI  96813

Re:  <u>Philip E. English,  Workers' Compensation Case No. 2-03-01887</u>

Dear Mr. Au,

The City is hereby requested to immediately cease and desist in its denial of the compensability of Mr. English's injury.  This request is being made on the grounds that the City has no evidence or legal theory upon which to deny that the injury to Mr. English is a covered work injury.  Continuation of the City's denial would be clearly in bad faith.

Mr. English made himself and his medical records, as well as substantial additional information and records, available for the independent psychological exam of Dr. Reneau Kennedy, the independent psychologist chosen by the City for this purpose. Dr. Kennedy's report, which was extremely delayed and not timely furnished to us, does not in any respect deny that the injury to Mr. English was a covered work injury under the workers' compensation law.  Dr. Kennedy, in fact, stated:

> As stated above, there are a number of pre-existing conditions which may well contribute to Mr. English's current mental state. Psychology is not an exact science and **it is not possible for me to determine how much of his difficulties preceded his current difficulties with work or are sustained in the depression he presently has.** (7/30/03 Kennedy Report @ pg. 21)(emphasis added)

In other words even when Dr. Kennedy tried to frame it as positively as she could for the City's case, the best she could do was to say that she couldn't tell how much of

Paul K.W. Au, Esq.
November 20, 2003
Page 2

his injury was a work injury and how much was pre-existing. There is no room for argument here. The law is clear that :

> In any proceeding for the enforcement of a claim under this chapter **it shall be presumed in the absence of substantial evidence to the contrary:**
> **1       That the claim is for a covered work injury....**
> (HRS §386-85)(emphasis added)

The City's own IPE does not provide any substantial evidence to the contrary, therefore the presumption of coverage applies. You have no other substantial evidence to the contrary and the City's own records show clearly that Mr. English's job performance was described as above average until the date he began to complain about the illegal activities of his coworkers and management, which provoked the retaliation which injured him. All of Mr. English's problems arose after that date and the nexus is just too strong for you to deny in good faith. Even Dr. Kennedy's report remarks on that fact.

> Based upon performance reports of Mr. English when he initially started working for the Department of Budget and Fiscal Services, he was viewed by others as performing his duties well. It appears that his performance was **documented** to have deteriorated at the time period when he became concerned about potential ethical problems on the job. (7/30/03 Kennedy Report @ pg. 21)(emphasis added)

Mr. English's treating psychologist, Dr. Koff, has clearly and unambiguously stated her opinion that this **is** a covered work injury:

> I have read this report [Dr. Kennedy's 7/30/03 report] and, taken together with my own clinical impressions and evaluation, I believe that **Mr. English did suffer from a work-related injury on January 30, 2003.** I believe this injury was an acute exacerbation of a preexisting depressive disorder. (Dr. Koff letter of August 28,2003)(emphasis added)

Again, the City cannot in good faith continue its denial that Mr. English suffered a covered work injury. The impropriety of doing so is plain and obvious and we are convinced that this course of action is being taken to secure an improper advantage with respect to other matters. The workers' compensation law was intended to prevent such abuses, not to serve as a tool for such heavy-handed extortion.

Furthermore, **there is no dispute between Dr. Kennedy and Dr. Koff that Mr. English requires further treatment for this injury.**

27505\2\354709.1

PE 00964

Paul K.W. Au, Esq.
November 20, 2003
Page 3

Dr. Kennedy's report stated:

It appears that he is in need of therapeutic intervention, preferably from an individual who can address the physical and psychological needs. Moreover his severe depressive symptoms need to be targeted in early therapeutic sessions, with either  cognitive behavioral or dynamic treatment strategies and perhaps pharmacology.  (7/30/03 Kennedy Report @ pg. 19)

. . . .

Yes, I am of the opinion that Mr. English's mental condition warrants psychotherapeutic, and possibly psychopharmacological treatment for his depression and for coping with the situational difficulties he is presently experiencing. (7/30/03 Kennedy Report @ pg. 21)

. . . .

I would recommend, at a minimum, that Mr. English be afforded opportunity to seek psychotherapy at least once, if not twice, weekly for a course of six months.  I believe that at the end of this time frame, his treatment provider would be in a position to report on Mr. English's mental functioning and further therapeutic needs. (7/30/03 Kennedy Report @ pg. 22)

Dr. Koff has stated:

I also agree with Dr. Kennedy that treatment needs to be continued. Presently this patient is receiving individual psychotherapy, group psychotherapy and has recently been assessed for psychotropic medication. (Dr. Koff letter of August 28,2003)

Furthermore, Dr. Kennedy and Dr. Koff agree that Mr. English cannot return to work at his present job.

Dr. Kennedy has stated:

I do not believe that Mr. English is able to return to his usual and customary duties in the same work place, either part-time or full time. (7/30/03 Kennedy Report @ pg. 22)

Dr. Koff has stated:

Although I agree with Dr. Kennedy that this patient will likely not be able to return to work in his current department, I do not agree that he is at this point ready to return to work. (Dr. Koff letter of August 28,2003)

PE 00965

Paul K.W. Au, Esq.
November 20, 2003
Page 4

Dr. Kennedy and Dr. Koff also agree that Mr. English will have to act to effect a change in careers as a result of this injury:

Dr. Kennedy has stated:

Mr. English is at a point where he will need to reevaluate his career path. He may benefit from therapy to clarify personal issues and in seeking potential shifts in employment direction. (7/30/03 Kennedy Report @ pg. 22)

Dr. Koff has stated:

Hopefully once his condition improves he will become eligible for vocational rehabilitation services and then find his way to reemployment, which is his stated goal. (Dr. Koff letter of August 28,2003)

Although you (you personally had the good sense and personally deserve the credit and recognition for putting this in place) have initiated the payment of workers' compensation benefits (as of October 1, 2003), without prejudice to the City's position, the denial of benefits for previous periods continues to visit a substantial financial hardship on Mr. English. This, in turn, continues to exacerbate his work injury. Mr. English is constantly faced with additional stressors, which are making his condition worse and derailing any hope of recovery. Mr. English's marriage has completely failed (his divorce was final on October 27) and he is about to become homeless because he is unable to complete the processing of his live-aboard permit by paying the amount of $2,600 to the Harbors Division.

While Dr. Kennedy seemed to try to lay the blame for Mr. English's current condition on prior and outside problems, Dr. Koff clearly and conclusively put these problems into proper perspective:

Although I agree with Dr. Kennedy that this patient suffers from major depressive disorder recurrent and severe without psychotic features with a history of inter-episode recovery, the stressors are in significant measure due to the difficulties at work. That is, his housing problem of threatened eviction is reportedly secondary to the financial distress he experiences because he is no longer able to work. His economic problems are also because he is no longer to work at his current employment. His feelings of discrimination at work are reportedly due to the workplace conflict. His marital separation is secondary to the fact that he is no longer able to financially support his wife. Thus, many of the psychosocial and environmental problems which are noted by Dr. Kennedy would not be likely present and/or as significant if it were not for the injury of January 30, 2003. (Dr. Koff letter of August 28,2003)

27505\2\354709.1

PE 00966

Paul K.W. Au, Esq.
November 20, 2003
Page 5

The City's exacerbation and prolongation of these stressors, apparently to secure Mr. English's resignation and a bargain basement settlement of his claims, is not only reprehensible and improper, but is a flagrant attempt to circumvent the prohibition against termination set forth in HRS §386-142 and to undermine the very purpose of the workers' compensation statute.

We do not intend to let this situation stand any longer.

If you have any questions, please do not hesitate to call me directly at 547 5447.

Very truly yours,

Roger S. Moseley

RSM\kmc
cc. Phil English
   Insurance Commissioner

27505\2\354709.1

PE 00967