DEPARTMENT OF BUDGET AND FISCAL SERVICES
CITY AND COUNTY OF HONOLULU

December 9, 2003

Roger S. Moseley, Esq.
Case Bigelow & Lombardi
Pacific Guardian Center
Mauka Tower, Suite 2600
737 Bishop Street
Honolulu, Hawaii  96813

Dear Mr. Moseley:

    Re:  Claimant: Philip E. English
         D/A:      January 30, 2003
         Case No.  2-03-01887
         Employer: City and County of Honolulu,
                  Budget and Fiscal Services

    This responds to your letter dated November 17, 2003, which was retransmitted on November 20, 2003 with the previously missing attachments.

    As you are aware, the offer of settlement contained in your letter expired of its own terms as it was not accepted by the City. In this regard, both of the alternatives provided by you and your client contained terms which were injudicious in light of our previous discussions. For example, I advised you that given the facts of this case as presented by my client, the City was not willing to accept compensability of a claim designated as "retaliation." Nevertheless, your offer proceeded to describe the claim as "mental stress and acute exacerbation of a preexisting depressive disorder resulting from illegal



PE 00994

Roger S. Moseley, Esq.
Page 2
December 9, 2003

retaliation under the 'Whistleblower' laws of the State of Hawaii. . ."

In addition, your offer required the City to waive its rights and remedies under Hawaii Revised Statutes Section 386-8, notwithstanding the fact that you were earlier informed the City willing to accept compensability of the claim was only if its rights under the section are reserved.

Moreover, your comments to the effect that the City has no basis for the denial of Mr. English's claim and that such continued action is being taken in bad faith is completely unwarranted. To the contrary, the facts of this case present compelling evidence to support the City's denial of your client's claim.

Your statement that the City is attempting to use its denial of the claim as "leverage" to get your client to resign is preposterous and borders on professional misconduct. You seem to have forgotten the fact the City had earlier offered to settle this matter on a non-compensable basis in exchange for a lump sum payment of $60,000.00. Because your client's expectations were higher, we discussed accepting the claim but waiving the remaining benefits as an alternative means of settlement. As I explained to you, this would necessitate Mr. English resigning from employment as the normal practice in the industry is to not wash claims of individuals who are still employed with a company.

Your attempt to confer a duty on this office to investigate your client's claimed abuses is equally without merit and completely inappropriate in the context of this workers' compensation proceeding. We note that it is not surprising that your letter fails to cite any caselaw supporting your "estimation."

Roger S. Moseley, Esq.
Page 3
December 9, 2003

    Given the tone and context of your last letter, it appears you and your client are not engaging in good faith negotiations. However, we are hopeful that this is not the case and on that basis offer the following for your respective consideration:

    1.   The City will accept compensability for Mr. English's January 30, 2003 workers' compensation claim for which he has been diagnosed with major depression and anxiety.

    2.   The nature of the injury will simply be described as job-related stress. The agreement will also contain a paragraph indicating that this finding is without prejudice to any future non-workers' compensation proceedings.

    3.   Mr. English will resign from his employment with the City and County of Honolulu, Department of Budget and Fiscal Services ("BFS") effective upon his execution of the settlement agreement in this case.

    4.   The January 30, 2003 claim will be resolved on a full wash basis, *i.e.* Mr. English will be releasing all future workers' compensation benefits. In addition, Mr. English will release the City and County of Honolulu from any and all workers' compensation claims arising out of the course and scope of his employment with BFS. This is to ensure that another similar psychic claim with a different date is not asserted against the City and County of Honolulu. These are the only claims against the City which are being released by your client.

    5.   In exchange for the foregoing, the City will pay Mr. English the lump sum of EIGHTY-FIVE THOUSAND AND NO/100 DOLLARS ($85,000.00). This amount will be exclusive of the voluntary temporary total disability benefits which he is currently receiving. Under our

PE 00996

Roger S. Moseley, Esq.
Page 4
December 9, 2003

offer, those benefits will continue until December 31, 2003.

    6.    The City and County of Honolulu's rights and remedies under Hawaii Revised Statutes Section 386-8 are expressly reserved.

    This letter and its contents are being provided to you in the spirit of compromise and all of the City's rights and remedies, including those under Rule 408 of the Hawaii Rules of Evidence, are expressly reserved. Please be advised that unless accepted by your client, this offer will automatically expire at the close of business on December 23, 2003.

    Finally, with respect to your comment that you have not received the documents which were previously requested, it is my understanding that you have received all of the medical records relating to your client's case which are in the City and County of Honolulu's possession. However, I will review your prior request and respond separately to the same.

    Please feel free to call me at 523-4274 should you have any questions regarding the foregoing.

                                  Very truly yours,

                                  PAUL K. W. AU
                                  Deputy Corporation Counsel

PKWA:ml

cc: Sharon Maeda
      Department of Human Resources

L-MOSELEY3

PE 00997



**PAUL K.W. AU**
DEPARTMENT OF THE CORPORATION COUNSEL
**CITY AND COUNTY OF HONOLULU**
530 SOUTH KING STREET, ROOM 110
HONOLULU, HAWAII 96813

Roger S. Moseley, Esq.
Case Bigelow & Lombardi
Pacific Guardian Center
Mauka Tower, Suite 2600
737 Bishop Street
Honolulu, Hawaii  96813