# CASE BIGELOW & LOMBARDI
A LAW CORPORATION

David F. Andrew
Michael L. Bell
Daniel H. Case
James M. Cribley
Stacey W.E. Foy
Gregory M. Hanson
Frank T. Kanemitsu
Michael L. Lam
Alan K. Lau
Dennis M. Lombardi †

Michael R. Marsh
Roger S. Moseley
Ted N. Pettit, Ph.D.
Scott D. Radovich
Robert F. Schneider
Cathy Lee Sekiguchi
Steven E. Thomas
Eric H. Tsugawa
Gary L. Wixom

Clara E. Bender
Christopher J. Muzzi
Leila Rothwell Sullivan
Lauren R. Sharkey
Cathy L. Takase
Nancy J. Youngren

Of Counsel:
Steven L. Rinesmith †
Counsel:
Gary S. Karwood

PACIFIC GUARDIAN CENTER, MAUKA TOWER
737 BISHOP STREET, SUITE 2600
HONOLULU, HAWAII 96813-3283

TELEPHONE: (808) 547-5400
FACSIMILE: (808) 523-1888
E-mail: info@casebigelow.com
http://www.casebigelow.com

Bruce C. Bigelow (1946-2001)
† A Law Corporation

December 16, 2003

BY FAX AND HAND DELIVERY
808/523-4583

Paul K. W. Au, Esq.
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street
Honolulu, HI  96813

Re:  Philip E. English, Workers' Compensation Case No. 2-03-01887

Dear Mr. Au,

Thank you for your settlement offer of December 9, 2003. After careful consideration, Mr. English has decided to accept your offer. However, this acceptance is conditioned on the validity of two assumptions we are making.

The first assumption is that Mr. English will not have to pay back the temporary disability payments he has received. The second is that Kaiser would be able to bill and collect for the treatments provided to Mr. English to the effective date of his resignation. In our last conversation you told me that you understood that these two items would not pose any problems, but that you would confirm that understanding.

Presuming that our two assumptions are correct, would you like us to prepare the settlement agreement documents, or would you prefer to do so? We are hoping that all of the necessary documents and approvals can be completed by the end of the year, so that Mr. English will not have another gap in his support right after the first of the New Year. Please let us know if there is anything further we can do to assist in this regard.

Thank you again for your consummate patience and professionalism.

Very truly yours,

Roger S. Moseley

Approved:

RSM\kmc
cc: Phil English

**DEFENDANT'S EXHIBIT**
**3313**

PE 00999

27505\2\357476.1     MEMBER OF LEX MUNDI, THE WORLD'S LEADING ASSOCIATION OF INDEPENDENT LAW FIRMS

DEPARTMENT OF THE CORPORATION COUNSEL
# CITY AND COUNTY OF HONOLULU

530 SOUTH KING STREET, ROOM 110 • HONOLULU, HAWAII 96813
TELEPHONE (808) 523-4869 • FAX (808) 523-4583 • INTERNET www.co.honolulu.hi.us



DAVID Z. ARAKAWA
CORPORATION COUNSEL

January 13, 2004

**HAND-DELIVERED**

Roger S. Moseley, Esq.
Case Bigelow & Lombardi
Pacific Guardian Center
Mauka Tower, Suite 2600
737 Bishop Street
Honolulu, Hawaii  96813

Dear Mr. Moseley:

      Re:  Claimant: Philip E. English
           D/A:     January 30, 2003
           Case No. 2-03-01887
           Employer: City and County of Honolulu,
                    Budget and Fiscal Services

     Enclosed is an original and one copy of the proposed Compromise, Settlement and Release Agreement in the above-entitled matter.  Pursuant to your earlier requests, also enclosed are copies of medical records of your client which the City's Workers' Compensation Division has in its possession.

     If the Agreement meets with your and your client's approval, please have your client sign where designated before a notary public.  I would appreciate if you would then sign the document and return the original to my office for further processing.  Although a copy of the fully executed Agreement will be forwarded to your office at a later date, you may retain the enclosed copy for your records.  For your information, the City has also extended Mr. English's voluntary disability payments until the end of this month.

PE 01006

Roger S. Moseley, Esq.
January 13, 2004
Page 2


    Your kind attention to this matter will be
appreciated.  Please do not hesitate to contact me at
523-4274 should you have any questions.

               Very truly yours,


               PAUL K. W. AU
               Deputy Corporation Counsel

PKWA:ml
Encls.

cc:  Donell Yamashita (w/o encls.)

L-MOSELEY5

PE 01007

DAVID Z. ARAKAWA, 2908
Corporation Counsel
PAUL K. W. AU, 4745
Deputy Corporation Counsel
City and County of Honolulu
Honolulu, Hawaii  96813
Telephone:  523-4274

Attorneys for Employer/
  Self-Insured

## STATE OF HAWAII

### DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

### DISABILITY COMPENSATION DIVISION

| | |
|---|---|
| PHILIP E. ENGLISH,<br>1741 ALA MOANA BLVD., UNIT 22<br>HONOLULU, HAWAII  96815<br><br>              Claimant,<br><br>   vs.<br><br>CITY AND COUNTY OF HONOLULU,<br>DEPARTMENT OF BUDGET AND<br>FISCAL SERVICES,<br><br>          Employer/<br>          Self-Insured. | CASE NO. 2-03-01887<br><br>D/A:  1-30-03<br><br>COMPROMISE, SETTLEMENT AND<br>RELEASE AGREEMENT; APPROVAL<br>AND ORDER |

## COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

WHEREAS, on or about February 28, 2003, PHILIP E. ENGLISH
(hereinafter referred to as "Claimant") filed a claim for
workers' compensation benefits under Chapter 386, <u>Hawaii Revised
Statutes</u> (hereinafter referred to as "HRS"), against the CITY AND
COUNTY OF HONOLULU, DEPARTMENT OF BUDGET AND FISCAL SERVICES
(hereinafter referred to as "Employer") for an alleged industrial

PE 01008

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

accident on or about January 30, 2003 where he reportedly sustained a stress-related psychic injury, which is the subject of Case No. 2-03-01887; and

WHEREAS, on February 28, 2003, Employer filed an Employer's Report of Industrial Injury denying liability for Claimant's January 30, 2003 claim of injury; and

WHEREAS, Claimant's average weekly wage at the time of said claim of injury was $749.54 which determines a weekly benefit rate of $499.72; and

WHEREAS, various disputes between Claimant and Employer have arisen relative to the aforementioned claim; and

WHEREAS, in view of the contentions of each party as to Employer's liability for workers' disability benefits, the Claimant and Employer are desirous of a settlement at this time;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED TO BY THE PARTIES HERETO, through their respective counsel:

1.    Claimant sustained a stress-related psychic injury on or about January 30, 2003 by accident arising out of and in the course of his employment with Employer.

2.    Claimant did not sustain any temporary disability as a result of the January 30, 2003 claim of injury.

3.    Claimant did not sustain any permanent disability as a result of the January 30, 2003 claim of injury.

PE 01009

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

4.    Claimant did not suffer any disfigurement as a result of the January 30, 2003 claim of injury.

5.    Claimant shall keep, maintain and retain any and all workers' compensation benefits already paid to or on behalf of Claimant by Employer for the January 30, 2003 claim of injury.

6.    In order to terminate and discharge in whole any and all claims, rights and causes of action that Claimant may have under Chapter 386, HRS, whether brought by Claimant and any of Claimant's dependents, heirs, executors, administrators, personal representatives, successors and assigns, for compensation, damages or disabilities, known or unknown, discovered or undiscovered, especially including any temporary partial disability, temporary total disability, permanent partial disability of the whole person, permanent partial disability as set forth in greater detail as scheduled awards in Section 386-32, HRS, permanent total disability, death and disfigurement caused by or arising out of Claimant's employment with Employer, including without limitation the January 30, 2003 claim of injury, the total sum of EIGHTY-FIVE THOUSAND AND NO/ONE-HUNDREDTHS DOLLARS ($85,000.00) shall be remitted to Claimant in a single lump sum following final approval and filing of this Compromise, Settlement and Release Agreement by the Disability Compensation Division, Department of Labor and Industrial Relations, State of Hawaii.

-3-

PE 01010

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

    7.   The sufficiency of said sum as consideration of this Agreement is hereby expressly acknowledged by Claimant.  Said sum further contemplates:

        a.   such waivers as articulated in Paragraph 8 herein; and

        b.   the termination on January 31, 2004 of the medical care, services and supplies as the nature of the January 30, 2003 claim of injury requires as articulated in Paragraph 9 herein; and

        c.   Claimant's resignation from employment with Employer as articulated in Paragraph 11 herein.

    8.   This Agreement is a compromise settlement entered into by the parties hereto in good faith, and in accepting the consideration of payments as set forth in Paragraphs 5 and 6, and in executing this Agreement, it is specifically agreed and expressly understood that Claimant for himself and his heirs, personal representatives, administrators and assigns, hereby waives, releases and forever discharges and hereby stipulates to protect, indemnify, defend and forever hold harmless Employer and its respective directors, officers, employees, agents, attorneys, heirs, trustees, administrators, insurers, indemnitor, personal representatives, successors and assigns from any and all past, present and future claims, rights, demands, damages and actions under Chapter 386, HRS, and this Agreement shall be a complete bar to any and all claims or reopenings for compensation, injuries, disabilities, disfigurement, death or damages to

-4-

PE 01011

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

Claimant under the Hawaii Workers' Compensation Law (especially as contemplated in Section 386-89, HRS), whether known or unknown, discovered or undiscovered, whether anticipated or not, resulting from or arising out of or in any way connected with or traceable to the Claimant's employment with Employer, including without limitation the January 30, 2003 claim of injury.

9.    Claimant specifically understands and agrees that as of January 31, 2004, he will be solely and personally responsible to pay for all medical care, services and supplies which are due to the nature of the January 30, 2003 claim of injury, and Claimant hereby releases Employer and the City and County of Honolulu from any and all liability therefor, and specifically agrees to protect, defend, indemnify and hold forever harmless Employer and the City and County of Honolulu from and against all liability for such medical payments.

10.    It is expressly understood that the aforementioned payments in no way constitute an admission of negligence or fault of any kind whatsoever on the part of Employer but are paid solely to compromise and settle all disputes, for the purpose of avoiding further litigation risk and expense and that said payments are the final consideration of this Agreement and that NO OTHER PAYMENT OR CONSIDERATION HAS BEEN PROMISED OR WILL BE PAID TO CLAIMANT EITHER DIRECTLY OR INDIRECTLY.

-5-

PE 01012

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

11.    In further consideration for the agreements of Employer
as set forth herein, Claimant hereby voluntarily quits, resigns
and terminates his employment with Employer, fully, finally,
irrevocably and forever, effective January 31, 2003 and Claimant
hereby waives, releases and discharges the City and County of
Honolulu from any and all of the City and County of Honolulu's
obligations pursuant to any collective bargaining agreement.
Claimant further waives any re-employment and priority placement
rights as part of this Agreement.

12.    It is expressly agreed by the parties that the
determination herein that Claimant sustained a stress-related
psychic injury on or about January 30, 2003 by accident arising
out of and in the course of his employment with Employer is
without prejudice to either party with respect to any future
non-workers' compensation proceedings and the parties are not
precluded from litigating issues regarding the nature, scope and
cause of Claimant's stress and/or psychic injuries in any non-
workers' compensation proceeding.

13.    THIS AGREEMENT IS A FULL AND FINAL RELEASE.  Except as
otherwise provided herein, no other consideration has been
promised, nor will further consideration be paid, and no
representation of fact or opinion has been made by any party
hereto, or by anyone on their behalf, to induce the endorsement
and execution of this Agreement by the parties hereto.

-6-

PE 01013

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

14.    This Agreement is made and entered into upon the free will of and in good faith by the parties with full knowledge of the facts and possibilities of the case, and this Agreement contains the full, final and complete release and entire agreement between the parties for the January 30, 2003 claim of injury and the terms of this agreement are contractual in nature and fully enforceable, and shall not be construed as a mere recital.

15.    Claimant specifically acknowledges and represents he has been advised of, is aware of, and understands all of his legal rights and interests arising out of the January 30, 2003 claim of injury and he has voluntarily and without duress or undue influence entered into this Agreement.

16.    Employer reserves all rights pursuant to Section 386-8 of the Workers' Compensation Law, including but not necessarily limited to its right to assert a lien on any settlement or judgment obtained by Claimant against any third parties and its right to intervene in any such action.

17.    The parties shall each be responsible for payment of their respective attorneys' fees and costs.

PE 01014

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

    18.  Upon approval of this Agreement, all proceedings before the Department of Labor and Industrial Relations shall be deemed dismissed with prejudice.

    DATED:  Honolulu, Hawaii, _____.


                             _____
                               PHILIP E. ENGLISH

STATE OF HAWAII             )
                            ) SS.
CITY AND COUNTY OF HONOLULU  )

    On this ___ day of _____, 2004 before me appeared
PHILIP E. ENGLISH, to me satisfactorily proven or shown to be the
person identified as _____ hereinabove, and
acknowledged that he executed the foregoing Compromise,
Settlement and Release Agreement as his own free act and deed.


_____
Notary Public, State of Hawaii

My Commission Expires:



APPROVED AS TO FORM:



_____
ROGER S. MOSELEY
Attorney for Claimant

PE 01015

PHILIP E. ENGLISH
DCD CASE NO. 2-03-01887
COMPROMISE, SETTLEMENT AND RELEASE AGREEMENT

APPROVAL RECOMMENDED:


_____
THOMAS VENDETTA, Chief
 Division of Industrial Safety
  and Workers' Compensation
 Department of Human Resources,
 City and County of Honolulu


CITY AND COUNTY OF HONOLULU


By_____
    CHERYL K. OKUMA-SEPE, Director
    Department of Human Resources


APPROVED AS TO FORM AND LEGALITY:


_____
PAUL K. W. AU
Deputy Corporation Counsel
Attorney for Employer-Appellee


APPROVED AND SO ORDERED
BY THE DIRECTOR OF LABOR
AND INDUSTRIAL RELATIONS


_____
GARY S. HAMADA
Administrator
Disability Compensation Division


SETTLE.AGT

-9-

PE 01016