DEPARTMENT OF THE CORPORATION COUNSEL

# CITY AND COUNTY OF HONOLULU

530 SOUTH KING STREET, ROOM 110, HONOLULU, HAWAII 96813
FAX NUMBER: (808) 523-4583

JEREMY HARRIS
MAYOR



DAVID Z. ARAKAWA
CORPORATION COUNSEL

FIRST DEPUTY CORPORATION COUNSEL

## FACSIMILE TRANSMITTAL SHEET

DATE:                DECEMBER 23, 2003

TO:                  ROGER S. MOSELEY, ESQ.

ORGANIZATION/OFFICE: CASE BIGELOW & LOMBARDI

FAX TELEPHONE:       523-1888

FROM:                PAUL K. W. AU
                     DEPUTY CORPORATION COUNSEL

TELEPHONE:           523-4274

TOTAL NUMBER OF PAGES INCLUDING THIS COVER SHEET:    3

IF YOU EXPERIENCE DIFFICULTY IN RECEIVING THIS TRANSMISSION, OR YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL MICHELLE AT 527-5387.

MESSAGE:



DEFENDANT'S EXHIBIT 3315

PE 01000

DEPARTMENT OF THE CORPORATION COUNSEL
# CITY AND COUNTY OF HONOLULU
530 SOUTH KING STREET, ROOM 110 • HONOLULU, HAWAII 96813
TELEPHONE: (808) 523-4859 • FAX: (808) 523-4583 • INTERNET: www.co.honolulu.hi.us

JEREMY HARRIS
MAYOR



DAVID Z. ARAKAWA
CORPORATION COUNSEL

December 23, 2003

VIA FAX AND MAIL

Roger S. Moseley, Esq.
Case Bigelow & Lombardi
Pacific Guardian Center
Mauka Tower, Suite 2600
737 Bishop Street
Honolulu, Hawaii 96813

Dear Mr. Moseley:

    Re:  Claimant: Philip E. English
         D/A:      January 30, 2003
         Case No. 2-03-01887
         Employer: City and County of Honolulu,
                  Budget and Fiscal Services

    This responds to your letter dated December 16, 2003 and confirms our subsequent telephone conversation regarding the City's last settlement offer. Your letter indicates that your client has decided to accept the offer conditioned on two assumptions, to which we offer the following response.

    With respect to the issue of temporary disability insurance payments your client has received, the settlement agreement will reflect that Mr. English was not temporarily totally disabled as a result of the January 30, 2003 incident. As a result, the City would not be entitled to a TDI lien on the settlement proceeds. Mr. English will also not be required to pay back the benefits nor will they be deducted from the amount of the settlement.

PE 01001

Roger S. Moseley, Esq.
Page 2
December 23, 2003

    As to the second issue raised in your letter, we note the City is accepting liability for the work injury under the proposed agreement. Kaiser will therefore be able to bill the City under workers' compensation for the treatment it provided to Mr. English prior to his waiver of further benefits under the settlement. These bills will then be paid under the Medical Fee Schedule provided they are in compliance with the relevant workers' compensation guidelines.

    I trust the foregoing adequately addresses the two issues raised in your letter. I will accordingly begin preparing the settlement agreement for your and your client's review. The document should be forwarded to you sometime next week. As a result and given the concerns expressed in your letter, I have instructed my client to continue Mr. English's voluntary weekly benefits until January 14, 2004.

    Please feel free to call me at 523-4274 should you have any questions regarding the foregoing.

Very truly yours,

[signature]

PAUL K. W. AU
Deputy Corporation Counsel

PKWA:ml

cc: Donell Yamashita
    Department of Human Resources

L-MOSELEY4

CITY AND COUNTY OF HONOLULU

December 23, 2003

VIA FAX AND MAIL

Roger S. Moseley, Esq.
Case Bigelow & Lombardi
Pacific Guardian Center
Mauka Tower, Suite 2600
737 Bishop Street
Honolulu, Hawaii 96813

Dear Mr. Moseley:

    Re:  Claimant: Philip E. English
          D/A:      January 30, 2003
          Case No.  2-03-01887
          Employer: City and County of Honolulu,
                    Budget and Fiscal Services

    This responds to your letter dated December 16, 2003 and confirms our subsequent telephone conversation regarding the City's last settlement offer. Your letter indicates that your client has decided to accept the offer conditioned on two assumptions, to which we offer the following response.

    With respect to the issue of temporary disability insurance payments your client has received, the settlement agreement will reflect that Mr. English was not temporarily totally disabled as a result of the January 30, 2003 incident. As a result, the City would not be entitled to a TDI lien on the settlement proceeds. Mr. English will also not be required to pay back the benefits nor will they be deducted from the amount of the settlement.

PE 01003

Roger S. Moseley, Esq.
Page 2
December 23, 2003


    As to the second issue raised in your letter, we note the City is accepting liability for the work injury under the proposed agreement. Kaiser will therefore be able to bill the City under workers' compensation for the treatment it provided to Mr. English prior to his waiver of further benefits under the settlement. These bills will then be paid under the Medical Fee Schedule provided they are in compliance with the relevant workers' compensation guidelines.

    I trust the foregoing adequately addresses the two issues raised in your letter. I will accordingly begin preparing the settlement agreement for your and your client's review. The document should be forwarded to you sometime next week. As a result and given the concerns expressed in your letter, I have instructed my client to continue Mr. English's voluntary weekly benefits until January 14, 2004.

    Please feel free to call me at 523-4274 should you have any questions regarding the foregoing.

                            Very truly yours,

                            PAUL K. W. AU
                            Deputy Corporation Counsel

PKWA:ml

cc:  Donell Yamashita
      Department of Human Resources


L-MOSELEY4

PE 01004





Roger S. Moseley, Esq.
Case Bigelow & Lombardi
Pacific Guardian Center
Mauka Tower, Suite 2600
737 Bishop Street
Honolulu, Hawaii  96813

**PAUL K.W. AU**
DEPARTMENT OF THE CORPORATION COUNSEL
**CITY AND COUNTY OF HONOLULU**
530 SOUTH KING STREET, ROOM 110
HONOLULU, HAWAII 96813

PE 01005