# CASE BIGELOW & LOMBARDI
### A LAW CORPORATION

David F. Andrew
Michael L. Biehl
Daniel H. Case
James M. Cribley
Stacey W.E. Foy
Gregory M. Hansen
Frank T. Kanemitsu
Michael L. Lam
Alan K. Lau
Dennis M. Lombardi †

Michael R. Marsh
Roger S. Moseley
Ted N. Pettit, Ph.D.
Scott D. Radovich
Robert F. Schneider
Cathy Lee Sekiguchi
Steven E. Thomas
Eric H. Tsugawa
Gary L. Wixom

Claire E. Bender
Christopher J. Muzzi
Leila Rothwell Sullivan
Lauren R. Sharkey
Cathy L. Takase
Nancy J. Youngren

Of Counsel:
Steven L. Rinesmith †
Counsel:
Gary S. Kerwood

PACIFIC GUARDIAN CENTER, MAUKA TOWER
737 BISHOP STREET, SUITE 2600
HONOLULU, HAWAII 96813-3283

TELEPHONE: (808) 547-5400
FACSIMILE: (808) 523-1888
E-mail: info@casebigelow.com
http://www.casebigelow.com

Bruce C. Bigelow (1946-2001)

† A Law Corporation

April 30, 2003

<u>BY FAX AND HAND DELIVERY</u>

Thomas Riddle                                             (808) 527-6782
Workers' Compensation Administrator
City and County of Honolulu
550 South King Street
Honolulu, HI  96813

Re:  Claim of Philip E. English for disability due to retaliation

Dear Mr. Riddle,

After receiving your April 17, 2003 letter, I was left with the clear and distinct understanding that the "annual performance evaluation" would be put "on hold until after the workers' compensation matter was addressed." I somehow have faith that you conveyed the same message to me that you received from Mr. Magota. I also believe you conveyed to Mr. Magota the seriousness of the situation and that you were grossly and intentionally misled by him as to his intentions.

On April 22, 2003 both Robert Magota and Ann Gima signed a very negative annual performance evaluation of Mr. English's performance (I presume they also prepared the document, but I cannot be certain yet). Not only did they sign this document, but **they mailed it to Mr. English.** These are the very people who have claimed to you that they, out of their concern for the well-being of Mr. English, had advised him to "get help" for the year since he complained about the theft of City employees' time and equipment use. (Although it is certainly beginning to appear that anyone complaining about crimes against the City, by City employees, really may have lost a grip on the reality that crime does pay when you work for the City.) It seems unlikely, after you specifically spoke to the Mr. Magota himself about this matter, that this could have been anything but an intentional, crass and calculated attempt to do severe harm to Mr. English.

I am sending you a copy of this "performance evaluation".

The evaluation is completely undeserved and is nothing more than a continuation of the efforts to fraudulently discredit and destroy Mr. English in retaliation for his efforts to correct the unprofessional and illegal practices and activities at the Assessment Division.

PE 01935

27505\1\327103.1    MEMBER OF LEX MUNDI, THE WORLD'S LEADING ASSOCIATION O

Thomas Riddle
April 30, 2003
Page 2

      To my best observation, this performance evaluation has resulted in considerable deterioration in Mr. English's present condition and outlook for the future. Mr. English has been apparently able to think of little more than this evaluation, with the sole exception of losing his place of abode and losing his health insurance tomorrow.

      This is perhaps the most despicable act, among the many so far in this unsavory episode. The City must take full responsibility. **Our expectation is that you will immediately seek the most severe disciplinary action against the two perpetrators of this monstrous act, at the highest level necessary to accomplish this objective.** It is my personal belief that these two individuals should be discharged immediately.

      We would also appreciate any direction you may give as to where to take these issues next, short of the courts or the press. Someone working for the City must care that seemingly the only person who wants to do the right thing at the Assessment Division, is about to be thrown out on the street, with no home, no health insurance, and no money, in a very despondent, uncertain, and fragile state. This is a man who previously enjoyed an excellent reputation as a professional appraiser, and who continues to try to be the best father and example of proper behavior to his young son.

      Mr. English has been called "naïve" by friends, co-workers, and even physicians. Frankly, that word is nothing but a pejorative form of the word "honest". It is my view that we need more of these guys and it is damned well time that other City officers and employees step forward to intercede in his behalf to prevent the events that are about to befall him as a result of his being "naïve". "Not my job" is **not** a legitimate excuse for failure to act.

      This matter is not going to go away, no matter how big it gets or how long it takes. **Every City officer or employee should realize that there is only one choice... that is to be proactive in assisting and defending Mr. English and eradicating the improper activities at the Assessment Division.**

      Would you care to share your plan of action with me?

      Thank you.

                                        Very truly yours,

                                        Roger S. Moseley

RSM/kmc
Enclosure
cc. Phil English

PE 01936

27505\1\327103.1

| City and County of Honolulu | Department/Division: Budget & Fiscal Services - Real P | BUDGET & FISCAL |
|---|---|---|
| Annual Performance Evaluation Report | Name of Employee: English, Philip E. | 9019-72H   CLS: 020553   BU: 13 ENGLISH, PHILIP E DF486 REAL PROPERTY APPRAISER IV FR: 06-01-02  TO: 05-31-03 |
| | Position No: DF-486 | Position Title: Real Property | |
| | Rating Period: From: 06/01/02   To: _____ | |

Annual ☒   Other ☐

Use the following rating factors to determine overall performance. Mark each factor SAT (satisfactory), SUBSTD (substandard) or NA (not applicable). Use only those factors that apply. Note some factors may not apply to specific positions.

| Factor | Rating | Comments |
|---|---|---|
| Quality of work | SAT ☐  SUBSTD ☒  NA ☐ | (Please see attached evaluation) |
| Quantity of work | SAT ☐  SUBSTD ☒  NA ☐ | Mr. English has been on leave since February 28, 2003. Upon his return, his job performance evaluation will be discussed with him. |
| Reliability and Initiative | SAT ☒  SUBSTD ☐  NA ☐ | |
| Safety and use of equipment | SAT ☒  SUBSTD ☐  NA ☐ | |
| Relationship with others | SAT ☐  SUBSTD ☒  NA ☐ | |
| Job knowledge | SAT ☐  SUBSTD ☒  NA ☐ | |
|  | SAT ☐  SUBSTD ☐  NA ☐ | |

The following factors apply to supervisors only. Note some factors may not apply to specific positions.

| Factor | Rating | Comments |
|---|---|---|
| Communication | SAT ☐  SUBSTD ☐  NA ☐ | |
| Problem solving and decision making | SAT ☐  SUBSTD ☐  NA ☐ | |
| Creativity and innovation | SAT ☐  SUBSTD ☐  NA ☐ | |
| Supervision | SAT ☐  SUBSTD ☐  NA ☐ | |
| Appraising subordinates | SAT ☐  SUBSTD ☐  NA ☐ | |
| Planning, organizing and setting priorities | SAT ☐  SUBSTD ☐  NA ☐ | |
|  | SAT ☐  SUBSTD ☐  NA ☐ | |

Employee's overall evaluation    Satisfactory ☐    Substandard ☒

This evaluation has been reviewed and discussed with the employee. If the employee disagrees with this evaluation, the employee may attach comments that will become a part of the evaluation.

Employee's signature: On leave since Feburary 28, 2003 - upon return for discussion.

Supervisor's signature: [signed]   Date: 4/22/03

Appointing authority's signature: [signed]   Date: 4/22/03

Distribution:  Original to personnel file
   Copy to employee
   Copy to Department of Human Resources (for substandard evaluation only)

PE 01937

# COMMENTS FOR ANNUAL PERFORMANCE EVALUATION REPORT

**Employee:** Philip E. English, Real Property Appraiser IV, DF-486

**Supervisor:** Ann C. Gima, Real Property Appraiser IV

**Rating Period:** June 1, 2002 To May 31, 2003

During this performance evaluation period as an Appraiser IV, Phil has continued to be assigned the responsibility for the Waikiki area condominiums.

Over the course of the past nine months, Philip has been encountering numerous difficulties in independently performing all of the responsibilities of his position. His performance has been discussed with him on several occasions including two meetings conducted with union agents in attendance. Job duties and responsibilities as well as performance expectations were reviewed with him in the presence of a union agent.
Some specific issues that have been addressed include acts of insubordination, meeting stated deadlines, following written and verbal directions, correct methods for processing various job tasks, utilizing good judgment and repeated errors.

He has been absent from the workplace since February 28, 2003. Prior to his absence, he was made aware of numerous incomplete assignments. At the present time there are several outstanding issues regarding work performance and conduct still to be addressed upon his return to work. In his absence he has missed several mandatory training sessions.

Rating factors for Quantity of Work, Quality of Work, Reliability and Initiative, Relationship with others, and Job Knowledge are considered to be substandard.

Specific Areas of Evaluation where satisfactory performance needs to be demonstrated include:
1. Meeting deadlines
2. Knowledge and understanding of processes and procedures for routine job functions.
3. Demonstrate the ability to follow written and verbal instructions.
4. Perform complete and thorough and accurate preparation for BOR hearing presentations by stated deadlines.
5. Exercising good and appropriate judgment in work related matters including all types of correspondence with taxpayers and their representatives.
6. Following through to completion for all job functions. Including such areas as returning telephone calls, written correspondence, processing BOR recommendations for deferrals and decisions, corrections etc.

PE 01938