

LINDA LINGLE
GOVERNOR

JAMES R. AIONA, JR.
LIEUTENANT GOVERNOR

**STATE OF HAWAII**
OFFICE OF THE LIEUTENANT GOVERNOR
**OFFICE OF INFORMATION PRACTICES**
NO. 1 CAPITOL DISTRICT BUILDING
250 SOUTH HOTEL STREET, SUITE 107
HONOLULU, HAWAI'I 96813
Telephone: (808) 586-1400   FAX: (808) 586-1412
E-MAIL: oip@hawaii.gov
www.hawaii.gov/oip

LESLIE H. KONDO
DIRECTOR

## DECLARATION OF LESLIE H. KONDO

I, LESLIE H. KONDO, hereby declare as follows:

1.  I am the Director of the Office of Information Practices ("OIP"), State of Hawaii. I am competent to testify to the matters stated herein and make this declaration based upon records of which I am custodian.

2.  Attached as Exhibit 1 to this Declaration is a true and correct copy of OIP Opinion Letter Number 98-1 issued by this office.

3.  Attached as Exhibit 2 to this Declaration is a true and exact copy of the letter dated September 9, 1993, received by OIP on September 9, 1993, from Carolyn L. Stapleton, legal counsel, Ethics Commission, as the same appears on file and of record in this office.

4.  Attached as Exhibit 3 to this Declaration is a true and exact copy of the letter dated July 15, 1996, received by OIP on July 15, 1996, from Carolyn L.



PLAINTIFF'S EXHIBIT 100

Stapleton, legal counsel, Ethics Commission, as the same appears on file and of record in this office.

DATED:   Honolulu, Hawaii, August 11, 2006.

_____
LESLIE H. KONDO
Director

BENJAMIN J. CAYETANO
GOVERNOR

MARGERY S. BRONSTER
ATTORNEY GENERAL



**STATE OF HAWAII**
DEPARTMENT OF THE ATTORNEY GENERAL
**OFFICE OF INFORMATION PRACTICES**
235 S. BERETANIA STREET, ROOM 304
HONOLULU, HI 96813-2437
TELEPHONE: 808-586-1400 · FAX: 808-586-1412

MOYA T. DAVENPORT GRAY
DIRECTOR

January 16, 1998

Carolyn L. Stapleton
Executive Director and Legal Counsel
Ethics Commission of the City and County of Honolulu
719 South King Street, Suite 211
Honolulu, Hawaii 96813

Dear Ms. Stapleton:

    Re:    Public Requests for City Ethics Commission Advisory Opinions

This is in reply to your letter to the Office of Information Practices ("OIP") dated September 9, 1993, requesting an advisory opinion concerning the above-referenced matter.

## ISSUE PRESENTED

Whether, under the Uniform Information Practices Act (Modified), chapter 92F, Hawaii Revised Statutes ("UIPA"), the Ethics Commission of the City and County of Honolulu ("Commission") must disclose an advisory opinion about an identified individual, when the advisory opinion has already been disclosed by a person other than the Commission.

## BRIEF ANSWER

No. In this case, the OIP reviewed two of the Commission's duties: the duty to make public segregated advisory opinions, and the duty to promote and encourage ethical behavior by City and County employees. The OIP believes that disclosure of advisory opinions in a manner that would confirm the identity of those involved would frustrate the Commission's ability to investigate future claims of unethical behavior or to advise on questions about

OIP Op. Ltr. No. 98-1

Exhibit 1

Carolyn L. Stapleton
January 16, 1998
Page 2

ethical behavior. Disclosing, or merely confirming or denying the existence of an advisory opinion about a specific individual even in this one limited instance would likely impede the Commission's ability to receive complaints and candid information in the future. Specifically, the mere possibility that their identities would be revealed and the fear of reprisal would discourage future callers and complainants[1] from seeking advice or reporting misconduct to the Commission. Disclosure of individually identifiable advisory opinions would, therefore, frustrate the Commission's function of investigating and advising on ethical behavior. Because the frustration of a legitimate government function exception applies here, the Commission may choose not to disclose advisory opinions in a manner which identifies those persons involved in the matter.[2]

## FACTS

The Commission's advisory opinions generally discuss potential and actual conflicts of interest in acceptance of gifts, or allegations of unethical conduct by City employees or officers. The Commission's advisory opinions contain information about individuals such as possible employment related misconduct, possible ethical violations, and other personal information such as home addresses. Advisory opinions are published only after the necessary redactions to prevent the disclosure of the identity of the persons involved are made. Rev. Charter of the City and County of Honolulu, art. XI, § 11-107 (rev. ed. 1984). The Charter of the City and County of Honolulu ("City Charter") provides that the Commission may, on its own initiative:

> [R]ender advisory opinions with respect to [article XI] of the charter. Advisory opinions shall be rendered pursuant to the written request of any elected or appointed officer or employee concerned and may be rendered

---

[1] A complainant is a person who files a written complaint with the Commission alleging an ethical violation by a City employee.

[2] It should be noted that the OIP concluded in a previous opinion letter that information contained in the Commission's advisory opinions, in ordinary circumstances, carries a significant privacy interest which would be protected from disclosure by the UIPA's clearly unwarranted invasion of personal privacy exception. See OIP Op. Ltr. No. 96-2 (July 16, 1996).

OIP Op. Ltr. No. 98-1

Carolyn L. Stapleton
January 16, 1998
Page 3

> pursuant to the request of any person. <u>The commission shall publish its advisory opinions with such deletions as may be necessary to prevent disclosure of the identity of the persons involved.</u>

Rev. Charter of the City and County of Honolulu art. XI, § 11-107 (rev. ed. 1984) (emphasis added). In addition, section 3-6.5(d), Revised Ordinances of Honolulu 1990 (1995 Ed.) ("ROH") provides that the Commission shall publish its advisory opinions in a form and with such deletions as may be necessary to prevent the disclosure of the identity of the persons involved.

When it is possible to redact an advisory opinion so it contains no information which would identify any individual, the redacted opinion is published by the Commission, pursuant to the ROH and the City Charter. Redacted published advisory opinions provide the public and City officials with a guide as to ethical conduct required of City and County employees and officials. Rev. Charter of the City and County of Honolulu art. XI, § 11-107 (rev. ed. 1984). The Commission provides an unedited version of its advisory opinion to the complainant and a version in which the complainant's identity is not revealed to the subject of the opinion.

In this case, a complainant ("Complainant") made allegations of unethical behavior about a former high-ranking City official. The Commission investigated the complaint, and in the advisory opinion recommended appropriate action be taken by that official. Apparently, the Complainant released her version to the media and publicly disclosed the name of the subject of the opinion.

In a letter to the OIP, Ms. Carolyn Stapleton, Executive Director and Legal Counsel for the Commission, stated that Common Cause Hawaii asked the Commission for a copy of the advisory opinion issued in response to a complaint filed against the former high-ranking City official specifically identified by Common Cause Hawaii. Ms. Stapleton asked the OIP for an opinion as to whether the Commission is required to release that advisory opinion. In her two detailed letters to the OIP, Ms. Stapleton asserted that release of advisory opinions which are requested about a specific individual, or merely the confirmation or denial of the existence of an advisory opinion about a specific individual, would have a chilling effect on potential callers and complainants. She argues that without information on possible ethical

OIP Op. Ltr. No. 98-1

Carolyn L. Stapleton
January 16, 1998
Page 4

violations or concerns, the Commission would be unable to perform its duties under the City Charter and the ROH. Ms. Stapleton asserts that this holds true even if an advisory opinion was already made public by someone outside the agency, as was done in this instance, because such disclosures may encourage what Ms. Stapleton calls "fishing expeditions" by requesters that will have a chilling effect on anyone considering filing a complaint.[3]

According to Ms. Stapleton, the Commission frequently receives anonymous telephone calls from people who observed behavior they believe is unethical and wish to report it. These people are often in such fear of retaliation and repercussion that they will not leave their telephone numbers or even provide the Commission with their first names. In addition, callers sometimes refuse to file formal complaints with the Commission because they fear they will lose their jobs, their pensions, or otherwise suffer repercussions. The Commission's efforts to protect its informants include keeping its file cabinets locked, and shredding documents and even envelopes, in addition to the standard practice of making employees sign confidentiality affirmations.

Ms. Stapleton also asserts that the Commission frequently receives questions from City employees as to whether certain actions they are

---

[3]In relying on Ms. Stapleton's written statements, the OIP notes Windels, Marx, Davies & Ives v. Dep't of Commerce, 576 F. Supp. 405, 410 (D.C. Cir. 1983), a federal case interpreting the Federal Freedom of Information Act ("FOIA"), which states:

> [d]isputes regarding risks created by disclosure, inherently a matter of some speculation, are not sufficient to create a triable issue of fact when the agency possessing relevant expertise has provided sufficiently detailed affidavits to justify its position that disclosure would pose significant risks, see Gardels v. C.I.A., 689 F.2d 1100, 1106 & 1106 n.5 (D.C. Cir. 1982).

In Windels, the Federal Department of Commerce sought to prevent disclosure of a computer program used to perform calculations necessary to determine if a foreign steel producer violated U.S. "antidumping" laws by selling steel in the U.S. market for less than fair value. Windels at 408.

The OIP believes the two letters from Ms. Stapleton are sufficient to opine on the facts herein and an affidavit is not necessary because the OIP is not the trier of fact in this case, but is instead providing an advisory opinion.

OIP Op. Ltr. No. 98-1

Carolyn L. Stapleton
January 16, 1998
Page 5

contemplating would be ethical. These callers are concerned about confidentiality because they do not want others to know about the actions they considered.

## DISCUSSION

### I. INTRODUCTION

The UIPA states that "[e]xcept as provided in section 92F-13, Hawaii Revised Statutes, each agency upon request by any person shall make government records available for inspection and copying during regular business hours." Haw. Rev. Stat. § 92F-11(b) (1993). Under the UIPA, the term "government record" means "information maintained by an agency in written, auditory, visual, electronic, or other physical form." Haw. Rev. Stat. § 92F-3 (1993). The Commission's advisory opinions are government records for purposes of the UIPA. See OIP Op. Ltr. No. 96-2 at 3-4 (July 16, 1996) (public access to City Ethics Commission advisory opinions). Accordingly, access to the Commission's advisory opinions is governed by the UIPA.

There are five exceptions to disclosure of government records in section 92F-13, Hawaii Revised Statutes, and these include: (1) government records which, if disclosed, would constitute a clearly unwarranted invasion of personal privacy; (2) government records that would not be discoverable in a judicial or quasi-judicial action to which the State or county is or may be a party; (3) government records that must be kept confidential to avoid the frustration of a legitimate government function; (4) government records that are protected from disclosure by State or federal law, including State or federal court orders; and (5) personnel files of legislative members, draft working papers of legislative committees, including unfiled committee reports and budget worksheets, and records of investigating committees of the Legislature that are closed pursuant to legislative rules. Haw. Rev. Stat. § 92F-13 (1993). The OIP finds that exception (3) is relevant to the facts presented.[4]

---

[4] Although the ROH and the City Charter protect the identities of individuals in advisory opinions from disclosure, the UIPA does not recognize county ordinances as "state law" for purposes of applying exception (4). See OIP Op. Ltr. No. 95-14 at 5-7 (May 8, 1995).

OIP Op. Ltr. No. 98-1

Carolyn L. Stapleton
January 16, 1998
Page 6

## II. FRUSTRATION OF A LEGITIMATE GOVERNMENT FUNCTION

The UIPA permits government agencies to keep certain government records confidential under the UIPA exception for records that must be confidential to avoid the frustration of a legitimate government function. Haw. Rev. Stat. § 92F-13(3) (1993). The legitimate government function of the Commission which is relevant here is the rendering of advisory opinions pursuant to requests from elected officials, City and County employees, and any other person. Rev. Charter of the City and County of Honolulu, art. XI, § 11-107 (rev. ed. 1984).

The OIP believes the Commission's advisory opinions are also evidence of the Commission's workload and performance level, and thereby make the Commission accountable to the public. However, the facts herein present a conflict between the Commission's duty to publish advisory opinions, and the duty to encourage ethical behavior in City government employment through the issuance of advisory opinions. Furthering one of these duties may hinder the other when there has been a request for an advisory opinion about a specific individual.

In her letters to the OIP (see "FACTS"), Ms. Stapleton asserts that when a public request is made for an advisory opinion about a specific named individual, even if individually identifying information is redacted prior to its release, the Commission cannot protect the privacy interests of those involved because the requester already knows who the advisory opinion is about. If such public disclosure requests are honored by the Commission, even if only in one limited instance, the OIP agrees with the Commission's contention that it will chill the Commission's ability to solicit candid information in the future. Callers and complainants will be reluctant to contact the Commission if they believe there is *any possibility* that their identity may be revealed through such a request. As a result, potential unethical behavior will go on unaddressed by the Commission and the Commission's functions of investigating and rendering advisory opinions will be frustrated.

The OIP finds that it is a primary function of the Commission to investigate, advise and make recommendations on possible ethical violations under the City Charter and the ROH. Rev. Ordinances of Honolulu at 6, et. seq. While the Commission does have authority to hold hearings pursuant to the City Charter, art. XI, section 11-107, and section 3-6.3(d), of the ROH,

Carolyn L. Stapleton
January 16, 1998
Page 7

according to evidence presented by Ms. Stapleton, no hearing was held in this particular investigation. Thus, as is mandated by section 3-6.5(c), ROH, all records, reports, writings, documents, exhibits and other evidence received by the Commission must be held in confidence unless this information was presented and received by the Commission at a hearing or meeting open to the public.[5]

The UIPA does not recognize county ordinances as "state law" for purposes of applying the exceptions to disclosure of government records under section 92F-13, Hawaii Revised Statutes. See OIP Op. Ltr. No. 95-14 at 5-7 (May 8, 1995). However, in this case, the OIP views section 3-6.3, ROH, as additional evidence of an intent to protect the Commission's functions of investigating and rendering advisory opinions.

Previously, the OIP opined that government agencies may withhold public access to information in the Commission's opinions which, if released, would frustrate a legitimate government function under section 92F-13(3), Hawaii Revised Statutes. OIP Op. Ltr. No. 96-2 at 10 (July 16, 1996) (identities of individuals named in City Ethics Commission advisory opinions may be withheld from the public). In that opinion letter, although the OIP's primary basis for opining in favor of nondisclosure was based on the significant privacy interests of the subjects and complainants, the OIP also determined that the Commission need not disclose the identities of complainants because the Commission relies on complainants "to inform it of possible conflicts of interest and unethical conduct." Id. The OIP Opinion Letter No. 96-2 was written in response to a request from the Honolulu City Council, which was considering amending the City Charter to mandate that Commission advisory opinions be public in their entirety, including the names of those involved. The OIP opined that disclosure of complainants' identities would frustrate the Commission's ability to perform its legitimate government function of rendering opinions because such disclosures "would discourage requesters from requesting the opinions and providing information so that the Commission can provide guidance regarding the prevention or correction of the alleged violation of the City's Standards of Conduct." Id.

---

[5] At the state level, the State Ethics Commission ("SEC") may also investigate and render advisory opinions, and proceedings at this stage are not public. Haw. Rev. Stat. § 84-31(b) (Supp. 1996). However, if the SEC determines that there is probable cause to believe that a violation of chapter 84 of the Hawaii Revised Statutes occurred, then more formal proceedings are begun by the SEC itself. Id. Decisions of the SEC after hearing are public record. Haw. Rev. Stat. § 84-31(d) (Supp. 1996).

OIP Op. Ltr. No. 98-1

Carolyn L. Stapleton
January 16, 1998
Page 8

     In comparison, in OIP Opinion Letter No. 92-23 (Nov. 18, 1992), the OIP found that if the Department of Education ("DOE") allowed public inspection and copying of FBI reports it uses to conduct criminal background investigations, the FBI would likely cease to provide that information. OIP Op. Ltr. 92-23 at 6-7 (Nov. 18, 1992) (criminal history record information obtained from the FBI may be withheld from the public). If the FBI no longer provided such information, the DOE would be unable to perform its legitimate government function of conducting criminal history checks. Id. Therefore the OIP concluded that section 92F-13(3), Hawaii Revised Statutes, allowed the DOE to withhold from public disclosure information provided to it from the FBI in order to avoid the frustration of its legitimate government function. Id.

     The OIP recognizes that aside from its duty to issue advisory opinions, the Commission has the additional duty or function to publish advisory opinions redacted of individually identifiable information when possible. Rev. Charter of the City and County of Honolulu art. XI, §11-107 (rev. ed. 1984). The OIP concludes that to disclose the advisory opinion about an individual identified by the requester would result in the frustration of a legitimate government function because the Commission's ability to receive candid information about future ethical violations and, in turn, to opine on such alleged violations, would be diminished.

     The OIP believes its opinion here does not minimize the accountability for ethical behavior of the subject of an advisory opinion. The subject of an advisory opinion that is not disclosed to the public is still advised on how to remedy the ethical violation if the advisory opinion finds that an ethical standard was violated. It should also be noted that the Commission does publish "sanitized" summaries of its opinions when it is possible to segregate individually identifiable information. This publication makes the Commission accountable to the public, while at the same time protecting both privacy interests, as well as the Commission's ability to carry out its duties.

     Rather than providing to the requester an opinion about a specific individual named by the requester, the OIP recommends that the Commission, in response to a request such as the one discussed herein, provide the requester with copies of all the Commission's advisory opinions which have already been segregated for public disclosure or publication. The requester is then free to choose the advisory opinions that the requester is interested in.

OIP Op. Ltr. No. 98-1

Carolyn L. Stapleton
January 16, 1998
Page 9

### III. CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY

In addition to the disclosure exception for the frustration of a legitimate government function, the UIPA's privacy exception is relevant to the question of disclosure of the Commission advisory opinions. Because the OIP found that the subjects of the Commission advisory opinions have a significant privacy interest in the information identifying them in the opinions, the OIP previously determined that the subjects' identities generally were exempt from disclosure pursuant to the exception for "[g]overnment records, which if disclosed, would constitute a clearly unwarranted invasion of personal privacy." OIP Op. Ltr. No. 96-2 (July 16, 1996). However, the significance of an individual's privacy interest and the weight of the public interest in disclosure are affected by the circumstances involved in any particular case. See, e.g., Nakano v. Matayoshi, 68 Haw. 140 (1985) (protection of privacy interest in financial affairs is more limited for government official than private individual); OIP Op. Ltr. No. 93-13 (Sept. 17, 1993) (disclosure of identities of nominees for State Ethics Commission is proper where disclosure would reveal actions of the nominating agency and provide insight as to appointment process).[6] Here, because the issue of disclosure is resolved by section 92F-13(3), Hawaii Revised Statues, the OIP need not discuss whether the exception to disclosure for a clearly unwarranted invasion of personal privacy applies.

### CONCLUSION

The OIP believes the Commission's ability to perform its functions and duties under the City Charter and the City Ordinances will be frustrated by the release of an advisory opinion about an identified individual, even after segregation of individually identifiable information, because the identity of the subject of the opinion is already known to the requester. Under such circumstances, no amount of segregation can protect the individual's identity. Disclosure would have a chilling effect on the Commission's ability to perform

---

[6] Circumstances that could have an effect on an individual's privacy interests may include such occurrences as publication of the information, the position that the government employee or official holds, or a waiver by those holding privacy interests. For example, in OIP Opinion Letter Number 94-21 (Nov. 15, 1994), a member of the Hawaii State House of Representatives gave an interview regarding information contained in her workers' compensation records. The OIP found that this public disclosure confirming a work-related injury and the benefits resulting therefrom greatly diminished her privacy interests in the information. Thus, relevant portions of her workers' compensation records were open for public inspection.

OIP Op. Ltr. No. 98-1

Carolyn L. Stapleton
January 16, 1998
Page 10

its duties in the future because informants and complainants will be reluctant to provide information to the Commission for fear of reprisal if their identities became known. Although the Commission takes steps to ensure the confidentiality of informants, the fear of <u>possible</u> disclosure is enough to obstruct the Commission's work. Therefore, the Commission is not required to disclose the advisory opinion about an identified subject because disclosure would cause the frustration of a legitimate government function.

If you have any questions regarding this opinion, please contact me at 586-1400.

Very truly yours,

Carlotta M. Dias
Staff Attorney

APPROVED:

Moya T. Davenport Gray
Director

CMD:pm
c: Daniel Mollway
Hawaii State Ethics Commission

## ETHICS COMMISSION
# CITY AND COUNTY OF HONOLULU
715 SOUTH KING STREET, SUITE 211
HONOLULU, HAWAII 96813

FRANK F. FASI
MAYOR



CAROLYN L. STAPLETON
EXECUTIVE DIRECTOR AND LEGAL COUNSEL

September 9, 1993

RECEIVED
OFC INFORM PRACTICES
'93 SEP -9 P4:00

TO: KATHLEEN A. CALLAGHAN, DIRECTOR, OFFICE OF INFORMATION PRACTICES

FROM: CAROLYN L. STAPLETON, LEGAL COUNSEL, ETHICS COMMISSION

SUBJECT: <u>REQUEST FOR OPINION</u>

The Ethics Commission of the City and County of Honolulu has received the attached letter from Common Cause Hawaii. I am requesting an opinion from the Office of Information Practices as to whether I am required to give the requested information to Common Cause or to any other organization or person.

The Revised Ordinances of Honolulu 1990 [ROH] in § 3-6.5 (e) state the following:

> All records, reports, writings, documents, exhibits and other evidence received by the commission shall be held in confidence and no information as to the contents thereof shall be disclosed unless such items are presented and received by the commission at a hearing or meeting that is open to the public.

Further, ROH § 3-6.5 (b) states in pertinent part that

> [i]f the request [for an opinion] involves an employee or officer and the request is made by a person other than such employee or officer, a copy of the request shall be sent to the employee or officer so involved **with the name of the person making the request deleted** so that such person's name will not be disclosed. (emphasis added)

The Revised Charter of the City and County of Honolulu 1973 (1984 Ed.) § 11-107 states that "[t]he commission shall publish its advisory opinions with such deletions as may be necessary **to prevent disclosure of the identity of the persons involved** (emphasis added)." Further, ROH § 3-6.5 (d) states that "[a]ll opinions rendered by the commission shall be published and shall be in such form and with such deletions as may be necessary to

OIP 93-0909-02
RFO 93-98

KATHLEEN A. CALLAGHAN            -2-              September 8, 1993

**prevent the disclosure of the identity of the persons involved** (emphasis added)."

Ethics Commission opinions have been printed in three volumes covering the years 1967-83, the last of which was published in 1989. Because of other demands on staff time, we have been unable to publish another volume in recent years. In order to address this problem, the City Council recently appropriated funds to hire someone to edit and index the opinions since 1984 and to prepare them for publication. We are in the process of trying to secure a consultant for that task, but are unclear whether the Mayor's freeze on hiring will prevent us from being able to do so at this time.

Because of the mandates of the Charter and Ordinances, the Ethics Commission believes an unedited opinion can only be provided to the parties involved and to the appointing authority of any person who is found to have violated the Standards of Conduct. In the case of the attached request, no amount of editing will "prevent the disclosure of the identity of the persons involved" because a specific opinion has been asked for by name. In the past, those inquiring about a specific opinion have been told that they would have to wait until it was published. Common Cause was unwilling to accept that answer.

Although the requested opinion of the Ethics Commission is known in the community because the parties chose to go to the press, that is not the usual case. One fear is that if this opinion is released in these circumstances, the press or others could call and ask to be sent any opinions that have recently been issued in regard to any particular officer or employee of the City and County of Honolulu, thus engaging in "fishing expeditions" that would have a chilling effect on anyone considering filing an ethics complaint.

If you need any additional information in order to provide me with an opinion, please call me at 527-5573 during the morning hours.

Sincerely,

Carolyn L. Stapleton

CAROLYN L. STAPLETON
Legal Counsel
Ethics Commission

Attachment

ETHICS COMMISSION
# CITY AND COUNTY OF HONOLULU

715 SOUTH KING STREET, SUITE 211
HONOLULU, HAWAII 96813-3091



JEREMY HARRIS
MAYOR

CAROLYN L. STAPLETON
EXECUTIVE DIRECTOR AND LEGAL COUNSEL

July 15, 1996

RECEIVED
OFC INFORM PRACTICES

'96 JUL 15 P3:34

Moya T. Davenport Gray, Director
Office of Information Practices
235 S. Beretania Street, Room 304
Honolulu, HI  96813-2437

Dear Moya:

As a result of our recent meeting in regard to the Ethics Commission's pending request for an opinion, you asked that I provide you with evidence as to what effect the disclosure of unedited advisory opinions by the Commission would have on the filing of requests for opinions. As I told you, my experience working in this field for over seven years indicates that such a practice would have a chilling effect.

Let me share with you some of the responses I have encountered on the part of employees of the City and County of Honolulu in regard to requests for opinions. First, well over half of our opinions deal with questions being raised prospectively by persons who, prior to taking action, want to be sure that they will not violate the ethics laws. A number of those have asked me before formally requesting an opinion whether the process is confidential. They have wanted to be reassured that no one else will know that they are considering doing something that they might decide not to pursue. They also have wanted assurance that if the Commission decided that a certain course of action would violate the Standards of Conduct, no one else will know that they had considered doing it.

Second, several times per year I receive anonymous phone calls, usually from City employees, inquiring whether some action is a violation of the ethics laws. In these cases, they have observed an action taken by a City officer or employee that they believe is wrong. If I need to do some research before I can answer their question, these persons are often unwilling to give me even their first name and phone number. Because of their fear of repercussions, I have had people only willing to call me back at a specified time, rather than have me contact them.

Related to this concern, let me share a particularly shocking conversation I had several years ago. An appointed City employee

Exhibit 3

MOYA T. DAVENPORT GRAY         -2-                July 15, 1996

complained to me about pressure that was being put on her by her superiors to support the campaign of a person running for City office. When I asked her to file a complaint so that the Ethics Commission could investigate it, she responded, "No way! I'm not going to put my pension in jeopardy." I told her that the Ethics Commission has subpoena powers and could compel her to testify. Her answer to that was, "Go ahead! I'll lie under oath before I'll risk my job." That incident is indicative of the level of fear that I have observed over the years on the part of some City employees.

Third, during some phone conversations with anonymous persons, I have listened to allegations such as, "If I put this in writing, I know how things work in the City. I know people will find out that I'm the one who's filed a complaint." At that point, I have gone to great lengths to try to reassure the person by citing the precautions we take to insure confidentiality, such as keeping our file cabinets locked, shredding even envelopes, requiring all Commissioners and staff to sign a confidentiality affirmation when they begin, etc. Sometimes, that information has been sufficient to convince them that they can trust the Commission, but it has required serious advocacy on my part.

One further aspect of this issue which I feel compelled to address is that the present practice of complete confidentiality allows the Ethics Commission to fulfill its duties as set forth by the Charter and Ordinances. Without assurances of confidentiality, it is likely that the flow of necessary information will be impeded and the effectiveness of the Commission will be compromised.

I hope this information will be helpful to you.

                                        Sincerely,

                                        CAROLYN L. STAPLETON
                                        Legal Counsel
                                        Ethics Commission