ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 5 2004

at 12 o'clock and 05 min. P.M.
WALTER A.Y.H. CHINN, CLERK

**DENNIS W. POTTS** (1121-0)
ATTORNEY AT LAW
A LAW CORPORATION
1001 Bishop Street
2755 Pacific Tower
Honolulu, Hawaii 96813
Telephone No. (808) 537-4575

Attorney for Plaintiff
**KERRY SHANNON**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KERRY SHANNON, ) | CIVIL NO. CV04 00086 SF |
| ) | |
| Plaintiff, ) | COMPLAINT; DEMAND FOR |
| vs. ) | JURY TRIAL; SUMMONS |
| ) | |
| CITY AND COUNTY OF ) | |
| HONOLULU; HONOLULU ) | |
| LIQUOR COMMISSION; JOHN ) | |
| SPIERLING; in his official capacity ) | |
| as chairman of the Honolulu Liquor ) | |
| Commission; WALLACE W. ) | |
| WEATHERWAX, individually and ) | |
| in his capacity as an agent and ) | ATTEST: A True Copy |
| employee of the Honolulu Liquor ) | SUE BEITIA |
| Commission; JOHN CARROLL, ) | Clerk, United States District |
| individually and in his capacity as ) | Court, District of Hawaii |
| an employee of the Honolulu Liquor ) | By_____ Deputy |
| Commission; ANNA HIRAI, ) | |
| individually and in her capacity as ) | |
| an employee of the Honolulu Liquor ) | |
| Commission; ALLAN GAYLORD, ) | |
| individually and in his capacity as an ) | |
| employee of the Honolulu Liquor ) | |



PLAINTIFF'S EXHIBIT 1010

| | |
|---|---|
| Commission; JOHN DOES 1-10, JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10,<br><br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

(C:\NEW-CLIENTS\SHANNON\complaint-1-26)

## COMPLAINT

COMES NOW the Plaintiff above-named, by and through his attorney, Dennis W. Potts, and complaining of the Defendants above-named, alleges and avers as follows:

## NATURE OF THE CASE

1.　This is an action under the Civil Rights Act of 1991, 42 U.S.C. §1983 and the Hawaii Whistleblowers' Protection Act, Hawaii Revised Statutes §378-62, the United States and Hawaii Constitutions, and common law theories of recovery to obtain full and complete relief for the illegal and tortious conduct described herein.

## JURISDICTION

2.  Jurisdiction exists under 28 U.S.C. §1331 and §1343, by virtue of the claims of deprivation of constitutional rights arising under 42 U.S.C. §1983, as alleged herein.

3.  This court has supplemental jurisdiction under 28 U.S.C. §1367(a) over Plaintiff's state law claims.

## VENUE

4.  The unlawful acts and employment practices alleged herein were committed within the District of Hawaii, and this action properly lies in the District of Hawaii.

## PARTIES

5.  Plaintiff was at all times material herein an investigator employed by the Honolulu Liquor Commission and a resident of the City and County of Honolulu, State of Hawaii.

6.  Defendant City and County of Honolulu ("City and County") is and was at all times material herein a municipal corporation with the power to sue and be sued.

7. Defendant Honolulu Liquor Commission ("Liquor Commission") is and was at all times material herein an agency of the Department of Budget and Fiscal Services of the City and County.

8. Defendant Spierling is and was at all times material herein the chairman of the Liquor Commission and a resident of Honolulu aforesaid.

9. Defendant Weatherwax is and was at all times material herein employed by the Liquor Commission as the liquor control administrator and a resident of Honolulu aforesaid.

10. Defendant Carroll is and was at all times material herein employed by the Liquor Commission as its chief investigator and a resident of Honolulu aforesaid.

11. Defendant Hirai is and was at all times material herein employed by the Liquor Commission in an administrative capacity and a resident of Honolulu aforesaid.

12. Defendant Gaylord is and was at all times material herein employed by the Liquor Commission as a liquor inspector and supervisor and a resident of Honolulu aforesaid.

13. The true names, identities or capacities, whether individual, corporate, associate, partnership, representative, or otherwise of Defendants John

Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10 and Doe Governmental Agencies 1-10, and their involvement herein are unknown to Plaintiff who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave of Court to amend his pleadings to set forth the true names and capacities of such fictitiously named Defendants when the same become known to him. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein by a fictitious name acted in some manner negligently, intentionally, wantonly, wilfully, recklessly, maliciously and with conscious disregard of the consequences of their acts and is in some manner responsible and/or strictly liable to the Plaintiff for the acts, conduct, omissions and failures as hereinafter alleged concerning the events and happenings herein referred to, and that said acts, conduct, omissions and failures, whether negligent, intentional, wanton, wilful, reckless, malicious, or with conscious disregard of the consequences of their acts, directly and proximately caused injury and damage to Plaintiff as herein alleged and otherwise.

Plaintiff has made a diligent and good-faith effort to ascertain the full name, identity, and interest in this action of Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10 and Doe Governmental Agencies 1-10 including, but not limited to, investigative efforts to

-5-

locate witnesses and other persons who may have knowledge of, or contributed to causing this accident, and to identify their roles with respect to same.

## FACTUAL ALLEGATIONS

14. On or around June 1, 1999 Plaintiff was hired by the Liquor Commissioner as an investigator.

15. Plaintiff was employed full-time as an investigator with the Liquor Commission from June 1, 1999 until his medical retirement on February 14, 2003.

16. At all times during his employment with the Liquor Commission Plaintiff was a full-time employee in good standing and at all times performed his duties as a liquor inspector in satisfactory fashion.

17. Plaintiff was never fired, suspended or otherwise disciplined during his employment with the Liquor Commission as aforesaid.

18. Plaintiff's retirement from the Liquor Commission would normally have been expected to occur on July 15, 2015 on his 55th birthday had he not taken an early medical retirement as aforesaid.

19. At all times during his employment as an investigator with the Liquor Commission, Plaintiff's immediate supervisor was Defendant Gaylord,

but Defendants Weatherwax, Hirai and Carroll also exercised supervisory powers over Plaintiff from time to time.

20. In January of 2002 Plaintiff was approached by a special agent of the Federal Bureau of Investigation ("FBI") and a representative of the Honolulu Police Department ("HPD") and asked to cooperate in an investigation which the FBI and HPD were conducting into alleged corruption within the Liquor Commission.

21. Plaintiff agreed to cooperate in the aforesaid investigation and at the request of the FBI and HPD did not inform any of the other employees of the Liquor Commission about this at that time.

22. Shortly thereafter Plaintiff was subpoenaed to testify and did testify on matters of utmost public concern before a Federal Grand Jury convened in conjunction with said investigation.

23. Defendants Weatherwax, Carroll, Hirai and Gaylord found out about Plaintiff's cooperation and grand jury testimony in February of 2002.

24. Plaintiff alleges on the basis of his information and belief that after Defendants Weatherwax, Carroll, Hirai and Gaylord became aware of his grand jury testimony, one or more of them informed certain of Plaintiff's fellow

liquor investigators that Plaintiff was cooperating with the FBI/HPD investigation.

25. Plaintiff further alleges on the basis of his information and belief that Defendants Weatherwax, Carroll, Hirai and Gaylord informed Plaintiff's fellow liquor investigators of this for the express purpose of bringing pressure to bear on Plaintiff to cease cooperating with said investigation knowing full well that they and the liquor investigators so informed were likely to be potential targets of the FBI/HPD investigation.

26. As a result of the conduct of said Defendants as set out in paragraph 24, Plaintiff was subjected to a pattern of harassment and threats and other types of hostility at work which was designed to intimidate Plaintiff, cause him to fear for his safety and to make his working environment so unpleasant that he would either cease cooperating with the investigation or resign.

27. Plaintiff alleges on the basis of his information and belief that the Defendants directly participated in the course of conduct described in the preceding paragraph.

28. During this period Plaintiff suffered a shoulder injury at work and filed a worker's compensation claim which was delayed by one or more of

the Defendants without cause or explanation, thus subjecting Plaintiff to additional stress and anxiety.

29. The pattern of harassment and hostility perpetrated on Plaintiff as described in above continued uninterrupted until the date of his medical retirement on February 14, 2003.

30. Plaintiff's medical retirement as aforesaid was a direct and proximate result of the conduct of said Defendants as described in paragraphs 24-29 and amounted to a constructive discharge of Plaintiff.

31. Prior to the conduct of said Defendants as described above, Plaintiff had intended to continue working an inspector for the Liquor Commission until July 15, 2015.

32. Plaintiff is informed and believes and on that basis alleges that at all times material herein one or more of the Defendants was acting as the agent of one or more of the remaining Defendants, and at all times material herein said Defendants were acting within the course and scope of their employment with the Liquor Commission and under color of state law.

33. As a direct and proximate result of the conduct of the Defendants herein, Plaintiff sustained special damages by way of medical/

rehabilitative expenses and loss of income and general damages by way of pain, suffering and emotional distress in amounts to be shown at time of trial herein.

### COUNT I (42 U.S.C. §1983)

34. Plaintiff hereby realleges and incorporates herein by reference the allegations of paragraphs 1-33.

35. The conduct of the Defendants set out hereinabove violated rights guaranteed to the Plaintiff by the First Amendment to the United States Constitution for which Plaintiff is entitled to relief under the Civil Rights Act of 1991, 42 U.S.C. §1983.

36. As a direct and proximate result of the violation of Plaintiff's First Amendment Rights as described in the preceding paragraph, Plaintiff sustained the damages set out in paragraph 33 hereinabove and is entitled to the declaratory, legal and other relief prescribed in 42 U.S.C. §1983.

### COUNT II (HRS §378-62)

37. Plaintiff hereby realleges and incorporates herein by reference the allegations of paragraphs 1-33.

38. The conduct of the Defendants set out hereinabove is and was in violation of HRS §378-62, the direct and proximate result of which Plaintiff sustained the damages set out in paragraph 33 hereinabove.

## COUNT III (NEGLIGENT SUPERVISION)

39. Plaintiff hereby realleges and incorporates herein by reference the allegations of paragraphs 1-33.

40. The Defendants breached their duty of care by failing to supervise Plaintiff in such a way as to protect him from harassment and hostile conduct by other Liquor Commission employees, failing to investigate his reports to said Defendants concerning such conduct and allowing Plaintiff to suffer extreme emotional distress at the hands of his fellow liquor commission employees and therefore constituted negligent supervision, the direct and proximate result of which Plaintiff sustained the damages set out in paragraph 33 hereinabove.

## COUNT IV (CIVIL CONSPIRACY)

41. Plaintiff hereby realleges and incorporates herein by reference the allegations of paragraphs 1-33.

42. The conduct of the Defendants herein in entering into an agreement to cause Plaintiff's working environment to become so hostile and unpleasant that he would either cease cooperating with the aforesaid investigation or resign constituted and amounted to an actionable civil conspiracy, the direct

and proximate result of which Plaintiff sustained the damages set out in paragraph 33 hereinabove.

### COUNT V (WRONGFUL DISCHARGE)

43. Plaintiff hereby realleges and incorporated herein by reference the allegations of paragraphs 1-33.

44. The conduct of the Defendants herein caused Plaintiff's working environment to become so hostile and unpleasant that he was forced to resign.

45. Said conduct described in the preceding paragraph was undertaken in retaliation for Plaintiff's cooperation with said investigation and constructed a wrongful discharge, the direct and proximate result of which Plaintiff sustained the damages set out in paragraph 33 hereinabove.

### COUNT VI (INFLICTION OF EMOTIONAL DISTRESS)

46. Plaintiff hereby realleges and incorporates herein by reference the allegations of paragraphs 1-33.

47. By virtue of their conduct as described herein hereinabove the Defendants intentionally inflicted emotional distress on Plaintiff during the course of his work with the Liquor Commission, the direct and proximate result of which Plaintiff sustained the damages as set out in paragraph 33 herein.

## COUNT VII (PUNITIVE DAMAGES)

48. Plaintiff hereby realleges and incorporates herein by reference the allegations of paragraphs 1-47.

49. The conduct of the Defendants above-named was of such a willful, wanton and malicious nature as to warrant an award of punitive damages against said Defendants in amounts to be shown at time of trial.

**WHEREFORE,** Plaintiff prays that the above-entitled Court enter judgment against the Defendants, jointly and severally, as follows:

1. For special and general damages in amounts to be shown at time of trial.

2. For punitive damages in amounts to be shown at time of trial.

3. For declaratory, legal and other relief as prescribed in 42 U.S.C. §1983.

4. For attorney's fees, taxable costs, prejudgment and post-judgment interest to the extent allowed by law and such other, further relief as the Court deems just in the premises.


DATED: Honolulu, Hawaii, _____2/4/04_____

_____
**DENNIS W. POTTS**
Attorney for Plaintiff
**KERRY SHANNON**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KERRY SHANNON, | ) | CIVIL NO._____ |
| | ) | |
| Plaintiff, | ) | **DEMAND FOR JURY TRIAL** |
| vs. | ) | |
| | ) | |
| CITY AND COUNTY OF | ) | |
| HONOLULU; HONOLULU | ) | |
| LIQUOR COMMISSION; JOHN | ) | |
| Spierling; in his official capacity | ) | |
| as chairman of the Honolulu Liquor | ) | |
| Commission; WALLACE W. | ) | |
| WEATHERWAX, individually and | ) | |
| in his capacity as an agent and | ) | |
| employee of the Honolulu Liquor | ) | |
| Commission; JOHN CARROLL, | ) | |
| individually and in his capacity as | ) | |
| an employee of the Honolulu Liquor | ) | |
| Commission; ANNA HIRAI, | ) | |
| individually and in her capacity as | ) | |
| an employee of the Honolulu Liquor | ) | |
| Commission; ALLAN GAYLORD, | ) | |
| individually and in his capacity as an | ) | |
| employee of the Honolulu Liquor | ) | |

Commission; JOHN DOES 1-10, )
JANE DOES 1-10; DOE )
CORPORATIONS 1-10; )
DOE PARTNERSHIPS 1-10; DOE )
GOVERNMENTAL AGENCIES )
1-10, )
         Defendants. )
                           )
_____)

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues triable herein.

DATED: Honolulu, Hawaii, _____2/4/04_____

_____
**DENNIS W. POTTS**

Attorney for Plaintiff
**KERRY SHANNON**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KERRY SHANNON, | ) | CIVIL NO._____ |
| | ) | |
| Plaintiff, | ) | **SUMMONS** |
| vs. | ) | |
| | ) | |
| CITY AND COUNTY OF | ) | |
| HONOLULU; HONOLULU | ) | |
| LIQUOR COMMISSION; JOHN | ) | |
| Spierling; in his official capacity | ) | |
| as chairman of the Honolulu Liquor | ) | |
| Commission; WALLACE W. | ) | |
| WEATHERWAX, individually and | ) | |
| in his capacity as an agent and | ) | |
| employee of the Honolulu Liquor | ) | |
| Commission; JOHN CARROLL, | ) | |
| individually and in his capacity as | ) | |
| an employee of the Honolulu Liquor | ) | |
| Commission; ANNA HIRAI, | ) | |
| individually and in her capacity as | ) | |
| an employee of the Honolulu Liquor | ) | |
| Commission; ALLAN GAYLORD, | ) | |
| individually and in his capacity as an | ) | |
| employee of the Honolulu Liquor | ) | |

| | |
|---|---|
| Commission; JOHN DOES 1-10, JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS

**STATE OF HAWAII**

**TO THE ABOVE-NAMED DEFENDANT(S):**

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorney, DENNIS W. POTTS, whose address is 1001 Bishop Street, Suite 2755 Pacific Tower, Honolulu, Hawaii 96813, an answer to the Complaint which is herewith served upon you, within (twenty) 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawaii, _____FEB 0 5 2004_____.

WALTER A.Y.H. CHINN

CLERK OF THE ABOVE-ENTITLED COURT

*[signature]*

Deputy Clerk, United States
District Court, District of Hawaii

-3-