# THE HONOLULU ETHICS COMMISSION

*How does the Ethics Commission work?*

The Commission is made up of seven volunteer members appointed by the Mayor and confirmed by the Council. The Commission has the power and duty to investigate, subpoena witnesses, hold hearings and make recommendations on requests from officers, employees and members of the public. ROH § 3-6.3.

The Commission receives two different types of requests: (1) those seeking advice before an officer or employee acts and (2) complaints regarding the past actions of an officer or employee.

Most requests for advice are answered over the telephone. Those requests presenting complex facts or requiring considerable research, however, may require a written opinion from staff or the Commission.

Upon receiving an oral or written complaint, the Commission staff investigates the facts. The person whose actions are in question is always given the opportunity to present his or her side of the issue to the Commission. ROH § 3-6.7.

For cases that go to the Commission members for a decision, an advisory opinion detailing the Commission's findings and analysis is rendered to the requestor and the subject of the inquiry. A public version of the advisory opinion is made available. The staff and Commission are required to keep confidential all information obtained in an investigation (ROH § 3-6.3(g) and § 3-6.5(c)), subject to some exceptions under state law.

Finally, when the Commission makes its recommendation to the appointing authority, that authority must promptly tell the Commission what action was taken on the recommendation. ROH § 3-6.5(e).

For more information about the types of cases, information required by the Commission when filing a request for advice, processes, etc., review our <u>Frequently Asked Questions</u> at our website or call the Commission office.

Tuesday, August 01, 2006

© Copyright 2002-2006 City and County of Honolulu, Hawaii
Privacy Statement | Technical Support | Customer Service | Policy | Accessibility | Diversity Statement



CD 000938

Government | Kama'aina | Business | Visitors | Kids World | Seniors World | On-Line Services | Economic Development

Quick Find: Select One:

Search:

You are here: Main / Ethics Commission / Plain Language Guide-City Ethics Laws

# The Plain Language Guide to the
## City Ethics Laws

Charles W. Totto
Executive Director and Legal Counsel
Honolulu Ethics Commission
715 South King Street, Suite 211
Honolulu, Hawai'i 96813-3091
Telephone: (808) 527-5573 • Fax: (808) 550-6873
Email: ethics@honolulu.gov • Internet: www.honolulu.gov/ethics

**Table of Contents**

INTRODUCTION

FAIR AND EQUAL TREATMENT

    General Prohibitions

    Campaign Assistance and Political Activities

CONFLICTS OF INTEREST

    Gifts

    Confidential information

    Business activities and financial interests

    Personal relationships

    Non-city employment

    Mandatory reporting of conflicts and removal from a matter when a conflict exists

CD 000925

MANDATORY DISCLOSURES OF INTEREST

EMPLOYMENT AFTER YOU LEAVE THE CITY

MANDATORY ETHICS TRAINING

PENALTIES AND DISCIPLINARY ACTION FOR VIOLATIONS

THE HONOLULU ETHICS COMMISSION

# A Plain Language Guide to the City Ethics Laws

## INTRODUCTION

*How can this Guide help me at my work?*

The Guide explains the city ethics laws. The ethics laws must be followed by all employees and officers, so reading the Guide will help you avoid ethics mistakes. Following the ethics laws helps protect you from accusations of misconduct and unfair actions by other officers or employees. Please keep in mind that this guide is a summary and does not cover every aspect of the ethics laws. Therefore, to be sure about an issue, contact the Ethics Commission, for advice.

*Who do the ethics laws apply to?*

Generally, the ethics laws apply to each elected or appointed officer and appointed or civil service employee. This includes full-time, part-time and contract employees, members of boards and commissions and elected officials. The city ethics laws do not apply to Neighborhood Board members or independent contractors working for the city.

*Why do we have ethics laws?*

Ethics laws exist to avoid bias or private interests influencing government decisions.

Today, government creates laws and regulates the conduct of people and business, deeply affecting each of us. We need a government that does not unfairly favor some people and disadvantage others. Therefore, each government officer and employee is required to be fair and impartial when carrying out his or her duties to the public. Furthermore, a government officer's or employee's private interest, at times, may be affected by the proper performance of their public duties. The ethics laws attempt to ensure that government action will not be influenced by an officer's or employee's private financial, business or personal interests. Simply put, you may not serve two masters -- your duty to the public must take priority over your private interest.

The declaration of policy for the ethics laws requires officers and employees

CD 000926

Case 1:04-cv-00108-KSC    Document 478-2    Filed 09/25/2006    Page 4 of 20

to set the highest ethical standards by their conduct at work. § 11-101, Revised Charter of the City and County of Honolulu (RCH). If you violate the ethics laws, you are subject to discipline, including dismissal under certain circumstances.

*Where can I find the ethics laws?*

The ethics laws are stated in the revised Charter and ordinances and the written opinions of the Honolulu Ethics Commission (Commission). The Commission also provides guidelines for employees on several common topics such as the gifts, campaign activities, employment after working for the city, real estate licenses and advertising. All of these are available on the Commission's website at www.honolulu.gov/ethics or from the Commission's office.

*May departments have ethics rules or policies for their employees and officers that are more strict than the city's ethics laws?*

Yes. Because of this, your departmental standards of conduct should always be reviewed in determining whether an action is proper.

*Where can I get ethics advice?*

From the Ethics Commission and its staff. You may call us at 527-5573 or email us at ethics@honolulu.gov. We are ready to help resolve your concerns. Communications with the Commission are confidential.

# FAIR AND EQUAL TREATMENT

*What is the Fair and Equal Treatment Policy in the ethics laws?*

The Fair and Equal Treatment Policy prohibits an officer or employee from using his or her city position or city resources to give favors, advantages or other unwarranted treatment to himself or herself or any other person. RCH § 11-104. City resources include city personnel's time, facilities, equipment, title, and materials.

**1.    General Prohibitions**

*What are some of the activities limited under the Fair and Equal Treatment Policy?*

You may not:

    a.    Use city time, equipment, facilities, titles or other public resources for non-city activities, with two exceptions:

        1)    Reasonable personal use of city resources, such as making a
        brief personal call on a city telephone; or

        2)    A project with a community-wide benefit as determined by the
        Mayor's office may be supported with city resources (for example, AUW or the Food Bank).

CD 000927

    b.    Engage in a financial or business transaction with a subordinate.

    c.    Engage in a financial or business transaction involving a business you help regulate.

    d.    Hire, promote, supervise or otherwise participate in the employment of a relative, unless the relative is on a list of eligible civil service employees (RCH § 6-1112.6).

    e.    Seek contracts or employment through your government position.

*How can I tell if someone is giving or receiving unwarranted treatment?*

There are two rules of thumb. First, if the officer or employee uses a city resource not for purposes of doing a city project (and not within the exceptions stated above), it is likely a misuse of city resources. For instance, if a city officer requires his staff to seek donations to support his church, the city officer is granting himself and his church an unwarranted advantage and violating the ethics law.

Second, a misuse of position will result if the officer or employee uses his/her city position to give an advantage to one person that is not available to all people. For example, awarding a city contract because the contractor is a family member would violate the ethics laws.

## 2. Campaign Assistance and Political Activities under The Fair and Equal Treatment Policy

There are several restrictions on officers and employees relating to campaign contributions and campaign assistance conducted on city time or with city resources. The restrictions on civil service officers and employees are stated in RCH §§ 11-102(2) and (3) and are incorporated into the ethics laws by § 3-8.2(f), Revised Ordinances of Honolulu (ROH). Exempt officers and employees are covered by ROH § 3-8.6.

*What types of campaign assistance or political activities are prohibited?*

RCH § 11-104 prohibits an officer or employee from using city resources, such as time, position or title, equipment, material, city seal or facilities, for campaign assistance or political activities. To do so is to give an unwarranted advantage to the candidate or political party benefiting from the activities at the taxpayers' expense. The <u>Revised Guidelines on Campaign Activities</u> is available at the Commission's office or our website.

*What do "campaign assistance" and "political activities" mean?*

"Campaign assistance" means any service or donation of time or anything of value to a candidate for elected office or for a question on a ballot, the recall of an officer or the activities of a political party or a campaign committee. These include (1) selling, purchasing or distributing campaign fundraiser tickets; (2) conducting political meetings; (3) distributing campaign literature or materials; (4) soliciting campaign contributions, support or assistance; or (5) producing campaign literature or materials. "Political activities" include being a party or campaign committee member, soliciting members, performing duties, fundraising and campaigning. ROH § 3-8.6(b). These are examples and not the only activities that fit the definitions.

*What if someone at my city job wants me to carry out campaign assistance or political activities -- am I protected against the co-worker or supervisor?*

You may not do any campaign or political activities at work. And while at work you may not ask anyone to do any such activities. RCH § 11-104. You should inform the requestor that you are prohibited from contributing or assisting on city time or with city resources. If you feel awkward in doing so, call the Ethics Commission to handle the matter.

Furthermore, it is a crime to strong-arm any officer or employee into contributing to or assisting a campaign. ROH § 3-8.6(c) states that an officer or employee may not:

    a. Coerce, demand or threaten any officer or employee to make contributions, give assistance or refrain from reporting the violation to the Ethics Commission or other agency;

    b. Deny employment to or discharge, demote or punish anyone who refuses to contribute, assist or who reports the violation;

    c. Promise employment benefits to anyone who contributes to or assists a campaign or refrains from reporting the violation; or

    d. Solicit or receive any contribution from anyone in a city facility during its use for official business.

*What political activities may city officers and employees engage in?*

On your own personal time and without the use of city resources, you may vote, express a political opinion, serve as a member of a political party organization or campaign committee, make a campaign contribution or give campaign assistance and request contributions and assistance, as long as it does not violate the ethics laws.

*Are there any conditions regarding lobbyists and campaign assistance and contributions?*

Yes. The most important restrictions under ROH § 3-8.9 protect a lobbyist similar to how city personnel are protected.

## CONFLICTS OF INTEREST

*What is a conflict of interest?*

A conflict of interest occurs when a reasonable person could conclude that your personal, business or financial interests may interfere with carrying out your duty to the public. The ethics laws are designed to prevent people who influence or make decisions from being involved if their personal, business or financial interests are also at stake.

Conflicts of interest occur now and then, especially for officers or employees who have discretionary authority. The point to remember is that there are steps you must take to avoid violating the law. These include full written disclosure of the conflict and removing yourself from participating in the matter that raises the conflict. These steps are covered in section 6.

*What if my private interest would not influence how I do my work?*

Whether you are an honest person is not the standard by which a conflict of interest is determined. Instead, the law looks at whether an impartial observer could conclude that a conflict exists. For example, if Bob owns a business in an industry that he also helps to regulate, his interest in the business would be in conflict with his duty to regulate the industry. Under the ethics laws described below, Bob's ownership interest prevents him from regulating the industry, even though Bob would never try to protect his business from the regulators.

*What are considered private interests?*

A private interest is one that is not governmental. It includes business, non-profit, charitable and religious interests.

**1.    Gifts**

*What restrictions apply to gifts on the job?*

You may not ask for or accept a gift, directly or indirectly, if:

a.    The gift(s) received are:

   1)    From a single source;
   2)    From a source whose interest you may affect in carrying out your work duties; and
   3)    Valued, in the aggregate, above $200 in one fiscal year (ROH §§ 3-8.7 and 3-8.8); or

b.    A reasonable person would think that the gift(s) was made:

   1)    To influence your work (RCH § 11-102(a));
   2)    As a reward for any discretionary action taken by the officer or employee (ROH §§ 3-8.7 and 3-8.8); or
   3)    Conditioned upon your agency taking action ROH § 3-8.2(d).

CD 000930

This means that your actions or intent do not matter, even if you know you will not be influenced by a gift you receive. The key here is whether a third party would reasonably think that the gift was given to affect your work. If so, the gift is prohibited.

*Does this mean that any gift(s) valued less than $200 may be accepted?*

Not automatically. The test stated in 1(b) must be passed before gifts valued under $200 may be received.

*What are some typical examples of gifts that are subject to the ethics laws?*

Examples of gifts subject to the ethics laws include drinks and meals, travel expenses, entertainment expenses, conference fees, complimentary or discounted tickets (even to charity events), and the like. ROH § 3-8.7(a).

*What should I do if I am offered a prohibited gift?*

You may refuse it or return it. In some cases, you may donate the prohibited gift to a non-profit or charitable organization, as long as you do not take the tax write-off and identify the original gift-giver. To discuss these and other options, contact the Commission.

*What if a company that does business with my agency sends us a box of manapua?*

Generally, small gifts or tokens of aloha are not considered to violate the ethics laws.

*Are there factors used in determining whether a gift would be one that violates the ethics laws?*

Yes, in the <u>Revised Guidelines on Gifts</u>, the Commission notes that eight factors should be evaluated in determining whether an officer or employee may solicit or accept a gift. The Guidelines on Gifts is available at <u>www.honolulu.gov/ethics</u> or from the Commission office. The Gift Guidelines also state some rules of thumb, the most important of which is that no one engaged in law enforcement should solicit or accept gifts from anyone against whom he or she may enforce the law. Also, if you have discretionary authority over the donor's interest, there are limitations on gifts you may receive. After reviewing the law and the factors above, you may be able to decide whether the gift is appropriate. However, feel free to call the staff of the Ethics Commission to seek our advice or an answer.

*What if a private business offers to pay the travel or other expenses for me to attend a conference related to my work, is that a prohibited gift?*

Whether this type of gift is prohibited will depend on the specific facts. Generally, if the funding is for a conference where the city officer or employee will be educated in his or her work area, the gift may be allowed. Here the benefit of the gift is to the city, not to the individual. <u>Connection with Conferences</u>, available on the Commission's website or from our office. However, should this issue come up, it is

CD 000931

best to ask the Commission for a determination. You should also review the <u>Revised Guidelines on Gifts of Travel, Lodging and Meals in Connection with Travel</u> and the <u>Guidelines on Gifts in Connection with Conferences</u>, available from the Commission's office or on our website.

A simple, practical solution is to suggest that the donation be made to your agency. Then the gift will not be a personal one.

*What about a gift to an officer or employee in gratitude for work that he or she is required to perform?*

The ethics laws prohibit you from receiving anything of value, other than your city pay, for doing your job. RCH § 11-102(d). Similarly, you may not accept honoraria if speaking on a topic is part of you your official duties.

*If I receive a gift, do I have to report it?*

No. There is no longer a gift reporting requirement. However, gifts that total more than $200 in the aggregate from one source over one year are prohibited.

**2.   Confidential information**

*May I use the confidential information that I acquire through my city employment?*

No. "Confidential information" is any information that is not readily available to the public at the same time it is available to you. It is an ethics violation to disclose or use confidential information for anyone's benefit. RCH § 11-102(b). This rule also applies to disclosure or use of confidential information any time after you leave city employment. ROH § 3-8.3(a).

**3.   Business activities and financial interests**

*Am I limited in the types of business activities in which I may engage or the financial interests I may have?*

Yes, there are four general prohibitions, based on whether your private interests conflict with your job duties.

First, you may not engage in a business activity or have a financial interest that is incompatible with carrying out your duties. RCH § 11-102(c). For instance, it would be incompatible with the duties of a liquor commissioner to own a bar because the commissioner could not separate her duties as a commissioner from her duties to the bar.

Second, you may not engage in a business activity or have a financial interest that may tend to impair your independent judgment. RCH § 11-102(c). What might impair your work judgment will depend on such factors as the size of the financial interest, the extent of your discretionary authority and whether the matter raising the conflict is related directly to your work duties. Because it is relatively easy to have a business or financial interest that may tend to impair your judgment, contact the Commission for advice.

The third prohibition is that you are not permitted to participate in or take any discretionary action directly affecting a business or other matter, if you (1) have a substantial financial interest in the matter or (2) if you were a member of a firm which rendered services directly related to the matter. ROH § 3-8.2(a). Call the Commission staff to discuss what is a "substantial financial interest." An exception to this restriction is that a councilmember may vote after filing a written disclosure of the interest held or the services rendered. ROH § 3-8.2(a).

Fourth, you may not acquire a financial interest in a business that may be directly involved in discretionary action you will likely take in the future. ROH § 3-8.2(b).

*Do these restrictions apply to the financial interests and business activities of my spouse and others in my immediate family?*

Yes, depending on what restriction is applicable.

*Am I restricted from participating in official action involving competitors of my business or financial interests?*

Whether you are restricted regarding competitors will depend on the facts. This is an issue where you should seek advice from the Commission.

*What if a city officer or employee has a substantial interest in a business that would like to contract with the city – may the city enter into a contract with this business?*

Yes, but only if the contract is awarded after a competitive bid process. ROH § 3-8.2(e). (Note that this section does not prevent an agency from hiring a former officer or employee on a personal services contract. These approaches are often used when an officer or employee retires and the city would like to continue the services of the worker.)

### 4. Personal Relationships

*May I have a conflict of interest even if the interest I have is personal and not financial?*

Yes. The Ethics Commission has determined that a city employee or officer may not participate in a decision making process if it would directly affect someone with whom the officer or employee has a close personal tie, such as a relative or close friend.

### 5. Non-city employment

*Is it a violation of the ethics laws for me to work for the city and also work for private interests?*

No. You may have an outside job as long as you follow the rules against business activities and financial interests creating conflicts of interest. Of course, you may not use any city resources to support your non-city employment. Other

restrictions are described in this section.

*May a city officer or employee do outside work that brings them before other city agencies?*

No, with a few exceptions. This issue arises when a city officer or employee performs outside work that will be presented to a city agency in the form of a permit application or representing a private interest at a city agency.

There are two prohibitions that apply here. First, an employee or officer may not represent anyone against the interests of the city. RCH § 11-102(e) and ROH § 3-8.2(c).

Second, the same laws prohibit an officer or employee from appearing on behalf of private interests before any city agency. This rule applies even if the service is free or is done on behalf of a charity, non-profit or church. A private interest is any interest that is not governmental.

There are four noteworthy exceptions to the prohibition against representing a private interest before a city agency. ROH § 3-8.2(c).

1. You may "assist" someone before a city agency, as long as you do not personally make any written or oral contact with the agency. "Appearing" means making any direct written or oral communication with the agency and is not allowed.

2. You may appear before an agency to advance or protect your personal or property rights. So, for example, if you apply for a building permit for your own home, that is not a violation.

3. There is an exception for architects, engineers, landscape architects and surveyors who submit plans or permit applications on their own behalf or that of their immediate family.

4. A board or commission member may appear before city agencies, but not the agency he or she serves.

*What restrictions apply if I discuss potential employment with a person or company that I deal with as part of my city duties?*

You may not take part in any discretionary action involving a potential employer once you begin discussing the terms of employment such as pay, starting date, type of work, etc. This would create a conflict of interest between your current city work responsibilities and the future employment.

6. **Mandatory reporting of conflicts and removal from a matter when a conflict exists**

*What should I do if I have a conflict of interest?*

If you have a conflict of interest, you must immediately disclose it in writing to

your appointing authority (usually your department head) and to the Ethics Commission. RCH § 11-103. Forms are available from your personnel office or the Commission office or web site. Your department head and the Ethics Commission may discuss ways to resolve the conflict, such as removal from participating in any way in the decision making process and delegation of the issue to another qualified person.

*Am I restricted from working on a project if I have a conflict of interest?*

Yes. You may not participate in any discussion or decision making regarding the conflicted matter, unless you are a councilmember. This means that you are prohibited from voting, deliberating, discussing or otherwise using your authority or influence, formally or informally, with regard to the conflicted matter. If you participate in the matter, you will violate the ethics laws, your decision may be reversed, and you may be liable for the costs to the city, as well as disciplinary action.

*Is there a special rule for councilmembers?*

Yes. If you are a councilmember, you may vote on a matter even if you have a conflict of interest. However, you must make your full written disclosure to the Council before you may vote on a matter relating to the conflict. RCH § 11-103. Disclosure of interest forms for councilmembers are available from City Clerk.

Remember, this disclosure and recusal process protects you from accusations of bias and safeguards the integrity of government.

## MANDATORY DISCLOSURES OF INTEREST

*What disclosures are required?*

Above, we discussed reporting conflicts of interest.

In addition, financial disclosures are required from each candidate for office and each officer or employee who is exempt form civil service. These disclosures are to be filed upon entering city service and annually thereafter. Also, these officers and employees, when ending their employment with the city, must file a financial disclosure when leaving city work. ROH § 3-8.4.

Furthermore, all officers and employees must disclose their outside employment when they begin their employment with the city and at various times thereafter, such as receiving a city promotion or obtaining different outside employment.

All necessary forms are available from the your personnel office, the City Clerk or the Commission.

*Are the disclosures kept confidential?*

The following disclosure forms are open to the public: (1) the financial

disclosure statements of candidates, elected officers, directors and first deputies of all agencies; (2) the disclosure of outside employment for all officers and employees; and (3) the disclosure of conflicts of interest statements. All other disclosure forms are confidential. ROH § 3-8.4(e); RCH § 11-103.

## EMPLOYMENT AFTER YOU LEAVE THE CITY

*What type of restrictions apply to officers or employees who leave their city jobs, but want to work on city-related projects?*

First, you may never disclose confidential information you obtained while working for the city that would result in the gain or benefit of anyone. ROH § 3-8.3(a). If the information was confidential, but is now available to the public, you may disclose it.

Second, for one year after your city employment ends, you may not receive payment from a private interest:

a. For any work involving city projects in which you participated or were given access to confidential information while at the city, RCH § 11-105; or

b. To appear on behalf of or assist the private interest before any city agency on a matter in which you were directly involved or was under consideration by you while at the city, ROH § 3-8.3(b).

However, during the one-year period, you may receive compensation:

a. To appear on behalf of or assist the private interest before a city agency as long as you have filed an affidavit stating that you were not actively concerned with, did not actively consider, did not participate in, and was not given access to confidential information about, the matter, ROH § 3-8.3(c); or

b. As a result of contracting with a city agency on any matter, ROH § 3-8.3(g).

Basically, if you were not involved in the matter and did not have access to confidential information, you are free to work on it. If you were involved in the matter or had access to confidential information relating to it, you may work on the project only if you are doing so on behalf of the city.

Some definitions will be helpful in understanding these points. "Confidential information" is information that is not readily available to the public at the same time it is available to the city officer or employee. "Appear" means to have any oral or written communication with the agency. "Assist" in this situation means aiding another to produce the work product that goes before the city agency, but you do not personally "appear" before the agency.

For more information, the Guidelines on Employment After Leaving the City are available from the Commission's office and web site. The Guidelines include a form affidavit.

*Could you give an example of how the future employment restrictions work?*

Assume that Donna is a division chief ready to retire and would like to use her expertise as a private consultant. Donna's division makes recommendations on development plans. She reviews and approves the recommendations before they are sent to the director for final approval. In her city job, Donna regularly reviews confidential information. Once she begins her consulting work, Donna will not be able to appear on behalf of or assist any client before any agency with a development matter in which she was directly involved or she considered, participated in decision making, or had access to confidential information. On the other hand, any city agency could contract with her regardless of her past involvement with the development issues.

*Why are there such tight restrictions on city workers moving to the private sector?*

The purpose of the restrictions is to prevent the disclosure of confidential information and limit the influence of former city officers and employees on city agencies or personnel that might affect an agency's decision.

## MANDATORY ETHICS TRAINING

*Who is required to take ethics training?*

All elected officials, supervisors, managers and board and commission members must take ethics training within 6 months of starting with the city or being promoted to one of those positions. ROH § 3-6.10. If you are in one of the positions mentioned and have not taken the
two-hour training, contact your personnel officer, the Commission or sign up at the City web site (accessible to City network users).

## PENALTIES AND DISCIPLINARY ACTION FOR VIOLATIONS

*What are the consequences of violating an ethics law?*

If the Ethics Commission finds a violation, it will render a detailed advisory opinion and make recommendations to the officer's or employee's appointing authority (the Council in the case of a councilmember). For non-elected personnel, recommendations may include reprimand, probation, demotion, suspension or discharge, depending on the seriousness of the violation. A violation by an elected official is grounds for impeachment. RCH § 11-106; ROH § 3-8.5(a).

In addition, any contract that was entered into as a result of an ethics breach may be voided by the city. Any compensation, gift or benefit received in violation of the ethics laws may be recovered from the violator. ROH § 3-8.5(b) and (c).

CD 000937

*(As of February 20, 2001)*

**Section 11-101. Declaration of Policy --**

Elected and appointed officers and employees shall demonstrate by their example the highest standards of ethical conduct, to the end that the public may justifiably have trust and confidence in the integrity of government. They, as agents of public purpose, shall hold their offices or positions for the benefit of the public, shall recognize that the public interest is their primary concern, and shall faithfully discharge the duties of their offices regardless of personal considerations.

CD 000917

*(As of February 20, 2001)*

**Section 11-102. Conflicts of Interest —**
No elected or appointed officer or employee shall:
    (a)    Solicit or accept any gift, directly or indirectly, whether in the form of money, loan, gratuity, favor, service, thing or promise, or in any other form, under circumstances in which it can reasonably be inferred that the gift is intended to influence the officer or employee in the performance of such person's official duties. Nothing herein shall preclude the solicitation or acceptance of lawful contributions for election campaigns.
    (b)    Disclose confidential information gained by reason of such person's office or position or use such information for the personal gain or benefit of anyone.
    (c)    Engage in any business transaction or activity or have a financial interest, direct or indirect, which is incompatible with the proper discharge of such person's official duties or which may tend to impair the independence of judgment in the performance of such person's official duties.
    (d)    Receive any compensation for such person's services as an officer or employee of the city from any source other than the city, except as otherwise provided by this charter or by ordinance.
    (e)    Represent private interests in any action or proceeding against the interests of the city or appear in behalf of private interests before any agency, except as otherwise provided by law.
*(Reso. 83-357)*

*(As of February 20, 2001)*

**Section 11-103. Disclosure of Interest —**

Any elected or appointed officer or employee who possesses or who acquires such interests as might reasonably tend to create a conflict with the public interest shall make full disclosure in writing to such person's appointing authority or to the council, in the case of a member of the council, and to the ethics commission, at any time such conflict becomes apparent.[37] Such disclosure statements shall be made a matter of public record and be filed with the city clerk. Any member of the council who knows he or she has a personal or private interest, direct or indirect, in any proposal before the council, shall disclose such interest in writing to the council. Such disclosure shall be made a matter of public record prior to the taking of any vote on such proposal. *(Reso. 83-357)*

---

[37] A councilmember's indirect personal interest in a townhouse development, in that land owned by him would benefit by road improvements required of developer, requires disclosure in writing under terms of municipal charter, but failure to disclose does not invalidate council action when sufficient votes existed excluding the councilmember's vote. Hui Malama Aina O Ko'olau v. Pacarro, 4 Haw. App. 304, 666 P.2d 177 (1983).

*(As of February 20, 2001)*

**Section 11-104. Fair and Equal Treatment --**
    Elected or appointed officers or employees shall not use their official positions to secure or grant special consideration, treatment, advantage, privilege or exemption to themselves or any person beyond that which is available to every other person. *(Reso. 83-357)*

*(As of February 20, 2001)*

**Section 11-105. Future Employment —**

No person who has served as an elected or appointed officer or employee of the city shall, within a period of one year after termination of such service or employment, appear for compensation before any agency of the city, or receive compensation for any services rendered in behalf of any private interests in relation to any case, proceeding or application with respect to which such person was directly concerned, or which was under such person's active consideration, or with respect to which knowledge or information was made available to such person during the period of said service or employment. *(Reso. 83-357)*

*(As of February 20, 2001)*

**Section 11-106. Penalties and Disciplinary Action for Violations --**
The failure to comply with or any violation of the standards of conduct established by this article of the charter or by ordinance shall be grounds for impeachment of elected officers and for the removal from office or from employment of all other officers and employees. The appointing authority may, upon the recommendation of the ethics commission, reprimand, put on probation, demote, suspend or discharge an employee found to have violated the standards of conduct established by this article of the charter or by ordinance.