MOSELEY BIEHL TSUGAWA LAU & MUZZI
a Hawaii limited liability law company

| | |
|---|---|
| ROGER S. MOSELEY | 2060 |
| CHRISTOPHER J. MUZZI | 6939 |
| TEDSON H. KOJA | 4793 |
| JOANNA B.K. FONG | 7764 |

Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone: (808) 531-0490
Facsimile: (808) 534-0202
Email: rmoseley@hilaw.us
   cmuzzi@hilaw.us
   tkoja@hilaw.us
   jfong@hilaw.us

Attorneys for Plaintiff
PHILIP E. ENGLISH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PHILIP E. ENGLISH,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; GARY T. KUROKAWA; ROBERT O. MAGOTA; ANN C. GIMA; and GK APPRAISALS, INC.; JOHN DOES 1 –10; JANE DOES 1-10; DOE PARTNERSHIPS; DOE CORPORATIONS 1-10; AND | Civil No. 04-00108 KSC/KSC<br><br>PLAINTIFF PHILIP E. ENGLISH'S SEPARATE AND CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS MEMORANDUM IN OPPOSITION TO DEFENDANT G.K. APPRAISAL, INC.'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF PHILIP E. ENGLISH; DECLARATION OF COUNSEL; EXHIBITS "A-Y"; L.R. 7.5(e) |

10010/3/58031

| | |
|---|---|
| DOE ENTITIES 1-10,<br><br>                    Defendants. | CERTIFICATION; CERTIFICATE OF SERVICE<br><br>HEARING:<br>DATE:  September 27, 2006<br>TIME:   9:00 a.m.<br>JUDGE: The Honorable Kevin S.C. Chang<br><br>Trial Date:  October 3, 2006 |

PLAINTIFF PHILIP E. ENGLISH'S SEPARATE AND CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS MEMORANDUM IN OPPOSITION TO DEFENDANT G.K. APPRAISALS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now Plaintiff Philip E. English (hereinafter "Plaintiff"), by and through his attorneys, Moseley Biehl Tsugawa Lau & Muzzi, submit the following statement of material facts to: (1) support his Memorandum in Opposition to Defendant G.K. Appraisals, Inc. ("Defendant GK") Motion for Partial Summary Judgment, and (2) to contest the relevant facts submitted by the Defendant GK.

Plaintiff clearly disputes all of the factual assertions contained in Defendant GK's Concise Statement of Facts.

First, Plaintiff disputes Defendant GK's assertion that he did not sustain any temporary or permanent disability as a result of his employment with the City. Plaintiff suffered and continued to suffer emotional distress as well as physical injuries and trauma, including headaches, stomach pain, nausea, due to this employment with the City and the retaliation that he experienced during his

employment with the City. Plaintiff also suffers from debilitating depression and anxiety.

Second, Plaintiff disputes Defendant GK's assertion that Plaintiff voluntarily resigned his position of employment with the City. Plaintiff was forced to resign by the City in order to receive his workers' compensation settlement.

Third, Plaintiff disputes Defendant GK's statement that Plaintiff's First Amended Complaint does not allege any physical injury or imminent life-threatening peril to support his claim for NIED. Plaintiff, in paragraph 107 of clearly states that the acts of the Defendants caused "Plaintiff to suffer monetary damages, physical injury, and severe mental and emotional distress."

Plaintiff hereby submits the following relevant material facts:

| Facts | Evidentiary Support |
|---|---|
| On or about 6/1/00, Plaintiff became an employee of the Defendant City as a Real Property Appraiser II. | Exhibit A<br><br>Exhibit I (Declaration of Philip English 9/19/06) at ¶1 |
| Defendant Kurokawa ("Kurokawa) was the Administrator of the Assessment Division and had supervisory authority over Plaintiff, Defendant Magota ("Magota") and Defendant Gima ("Gima"). | Exhibit I at ¶2 |
| Kurokawa was Vice-President and a shareholder in Defendant GK Appraisal, Inc. ("GK"), while he was employed by the City and throughout the relevant time period in this case. | Exhibit B |

| | |
|---|---|
| Magota was the City Assessor in the Assessment Division and an employee of the City. Magota had supervisory authority over Plaintiff and Gima. | Exhibit I at ¶3 |
| Gima was an Appraiser Supervisor of the Assessment Division, and an employee of the City. Gima had direct supervisory authority over Plaintiff. | Exhibit I at ¶4 |
| Beginning about 1/01, Plaintiff began observing his co-workers, Christopher Graff ("Graff"), performing private appraisal work for GK on City equipment during City time, and observed Graff receiving calls from Kurokawa regarding Graff's performance of work for GK. | Exhibit I at ¶5 |
| Graff worked for GK from 1998-2004, often with Kurokawa. Graff used City equipment to perform work for GK. | Exhibit X - Deposition Transcript of Christopher Graff (6/21/06) at pages 19(line#20-22), 128(line#24-25), 129(line#1-6), 141(line#19-25), 156(line#2-9).<br><br>Exhibit Y - Deposition Transcript of Carole Kamisato(8/4/06) at pages 98(line#24-25), 99(line#1-8), 100(line#17-25), 101(line#1), 103(line#2-4) |
| Plaintiff observed David Matsunami ("Matsunami"), a former City employee who was also working for GK, had access to nonpublic areas of the Assessment Division to deal with Graff. | Exhibit I at ¶7<br><br>Exhibit K- Deposition Transcript of David Matsunami at pages 139(line#4-25), 140(line#1-16) |
| Graff and Matsunami performed work for GK, including 8 appraisals together. | Exhibit K at pages 125 (line#18-25), 126(line#1-7), 127(line#4-9 and 10-15), |

10010/3/58031                                    4

| | |
|---|---|
| About 70% of Matsunami's contact with Kurokawa regarding GK business was done at Kurokawa's City office. Matsunami often left messages for Kurokawa with his City secretary and emailed Graff regarding GK work at Graff's City email. | 139 (line#22-25), 140 (line#6-7) |
| Plaintiff reported the misconduct involving Defendant Kurokawa and Defendant GK ("Kurokawa-GK Misconduct") to Gima in 8/01. | Exhibit I at ¶8 |
| Plaintiff reported the Kurokawa-GK Misconduct to Magota around 10/2/01. | Exhibit I at ¶10 |
| On 2/15/02, Plaintiff emailed Magota, complaining that Kurokawa and Graff were engaged in the unlawful and unethical conducting of Kurokawa's private business on City time and with City equipment. | Exhibit I at ¶11<br><br>Exhibit L |
| Prior to reporting the Kurokawa-GK Misconduct in 8/01 and 10/01, Plaintiff received satisfactory Probationary and Performance Evaluation Reports in 2000 and Prior to reporting the Kurokawa-GK Misconduct, Plaintiff received PER in 2001 with exceeds expectations in all categories. | Exhibits M,N,O,P,R,S<br><br>Exhibit I at ¶¶12,13 |
| On or about 8/14/02, Plaintiff contacted the Federal Bureau of Investigation to report the Kurokawa-GK Misconduct. | Exhibit I at ¶15 |
| On 8/14/02, Plaintiff received a substandard Probationary Performance Evaluation relating to Plaintiff's | Exhibit S |

| | |
|---|---|
| performance (the "8/14/02 Substandard Evaluation"). | |
| On 8/15/02, Kurokawa signed the 8/14/02 Substandard Evaluation and purportedly extended Plaintiff's probation period for an additional three months. Extension of Plaintiff's probation meant that Plaintiff could be terminated. | Exhibit T<br><br>Exhibit U– Deposition of Waylen Toma (9/7/06) at pages 79(line#20-25) |
| Apparently, Kurokawa's decision to extend Plaintiff's probation was too late and Plaintiff was not put on probation, but Plaintiff not notified of this, and continued to believe he was on extended probation. | Exhibit V – Deposition of Gary Kurokawa (8/22/06 Vol. I) at pages 84(line#9-18)<br><br>Exhibit I at ¶16 |
| On 1/30/03, Plaintiff saw a doctor regarding the workplace stress that resulted from Defendants' conduct. | Exhibit I at ¶22 |
| In letter dated 4/17/03, Defendant City notified Plaintiff of a substandard performance for the period 6/1/02-5/31/03 ("Notice of Substandard Performance Evaluation") that is substandard in a number of areas.<br><br>The Notice of Substandard Performance Evaluation indicated that Plaintiff was being placed on a special three month performance evaluation, and that it may result in discharge from his position. | Exhibit W |
| From 2/28/03 through 1/24/04, Plaintiff on leave due medical reasons related to workplace stress.<br><br>Due to the stress related to the | Exhibit I at ¶30, 32<br><br>Exhibit J (Declaration of Philip English 9/19/06) at ¶¶2-3<br>Exhibit F |

| | |
|---|---|
| retaliation and Defendants' wrongful conduct, Plaintiff suffered and continues to suffer from a number of physical injuries and trauma, including headaches, stomach pain, nausea, dizziness, chest pains, decreased energy, depression, and anxiety. | Exhibit H at ¶¶21-23<br>Exhibit D |
| Due to the stress related to the retaliation and Defendants' wrongful conduct, Plaintiff suffered and continues to suffer from debilitating depression and anxiety. | Exhibit G<br>Exhibit H at ¶¶21-23 |
| Due to the physical injuries and the emotional and mental distress that Plaintiff suffered as a direct result of the harassment/retaliation, and other actions of Defendants during his employment with the City, Plaintiff has not been able to work as an appraiser for the City, or in the private appraisal business. | Exhibit H at ¶19, 21-23<br>Exhibit D |
| Due to the physical injuries and emotional and mental distress, Plaintiff has had difficulty trusting people and with applying and obtaining employment. | |
| On 1/24/04, Defendant City required Plaintiff to resign in order to receive worker's compensation benefits through a settlement agreement. | Exhibit I at ¶31<br>Exhibit E – Deposition Transcript of Philip English (9/30/05) at page 60(line#16) |
| Plaintiff's First Amended Complaint in this case alleges that Plaintiff suffered from physical injury and severe mental and emotional distress to support his claim for Negligent Infliction of Emotional Distress due to Defendants' | Plaintiff's First Amended Complaint at ¶107 |

wrongful conduct.

DATED: Honolulu, Hawaii, _September 26, 2006_.

                                             ROGER S. MOSELEY
                                           CHRISTOPHER J. MUZZI
                                           TEDSON H. KOJA
                                           JOANNA B.K. FONG
                                           Attorneys for Plaintiff
                                           PHILIP E. ENGLISH