```
 1              IN THE UNITED STATES DISTRICT COURT

 2                  FOR THE DISTRICT OF HAWAII

 3

 4   PHILIP E. ENGLISH,           ) CIVIL NO. 04-00108 JMS/KSC
                                  )
 5                 Plaintiff,     )
                                  )
 6        vs.                     )
                                  )
 7   CITY AND COUNTY OF HONOLULU; )
     GARY T. KUROKAWA; ROBERT O.  )
 8   MAGOTA; ANN C. GIMA; and GK  )
     APPRAISALS, INC.; JOHN DOES  )
 9   1-10; JANE DOES 1-10; DOE    )
     PARTNERSHIPS; DOE            )
10   CORPORATIONS 1-10; AND DOE   )
     ENTITIES 1-10,               )
11                                )
                   Defendants.    )
12   _____)

13

14             DEPOSITION OF GARY T. KUROKAWA

15   Taken on behalf of the Plaintiff PHILIP E. ENGLISH, at

16   the law offices of Moseley, Biehl, Tsugawa, Lau & Muzzi,

17   Alakea Corporate Tower, 23rd Floor, 1100 Alakea Street,

18   Honolulu, Hawaii 96813, commencing at 9:07 a.m., on

19   Tuesday, August 22, 2006 pursuant to Notice.

20

21        BEFORE:  MYRLA R. SEGAWA, CSR No. 397

22        Notary Public, State of Hawaii

23

24

25
```

Page 82

1  Q  So did you operate for a time believing
2  that his probation was extended?
3  A  Initially, yes.
4  Q  Okay. And are we talking weeks or months
5  or what are we talking about?
6  A  I think during the time that we were
7  meeting with Phil, we still, you know, didn't realize
8  that the time had lapsed.
9  Q  Okay. But I'm talking about how long after
10 that did you continue operating like he was still on
11 probation?
12 A  I don't think it ever went into effect
13 because we talked to the union and we still did not
14 turn my signature to HR. We were working on that
15 document. It never went to the human resources.
16 Q  Okay. But you never told Phil that it
17 wasn't going into effect; is that right?
18 A  I think at the meeting that we had with the
19 union and Waylon Toma that we had discussed that.
20 Q  That was in January of the following year;
21 is that right?
22 A  I don't know exactly what date it was.
23 Q  You do know it was after the additional
24 probation would have been passed as well though,
25 don't you?

Page 83

1  A  Right.
2  Q  So in that period of time, during the whole
3  period of time that you had intended to extend the
4  probation, did you ever tell Phil during that period
5  of time that he was not on probation, did you, Gary
6  Kurokawa, ever tell Phil when he was not on
7  probation?
8  A  No, I don't recall. But the only message I
9  had was that E-mail that I sent to Phil.
10 Q  Okay. Did you ever tell anybody else to
11 tell Phil that he was not on probation?
12 A  No, I was not aware that he was not on
13 probation.
14 Q  Whose responsibility was it to tell Phil
15 that he was not on probation, that you had made a
16 mistake?
17 A  I think he received a letter from HR, a
18 document from HR saying that he had passed probation.
19 Q  And have you seen that letter?
20 A  It's not a letter. I think it's when all
21 of these JPR's get finalized you receive an action
22 from HR letting you know what happened.
23 Q  So it's HR's responsibility to tell him
24 that he had passed probation and that he was not on
25 an extended probation?

Page 84

1  A  I think that would have come from HR, yes.
2  Q  Is that their responsibility?
3  A  I believe so.
4  Q  And HR is a part of the assessment division
5  or is that a part of the Department of Budget and
6  Fiscal Services?
7  A  They have their own department human
8  resources.
9  Q  So to your knowledge, nobody in the
10 assessment division ever advised Phil during the time
11 of the extended probation that he really was not on
12 probation?
13     MR. YAMAMOTO: I'm going to object.
14 Vague and ambiguous.
15 BY MR. MOSELEY:
16 Q  To your knowledge?
17     MR. YAMAMOTO: Same objection.
18     THE WITNESS: To my knowledge.
19 BY MR. MOSELEY:
20 Q  When you've just been looking at these
21 probationary performance evaluation reports and
22 probation -- I'm sorry. Performance evaluation
23 reports, did you notice that there was a time at
24 which Phil's ratings dropped off from exceeds
25 requirements to meets requirements?

Page 85

1  A  Can you --
2  Q  Well, as of June 26, 2001, Phil was still
3  being rated as exceeds requirements, right?
4  A  Uh-huh.
5  Q  Yes?
6  A  Yes.
7  Q  And then as of April 12 of '02, he's being
8  rated as only meets requirements, right?
9  A  Yes.
10 Q  Okay. That's a difference, isn't it?
11 A  Yes.
12 Q  Okay. And then as of May 16, '02, he's
13 still only rated meets requirements, right?
14 A  Yes.
15 Q  And then as of August 14, '02 he's
16 apparently being rated meets requirements in most
17 things except to attitude he's now below
18 requirements; is that right?
19 A  Yes.
20 Q  Wouldn't you say that this is a drop off
21 from exceeds requirements down to meets requirements
22 in some and below requirements in one?
23 A  Yes.
24 Q  Is this August 31, '02 probationary
25 performance evaluation report the specific report

22 (Pages 82 to 85)

Page 210

```
 1        I, GARY T. KUROKAWA, do hereby certify
 2   that I have read the foregoing pages 1 through 209,
 3   inclusive, and corrections, if any, were noted by me;
 4   and that same is now a true and correct transcript of
 5   my testimony.
 6        DATED: Honolulu, Hawaii,_____.
 7
 8
 9        _____.
            GARY T. KUROKAWA
10
11
12   Signed before me this _____
13   day of _____, 2006.
14
15   _____
16
17
18
19
20
21
22
23   Case: PHILIP ENGLISH vs. CITY AND COUNTY OF HONOLULU
     Civil No.: 04-00108 JMS/KSC
24   Deposition Dated: August 22, 2006
     Taken By: Myrla R. Segawa
25
```

Page 211

```
 1              C E R T I F I C A T E
 2   STATE OF HAWAII         )
                             ) SS:
 3   CITY AND COUNTY OF HONOLULU )
 4        I, MYRLA R. SEGAWA, Notary Public, State of
 5   Hawaii, do hereby certify:
 6        That on Tuesday, August 22, 2006, at
 7   9:07 a.m., appeared before me GARY T. KUROKAWA, the
 8   witness whose deposition is contained herein; that
 9   prior to being examined he was by me duly sworn;
10        That the deposition was taken down by me in
11   machine shorthand and was thereafter reduced to
12   typewriting under my supervision; that the foregoing
13   represents, to the best of my ability, a true and
14   correct transcript of the proceedings had in the
15   foregoing matter.
16        I further certify that I am not an attorney
17   for any of the parties hereto, nor in any way
18   concerned with the cause.
19        DATED this 29th day of August, 2006, in
20   Honolulu, Hawaii.
21
22
                 _____
23               MYRLA R. SEGAWA, CSR NO. 397
                 Notary Public, State of Hawaii
24               My Commission Exp: 1-27-2009
25
```

54 (Pages 210 to 211)