Of Counsel:
STIRLING & KLEINTOP

CHARLES T. KLEINTOP 1320-0
DYAN M. MEDEIROS 6776-0
20th Floor
1100 Alakea Street
Honolulu, Hawai'i 96813
Telephone: 524-5183

Attorneys for Defendant

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

1999 MAY 11 A 10: 05

Y. WONG
CLERK

IN THE FAMILY COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| CORLIS JEAN CHANG,<br><br>                    Plaintiff,<br><br>        vs.<br><br>PHILIP EUGENE ENGLISH,<br><br>                    Defendant. | FC-D No. 99-0680<br><br>QUALIFIED DOMESTIC<br>RELATIONS ORDER |

## QUALIFIED DOMESTIC RELATIONS ORDER

This Order implements the provisions of the Agreement Incident to Divorce filed herein on March 17, 1999 and the Divorce Decree filed herein on April 29, 1999.

For purposes of this Order, Defendant PHILIP EUGENE ENGLISH is referred to as the "Alternate Payee" and Plaintiff CORLIS JEAN CHANG is referred to as the "Participant."

This Order provides as follows:

1. Effect of this Order as a Qualified Domestic Relations Order. This Order creates and recognizes the existence of the Alternate Payee's right

to receive a portion of the Participant's benefits payable under an employer-sponsored defined contribution plan that is qualified under §401 of the Internal Revenue Code ("the Code") and the Employee Retirement Income Security Act of 1974 ("ERISA"). It is intended to constitute a Qualified Domestic Relations Order ("QDRO") under §414(p) of the Code and §206(d)(3) of ERISA.

      2. <u>Participant's Full Name, Mailing Address, Social Security Number, and Date of Birth</u>.

> Corlis Jean Chang
> 4369 Aukai Avenue
> Honolulu, Hawai'i 96816
> SSN: 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
> Date of Birth: March 2, 1957

      3. <u>Alternate Payee's Full Name, Mailing Address, Social Security Number, and Date of Birth</u>.

> Philip Eugene English
> 4369 Aukai Avenue
> Honolulu, Hawai'i 96816
> SSN: 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
> Date of Birth: October 26, 1954

The Alternate Payee shall have the duty to notify the Plan Administrator in writing of any changes in his mailing address subsequent to the entry of this Order.

      4. <u>Date of Marriage</u>. The Alternate Payee and the Participant were married on September 1, 1984.

      5. <u>Date of Divorce</u>. The Alternate Payee and the Participant were divorced on April 29, 1999.

      6. <u>Retirement Plan and Plan Administrator</u>. The name of the Plan to which this Order applies is the Goodsill Anderson Quinn & Stifel Retirement Plan ("the Plan"). Further, any successor plan to the Plan or any other plan(s) to which liability for the provision of the Participant's benefits

described below is incurred shall also be subject to the terms of this Order. Also, any benefits accrued by the Participant under a predecessor plan of the employer or any other defined contribution plan sponsored by the Participant's employer, whereby liability for benefits accrued under the predecessor plan or other defined contribution plan has been transferred to the Plan, shall also be subject to the terms of this Order.

Any changes in Plan Administrator, Plan Sponsor, or name of the Plan shall not affect the Alternate Payee's rights as stipulated under this Order.

The full name and mailing address of the Plan Administrator of the Plan are:

> Lant A. Johnson
> Goodsill Anderson Quinn & Stifel
> Ali'i Place
> 1099 Alakea Street, Suite 1800
> Honolulu, Hawai'i 96813

7. **Assignment of Benefits in the Plan.**  The Participant shall assign to the Alternate Payee, and the Plan shall pay to the Alternate Payee, a portion of the Participant's benefits in the Plan.

8. **Benefits to be Paid to Alternate Payee.**  This Order assigns to the Alternate Payee a portion of the Participant's Total Account Balance under the Plan in an amount which the parties have agreed shall be SEVENTY-SEVEN THOUSAND DOLLARS ($77,000.00), effective as of April 29, 1999.

In the event the Alternate Payee does not elect an immediate distribution, his share of the benefits described above shall be segregated and separately maintained in an account(s) established on his behalf and shall additionally be credited with any interest and investment income

-3-

RENEAU KENNEDY RE PHILIP ENGLISH                    130

or losses attributable thereon from April 29, 1999 until the date of total distribution to the Alternate Payee. The Alternate Payee's portion shall be proportionately divided among the investment funds as the Participant's account(s) are allocated as of the date the Order becomes qualified.

9. <u>Commencement Date and Form of Payment to Alternate Payee</u>. If the Alternate Payee so elects, he shall be paid his benefits as soon as administratively feasible following the date this Order is approved as a QDRO by the Plan Administrator, or at the earliest date permitted under the Plan or §414(p) of the Code, if later. The Plan will pay benefits to the Alternate Payee in any form or permissible option otherwise available to participants and alternate payees under the terms of the Plan, including, but not limited to, a single lump-sum cash payment.

In the event the Alternate Payee commences his benefits in the form of a monthly annuity, if that form of payment is available under the Plan, his benefits are to be based on the life expectancy of the Alternate Payee. Any actuarial adjustment that might be necessary to convert the Alternate Payee's benefits to another form based on the Alternate Payee's lifetime should be applied to the Alternate Payee's benefits.

Further, should any early commencement reduction be necessary in the event that the Alternate Payee commences his annuity prior to the Participant's Normal Retirement Date, then the reduction shall be applied to the Alternate Payee's benefits in accordance with applicable Plan provisions.

10. <u>Alternate Payee's Rights and Privileges</u>. On and after the date this Order is deemed to be a QDRO, but before the Alternate Payee receives his total distribution under the Plan, the Alternate Payee shall be entitled to all of the rights and election privileges afforded to Plan beneficiaries, including, but not limited to, the rules regarding the right to designate a beneficiary for death

-4-

benefit purposes and the right to direct Plan investments, only to the extent permitted under the provisions of the Plan.

11.  Death of Alternate Payee.  In the event of the Alternate Payee's death prior to receiving the full amount of benefits called for under this Order and under the benefit option chosen by the Alternate Payee, the Alternate Payee's beneficiary(ies), as designated on the appropriate form provided by the Plan Administrator, shall receive the remainder of any unpaid benefits under the terms of this Order.

12.  Death of Participant.  In the event the Participant dies prior to the establishment of separate account(s) in the name of the Alternate Payee, the Alternate Payee shall be treated as the surviving spouse of the Participant for any death benefits payable under the Plan to the extent of the full amount of his benefits as called for under Paragraphs 7 and 8 of this Order.  Should the Participant predecease the Alternate Payee after the new account(s) have been established on his behalf, the Participant's death shall in no way affect the Alternate Payee's right to the portion of his benefits as stipulated herein.

13.  Limitations of Assignment.  This Order does not require the Plan to:

a.  Provide any type or form of benefit option not otherwise provided under the terms of the Plan;

b.  Provide increased benefits determined on the basis of actuarial value; or

c.  Provide benefits to the Alternate Payee which are required to be paid to another alternate payee under another order previously determined to be a QDRO.

14.  Certification of Necessary Information.  All payments made pursuant to this Order shall be conditioned on the certification by the Alternate Payee and the Participant to the Plan Administrator of such information as the

-5-

RENEAU KENNEDY RE PHILIP ENGLISH

132

Plan Administrator may reasonably require from the parties to make the necessary calculation of the benefit amounts contained herein.

15. <u>Continued Qualified Status of Order</u>. It is the intention of the parties that this QDRO continue to qualify as a QDRO under §414(p) of the Code, as it may be amended from time to time, and that the Plan Administrator shall reserve the right to reconfirm the qualified status of the Order at the time benefits become payable hereunder.

16. <u>Tax Treatment of Benefits</u>. The Alternate Payee shall include in his gross income for the tax years of receipt all retirement benefits that the Alternate Payee receives due to the Participant's assignment of benefits herein, and the Participant need not include such benefits in the Participant's gross income for such tax years. The Alternate Payee shall be treated as the distributee under §§72 and 402 of the Code of any payment or distribution that is made to the Alternate Payee under the Participant's assignment of benefits herein and, as such, will be required to pay the appropriate federal income taxes on the distribution.

17. <u>Actions by Participant</u>. The Participant shall not take any actions, affirmative or otherwise, that circumvent the terms and provisions of this QDRO or that could diminish or extinguish the rights and entitlements of the Alternate Payee as set forth herein. Accordingly, the Participant shall not be able to effectively reduce the Alternate Payee's entitlement to his full share of the Participant's retirement benefits by withdrawing monies from the Plan prematurely. Should the Participant take any action or inaction to the detriment of the Alternate Payee, she shall be required to make sufficient payments directly to the Alternate Payee to the extent necessary to neutralize the effects of her actions or inactions and to the extent of his entitlements hereunder.

-6-

18. <u>Constructive Receipt</u>.  In the event the Plan Trustee inadvertently pays to the Participant any benefits that are assigned to the Alternate Payee pursuant to the terms of this Order, the Participant shall immediately reimburse the Alternate Payee to the extent that the Participant has received such benefit payments and shall forthwith pay the amounts so received directly to the Alternate Payee within ten (10) days of receipt.

19. <u>Pursuant to State Domestic Relations Law</u>.  This Order is issued pursuant to Hawaii Revised Statutes Sections 580-1 *et seq*. which relate to the provision of child support, alimony payments, and marital property rights, as defined therein between spouses and former spouses in actions for divorce.

20. <u>For Provision of Marital Property Rights</u>.  This Order relates to the provision of marital property rights to the Alternate Payee as a result of the Agreement Incident to Divorce and Divorce Decree between the Participant and the Alternate Payee.

21. <u>Continued Jurisdiction</u>.  If this Order is deemed not qualified within the meaning of §414(p) of the Code, the Court shall retain all necessary jurisdiction to modify this Order so as to make it a QDRO.  Any such amendment to this Order shall be entered *nunc pro tunc*.  In the event that no order is ever qualified, the question of how to provide the Alternate Payee with a payment that fairly represents his fair share of the Participant's benefits in the Plan shall be submitted promptly to binding arbitration under procedures established by the American Arbitration Association.

The Court shall also retain jurisdiction with respect to this Order to the extent required to maintain its qualified status and the original intent of the parties as stipulated herein.  The Court shall also retain jurisdiction to enter such further orders as are necessary to enforce the assignment of benefits to the Alternate Payee as set forth herein, including the recharacterization

-7-

RENEAU KENNEDY RE PHILIP ENGLISH

thereof as a division of benefits under another plan, as applicable, or to make an award of alimony, if applicable, in the event the Participant fails to comply with the provisions contained above requiring said payments to the Alternate Payee.

22. <u>Plan Termination</u>. In the event of a Plan termination, the Alternate Payee shall be entitled to receive his portion of the Participant's benefits as stipulated herein in accordance with the Plan's termination provisions for participants and beneficiaries.

DATED: Honolulu, Hawai`i, _____ MAY 11 1999

_____
Judge of the above-entitled Court

APPROVED:

_____
CORLIS JEAN CHANG
Plaintiff Pro Se

Dated: May 4, 1999
Honolulu, Hawai`i

_____
PHILIP EUGENE ENGLISH
Defendant

Dated: May 1, 1999
Honolulu, Hawai`i

APPROVED AS TO FORM:

_____
CHARLES T. KLEINTOP
DYAN M. MEDEIROS
Attorneys for Defendant

Dated: May 3, 1999
Honolulu, Hawai`i

-8-

UNCONTESTED DIVORCE CALENDAR
FIRST  CIRCUIT
FAMILY COURT

DATE:  THURSDAY, APRIL 1, 1999
JUDGE:  HONORABLE CHRISTINE E. KURIYAMA, JUDGE PRESIDING
CLERK:  CARMEN R. VALERIO
REPORTER:
BAILIFF/LAW CLERK:

------------------------------------------------------------------PAGE     12

(✓) GRANTED.       ( ) DEFAULT.
( ) GRANTED, PENDING:
    BY                      , OR DIVORCE MAY BE DENIED.

( ) HEARING REQUIRED;  DATE/TIME OF HEARING.
( ) DENIED;  TO BE RESET.

1:30 P.M.

24. DV 99-0680    CORLIS JEAN CHANG              CORLIS J CHANG
                        VS.                      PRO SE
                  PHILIP EUGENE ENGLISH
                                                 CHARLES T KLEINTOP
                                                 DYAN M MEDEIROS
                                                 FOR PHILIP EUGENE ENGLIS

( ) GRANTED.       ( ) DEFAULT.
(✓) GRANTED, PENDING: see below
    BY                      , OR DIVORCE MAY BE DENIED.

( ) HEARING REQUIRED;  DATE/TIME OF HEARING.
( ) DENIED;  TO BE RESET.

*Parties to complete & file with court Supplemental Affidavit
Re Direct Payment of Child Support*

1:30 P.M.

25. DV 99-0719    LI-CHUAN HUANG                 DANA W SMITH
                        VS.                      FOR LI-CHUAN HUANG
                  HUNG-CHIAN HUANG
                                                 HUNG-CHIAN HUANG
                                                 PRO SE

                                                 CHRISTINE E. KURIYAMA
                                                 APR 1 1 1999  1:30 P.M.

EXHIBIT 7

(Official Form 1) (9/97) Specialty Software, Royal Oak, MI

| FORM B1 | United States Bankruptcy Court _HAWAII_ District of _HAWAII_ | |
|---|---|---|

| Name of Debtor (If individual, enter Last, First, Middle): _English, Philip Eugene_ | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names): _dba Philip English & Asso, a sole proprietorship (operated from 1991-98_ | All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names): |
| | **00-02917** |
| Soc. Sec./Tax I.D. No. (If more than one, state all): | Soc. Sec./Tax I.D. No. (If more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code): _531 Hahaione #2B Hnl, HI 96825_ | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| Phone: | |
| County of Residence or of the Principal Place of Business: _Honolulu_ | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (If different from street address): _SAME_ | Mailing Address of Joint Debtor (If different from street address): |

| Location of Principal Assets of Business Debtor (If different from street address above): _NOT APPLICABLE_ |
|---|

**Venue** (Check any applicable box)

[X] Debtor has been domiciled, or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

[ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) |
|---|---|
| [X] Individual(s)  [ ] Railroad | [X] Chapter 7   [ ] Chapter 11   [ ] Chapter 13 |
| [ ] Corporation  [ ] Stockbroker | [ ] Chapter 9   [ ] Chapter 12 |
| [ ] Partnership  [ ] Commodity Broker | [ ] Sec. 304 - Case ancillary to foreign proceeding |
| [ ] Other _____ | |

| **Nature of Debts** (Check one box) | **Filing Fee** (Check one box) |
|---|---|
| [X] Consumer/Non-Business   [ ] Business | [X] Full Filing Fee attached. |
| **Chapter 11 Small Business** (Check all boxes that apply) | [ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |
| [ ] Debtor is a small business as defined in 11 U.S.C. § 101 | |
| [ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | |

| Statistical/Administrative Information (Estimates only) | THIS SPACE FOR COURT USE ONLY |
|---|---|
| [ ] Debtor estimates that funds will be available for distribution to unsecured creditors. | 09 AUG 15 AM 11:09 |
| [X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| [ ] | [X] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [X] | [ ] | [ ] | [ ] | [ ] |

(Official Form 1) (9/97) Specialty Software, Royal Oak, MI

| **Voluntary Petition** | Name of Debtor(s): | FORM B1, Page 2 |
|---|---|---|
| (This page must be completed and filed in every case) | *Philip Eugene English* | |

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| *NONE* | | |

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| *NONE* | | |

| District: | Relationship: | Judge: |
|---|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Philip Eugene English_
Signature of Debtor *Philip Eugene English*

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

*August 1, 2000*
Date

### Signature of Debtor (Corporation/ Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of Attorney

X _____
Signature of Attorney for Debtor(s)

_Dawn Smith_
Printed Name of Attorney for Debtor(s)

_Dawn Smith_
Firm Name

_Grosvenor Center, Makai Tower_
Address

_733 Bishop Street, Suite 1610_

_Honolulu 96813 Hawaii_

_(808) 521-6600_    _August 1, 2000_
Telephone Number        Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Attorney _Dawn Smith_

_August 1, 2000_
Date

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

FORM B6 (6/90) Specialty Software, Royal Oak, MI

# UNITED STATES BANKRUPTCY COURT
## HAWAII DISTRICT of HAWAII
## HONOLULU DIVISION

In re *Philip Eugene English*
    *dba Philip English & Asso, a sole*

Case No.
Chapter  7

Debtor

Attorney for Debtor: *Dawn Smith*

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedule D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| | | | ASSETS | LIABILITIES | OTHER |
| A-Real Property | Yes | 1 | $ 0.00 | | |
| B-Personal Property | Yes | 2 | $ 3,370.00 | | |
| C-Property Claimed as Exempt | Yes | 1 | | | |
| D-Creditors Holding Secured Claims | Yes | 1 | | $ 0.00 | |
| E-Creditors Holding Unsecured Priority Claims | Yes | 2 | | $ 21,000.00 | |
| F-Creditors Holding Unsecured Nonpriority Claims | Yes | 6 | | $ 194,035.00 | |
| G-Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H-Codebtors | Yes | 1 | | | |
| I-Current Income of Individual Debtor(s) | Yes | 1 | | | $ 1,580.00 |
| J-Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 3,585.00 |
| Total Number of Sheets in All Schedules ▶ | | 17 | | | |
| Total Assets ▶ | | | $ 3,370.00 | | |
| Total Liabilities ▶ | | | | $ 215,035.00 | |

FORM B6A (6/90) Specialty Software, Royal Oak, MI

In re _Philip Eugene English_ _____ Debtor    Case No. _____
(If known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C-Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest, in Property without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| _NONE_ | | | | |
| | | | | |
| | | | | |
| _NO_ continuation sheets attached | | TOTAL $ (Report also on Summary of Schedules.) | $ 0.00 | |

FORM B6B (6/90) Specialty Software, Royal Oak, MI

In re _Philip Eugene English_ _____ Debtor    Case No. _____

## SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an "H,""W,""J,"or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts, and Unexpired Leases. If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | None | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | *cash in pocket* | | $ 10 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *B of H — offset for debt*<br><br>*First haw'n* | | $ 100 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | *no deposit or lease* | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | *ktichenware apliances, dinette, chairs, sofa, stereo*<br><br>*cd radio, tv, vcr, bed, dresser, vacuum,* | | $ 500 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact discs, and other collections or collectibles. | | *misc books* | | $ 10 |
| 6. Wearing apparel. | | *clothing* | | $ 100 |
| 7. Furs and jewelry. | | *wedding band, watch* | | $ 50 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | *sport equipment, misc handtools, computer, camera* | | $ 100 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | *pension from wife in divorce w/d in 1999* | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts Receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor include tax refunds. Give particulars. | X | | | |

Page ___1___ of ___2___

FORM B6B (6/90) Specialty Software, Royal Oak, MI

In re _Philip Eugene English_ _____ Debtor     Case No. _____

<span style="text-align:right">(If known)</span>

# SCHEDULE B-PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | None | Description and Location of Property | Husband — H Wife — W Joint — J Community — C | Current Market Value of Debtor's interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers and other vehicles. | | _will be getting alternate vehicle_ | | $ 2,000 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | | _desks, printer, fax, phone_ _office supplies_ | | $ 500 |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |

Page __2__ of __2__

Total →    $ 3,370

(Report total also on Summary of Schedules)

FORM B8C (6/90) Specialty Software, Royal Oak, MI

In re _Philip Eugene English_ _____    Debtor    Case No. _____

(If known)

# SCHEDULE C-PROPERTY CLAIMED EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

(Check one box)

☒ 11 U.S.C. § 522(b)(1): Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☐ 11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property without Deducting Exemption |
|---|---|---|---|
| cash in pocket | 11 U.S.C. 522(d)(5) | $ 10 | $ 10 |
| First haw'n | 11 U.S.C. 522(d)(5) | $ 100 | $ 100 |
| cd radio, tv, vcr, bed, dresser, vacuum, | 11 USC 522(d)(3) | $ 500 | $ 500 |
| misc books | 11 USC 522(d)(3) | $ 10 | $ 10 |
| clothing | 11 USC 522(d)(3) | $ 100 | $ 100 |
| wedding band, watch | 11 USC 522(d)(4) | $ 50 | $ 50 |
| sport equipment, misc handtools, computer, camera | 11 USC 522(d)(3) | $ 100 | $ 100 |
| will be getting alternate vehicle | 11 USC 522(d)(2) | $ 2,000 | $ 2,000 |
| office supplies | 11 USC 522(d)(6) | $ 500 | $ 500 |

Page No. _ 1 _ of _ 1 _

RENEAU KENNEDY RE PHILIP ENGLISH    143

FORM B6D (6/90) Specialty Software, Royal Oak, MI

In re _Philip Eugene English_ _____ Debtor   Case No. _____

(If known)

# SCHEDULE D-CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☒ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien  H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Amount of Claim without Deducting Value of Collateral | Unsecured Portion, if any |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| | | Value: | | | | | |
| Account No. | | | | | | | |
| | | Value: | | | | | |
| Account No. | | | | | | | |
| | | Value: | | | | | |
| Account No. | | | | | | | |
| | | Value: | | | | | |
| Account No. | | | | | | | |
| | | Value: | | | | | |
| _No_ continuation sheets attached | | | | | Subtotal $ (Total of this page) | | |
| | | | | | Total $ (Use only on last page and on Summary of Schedules) | | |

OWQQN3WW11022677G\ntb9713313    3O/ECM/BC Images/ OWQ6N0WW11022677G.H    Page 9 of

FORM B6E (4/98) West Group, Rochester, NY

In re _Philip Eugene English_ _____ / Debtor    Case No. _____
                                                                              (If known)

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed on this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of this petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS

☐  **Extensions of credit in an involuntary case**
   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐  **Wages, salaries, and commissions**
   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4300* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐  **Contributions to employee benefit plans**
   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Certain farmers and fishermen**
   Claims of certain farmers and fishermen, up to $4300* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐  **Deposits by individuals**
   Claims of individuals up to $1,950* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐  **Alimony, Maintenance or Support**
   Claims of a spouse, former spouse, or child of the debtor, for alimony, maintenance or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☒  **Taxes and Certain Other Debts Owed to Governmental Units**
   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an insured Depository Institution**
   Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

*Amounts are subject to adjustment on April 1, 2001, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____ _1_ continuation sheets attached

RENEAU KENNEDY RE PHILIP ENGLISH                    145

FORM B6E (4/99) West Group, Rochester, NY

In re *Philip Eugene English* _____ Debtor    Case No. _____
                                                                            (If known)

## SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

TYPE OF PRIORITY: *Taxes and Certain Other Debts Owed to Governmental Units*

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Total Amount of Claim | Amount Entitled to Priority |
|---|---|---|---|---|---|---|---|
| Account No.<br>*Creditor #: 1*<br>*IRS/Spec Procedures*<br>*Attn: Bkry Sec. Mail Code W244*<br>*915 2nd Avenue*<br>*Seattle, WA 98174* | | *1999*<br>*Federal income taxes*<br>*non-dischargeable – owes for 401K*<br>*withdrawal in 1999* | | | | $ 21,000.00 | $ 21,000.00 |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet No. __1__ of __1__ continuation sheets attached to
Schedule of Creditors holding Unsecured Priority Claims

Subtotal $ (Total of this page)    21,000.00

Total $ (Use only on last page and on Summary of Schedules)    21,000.00

FORM B6F (6/90) Specialty Software, Royal Oak, MI

In re *Philip Eugene English*                                      Debtor         Case No. _____
                                                                                                    (if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| | | H—Husband W—Wife J—Joint C—Community | | | | |
| **Account No.** | X | | | | | $ 9,000.00 |
| Creditor #: 1 Advanta Box 15480 Wilmington, DE 19850 | | 1993-97 Credit card purchases food clothing advances | | | | |
| **Account No.** | | | | | | $ 8,000.00 |
| Creditor #: 2 Associates 1111 Dillingham Blvd E7 Hnl, HI 96817 | | 1998 loan | | | | |
| **Account No.** | | | | | | $ 11,101.00 |
| Creditor #: 3 Associates Capital Bank Box 96018 Charlotte, NC 28296 | | 1992-97 Credit card purchases old balance | | | | |
| **Account No.** 2 accts | X | | | | | $ 25,000.00 |
| Creditor #: 4 Bank of Hawaii Legal & Custody Dept. Box 2900 Hnl, HI 96846 | | 1996-98 Credit card purchases food clothing advances | | | | |
| **Account No.** | | | | | | $ 10,000.00 |
| Creditor #: 5 Bank of Hawaii Legal & Custody Dept. Box 2900 Hnl, HI 96846 | | 1996 Credit card purchases food clothing advances | | | | |
| _5_ continuation sheets attached | | | Subtotal $ (Total of this page) | | | $ 63,101.00 |
| | | | Total $ (Use only on last page and on Summary of Schedules) | | | |

0WQ0NUWW110226770 [http://156.131.92.230/ECM/bc_images/ 0WQ0NUWW110226770.tif]

FORM B6F (6/90) Specialty Software, Royal Oak, MI

In re Philip Eugene English _____    Debtor    Case No. _____ (If known)

## SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| | | H — Husband W — Wife J — Joint C — Community | | | | $ 1,381.00 |
| Account No. Creditor #: 6 Bankamericard Box 53127 Phoenix, AZ 85072 | | 1990-96 Credit card purchases old balance | | | | $ 1,000.00 |
| Account No. Creditor #: 7 Capital One Box 26030 Richmond, VA 23276 | | 1999 Credit card purchases old balance | | | | $ 50.00 |
| Account No. Creditor #: 8 Chevron Box 2001 Concord, CA 94529 | X | 1993-98 Credit card purchases gas | | | | $ 3,000.00 |
| Account No. Creditor #: 9 Computer City Box 5174 Sioux Falls, SD 57117 | X | 1996-98 Credit card purchases software | | | | $ 8,000.00 |
| Account No. Creditor #: 10 Discover Box 29019 Phoenix, AZ 85038 | X | 1993-97 Credit card purchases food clothing advances | | | | $ 15,000.0 |
| Account No. Creditor #: 11 First Card Box 2004 Elgin, ILL 60122 | X | 1993-97 Credit card purchases food clothing advances | | | | $ 9,000. |
| Account No. Creditor #: 12 First USA Box 85068 Louisville, KY 40285 | | 1981-96 Credit card purchases old balance | | | | |

Sheet no. ___1___ of ___5___ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal $ (Total of this page)    $ 37,431.

Total $ (Use only on last page and on Summary of Schedules)

FORM B6F (6/90) Specialty Software, Royal Oak, MI

In re _Philip Eugene English_ _____ Debtor    Case No. _____
                                                                        (If known)

## SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r  H—Husband W—Wife J—Joint C—Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No.  Representing: First USA | | First USA Box 50882 Henderson, NV 89016-0882 | | | | |
| Account No.  Creditor #: 13 Fleet Bank Box 2996 Hartford, CT 06104 | | 1991 Credit card purchases old balance | | | | $ 9,604.00 |
| Account No.  Creditor #: 14 Ford Citibank MC/Visa Box 6001 The Lakes, NV 88901 | | 1989-98 Credit card purchases food clothing | | | | $ 2,800.00 |
| Account No.  Creditor #: 15 GTE Payment Processing Center Inglewood, CA 90313-0004 | | 1999 Utility bills | | | | $ 2,140.00 |
| Account No.  Creditor #: 16 GTE Mobilnet Box 630007 Dallas, TX 75263 | | 1996 Utility bills | | | | $ 1,021.00 |
| Account No.  Representing: GTE Mobilnet | | RMA 222 Kearney St #550 SF, CA 94108 | | | | |
| Account No.  Creditor #: 17 Hilo Med Grp c/o United Cred 2700 N Main St #105 Santa Ana, CA 92705 | | 1999 Medical bills | — | | | $ 25.00 |

Sheet no. ____2 of ____5 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal $ (Total of this page) — $ 15,590.00

Total $ [Use only on last page and on Summary of Schedules]

FORM B6F (6/90) Specialty Software, Royal Oak, MI

In re *Philip Eugene English* _____ Debtor    Case No. _____
                                                          (If known)

## SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No. | | | | | | $ 14.00 |
| Creditor #: 18 / Honolulu Medical Grp / 550 S Beretania St / Hnl, HI 96813 | | 1959 / Medical bills | | | | |
| Account No. | | | | | | $ 7,500.00 |
| Creditor #: 19 / Household Bank Anaheim / Dept 0002 / Anaheim, CA 92805 | | 1995 / Credit card purchases / old balance | | | | |
| Account No. | | | | | | $ 1,000.00 |
| Creditor #: 20 / Ikon Ofc / Box 23879 / Portland, OR 97281 | | 1998 / business vendor | | | | |
| Account No. | | | | | | $ 5,000.00 |
| Creditor #: 21 / LaSalle Banks NW / Box 809010 / Chicago, IL 60680 | | 1991 / secured loan deficiency | | | | |
| Account No. | | | | | | $ 1,928.00 |
| Creditor #: 22 / Liberty House / Box 2690 / Hnl, HI 96845 | | 1985-98 / household items | | | | |
| Account No. | X | | | | | $ 40,000.00 |
| Creditor #: 23 / MBNA America / Box 15019 / Wilmington, DE 19886 | | 1989-97 / Credit card purchases / food clothing advances | | | | |
| Account No. | | | | | | $ 500.00 |
| Creditor #: 24 / Oceanic Cable / Box 200 / Wahiawa, HI 96786-0200 | | 1999 / Utility bills / pl;us Dr. Huja | | | | |

Sheet no. ___3 of ___5 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal $ (Total of this page)  $ 55,940.00

Total $ (Use only on last page and on Summary of Schedules)

FORM B6F (6/90) Specialty Software, Royal Oak, MI

In re *Philip Eugene English*                                    Debtor        Case No. _____

(If known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Amount of Claims |
|---|---|---|---|---|---|---|
| Account No. *Representing:* *Oceanic Cable* | | *Medcah* *Box 1187* *Kailua, HI 96734* | | | | |
| Account No. *Creditor #: 25* *Office Max* *Box 8013* *Layton, UT 84041* | X | *1996* *Credit card purchases* *office supplies* | | | | $ 1,960.00 |
| Account No. *Creditor #: 26* *Prime Option* *Box 30205* *Salt Lake City, UT 84130* | X | *1993-97* *Credit card purchases* *old balance* | | | | $ 7,500.00 |
| Account No. *Creditor #: 27* *Queen's Medical Center* *Box 31000* *Hnl, HI 96849-5006* | | *1999* *Medical bills* | | | | $ 4,500.00 |
| Account No. *Creditor #: 28* *Radiology Associates* *1329 Lusitania St #B7* *Hnl, HI 96813* | | *1999* *Medical bills* | | | | $ 4,160.00 |
| Account No. *2 accts* *Creditor #: 29* *Sear's* *Box 29* *Boise, ID 83707-9849* | | *1998* *household items* | | | | $ 2,800.00 |
| Account No. *Creditor #: 30* *Shell Oil* *Box 30790* *Los Angeles, CA 90030-0790* | | *1998* *Credit card purchases* *gas* | | | | $ 70.00 |

Sheet no. ___4_ of ___5_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $ (Total of this page)        $ 20,990.00

Total $
(Use only on last page and on Summary of Schedules)

0WQ0NUWW110226770 [http://156.131.9..30/ECM/bc_images/_0WQ0NUWW110226770.tif]

FORM B6F (6/90) Specialty Software, Royal Oak, MI

In re _Philip Eugene English_                                    Debtor        Case No. _____
                                                                                        (If known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| | | | | | | $ 570.00 |
| Account No. Creditor #: 31 Stirling & Kleintop 1100 Alakea St 20th Flr Hnl, HI 96813 | | 1999 legal | | | | |
| Account No. Creditor #: 32 Unocal Box 860070 Pasadena, CA 91186 | X | 1998 gas | | | | $ 200.00 |
| Account No. Creditor #: 33 Dr. Brian Yano 1188 Bishop St #2912 Hnl, HI 96813 | | 1999 Medical bills | | | | $ 213.00 |
| Account No. | | | | | | |
| Account No. | | | | | | |
| Account No. | | | | | | |
| Account No. | | | | | | |

Sheet no. __5__ of __5__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $ (Total of this page)                   $ 983.00

Total $ (Use only on last page and on Summary of Schedules)      $ 194,035.00

_RENEAU KENNEDY RE PHILIP ENGLISH_                           152

FORM B6G (6/90) Specialty Software, Royal Oak, MI

In re _Philip Eugene English_ _____ Debtor   Case No. _____
(If known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, including Zip Code, of other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| Jennifer Shirk HI, HI | landlord |

Page ___1 of ___1

FORM 84H (6/90) Specialty Software, Royal Oak, MI

In re *Philip Eugene English*                                    Debtor         Case No. _____

## SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☐ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| Corlis Jean Chang<br>4369 Aukai Ave<br>Hnl, HI 96816 | Advanta<br>Box 15480<br>Wilmington, DE 19850<br><br>Bank of Hawaii<br>Legal & Custody Dept.<br>Box 2900<br>Hnl, HI 96846<br><br>Chevron<br>Box 2001<br>Concord, CA 94529<br><br>Computer City<br>Box 5174<br>Sioux Falls, SD 57117<br><br>Discover<br>Box 29019<br>Phoenix, AZ 85038<br><br>First Card<br>Box 2004<br>Elgin, ILL 60122<br><br>MBNA America<br>Box 15019<br>Wilmington, DE 19886<br><br>Office Max<br>Box 8013<br>Layton, UT 84041<br><br>Prime Option<br>Box 30205<br>Salt Lake City, UT 84130<br><br>Unocal<br>Box 860070<br>Pasadena, CA 91196 |

Page ___ 1 of ___ 1

RENEAU KENNEDY RE PHILIP ENGLISH                    154

FORM 6I (6/90) Specialty Software, Royal Oak, MI

In re _Philip Eugene English_ _____ / Debtor    Case No. _____
<br>(If known)

## SCHEDULE I-CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled spouse must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: _Divorced_ | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | NAMES<br>_Sean_ | AGE<br>_9_ | RELATIONSHIP<br>_son_ |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | _appraiser_ | |
| Name of Employer | _C&C Hnl_ | |
| How Long Employed | _2 months_ | |
| Address of Employer | | |

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| Income: (Estimate of average monthly income) | | | |
| Current Monthly gross wages, salary, and commissions (pro rate if not paid monthly) | | $ _2,444.00_ | $ |
| Estimated Monthly Overtime | | $ _0.00_ | $ |
| SUBTOTAL | | $ _2,444.00_ | $ |
| LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll Taxes and Social Security | | $ _684.00_ | $ |
| b. Insurance | | $ _120.00_ | $ |
| c. Union Dues | | $ _60.00_ | $ |
| d. Other (Specify): | | $ _0.00_ | $ |
| SUBTOTAL OF PAYROLL DEDUCTIONS | | $ _864.00_ | $ |
| TOTAL NET MONTHLY TAKE HOME PAY | | $ _1,580.00_ | $ |
| Regular income from operation of business or profession or farm (attach detailed statement) | | $ _0.00_ | $ |
| Income from Real Property | | $ _0.00_ | $ |
| Interest and dividends | | $ _0.00_ | $ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | | $ _0.00_ | $ |
| Social Security or other government assistance Specify: | | $ _0.00_ | $ |
| Pension or retirement income | | $ _0.00_ | $ |
| Other monthly income Specify: | | $ _0.00_ | $ |
| TOTAL MONTHLY INCOME | | $ _0.00_ | $ |
| | | $ _1,580.00_ | $ |

TOTAL COMBINED MONTHLY INCOME    $ _1,580.00_
<br>(Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

_debtor was not earning money for a long time - used retirement then used all of divorce settlement to live on_

FORM B6J (8/90) Specialty Software, Royal Oak, MI

In re *Philip Eugene English* _____ / Debtor    Case No. _____

(If known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,050.00 |
| Are real estate taxes included? Yes ☐ No ☒ | | |
| Is property insurance included? Yes ☐ No ☒ | | |
| Utilities: Electricity and heating fuel | $ | 120.00 |
| Water and sewer | $ | 0.00 |
| Telephone | $ | 35.00 |
| Other *cable* | $ | 35.00 |
| Other | $ | 0.00 |
| Home maintenance (repairs and upkeep) | $ | 0.00 |
| Food | $ | 250.00 |
| Clothing | $ | 50.00 |
| Laundry and Dry cleaning | $ | 50.00 |
| Medical and Dental expenses | $ | 50.00 |
| Transportation (not including car payments) | $ | 200.00 |
| Recreation, clubs, and entertainment, newspapers, magazines, etc. | $ | 35.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
| Homeowner's or renter's | $ | 0.00 |
| Life | $ | 40.00 |
| Health | $ | 0.00 |
| Auto | $ | 100.00 |
| Other: *E&O insu* | $ | 0.00 |
| Other: *data services* | $ | 0.00 |
| Other: | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage) | | |
| Specify: *personal taxes/excise tax* | $ | 1,050.00 |
| Installment payments: (in chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
| Auto | $ | 0.00 |
| Other: *auto mtnce* | $ | 150.00 |
| Other: | $ | 0.00 |
| Alimony, maintenance, and support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 350.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| Other: *licensing, educ, dues,* | $ | 20.00 |
| Other: | $ | 0.00 |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 3,585.00 |

**[FOR CHAPTER 12 AND 13 DEBTORS ONLY]**
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | | |
|---|---|---|
| A. Total projected monthly income | $ | |
| B. Total projected monthly expenses | $ | |
| C. Excess income (A minus B) | $ | |
| D. Total amount to be paid into plan each: | $ | |

RENEAU KENNEDY RE PHILIP ENGLISH          156

FORM B6 [6/90] Specialty Software, Royal Oak, MI

In re _Philip Eugene English_ _____ / Debtor    Case No. _____
                                                                    (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing Summary and Schedules, consisting of __18__ sheets, and that they are true and correct to the best of my knowledge, information and belief.        [Total shown on summary page plus 1]

Date: _August 1, 2000_ _____    Signature _____
                                              _Philip Eugene English_

Date: _____      Signature _____

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §152 and §3571.

Form 7 (12/94) Specialty Software, Royal Oak, MI

# UNITED STATES BANKRUPTCY COURT
## HAWAII  DISTRICT OF HAWAII
## HONOLULU DIVISION

In re *Philip Eugene English*
    *dba Philip English & Asso, a sole*

Case No.
Chapter   7

_____ / Debtor

Attorney for Debtor: *Dawn Smith*

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16 - 21. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C. §101(30).

1. **Income from employment or operation of business.**
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE (if more than one) |
|---|---|
| *Husband* | |
| Year to date: *$14,900* | |
|    Last year: *$20,000* | *net losses plus $75,000 401K withdrawal* |
| Year before: *$20,000* | *net losses* |

2. **Income other than from employment or operation of business.**
State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

Statement of Affairs -- Page  1

Form 7 (12/84) Specialty Software, Royal Oak, MI

### 3a. Payments to creditors.
List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 in any creditor, made within 90 days immediately preceding the commencement of this case. [Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

☒ NONE

### 3b.
List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. [Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

☒ NONE

### 4a. Suits and administrative proceedings, executions, garnishments and attachments.
List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. [Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

☒ NONE

### 4b.
Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. [Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

☒ NONE

### 5. Repossessions, foreclosures and returns.
List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. [Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

☒ NONE

### 6a. Assignments and receiverships.
Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. [Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

☒ NONE

### 6b.
List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. [Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

☒ NONE

### 7. Gifts
List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. [Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.]

☒ NONE

### 8. Losses
List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. [Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.]

☒ NONE

Statement of Affairs – Page   2

RENEAU KENNEDY RE PHILIP ENGLISH

159

Form 7 (12/94) Specialty Software, Royal Oak, MI

**9. Payments related to debt counseling or bankruptcy.**
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR (if other than debtor) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Dawn Smith<br>Grosvenor Center, Makai Tower<br>733 Bishop Street, Suite 1610<br>Honolulu 96813 Hawaii | Date: August 1, 2000<br>Payor: Philip Eugene English | $ 575.00 |

**10. Other transfers**
List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as a security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**11. Closed financial accounts**
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless spouses are separated and a joint petition is not filed.)

☒ NONE

**12. Safe deposit boxes**
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**13. Setoffs**
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**14. Property held for another person**
List all property owned by another person that the debtor holds or controls.

☒ NONE

**15. Prior address of debtor**
If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME(S) USED | DATES of Occupancy |
|---|---|---|
| Husband<br>Address: 391D kalelepulu Dr Kailu 96734 | Name(s) same | 3 months<br>1998 |

Statement of Affairs -- Page   3

RENEAU KENNEDY RE PHILIP ENGLISH

168

Form 7 (12/94) Specialty Software, Royal Oak, MI

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within two years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the two years immediately preceding the commencement of this case.)

16.  **Nature, location and name of business**

a.  If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the two years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case.

b.  If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the two years immediately preceding the commencement of this case.

c.  If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities within the two years immediately preceding the commencement of this case.

| NAME AND ADDRESS | NATURE OF BUSINESS | Beginning and Ending Dates of Operation |
|---|---|---|
| *Debtor is an Individual Business: Address:* | *real estate appraisals* | *1989-96 1998* |
| *Debtor is an individual Business: Address:* | *exporting personal care products to Thailand and Philippines - but money exchange became inflated - lost business* | *1996-97* |

17a.  **Books, records and financial statements**
List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

☒ NONE

17b.  List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

☒ NONE

17c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

☒ NONE

17d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within two years immediately preceding the commencement of this case by the debtor.

☒ NONE

18a.  **Inventories**
List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

☒ NONE

18b.  List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

☒ NONE

Statement of Affairs — Page 4

RENEAU KENNEDY RE PHILIP ENGLISH

161

Form 7 (12/94) Specialty Software, Royal Oak, MI

**19a. Current Partners, Officers, Directors and Shareholders**
If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

☒ NONE

**19b.** If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

☒ NONE

**20a. Former partners, officers, directors and shareholders.**
If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

☒ NONE

**20b.** If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

☒ NONE

**21. Withdrawals from a partnership or distribution by a corporation**
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

☒ NONE

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date August 1, 2000          Signature _[signature]_
                                        Phillip Eugene English

Date _____          Signature _____

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §152 and §3571.

Statement of Affairs — Page . 5

RENEAU KENNEDY RE PHILIP ENGLISH

Form 88 (2/98) Specialty Software, Royal Oak, MI

# UNITED STATES BANKRUPTCY COURT
## HAWAII  DISTRICT of HAWAII
## HONOLULU DIVISION

In re *Philip Eugene English*                                    Case No.
    *dba Philip English & Asso, a sole*                    Chapter   7

_____ / Debtor

Attorney for Debtor: *Dawn  Smith*

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1.  I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2.  I intend to do the following with respect to the property of the estate which secures those consumer debts:

a.  **Property to Be Surrendered.**

| Description of Property | Creditor's Name |
|---|---|
| *None* | |

b.  **Property to Be Retained.**                    [Check any applicable statement.]

| Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to §722 | Debt will be reaffirmed pursuant to §523 (c) |
|---|---|---|---|---|
| *None* | | | | |

Signature of Debtor(s)

Date: _____          Debtor: *Phil Engl*

Page  _1_  of  _1_

Rule 2016(b) (8/91) Specialty Software, Royal Oak, MI

# UNITED STATES BANKRUPTCY COURT
# HAWAII DISTRICT of HAWAII
# HONOLULU DIVISION

In re *Philip Eugene English*
    *dba Philip English & Asso, a sole*

Case No.
Chapter  7

_____ Debtor

Attorney for Debtor: *Dawn Smith*

## STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1.    The undersigned is the attorney for the debtor(s) in this case.

2.    The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
    a)    For legal services rendered or to be rendered in contemplation of and in
        connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    575.00
    b)    Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . . . . . $    575.00
    c)    The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    0.00

3.    $ 175.00 of the filing fee in this case has been paid.

4.    The Services rendered or to be rendered include the following:
    a)    Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether
        to file a petition under title 11 of the United States Code.
    b)    Preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.
    c)    Representation of the debtor(s) at the meeting of creditors.

5.    The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for
    services performed, and
       *None other*

6.    The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will
    be from earnings, wages and compensation for services performed, and
       *None other*

7.    The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for
    the value stated:
       *None*

8.    The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's
    law firm, any compensation paid or to be paid except as follows:
       *None*

Dated: *August 1, 2000*        Respectfully submitted,

        Attorney for Petitioner: *Dawn Smith*
                           *Grosvenor Center, Makai Tower*
                           *733 Bishop Street, Suite 1510*
                           *Honolulu 96813 Hawaii*

Specialty Software, Royal Oak, MI

# UNITED STATES BANKRUPTCY COURT
# HAWAII DISTRICT of HAWAII
# HONOLULU DIVISION

In re *Philip Eugene English*                                    Case No.
      *dba Philip English & Asso, a sole*                        Chapter   7

_____ / Debtor

Attorney for Debtor: *Dawn Smith*


## VERIFICATION OF CREDITOR MATRIX


The above named Debtor(s) hereby verify that the attached list of creditors is true and correct

to the best of our knowledge.



Date: *August 1, 2000*                          _____
                                                Debtor

Advanta
Box 15480
Wilmington, DE 19850


Associates Capital Bank
Box 96018
Charlotte, NC 28296


Associates
1111 Dillingham Blvd E7
Hnl, HI 96817


Bank of Hawaii
Legal & Custody Dept.
Box 2900
Hnl, HI 96846


Bankamericard
Box 53127
Phoenix, AZ 85072


Capital One
Box 26030
Richmond, VA 23276


Chevron
Box 2001
Concord, CA 94529


Computer City
Box 5174
Sioux Falls, SD 57117


Discover
Box 29019
Phoenix, AZ 85038

First Card
Box 2004
Elgin, ILL 60122


First USA
Box 50882
Henderson, NV 89016-0882


First USA
Box 85068
Louisville, KY 40285


Fleet Bank
Box 2996
Hartford, CT 06104


Ford Citibank MC/Visa
Box 6001
The Lakes, NV 88901


GTE Mobilnet
Box 630007
Dallas, TX 75263


GTE
Payment Processing Center
Inglewood, CA 90313-0004


Hilo Med Grp c/o United Cred
2700 N Main St #105
Santa Ana, CA 92705


Honolulu Medical Grp
550 S Beretania St
Hnl, HI 96813

Household Bank Anaheim
Dept 0002
Anaheim, CA 92806


Ikon Ofc
Box 23879
Portland, OR 97281


IRS/Spec Procedures
Attn: Bkry Sec. Mail Code W244
915 2nd Avenue
Seattle, WA 98174


LaSalle Banks NW
Box 809010
Chicago, IL 60680


Liberty House
Box 2690
Hnl, HI 96845


MBNA America
Box 15019
Wilmington, DE 19886


Medcah
Box 1187
Kailua, HI 96734


Oceanic Cable
Box 200
Wahiawa, HI 96786-0200


Office Max
Box 8013
Layton, UT 84041

Prime Option
Box 30205
Salt Lake City, UT 84130


Queen's Medical Center
Box 31000
Hnl, HI 96849-5006


Radiology Associates
1329 Lusitania St #B7
Hnl, HI 96813


RMA
222 Kearney St #550
SF, CA 94108


Sear's
Box 29
Boise, ID 83707-9849


Shell Oil
Box 30790
Los Angeles, CA 90030-0790


Stirling & Kleintop
1100 Alakea St 20th Flr
Hnl, HI 96813


Unocal
Box 860070
Pasadena, CA 91186


Yano, Dr. Brian
1188 Bishop St #2912
Hnl, HI 96813

RENEAU KENNEDY RE PHILIP ENGLISH                    169

Form B18(Official Form 18)
(9/97)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF HAWAII

In Re:
**ENGLISH, PHILIP EUGENE**
531 HAHAIONE #2B
HONOLULU, HI 96825

)
)
)
)          Case Number: 00-02917
)
)
)          Chapter: 7
)
)
)
Social Security No(s).:          )      Debtor
Debtor: 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              )
)
)

**FILED**
United States Bankruptcy Court
District of Hawaii
February 28, 2001

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: February 28, 2001

LLOYD KING
United States Bankruptcy Judge

### SEE BACK SIDE OF THIS ORDER FOR IMPORTANT INFORMATION

000007

Form 18 Continued

RENEAU KENNEDY RE PHILIP ENGLISH                    178

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a c     arge to the person named as the debtor.  It i      t a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

<u>Collection of Discharged Debts Prohibited</u>

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged.  For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. [*In a case involving community property;*] [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.]  A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

<u>Debts that are Discharged</u>

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged.  Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

<u>Debts that are Not Discharged</u>

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a.  Debts for most taxes;

b.  Debts that are in the nature of alimony, maintenance, or support;

c.  Debts for most student loans;

d.  Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

e.  Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

f.  Some debts which were not properly listed by the debtor;

g.  Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

h.  Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

This information is only a general summary of the bankruptcy discharge.  There are exceptions to these general rules.  Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

---

Please do not call the court or the trustee to ask whether specific debts are discharged in this case.
The staff of the bankruptcy court is prohibited from giving legal advice about the effect
which this discharge may have on any listed debts.

---

RENEAU KENNEDY RE PHILIP ENGLISH                    171

**BAE SYSTEMS**
11400 Commerce Park Drive
Suite 600
Reston, Virginia 22091-1506

# CERTIFICATE OF SERVICE

District/Off: 0975-1          User: JN          Page 1 of 1          Date Revd: Feb 28, 2001
Case: CR-01917              Form ID: DIS-001     Total Served: 45

The following entities were served by first class mail on Mar 02, 2001.

```
D    ENGLISH, PHILIP EUGENE,    931 MAKAIONA #1B,    HONOLULU, HI 96825
CR   DAWN SMITH,   733 BISHOP ST., STE 1610,   HONOLULU, HI 96813
T    KARK J.C. YEE,   P.O. BOX 378,   HONOLULU, HI 96809
     OFFICE OF THE U.S. TRUSTEE,   1132 BISHOP STREET, SUITE 602,   HONOLULU, HI 96813
     CIVIL ASSIGNMENT CLERK,   P.O. BOX 619,   HONOLULU, HI 96809
     INTERNAL REVENUE SERVICE - HAWAII,   IRS BPF INSOLVENCY,   300 ALA MOANA BLVD., STOP H240,
        HONOLULU, HI 96850
1    ADVANTA,   BOX 15480,   WILMINGTON, DE 19850
2    ASSOCIATES CAPITAL BANK,   BOX 96114,   CHARLOTTE, NC 28295
3    ASSOCIATES,   1111 MULLINGHAM BLVD. 37,   HONOLULU, HI 96917
4    BANK OF HAWAII,   BANKOH COLLECTION SERVICES #273,   P.O. BOX 1930,   HONOLULU, HI 96846
5    BANKAMERICARD,   BOX 51127,   PHOENIX, AZ 85072
6    CAPITAL ONE,   BOX 26030,   RICHMOND, VA 23276
7    CHEVRON,   BOX 2001,   CONCORD, CA 94529
8    COMPUTER CITY,   BOX 5174,   SIOUX FALLS, SD 57117
9    DISCOVER,   BOX 29519,   PHOENIX, AZ 85038
10   FIRST CARD,   BOX 2004,   ELGIN, IL 60132
11   FIRST USA,   BOX 52682,   HENDERSON, NV 69016-0882
12   FIRST USA,   BOX 85066,   LOUISVILLE, KY 40285
13   FLEET BANK,   BOX 2986,   HARTFORD CT 06104
14   FORD CITIBANK MC/VISA,   BOX 6001,   THE LAKES, NV 88901
15   GPS MOBILNET,   BOX 660007,   DALLAS, TX 75263
16   4GTS, PAYMENT PROCESSING CENTER,   INGLEWOOD, CA 90313-0001
17   HILO MED GRP C/O UNITED CRED,   2700 N MAIN ST. #125,   SANTA ANA, CA 92705
18   HONOLULU MEDICAL GRP,   550 S BERETANIA ST.,   HONOLULU, HI 96813
19   HOUSEHOLD BANK ANAHEIM,   DEPT 0012,   ANAHEIM, CA 92805
20   IKON CPC,   BOX 41878,   PORTLAND, OR 97282
22   LASALLE BANKS NW,   BOX 809010,   CHICAGO, IL 60680
23   LIBERTY HOUSE,   BOX 2690,   HONOLULU, HI 95846
24   MBNA AMERICA,   BOX 15019,   WILMINGTON, DE 19886
25   MEDCAB,   BOX 1167,   HAIKU, HI 96734
26   OCEANIC CABLE,   BOX 200,   WAILUKU, HI 96766-0200
27   OFFICE MAX,   BOX 9013,   DAYTON, OH 84061
28   PRICE OPTION,   BOX 30200,   SALT LAKE CITY, US 84130
29   QUEEN'S MEDICAL CENTER,   BOX 31000,   HONOLULU, HI 96843-5000
30   RADIOLOGY ASSOCIATES,   1329 LUSITANIA ST. #87,   HONOLULU, HI 96813
31   RMA,   220 KEARNEY ST. #260,   SAN FRANCISCO, CA 94108
32   SEARS,   BOX 29,   BOISE, ID 83707-0029
33   SHELL OIL,   BOX 30735,   LOS ANGELES, CA 90030-0790
34   STIRLING & KLEINTOP,   1100 ALAKEA ST. 20TH FLR.,   HONOLULU, HI 96813
35   TNGCAL,   BOX 860070,   PASADENA, CA 91186
36   YANO, DR. BRIAN,   1188 BISHOP ST. #2312,   HONOLULU, HI 96813
37   U.S. ATTORNEY FOR DIST.   DISTRICT OF HAWAII,   P.O. BOX 50183,   HONOLULU, HI 96850
38   GTE HAWAIIAN TEL.   BILLING & COLLECTIONS, RTA3,   P.O. BOX 2200,   HONOLULU, HI 96841
39   SEARS,   P.O. BOX 7901,   DES MOINES, IA 50312
```

The following entities were served by electronic transmission on Feb 28, 2001 and receipt of the transmission was confirmed on:

```
10   ECT: FIRSTUSA.COM Feb 28 2001 21:13:00   FIRST CARD,   BOX 2004,   ELGIN, IL 60132
11   ECT: FIRSTUSA.COM Feb 28 2001 21:13:00   FIRST USA,   BOX 50882,   HENDERSON, NV 69016-0882
12   ECT: FIRSTUSA.COM Feb 28 2001 21:13:00   FIRST USA,   BOX 85066,   LOUISVILLE, KY 40285
21   ECT: IRS.GOV Feb 28 2001 21:13:00   INTERNAL REVENUE SERVICE,   SPECIAL PROCEEDINGS BRANCH,
        915 2ND AVENUE, ATTN: M/S 244,   SEATTLE, WA 98174
```

                                                                    TOTAL: 4

***** BYPASSED RECIPIENTS *****

NONE.                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.


I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Date: Mar 02, 2001          Signature:  *Joseph Speetjens*

000007

RENEAU KENNEDY RE PHILIP ENGLISH                              173

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF HAWAII
1132 Bishop Street, Ste 250L
Honolulu, Hawaii 96813

In re:                                            Case Number 00-02917
ENGLISH, PHILIP EUGENE                            Chapter: 7
531 HAHAIONE #2B
HONOLULU, HI 96825
SSN: 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                    EIN:
DBA PHILIP ENGLISH & ASSO.

                                        ┌─────────────────────────┐
                                        │         **FILED**       │
                                        │ United States Bankruptcy Court │
                                        │    District of Hawaii   │
                                        │    February 28, 2001    │
                                        └─────────────────────────┘

SSN:                                EIN:


## FINAL DECREE

The Estate of the above-named debtor(s) having been fully administered, it is ordered:

1. (if applicable) That the trustee be and he/she hereby is discharged as the trustee of the estate of the above-named debtor(s), and the bond be and it hereby is canceled;

2. That the Chapter 7 (or 11 or 13) case of the above-named debtor(s) be and it hereby is closed.


Dated: February 28, 2001


                                        By the Court,

                                        _Lloyd King_

                                        LLOYD KING
(VAN-70)                                United States Bankruptcy Judge

12

## BAE SYSTEMS

11400 Commerce Park Drive
Suite 600
Reston, Virginia 22091-1506

# CERTIFICATE OF SERVICE

District/Off: 0975-1          User: JN          Page 1 of 1          Date Rcvd: Feb 28, 2001
Case: 00-00917               Form ID: VAN-270   Total Served: 4

The following entities were served by first class mail on Mar 02, 2001.
D        ENGLISH, PHILIP EUGENE,   521 Makaione #28,   HONOLULU, HI 96825
DA       DAWN SMITH,   735 BISHOP ST., STE 1616,   HONOLULU, HI 96813
T        MARK J.T. YEE,   P.O. BOX 378,   HONOLULU, HI 96809
         OFFICE OF THE U.S. TRUSTEE.   1132 BISHOP STREET, SUITE 602,   HONOLULU, HI 96813

The following entities were served by electronic transmission.
NONE.                                                                    TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                    TOTAL: 0

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Date: Mar 02, 2001                    Signature:   _Joseph Speetjens_

000007

RENEAU KENNEDY RE PHILIP ENGLISH                    174